## **EXHIBIT B-1**

### **North Dakota Stalking Horse Agreement**

01:23208339.1

US-DOCS\100298810.10

*Execution Version*

**PURCHASE AND SALE AGREEMENT**

**BETWEEN**

**ENDURO OPERATING LLC**

**AS SELLER**

**AND**

**COBRA OIL & GAS CORPORATION**

**AS BUYER**

**Effective Time: 12:01 a.m. Central Time on January 1, 2018**
**Execution Date: May 14, 2018**

# TABLE OF CONTENTS

<div align="right">Page</div>

ARTICLE I DEFINITIONS AND INTERPRETATION ..............................................................1
 1.1  Defined Terms ...............................................................................................1
 1.2  References and Rules of Construction ........................................................17

ARTICLE II PURCHASE AND SALE ................................................................................17
 2.1  Purchase and Sale ......................................................................................17
 2.2  Excluded Assets .........................................................................................17
 2.3  Revenues and Expenses .............................................................................18

ARTICLE III PURCHASE PRICE ....................................................................................18
 3.1  Purchase Price ...........................................................................................18
 3.2  Deposit .......................................................................................................18
 3.3  Adjustments to Purchase Price ..................................................................19
 3.4  Preliminary Settlement Statement ............................................................21
 3.5  Final Settlement Statement ........................................................................21
 3.6  Disputes......................................................................................................22
 3.7  Allocation of Purchase Price / Allocated Values ......................................22
 3.8  Allocation of Consideration for Tax Purposes...........................................22
 3.9  Holdback for Final Price ...........................................................................23

ARTICLE IV ACCESS/DISCLAIMERS .............................................................................24
 4.1  Access ........................................................................................................24
 4.2  Confidentiality ...........................................................................................25
 4.3  Disclaimers ................................................................................................25

ARTICLE V TITLE MATTERS; CASUALTY; TRANSFER RESTRICTIONS.......................27
 5.1  Seller's Title...............................................................................................27
 5.2  Notice of Title Defects; Defect Adjustments..............................................28
 5.3  Casualty Loss. ............................................................................................32
 5.4  Preferential Purchase Rights and Consents to Assign. ...............................32

ARTICLE VI ENVIRONMENTAL MATTERS ....................................................................33
 6.1  Notice of Environmental Defects................................................................33
 6.2  NORM, Wastes and Other Substances .......................................................36

ARTICLE VII REPRESENTATIONS AND WARRANTIES OF SELLER .............................36
 7.1  Organization, Existence and Qualification ................................................36
 7.2  Authority, Approval and Enforceability .....................................................37
 7.3  No Conflicts ................................................................................................37
 7.4  Consents......................................................................................................37
 7.5  Foreign Person ...........................................................................................37
 7.6  Litigation.....................................................................................................37
 7.7  No Violation of Laws...................................................................................38

<div align="center">i</div>

| | | |
|---|---|---|
| 7.8 | Preferential Rights | 38 |
| 7.9 | Royalties | 38 |
| 7.10 | Imbalances | 38 |
| 7.11 | Property Taxes | 38 |
| 7.12 | Brokers' Fees | 38 |
| 7.13 | Suspense Funds | 38 |
| 7.14 | Material Contracts | 38 |
| 7.15 | Compliance with Leases | 39 |
| 7.16 | Plugging and Abandonment | 39 |
| 7.17 | Timely Payment | 39 |
| 7.18 | Outstanding Obligations. | 39 |
| 7.19 | Non-Consent Operations | 39 |
| 7.20 | Hedges | 39 |
| 7.21 | Wells and Personal Property. | 39 |

ARTICLE VIII BUYER'S REPRESENTATIONS AND WARRANTIES ... 40

| | | |
|---|---|---|
| 8.1 | Organization, Existence and Qualification | 40 |
| 8.2 | Authority, Approval and Enforceability | 40 |
| 8.3 | No Conflicts | 40 |
| 8.4 | Consents | 40 |
| 8.5 | Bankruptcy | 41 |
| 8.6 | Litigation | 41 |
| 8.7 | Financing | 41 |
| 8.8 | Regulatory | 41 |
| 8.9 | Independent Evaluation | 41 |
| 8.10 | Brokers' Fees. | 41 |
| 8.11 | Accredited Investor. | 41 |

ARTICLE IX CERTAIN AGREEMENTS ... 42

| | | |
|---|---|---|
| 9.1 | Conduct of Business | 42 |
| 9.2 | Governmental Bonds | 43 |
| 9.3 | Record Retention | 43 |
| 9.4 | Notifications | 43 |
| 9.5 | Amendment of Schedules | 43 |
| 9.6 | Bankruptcy Court Approval | 43 |
| 9.7 | Bankruptcy Filings | 45 |
| 9.8 | Bidding Procedures | 45 |

ARTICLE X BUYER'S CONDITIONS TO CLOSING ... 46

| | | |
|---|---|---|
| 10.1 | Representations | 46 |
| 10.2 | Performance | 46 |
| 10.3 | No Legal Proceedings | 46 |
| 10.4 | Title Defects and Environmental Defects | 46 |
| 10.5 | Closing Deliverables | 46 |
| 10.6 | Sale Order | 46 |
| 10.7 | Waiver of Conditions | 46 |

US-DOCS\99752023.17

ARTICLE XI SELLER'S CONDITIONS TO CLOSING .......................................................47
    11.1       Representations ...............................................................................47
    11.2       Performance ....................................................................................47
    11.3       No Legal Proceedings .....................................................................47
    11.4       Title Defects and Environmental Defects ........................................47
    11.5       Replacement Bonds ........................................................................47
    11.6       Closing Deliverables .......................................................................47
    11.7       Sale Order .......................................................................................47
    11.8       Waiver of Conditions ......................................................................47

ARTICLE XII CLOSING .................................................................................................48
    12.1       Date of Closing ...............................................................................48
    12.2       Place of Closing ..............................................................................48
    12.3       Closing Obligations ........................................................................48
    12.4       Records ............................................................................................49

ARTICLE XIII ASSUMPTION; INDEMNIFICATION; SURVIVAL ..................................49
    13.1       Assumption by Buyer ......................................................................49
    13.2       Indemnities of Seller .......................................................................49
    13.3       Indemnities of Buyer .......................................................................50
    13.4       Limitation on Liability .....................................................................50
    13.5       Express Negligence .........................................................................51
    13.6       Exclusive Remedy ...........................................................................51
    13.7       Indemnification Procedures ............................................................51
    13.8       Survival ...........................................................................................53
    13.9       Waiver of Right to Rescission .........................................................53
    13.10    Insurance .........................................................................................53
    13.11    Non-Compensatory Damages ..........................................................53
    13.12    Treatment of Certain Payments .......................................................54
    13.13    Treatment of Applicable Executory Contracts, Cure Costs ............54

ARTICLE XIV TERMINATION, DEFAULT AND REMEDIES .........................................55
    14.1       Right of Termination ........................................................................55
    14.2       Effect of Termination .......................................................................56
    14.3       Return of Documentation and Confidentiality .................................57

ARTICLE XV MISCELLANEOUS ...................................................................................57
    15.1       Exhibits and Schedules ...................................................................57
    15.2       Expenses and Taxes .........................................................................57
    15.3       Assignment .....................................................................................58
    15.4       Preparation of Agreement ...............................................................59
    15.5       Publicity ..........................................................................................59
    15.6       Notices ............................................................................................59
    15.7       Further Cooperation ........................................................................60
    15.8       Filings, Notices and Certain Governmental Approvals ...................60
    15.9       Entire Agreement; Conflicts ...........................................................61

US-DOCS\99752023.17

15.10    Parties in Interest ................................................................................61
15.11    Amendment ...........................................................................................61
15.12    Waiver; Rights Cumulative ...................................................................61
15.13    Governing Law; Jurisdiction; Venue; Jury Waiver ..........................62
15.14    Severability ...........................................................................................62
15.15    Removal of Name ..................................................................................62
15.16    Time is of the Essence ..........................................................................62
15.17    Counterparts ..........................................................................................63

iv

## LIST OF EXHIBITS AND SCHEDULES

**EXHIBITS:**

Exhibit A            —    Leases
Exhibit A-1          —    Wells and Allocated Values
Exhibit B            —    Excluded Assets
Exhibit C            —    Material Contracts
Exhibit D            —    Form of Assignment and Bill of Sale
Exhibit E            —    Form of Non-Foreign Affidavit
Exhibit F-1          —    Form of Seller Closing Certificate
Exhibit F-2          —    Form of Buyer Closing Certificate
Exhibit G            —    Form of Bidding Procedures

**SCHEDULES:**

Schedule 7.4         —    Consents
Schedule 7.6         —    Litigation
Schedule 7.7         —    Violation of Laws
Schedule 7.8         —    Preferential Rights
Schedule 7.9         —    Royalties, Expenses, Etc.
Schedule 7.10        —    Imbalances
Schedule 7.11        —    Property Taxes
Schedule 7.13        —    Suspense Funds
Schedule 7.15        —    Compliance with Leases
Schedule 7.16        —    Plugging and Abandonment
Schedule 7.19        —    Non-Consent Operations
Schedule 9.1         —    Ongoing Operations
Schedule 9.2         —    Governmental Bonds

US-DOCS\99752023.17

## PURCHASE AND SALE AGREEMENT

This PURCHASE AND SALE AGREEMENT (this "*Agreement*") is executed as of this 14th day of May, 2018 ("*Execution Date*"), by and between Enduro Operating LLC, a Delaware limited liability company ("*Seller*"), on the one hand, and Cobra Oil & Gas Corporation, a Texas corporation ("*Buyer*"), on the other hand.  Each of Seller and Buyer may be referred to herein individually as a "*Party*" and collectively as the "*Parties*".

## RECITALS

Seller desires to sell and assign, and Buyer desires to purchase and pay for the Assets (as hereinafter defined).

**NOW, THEREFORE**, for and in consideration of the mutual promises contained herein, the benefits to be derived by each Party hereunder, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer agree as follows:

## ARTICLE I
## DEFINITIONS AND INTERPRETATION

*1.1    Defined Terms.*  Capitalized terms used herein shall have the meanings set forth in this *Section 1.1*, unless the context otherwise requires.

"*Accounting Arbitrator*" shall have the meaning set forth in *Section 3.6*.

"*Adjusted Purchase Price*" shall have the meaning set forth in *Section 3.3*.

"*Affiliate*" shall mean any Person that, directly or indirectly, through one or more intermediaries, controls, is controlled by or is under common control with, another Person.  The term "control" and its derivatives with respect to any Person means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such Person, whether through the ownership of voting securities, by contract or otherwise.

"*Agreement*" shall have the meaning set forth in the introductory paragraph herein.

"*Allocable Amount*" shall have the meaning set forth in *Section 3.8*.

"*Allocated Value*" shall have the meaning set forth in *Section 3.7*.

"*Allocation Schedule*" shall have the meaning set forth in *Section 3.8*.

"*Alternative Transaction*" means the sale of the Assets pursuant to the Bidding Procedures Order to a purchaser other than Buyer.

"*Applicable Contracts*" shall mean all Contracts (other than Debt Contracts) to which Seller is a party (directly or as a successor in interest to another Person) and by which any of the

Assets are bound that will be binding on Buyer after the Closing but only to the extent relating to the Assets and exclusive of any Excluded Assets, including those Material Contracts set forth in *Exhibit C*.

"***Applicable Executory Contracts***" shall mean the Applicable Contracts which constitute executory contracts subject to section 365 of the Bankruptcy Code.

"***Assets***" shall mean, collectively, all of Seller's right, title and interest in and to the following, less and except, from each of the following, the Excluded Assets:

        (a)    the oil and gas leases described in *Exhibit A* (collectively, the "***Leases***");

        (b)    the wells located on the Leases or on any other lease or lands with which any Lease has been pooled or unitized, including oil and/or gas wells, condensate wells, water wells and injection or disposal wells, whether or not currently producing, shut-in, plugged or abandoned, including those set forth in *Exhibit A-1* (collectively, the "***Wells***"), and in all Hydrocarbons produced therefrom or allocated thereto;

        (c)    all unitization and pooling agreements in effect with respect to any of the Leases or Wells and the units created thereby (collectively, the "***Units***");

        (d)    all Applicable Contracts;

        (e)    all Rights-of-Way that are used in connection with the ownership or operation of any of the Leases, Wells, Units or other Assets;

        (f)    all equipment, machinery, fixtures and other personal and mixed property, operational and nonoperational, known or unknown, that are solely used in connection with any of the Leases, Wells, Units or other Assets, including, pipelines, gathering systems, well equipment, casing, tubing, pumps, motors, fixtures, machinery, compression equipment, flow lines, processing and separation facilities, structures, materials and other items solely used in the operation thereof (collectively, the "***Personal Property***");

        (g)    to the extent transferable without payment of a fee (unless Buyer has paid such fee), all proprietary seismic data (including interpretations thereof) and geological mapping;

        (h)    all Imbalances relating to the Assets; and

        (i)    copies of all of the files, records, information and data, whether written or electronically stored, relating to the Assets in Seller's or its Affiliates' possession, including:  (i) land and title records; (ii) Applicable Contract files; (iii) correspondence; (iv) operations, environmental, production, accounting and Property Tax records, and (v) facility and well records (collectively, the "***Records***").

"***Assigned Rights***" shall have the meaning set forth in *Section 15.2(d)*.

"***Assignment and Bill of Sale***" shall mean the Assignment and Bill of Sale from Seller to Buyer pertaining to the Assets and substantially in the form of *Exhibit D*.

"***Assumed Obligations***" shall have the meaning set forth in *Section 13.1*.

"***Auction***" shall mean an auction for the sale of the Assets, if any, to be conducted in accordance with the Bidding Procedures.

"***Backup Bidder***" shall mean the bidder with the next-highest or otherwise second-best bid as determined in accordance with the Bidding Procedures.

"***Bankruptcy Code***" shall mean title 11 of the United States Code.

"***Bankruptcy Court***" shall mean the United States Bankruptcy Court for the District of Delaware.

"***Bid Protections***" shall include both the Break-up Fee and Expense Reimbursement to Buyer.

"***Bidding Procedures***" shall mean the *Bidding Procedures* attached hereto as *Exhibit G*, which may be modified or amended from time to time by agreement of the Parties.

"***Bidding Procedures Order***" shall mean an order of the Bankruptcy Code in form and substance reasonably acceptable to the Parties approving the Bidding Procedures, among other things.

"***Break-Up Fee***" shall mean a fee payable as set forth in this Agreement in an amount equal to three percent (3%) of the Purchase Price, which shall constitute an administrative expense of Seller in the Chapter 11 Case under section 364(c)(1) of the Bankruptcy Code.

"***Business Day***" shall mean a day (other than a Saturday or Sunday) on which commercial banks in Texas are generally open for business.

"***Buyer***" shall have the meaning set forth in the introductory paragraph herein.

"***Buyer Indemnified Parties***" shall have the meaning set forth in *Section 13.2*.

"***Buyer's Representatives***" shall have the meaning set forth in *Section 4.1(a)*.

"***Chapter 11 Case***" shall mean the voluntary case to be commenced by Seller in the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

"***Claim***" shall have the meaning set forth in *Section 13.7(b)*.

"***Claim Notice***" shall have the meaning set forth in *Section 13.7(b)*.

"***Closing***" shall have the meaning set forth in *Section 12.1*.

"***Closing Date***" shall have the meaning set forth in *Section 12.1*.

"***Code***" shall mean the Internal Revenue Code of 1986, as amended.

"***Confidentiality Agreement***" shall mean that certain Confidentiality Agreement dated January 26, 2018, between Seller and Buyer.

"***Contract***" shall mean any written or oral contract, agreement, agreement regarding indebtedness, indenture, debenture, note, bond, loan, collective bargaining agreement, lease, mortgage, franchise, license agreement, purchase order, binding bid, commitment, letter of credit or any other legally binding arrangement, including farmin and farmout agreements; participation, exploration and development agreements, crude oil, condensate and natural gas purchase and sale, gathering, transportation and marketing agreements; operating agreements; balancing agreements; unitization agreements; processing agreements; facilities or equipment leases; production handling agreements; and other similar contracts, but excluding, however, any Lease, Right-of-Way or other instrument creating or evidencing an interest in the Assets or any real property used in connection with the operations of any Assets.

"***Cure Costs***" shall mean all monetary amounts required to be paid to counterparties to the Applicable Contracts pursuant to the Sale Order and section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Applicable Contracts.

"***Cure Notice***" shall have the meaning set forth in *Section 13.13(a).*

"***Cure Period***" shall have the meaning set forth in *Section 5.2(c).*

"***Cure Schedule***" shall have the meaning set forth in *Section 13.13(a).*

"***Customary Post-Closing Consents***" shall mean the consents and approvals from Governmental Authorities for the assignment of the Assets to Buyer that are customarily obtained after such assignment of properties similar to the Assets.

"***De Minimis Amount***" shall mean $25,000.

"***Debt Contract***" shall mean any indenture, debenture, deed of trust, mortgage, bond, loan, credit or sale-leaseback or similar agreement entered into by Seller or its Affiliates creating indebtedness on the part of Seller or its Affiliates for borrowed money or the deferred purchase price of property acquired by Seller or its Affiliates.

"***Defect Claim Date***" shall have the meaning set forth in *Section 5.2(a).*

"***Defensible Title***" shall mean such title of Seller to the Wells that, as of the Effective Time and subject to Permitted Encumbrances:

(a)     with respect to each Well (as to the currently producing interval of such Well) or Unit (as to the currently producing interval of the currently producing Wells in such Unit), entitles Seller to receive not less than the Net Revenue Interest set forth in *Exhibit A-1* for such Well or Unit, except for (i) decreases in connection with those operations in which Seller or its successors or assigns may from and after the Effective Time be a non-consenting co-owner, (ii) decreases resulting from the establishment or

amendment from and after the Effective Time of pools or units, (iii) decreases required to allow other Working Interest owners to make up past underproduction or pipelines to make up past under deliveries and (iv) as otherwise set forth in *Exhibit A-1*;

      (b)    with respect to each Well (as to the currently producing interval of such Well) or Unit (as to the currently producing interval of the currently producing Wells in such Unit), obligates Seller to bear not more than the Working Interest set forth in *Exhibit A-1* for such Well or Unit, except (i) increases resulting from contribution requirements with respect to defaulting co-owners under applicable operating agreements, (ii) increases to the extent that they are accompanied by a proportionate increase in Seller's Net Revenue Interest in such Well or Unit and (iii) as otherwise set forth in *Exhibit A-1*; and

      (c)    is free and clear of all Encumbrances.

"***Deposit***" shall have the meaning set forth in *Section 3.2*.

"***Dispute Notice***" shall have the meaning set forth in *Section 3.5*.

"***Effective Time***" shall mean 12:01 a.m. Central Time on January 1, 2018.

"***Encumbrance***" shall mean any lien, security interest, pledge, charge or similar encumbrance.

"***Environmental Arbitrator***" shall have the meaning set forth in *Section 6.1(f)*.

"***Environmental Condition***" shall mean a condition existing on the Execution Date with respect to the air, soil, subsurface, surface waters, ground waters and/or sediments that causes an Asset not to be in compliance with any Environmental Law for which Buyer would be responsible if not cured prior to Closing.  For the avoidance of doubt, (i) the fact that a Well is no longer capable of producing sufficient quantities of oil or gas to continue to be classified as a "producing well" or that such a Well should be temporarily abandoned or permanently plugged and abandoned shall, in each case, not form the basis of an Environmental Condition, (ii) the fact that a pipe is temporarily not in use shall not form the basis of an Environmental Condition and (iii) except with respect to equipment (A) that causes or has caused contamination of soil, surface water or groundwater in violation of Environmental Law or (B) the use or condition of which is a violation of Environmental Law, the physical condition of any surface or subsurface production equipment, including water or oil tanks, separators or other ancillary equipment, shall not form the basis of an Environmental Condition.

"***Environmental Deductible***" shall mean 2% of the Purchase Price.

"***Environmental Defect***" shall mean, subject to *Section 6.2*, an Environmental Condition with respect to an Asset.

"***Environmental Defect Notice***" shall have the meaning set forth in *Section 6.1(a)*.

"***Environmental Defect Property***" shall have the meaning set forth in *Section 6.1(a)*.

"***Environmental Laws***" shall mean all applicable Laws in effect as of the Execution Date, including common Law, relating to the protection of the public health, welfare and the environment, including those Laws relating to the storage, handling and use of chemicals and other Hazardous Substances, and those Laws relating to the generation, processing, treatment, storage, transportation, disposal or other management thereof. The term "*Environmental Laws*" does not include good or desirable operating practices or standards that may be employed or adopted by other oil and gas well operators or recommended by a Governmental Authority.

"***Escrow Account***" means the account maintained by the Escrow Agent in connection with the Escrow Agreement.

"***Escrow Agent***" shall mean Wells Fargo Bank, N.A.

"***Escrow Agreement***" means that certain Escrow Agreement, dated as of the Execution Date, by and among Buyer, Seller and Escrow Agent.

"***Exchange***" shall have the meaning set forth in *Section 15.2(d)*.

"***Excluded Assets***" shall mean (a) all of Seller's corporate minute books, financial records and other business records that relate to Seller's business generally (including the ownership and operation of the Assets); (b) all trade credits, all accounts, receivables and all other proceeds, income or revenues attributable to the Assets with respect to any period of time prior to the Effective Time; (c) all rights, claims and causes of action of Seller relating to the Assets that are attributable to periods of time prior to the Effective Time (including claims for adjustments or refunds); (d) subject to *Section 5.3*, all rights and interests relating to the Assets (i) under any existing policy or agreement of insurance, (ii) under any bond or (iii) to any insurance or condemnation proceeds or awards arising, in each case, from acts, omissions or events, or damage to or destruction of property; (e) all Hydrocarbons produced and sold from the Assets with respect to all periods prior to the Effective Time; (f) all claims of Seller for refunds of or loss carry forwards with respect to (i) Property Taxes or any other Taxes attributable to any period (or portion thereof) prior to the Effective Time, (ii) Income or Franchise Taxes or (iii) any Taxes attributable to the Excluded Assets; (g) all personal computers and associated peripherals and all radio and telephone equipment, including SCADA servers and software; (h) all of Seller's proprietary computer software, patents, trade secrets, copyrights, names, trademarks, logos and other intellectual property; (i) all documents and instruments of Seller that may be protected by an attorney-client privilege; (j) all data that cannot be disclosed to Buyer as a result of confidentiality arrangements under agreements with Third Parties; (k) all audit rights arising under any of the Applicable Contracts or otherwise with respect to any period prior to the Effective Time or to any of the Excluded Assets, except for any Imbalances; (l) all geophysical, seismic and related technical data and information (and interpretations thereof) that is not transferable without payment of a fee (unless Buyer has paid such fee); (m) documents prepared or received by Seller or its Affiliates with respect to (i) lists of prospective purchasers for the Assets, (ii) bids submitted by other prospective purchasers of the Assets, (iii) analyses by Seller or its Affiliates of any bids submitted by any prospective purchaser, (iv) correspondence between or among Seller, its representatives and any prospective purchaser other than Buyer and (v) correspondence between Seller or any of its representatives with respect to any of the bids, the prospective purchasers or the transactions contemplated by this Agreement; (n) all personnel

files; (o) all deposits, letters of credit and other collateral posted by Seller in connection with the ownership or operation of any Assets; (p) all of Seller's reserve analyses, including all interpretations of such reserves and decline curves; and (q) the property set forth on *Exhibit B*.

"*Excluded Obligations*" shall mean any and all Liabilities arising from, based upon, related to or associated with:

(a)     any pending litigation, actions or causes of action to which Seller or any of its Affiliates is a party as of the Execution Date, whether or not set forth on *Schedule 7.6,* and any litigation, actions or causes of action to which Seller or any of its Affiliates becomes a party after the Execution Date that relates to or arises out of the period of time on or prior to the Execution Date;

(b)     the disposal or transportation of any Hazardous Substances by Seller attributable to its ownership or operation of the Assets to any location off of the lands covered by the Assets prior to the Effective Time in violation of Environmental Laws;

(c)     claims by Third Parties for personal injury and/or death arising from operations on the Assets conducted by Seller prior to the Effective Time; and

(d)     any mispayment or nonpayment by Seller of any royalties attributable to the Assets and due under the terms of any Lease prior to the Effective Time (but excluding any amounts held in suspense that have been paid to Buyer).

"*Execution Date*" shall have the meaning set forth in the introductory paragraph.

"*Expense Reimbursement*" shall mean an amount equal to the reasonable, documented, out-of-pocket costs and expenses of Buyer (including the reasonable, documented expenses of counsel, investment bankers, and other outside advisors) related to negotiating and drafting this Agreement and investigating Seller and the Assets, including participating in proceedings in the Chapter 11 Case and Auction, up to a maximum amount of $450,000, which amount, upon entry of the Bidding Procedures Order, shall constitute an administrative expense of Seller in the Chapter 11 Case under section 364(c)(1) of the Bankruptcy Code and shall be payable from the proceeds arising from the sale of all or substantially all of the Assets to a purchaser or purchasers other than Buyer.

"*Final Payment Date*" shall have the meaning set forth in *Section 3.5*.

"*Final Price*" shall have the meaning set forth in *Section 3.5*.

"*Final Settlement Statement*" shall have the meaning set forth in *Section 3.5*.

"*Franchise Taxes*" shall mean any Tax imposed by a state on Seller's or any of its Affiliates' gross or net income and/or capital for the privilege of engaging in business in that state that was or is attributable to Seller's ownership or disposition of the Assets.

"*GAAP*" shall mean generally accepted accounting principles in the United States, consistently applied.

"*Governmental Authority*" shall mean any federal, state, local, municipal, tribal or other government; any governmental, regulatory or administrative agency, commission, body or other authority exercising or entitled to exercise any administrative, executive, judicial, legislative, regulatory or Taxing Authority or power, and any court or governmental tribunal, including any tribal authority having or asserting jurisdiction.

"*Hazardous Substances*" shall mean any pollutants, contaminants, toxics or hazardous or extremely hazardous substances, materials, wastes, constituents, compounds or chemicals that are regulated by, or may form the basis of liability under, any Environmental Laws, including NORM and other substances referenced in *Section 6.2*.

"*Holdback*" shall have the meaning set forth in *Section 3.9(a)*.

"*Holdback Period*" shall have the meaning set forth in *Section 3.9(b)*.

"*Hydrocarbons*" shall mean oil and gas and other hydrocarbons produced or processed in association therewith.

"*Imbalances*" shall mean all Well Imbalances and Pipeline Imbalances.

"*Income Taxes*" shall mean any federal, state or local income Tax measured by or imposed on the net income of Seller that was or is attributable to Seller's ownership or disposition of the Assets.

"*Indemnified Party*" shall have the meaning set forth in *Section 13.7(a)*.

"*Indemnifying Party*" shall have the meaning set forth in *Section 13.7(a)*.

"*Indemnity Deductible*" shall mean 2% of the Purchase Price.

"*Individual Environmental Defect Threshold*" shall mean $25,000.

"*Individual Title Defect Threshold*" shall mean $25,000.

"*Knowledge*" shall mean (whether or not capitalized) with respect to Seller, the actual knowledge (without any duty of inquiry and/or investigation) of the following Persons:  Bill Pardue, H.C. Lee, Kim Weimer, Kevin Smith, Carmel Helsley and Jonny Brumley.

"*Law*" shall mean any applicable statute, law, rule, regulation, ordinance, order, code, ruling, writ, injunction, decree or other official act of or by any Governmental Authority.

"*Leases*" shall have the meaning set forth in the definition of "*Assets*."

"*Liabilities*" shall mean any and all claims, causes of action, payments, charges, judgments, assessments, liabilities, losses, damages, penalties, fines and costs and expenses, including any attorneys' fees, legal or other expenses incurred in connection therewith and including liabilities, costs, losses and damages for personal injury or death of any person or property damage or environmental damage or remediation.

"***Liens***" shall include all mortgages, liens, security interests, encumbrances, pledges, deeds of trust or collateral assignments relating to, or covering, any of the Assets.

"***Material Adverse Effect***" shall mean an event or circumstance that, individually or in the aggregate, results in a material adverse effect on the (i) ownership or operation of the Assets, taken as a whole and as currently operated as of the Execution Date or (ii) ability of Seller to consummate the transactions contemplated by this Agreement and perform its obligations hereunder; provided, however, that a Material Adverse Effect shall not include any material adverse effects resulting from:  (a) entering into this Agreement or the announcement of the transactions contemplated by this Agreement; (b) changes in general market, economic, financial or political conditions (including changes in commodity prices, fuel supply or transportation markets, interest or rates) in the area in which the Assets are located, the United States or worldwide; (c) changes in conditions or developments generally applicable to the oil and gas industry; (d) casualty losses and acts of God, including storms or meteorological events; (e) acts or failures to act of Governmental Authorities; (f) civil unrest or similar disorder, the outbreak of hostilities, terrorist acts or war; (g) matters that are cured or no longer exist by the earlier of the Closing and the termination of this Agreement, without cost to Buyer; (h) a change in Laws from and after the Execution Date; (i) reclassification or recalculation of reserves in the ordinary course of business; (j) changes in the prices of Hydrocarbons; (k) natural declines in well performance; and (l) changes to the Assets due to Seller's conduct of business in compliance with *Section 9.1*.

"***Material Contract***" shall mean:

(a)     any Hydrocarbon purchase and sale, transportation, gathering, treating, processing or similar Contract that is not terminable without penalty on sixty (60) days or less notice;

(b)     any Applicable Contract that constitutes a lease under which Seller is the lessor or the lessee of real or personal property (other than any Lease) that: (i) cannot be terminated by Seller without penalty upon sixty (60) days or less notice; and (ii) involves an annual base rental of more than $50,000;

(c)     any Applicable Contract that is an a lien securing an indenture, loan, credit agreement, sale-leaseback, guaranty of any obligation, bond, letter of credit or similar financial Contract;

(d)     any Applicable Contract that constitutes an exploration agreement, development agreement, participation agreement, joint venture agreement, area of mutual interest agreement or similar Contract (in each case, excluding any partnership);

(e)     any Applicable Contract that constitutes a joint operating agreement;

(f)     any Applicable Contract between an Affiliate of Seller and Seller that will not be terminated on or prior to Closing;

(g)     any Applicable Contract that can reasonably be expected to result in aggregate revenues to Seller of more than $50,000 during the current or any subsequent fiscal

year (based solely on the terms thereof and without regard to any expected increase in volumes or revenues); and

(h)    any Applicable Contract that (i) can reasonably be expected to result in aggregate payments by Seller of more than $50,000 during the current or any subsequent fiscal year (based solely on the terms thereof and without regard to any expected increase in volumes or revenues) and (ii) cannot be terminated without penalty on sixty (60) days' or less notice.

"*MUI Provisions*" shall mean the maintenance of uniform interests provisions contained in the Applicable Contracts.

"*Net Revenue Interest*" shall mean, with respect to any well, unit, lease or mineral interest, the interest in and to all Hydrocarbons produced, saved and sold from or allocated to such well, unit, lease or mineral interest, after giving effect to all royalties, overriding royalties, production payments, carried interests, net profits interests, reversionary interests and other burdens upon, measured by or payable out of production therefrom.

"*NORM*" shall mean naturally occurring radioactive material.

"*Outside Date*" shall have the meaning set forth in *Section 14.1(e)*.

"*Party*" and "*Parties*" shall have the meaning set forth in the introductory paragraph herein.

"*Permitted Encumbrances*" shall mean:

(a)    the terms and conditions of all Leases and all royalties, non-participating royalties, overriding royalties, reversionary interests and similar burdens upon, measured by or payable out of production if the net cumulative effect of such Leases and burdens does not (i) operate to reduce the Net Revenue Interest of Seller in any Well or Unit to an amount less than the Net Revenue Interest set forth in *Exhibit A-1* for such Well or Unit, or (ii) obligate Seller to bear a Working Interest with respect to any Well or Unit in any amount greater than the Working Interest set forth in *Exhibit A-1* for such Well or Unit (unless the Net Revenue Interest for such Well or Unit is greater than the Net Revenue Interest set forth in *Exhibit A-1* in the same proportion as any increase in such Working Interest);

(b)    the terms and conditions of the Rights-of-Way included in the Assets;

(c)    all preferential purchase rights, consents to assignment and other similar rights and agreements;

(d)    liens for Taxes or assessments not yet due or delinquent or, if delinquent, that are being contested in good faith in the normal course of business;

(e)    Customary Post-Closing Consents;

(f)    rights of reassignment;

(g)      such Title Defects as Buyer may have waived;

(h)      all applicable Laws, and all rights reserved to or vested in any Governmental Authority (i) to control or regulate any Asset in any manner, (ii) by the terms of any right, power, franchise, grant, license or permit, or by any provision of Law, to terminate such right, power, franchise grant, license or permit or to purchase, condemn, expropriate or recapture or to designate a purchaser of any of the Assets, (iii) to use such property in a manner which does not materially impair the use of such property for the purposes for which it is currently owned and operated or (iv) to enforce any obligations or duties affecting the Assets to any Governmental Authority, with respect to any franchise, grant, license or permit;

(i)      all force pooling and similar orders if the effect of the same do not (i) reduce the Net Revenue Interest of Seller in any Well or Unit to an amount less than the Net Revenue Interest set forth in *Exhibit A-1* for such Well or Unit, or (ii) obligate Seller to bear a Working Interest in any Well or Unit in any amount greater than the Working Interest set forth in *Exhibit A-1* for such Well or Unit (unless the Net Revenue Interest for such Well or Unit is greater than the Net Revenue Interest set forth in *Exhibit A-1* in the same proportion as any increase in such Working Interest);

(j)      rights of a common owner of any interest in any of the Rights-of-Way relating to the Assets held by Seller and such common owner as tenants in common or through common ownership;

(k)      Rights-of-Way, on, over or under the Assets for the purpose of operations, facilities, pipelines, transmission lines, transportation lines, distribution lines and other like purposes;

(l)      vendors, carriers, warehousemen's, repairmen's, mechanics', workmen's, materialmen's, construction or other like liens arising by operation of Law in the ordinary course of business or incident to the construction or improvement of any property in respect of obligations which are not yet due or delinquent or, if delinquent, that are being contested in good faith in the normal course of business;

(m)      any Lien or Encumbrance affecting the Assets that is discharged by Seller at or prior to the Closing;

(n)      the terms and conditions of the Applicable Contracts (including those set forth in *Exhibit C*);

(o)      any matter that would not constitute a Title Defect pursuant to the definition thereof;

(p)      any matters referenced on the face of any Exhibit or Schedule attached hereto; and

(q)      all other Encumbrances, Contracts, instruments, obligations, defects and irregularities affecting the Assets that, individually or in the aggregate, do not (i) to materially interfere with the operation or use of any of the Assets (as currently operated and/or used, as

applicable), (ii) reduce the Net Revenue Interest of Seller in any Well or Unit to an amount less than the Net Revenue Interest set forth in *Exhibit A-1* for such Well or Unit, or (iii) obligate Seller to bear a Working Interest in any Well or Unit in any amount greater than the Working Interest set forth in *Exhibit A-1* for such Well or Unit (unless the Net Revenue Interest for such Well or Unit is greater than the Net Revenue Interest set forth in *Exhibit A-1* in the same proportion as any increase in such Working Interest).

"***Person***" shall mean any individual, firm, corporation, partnership, limited liability company, joint venture, association, trust, unincorporated organization, Governmental Authority or any other entity.

"***Personal Property***" shall have the meaning set forth in the definition of "*Assets*."

"***Petition Date***" shall mean the date the Chapter 11 Case is filed with the Bankruptcy Court.

"***Pipeline Imbalance***" shall mean any marketing imbalance between the quantity of Hydrocarbons attributable to the Assets required to be delivered by Seller under any Contract relating to the purchase and sale, gathering, transportation, storage, processing or marketing of such Hydrocarbons and the quantity of Hydrocarbons attributable to the Assets actually delivered by Seller pursuant to the relevant Contract, together with any appurtenant rights and obligations concerning production balancing at the delivery point into the relevant sale, gathering, transportation, storage or processing facility.

"***Pre-Closing Tax Return***" shall have the meaning set forth in *Section 15.2(c)*.

"***Preferential Purchase Right***" shall have the meaning set forth in *Section 5.4(a)*.

"***Preliminary Settlement Statement***" shall have the meaning set forth in *Section 3.4*.

"***Previously Omitted Contract***" shall have the meaning set forth in *Section 13.13(b)*.

"***Previously Omitted Contract Notice***" shall have the meaning set forth in *Section 13.13(b)*.

"***Property Expenses***" shall have the meaning set forth in *Section 2.3*.

"***Property Taxes***" shall mean ad valorem, property, excise, severance, production or similar Taxes (including any interest, fine, penalty or additions to Tax imposed by a Governmental Authority in connection with such Taxes) based upon operation or ownership of the Assets or the production of Hydrocarbons therefrom but excluding, for the avoidance of doubt, (a) Income Taxes, Franchise Taxes and similar Taxes, and (b) Transfer Taxes.

"***Purchase Price***" shall have the meaning set forth in *Section 3.1*.

"***Records***" shall have the meaning set forth in the definition of "*Assets*."

"*Remediation*" shall mean, with respect to an Environmental Condition, the implementation and completion of any remedial, removal, response, construction, closure, disposal or other corrective actions required under Environmental Laws to correct or remove such Environmental Condition.

"*Remediation Amount*" shall mean, with respect to an Environmental Condition, the present value as of the Closing Date (using an annual discount rate of 10%) of the cost (net to Seller's interest) of the most cost effective Remediation of such Environmental Condition; *provided*, however, that "Remediation Amount" shall not include (a) the costs of Buyer's and/or its Affiliates' employees, (b) expenses for matters that are ordinary costs of doing business regardless of the presence of an Environmental Condition (e.g., those costs that would ordinarily be incurred in the day-to-day operations of the Assets or in connection with permit renewal/amendment activities), (c) overhead costs of Buyer and/or its Affiliates, or (d) any costs or expenses relating to the assessment, remediation, removal, abatement, transportation and disposal of any asbestos, asbestos-containing materials or NORM unless required to address a violation of Environmental Law.

"*Retained Liabilities*" shall mean all obligations and Liabilities, known or unknown, that relate to:

(a) any Debt Contract;

(b) all litigation set forth on *Schedule 7.6*;

(c) any Liabilities for Income Taxes or Franchise Taxes of Seller; and

(d) all Cure Costs.

"*Rights-of-Way*" shall mean all permits (to the extent transferrable), licenses, servitudes, easements, fee surface, surface leases and rights-of-way.

"*Sale Motion*" shall mean a motion to be filed by Seller in the Chapter 11 Case seeking entry of the Bidding Procedures Order and the Sale Order, which motion shall be in form and substance acceptable to Seller and Buyer.

"*Sale Order*" shall mean an order in form and substance acceptable to the Parties, each in their respective sole discretion, approving this Agreement and all of the terms and conditions hereof, approving the sale and assignment to Buyer of all of the Assets, and approving and authorizing Seller to consummate the transactions contemplated hereby.

"*Seller*" shall have the meaning set forth in the introductory paragraph of this Agreement.

"*Seller Indemnified Parties*" shall have the meaning set forth in *Section 13.3*.

"*Straddle Period*" shall mean any Tax period beginning before and ending after the Effective Time.

"*Successful Bidder*" shall mean the bidder with the highest or otherwise best bid as determined in accordance with the Bidding Procedures.

"*Superior Proposal*" shall mean, with respect to all or substantially all of the Assets, any bona fide proposal or offer to or from a Person other than Buyer or its representatives with respect to (a) any plan of reorganization or liquidation, proposal, offer, dissolution, winding up, liquidation, reorganization, merger, consolidation, business combination, joint venture, partnership, sale of assets or equity interests or restructuring involving the Assets, or (b) any other direct or indirect acquisition involving the Assets, that, in each case, the board of managers of Enduro Resource Holdings LLC has determined in good faith, after consultation with its outside financial advisors and outside legal counsel, would, if consummated, result in a transaction superior to Seller than the transactions contemplated hereunder, taking into account all terms thereof, including (x) the likelihood and timing of consummation (as compared to the transactions contemplated hereunder) and (y) all material legal, financial (including the financing terms of any such proposal), conditionality, regulatory and other aspects of such proposal.

"*Tax*" or "*Taxes*" shall mean all taxes, assessments, duties, levies, imposts or other similar charges imposed by a Governmental Authority, including all income, franchise, profits, capital gains, capital stock, transfer, gross receipts, sales, use, transfer, service, occupation, ad valorem, property, excise, severance, production, windfall profit, premium, stamp, license, payroll, employment, social security, unemployment, disability, environmental (including taxes under Code Section 59A), alternative minimum, add-on, value-added, withholding (including backup withholding) and other taxes, assessments, duties, levies, imposts or other similar charges of any kind whatsoever (whether payable directly or by withholding and whether or not requiring the filing of a Tax Return), and all estimated taxes, deficiency assessments, additions to tax, additional amounts imposed by any Governmental Authority, penalties and interest.

"*Tax Return*" shall mean any report, return, election, document, estimated tax filing, declaration or other filing provided to any Taxing Authority, including any amendments thereto.

"*Taxing Authority*" shall mean, with respect to any Tax, the Governmental Authority that imposes such Tax, and the Governmental Authority (if any) charged with the collection of such Tax.

"*Third Party*" shall mean any Person other than a Party to this Agreement or an Affiliate of a Party to this Agreement.

"*Title Arbitrator*" shall have the meaning set forth in *Section 5.2(j)*.

"*Title Benefit*" shall mean any right, circumstance or condition that operates to (a) increase the Net Revenue Interest of Seller in any Well or Unit above that shown for such Well or Unit in *Exhibit A-1* to the extent the same does not cause a greater than proportionate increase in Seller's Working Interest therein above that shown in *Exhibit A-1*, or (b) decrease the Working Interest of Seller in any Well or Unit below that shown for such Well or Unit in *Exhibit A-1* to the extent the same causes a decrease in Seller's Working Interest that is proportionately

greater than the decrease in Seller's Net Revenue Interest therein below that shown in *Exhibit A-1*.

"***Title Benefit Amount***" shall have the meaning set forth in *Section 5.2(e)*.

"***Title Benefit Notice***" shall have the meaning set forth in *Section 5.2(b)*.

"***Title Deductible***" shall mean 2% of the Purchase Price.

"***Title Defect***" shall mean any Encumbrance, defect or other matter that causes Seller not to have Defensible Title, provided that the following shall not be considered Title Defects:

(a)     defects arising out of lack of corporate or other entity authorization unless Buyer provides affirmative evidence that such corporate or other entity action was not authorized and results in another Person's superior claim of title to the relevant Asset;

(b)     defects based on a gap in Seller's chain of title in the applicable county records existing prior to 1980 and, unless such gap is affirmatively shown to exist in such records by an abstract of title, title opinion or landman's title chain, which documents shall be included in a Title Defect Notice, all other defects based on a gap in Seller's chain of title in the applicable county records;

(c)     defects based upon the failure to record any state or federal Leases or Rights-of-Way included in the Assets or any assignments of interests in such Leases or Rights-of-Way included in the Assets in any applicable state or federal records (so long as such Lease, Right-of-Way or assignment is filed in the applicable county records) or in any applicable county records (so long as such Lease, Right-of-Way or assignment is filed in the applicable state or federal records);

(d)     any Encumbrance, defect or loss of title resulting from Seller's conduct of business in compliance with *Section 9.1*;

(e)     defects based upon the exercise of any preferential rights;

(f)     Encumbrances or other defects created under deeds of trust, mortgages and similar instruments by the lessor under a Lease covering the lessor's surface and mineral interests in the land covered thereby;

(g)     failure to obtain any ratification of pooling, unitization or communitization by any non-participating or non-executive mineral interest owner;

(h)     Encumbrances or other defects created under deeds of trust, mortgages and similar instruments by the grantor under a Right-of-Way;

(i)     defects that have been cured by the passage of time including applicable Laws of limitations or prescription;

(j)     any defect or irregularity arising out of the lack of a survey;

(k)    any defect or irregularity that, for a period of over five (5) years or more, has not delayed or prevented Seller, or any of its predecessors in interest, from receiving payment for its net interest share from any Well or Unit;

(l)    any defect or irregularity that arises out of the failure to recite marital status in a document or the omission of (i) affidavits or similar instruments reflecting heirships or (ii) estate proceedings;

(m)    any defects arising from any prior oil and gas lease relating to the lands covered by the Leases or Units not being surrendered of record;

(n)    defects as a consequence or cessation of production, insufficient production or failure to conduct operations during any period before or after the completion of a well capable of production in paying quantities on any of the Leases held by production, or lands pooled or unitized therewith, except to the extent Buyer provides affirmative evidence showing that (i) the cessation of production existed for more than twelve consecutive months during the three year period immediately prior to the Execution Date such that it has given rise to a right of the lessor or other Third Party to terminate the underlying Lease and (ii) such Lease was not otherwise maintained by any other provision of such Lease (including the payment of shut-in royalties) or applicable Law, in each case, which affirmative evidence shall be provided by Buyer to Seller in support thereof;

(o)    any defects based solely on a lack of records, documents or other information in Seller's or any of its Affiliate's possession; and

(p)    any defect or irregularity arising out of the application of MUI Provisions contained within joint operating or similar agreements.

"*Title Defect Amount*" shall have the meaning set forth in *Section 5.2(g)*.

"*Title Defect Notice*" shall have the meaning set forth in *Section 5.2(a)*.

"*Title Defect Property*" shall have the meaning set forth in *Section 5.2(a)*.

"*Transaction Documents*" shall mean those documents executed and delivered pursuant to or in connection with this Agreement.

"*Transfer Taxes*" shall have the meaning set forth in *Section 15.2(b)*.

"*Treasury Regulations*" shall mean the regulations promulgated by the United States Department of the Treasury pursuant to and in respect of provisions of the Code.  All references herein to sections of the Treasury Regulations shall include any corresponding provision or provisions of succeeding, similar, substitute, proposed or final Treasury Regulations.

"*Units*" shall have the meaning set forth in the definition of "*Assets*."

"***Well Imbalance***" shall mean any imbalance at the wellhead between the amount of Hydrocarbons produced from a Well and allocable to the interests of Seller therein and the shares of production from the relevant Well to which Seller is entitled, together with any appurtenant rights and obligations concerning future in kind and/or cash balancing at the wellhead.

"***Wells***" shall have the meaning set forth in the definition of "*Assets*."

"***Working Interest***" shall mean, with respect to any well, unit, lease or mineral interest, the interest in and to such well, unit, lease or mineral interest that is burdened with the obligation to bear and pay costs and expenses of maintenance, development and operations on or in connection with such well, unit, lease or mineral interest, but without regard to the effect of any royalties, overriding royalties, production payments, net profits interests and other similar burdens upon, measured by or payable out of production therefrom.

**1.2    *References and Rules of Construction.***  All references in this Agreement to Exhibits, Schedules, Articles, Sections, subsections and other subdivisions refer to the corresponding Exhibits, Schedules, Articles, Sections, subsections and other subdivisions of or to this Agreement unless expressly provided otherwise.  Titles appearing at the beginning of any Articles, Sections, subsections and other subdivisions of this Agreement are for convenience only, do not constitute any part of this Agreement, and shall be disregarded in construing the language hereof.  The words "this Agreement," "herein," "hereby," "hereunder" and "hereof," and words of similar import, refer to this Agreement as a whole and not to any particular Article, Section, subsection or other subdivision unless expressly so limited.  The words "this Article," "this Section" and "this subsection," and words of similar import, refer only to Article, Section or subsection hereof in which such words occur.  Wherever the words "include," "includes" or "including" are used in this Agreement, they shall be deemed to be followed by the words "without limiting the foregoing in any respect." All references to "$" or "dollars" shall be deemed references to United States dollars.  Each accounting term not defined herein will have the meaning given to it under GAAP as interpreted as of the Execution Date.  Pronouns in masculine, feminine or neuter genders shall be construed to state and include any other gender, and words, terms and titles (including terms defined herein) in the singular form shall be construed to include the plural and vice versa, unless the context otherwise requires.  The Exhibits and Schedules referred to herein are attached to and by this reference incorporated herein for all purposes.  Notwithstanding anything herein to the contrary, the Parties acknowledge and agree that any deadline under this Agreement that occurs on a federal holiday, Saturday or Sunday shall automatically be extended to the following Business Day, unless expressly stated otherwise or agreed to by the Parties in writing.

### ARTICLE II
### PURCHASE AND SALE

**2.1    *Purchase and Sale.***  Subject to the terms and conditions of this Agreement, Seller agrees to sell, and Buyer agrees to purchase and pay for the Assets.

**2.2    *Excluded Assets.***  Seller shall reserve and retain all of the Excluded Assets.

**2.3   *Revenues and Expenses.*** Subject to the provisions hereof, Seller shall be entitled to all of the rights of ownership attributable to the Assets (including the right to all production, proceeds of production and other proceeds) and shall remain responsible for all Property Expenses, in each case, attributable to the period of time prior to the Effective Time, except to the extent that, for the period of time from and after the Final Settlement Statement, such Property Expenses would be Assumed Obligations hereunder or such production or proceeds are received on or after the date of the Final Settlement Statement.  Subject to the provisions hereof, and subject to the occurrence of the Closing, Buyer shall be entitled to all of the rights of ownership attributable to the Assets (including the right to all production, proceeds of production and other proceeds), and shall be responsible for all Property Expenses, in each case, from and after the Effective Time, as well as Property Expenses attributable to the Assets for the period of time prior to the Effective Time that become Assumed Obligations hereunder from and after the date of the Final Settlement Statement.  "***Property Expenses***" means all operating expenses (including costs of insurance, but excluding any Taxes) and capital expenditures incurred in the ownership and operation of the Assets in the ordinary course of business (including any operating expenses or capital expenditures advanced by Seller or its Affiliates as operator on behalf of a co-working interest owner) and, where applicable, in accordance with the relevant operating or unit agreement, if any, and overhead costs charged to the Assets under the relevant operating agreement or unit agreement, if any, but excluding Liabilities attributable to (i) personal injury, illness or death of any person, property damage, violation of any Law or breach of Contract, (ii) obligations to plug wells and dismantle or decommission facilities, (iii) environmental matters or Environmental Conditions, including obligations to remediate any contamination of water or personal property under applicable Environmental Laws, (iv) obligations with respect to Imbalances or (v) obligations to pay Working Interests, royalties, overriding royalties or other interest owners' revenues or proceeds attributable to sales of Hydrocarbons relating to the Assets, including those held in suspense.  After the Closing, each Party shall be entitled to participate in all joint interest audits and other audits of Property Expenses for which such Party is entirely or in part responsible under the terms of this *Section 2.3*.

<div align="center">

**ARTICLE III**
**PURCHASE PRICE**

</div>

**3.1   *Purchase Price.*** The aggregate purchase price for the Assets shall be $45,000,000.00 (the "***Purchase Price***"), adjusted in accordance with this Agreement and payable by Buyer to Seller at the Closing by wire transfer in same day funds to a bank account of Seller (the details of which shall be provided by Seller to Buyer by notice given at least one Business Day prior to the Closing Date).

**3.2   *Deposit.*** Within one (1) Business Day following the Bankruptcy Court's entry of the Bidding Procedures Order, which names Buyer as the Stalking Horse Bidder for the Assets, Buyer will deposit with Escrow Agent by wire transfer in same day funds the sum of $4,500,000.00, representing 10% of the Purchase Price (such amount, together with any interest earned thereon, the "***Deposit***"), to be held, invested and disbursed in accordance with the terms of this Agreement and the Escrow Agreement.  If the Closing occurs, the Deposit shall be applied toward the Purchase Price at the Closing.  If Buyer has not made the Deposit within three (3) Business Days following the Bankruptcy Court's entry of the Bidding Procedures Order, then

Seller shall have all rights and remedies available at law or in equity in connection such failure, including the right to terminate this Agreement pursuant to *Section 14.1(a).*

   (a) If (i) all conditions precedent to the obligations of Buyer set forth in *Article X* (other than those actions or deliveries to occur at the Closing) have been met or waived by Buyer, and (ii) the transactions contemplated by this Agreement are not consummated because of:  (A) the failure of Buyer to materially perform any of its obligations hereunder or (B) the failure of any of Buyer's representations or warranties hereunder to be true and correct in all respects as of the Execution Date and the Closing, then, in such event, Seller may terminate this Agreement, in which event the Parties shall execute such joint instruction or other instrument as is necessary to cause Escrow Agent to distribute the Deposit to Seller as liquidated damages (the Parties agree that the foregoing liquidated damages are reasonable considering all of the circumstances existing as of the Execution Date, shall not serve as a penalty and constitute the Parties' good faith estimate of the actual damages reasonably expected to result from such termination of this Agreement by Seller).

   (b) If this Agreement is terminated by the mutual written agreement of Buyer and Seller, or if the Closing does not occur for any reason other than as set forth in *Section 3.2(a)*, then Buyer shall be entitled to the delivery of the Deposit free of any claims by Seller with respect thereto, and the Parties shall execute such joint instruction or other instrument as is necessary to cause Escrow Agent to distribute the Deposit to Buyer.  Buyer and Seller shall thereupon have the rights and obligations set forth in *Section 14.2.*

  **3.3** ***Adjustments to Purchase Price.***  The Purchase Price shall be adjusted as follows, and the resulting amount shall be herein called the "***Adjusted Purchase Price***":

   (a) The Purchase Price shall be adjusted upward by the following amounts (without duplication):

    (i) an amount equal to the value of all Hydrocarbons attributable to the Assets in storage (including tank bottoms) or existing in pipelines (including linefill) and/or plants (including inventory) and above the pipeline connection or upstream of the sales meter as of the Effective Time, the value to be based upon the contract price in effect as of the Effective Time (or the most recent sales price by Seller for similar Hydrocarbons in the same area if there is no contract price in effect as of the Effective Time), less amounts payable as royalties, overriding royalties and other burdens upon, measured by or payable out of such production;

    (ii) an amount equal to all Property Expenses and all other costs and expenses paid by Seller or its Affiliates that are attributable to the Assets from and after the Effective Time (whether paid before or after the Effective Time), including (A) bond and insurance premiums paid by or on behalf of Seller with respect to the period of time from and after the Effective Time, (B) royalties or other burdens upon, measured by or payable out of proceeds of production and (C) rentals and other lease maintenance payments;

    (iii) the amount of all Property Taxes prorated to Buyer in accordance with *Section 15.2(b)* but paid or payable by Seller;

(iv)     to the extent that Seller is underproduced with respect to Well Imbalances as of the Effective Time, an amount equal to the sum of (A) the product of (I) the underproduced volumes of gaseous Hydrocarbons times (II) a price of $4.50 per Mcf, and (B) the product of (I) the underproduced volumes of liquid Hydrocarbons times (II) a price of $56.10 per Bbl;

(v)     to the extent that Seller is overdelivered with respect to Pipeline Imbalances as of the Effective Time, an amount equal to the sum of (A) the product of (I) the overdelivered volumes of gaseous Hydrocarbons times (II) a price of $4.50 per Mcf, and (B) the product of (I) the overdelivered volumes of liquid Hydrocarbons times (II) a price of $56.10 per Bbl;

(vi)     an amount equal to $50,000 per month (prorated for any partial month) for the period from the Effective Time up to Closing; and

(vii)     any other amount provided for elsewhere in this Agreement or otherwise agreed upon by Seller and Buyer.

(b)     The Purchase Price shall be adjusted downward by the following amounts (without duplication):

(i)     an amount equal to all proceeds received by Seller or its Affiliates attributable to the ownership or operation of the Assets from and after the Effective Time up to the Closing, including the sale of Hydrocarbons produced from the Assets or allocable thereto, net of expenses (other than Property Expenses and other expenses taken into account pursuant to *Section 3.3(a)* and Taxes) directly incurred in earning or receiving such proceeds;

(ii)     if Seller makes the election under *Section 5.2(d)(i)* with respect to a Title Defect, the Title Defect Amount with respect to such Title Defect if the Title Defect Amount has been determined prior to the Closing;

(iii)     if Seller makes the election under *Section 6.1(b)(i)* with respect to an Environmental Defect, the Remediation Amount with respect to such Environmental Defect if the Remediation Amount has been determined prior to the Closing;

(iv)     the Allocated Value of the Assets excluded from the transactions contemplated hereby pursuant to *Section 5.2.(d)(ii)*, *Section 5.4* or *Section 6.1(b)(ii)*;

(v)     the amount of all Property Taxes prorated to Seller in accordance with *Section 15.2(b)* but paid or payable by Buyer;

(vi)     an amount equal to all proceeds from sales of Hydrocarbons relating to the Assets and payable to owners of Working Interests, royalties, overriding royalties and other similar interests (in each case) that are held by Seller in suspense as of the Closing Date;

(vii)     to the extent that Seller is overproduced with respect to Well Imbalances as of the Effective Time, an amount equal to the sum of (A) the product of (I) the

overproduced volumes of gaseous Hydrocarbons times (II) a price of $4.50 per Mcf, and (B) the product of (I) the overproduced volumes of liquid Hydrocarbons times (II) a price of $56.10 per Bbl;

(viii)    to the extent that Seller is underdelivered with respect to Pipeline Imbalances as of the Effective Time, an amount equal to the sum of (A) the product of (I) the underdelivered volumes of gaseous Hydrocarbons times (II) a price of $4.50 per Mcf, and (B) the product of (I) the underdelivered volumes of liquid Hydrocarbons times (II) a price of $56.10 per Bbl; and

(ix)    any other amount provided for elsewhere in this Agreement or otherwise agreed upon by Seller and Buyer.

**3.4    *Preliminary Settlement Statement.*** Not less than four Business Days prior to the Closing, Seller shall prepare and submit to Buyer for review a draft settlement statement (the "***Preliminary Settlement Statement***") that shall set forth the Adjusted Purchase Price, reflecting each adjustment made in accordance with this Agreement as of the date of preparation of such Preliminary Settlement Statement and the calculation of the adjustments used to determine such amount, together with the designation of Seller's account for the wire transfer of funds as set forth in *Section 12.3(d)*. Within two Business Days of receipt of the Preliminary Settlement Statement, Buyer will deliver to Seller a written report containing all changes with the explanation therefor that Buyer proposes to be made to the Preliminary Settlement Statement. In the event that Buyer fails to deliver such report to Seller then the Preliminary Settlement Statement submitted by Seller shall be deemed to have been mutually agreed to by the Parties. The Preliminary Settlement Statement, as agreed upon by the Parties, will be used to adjust the Purchase Price at the Closing; provided that if the Parties do not agree upon an adjustment set forth in the Preliminary Settlement Statement, then the amount of such adjustment used to adjust the Purchase Price at the Closing shall be that amount set forth in the draft Preliminary Settlement Statement delivered by Seller to Buyer pursuant to this *Section 3.4*.

**3.5    *Final Settlement Statement.*** On or before 120 days after the Closing, a final settlement statement (the "***Final Settlement Statement***") will be prepared by Seller based on actual income and expenses during the period from and after the Effective Time until the Closing and which takes into account all final adjustments made to the Purchase Price and shows the resulting final Purchase Price (the "***Final Price***"). The Final Settlement Statement shall set forth the actual proration of the amounts required by this Agreement. As soon as practicable, and in any event within 30 days after receipt of the Final Settlement Statement, Buyer shall return to Seller a written report containing any proposed changes to the Final Settlement Statement and an explanation of any such changes and the reasons therefor (the "***Dispute Notice***"). If the Final Price set forth in the Final Settlement Statement is mutually agreed upon by Seller and Buyer, the Final Settlement Statement and the Final Price shall be final and binding on the Parties hereto. Any difference in the Adjusted Purchase Price as paid at the Closing pursuant to the Preliminary Settlement Statement and the Final Price shall be paid by the owing Party within ten days to the owed Party. All amounts paid pursuant to this *Section 3.5* shall be delivered in United States currency by wire transfer of immediately available funds to the account specified in writing by the relevant Party. The date upon which any such final payment is made pursuant

to this *Section 3.5*, as may be extended pursuant to *Section 3.6*, shall be referred to herein as the "**Final Payment Date**".

 **3.6**   **Disputes.** If Seller and Buyer are unable to resolve the matters addressed in the Dispute Notice, each of Buyer and Seller shall, within ten Business Days after the delivery of such Dispute Notice, summarize its position with regard to such dispute in a written document and submit such summaries to the Fort Worth, Texas office of PricewaterhouseCoopers LLP (the "**Accounting Arbitrator**"), together with the Dispute Notice, the Final Settlement Statement and any other documentation such Party may desire to submit; provided that if PricewaterhouseCoopers LLP declines to serve as the Accounting Arbitrator, then the Accounting Arbitrator shall be selected by the Dallas, Texas office of the American Arbitration Association. Within 20 Business Days after receiving the Parties' respective submissions, the Accounting Arbitrator shall render a decision choosing either Seller's position or Buyer's position with respect to each matter addressed in any Dispute Notice, based on the materials described above. Any decision rendered by the Accounting Arbitrator pursuant hereto shall be final, conclusive and binding on Seller and Buyer and will be enforceable against any of the Parties in any court of competent jurisdiction. The costs of such Accounting Arbitrator shall be borne one-half by Buyer and one-half by Seller.

 **3.7**   **Allocation of Purchase Price / Allocated Values.** The "**Allocated Value**" for any Asset equals the portion of the unadjusted Purchase Price allocated to the Wells and Units in *Exhibit A-1* and such Allocated Value shall be used in calculating any applicable adjustments to the Purchase Price as provided herein. Buyer and Seller also agree (a) that the Allocated Values, as adjusted, shall be used by Seller and Buyer as the basis for reporting asset values and other items for purposes of *Section 3.8* and (b) that neither they nor their Affiliates will take positions inconsistent with such Allocated Values in notices to Governmental Authorities, in audit or other proceedings with respect to Taxes, in notices to Preferential Purchase Right holders or in other documents or notices relating to the transactions contemplated by this Agreement.

 **3.8**   **Allocation of Consideration for Tax Purposes.** Seller and Buyer agree that the portion of the Purchase Price, as adjusted, attributable to the Assets and the Assumed Obligations with respect to the Assets and other amounts treated for Tax purposes as consideration for a sale transaction (to the extent shown at such time) (collectively, the "**Allocable Amount**") shall be allocated among the various Assets for Tax purposes. The initial draft of such allocations shall be prepared by Seller in a manner consistent with the Allocated Values and shall be provided to Buyer no later than 120 days after the Closing. Seller and Buyer shall then cooperate to prepare a final schedule of the Allocable Amount among the Assets, which shall also be materially consistent with the Allocated Values (as adjusted, the "**Allocation Schedule**"). The Allocation Schedule shall be updated to reflect any adjustments to the Allocable Amount. The allocation of the Allocable Amount shall be reflected on a completed Internal Revenue Service Form 8594 (Asset Acquisition Statement under Section 1060 of the Code), which Form 8594 will be timely filed separately by Seller and Buyer with the Internal Revenue Service pursuant to the requirements of Section 1060(b) of the Code. Seller and Buyer agree not to take any position inconsistent with the allocations set forth in the Allocation Schedule unless required by applicable Law or with the consent of the other Parties. The Parties further agree that the allocations set forth on the Allocation Schedule will represent reasonable estimates of the fair market values of the Assets described therein.

### 3.9    *Holdback for Final Price.*

(a)    On the Closing Date, Escrow Agent shall retain the Deposit in the Escrow Account, with said sum constituting the "***Holdback***" for the purpose of securing the satisfaction and discharge of indemnity claims of Buyer against Seller under this Agreement and the payment of any amounts owed by Seller to Buyer pursuant to *Section 3.5*.    The Holdback shall be governed by the provisions of this *Section 3.9* and the Escrow Agreement.    The joint, written authorization of representatives of Buyer and Seller pursuant to the Escrow Agreement shall be required for the disbursement of any portion of the Holdback.

(b)    With respect to each claim for indemnification asserted by Buyer against Seller pursuant to *Section 13.2* during the period from and after the Closing Date up to the date that is one year following the Closing Date (the "***Holdback Period***"), upon final resolution or determination of such an indemnity or warranty claim by the Parties or in accordance with *Section 13.7*, as applicable, resolving the claim in favor of Buyer, Buyer and Seller shall jointly instruct the Escrow Agent to disburse to Buyer the amount set forth in such joint written instruction, which will be that portion of the Holdback being held in the Escrow Account as would satisfy such finally resolved or determined indemnity or warranty claim.    Further, to the extent Seller is obligated to pay Buyer any amounts pursuant to *Section 3.5* in respect of the Final Price, Buyer and Seller shall jointly instruct the Escrow Agent to disburse to Buyer such amount set forth in such joint written instruction, which will be that portion of the Holdback being held in the Escrow Account as would satisfy such payment obligation.

(c)    On the date that is 135 days following the Closing Date, Buyer and Seller shall jointly instruct the Escrow Agent to disburse to Seller an amount equal to the positive difference, if any, between (i) $2,250,000, and (ii) an amount equal to the sum of (A) all amounts disbursed to Buyer as of such date, and (B) any amounts necessary to satisfy any outstanding claims for indemnification or warranty which Buyer has provided to Seller in accordance with *Section 13.7* that have not been previously satisfied.

(d)    Buyer and Seller shall jointly instruct the Escrow Agent to release to Seller any amounts then remaining in the Escrow Account on the first Business Day after the expiration of the Holdback Period, except for the aggregate amount of all outstanding claims for indemnification or warranty which Buyer has provided to Seller in accordance with *Section 13.7* that have not been previously satisfied (which monies shall remain part of the Escrow Account until final resolution of such outstanding indemnity and/or warranty claims).    If Buyer and Seller fail to deliver a joint written instruction to the Escrow Agent in accordance with the foregoing sentence, then the Escrow Agent shall, upon delivery by Buyer or Seller to the Escrow Agent of a written court order from a court of competent jurisdiction directing payment to Seller, pay to Seller the amounts set forth in such court order, together with all interest or income on or with respect to the Holdback.

# ARTICLE IV
## ACCESS/DISCLAIMERS

### 4.1   *Access*.

(a)      From and after the date hereof and up to and including the Closing Date (or earlier termination of this Agreement) but subject to the other provisions of this *Section 4.1* and obtaining any required consents of Third Parties, including Third Party operators of the Assets, Seller shall afford to Buyer and its officers, employees, agents, accountants, attorneys, investment bankers and other authorized representatives ("***Buyer's Representatives***") reasonable access, during normal business hours, to the properties underlying the Assets and all Records in Seller's or any of its Affiliates' possession, except for any Records subject to confidentiality or similar restrictions or that would otherwise fall within the definition of Excluded Assets.   All investigations and due diligence conducted by Buyer or any Buyer's Representative shall be conducted at Buyer's sole cost, risk and expense and any conclusions made from any examination done by Buyer or any Buyer's Representative shall result from Buyer's own independent review and judgment.

(b)      Buyer shall be entitled to conduct a Phase I environmental property assessment with respect to the Assets.   Buyer shall have no right to conduct any sampling, boring, drilling or other invasive investigation activities with respect to any of the Assets.

(c)      Seller or its designee shall have the right to accompany Buyer and Buyer's Representatives whenever they are on site on the properties underlying the Assets. Notwithstanding anything herein to the contrary, Buyer shall not have access to, and shall not be permitted to conduct, any environmental or other due diligence or activity (including any Phase I environmental property assessments) with respect to the Assets where Seller does not have the authority to grant access for such due diligence or activity, but, if requested by Buyer, Seller shall use commercially reasonable efforts to request such access.

(d)      Buyer shall coordinate its environmental property assessments and physical inspections of the Assets with Seller and all Third Party operators to minimize any inconvenience to or interruption of the conduct of business by Seller or such Third Party operators.   Buyer shall abide by Seller's, and any Third Party operator's, safety rules, regulations and operating policies while conducting its due diligence evaluation of the Assets, including any environmental or other inspection or assessment of the Assets.   Buyer hereby releases, defends, indemnifies and holds harmless each of the operators of the Assets and each Seller Indemnified Parties from and against any and all Liabilities arising out of, resulting from or relating to any field visit, environmental property assessment, or other due diligence activity conducted by Buyer or any Buyer's Representative with respect to the Assets and the properties underlying the Assets, **EVEN IF SUCH LIABILITIES ARISE OUT OF OR RESULT FROM, SOLELY OR IN PART, THE SOLE, ACTIVE, PASSIVE, CONCURRENT OR COMPARATIVE NEGLIGENCE, STRICT LIABILITY OR OTHER FAULT OR VIOLATION OF LAW OF OR BY A MEMBER OF THE SELLER INDEMNIFIED PARTIES, EXCEPTING ONLY LIABILITIES ACTUALLY RESULTING ON THE ACCOUNT OF THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF A MEMBER OF THE SELLER INDEMNIFIED PARTIES.**

(e)      Buyer agrees to promptly provide Seller, but in no less than five days after receipt or creation, copies of all reports and test results prepared by Buyer and/or any of Buyer's Representatives which contain data collected or generated from Buyer's due diligence with respect to the Assets.  Seller shall not be deemed by their receipt of said documents or otherwise to have made any representation or warranty, expressed, implied or statutory, as to the condition of the Assets or to the accuracy of said documents or the information contained therein.

(f)      Upon completion of Buyer's due diligence, Buyer shall at its sole cost and expense and without any cost or expense to Seller or its Affiliates, (i) repair all damage done to the properties comprising the Assets in connection with Buyer's due diligence, (ii) restore the properties comprising the Assets to the approximate same or better condition than they were prior to commencement of Buyer's due diligence and (iii) remove all equipment, tools or other property brought onto the properties comprising the Assets in connection with Buyer's due diligence.  Any disturbance to the properties comprising the Assets (including the leasehold associated therewith) resulting from Buyer's due diligence will be corrected by Buyer as soon as practicable.

(g)      During all periods that Buyer and/or any of Buyer's Representatives are on the properties comprising the Assets, Buyer shall maintain, at its sole expense, policies of insurance of the types and in the amounts which Buyer currently has in place.   Coverage under all insurance required to be carried by Buyer hereunder will (i) be primary insurance, (ii) list Seller Indemnified Parties as additional insureds, (iii) waive subrogation against Seller Indemnified Parties and (iv) provide for five days prior notice to Seller in the event of cancellation or modification of the policy or reduction in coverage.  Upon request by Seller, Buyer shall provide evidence of such insurance to Seller prior to entering the properties comprising the Assets.

*4.2   Confidentiality.*   Buyer acknowledges that, pursuant to its right of access to the Records and the Assets, Buyer will become privy to confidential, proprietary and other information of Seller and that such information shall be held confidential by Buyer and Buyer's Representatives in accordance with the terms of the Confidentiality Agreement.  If the Closing should occur, the foregoing confidentiality restriction on Buyer, including the Confidentiality Agreement, shall terminate (except as to (a) such portion of the Assets that are not conveyed to Buyer pursuant to the provisions of this Agreement, (b) the Excluded Assets and (c) information related to assets other than the Assets).

*4.3   Disclaimers*.

(a)      **EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY SET FORTH IN *ARTICLE VII* OF THIS AGREEMENT AND IN THE ASSIGNMENT AND BILL OF SALE, (I) SELLER MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, AND (II) SELLER EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO BUYER OR ANY OF ITS AFFILIATES, EMPLOYEES, AGENTS, CONSULTANTS OR REPRESENTATIVES (INCLUDING, ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE**

BEEN PROVIDED TO BUYER BY ANY OFFICER, DIRECTOR, EMPLOYEE, AGENT, CONSULTANT, REPRESENTATIVE OR ADVISOR OF SELLER OR ANY OF ITS AFFILIATES).

(b)    EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY REPRESENTED OTHERWISE IN *ARTICLE VII* AND IN THE ASSIGNMENT AND BILL OF SALE AND WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, SELLER EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE ASSETS, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE ASSETS, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE PRODUCTION OF HYDROCARBONS FROM THE ASSETS, (VI) THE MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS OR THE PROPERTIES UNDERLYING THE ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY SELLER OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO BUYER OR ITS AFFILIATES OR ITS OR THEIR EMPLOYEES, AGENTS, CONSULTANTS, REPRESENTATIVES OR ADVISORS IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO AND (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT.  EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY REPRESENTED OTHERWISE IN *ARTICLE VII* OF THIS AGREEMENT, SELLER FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY OF THE ASSETS, RIGHTS OF A PURCHASER UNDER APPROPRIATE STATUTES TO CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE PURCHASE PRICE, IT BEING EXPRESSLY UNDERSTOOD AND AGREED BY THE PARTIES THAT BUYER SHALL BE DEEMED TO BE OBTAINING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS" AND "WHERE IS" WITH ALL FAULTS OR DEFECTS (KNOWN OR UNKNOWN, LATENT, DISCOVERABLE OR UNDISCOVERABLE), AND THAT BUYER HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS OF THE ASSETS AS BUYER DEEMS APPROPRIATE. FOR THE AVOIDANCE OF DOUBT, BUYER ACKNOWLEDGES AND AGREES THAT BUYER CANNOT RELY ON OR FORM ANY CONCLUSIONS FROM SELLERS' METHODOLOGIES FOR THE DETERMINATION AND REPORTING OF ANY ASSET TAXES THAT WERE UTILIZED FOR ANY TAX PERIOD (OR PORTION THEREOF) BEGINNING PRIOR TO THE CLOSING DATE FOR PURPOSES OF CALCULATING AND REPORTING ASSET TAXES

**ATTRIBUTABLE TO ANY TAX PERIOD (OR PORTION THEREOF) BEGINNING AFTER THE CLOSING DATE, IT BEING UNDERSTOOD THAT BUYER MUST MAKE ITS OWN DETERMINATION AS TO THE PROPER METHODOLOGIES THAT CAN OR SHOULD BE USED FOR ANY SUCH LATER TAX RETURN.**

(c)    **EXCEPT AS SET FORTH IN THE ASSIGNMENT AND BILL OF SALE, SELLER HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO (I) TITLE TO THE ASSETS OR (II) ENVIRONMENTAL LAWS, THE RELEASE OF MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY, NATURAL RESOURCES OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE ASSETS OR THE PROPERTIES UNDERLYING THE ASSETS, AND NOTHING IN THIS AGREEMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY, AND BUYER SHALL BE DEEMED TO BE OBTAINING THE ASSETS "AS IS" AND "WHERE IS" WITH ALL FAULTS FOR PURPOSES OF THEIR ENVIRONMENTAL CONDITION AND THAT BUYER HAS MADE OR CAUSED TO BE MADE OR WILL MAKE OR CAUSE TO BE MADE SUCH TITLE AND ENVIRONMENTAL INSPECTIONS OF THE ASSETS AS BUYER DEEMS APPROPRIATE.**

(d)    **SELLER AND BUYER AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS *SECTION 4.3* ARE "*CONSPICUOUS*" DISCLAIMERS FOR THE PURPOSE OF ANY APPLICABLE LAW.**

<div align="center">

**ARTICLE V**
**TITLE MATTERS; CASUALTY; TRANSFER RESTRICTIONS**

</div>

**5.1    *Seller's Title*.**

(a)    <u>General Disclaimer of Title Warranties and Representations</u>.  Except for the special warranty of title contained in the Assignment and Bill of Sale, and without limiting Buyer's remedies for Title Defects set forth in this *Article V*, Seller makes no warranty or representation, express, implied, statutory or otherwise, with respect to Seller's title to any of the Assets and Buyer acknowledges and agrees that Buyer's sole remedy for any defect of title, including any Title Defect, with respect to any of the Assets (i) before the Closing, shall be as set forth in *Section 5.2* and (ii) after the Closing, shall be pursuant to the special warranty of title contained in the Assignment and Bill of Sale.

(b)    <u>Special Warranty of Title</u>.  The Assignment and Bill of Sale delivered at the Closing will contain a special warranty of title by Seller by, through or under Seller, but not otherwise, subject, however, to the Permitted Encumbrances.  Said special warranty of title contained in the Assignment and Bill of Sale shall be subject to the further limitations and provisions of this *Article V*.

(c)   Recovery on Special Warranties.

(i)   Buyer's Assertion of Title Warranty Breaches.  Buyer shall furnish Seller a Title Defect Notice meeting the requirements of *Section 5.2(a)* setting forth any matters which Buyer intends to assert as a breach of the special warranty of title contained in the Assignment and Bill of Sale.  Seller shall have a reasonable opportunity, but not the obligation, to cure any breach asserted by Buyer pursuant to this *Section 5.1(c)(i)*.  Buyer agrees to reasonably cooperate with any attempt by Seller to cure any such breach.

(ii)   Limitations on Special Warranty.  For purposes of the special warranty of title contained in the Assignment and Bill of Sale, which such special warranty of title shall terminate at the end of the Holdback Period, the value of the Assets set forth in Exhibit *A-1* shall be deemed to be the Allocated Value thereof, as adjusted herein.  Recovery on the special warranty of title contained in the Assignment and Bill of Sale shall be limited to an amount (without any interest accruing thereon) equal to the reduction in the Purchase Price to which Buyer would have been entitled had Buyer asserted the defect of title giving rise to such breach of the special warranty of title contained in the Assignment and Bill of Sale, as applicable, as a Title Defect prior to the Closing pursuant to *Section 5.2*, taking into account the Title Deductible.

### 5.2   Notice of Title Defects; Defect Adjustments.

(a)   Title Defect Notices.  Buyer must deliver, on or before 5:00 p.m. Central Time on July 10, 2018 (the "***Defect Claim Date***"), claim notices to Seller meeting the requirements of this *Section 5.2(a)* (collectively the "***Title Defect Notices***" and individually a "***Title Defect Notice***") setting forth any matters which, in Buyer's reasonable opinion, constitute Title Defects and which Buyer intends to assert as a Title Defect pursuant to this *Section 5.2*. For all purposes of this Agreement and notwithstanding anything herein to the contrary (except for the special warranty of title contained in the Assignment and Bill of Sale as limited by *Section 5.1(c)*), Buyer shall be deemed to have waived, and Seller shall have no liability for, any Title Defect or other defect, failure, irregularity, Lien or Encumbrance affecting title to the Assets that Buyer fails to assert as a Title Defect by a Title Defect Notice received by Seller on or before the Defect Claim Date.  To be effective, each Title Defect Notice shall be in writing, and shall include (i) a description of the alleged Title Defect and the individual Well or Unit, as applicable, affected by such Title Defect (each such individual Well or Unit, a "***Title Defect Property***"), (ii) the Allocated Value of each Title Defect Property, (iii) supporting documents reasonably necessary for Seller to verify the existence of such Title Defect and (iv) the amount by which Buyer reasonably believes the Allocated Value of each Title Defect Property is reduced by such Title Defect and the computations upon which Buyer's belief is based.  To give Seller an opportunity to commence reviewing and curing Title Defects, Buyer agrees to use reasonable efforts to give Seller, on or before the end of each calendar week prior to the Defect Claim Date, written notice of all Title Defects discovered by Buyer during the preceding calendar week, which notice may be preliminary in nature and supplemented prior to the Defect Claim Date. Buyer shall also promptly furnish Seller with written notice of any Title Benefit which is discovered by any of Buyer's or any of its Affiliate's employees, title attorneys, landmen or other title examiners while conducting Buyer's due diligence with respect to the Assets prior to the Defect Claim Date.

(b)      Title Benefit Notices.  Seller shall have the right, but not the obligation, to deliver to Buyer on or before the Defect Claim Date with respect to each Title Benefit a notice (a "*Title Benefit Notice*") including (i) a description of the Title Benefit and the Assets affected by the Title Benefit and (ii) the amount by which Seller reasonably believes the Allocated Value of such Assets is increased by the Title Benefit and the computations upon which Seller's belief is based.

(c)      Seller's Right to Cure.  Seller shall have the right, but not the obligation, to attempt, at its sole cost, to cure at any time prior to the Closing (the "*Cure Period*") any Title Defects of which it has been advised by Buyer.  In addition, and notwithstanding anything herein the contrary, in the event a Title Defect Property is excluded from the transactions contemplated hereby pursuant to *Section 5.2(d)* below, then Seller shall have the continuing right, but not the obligation, to attempt, at its sole cost, to cure the Title Defect affecting such Title Defect Property at any time within 120 days after Closing, and in the event Seller cures such Title Defect affecting such Title Defect Property, then Buyer shall purchase such Title Defect Property for its Allocated Value as of the Effective Time, subject to the other provisions of this Agreement.

(d)      Remedies for Title Defects.  Subject to Seller's continuing right to dispute the existence of a Title Defect and/or the Title Defect Amount asserted with respect thereto and subject to the rights of the Parties pursuant to *Section 14.1(c)*, in the event that any Title Defect timely asserted by Buyer in accordance with *Section 5.2(a)* is not waived by Buyer or cured on or before the Closing, then, subject to the Individual Title Defect Threshold and the Title Deductible, Seller shall, at its sole option, elect to:

(i)      reduce the Purchase Price by the Title Defect Amount determined pursuant to *Section 5.2(g)* or *Section 5.2(j)*;

(ii)     retain the entirety of the Title Defect Property that is subject to such Title Defect, together with all associated Assets, in which event the Purchase Price shall be reduced by an amount equal to the Allocated Value of such Title Defect Property and such associated Assets; or

(iii)    if applicable, terminate this Agreement pursuant to *Section 14.1(c).*

(e)      Remedies for Title Benefits.  With respect to each Well or Unit affected by Title Benefits reported under *Section 5.2(b)*, the amount of any decrease to the Purchase Price pursuant to *Section 5.2(d)* shall be reduced by an amount (the "*Title Benefit Amount*") equal to the increase in the Allocated Value for such Asset caused by such Title Benefits, as determined pursuant to *Section 5.2(h)*; provided, however, there shall be no Title Benefit Amount for any Well or Unit for which the Allocated Value is zero.  The remedy in this *Section 5.2(e)* shall be Seller's sole remedy with respect to any Title Benefit.

(f)      Exclusive Remedy.  Except for Buyer's (i) rights under the special warranty of title contained in the Assignment and Bill of Sale and (ii) right to terminate this Agreement pursuant to *Section 14.1(c),* the provisions set forth in *Section 5.2(d)* shall be the

exclusive right and remedy of Buyer with respect to Seller's failure to have Defensible Title or any other title matter with respect to any Asset.

(g)     Title Defect Amount.  The amount by which the Allocated Value of the affected Title Defect Property is reduced as a result of the existence of a Title Defect shall be the "**Title Defect Amount**" and shall be determined in accordance with the following terms and conditions:

(i)     if Buyer and Seller agree on the Title Defect Amount, then that amount shall be the Title Defect Amount;

(ii)     if the Title Defect is a Lien or Encumbrance that is undisputed and liquidated in amount, then the Title Defect Amount shall be the amount necessary to be paid to remove the Title Defect from the Title Defect Property;

(iii)     if the Title Defect represents a discrepancy between (A) Seller's Net Revenue Interest for any Well or Unit and (B) Seller's Net Revenue Interest set forth in *Exhibit A-1*, then the Title Defect Amount shall be the product of the Allocated Value of such Title Defect Property multiplied by a fraction, the numerator of which is the Net Revenue Interest decrease and the denominator of which is the Net Revenue Interest set forth in *Exhibit A-1*;

(iv)     if the Title Defect represents an obligation, Lien or Encumbrance upon or other defect in title to the Title Defect Property of a type not described above, then the Title Defect Amount shall be determined by taking into account the Allocated Value of the Title Defect Property, the portion of the Title Defect Property affected by the Title Defect, the legal effect of the Title Defect, the potential economic effect of the Title Defect over the life of the Title Defect Property, the values placed upon the Title Defect by Buyer and Seller and such other reasonable factors as are necessary to make a proper evaluation;

(v)     the Title Defect Amount with respect to a Title Defect Property shall be determined without duplication of any costs or losses included in another Title Defect Amount hereunder;

(vi)     no individual Title Defect shall be asserted for more than one Title Defect Property; and

(vii)     notwithstanding anything to the contrary in this *Article V*, the aggregate Title Defect Amounts attributable to the effects of all Title Defects upon any Title Defect Property shall not exceed the Allocated Value of the Title Defect Property.

(h)     Title Benefit Amount.  The Title Benefit Amount resulting from a Title Benefit shall be determined in accordance with the following methodology, terms and conditions:

(i)     if Buyer and Seller agree on the Title Benefit Amount, then that amount shall be the Title Benefit Amount;

(ii)    if the Title Benefit represents a discrepancy between (A) Seller's Net Revenue Interest for any Well or Unit and (B) Seller's Net Revenue Interest set forth in *Exhibit A-1* for such Well or Unit, then the Title Benefit Amount shall be the product of the Allocated Value of the affected Well or Unit multiplied by a fraction, the numerator of which is the Net Revenue Interest increase and the denominator of which is the Net Revenue Interest set forth in *Exhibit A-1*; and

(iii)    if the Title Benefit is of a type not described above, then the Title Benefit Amounts shall be determined by taking into account the Allocated Value of the Asset affected by such Title Benefit, the portion of such Asset affected by such Title Benefit, the legal effect of the Title Benefit, the potential economic effect of the Title Benefit over the life of such Asset, the values placed upon the Title Benefit by Buyer and Seller and such other reasonable factors as are necessary to make a proper evaluation.

(i)    <u>Title Deductibles</u>.  Notwithstanding anything to the contrary, (i) in no event shall there be any adjustments to the Purchase Price or any other remedies provided by Seller for any individual uncured Title Defect for which the Title Defect Amount does not exceed the Individual Title Defect Threshold; and (ii) in no event shall there be any adjustments to the Purchase Price or other remedies provided by Seller for any uncured Title Defect for which the Title Defect Amount exceeds the Individual Title Defect Threshold unless (A) the sum of the Title Defect Amounts of all such Title Defects that exceed the Individual Title Defect Threshold, in the aggregate, excluding any Title Defects cured by Seller, *exceeds* (B) the Title Deductible, after which point Buyer shall be entitled to adjustments to the Purchase Price and/or other remedies only with respect to such Title Defect Amounts in excess of such Title Deductible.

(j)    <u>Title Dispute Resolution</u>.  Seller and Buyer shall attempt to agree on all Title Defects, Title Benefits, Title Defect Amounts and Title Benefit Amounts prior to the Closing.  If Seller and Buyer are unable to agree by the Closing, the Title Defect Amounts and Title Benefit Amounts in dispute shall be exclusively and finally resolved pursuant to this *Section 5.2(j)*.  There shall be a single arbitrator, who shall be a title attorney with at least fifteen years' experience in oil and gas title work involving properties in the regional area in which the Assets are located, as selected by mutual agreement of Buyer and Seller within 15 days after the end of the Cure Period (the "***Title Arbitrator***").  If the Parties are unable to mutually agree upon the Title Arbitrator within such time period, then each Party will nominate a candidate to be the Title Arbitrator, and such candidates so nominated by the Parties shall together determine the Title Arbitrator. The arbitration proceeding shall be held in Fort Worth, Texas. The Title Arbitrator's determination shall be made within 20 days after submission of the matters in dispute and shall be final and binding upon both Parties, without right of appeal. In making his determination, the Title Arbitrator shall be bound by the rules set forth in *Section 5.2(g)* and *Section 5.2(h)* and, subject to the foregoing, may consider such other matters as in the opinion of the Title Arbitrator are necessary to make a proper determination. The Title Arbitrator, however, may not award the Buyer a greater Title Defect Amount than the Title Defect Amount claimed by Buyer in its applicable Title Defect Notice.  The Title Arbitrator shall act as an expert for the limited purpose of determining the specific disputed Title Defect, Title Benefit, Title Defect Amounts and/or Title Benefit Amounts submitted by either Party and may not award damages, interest or penalties to either Party with respect to any matter. Seller and Buyer shall each bear

their own legal fees and other costs of presenting its case. Each of Seller and Buyer shall bear one-half of the costs and expenses of the Title Arbitrator. To the extent that the award of the Title Arbitrator with respect to any Title Defect Amount or Title Benefit Amount is not taken into account as an adjustment to the Purchase Price pursuant to *Section 3.4* or *Section 3.5*, then within ten days after the Title Arbitrator delivers written notice to Buyer and Seller of his award with respect to a Title Defect Amount or a Title Benefit Amount and subject to *Section 5.2(i)*, (i) Buyer shall pay to Seller the amount, if any, so awarded by the Title Arbitrator to Seller and (ii) Seller shall pay to Buyer the amount, if any, so awarded by the Title Arbitrator to Buyer. Nothing herein shall operate to cause the Closing to be delayed on account of any arbitration hereunder and to the extent any adjustments are not agreed upon by the Parties as of the Closing, the Purchase Price shall not be adjusted therefor as of the Closing and subsequent adjustments thereto, if any, will be made pursuant to *Section 3.6* or this *Section 5.2*.

### 5.3   *Casualty Loss*.

(a)     Notwithstanding anything herein to the contrary from and after the Effective Time, if the Closing occurs, Buyer shall assume all risk of loss with respect to production of Hydrocarbons through normal depletion (including watering out of any Well, collapsed casing or sand infiltration of any Well) and the depreciation of Personal Property due to ordinary wear and tear, in each case, with respect to the Assets.

(b)     If, after the Execution Date but prior to the Closing Date, any portion of the Assets is destroyed by fire or other casualty, Buyer shall nevertheless be required to close and Seller, at the Closing, shall pay to Buyer all sums paid to Seller by Third Parties by reason of such casualty insofar as with respect to the Assets and shall assign, transfer and set over to Buyer or subrogate Buyer to all of Seller's right, title and interest (if any) in insurance claims, unpaid awards and other rights against Third Parties (excluding any Liabilities, other than insurance claims, of or against any Seller Indemnified Parties) arising out of such casualty insofar as with respect to the Assets; provided, however, that Seller shall reserve and retain (and Buyer shall assign to Seller) all rights, title, interests and claims against Third Parties for the recovery of Seller's costs and expenses incurred in pursuing or asserting any such insurance claims or other rights against Third Parties.

### 5.4   *Preferential Purchase Rights and Consents to Assign*.

(a)     With respect to each preferential purchase right, right of first refusal or similar right (each, a "***Preferential Purchase Right***") pertaining to the sale of an Asset and the transactions contemplated hereby set forth in *Schedule 7.8*, Seller, prior to the Closing, shall send to the holder of each such Preferential Purchase Right a notice, in material compliance with the contractual provisions applicable to such right. In addition, prior to the Closing, Seller shall send to each holder of a right to consent to assignment pertaining to the Assets and the transactions contemplated hereby set forth in *Schedule 7.4* a notice seeking such holder's consent to the transactions contemplated hereby.

(b)     If, prior to the Closing, any holder of a Preferential Purchase Right notifies Seller that it intends to consummate the purchase of the Asset to which its Preferential Purchase Right applies or if the time for exercising such Preferential Purchase Right has not expired, then

that Asset shall be excluded from the Assets to be acquired by Buyer to the extent of the interest affected by the Preferential Purchase Right, and the Purchase Price shall be reduced by the Allocated Value of the relevant Asset.  Seller shall be entitled to all proceeds paid by a Person exercising a Preferential Purchase Right prior to the Closing.  If such holder of such Preferential Purchase Right thereafter fails to consummate the purchase of the Asset covered by such Preferential Purchase Right on or before 60 days following the Closing Date or the time for exercising such Preferential Purchase Right expires without exercise by the holders thereof, then Seller shall so notify Buyer, and Buyer shall purchase, on or before ten days following receipt of such notice, such Asset from Seller, under the terms of this Agreement for a price equal to the portion of the Purchase Price previously allocated to it.

(c)    All Assets for which any Preferential Purchase Right has been waived or as to which the period to exercise such right has expired prior to the Closing shall (in each case) be sold to Buyer at the Closing pursuant to the provisions of this Agreement.

(d)    If Seller fails to obtain a required consent set forth in *Schedule 7.4* prior to the Closing and the failure to obtain such consent would cause (i) the assignment (directly or indirectly, as applicable) of the Assets affected thereby to Buyer to be void or (ii) the termination of a Lease or Right-of-Way under the express terms thereof, then, in each case, that portion of such Asset shall be excluded from the Assets to be acquired by Buyer and the Purchase Price shall be reduced by the Allocated Value of that portion of such Assets.  In the event that a required consent (with respect to an Asset excluded pursuant to this *Section 5.4(d)*) that was not obtained prior to the Closing is obtained within 180 days following Closing, then, within ten days after such consent is obtained, Buyer shall purchase such portion of such Asset that was so excluded and pay to Seller the amount by which the Purchase Price was reduced with respect to such portion of such Asset, and Seller shall assign to Buyer such portion of such Asset pursuant to an assignment in form substantially similar to the Assignment and Bill of Sale.

(e)    If (i) Seller fails to obtain a required consent set forth in *Schedule 7.4*, prior to the Closing and the failure to obtain such consent would not cause (A) the assignment of the Asset affected thereby to Buyer to be void or (B) the termination of a Lease or Right-of-Way under the express terms thereof or (ii) a consent requested by Seller is not reasonably denied in writing, then the portion of the Asset subject to such failed consent shall be acquired by Buyer at the Closing as part of the Assets and Buyer shall have no claim against, and Seller shall have no Liability for, the failure to obtain such consent.

**ARTICLE VI**
**ENVIRONMENTAL MATTERS**

**6.1    *Notice of Environmental Defects*.**

(a)    <u>Environmental Defect Notices</u>.  If Buyer discovers any Environmental Condition which, in its reasonable opinion, it believes constitutes an Environmental Defect, Buyer shall promptly notify Seller within five Business Days of such discovery and, in any event, on or before 5:00 p.m. Central Time on the Defect Claim Date.  To be effective, notice of an Environmental Defect (an "***Environmental Defect Notice***") shall be in writing and shall include (i) a description of the Environmental Condition constituting the alleged Environmental

Defect(s), including the GPS coordinates of such Environmental Condition (when available), (ii) the Asset(s) (or portions thereof) affected by the asserted Environmental Defect (each, an "***Environmental Defect Property***"), (iii) documentation, including any physical measurements or, to the extent permitted by Seller under *Section 4.1*, lab analyses or photographs, sufficient for Seller to verify the existence of the asserted Environmental Defect(s), (iv) the Allocated Value of each Environmental Defect Property, and (v) the Remediation Amount (itemized in reasonable detail) that Buyer asserts is attributable to such Environmental Defect and the computations and information upon which Buyer's belief is based.  Buyer's calculation of the Remediation Amount included in the Environmental Defect Notice must describe in reasonable detail the Remediation proposed for the Environmental Condition that gives rise to the asserted Environmental Defect and identify all assumptions used by Buyer in calculating the Remediation Amount, including the standards that Buyer asserts must be met to comply with Environmental Laws.  For all purposes of this Agreement, Buyer shall be deemed to have waived, and Seller shall have no liability for, any Environmental Defect which Buyer fails to assert as an Environmental Defect by an Environmental Defect Notice received by Seller on or before the Defect Claim Date.  Seller shall have the right, but not the obligation, to cure any asserted Environmental Defect on or before the Closing.

(b)      Remedies for Environmental Defects.  Subject to Seller's continuing right to dispute the existence of an Environmental Defect and/or the Remediation Amount asserted with respect thereto, and subject to the rights of the Parties pursuant to *Section 14.1(c)*, in the event that any Environmental Defect timely asserted by Buyer in accordance with *Section 6.1(a)* is not waived in writing by Buyer or cured on or before the Closing, then, subject to the Individual Environmental Defect Threshold and the Environmental Deductible, Seller shall, at its sole option, elect to:

(i)      reduce the Purchase Price by the Remediation Amount;

(ii)      retain the entirety of the Environmental Defect Property that is subject to such Environmental Defect, together with all associated Assets, in which event the Purchase Price shall be reduced by an amount equal to the Allocated Value of such Environmental Defect Property and such associated Assets; or

(iii)      if applicable, terminate this Agreement pursuant to *Section 14.1(c)*.

If Seller elects the option set forth in clause (i) above, Buyer shall be deemed to have assumed responsibility for all of the costs and expenses attributable to the Remediation of the Environmental Condition attributable to such Environmental Defect and all of the Liabilities with respect thereto and such responsibility of Buyer shall be deemed to constitute part of the Assumed Obligations hereunder.  Notwithstanding anything to the contrary in this *Article VI*, the aggregate Remediation Amounts attributable to the effects of all Environmental Defects upon any Environmental Defect Property shall not exceed the Allocated Value of the Environmental Defect Property; provided, however, the Remediation Amount for any Environmental Defect Property whose Allocated Value is less than $100,000 shall be $100,000.

.

(c)    <u>Exclusive Remedy</u>.  Except for Buyer's rights to terminate this Agreement pursuant to *Section 14.1(c)*, the provisions set forth in *Section 6.1(b)* shall be the exclusive right and remedy of Buyer with respect to any Environmental Defect .

(d)    <u>No Representations or Warranties as to Environmental Matters</u>. Notwithstanding anything in this Agreement to the contrary, the warranties and representations of Seller in this Agreement (including without limitation all of Seller's representations and warranties in *Article VII*) do not extend to environmental matters, regulatory matters, regulatory permits, compliance with Environmental Laws, Environmental Conditions or environmental claims arising from or related to the ownership or operation of the Assets.

(e)    <u>Environmental Deductibles</u>.  Notwithstanding anything to the contrary, (i) in no event shall there be any adjustments to the Purchase Price or any other remedies provided by Seller for any individual uncured Environmental Defect for which the Remediation Amount does not exceed the Individual Environmental Defect Threshold; and (ii) in no event shall there be any adjustments to the Purchase Price or other remedies provided by Seller for any uncured Environmental Defect for which the Remediation Amount exceeds the Individual Environmental Defect Threshold unless (A) the sum of the Remediation Amounts of all such Environmental Defects that exceed the Individual Environmental Defect Threshold, in the aggregate, *exceeds* (B) the Environmental Deductible, after which point Buyer shall be entitled to adjustments to the Purchase Price and/or other remedies only with respect to such Remediation Amounts in excess of such Environmental Deductible.

(f)    <u>Environmental Dispute Resolution</u>.  Seller and Buyer shall attempt to agree on all Environmental Defects and Remediation Amounts prior to the Closing.  If Seller and Buyer are unable to agree by the Closing, the Environmental Defects and/or Remediation Amounts in dispute shall be exclusively and finally resolved by arbitration pursuant to this *Section 6.1(f)*.  There shall be a single arbitrator, who shall be an environmental attorney with at least fifteen years' experience in environmental matters, as selected by mutual agreement of Buyer and Seller within 15 days after the Closing Date (the "***Environmental Arbitrator***").  In the event the Parties are unable to mutually agree upon the Environmental Arbitrator within such time period, then each Party will nominate a candidate to be the Environmental Arbitrator, and such candidates so nominated by the Parties shall together determine the Environmental Arbitrator.  The arbitration proceeding shall be held in Fort Worth, Texas.  The Environmental Arbitrator's determination shall be made within 20 days after submission of the matters in dispute and shall be final and binding upon both Parties, without right of appeal.  In making his determination, the Environmental Arbitrator shall be bound by the rules set forth in this *Section 6.1* and, subject to the foregoing, may consider such other matters as in the opinion of the Environmental Arbitrator are necessary or helpful to make a proper determination.  The Environmental Arbitrator, however, may not award Buyer its share of any Remediation Amount greater than the Remediation Amount claimed by Buyer in its applicable Environmental Defect Notice.  The Environmental Arbitrator shall act as an expert for the limited purpose of determining the specific disputed Environmental Defects and/or Remediation Amounts submitted by either Party and may not award damages, interest or penalties to either Party with respect to any matter.  Seller and Buyer shall each bear their own legal fees and other costs of presenting its case.  Each of Seller and Buyer shall bear one-half of the costs and expenses of the Environmental Arbitrator.  To the extent that the award of the Environmental Arbitrator with

respect to any Remediation Amount is not taken into account as an adjustment to the Purchase Price pursuant to *Section 3.4* or *Section 3.5*, then within ten days after the Environmental Arbitrator delivers written notice to Buyer and Seller of his award with respect to a Remediation Amount, and subject to *Section 6.1(c)*, (i) Buyer shall pay to Seller the amount, if any, so awarded by the Environmental Arbitrator to Seller and (ii) Seller shall pay to Buyer the amount, if any, so awarded by the Environmental Arbitrator to Buyer. Nothing herein shall operate to cause the Closing to be delayed on account of any arbitration hereunder and to the extent any adjustments are not agreed upon by the Parties as of the Closing, then with respect to each Environmental Defect in dispute, at Closing, Buyer shall deposit the Remediation Amount asserted by Buyer into the Escrow Account. Within ten (10) days following the Environmental Arbitrator's delivery of written notice of his award with respect to the disputed Environmental Defects pursuant to this *Section 6.1(f)*, the Parties shall jointly instruct the Escrow Agent to disburse, from the Escrow Account, the amount deposited in the Escrow Account under this *Section 6.1(f)* to Seller or Buyer, as applicable, as would be necessary to give effect to the Environmental Arbitrator's award with respect to each disputed Environmental Defect, and the provisions of *Section 6.1(b)* and *Section 6.1(e)*.

**6.2   *NORM, Wastes and Other Substances.***   BUYER ACKNOWLEDGES THAT THE ASSETS HAVE BEEN USED FOR EXPLORATION, DEVELOPMENT, PRODUCTION, GATHERING AND TRANSPORTATION OF OIL AND GAS AND THERE MAY BE PETROLEUM, PRODUCED WATER, WASTES OR OTHER SUBSTANCES OR MATERIALS LOCATED IN, ON OR UNDER THE ASSETS OR ASSOCIATED WITH THE ASSETS.   EQUIPMENT AND SITES INCLUDED IN THE ASSETS MAY CONTAIN ASBESTOS, NORM OR OTHER HAZARDOUS SUBSTANCES.   NORM MAY AFFIX OR ATTACH ITSELF TO THE INSIDE OF WELLS, PIPELINES, MATERIALS AND EQUIPMENT AS SCALE, OR IN OTHER FORMS.   THE WELLS, MATERIALS AND EQUIPMENT LOCATED ON THE ASSETS OR INCLUDED IN THE ASSETS MAY CONTAIN NORM AND OTHER WASTES OR HAZARDOUS SUBSTANCES.   NORM CONTAINING MATERIAL AND/OR OTHER WASTES OR HAZARDOUS SUBSTANCES MAY HAVE COME IN CONTACT WITH VARIOUS ENVIRONMENTAL MEDIA, INCLUDING, WATER, SOILS OR SEDIMENT.   SPECIAL PROCEDURES MAY BE REQUIRED FOR THE ASSESSMENT, REMEDIATION, REMOVAL, TRANSPORTATION OR DISPOSAL OF ENVIRONMENTAL MEDIA, WASTES, ASBESTOS, NORM AND OTHER HAZARDOUS SUBSTANCES FROM THE ASSETS.   NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NO ENVIRONMENTAL CONDITION INVOLVING NORM SHALL CONSTITUTE THE BASIS OF ANY ENVIRONMENTAL DEFECT THAT MAY BE ASSERTED BY BUYER PURSUANT TO THIS AGREEMENT.

### ARTICLE VII
### REPRESENTATIONS AND WARRANTIES OF SELLER

Subject to the matters disclosed in the Schedules to this Agreement (as added, supplemented or amended pursuant to *Section 9.5*), Seller represents and warrants to Buyer the following:

**7.1   *Organization, Existence and Qualification.***   Seller is a duly formed limited liability company and validly existing under the Laws of the State of Delaware.   Seller has all

requisite power and authority to own and operate its property (including its interests in the Assets) and to carry on its business as now conducted. Seller is duly licensed or qualified to do business as a corporation in all jurisdictions in which it carries on business or owns assets and such qualification is required by Law, except where the failure to be so qualified would not have a Material Adverse Effect.  Seller is qualified to do business in the State of North Dakota.

  **7.2    *Authority, Approval and Enforceability.*** Seller has full power and authority to enter into and perform this Agreement and the Transaction Documents to which it is a party and the transactions contemplated herein and therein.  The execution, delivery and performance by Seller of this Agreement have been duly and validly authorized and approved by all necessary action on the part of Seller.  This Agreement is, and the Transaction Documents to which such Seller is a party when executed and delivered by such Seller will be, the valid and binding obligation of Seller and enforceable against Seller in accordance with their respective terms, subject to the effects of bankruptcy, insolvency, reorganization, moratorium and similar Laws, as well as to principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at Law).

  **7.3    *No Conflicts.*** Assuming the receipt of all consents and approvals from Third Parties in connection with the transactions contemplated hereby and the waiver of, or compliance with, all Preferential Purchase Rights applicable to the transactions contemplated hereby; the execution, delivery and performance by Seller and the consummation of the transactions contemplated herein will not (i) conflict with or result in a breach of any provisions of the organizational or other governing documents of Seller, (ii) except in connection with MUI Provisions, result in a default or the creation of any Lien or Encumbrance or give rise to any right of termination, cancellation or acceleration under any of the terms, conditions or provisions of any Lease, Applicable Contract, note, bond, mortgage, indenture, license or other material agreement to which Seller is a party or by which Seller or the Assets may be bound or (iii) violate any Law applicable to Seller or any of the Assets, except in the case of clauses (ii) and (iii) where such default, Encumbrance, termination, cancellation, acceleration or violation would not have a Material Adverse Effect.

  **7.4    *Consents.*** Except (a) as set forth in *Schedule 7.4*, (b) for Customary Post-Closing Consents, (c) under Contracts that are terminable upon 60 days or less notice without payment of any fee, (d) for Preferential Purchase Rights and (e) MUI Provisions, there are no restrictions on assignment, including requirements for consents from Third Parties to any assignment, (in each case) that Seller is required to obtain in connection with the transfer of the Assets by Seller to Buyer or the consummation of the transactions contemplated by this Agreement by Seller.

  **7.5    *Foreign Person.*** Seller is not a "foreign person" within the meaning of Section 1445 of the Code.

  **7.6    *Litigation.*** Except as set forth in *Schedule 7.6*, as of the Execution Date, there is no suit, action or litigation by any Person by or before any Governmental Authority, and no arbitration proceedings, (in each case) pending, or to Seller's Knowledge, threatened in writing, against Seller (with respect to the Assets) that would have a Material Adverse Effect.

*7.7    No Violation of Laws.*  To Seller's Knowledge, except as set forth in *Schedule 7.7* and except where such violations would not have a Material Adverse Effect, as of the Execution Date, Seller is not in violation of any applicable Laws with respect to the ownership or operation of the Assets.

*7.8    Preferential Rights.*  Except as set forth in *Schedule 7.8*, to Seller's Knowledge, there are no Preferential Purchase Rights that are applicable to the transfer of the Assets by Seller to Buyer.

*7.9    Royalties.*  Except for such items that are being held in suspense for which the Purchase Price is adjusted pursuant to *Section 3.3(b)(vi)* and except as set forth on *Schedule 7.9*, to Seller's Knowledge, Seller has paid, or caused to be paid, in all material respects, all royalties, overriding royalties and other burdens on production due by Seller with respect to the Assets, or if not paid, is contesting such royalties and other burdens in good faith in the normal course of business.

*7.10    Imbalances.*  To Seller's Knowledge, except as disclosed on *Schedule 7.10*, there are no Imbalances associated with the Assets as of the Effective Time.

*7.11    Property Taxes*.  Except as disclosed in *Schedule 7.11*:

(a)    all Property Taxes that have become due and payable by Seller have been properly paid;

(b)    all returns with respect to Property Taxes that are required to be filed by Seller have been filed;

(c)    there are no Encumbrances for Taxes (including any interest, fine, penalty or additions to Tax imposed by a Taxing Authority in connection with such Taxes) on the Assets that have become due and payable by Seller, other than Permitted Encumbrances;

(d)    Seller has not received written notice of any pending claim against it (which remains outstanding) from any applicable Taxing Authority for assessment of Property Taxes and, to Seller's Knowledge, no such claim has been threatened; and

(e)    no audit, administrative, judicial or other proceeding with respect to Property Taxes that have become due and payable by Seller have been commenced or is presently pending.

*7.12    Brokers' Fees.*  Seller has incurred no liability, contingent or otherwise, for brokers' or finders' fees relating to the transactions contemplated by this Agreement for which Buyer or any Affiliate of Buyer shall have any responsibility.

*7.13    Suspense Funds.*  *Schedule 7.13* lists all funds held in suspense by Seller as of the Effective Time hereof that are attributable to the Assets.

*7.14    Material Contracts.*  *Exhibit C* contains a complete and accurate description of all Material Contracts.  All Material Contracts are in full force and effect, and no material default

or breach (or event that, with notice or lapse of time, or both, would become a material default or breach) of any such Material Contract has occurred or is continuing on the part of Seller. To Seller's Knowledge, no default or breach (or event that, with notice or lapse of time, or both, would become a default or breach) of any such Material Contract has occurred or is continuing on the part of any other party thereto. No parties to the Material Contracts have threatened in writing to cancel, terminate, repudiate or materially alter such Material Contract or agreement or its relationship with Seller. Prior to the date of this Agreement, Seller has made available to Buyer (or its representatives) true and complete copies of each Material Contract and all amendments or modifications thereto.

7.15 **Compliance with Leases.** As of the Execution Date, except as set forth on *Schedule 7.15*, no written demands or notices of default or non-compliance or dispute (including those received electronically) have been received by Seller that remain uncured or outstanding.

7.16 **Plugging and Abandonment.** Except as set forth on *Schedule 7.16*, as of the Execution Date, Seller has not received any written notices, claims, or demands from any Governmental Authorities or other Third Parties to plug and abandon any wells located on the Leases. Except as specifically identified in *Exhibit A-1*, to Seller's Knowledge the Wells located on the Leases that are neither in use for purposes of production or injection, nor temporarily suspended, or temporarily abandoned in accordance with applicable Law, have been plugged and abandoned in accordance with applicable Law.

7.17 **Timely Payment.** To Seller's Knowledge, Seller has paid (or will pay in the ordinary course of business consistent with past practices) its share of all material costs and expenses payable by Seller relating to the ownership, use, or operation of the Assets (including all bills for labor, materials and supplies used or furnished for use in connection with the Assets).

7.18 **Outstanding Obligations.** Except as described in *Schedule 9.1* and other than routine expenses incurred in the normal operation of the Wells which will require expenditures by Seller (or by Buyer, after Closing) in an amount less than Fifty Thousand Dollars ($50,000.00) with respect to any Well, there are no outstanding authorizations for expenditures or other written commitments or proposals to conduct operations on the Assets.

7.19 **Non-Consent Operations.** As of the Execution Date, and except as set forth on *Schedule 7.19*, Seller has not elected not to participate in any operation or activity proposed with respect to the Assets which could result in any of Seller's interest in such Assets becoming subject to a penalty or forfeiture that is not represented on *Exhibit A-1* as a result of such election not to participate in such operation or activity.

7.20 **Hedges.** There are no futures, options, swaps, or other derivatives with respect to the sale of Hydrocarbons from the Assets that will be binding on the Assets after Closing.

7.21 **Wells and Personal Property.**

(a)     To Seller's Knowledge, all Wells that were drilled and completed by Seller have been drilled and completed at legal locations and within the limits permitted by the Leases, Applicable Contracts and pooling or unit agreements;

(b)     No Well is subject to penalties on allowables on or after the Effective Time because of any overproduction or any other violation of applicable Law; and

<div align="center">

**ARTICLE VIII**
**BUYER'S REPRESENTATIONS AND WARRANTIES**

</div>

Buyer represents and warrants to Seller the following:

**8.1     *Organization, Existence and Qualification.*** Buyer is a corporation duly formed and validly existing under the Laws of the jurisdiction of its formation and Buyer has all requisite power and authority to own and operate its property and to carry on its business as now conducted. Buyer is duly licensed or qualified to do business as a foreign corporation in all jurisdictions in which it carries on business and such qualification is required by Law except where the failure to be so qualified would not have a material adverse effect upon the ability of Buyer to consummate the transactions contemplated by this Agreement. Buyer is duly licensed or qualified to do business in North Dakota.

**8.2     *Authority, Approval and Enforceability.*** Buyer has full power and authority to enter into and perform this Agreement and the Transaction Documents to which it is a party and the transactions contemplated herein and therein. The execution, delivery and performance by Buyer of this Agreement have been duly and validly authorized and approved by all necessary action on the part of Buyer. This Agreement is, and the Transaction Documents to which Buyer is a party when executed and delivered by Buyer will be, the valid and binding obligation of Buyer and enforceable against Buyer in accordance with their respective terms, subject to the effects of bankruptcy, insolvency, reorganization, moratorium and similar Laws, as well as to principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at Law).

**8.3     *No Conflicts.*** Assuming receipt of all consents and approvals from Third Parties in connection with the transactions contemplated by this Agreement, the execution, delivery and performance by Buyer of this Agreement and the consummation of the transactions contemplated herein will not (a) conflict with or result in a breach of any provisions of the organizational or other governing documents of Buyer, (b) result in a default or the creation of any Lien or Encumbrance or give rise to any right of termination, cancellation or acceleration under any of the terms, conditions or provisions of any note, bond, mortgage, indenture, license or other agreement to which Buyer is a party or by which Buyer or any of its property may be bound or (c) violate any Law applicable to Buyer or any of its property, except in the case of clauses (b) and (c) where such default, Encumbrance, termination, cancellation, acceleration or violation would not have a material adverse effect upon the ability of Buyer to consummate the transactions contemplated by this Agreement or perform its obligations hereunder.

**8.4     *Consents.*** There are no consents or other restrictions on assignment, including requirements for consents from Third Parties to any assignment (in each case) that Buyer is

required to obtain in connection with the transfer of the Assets from Seller to Buyer or the consummation of the transactions contemplated by this Agreement by Buyer.

**8.5    Bankruptcy.**    There are no bankruptcy, reorganization or receivership proceedings pending, being contemplated by or, to Buyer's knowledge, threatened in writing against Buyer or any Affiliates of Buyer.

**8.6    Litigation.**    There is no suit, action or litigation by any Person by or before any Governmental Authority, and no arbitration proceedings, (in each case) pending, or to Buyer's knowledge, threatened in writing, against Buyer, that would have a material adverse effect upon the ability of Buyer to consummate the transactions contemplated by this Agreement or perform its obligations hereunder.

**8.7    Financing.**    Buyer shall have as of the Closing, sufficient cash in immediately available funds with which to pay the Purchase Price, consummate the transactions contemplated by this Agreement and perform its obligations under this Agreement and the Transaction Documents.

**8.8    Regulatory.**    Buyer is now, and hereafter shall continue to be, qualified to own state oil, gas and mineral leases in all jurisdictions where the Assets are located, and the consummation of the transactions contemplated by this Agreement will not cause Buyer to be disqualified as such an owner.  To the extent required by any applicable Laws, Buyer currently has, and will hereafter continue to maintain, lease bonds and any other surety or similar bonds as may be required by, and in accordance with, all applicable Laws governing the ownership of the Assets and Buyer has filed any and all required reports necessary for such ownership with all Governmental Authorities having jurisdiction over such ownership.

**8.9    Independent Evaluation.**    Buyer is sophisticated in the evaluation, purchase, ownership and operation of oil and gas properties and related facilities.  In making its decision to enter into this Agreement and to consummate the transactions contemplated hereby, Buyer (a) has relied or shall rely solely on its own independent investigation and evaluation of the Assets and the advice of its own legal, Tax, economic, environmental, engineering, geological and geophysical advisors and the express provisions of this Agreement and not on any comments, statements, projections or other materials made or given by any representatives or consultants or advisors of Seller and (b) has satisfied or shall satisfy itself through its own due diligence as to the environmental and physical condition of and contractual arrangements and other matters affecting the Assets.

**8.10    Brokers' Fees.**    Buyer has incurred no liability, contingent or otherwise, for brokers' or finders' fees relating to the transactions contemplated by this Agreement for which Seller or Seller's Affiliates shall have any responsibility.

**8.11    Accredited Investor.**    Buyer is an "accredited investor," as such term is defined in Regulation D of the Securities Act of 1933, as amended, and will acquire the Assets for its own account and not with a view to a sale or distribution thereof in violation of the Securities Act of 1933, as amended, and the rules and regulations thereunder, any applicable state blue sky Laws or any other applicable securities Laws.

# ARTICLE IX
# CERTAIN AGREEMENTS

### 9.1    *Conduct of Business.*

(a)    Except for (i) the operations covered by any existing authorities for expenditure identified on *Schedule 9.1*, (ii) other operations described on *Schedule 9.1* or (iii) as expressly contemplated by this Agreement or as expressly consented to in writing by Buyer, Seller shall, from and after the date hereof until the Closing:

(i)    not transfer, sell, mortgage, pledge or dispose of any material portion of the Assets other than the (A) sale and/or disposal of Hydrocarbons in the ordinary course of business and (B) sales of equipment that is no longer reasonably believed by Seller to be necessary in the operation of the Assets or for which comparable replacement equipment has been obtained;

(ii)    not propose, or approve of, any operation with respect to the Assets anticipated to cost the owner of the Assets $50,000.00 or more per operation (excepting emergency operations required under presently existing Contract obligations and operations necessary to avoid a material monetary penalty or forfeiture provision of any applicable Contract or Law, all of which shall be deemed to be approved, provided Seller shall promptly notify Buyer of any emergency operation or operation to avoid monetary penalty or forfeiture excepted herein of which Seller has Knowledge); and

(iii)    not commit to do any of the foregoing.

For the avoidance of doubt, the pendency of the Chapter 11 Case and the effects thereof shall in no way be deemed a breach of this *Section 9.1(a)*.

(b)    If Seller requests that Buyer consent or non-consent to any action to be taken or not taken by Seller in connection with the Assets as contemplated by Section 9.1(a) and Buyer fails to respond in the affirmative to Seller's request within ten (10) days after Buyer's receipt thereof, then Seller shall not take such action.

(c)    Buyer acknowledges Seller owns undivided interests in certain of the properties comprising the Assets, and Buyer agrees that the acts or omissions of the other Working Interest owners (including the operators) who are not Seller or any Affiliates of Seller shall not constitute a breach of the provisions of this *Section 9.1*, nor shall any action required by a vote of Working Interest owners constitute such a breach so long as Seller has voted its interest in a manner that complies with the provisions of this *Section 9.1*.

(d)    Without expanding any obligations which Seller may have to Buyer, it is expressly agreed that Seller shall never have any liability to Buyer with respect to the operation of the Assets between the Execution Date and Closing, including any breach or failure of *Section 9.1* greater than that which it might have as the operator to a non-operator under the applicable operating agreement (or, in the absence of such an agreement, under the AAPL 610 (1989 Revision) form Operating Agreement), IT BEING RECOGNIZED THAT, UNDER SUCH FORM, THE OPERATOR IS NOT RESPONSIBLE FOR ITS OWN NEGLIGENCE, AND

HAS NO RESPONSIBILITY OTHER THAN FOR GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.

(e)     In the event Seller receives any written notice prior to Closing of any litigation or proceeding filed (or other material claim asserted by a Third Party) against Seller, in each case, with respect to the Assets, Seller shall promptly notify Buyer of such litigation, proceeding and/or claim.

**9.2    Governmental Bonds.**  On or before the Closing Date, Buyer shall obtain all necessary bonds, letters of credit and guarantees to the extent necessary for Buyer's ownership of the Assets, all at Buyer's sole cost and expense.  Prior to the scheduled Closing Date, Buyer shall obtain replacements for those bonds, letters of credit and guarantees described on *Schedule 9.2*, to the extent such replacements are necessary for Buyer's ownership and/or operation of the Assets.  In addition, at or prior to the Closing, Buyer shall deliver to Seller evidence of the posting of bonds or other security with all applicable Governmental Authorities meeting the requirements of such authorities to own and, where appropriate, operate, the Assets.

**9.3    Record Retention.**  Buyer, for a period of seven years following the Closing, will (a) retain the Records, (b) provide Seller, its Affiliates and their respective officers, employees and representatives with access to the Records during normal business hours for review and copying at Seller's expense and (c) provide Seller, its Affiliates and their respective officers, employees and representatives with access, during normal business hours, to materials received or produced after the Closing relating to any indemnity claim made under *Section 13.2* for review and copying at Seller's expense.

**9.4    Notifications.**  Buyer will notify Seller as soon as practicable after a discovery by Buyer that any representation or warranty of Seller contained in this Agreement is, becomes or will be untrue in any material respect on or before the Closing Date.

**9.5    Amendment of Schedules.**  Buyer agrees that, with respect to the representations and warranties of Seller contained in this Agreement, Seller shall have the continuing right until the Closing to add, supplement or amend the Schedules to its representations and warranties with respect to any matter hereafter arising or discovered which, if existing or known at the Execution Date or thereafter, would have been required to be set forth or described in such Schedules.  For purposes of determining whether the conditions set forth in *Article X* have been fulfilled, the Schedules to Seller's representations and warranties contained in this Agreement shall be deemed to include only that information contained therein on the Execution Date and shall be deemed to exclude all information contained in any addition, supplement or amendment thereto; provided, however, that if the Closing shall occur, then all Claims with respect to all matters disclosed pursuant to any such addition, supplement or amendment at or prior to the Closing shall be waived and Buyer shall not be entitled to make a claim with respect thereto pursuant to the terms of this Agreement or otherwise.

**9.6    Bankruptcy Court Approval**.

(a)     Seller and Buyer acknowledge that this Agreement and the sale of the Assets and the assumption and assignment of the Applicable Executory Contracts are subject to

Bankruptcy Court approval. Seller and Buyer acknowledge that (i) to obtain such approval, Seller must demonstrate that it has taken reasonable steps to obtain the highest and otherwise best offer possible for the Assets, and that such demonstration shall include giving notice of the transactions contemplated by this Agreement to creditors and other interested parties as ordered by the Bankruptcy Court, and, if necessary, conducting the Auction, and (ii) Buyer must provide adequate assurance of future performance as required under the Bankruptcy Code with respect to each Applicable Executory Contract.

(b)    The Sale Motion shall seek to assume and assign the Applicable Executory Contracts to Buyer as of the Effective Time pursuant to section 365 of the Bankruptcy Code. Seller shall cure any default as required by section 365 of the Bankruptcy Code, including the payment of any Cure Costs. As to each of the Applicable Executory Contracts, the Sale Order shall either (i) fix the amount of the Cure Costs applicable to each such Applicable Executory Contract as of the Effective Time, which sums shall be paid by Seller at or before Closing, or (ii) otherwise provide for the determination and cure by Seller of any default pursuant to section 365 of the Bankruptcy Code in a manner reasonably acceptable to Buyer.

(c)    The Sale Motion shall seek, and Seller shall use reasonable best efforts to obtain as part of the Sale Order, a determination by the Bankruptcy Court that Buyer constitutes a good faith purchaser pursuant to section 365(m) of the Bankruptcy Code and that the sale of the Assets to Buyer pursuant to this Agreement shall be immediately effective, notwithstanding the provisions of Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure. Buyer shall promptly take such actions, at Buyer's own cost, as may be reasonably requested by Seller to assist in obtaining entry of the Bidding Procedures Order and Sale Order, including furnishing affidavits or such other documents or information which may be reasonably requested by Seller and making Buyer's employees and representatives available to testify before the Bankruptcy Court, for purposes of providing the necessary assurances of future performance by Buyer as to the Applicable Executory Contracts and demonstrating that Buyer is a good faith purchaser of the Assets.

(d)    The Sale Order shall also contain a provision authorizing the payment to Buyer of the Break-up Fee and Expense Reimbursement from the proceeds arising from the consummation of any Alternative Transaction or Superior Proposal free and clear of all Liens and before or concurrently with the payment of any administrative expenses from such sale proceeds.

(e)    In the event an appeal is taken or a stay pending appeal is requested, from either the Bidding Procedures Order or the Sale Order, Seller shall promptly notify Buyer in writing of such appeal or stay request and shall provide to Buyer promptly a copy of the related notice of appeal or order of stay. Seller shall also provide Buyer with written notice of any motion or application filed in connection with any appeal from either of such orders. Seller shall use commercially reasonable efforts to promptly defend any motion for reconsideration, or to alter, amend, stay or otherwise challenge the Sale Order or any appeal of the Sale Order, and shall prosecute such defense until the Sale Order is final and not subject to appeal, and Buyer agrees to cooperate in such efforts; provided that the absence of an appeal of the Sale Order shall not be a condition to any Party's obligation to consummate the transactions contemplated hereby at Closing.

(f)     From and after the Execution Date and prior to the Closing or the valid termination of this Agreement, subject to Section 9.8 hereof, Seller shall not take any action which is intended to (or is reasonably likely to), or fail to take any action the intent (or the reasonably likely result) of which failure to act is to, result in the reversal, voiding, modification or staying of the Bidding Procedures Order, Sale Order, or this Agreement.  If Buyer is the Successful Bidder at the Auction, Seller shall not take any action which is intended to (or is reasonably likely to), or fail to take any action the intent (or the reasonably likely result) of which failure to act is to, result in the reversal, voiding, modification or staying of the Sale Order or this Agreement.

(g)     The Sale Order shall provide that, in the event that Buyer is entitled to receive the Break-up Fee and any Expense Reimbursement, that such shall constitute an allowed administrative claim in the Chapter 11 Case which shall be entitled to payment from the proceeds arising from the consummation of any Alternative Transaction or Superior Proposal. The Break-up Fee and any Expense Reimbursements shall be paid to Buyer from such sale proceeds free and clear of any Liens.  If Buyer and Seller are unable to agree as to the appropriateness or validity of any requested Expense Reimbursement, then the sales proceeds equal to the amount of the disputed Expense Reimbursement shall be segregated by Seller pending either agreement of the Parties or a determination by the Bankruptcy Court as to the appropriateness or validity of any such requested Expense Reimbursement.  The Sale Order shall further provide that the Assets shall be conveyed and transferred by Seller to Buyer as of the Effective Time free and clear of:  (i) all Liens, except for the Permitted Encumbrances, and (ii) all Liabilities (including the Retained Liabilities), except for the Assumed Obligations.

**9.7    *Bankruptcy Filings.***  From and after the Execution Date and until the Closing Date, Seller shall use commercially reasonable efforts to deliver to Buyer copies of all pleadings, motions, notices, statements, schedules, applications, reports and other papers that relate, in whole or in part, to this Agreement and the transactions contemplated hereby, or to Buyer or its respective agents or representatives, that are to be filed by Seller in the Chapter 11 Case in advance of its filing, in each case, if reasonably practicable under the circumstances before the filing of such papers. Notwithstanding the foregoing, Seller's failure to comply with this *Section 9.7* shall not constitute a breach under this Agreement, provided that upon discovery of such failure (or the termination of any emergency circumstance that prompted such failure), Seller shall use commercially reasonable efforts to remedy the failure to comply with this *Section 9.7*.

**9.8    *Bidding Procedures.***  Buyer agrees and acknowledges that Seller, including through its representatives, is and may continue soliciting inquiries, proposals, or offers from third parties for the Assets, as contemplated by the Bidding Procedures and, from and after its entry, in accordance with the Bidding Procedures Order.  Notwithstanding any provision in the Bidding Procedures that might be deemed to be to the contrary, Seller shall not reject any bid from Buyer that is made and otherwise required to be accepted in accordance with the Bidding Procedures, and if Buyer is not the winning bidder at the Auction, Buyer may elect not to be the Backup Bidder.

# ARTICLE X
## BUYER'S CONDITIONS TO CLOSING

The obligations of Buyer to consummate the transactions provided for herein are subject, at the option of Buyer, to the fulfillment by Seller, on or prior to the Closing, of each of the following conditions:

**10.1 Representations.**   The representations and warranties of Seller set forth in *Article VII* shall be true and correct in all respects on and as of the Closing Date, with the same force and effect as though such representations and warranties had been made or given on and as of the Closing Date (other than representations and warranties that refer to a specified date, which need only be true and correct on and as of such specified date), except for those breaches, if any, of such representations and warranties that in the aggregate would not have a Material Adverse Effect.

**10.2 Performance.**   Seller shall have materially performed or complied with all obligations, agreements and covenants contained in this Agreement as to which performance or compliance by Seller is required prior to or at the Closing Date.

**10.3 No Legal Proceedings.**   No suit, action or other proceeding by any Third Party shall be pending before any Governmental Authority (a) seeking to restrain, prohibit, enjoin or declare illegal or (b) seeking substantial damages in connection with, the transactions contemplated by this Agreement.

**10.4 Title Defects and Environmental Defects.**   The sum of (a) all Title Defect Amounts for uncured Title Defects determined under *Section 5.2(d)(i)* prior to the Closing, less the sum of all Title Benefit Amounts determined under *Section 5.2(b)* prior to the Closing, plus (b) all Remediation Amounts for uncured Environmental Defects determined under *Article VI* prior to the Closing, shall be less than 17.5% of the Purchase Price.

**10.5 Closing Deliverables.**   (a) Seller shall have delivered to Buyer an officer's certificate in the form of *Exhibit F-1*, dated as of the Closing Date, certifying that the conditions set forth in *Section 10.1* and *Section 10.2* have been fulfilled, and (b) Seller shall be ready, willing and able to deliver to Buyer at the Closing the other documents and items required to be delivered by Seller under *Section 12.3*.

**10.6 Sale Order**.   The Sale Order shall have been entered by the Bankruptcy Court and shall be in full force and effect, shall not be stayed, and shall not have been reversed or vacated.

**10.7 Waiver of Conditions**.   Buyer may by written notice to Seller waive any of the provisions of this *Article X*, including without limitation, the provisions of *Section 10.6* that the Sale Order shall be in full force and effect, shall not be stayed, and shall not have been reversed or vacated.   No waiver of any of the conditions in this *Article X* shall be effective except in a writing served on Seller in accordance with the terms of this Agreement.

## ARTICLE XI
## SELLER'S CONDITIONS TO CLOSING

The obligations of Seller to consummate the transactions provided for herein are subject, at the option of Seller, to the fulfillment by Buyer, or prior to the Closing of each of the following conditions:

**11.1 Representations.**    The representations and warranties of Buyer set forth in *Article VIII* shall be true and correct in all material respects on and as of the Closing Date, with the same force and effect as though such representations and warranties had been made or given on and as of the Closing Date (other than representations and warranties that refer to a specified date, which need only be true and correct on and as of such specified date), except for those breaches, if any, of such representations and warranties that in the aggregate would not have a Material Adverse Effect.

**11.2 Performance.**    Buyer shall have materially performed or complied with all obligations, agreements and covenants contained in this Agreement as to which performance or compliance by Buyer is required prior to or at the Closing Date.

**11.3 No Legal Proceedings.**    No suit, action or other proceeding by any Third Party shall be pending before any Governmental Authority (a) seeking to restrain, prohibit or declare illegal, or (b) seeking substantial damages in connection with, the transactions contemplated by this Agreement.

**11.4 Title Defects and Environmental Defects.**    The sum of (a) all Title Defect Amounts for uncured Title Defects determined under *Section 5.2(d)(i)* prior to the Closing, less the sum of all Title Benefit Amounts determined under *Section 5.2(b)* prior to the Closing, plus (b) all Remediation Amounts for uncured Environmental Defects determined under *Article VI* prior to the Closing, shall be less than 17.5% of the Purchase Price.

**11.5 Replacement Bonds.**    Buyer shall have obtained, in the name of Buyer, replacements for Seller's and/or its Affiliates' bonds, letters of credit and guarantees, and such other bonds, letters of credit and guarantees to the extent required by *Section 9.2*.

**11.6 Closing Deliverables.**    (a) Buyer shall have delivered to Seller an officer's certificate in the form of *Exhibit F-2*, dated as of the Closing Date, certifying that the conditions set forth in *Section 11.1* and *Section 11.2* have been fulfilled, and (b) Buyer shall be ready, willing and able to deliver to Seller at the Closing the other documents and items required to be delivered by Buyer under *Section 12.3*.

**11.7 Sale Order**.    The Sale Order shall have been entered by the Bankruptcy Court and shall not be subject to any stay.

**11.8 Waiver of Conditions**.    Seller may by written notice to Buyer waive any of the provisions of this Article XI.  No waiver of any of the conditions in this Article XI shall be effective except in a writing served on Buyer in accordance with the terms of this Agreement.

## ARTICLE XII
## CLOSING

**12.1  *Date of Closing.***  Subject to the conditions stated in this Agreement, the sale by Seller and the purchase by Buyer of the Assets pursuant to this Agreement (the "***Closing***") shall occur on the day that is one Business Day after the Sale Order has been entered by the Bankruptcy Court and is not subject to any stay, or, if all of the conditions to Closing in *Article X* have not been satisfied or waived by such date, then three Business Days after such conditions have been satisfied or waived or such other date as Buyer and Seller may agree upon in writing. The date on which the Closing actually occurs shall be the "***Closing Date***."

**12.2  *Place of Closing.***  The Closing shall be held at the offices of Seller located at 777 Main Street, Suite 800, Fort Worth, Texas 76102, or at such other place or in such other manner agreed to by the Parties.

**12.3  *Closing Obligations.***  At the Closing, the following documents shall be delivered and the following events shall occur, the execution of each document and the occurrence of each event being a condition precedent to the others and each being deemed to have occurred simultaneously with the others:

(a)  Seller and Buyer shall execute, acknowledge and deliver the Assignment and Bill of Sale, in sufficient counterparts to facilitate recording in the applicable counties where the Assets are located.

(b)  Seller and Buyer shall execute and deliver assignments, on appropriate forms, of state and other Leases of Governmental Authorities included in the Assets in sufficient counterparts to facilitate filing with the applicable Governmental Authority.

(c)  Seller and Buyer shall execute and deliver an acknowledgement of the Preliminary Settlement Statement.

(d)  Buyer shall deliver to Seller, to the account designated in the Preliminary Settlement Statement, by direct bank or wire transfer in same day funds, the Adjusted Purchase Price (after giving effect to the Deposit), less any amounts to be deposited into the Escrow Account pursuant to *Section 6.1(f)* (if any).

(e)  Buyer shall deliver to the Escrow Account, by direct bank or wire transfer in same day funds, any amounts to be deposited into the Escrow Account pursuant to *Section 6.1(f)* (if any).

(f)  Seller shall deliver, as applicable, letters in lieu of transfer orders in a form reasonably agreed to by the Parties directing all purchasers of production to make payment to Buyer of proceeds attributable to production from the Assets from and after the Effective Time, for delivery by Buyer to the purchasers of production.

(g)  Seller shall deliver an executed statement described in Treasury Regulation §1.1445-2(b)(2) substantially in the form of *Exhibit E*.

(h)     Seller shall deliver a recordable release in sufficient counterparts to facilitate recording of any trust, mortgages, financing statements, fixture filings and security agreements, in each case, securing Debt Contracts affecting the Assets.

(i)     Seller and Buyer shall execute and deliver any other agreements, instruments and documents which are required by other terms of this Agreement to be executed and/or delivered at the Closing.

**12.4 *Records.*** In addition to the obligations set forth under *Section 12.3* above, but notwithstanding anything herein to the contrary, at any time after 30 Business Days following the Closing, Seller shall make available to Buyer the Records for pickup from Seller's offices during normal business hours.

## ARTICLE XIII
## ASSUMPTION; INDEMNIFICATION; SURVIVAL

**13.1 *Assumption by Buyer.*** Without limiting Buyer's rights to indemnity under this *Article XIII*, from and after the Closing, Buyer assumes and hereby agrees to fulfill, perform, pay and discharge (or cause to be fulfilled, performed, paid and discharged) all obligations and Liabilities, known or unknown, with respect to the Assets (including the use, ownership or operation of the Assets) arising before, on or after the Effective Time, including obligations to (a) furnish makeup gas and/or settle Imbalances according to the terms of applicable gas sales, processing, gathering or transportation Contracts, (b) pay Working Interests, royalties, overriding royalties and other interests, owners' revenues or proceeds attributable to sales of Hydrocarbons, including those held in suspense (including those amounts for which the Purchase Price was adjusted pursuant to *Section 3.3(b)(vii)*), (c) properly plug and abandon any and all wells and pipelines, including any inactive wells or temporarily abandoned wells, located on the Assets, (d) replug any well, wellbore or previously plugged Well on the Assets to the extent required or necessary, (e) dismantle, decommission, abandon, dispose and remove any Personal Property and other property of whatever kind related to or associated with the ownership, use, operations and activities conducted by whomever on the Assets, (f) properly cap and bury all flow lines and pipelines associated with any well located on the Assets, (g) restore, clean up and/or remediate both the surface and the subsurface of any portion of the Assets in accordance with applicable Contracts and Laws (including Environmental Laws), (h) clean-up or dispose of any portion of the Assets contaminated by NORM, (i) obtain and maintain all bonds, or supplemental or additional bonds, that may be required by Applicable Contracts or by Governmental Authorities, (j) perform all obligations applicable to or imposed on the lessee, owner or operator under the Leases and the Applicable Contracts, or as required by Laws, and (k) those items that become Assumed Obligations pursuant to *Section 2.3* (all of said obligations and Liabilities, subject to the exclusions below, herein being referred to as the "***Assumed Obligations***"); provided, Buyer does not assume (i) any Retained Liabilities, (ii) any Excluded Obligations or (iii) any Liabilities related to claims of Third Parties against Seller or its Affiliates with respect to the Assets for periods prior to the Effective Time that are subject to compromise in the Chapter 11 Case.

**13.2 *Indemnities of Seller.*** Effective as of the Closing, subject to the limitations set forth in *Section 13.4* and *Section 13.8* or otherwise in this Agreement, Seller hereby defends, indemnifies and holds harmless Buyer and its Affiliates, and all of its and their respective equity

holders, partners, members, directors, officers, managers, employees, agents and representatives (collectively, "**Buyer Indemnified Parties**") from and against any and all Liabilities, arising from, based upon, related to or associated with:

(a)    any breach by Seller of any of its representations and warranties contained in Article VII;

(b)    any breach by Seller of any of its covenants or agreements under this Agreement;

(c)    any of the Excluded Obligations; and

(d)    any of the Retained Liabilities.

**13.3  Indemnities of Buyer.**  Effective as of the Closing, Buyer and its successors and assigns shall assume, be responsible for and hereby defends, indemnifies, holds harmless and forever releases Seller and its Affiliates, and all of its and their respective equityholders, partners, members, directors, officers, managers, employees, agents and representatives (collectively, "**Seller Indemnified Parties**") from and against any and all Liabilities arising from, based upon, related to or associated with:

(a)    any breach by Buyer of any of its representations or warranties contained in *Article VIII*;

(b)    any breach by Buyer of any of its covenants or agreements under this Agreement; and

(c)    the Assumed Obligations.

**13.4  Limitation on Liability**.

(a)    Seller shall not have any liability for any indemnification under *Section 13.2* of this Agreement (i) for any individual Liability unless the amount with respect to such Liability exceeds the De Minimis Amount, and (ii) until and unless the aggregate amount of all Liabilities in excess of the De Minimis Amount for which Claim Notices are delivered by Buyer exceeds the Indemnity Deductible and then only to the extent such Liabilities exceed the Indemnity Deductible; provided that the adjustments to the Purchase Price under *Section 3.5* and any payments in respect thereof shall not be limited by this *Section 13.4(a)*.

(b)    Notwithstanding anything to the contrary contained in this Agreement, Seller shall not be required to indemnify Buyer for aggregate Liabilities in excess of amounts held pursuant to the Escrow Agreement.  When all amounts have been disbursed from the Escrow Agreement, Seller shall have no further liability with respect to this Agreement.

(c)    Notwithstanding anything to the contrary contained in this Agreement, Seller shall not be required to indemnify Buyer under *Section 13.2(a)* for any Property Tax (or portion thereof) allocable to Buyer under *Section 15.2* as a result of a breach of any representation or warranty set forth in *Section 7.11*, except to the extent the amount of such

Property Tax (or portion thereof) exceeds the amount that would have been due absent such breach.

**13.5 *Express Negligence.*** THE DEFENSE, INDEMNIFICATION, HOLD HARMLESS, RELEASE AND ASSUMED OBLIGATIONS PROVISIONS PROVIDED FOR IN THIS AGREEMENT SHALL BE APPLICABLE WHETHER OR NOT THE LIABILITIES, LOSSES, COSTS, EXPENSES AND DAMAGES IN QUESTION AROSE OR RESULTED SOLELY OR IN PART FROM THE GROSS, SOLE, ACTIVE, PASSIVE, CONCURRENT OR COMPARATIVE NEGLIGENCE, STRICT LIABILITY OR OTHER FAULT OR VIOLATION OF LAW OF OR BY ANY INDEMNIFIED PARTY. BUYER AND SELLER ACKNOWLEDGE THAT THIS STATEMENT COMPLIES WITH THE EXPRESS NEGLIGENCE RULE AND IS CONSPICUOUS.

**13.6 *Exclusive Remedy.*** Except for any claims by Buyer against Seller (and/or the Seller Indemnified Parties) arising out of any fraud or willful misconduct, and subject to *Sections 3.5, 3.6, 3.9, 5.1(c)(ii), 5.2(j), 5.4(d)*, and *6.1(f)*, from and after the Closing, *Section 13.2* contains Buyer's exclusive remedy against Seller (and/or the Seller Indemnified Parties) with respect to the transactions contemplated hereby and the sale of the Assets, including breaches of the representations, warranties, covenants and agreements of Seller contained in this Agreement or in any document delivered pursuant to this Agreement. Except for the remedies specified in *Section 13.2* and any claims of Buyer against Seller and its Affiliates arising out of any fraud or willful misconduct, effective as of the Closing, Buyer, on its own behalf and on behalf of its Affiliates and the other Buyer Indemnified Parties, hereby releases, remises and forever discharges Seller and its Affiliates and all such Parties' equityholders, partners, members, directors, officers, employees, agents and representatives from any and all suits, legal or administrative proceedings, claims, demands, damages, losses, costs, Liabilities, interest or causes of action whatsoever, in Law or in equity, known or unknown, which Buyer or its Affiliates might now or subsequently may have, based on, relating to or arising out of the ownership, use or operation of any of the Assets prior to the Closing or the condition, quality, status, title or nature of any of the Assets prior to the Closing, including rights to contribution under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, breaches of statutory or implied warranties, nuisance or other tort actions, rights to punitive damages, common Law rights of contribution and rights under insurance maintained by Seller or any of its Affiliates.

**13.7 *Indemnification Procedures*.** All claims for indemnification under Section 4.1(d), Section 13.2 and Section 13.3 shall be asserted and resolved as follows:

(a) For purposes of *Section 4.1(d)* and this *Article XIII*, the term "***Indemnifying Party***" when used in connection with particular Liabilities shall mean the Party or Parties having an obligation to indemnify another Party or Parties with respect to such Liabilities pursuant to *Section 4.1(d)* or this *Article XIII*, and the term "***Indemnified Party***" when used in connection with particular Liabilities shall mean the Party or Parties having the right to be indemnified with respect to such Liabilities by another Party or Parties pursuant to *Section 4.1(d)* or this *Article XIII*.

(b)     To make claim for indemnification under *Section 4.1(d), Section 13.2* or *Section 13.3*, an Indemnified Party shall notify the Indemnifying Party of its claim under this *Section 13.7*, including the specific details of and specific basis under this Agreement for its claim (the "***Claim Notice***").  In the event that the claim for indemnification is based upon a claim by a Third Party against the Indemnified Party (a "***Claim***"), the Indemnified Party shall provide its Claim Notice promptly after the Indemnified Party has actual knowledge of the Claim and shall enclose a copy of all papers (if any) served with respect to the Claim; provided that the failure of any Indemnified Party to give notice of a Claim as provided in this *Section 13.7* shall not relieve the Indemnifying Party of its obligations under *Section 4.1(d), Section 13.2* or *Section 13.3* (as applicable) except to the extent such failure results in insufficient time being available to permit the Indemnifying Party to effectively defend against the Claim or otherwise materially prejudices the Indemnifying Party's ability to defend against the Claim.  In the event that the claim for indemnification is based upon an inaccuracy or breach of a representation, warranty, covenant or agreement, the Claim Notice shall specify the representation, warranty, covenant or agreement that was inaccurate or breached.

(c)     In the case of a claim for indemnification based upon a Claim, the Indemnifying Party shall have 30 days from its receipt of the Claim Notice to notify the Indemnified Party whether it admits or denies its liability to defend the Indemnified Party against such Claim at the sole cost and expense of the Indemnifying Party.  The Indemnified Party is authorized, prior to and during such 30 day period, to file any motion, answer or other pleading that it shall deem necessary or appropriate to protect its interests or those of the Indemnifying Party and that is not prejudicial to the Indemnifying Party.

(d)     If the Indemnifying Party admits its liability, it shall have the right and obligation to diligently defend, at its sole cost and expense, the Claim.  The Indemnifying Party shall have full control of such defense and proceedings, including any compromise or settlement thereof.  If requested by the Indemnifying Party, the Indemnified Party agrees to cooperate in contesting any Claim which the Indemnifying Party elects to contest.  The Indemnified Party may participate in, but not control, any defense or settlement of any Claim controlled by the Indemnifying Party pursuant to this *Section 13.7(d)*.  An Indemnifying Party shall not, without the written consent of the Indemnified Party, (i) settle any Claim or consent to the entry of any judgment with respect thereto which does not include an unconditional written release of the Indemnified Party from all liability in respect of such Claim or (ii) settle any Claim or consent to the entry of any judgment with respect thereto in any manner that may materially and adversely affect the Indemnified Party (other than as a result of money damages covered by the indemnity).

(e)     If the Indemnifying Party does not admit its liability or admits its liability but fails to diligently prosecute or settle the Claim, then the Indemnified Party shall have the right to defend against the Claim at the sole cost and expense of the Indemnifying Party, with counsel of the Indemnified Party's choosing, subject to the right of the Indemnifying Party to admit its liability and assume the defense of the Claim at any time prior to settlement or final determination thereof.  If the Indemnifying Party has not yet admitted its liability for a Claim, the Indemnified Party shall send written notice to the Indemnifying Party of any proposed settlement and the Indemnifying Party shall have the option for ten days following receipt of such notice to (i) admit in writing its liability for the Claim and (ii) if liability is so admitted, reject, in its reasonable judgment, the proposed settlement.

(f)    In the case of a claim for indemnification not based upon a Claim, the Indemnifying Party shall have 30 days from its receipt of the Claim Notice to (i) cure the Liabilities complained of, (ii) admit its liability for such Liability or (iii) dispute the claim for such Liabilities.  If the Indemnifying Party does not notify the Indemnified Party within such 30 day period that it has cured the Liabilities or that it disputes the claim for such Liabilities, the amount of such Liabilities shall conclusively be deemed a liability of the Indemnifying Party hereunder.

**13.8  Survival.**    The representations and warranties of Seller in *Article VII* and the covenants and agreements of Seller (including the indemnity obligations of Seller in *Section 13.2*) shall survive the Closing until the last day of the Holdback Period.  The representations and warranties of Buyer in Article VIII and the covenants and agreements of Buyer (including the indemnity obligations of Buyer in *Section 13.3*) shall survive the Closing until the last day of the Holdback Period.  Representations, warranties, covenants and agreements shall be of no further force and effect after the date of their expiration.

**13.9  Waiver of Right to Rescission.**    Seller and Buyer acknowledge that, following the Closing, the payment of money, as limited by the terms of this Agreement, shall be adequate compensation for breach of any representation, warranty, covenant or agreement contained herein or for any other claim arising in connection with or with respect to the transactions contemplated by this Agreement.  As the payment of money shall be adequate compensation, following the Closing, Buyer and Seller waive any right to rescind this Agreement or any of the transactions contemplated hereby.

**13.10    Insurance.**    The amount of any Liabilities for which any of Buyer Indemnified Parties is entitled to indemnification under this Agreement or in connection with or with respect to the transactions contemplated by this Agreement shall be reduced by any corresponding insurance proceeds actually received (less any deductibles actually paid) by Buyer or any Buyer Indemnified Party.

**13.11    Non-Compensatory Damages.**    NONE OF BUYER INDEMNIFIED PARTIES NOR SELLER INDEMNIFIED PARTIES SHALL BE ENTITLED TO RECOVER FROM SELLER OR BUYER, OR THEIR RESPECTIVE AFFILIATES, ANY SPECIAL, INDIRECT, CONSEQUENTIAL, PUNITIVE, EXEMPLARY, REMOTE OR SPECULATIVE DAMAGES, INCLUDING DAMAGES FOR LOST PROFITS OF ANY KIND ARISING UNDER OR IN CONNECTION WITH THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY, EXCEPT TO THE EXTENT ANY SUCH PARTY SUFFERS SUCH DAMAGES (INCLUDING COSTS OF DEFENSE AND REASONABLE ATTORNEY'S FEES INCURRED IN CONNECTION WITH DEFENDING OF SUCH DAMAGES) TO A THIRD PARTY, WHICH DAMAGES (INCLUDING COSTS OF DEFENSE AND REASONABLE ATTORNEY'S FEES INCURRED IN CONNECTION WITH DEFENDING AGAINST SUCH DAMAGES) SHALL NOT BE EXCLUDED BY THIS PROVISION AS TO RECOVERY HEREUNDER.    SUBJECT TO THE PRECEDING SENTENCE, BUYER, ON BEHALF OF EACH OF BUYER INDEMNIFIED PARTIES, AND SELLER, ON BEHALF OF EACH OF SELLER INDEMNIFIED PARTIES, WAIVE ANY RIGHT TO RECOVER ANY SPECIAL, INDIRECT, CONSEQUENTIAL, PUNITIVE, EXEMPLARY, REMOTE OR SPECULATIVE DAMAGES, INCLUDING DAMAGES FOR

LOST PROFITS OF ANY KIND, ARISING IN CONNECTION WITH OR WITH RESPECT TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

**13.12**     ***Treatment of Certain Payments.***     Any payments made to any Party pursuant to this *Article XIII* shall constitute an adjustment to the Final Price for Tax purposes and shall be treated as such by Buyer and Seller on their Tax Returns to the extent permitted by Law.

**13.13**     ***Treatment of Applicable Executory Contracts, Cure Costs.***   Subject to the terms of this *Section 13.13*, Seller shall satisfy all Cure Costs at or prior to Closing.

(a)     No later than the Petition Date, Seller shall provide to Buyer a schedule of Seller's good faith estimate of the Cure Costs for each Applicable Executory Contract (the "***Cure Schedule***").   Within five (5) Business Days after entry of the Bidding Procedures Order, Seller shall cause a notice to be issued to each non-Seller counterparty to an Applicable Executory Contract, which notice shall state Seller's intention to assign and Buyer's intention to assume the Applicable Executory Contracts and shall include the Cure Costs attributed to such Applicable Executory Contract, as set forth in the Cure Schedule (the "***Cure Notice***").   Such non-Seller counterparties shall have the rights set forth in the Bidding Procedures with respect to the Cure Notice.

(b)     If it is discovered that an Applicable Executory Contract should have been listed on the Cure Schedule but was not (any such Applicable Executory Contract, a "***Previously Omitted Contract***"), Seller shall, promptly following discovery thereof (but in no event later than five (5) Business Days following discovery thereof), notify Buyer in writing of such Previously Omitted Contract and of Seller's good faith estimate of the Cure Costs relating thereto.   If a Previously Omitted Contract is discovered after the issuance of the Cure Notice, Seller shall promptly (but in no event later than five (5) Business Days following discovery thereof) file and serve a notice on the non-Seller counterparty(ies) to such Previously Omitted Contract notifying such counterparties of Seller's intention to assign and Buyer's intention to assume such Previously Omitted Contract, including the proposed Cure Costs relating thereto (the "***Previously Omitted Contract Notice***").   Such non-Seller counterparties shall have the rights set forth in the Bidding Procedures with respect to the Cure Notice.

(c)     Seller shall take all actions reasonably necessary to assume and assign the Applicable Executory Contracts to Buyer, provided that Seller shall not have any obligation to provide any assurance of future performance of any Applicable Executory Contract to any non-Seller counterparty thereto.

(d)     Notwithstanding anything herein to the contrary, to the extent the assignment of any Applicable Contract is, after giving effect to sections 363 and 365 of the Bankruptcy Code, not permitted by law or not permitted without the consent of another Person, and such restriction cannot be effectively overridden or canceled by the Sale Order or other related order of the Bankruptcy Court, then (i) this Agreement shall not be deemed to constitute an assignment or attempt to assign such Applicable Contract or any right, interest, or obligation thereunder if such consent is not given and the Closing shall proceed with respect to the remaining Assets without any reduction in the Purchase Price; (ii) no breach of this Agreement shall have occurred by virtue of the nonassignment of such Applicable Contract; and (iii) if such

consent is not given, the Seller and Buyer will, subject to any approval of the Bankruptcy Court that may be required, cooperate in a mutually agreeable arrangement for a reasonable period of time following the Closing under which Buyer would obtain the benefits and assume the obligations thereunder in accordance with this Agreement.  This cooperation shall not require any payment or other consideration from either Seller or Buyer (other than the Cure Costs, if applicable, which shall be the responsibility of Seller).

## ARTICLE XIV
## TERMINATION, DEFAULT AND REMEDIES

*14.1  Right of Termination.*  This Agreement and the transactions contemplated herein may be terminated at any time prior to the Closing:

(a)     by Seller, at Seller's option, if Buyer has not delivered the Deposit to Escrow Agent within three (3) Business Days after the Bankruptcy Court's entry of the Bidding Procedures Order or any of the conditions set forth in *Article XI* have not been satisfied on or before the Outside Date;

(b)     by Buyer, at Buyer's option, if any of the conditions set forth in *Article X* have not been satisfied on or before the Outside Date and, following written notice thereof from Buyer to Seller specifying the reason such condition is unsatisfied (including any breach by Seller of this Agreement), such condition remains unsatisfied for a period of ten Business Days after Seller's receipt of written notice thereof from Buyer;

(c)     by Buyer if the condition set forth in *Section 10.4* is not satisfied on or before the Outside Date or by Seller if the condition set forth in *Section 11.4* is not satisfied on or before the Outside Date;

(d)     by Buyer, if:

(i)     Buyer is not the Successful Bidder or the Backup Bidder at the Auction;

(ii)     Seller does not file the Sale Motion on or before the date that is three (3) Business Days after the Petition Date;

(iii)     the Bidding Procedures Order has not been entered by the Bankruptcy Court on or before the date that is forty-five (45) days after the Petition Date;

(iv)     the Sale Order has not been entered by the Bankruptcy Court on or before the date that is seventy-five (75) days after the Petition Date; or

(v)     Seller withdraws or seeks authority to withdraw the Sale Motion at any time after the filing thereof, or announces any stand-alone plan of reorganization or liquidation with respect to all or substantially all of the Assets (or supports any such plan filed by another party);

(e)     by Buyer or Seller, if

(i)    Seller enters into a definitive agreement regarding an Alternative Transaction or a Superior Proposal, provided in either of such events, Buyer shall be entitled to the payment of the Break-Up Fee and Expense Reimbursement; provided further that if such amount is paid in full, Buyer shall be precluded from any other remedy against the Sellers, at law or in equity or otherwise, and Buyer shall not seek to obtain any recovery, judgment, or damages of any kind, including consequential, indirect, or punitive damages, against Seller or any of its directors, officers, employees, partners, managers, members, shareholders or Affiliates or any of their respective representatives in connection with this Agreement, the Transaction Documents, or the transaction contemplated hereby or thereby (other than, in the event Seller fails to pay the Break-Up Fee and Expense Reimbursement at the time it is required to do so in accordance with the terms of this Agreement, the costs incurred by Buyer in collecting such amounts); or

(ii)    the Bankruptcy Court enters an order dismissing, or converting to a case under chapter 7 of the Bankruptcy Code, the Chapter 11 Case;

(f)    by the mutual consent of the Parties; or

(g)    by Seller or Buyer if the Closing shall not have occurred on or before one hundred twenty (120) days from the Petition Date (the "***Outside Date***"), provided that Buyer shall have no right to terminate this Agreement pursuant to this *Section 14.1(g)* if it has not made the Deposit within three (3) Business Days after the Bankruptcy Court's entry of the Bidding Procedures Order;

provided, however, that no Party shall have the right to terminate this Agreement pursuant to clause (a), (b) or (e) above if such Party is at such time in material breach of any provision of this Agreement. The Parties agree that it shall be a material breach of *Section 3.2* by Buyer if Buyer fails to make the Deposit within three (3) Business Days after the Bankruptcy Court's entry of the Bidding Procedures Order.

**14.2  *Effect of Termination.*** If the obligation to close the transactions contemplated by this Agreement is terminated pursuant to any provision of *Section 14.1*, then, except as provided in *Section 3.2* and except for the provisions of *Article I*, *4.1(d) through (g)*, *4.2*, *4.3*, *13.11*, this *Section 14.2*, *Section 14.3* and *Article XV* (other than *Sections 15.2(b)*, *15.7 and 15.8*), this Agreement shall become void and the Parties shall have no liability or obligation hereunder except and to the extent such termination results from the willful breach by a Party of any of its covenants or agreements hereunder; provided that if Seller is entitled to and elects to receive the Deposit as liquidated damages pursuant to *Section 3.2*, then such retention shall constitute full and complete satisfaction of any and all damages Seller may have against Buyer. Notwithstanding the foregoing, if this Agreement is validly terminated by Buyer under *Section 14.1(d)(i)*, *Section 14.1(d)(v)*, or *Section 14.1(e)(i)*, the Bid Protections shall constitute an allowed administrative expense entitled to be paid by Seller to Buyer, upon the closing of an Alternative Transaction or a Superior Proposal, from the resulting sale proceeds, free and clear of any Liens. To the extent any portion of such Expense Reimbursement received by Buyer relates to any title, environmental or other diligence or consulting services with respect to the Assets, then, within one Business Day following Buyer's receipt of the Expense Reimbursement, Buyer shall deliver to Seller all reports, documents and/or opinions prepared by any Third Party in

providing such services; subject, however, to Seller's first obtaining any necessary consent by such Third Party to the delivery.

***14.3  Return of Documentation and Confidentiality.***   Upon termination of this Agreement, Buyer shall return to Seller all title, engineering, geological and geophysical data, environmental assessments and/or reports, maps, documents and other information furnished by Seller to Buyer or prepared by or on behalf of Buyer in connection with its due diligence investigation of the Assets, and shall destroy or obliterate all copies thereof and an officer of Buyer shall certify same to Seller in writing.

<div align="center">

**ARTICLE XV**
**MISCELLANEOUS**

</div>

***15.1  Exhibits and Schedules.***   All of the Exhibits and Schedules referred to in this Agreement constitute a part of this Agreement.  Seller and Buyer and their respective counsel have received a complete set of Exhibits and Schedules prior to and as of the execution of this Agreement.

***15.2  Expenses and Taxes***.

(a)      Except as otherwise specifically provided in this Agreement, all fees, costs and expenses incurred by Seller or Buyer in negotiating this Agreement or in consummating the transactions contemplated by this Agreement shall be paid by the Person incurring the same, including, legal and accounting fees, costs and expenses.

(b)      All required documentary, filing and recording fees and expenses in connection with the filing and recording of the assignments (including the Assignment and Bill of Sale), conveyances or other instruments required to convey title to the Assets to Buyer shall be borne by Buyer.  Seller shall retain responsibility for, and shall bear and pay, all Income Tax Liability incurred or imposed on Seller with respect to the ownership of the Assets through the Closing Date and the transactions described in this Agreement.   Buyer shall assume responsibility for, and shall bear and pay, all state sales and use Taxes and transfer and similar Taxes (including any applicable interest or penalties) incurred or imposed with respect to the transactions described in this Agreement (the "***Transfer Taxes***").   Seller shall retain responsibility for, and shall bear and pay, all Property Taxes assessed with respect to the ownership and operation of the Assets for (i) any period ending prior to the Effective Time and (ii) the portion of any Straddle Period ending immediately prior to the Effective Time.  All Property Taxes with respect to the ownership or operation of the Assets arising on or after the Effective Time (including all Straddle Period Property Taxes not apportioned to Seller) shall be allocated to and borne by Buyer.  To the extent the actual amount of a Property Tax is not known at the time an adjustment is to be made with respect to such Property Tax pursuant to *Section 3.3*, *Section 3.4* and *Section 3.5*, as applicable, the Parties shall utilize the most recent information available in estimating the amount of such Property Tax for purposes of such adjustment.  To the extent the actual amount of a Property Tax (or the amount thereof paid or economically borne by a Party) is ultimately determined to be different than the amount (if any) that was taken into account in the Final Settlement Statement as finally determined pursuant to *Section 3.5*, timely payments will be made from one Party to the others to the extent necessary to cause each Party to

bear the amount of such Property Tax that is allocable to such Party under this *Section 15.2*. For purposes of allocation between the Parties of Property Taxes that are payable with respect to Straddle Periods, the portion of any such Property Taxes that are attributable to the portion of the Straddle Period that ends immediately prior to the Effective Time shall (i) in the case of Property Taxes that are based upon or related to income or receipts or imposed on a transactional basis, be deemed equal to the amount that would be payable if the Tax year or period ended immediately prior to the Effective Time; and (ii) in the case of other Property Taxes, be allocated pro rata per day between the period immediately prior to the Effective Time and the period beginning on the Effective Time.  For purposes of clause (i) of the preceding sentence, any exemption, deduction, credit or other item that is calculated on an annual basis shall be allocated pro rata per day between the period ending immediately prior to the Effective Time and the period beginning on the Effective Time.

(c)     Seller shall timely file any return with respect to Property Taxes due on or before the Closing Date or that otherwise relates solely to periods before the Closing Date (a "***Pre-Closing Tax Return***") and shall pay any Property Taxes shown due and owing on such Pre-Closing Tax Return, subject to Seller's right of reimbursement for any Property Taxes for which Buyer is responsible under *Section 15.2(b)*.

(d)     Notwithstanding anything in this Agreement to the contrary, Seller shall have the right at any time prior to Closing to assign all or a portion of its rights under this Agreement (the "***Assigned Rights***") to a Qualified Intermediary (as that term is defined in Section 1.1031(k)-1(g)(4)(v) of the Treasury Regulations) in order to accomplish the transaction in a manner that will comply, either in whole or in part, with the requirements of a like-kind exchange pursuant to Section 1031 of the Code (an "***Exchange***").  In the event Seller assigns the Assigned Rights to a Qualified Intermediary pursuant to this *Section 15.2(d)*, then Seller agrees to notify Buyer in writing of such assignment at or before the Closing.  Buyer hereby consents to any such assignment and Buyer agrees to pay the Purchase Price (as may be adjusted under the terms of this Agreement) for the Assets into a qualified escrow or qualified trust account at Closing as directed by the Qualified Intermediary and Seller in writing; provided that: (a) the Closing shall not be delayed or affected by reason of the Exchange, (b) Seller shall effect its Exchange through an assignment of the Assigned Rights to a Qualified Intermediary, but such assignment shall not release Seller from any of its Liabilities or obligations to Buyer under this Agreement and (c) Seller shall indemnify Buyer against any additional costs or Liabilities directly incurred by Buyer on account of Seller's consummation of the transaction through an Exchange.  Each of Seller and Buyer hereby acknowledge and agree that any assignment of this Agreement by Seller pursuant to this *Section 15.2(d)* shall not release a Party from, or modify, any of its respective Liabilities and obligations (including indemnity obligations to each other) under this Agreement.  Buyer further consents to the reassignment, following the Closing, of all of the Assigned Rights that survive the Closing from the Qualified Intermediary to Seller.  Buyer by its consent to an Exchange shall not be responsible in any way for Seller's compliance with such Exchange.

**15.3  *Assignment.***  This Agreement may not be assigned by Buyer without the prior written consent of Seller; provided, however, that Buyer may assign this Agreement to an Affiliate without Seller's written consent, provided further that Buyer and its Affiliate shall thereafter both be primarily liable for all obligations of Buyer's Affiliate assignee hereunder.  In

the event Seller consents to any such assignment which requires Seller's consent, such assignment shall not relieve Buyer of any obligations and responsibilities hereunder. Any assignment or other transfer by Buyer of any of the Assets shall not relieve Buyer of any of its obligations (including indemnity obligations) hereunder, as to the Assets so assigned or transferred.

*15.4 Preparation of Agreement.* Seller, Buyer and their respective counsel participated in the preparation of this Agreement. In the event of any ambiguity in this Agreement, no presumption shall arise based on the identity of the draftsman of this Agreement.

*15.5 Publicity.*

(a) Buyer shall not make or issue any press release or other public announcements concerning the transactions contemplated by this Agreement without the prior consent of Seller, which consent shall not be unreasonably withheld; provided, however, that Seller has the right to prohibit Buyer from identifying Seller or its Affiliates by name in the Buyer's press release or other statement, which right may be exercised in Seller's sole and absolute discretion. If Buyer desires to make a public announcement, it shall first give Seller two Business Days written notification of its desire to make such a public announcement. The written notification shall include (i) a request for consent to make the announcement and (ii) a written draft of the text of such public announcement.

(b) Nothing in this *Section 15.5* shall prohibit any Party from issuing or making a public announcement or statement if such Party deems it necessary to do so in order to comply with any applicable Law or the rules of any stock exchange upon which the Party's or a Party's Affiliate's capital stock is traded; provided, however, that to the extent possible, prior written notification shall be given to the other Party at least two Business Days prior to any such announcement or statement.

(c) Nothing in this *Section 15.5* shall prohibit Seller from making any filings or public statements in the Chapter 11 Case it determines are necessary or advisable to consummation of the transactions contemplated by this Agreement.

*15.6 Notices.* All notices and communications required or permitted to be given hereunder shall be in writing and shall be delivered personally, or sent by overnight courier, or mailed by United States Express Mail or by certified or registered United States Mail with all postage fully prepaid, or sent by facsimile transmission (provided any such facsimile transmission is confirmed either orally or by written confirmation), or sent by electronic mail (provided any such electronic mail transmission is confirmed either orally or by written confirmation), in each case addressed to Seller or Buyer, as appropriate, at the address for such Person shown below or at such other address as Seller or Buyer shall have theretofore designated by written notice delivered to the other Party hereto:

*If to Seller*:                                    *If to Buyer*:

Enduro Operating LLC                              Cobra Oil & Gas Corporation
777 Main Street, Suite 800                        2201 Kell Boulevard
Fort Worth, Texas 76102                           Wichita Falls, Texas 76308
Attention: Kevin D. Smith,                        Attention: Jeff R. Dillard, President,
Vice President – Land                             and Robert W. Osborne, Vice President
Telephone: (817) 529-8640                         Telephone: (940) 716-5100
Facsimile: (817) 529-8450                         Facsimile: (940) 716-5160
Email: ksmith@endurores.com                       Email: jeff@cobraogc.com
                                                  and bob@cobraogc.com


Any notice given in accordance herewith shall be deemed to have been given only when delivered to the addressee in person, or by courier, or transmitted by facsimile transmission, or transmitted by electronic mail transmission (in each case) during normal business hours on a Business Day (or if delivered or transmitted after normal business hours on a Business Day or on a day other than a Business Day, then on the next Business Day), or upon actual receipt by the addressee during normal business hours on a Business Day after such notice has either been delivered to an overnight courier or deposited in the United States Mail, as the case may be (or if delivered after normal business hours on a Business Day or on a day other than a Business Day, then on the next Business Day).  Seller or Buyer may change the address, facsimile number or email address to which such communications are to be addressed by giving written notice to the other Party hereto in the manner provided in this *Section 15.6*.

**15.7 Further Cooperation.**  After the Closing, Seller and Buyer shall execute and deliver, or shall cause to be executed and delivered, from time to time such further instruments of conveyance and transfer, and shall take such other actions as Seller or Buyer may reasonably request, to convey and deliver the Assets to Buyer, to perfect Buyer's title thereto and to accomplish the orderly transfer of the Assets to Buyer in the manner contemplated by this Agreement.  If any Party receives monies belonging to the other Party, such amount shall immediately be paid over to the proper Party.  If an invoice or other evidence of an obligation is received by a Party and such obligation is partially an obligation of both Seller and Buyer, then the Parties shall consult with each other and each Party shall promptly pay its portion of such obligation to the obligee.

**15.8 Filings, Notices and Certain Governmental Approvals.**  Promptly after the Closing, Buyer shall (a) record the Assignment and Bill of Sale in the applicable county record and record all assignments of state Leases executed at the Closing in the records of the applicable Governmental Authority, (b) if applicable, send notices to vendors supplying goods and services for the Assets and to the operator of such Assets of the assignment of such Assets to Buyer, (c) actively pursue the unconditional approval of all applicable Governmental Authorities of the assignment of the Assets to Buyer and (d) actively pursue all other consents and approvals that may be required in connection with the assignment of the Assets to Buyer and the assumption of the Liabilities assumed by Buyer hereunder, that, in each case, is not obtained prior to the

Closing.    Buyer obligates itself to take any and all reasonable action required by any Governmental Authority in order to obtain such unconditional approval, including the posting of any and all bonds or other security that may be required in excess of its existing lease, pipeline or area-wide bond.

**15.9 Entire Agreement; Conflicts.**    THIS AGREEMENT, THE EXHIBITS AND SCHEDULES    HERETO,    THE    TRANSACTION    DOCUMENTS    AND    THE CONFIDENTIALITY    AGREEMENT    COLLECTIVELY    CONSTITUTE    THE    ENTIRE AGREEMENT BETWEEN SELLER AND BUYER PERTAINING TO THE SUBJECT MATTER HEREOF AND SUPERSEDE ALL PRIOR AGREEMENTS, UNDERSTANDINGS, NEGOTIATIONS AND DISCUSSIONS, WHETHER ORAL OR WRITTEN, OF SELLER AND BUYER PERTAINING TO THE SUBJECT MATTER HEREOF.    THERE ARE NO WARRANTIES, REPRESENTATIONS OR OTHER AGREEMENTS BETWEEN SELLER AND BUYER RELATING TO THE SUBJECT MATTER HEREOF EXCEPT AS SPECIFICALLY SET FORTH IN THIS AGREEMENT, AND NEITHER SELLER NOR BUYER SHALL BE BOUND BY OR LIABLE FOR ANY ALLEGED REPRESENTATION, PROMISE, INDUCEMENT OR STATEMENTS OF INTENTION NOT SO SET FORTH.    IN THE EVENT OF A CONFLICT BETWEEN THE TERMS AND PROVISIONS OF THIS AGREEMENT AND THE TERMS AND PROVISIONS OF ANY EXHIBIT HERETO, THE TERMS AND PROVISIONS OF THIS AGREEMENT SHALL GOVERN AND CONTROL; PROVIDED, HOWEVER, THAT THE INCLUSION IN ANY OF THE EXHIBITS HERETO OF TERMS AND PROVISIONS NOT ADDRESSED IN THIS AGREEMENT SHALL NOT BE DEEMED A CONFLICT, AND ALL SUCH ADDITIONAL PROVISIONS SHALL BE GIVEN FULL FORCE AND EFFECT, SUBJECT TO THE PROVISIONS OF THIS *SECTION 15.9.*

**15.10        Parties in Interest**.    The terms and provisions of this Agreement shall be binding upon and inure to the benefit of Seller and Buyer and their respective successors and permitted assigns.    Notwithstanding anything contained in this Agreement to the contrary, nothing in this Agreement, expressed or implied, is intended to confer on any Person other than Seller, Buyer and their successors and permitted assigns, or the Parties' respective related Indemnified Parties hereunder, any rights, remedies, obligations or Liabilities under or by reason of this Agreement; provided that only a Party and its respective successors and permitted assigns will have the right to enforce the provisions of this Agreement on its own behalf or on behalf of any of its related Indemnified Parties (but shall not be obligated to do so).

**15.11        Amendment.**    This Agreement may be amended only by an instrument in writing executed by the Party against whom enforcement is sought.

**15.12        Waiver; Rights Cumulative.**    Any of the terms, covenants, representations, warranties or conditions hereof may be waived only by a written instrument executed by or on behalf of the Party hereto waiving compliance.    No course of dealing on the part of Seller or Buyer, or their respective officers, employees, agents or representatives or any failure by Seller or Buyer to exercise any of their respective rights under this Agreement shall operate as a waiver thereof or affect in any way the right of such Person at a later time to enforce the performance of such provision.    No waiver by Seller or Buyer of any condition or any breach of any term, covenant, representation or warranty contained in this Agreement, in any one or

more instances, shall be deemed to be or construed as a further or continuing waiver of any such condition or breach or a waiver of any other condition or of any breach of any other term, covenant, representation or warranty.  The rights of Seller and Buyer under this Agreement shall be cumulative, and the exercise or partial exercise of any such right shall not preclude the exercise of any other right.

   ***15.13  Governing Law; Jurisdiction; Venue; Jury Waiver.*** THIS AGREEMENT AND THE LEGAL RELATIONS BETWEEN SELLER AND BUYER SHALL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, EXCLUDING ANY CONFLICTS OF LAW RULE OR PRINCIPLE THAT WOULD REQUIRE THE APPLICATION OF ANY OTHER LAW.  SELLER AND BUYER CONSENT TO THE EXERCISE OF JURISDICTION IN PERSONAM BY THE UNITED STATES FEDERAL DISTRICT COURTS LOCATED IN FORT WORTH, TARRANT COUNTY, TEXAS (OR IF THE FEDERAL DISTRICT COURTS DO NOT HAVE JURISDICTION, THEN THE STATE COURTS IN FORT WORTH, TARRANT COUNTY, TEXAS) FOR ANY ACTION ARISING OUT OF THIS AGREEMENT, THE OTHER TRANSACTION DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY. ALL ACTIONS OR PROCEEDINGS WITH RESPECT TO, ARISING DIRECTLY OR INDIRECTLY IN CONNECTION WITH, OUT OF, RELATED TO OR FROM THIS AGREEMENT, THE OTHER TRANSACTION DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY SHALL BE EXCLUSIVELY LITIGATED IN THE UNITED STATES FEDERAL DISTRICT COURTS LOCATED IN FORT WORTH, TARRANT COUNTY, TEXAS (OR IF THE FEDERAL DISTRICT COURTS DO NOT HAVE JURISDICTION, THEN THE STATE COURTS IN FORT WORTH, TARRANT COUNTY, TEXAS).  SELLER AND BUYER WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, SUIT OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

   ***15.14  Severability.*** If any term or other provision of this Agreement is invalid, illegal or incapable of being enforced by any rule of Law or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any adverse manner to any of Seller or Buyer.  Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the parties hereto as closely as possible in an acceptable manner to the end that the transactions contemplated hereby are fulfilled to the extent possible.

   ***15.15  Removal of Name.*** As promptly as practicable, but in any case within 60 days after the Closing Date, Buyer shall eliminate the names Enduro Operating and/or Enduro and any variants thereof from the Assets acquired pursuant to this Agreement and, except with respect to such grace period for eliminating existing usage, shall have no right to use any logos, trademarks or trade names belonging to Seller or any of its Affiliates.

   ***15.16  Time is of the Essence.*** With respect to all dates and time periods in this Agreement, time is of the essence.

**15.17**      ***Counterparts.***      This Agreement may be executed in any number of counterparts, and each such counterpart hereof shall be deemed to be an original instrument, but all of such counterparts shall constitute for all purposes one agreement.  Any signature hereto delivered by a Party hereto by facsimile transmission shall be deemed an original signature hereto.

*[Signature page follows]*

IN WITNESS WHEREOF, Seller and Buyer have executed this Agreement as of the date first written above.

**<u>SELLER</u>:**

**ENDURO OPERATING LLC**

By:_____

    Kevin D. Smith

    Vice President – Land

**<u>BUYER</u>:**


**COBRA OIL & GAS CORPORATION**



By:_____

   Robert W. Osborne

   Vice President

**EXHIBITS AND SCHEDULES**

1.      The Section and subsection references set forth in the Exhibits and Schedules refer primarily to the Sections or subsections of that certain Purchase and Sale Agreement by and between Enduro Operating LLC, as Seller, and Cobra Oil & Gas Corporation, as Buyer (the "PSA").  Capitalized terms used herein but not defined have the respective meanings assigned to such terms in the PSA.

2.      Any fact or item which is clearly disclosed on any Schedule in such a way as to make its relevance or applicability to information called for by another Schedule or other Schedules reasonably apparent on its face shall be deemed to be disclosed on such other Schedule or Schedules, as the case may be, notwithstanding the omission of a reference or cross-reference thereto.

3.      Each of the Exhibits and Schedules is qualified in its entirety by reference to specific provisions of the PSA, and is not intended to constitute, and shall not be construed as constituting, representations or warranties of Seller, except and to the extent provided in the PSA.

## **EXHIBIT A**

**LEASES**

[See attached]

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | LEASE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FED | 10.0010.000 | BLM NDM049087 | CARDINAL FITZHUGH OIL COMPANY | BLM NDM049087 | 3/2/1965 | ND | BOTTINEAU | | | | 1468 | T160N R78W SEC 6 LOT 1 | 0 | 40.1900 | 40.1900 | 25.1187 | T160N R79W 5TH PRM MER, NORTH DAKOTA SEC 1 LOT 1; LE NE; N/SE |
| FED | 10.0010.000 | BLM NDM049087 | CARDINAL FITZHUGH OIL COMPANY | BLM NDM049087 | 3/2/1965 | ND | BOTTINEAU | | | | 1469 | T160N R78W SEC 6 LOTS 4, 5 AND 6 | 0 | 101.5880 | 104.5880 | 63.5420 | T160N R80W 5TH PRM MER, NORTH DAKOTA SEC 1 LOTS 5, 6 |
| FED | 10.0010.000 | BLM NDM049087 | CARDINAL FITZHUGH OIL COMPANY | BLM NDM049087 | 3/2/1965 | ND | BOTTINEAU | | | | 1494 | T160N R80W SEC 6 LOTS 5 AND 6 | 0 | 40.0000 | 40.0000 | 25.0000 | T160N R79W 5TH PRM MER, NORTH DAKOTA SEC 1 LOTS 1, 2 |
| FED | 10.0010.000 | BLM NDM049087 | CARDINAL FITZHUGH OIL COMPANY | BLM NDM049087 | 3/2/1965 | ND | BOTTINEAU | | | | 1497 | T160N R80W SEC 6 LOT 1 | 0 | 40.0000 | 40.0000 | 25.0000 | T160N R79W 5TH PRM MER, NORTH DAKOTA SEC 1 LOT 1; NE NE |
| FED | 10.0010.000 | BLM NDM049087 | CARDINAL FITZHUGH OIL COMPANY | BLM NDM049087 | 3/2/1965 | ND | BOTTINEAU | | | | 1499 | T160N R70W SEC 6 LOT 1 | 0 | 160.0000 | 160.0000 | 100.0000 | T160N R79W 5TH PRM MER, NORTH DAKOTA SEC 1 LE NE; N/SE |
| FED | 10.0011.000 | BLM NDM027281 | TIDDUNE FITZHUGH AND CORPORATION | BLM NDM027281 | 3/1/1994 | ND | BOTTINEAU | 137 | 427 | | 1490 | T160N R79W SEC 1 LE NE; N/SE | 0 | 160.0000 | 180.0000 | 100.0000 | T160N R79W 5TH PRM MER SEC 1 5W4E; SE5E |
| FED | 10.0011.000 | BLM NDM030536 | A.D. WHITCHETT | BLM NDM030536 | 3/1/1994 | ND | BOTTINEAU | 131 | 127 | | 1461 | T160N R78W SEC 6 5W4E | 0 | 40.0000 | 40.0000 | 25.0000 | T160N R79W 5TH PRM MER, NORTH DAKOTA SEC 6 LOT 7 |
| FED | 10.0011.000 | BLM NDM030538 | A.D. WHITCHETT | BLM NDM030538 | 3/1/1994 | ND | BOTTINEAU | 131 | 127 | | 1493 | T160N R80W SEC 6 5W4E | 0 | 40.0000 | 40.0000 | 25.0000 | T160N R79W 5TH PRM MER SEC 6 LOT 7 |
| FED | 10.0011.000 | BLM NDM030538 | A.D. WHITCHETT | BLM NDM030538 | 3/1/1994 | ND | BOTTINEAU | 131 | 127 | | 1494 | T160N R80W SEC 1 D5W | 0 | 80.0000 | 80.0000 | 50.0000 | T160N R79W 5TH PRM MER SEC 6 LOT 7 |
| FED | 10.0011.000 | BLM NDM030538 | A.D. WHITCHETT | BLM NDM030538 | 3/1/1994 | ND | BOTTINEAU | 131 | 127 | | 1495 | T160N R79W SEC 6 LOT 7 | 0 | 310.1300 | 35.0000 | 218.8714 | T160N R80W 5TH PRM MER SEC 1 D5W; 5W4E; 5W5E |
| FED | 10.0017.000 | BLM NDM024396 | WARD WILLISTON OIL COMPANY | BLM NDM024396 | 3/7/2001 | ND | BOTTINEAU | | | | 1499 | T160N R79W SEC 6 5W4E, LOTS 1, 3, 4 | 0 | 160.4800 | 160.4800 | 160.4800 | T160N R79W 5TH PRM MER SEC 6 5W4E; LOTS 1, 3, 4 |
| FED | 10.0017.000 | BLM NDM024396 | WARD WILLISTON OIL COMPANY | BLM NDM024396 | 3/7/2001 | ND | BOTTINEAU | | | | 1500 | T160N R79W SEC 6 5W4E, LOTS 1, 3, 4 | 0 | 40.1700 | 411.2300 | 40.1700 | T160N R79W 5TH PRM MER SEC 6 5W4E; LOTS 1, 3, 4 |
| FED | 10.0018.000 | BLM NDM055174 | CHANDLER & SIMPSON, INC | BLM NDM055174 | 9/1/1994 | ND | RENVILLE | | | | 1502 | T160N R80W SEC 25 A TRACT OF LAND 50.5 FT LONG SOUTH OF THE SIXTY FOOT WITHDRAWAL, ALONG THE INTERNATIONAL BOUNDARY BETWEEN CANADA AND THE UNITED STATES, ONE PARTICULAR STRETCH LOCATED AS FOLLOWS; COMMENCING AT THE NORTHEAST CORNER OF SECTION 25, THENCE WEST 1,357, THENCE SOUTH, 60' TO THE POINT OF BEGINNING, THENCE SOUTH, 60', THENCE EAST, 60' F, THENCE S 03 DEGREES 15', 7.62', DEGREES 53', 7.67', THENCE ALONG 14.5 MINUTE 50 DEGREES, 18 39', TO A POINT ON THE CENTER OF THE INT OF 50 SECTION, THE TRACT AS DESCRIBED CONTAINS 4.38 AC | 0 | 4.3800 | 4.3800 | 4.3800 | T160N R80W 5TH PRM MER SEC 25 A TRACT OF LAND 50.5 FT LONG SOUTH OF THE SIXTY FOOT WITHDRAWAL, ALONG THE INTERNATIONAL BOUNDARY BETWEEN CANADA AND THE UNITED STATES, ONE PARTICULAR STRETCH LOCATED AS FOLLOWS; COMMENCING AT THE NORTHEAST CORNER OF SECTION 25, THENCE WEST 1,357, THENCE SOUTH, 60' TO THE POINT OF BEGINNING, THENCE SOUTH, 60', THENCE EAST, 60' F, THENCE S 03 DEGREES 15', 7.62', DEGREES 53', 7.67', THENCE ALONG 14.5 MINUTE 50 DEGREES, 18 39', TO A POINT ON THE CENTER OF THE INT OF 50 SECTION, THE TRACT AS DESCRIBED CONTAINS 4.38 AC |
| FED | 10.0043.000 | BLM NDM029706 | WARD WILLISTON OIL COMPANY | BLM NDM029706 | 1/20/1958 | ND | RENVILLE | | 6854 | | 1503 | T160N R79W SEC 6 A SURFACE DOWN TO DEPTH OF 4,261' BUT NOT BELOW THE BASE OF THE SAKWOOD FORMATION | 0 | 80.0000 | 80.0000 | 26.3208 | T160N R79W 5TH PRM MER SEC 6 A SURFACE DOWN TO DEPTH OF 4,261' BUT NOT BELOW THE BASE OF THE SAKWOOD FORMATION |
| FEE | 10.0052.000 | KEEMAN ESTALTE ET AL | WARD WILLISTON OIL COMPANY | KEEMAN ESTALTE ET AL | 7/21/2000 | ND | RENVILLE | 293 | 53 | 187125 | 41 | T163 R87W 5TH PM SEC 1 (39 PM), LOT 7 (33 PM), 52NE | 0 | 119.7900 | 33.7900 | 33.9586 | DEPTH RESTRICTION: THIS LEASE WILL BE LIMITED IN DEPTH FROM THE SURFACE DOWN TO THE BOTTOM OF THE MADISON FORMATION |
| FEE | 10.0055.000 | ROSE MARIE BROWN | WARD WILLISTON OIL COMPANY | ROSE MARIE BROWN | 7/21/2000 | ND | RENVILLE | 293 | 7 | 186770 | 41 | T163 R87W 5TH PM SEC 1 (37 PM), LOT 7 (33 PM), 52NE | 0 | 0.0000 | 33.7900 | 33.9586 | DEPTH RESTRICTION: THIS LEASE WILL BE LIMITED IN DEPTH FROM THE SURFACE DOWN TO THE BOTTOM OF THE MADISON FORMATION |
| FEE | 10.0055.000 | JAMES F LUTE | WARD WILLISTON OIL COMPANY | JAMES F LUTE | 7/28/2000 | ND | RENVILLE | 293 | 139 | 186698 | 41 | T163 R87W 5TH PM SEC 1 (37 PM), LOT 7 (33 PM), 52NE | 0 | 0.0000 | 33.7900 | 33.9586 | DEPTH RESTRICTION: THIS LEASE WILL BE LIMITED IN DEPTH FROM THE SURFACE DOWN TO THE BOTTOM OF THE MADISON FORMATION |
| FEE | 10.0055.000 | GRAHAM ANN BROWN BOGART E | WARD WILLISTON OIL COMPANY | GRAHAM ANN BROWN BOGART E | 7/23/2000 | ND | RENVILLE | 293 | 140 | 186670 | 41 | T162 R87W 5TH PM SEC 1 (37 PM), LOT 7 (37 PM), 52NE | 0 | 13.9790 | 13.9790 | 13.9790 | DEPTH RESTRICTION: THIS LEASE WILL BE LIMITED IN DEPTH FROM THE SURFACE DOWN TO THE BOTTOM OF THE MADISON FORMATION |
| FEE | 10.0055.000 | BETTY JEAN BROWN BOGART E | WARD WILLISTON OIL COMPANY | BETTY JEAN BROWN BOGART E | 7/23/2000 | ND | RENVILLE | 293 | 141 | | 41 | T162 R87W 5TH PM SEC 1 (37 PM), LOT 7 (37 PM), 52NE | 0 | 0.0000 | 13.9790 | 13.9790 | DEPTH RESTRICTION: THIS LEASE WILL BE LIMITED IN DEPTH FROM THE SURFACE DOWN TO THE BOTTOM OF THE MADISON FORMATION |
| FEE | 10.0060.000 | HAROLD E RASMUSSON | STANDARD OIL AND GAS CO ET AL | HAROLD E RASMUSSON | 6/23/1949 | ND | BURKE | 174 | 582 | 75294 | 1865 | T162N R93W SEC 34 5W5E | 0 | 320.0000 | 320.0000 | 320.0000 | T162N R93W SEC 34 5W5E |
| FEE | 10.0064.000 | BRUCE P JOHNSON | DIAMOND RESOURCES CO | BRUCE P JOHNSON | 5/5/2006 | ND | RENVILLE | 284 | 46 | 183177 | 1867 | T162N R83W SEC 4 5DE | 0 | 160.0000 | 160.0000 | 160.0000 | T163N R83W SEC 4 5DE |
| FEE | 10.0064.000 | MARION E MOORE | DIAMOND RESOURCES CO | MARION E MOORE | 5/5/2006 | ND | RENVILLE | 284 | 48 | 183178 | 1867 | T162N R83W SEC 4 5DE | 0 | 40.0000 | 40.0000 | 16.0000 | T163N R83W SEC 4 5DE |
| FEE | 10.0064.000 | SARAH LE VANICUR | DIAMOND RESOURCES CO | SARAH LE VANICUR | 5/5/2006 | ND | RENVILLE | 284 | | 183179 | 1867 | T162N R83W SEC 4 5DE | 0 | 0.0000 | 40.0000 | 16.0000 | T163N R83W SEC 4 5DE |
| FEE | 10.0064.000 | RICHARD DECKER | DIAMOND RESOURCES CO | RICHARD DECKER | 5/5/2006 | ND | RENVILLE | 284 | | 183178 | 1867 | T162N R83W SEC 4 5DE | 0 | 0.0000 | 40.0000 | 16.0000 | T163N R83W SEC 4 5DE |
| FEE | 10.0064.000 | JERRY RECKER | DIAMOND RESOURCES CO | JERRY RECKER | 5/5/2006 | ND | RENVILLE | 284 | 44 | 183176 | 1867 | T162N R83W SEC 4 5DE | 0 | 40.0000 | 40.0000 | 16.0000 | T163N R83W SEC 4 5DE |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00040.00A | MILTON INGURITSON | DIAMOND RESOURCES CO | 9/21/2006 | ND | RENVILLE | 284 | 42 | 330175 | 1971 | T160N R91W SEC 9 S2NE | | 800.000 | 40.0000 | 16.8000 | T160N R91W SEC 9 S2NE |
| FEE | 10.00040.00B | HENRY LOCKEN | DIAMOND RESOURCES CO | 9/21/2006 | ND | RENVILLE | 284 | 52 | 330180 | 1971 | T160N R91W SEC 9 S2NE | Y | | 40.0000 | 16.8000 | T160N R91W SEC 9 S2NE |
| FEE | 10.00040.00A | GILBERT SVARTSVIK ET UX | PLACID OIL & GAS LTD | 5/27/1994 | ND | BOTTINEAU | 121 | 237 | 222090 | 1974 | T160N R79W SEC 8 SW, SWSE | | 160.000 | 160.0000 | 100.0000 | T160N R79W SEC 8 SW, SWSE |
| FEE | 10.00040.00A | GILBERT SVARTSVIK | PLACID OIL & GAS LTD | 5/27/1994 | ND | BOTTINEAU | 121 | 237 | 222090 | 1974 | T160N R79W SEC 17 NWNE | | | 20.0000 | 20.0000 | T160N R79W SEC 17 NWNE |
| FEE | 10.00040.00A | S B CHANTRIES | C A VITT JR | 5/27/1994 | ND | BOTTINEAU | 121 | 457 | 222123 | 1974 | T160N R79W SEC 8 SW, SWSE | Y | 160.000 | 20.0000 | 20.0000 | T160N R79W SEC 8 SW, SWSE |
| FEE | 10.00040.00B | S B CHANTRIES | C A VITT JR | 5/27/1994 | ND | BOTTINEAU | 121 | 457 | 222123 | 1974 | T160N R79W SEC 17 NWNE | Y | | 20.0000 | 5.0000 | T160N R79W SEC 17 NWNE |
| FEE | 10.00040.00C | S B CHANTRIES | C A VITT JR | 6/11/1994 | ND | BOTTINEAU | 121 | 461 | 222125 | 1974 | T160N R79W SEC 8 SW, SWSE | Y | | 5.0000 | 5.0000 | T160N R79W SEC 8 SW, SWSE |
| FEE | 10.00040.00A | US SMELTING RETINING & MIN | C A VITT JR | 6/11/1994 | ND | BOTTINEAU | 121 | 461 | 222125 | 1974 | T160N R79W SEC 8 SW, SWSE | Y | | 50.0000 | 50.0000 | T160N R79W SEC 8 SW, SWSE |
| FEE | 10.00040.00B | US SMELTING RETINING & MIN | C A VITT JR | 6/11/1994 | ND | BOTTINEAU | 121 | 461 | 222125 | 1974 | T160N R79W SEC 17 NWNE | Y | | 10.0000 | 10.0000 | T160N R79W SEC 17 NWNE |
| FEE | 10.00040.00A | KENNETH C MILLER, TRUSTEE | C A VITT JR | 6/11/1994 | ND | BOTTINEAU | 123 | 136 | 222837 | 1974 | T160N R79W SEC 8 SW, SWSE | Y | | 25.0000 | 25.0000 | T160N R79W SEC 8 SW, SWSE |
| FEE | 10.00040.00B | KENNETH C MILLER, TRUSTEE | C A VITT JR | 6/11/1994 | ND | BOTTINEAU | 123 | 136 | 222837 | 1974 | T160N R79W SEC 17 NWNE | Y | | 25.0000 | 25.0000 | T160N R79W SEC 17 NWNE |
| FEE | 10.00040.00C | KENNETH C MILLER, TRUSTEE | C A VITT JR | 6/11/1994 | ND | BOTTINEAU | 123 | 138 | 222837 | 1974 | T160N R79W SEC 17 NWNE | Y | | 5.0000 | 5.0000 | T160N R79W SEC 17 NWNE |
| FEE | 10.00040.00A | OLGA CONENEN | FAILL CUNNINGHAM | 12/1/1972 | ND | RENVILLE | 108045 | 134 | 461 | 2305 | T156N R85W SEC 4 N2SE | Y | 800.000 | 40.0000 | 40.0000 | T156N R85W SEC 4 N2SE |
| FEE | 10.00040.00B | OLGA CONENEN | FAILL CUNNINGHAM | 12/1/1972 | ND | RENVILLE | 108045 | 134 | 461 | 2306 | T156N R85W SEC 4 N2SE | Y | 800.000 | 16.5700 | 16.5700 | T156N R85W SEC 4 N2SE |
| FEE | 10.00040.00C | OLGA CONENEN | FAILL CUNNINGHAM | 12/1/1972 | ND | RENVILLE | 108045 | 134 | 461 | 3118 | T156N R85W SEC 12 NDNW | | | 40.0000 | 40.0000 | T156N R85W SEC 12 NDNW |
| FEE | 10.00040.00A | CONRAD HAANSAGER ET UX | FAILL CUNNINGHAM | 12/4/1972 | ND | RENVILLE | 114 | 479 | 108644 | 2305 | T156N R85W SEC 4 NE | | | 40.0000 | 40.0000 | T156N R85W SEC 4 NE |
| FEE | 10.00040.00B | CONRAD HAANSAGER ET UX | FAILL CUNNINGHAM | 12/4/1972 | ND | RENVILLE | 114 | 479 | 108644 | 2306 | T156N R85W SEC 4 NDNW | Y | | 16.5700 | 16.5700 | T156N R85W SEC 4 NDNW |
| FEE | 10.00040.00C | CONRAD HAANSAGER ET UX | FAILL CUNNINGHAM | 12/4/1972 | ND | RENVILLE | 114 | 479 | 108644 | 3118 | T156N R85W SEC 12 NDNW | | | 40.0000 | 40.0000 | T156N R85W SEC 12 NDNW |
| FEE | 10.00040.00A | NORA JOHNSON | FAILL CUNNINGHAM | 1/11/1973 | ND | RENVILLE | 114 | 485 | 108637 | 2116 | T160N R85W SEC 3 SW | | 800.000 | 40.0000 | 10.0000 | T160N R85W SEC 3 SW |
| FEE | 10.00040.00B | NORA JOHNSON | FAILL CUNNINGHAM | 1/11/1973 | ND | RENVILLE | 114 | 485 | 108637 | 2116 | T160N R85W SEC 8 SW | | 800.000 | 40.0000 | 4.1475 | T160N R85W SEC 8 SW |
| FEE | 10.00040.00A | PALMO JOHNSON | FAILL CUNNINGHAM | 1/8/1973 | ND | RENVILLE | 114 | 463 | 108636 | 2844 | T160N R85W SEC 6 S2W | | | 10.0000 | 10.0000 | T160N R85W SEC 6 S2W |
| FEE | 10.00040.00B | PALMO JOHNSON | FAILL CUNNINGHAM | 1/8/1973 | ND | RENVILLE | 114 | 463 | 108636 | 2844 | T160N R85W SEC 3 S2W | | | 10.0000 | 4.1475 | T160N R85W SEC 3 S2W |
| FEE | 10.00040.00A | KISSINGER PETROLEUM CORPORATION | 4/17/1974 | | ND | RENVILLE | 118 | 456 | 110218 | 2116 | T160N R85W SEC 5 NDSW | | | 40.0000 | 16.5000 | T160N R85W SEC 5 NDSW |
| FEE | 10.00040.00B | KISSINGER PETROLEUM CORPORATION | 4/17/1974 | | ND | RENVILLE | 118 | 456 | 110218 | 2844 | T160N R85W SEC 5 NDNW | | | 40.0000 | 16.5000 | T160N R85W SEC 5 NDNW |
| FEE | 10.00040.00A | HARVEY R SUNDAHL | FAILL CUNNINGHAM | 1/11/1973 | ND | RENVILLE | 114 | 489 | 108639 | 2116 | T160N R85W SEC 3 NDSW | | | 10.0000 | 10.0000 | T160N R85W SEC 3 NDSW |
| FEE | 10.00040.00B | HARVEY R SUNDAHL | FAILL CUNNINGHAM | 1/11/1973 | ND | RENVILLE | 114 | 489 | 108639 | 2844 | T160N R85W SEC 6 S2W | | | 10.0000 | 4.1475 | T160N R85W SEC 6 S2W |
| FEE | 10.00040.00A | VIVIAN BECKER | FAILL CUNNINGHAM | 1/11/1973 | ND | RENVILLE | 114 | 469 | 108638 | 2844 | T160N R85W SEC 6 S2W | | | 10.0000 | 10.0000 | T160N R85W SEC 6 S2W |
| FEE | 10.00040.00B | VIVIAN BECKER | FAILL CUNNINGHAM | 1/11/1973 | ND | RENVILLE | 114 | 469 | 108638 | 2844 | T160N R85W SEC 6 S2W | | | 10.0000 | 4.1475 | T160N R85W SEC 6 S2W |
| FEE | 10.00040.00A | ERMA AALUND | FAILL CUNNINGHAM | 1/11/1973 | ND | RENVILLE | 114 | 467 | 108636 | 2844 | T160N R85W SEC 6 S2W | | | 10.0000 | 10.0000 | T160N R85W SEC 6 S2W |
| FEE | 10.00040.00B | ERMA AALUND | FAILL CUNNINGHAM | 1/11/1973 | ND | RENVILLE | 114 | 467 | 108636 | 2844 | T160N R85W SEC 3 NDSW | | | 10.0000 | 4.1475 | T160N R85W SEC 3 NDSW |
| FEE | 10.00040.00A | A R AGO MARTY FLEACH | R E STEINBERG | 5/26/1966 | ND | RENVILLE | 57 | 429 | 87456 | 3529 | T160N R85W SEC LOTS 1, 2, 3, 4 SE AND EXCEPT A 66 ACRES OUT OF A PORTION OF LOT 1 | | 515.960 | 46.7950 | 113.899 | T160N R85W SEC LOTS 1, 2, 3, 4 SE AND EXCEPT A PORTION OF LOT 1 DESCRIBED BY METES |
| FEE | 10.00040.00B | A R AGO MARTY FLEACH | R E STEINBERG | 5/26/1966 | ND | RENVILLE | 57 | 429 | 87456 | 1011 | T160N R85W SEC 8 SW LOT 8 | | 414.930 | 24.4950 | 1.2986 | T160N R85W SEC 8 LOTS 1, 2, 3, 4 SE AND EXCEPT A PORTION OF LOT 1 DESCRIBED BY METES AND BOUNDS CONTAINING 6.64 ACRES |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION AND SUBLEASE CONTAINING 4.4 ACRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00060.000 | ADELINE M CHASE | C A VETT JR | 12/4/1948 | ND | BOTTINEAU | 152 | 398 | 237082 | 2888 | T160N R83W SEC14 W 4/2SE | Y | | 40.0000 | 40.0000 | T160N R83W SEC14 W 4/2SE |
| FEE | 10.00060.000 | ADELINE M CHASE | C A VETT JR | 12/4/1948 | ND | BOTTINEAU | 152 | 398 | 237082 | 2889 | T160N R83W SECTION 14 W/2SE | | 80.0000 | 40.0000 | 40.0000 | T160N R83W SECTION 14 W/2SE |
| FEE | 10.00061.000 | AGRI BANK | CARGON OIL INC | 10/16/2001 | ND | BURKE | 266 | 880 | 15184 | 1021 | T162N R89W SEC 34 | Y | | 80.0000 | 80.0000 | T162N R89W SEC 34 |
| FEE | 10.00062.000 | ALAMBRADA LEASE TRUST | WARD WILLISTON OIL COMPANY | 1/1/2008 | ND | RENVILLE | 287 | 34 | 184630 | 4285 | T162N R85W SEC 5 LOTS 1 (38.70 AC), LOT 2 (38.71 AC), E2NW | Y | 358.7135 | 358.7135 | 358.7135 | T162N R85W SEC 5 LOTS 1 (38.70 AC), LOT 2 (38.71 AC), E2NW |
| PRO | 10.00063.000 | ALBERT AND EUNICE ROSS | THE ROSS CORPORATION | 9/15/1964 | ND | RENVILLE | 75 | 42 | 91467 | 2664 | T161N R86W SEC12 E/2, NE4SW | N | | 10.0000 | 10.0000 | T161N R86W SEC12 E/2, NE4SW SURFACE TO DTM FORMANCE BASE OF THE UNITED, HOUSE RIVER PARK-MADISON POOL |
| PRO | 10.00063.000 | ALBERT AND EUNICE ROSS | THE ROSS CORPORATION | 9/15/1964 | ND | RENVILLE | 75 | 42 | 91467 | 3053 | T161N R86W SEC 30 E2SW AS TO THE MADISON FORMATION ONLY | | 9.6154 | 9.6154 | 9.6154 | T161N R86W SEC 30 E2SW AS TO THE MADISON FORMATION ONLY |
| FEE | 10.00064.000 | ALBERT AND MYRTLE WATLAND | CONSOR RESOURCES INC | 1/26/1979 | ND | BOTTINEAU | 215 | 234 | 272096 | 2482 | T161N R80W SEC 12 E2NW, W2NE, NE4NE | Y | 80.0000 | 80.0000 | 80.0000 | T161N R80W SEC 12 E2NW, W2NE, NE4NE |
| FEE | 10.00064.000 | ALBERT AND MYRTLE WATLAND | CONSOR RESOURCES INC | 1/26/1979 | ND | BOTTINEAU | 215 | 234 | 272096 | 2482 | T161N R80W SEC 12 E2NW, W2NE, NE4NE | | 40.0000 | 40.0000 | 40.0000 | T161N R80W SEC 12 E2NW, W2NE, NE4NE |
| FEE | 10.00064.000 | ALBERT AND MYRTLE WATLAND | CONSOR RESOURCES INC | 1/26/1979 | ND | BOTTINEAU | 215 | 234 | 272096 | 2483 | T161N R80W SEC 12 E2NW, W2NE, NE4NE | | 80.0000 | 80.0000 | 80.0000 | T161N R80W SEC 12 E2NW, W2NE, NE4NE |
| FEE | 10.00064.000 | ALBERT AND MYRTLE WATLAND | CONSOR RESOURCES INC | 1/26/1979 | ND | BOTTINEAU | 215 | 234 | 272096 | 2483 | T161N R80W SEC 12 E2NW, W2NE, NE4NE | | 40.0000 | 40.0000 | 40.0000 | T161N R80W SEC 12 E2NW, W2NE, NE4NE |
| FEE | 10.00065.000 | ALBERT AND MYRTLE WATLAND | TOM A SCHWARTZ | 3/1/1979 | ND | BOTTINEAU | 215 | 513 | 272408 | 2479 | T161N R80W SEC16 NE4NW | Y | 40.0000 | 40.0000 | 40.0000 | T161N R80W SEC16 NE4NW |
| FEE | 10.00066.000 | ALBERT AND MYRTLE WATLAND | TOM A SCHWARTZ | 3/1/1979 | ND | BOTTINEAU | 215 | 513 | 272408 | 2480 | T161N R80W SEC16 NW4NW | | 40.0000 | 40.0000 | 40.0000 | T161N R80W SEC16 NW4NW |
| FEE | 10.00066.000 | ALBERT AND MYRTLE WATLAND | TOM A SCHWARTZ | 3/1/1979 | ND | BOTTINEAU | 215 | 513 | 272408 | 2481 | T161N R80W SEC16 SW4NW | | 80.0000 | 80.0000 | 80.0000 | T161N R80W SEC16 SW4NW |
| FEE | 10.00067.000 | ALF KVISLAH | T E KJORSTAD | 5/7/1975 | ND | BOTTINEAU | 186 | 527 | 255731 | 2868 | T161N R79W SEC2 NE4 | Y | 21.3300 | 21.3300 | 21.3300 | T161N R79W SEC2 NE4 |
| FEE | 10.00067.000 | ALF KVISLAH | T E KJORSTAD | 5/7/1975 | ND | BOTTINEAU | 186 | 527 | 255731 | 2869 | T161N R79W NE4SE | | 4.6800 | 4.6800 | 4.6800 | T161N R79W NE4SE |
| FEE | 10.00068.000 | ALFRED AND MARION THOMPSON | GUYOIR OIL INC | 12/31/1964 | ND | BURKE | 93 | 595 | 117530 | 1011 | T162N R90W SEC 5 SE | Y | 160.0000 | 160.0000 | 160.0000 | T162N R90W SEC 5 SE |
| FEE | 10.00070.000 | ANNA HORNER & | WILLIAM A EKLUND | 3/3/1942 | ND | RENVILLE | 46 | 58 | 82650 | 3252 | T160N R86W SEC16 N/2NE | Y | 80.0000 | 80.0000 | 33.5556 | T160N R86W SEC16 N/2NE |
| FEE | 10.00070.000 | ANNA HORNER & | WILLIAM A EKLUND | 3/3/1942 | ND | RENVILLE | 46 | 58 | 82650 | 3253 | T160N R86W SEC 11 NE | | 37.7778 | | 37.7778 | T160N R86W SEC 11 NE |
| FEE | 10.00071.000 | ANNA AND JANET BRONIEKSKI/H | THE FIMREITE CORPORATION | 2/8/1969 | ND | BOTTINEAU | 113 | 419 | 227718 | 2887 | T163N R82W SEC 32 E2NE W4SW2 | Y | 73.3100 | 73.3100 | 73.3100 | T163N R82W SEC 32 E2NE W4SW2 |
| FEE | 10.00071.000 | ANNA AND JANET BRONIEKSKI/H | THE FIMREITE CORPORATION | 2/8/1969 | ND | BOTTINEAU | 113 | 419 | 227718 | 2888 | T163N R82W SEC 30 LOTS 1 AND 2, E2NW4 | | 80.0000 | 80.0000 | 80.0000 | T163N R82W SEC 30 LOTS 1 AND 2, E2NW4 |
| FEE | 10.00071.000 | ANNA AND JANET BRONIEKSKI/H | THE FIMREITE CORPORATION | 2/8/1969 | ND | BOTTINEAU | 113 | 419 | 227718 | 4213 | T163N R82W SEC 29 E2NW, N4SW | | 120.0000 | 120.0000 | 120.0000 | T163N R82W SEC 29 E2NW, N4SW |
| FEE | 10.00072.000 | ARNOLD J & GUNHILD LARSON | CURTIS MILLER/JIM MILLER OIL CO AND | 11/19/1970 | ND | RENVILLE | 166 | 71 | 127830 | 3124 | T161N R87W SEC 2 LOT 5, E 2NW | Y | 25.8917 | 25.8917 | 25.8917 | T161N R87W SEC 2 LOT 5, E 2NW |
| FEE | 10.00074.000 | ARTHUR C KROSS ET UR | DONALD N KOLVER | 8/4/1970 | ND | RENVILLE | 104 | 235 | 104185 | 2886 | T163N R84W SEC 2 LOTS 3, 4, E2SW, N4NW | Y | 40.0000 | 40.0000 | 40.0000 | T163N R84W SEC 2 LOTS 3, 4, E2SW, N4NW |
| FEE | 10.00074.000 | ARTHUR C KROSS ET UR | DONALD N KOLVER | 8/4/1970 | ND | RENVILLE | 104 | 235 | 104185 | 2887 | T163N R84W SEC 34, SW, S2NW, W4NW | | 560.0000 | 560.0000 | 560.0000 | T163N R84W SEC 34, SW, S2NW, W4NW |
| FEE | 10.00075.000 | ARTHUR R AND MAE ROUCH | RA STROM INC | 12/15/1963 | ND | RENVILLE | 80 | 809 | 88226 | 3110 | T162N R88W SEC 3 LOTS 4, E2SW | Y | 448.8600 | 448.8600 | 24.0000 | T162N R88W SEC 3 LOTS 4, E2SW |
| FEE | 10.00076.000 | BILL D & DARLENE K ROBERTS | DONMAN N LONG | 3/2/1988 | ND | RENVILLE | 224 | 459 | 155158 | 2957 | T162N R88W SEC 14 | Y | | 5.2102 | 5.2102 | T162N R88W SEC 14 |
| FEE | 10.00076.000 | BILL D & DARLENE K ROBERTS | DONMAN N LONG | 3/2/1988 | ND | RENVILLE | 224 | 459 | 155158 | 2958 | T162N R88W SEC 16, SE2, S2, E2, E2SW | | 0.7467 | 0.7467 | 0.7467 | T162N R88W SEC 16, SE2, S2, E2, E2SW |
| FEE | 10.00076.000 | BILL D & DARLENE K ROBERTS | DONMAN N LONG | 3/2/1988 | ND | RENVILLE | 224 | 459 | 155158 | 2959 | T162N R88W SEC 14, LOT 5, 6, 7, E2NW | | 1.5925 | 1.5925 | 1.5925 | T162N R88W SEC 14, LOT 5, 6, 7, E2NW |
| FEE | 10.00076.000 | BILL D & DARLENE K ROBERTS | DONMAN N LONG | 3/2/1988 | ND | RENVILLE | 224 | 459 | 155158 | 2961 | T162N R88W SEC 16, SE2, S2, E2, E2SW | | 3.8602 | 3.8602 | 3.8602 | T162N R88W SEC 16, SE2, S2, E2, E2SW |
| FEE | 10.00076.000 | BILL D & DARLENE K ROBERTS | DONMAN N LONG | 3/2/1988 | ND | RENVILLE | 224 | 459 | 155158 | 2972 | T162N R88W SEC 4, LOT 5, E 2SE | | 3.0371 | 3.0371 | 3.0371 | T162N R88W SEC 4, LOT 5, E 2SE |
| FEE | 10.00077.000 | ELLFREDA BEADES OF LANVIES | ABRAXAS PETROLEUM CORPORATION | 8/24/1979 | ND | RENVILLE | 177 | 308042 | 2846 | T163N R87W SEC 4, SE4NW | Y | 1603.900 | 1603.900 | 1603.900 | T163N R87W SEC 4, SE4NW |
| STATE | 10.00077.000 | DILTFORDBEADES OF LANVIES | ABRAXAS PETROLEUM CORPORATION | 8/24/1979 | ND | RENVILLE | 163 | 577 | 128082 | 2847 | T163N R87W SEC 10 LOTS 1,2,3,4, E2W2 | | 240.0000 | 240.0000 | 240.0000 | T163N R87W SEC 10 LOTS 1,2,3,4, E2W2 |
| STATE | 10.00077.000 | DILTFORDBEADES OF LANVIES | TERRY R MOORE | 9/7/2007 | ND | RENVILLE | 285 | 187 | 189770 | 2948 | T160N R79W SEC 16 | | 120.0000 | 120.0000 | 120.0000 | T160N R79W SEC 16 |
| FEE | 10.00077.000 | BRIAN Q & LAURA J PETERSON | C A VETT JR | 1/2/1968 | ND | BOTTINEAU | 152 | 395 | 237081 | 2885 | T160N R83W SEC 30 SE4, SW4 | Y | 40.0000 | 40.0000 | 20.0000 | T160N R83W SEC 30 SE4, SW4 |
| FEE | 10.00077.000 | THE UNION CENTRAL LIFE INS | C A VETT JR | 12/2/1948 | ND | BOTTINEAU | 152 | 395 | 237081 | 2891 | T160N R83W SEC18 LOTS 1,2,3, E2NW2 | | 76.8350 | 76.8350 | 76.8350 | T160N R83W SEC18 LOTS 1,2,3, E2NW2 |
| FEE | 10.00077.000 | THE UNION CENTRAL LIFE INS | C A VETT JR | 12/2/1948 | ND | BURKE | 152 | 395 | 237081 | 2874 | T160N R83W SEC18 LOTS 1,2,3, E2NW2 | | 76.6500 | 76.6500 | 76.6500 | T160N R83W SEC18 LOTS 1,2,3, E2NW2 |
| FEE | 10.00077.000 | C E AND AUGUSTA BRYAN | STANDARD OIL AND GAS CO ET AL | 6/8/1948 | ND | BURKE | 374 | | 73093 | 2441 | T163N R91W SEC 17 1NWH4, N4NW4, N4N4, NW4NE | | 40.0000 | 40.0000 | 40.0000 | T163N R91W SEC 17 1NWH4, N4NW4, N4N4, NW4NE |

Exhibit A - 3

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00000.000 | CE AND AUGUSTA BRINK | STANDARD OIL AND GAS CO ET AL | 6/6/1949 | ND | BURKE | 374 | | 75909 | 2492 | T160N R91W SEC.17 W2NE | Y | | 400.0000 | 400.0000 | T160N R91W SEC.8 SENE / T160N R91W SEC.17 W2NE |
| FEE | 10.00000.000 | CE AND AUGUSTA BRINK | STANDARD OIL AND GAS CO ET AL | 6/6/1949 | ND | BURKE | 374 | | 75909 | 2493 | T160N R91W SEC.17 N2NW, N2NE, SENE | Y | | 800.0000 | 800.0000 | T160N R91W SEC.17 N2NW, N2NE, SENE / T160N R91W SEC.8 SE |
| FEE | 10.00000.000 | CE AND AUGUSTA BRINK | STANDARD OIL AND GAS CO ET AL | 6/6/1949 | ND | BURKE | 374 | | 75909 | 2494 | T160N R91W SEC.8 SE | Y | | 160.0000 | 160.0000 | T160N R91W SEC.17 N2NW, N2NE, SENE / T160N R91W SEC.8 SE |
| FEE | 10.00004.000 | CL KELDTAD ER & KATHERINE | COOP OIL & GAS CORPORATION | 10/3/1998 | ND | RENVILLE | 228 | 3 | 154631 | 2957 | T162N R85W SEC.11 E2SW | Y | | 1.8883 | 0.7447 | T162N R85W SEC.11 E2SW / T162N R85W SEC.11, E12SW |
| FEE | 10.00004.000 | CL KELDTAD ER & KATHERINE | COOP OIL & GAS CORPORATION | 10/3/1998 | ND | RENVILLE | 228 | 3 | 154631 | 2958 | T162N R85W SEC.11 LOTS 3, 4 | Y | | 1.5925 | 1.5925 | T162N R85W SEC.11 LOTS 3, 4, E12SW |
| FEE | 10.00004.000 | CL KELDTAD ER & KATHERINE | COOP OIL & GAS CORPORATION | 10/3/1998 | ND | RENVILLE | 228 | 3 | 154631 | 2961 | T162N R85W SEC.11 LOTS 3, 4, E2SW | Y | | 3.3602 | 3.3602 | T162N R85W SEC.11 LOTS 3, 4, E12SW |
| FEE | 10.00006.000 | C M JONES | COOP OIL & GAS CORPORATION | 11/9/1998 | ND | RENVILLE | 228 | 98 | 154690 | 2957 | T162N R85W SEC.11 E2SW | Y | | 0.8451 | 0.3334 | T162N R85W SEC.11 E12SW |
| FEE | 10.00006.000 | C M JONES | COOP OIL & GAS CORPORATION | 11/9/1998 | ND | RENVILLE | 228 | 98 | 154690 | 2958 | T162N R85W SEC.11 LOTS 3, 4 | Y | | 0.7763 | 0.7763 | T162N R85W SEC.11 LOTS 3, 4, E12SW |
| FEE | 10.00006.000 | C M JONES | COOP OIL & GAS CORPORATION | 11/9/1998 | ND | RENVILLE | 228 | 98 | 154690 | 2961 | T162N R85W SEC.11 LOTS 3, 4, E2SW | Y | | 1.8401 | 1.8401 | T162N R85W SEC.11 LOTS 3, 4, E12SW |
| FEE | 10.00008.000 | CARDINAL HEALTHCO SEMINARY | ENTERPRISE OIL & GAS INC | 8/23/1942 | ND | RENVILLE | 191 | 38 | 137179 | 1903 | T160N R89W SEC.17 NWNW | Y | | 2.5000 | 2.5000 | T160N R89W SEC.17 NW |
| FEE | 10.00008.000 | CARDINAL HEALTHCO SEMINARY | ENTERPRISE OIL & GAS INC | 8/23/1942 | ND | RENVILLE | 191 | 38 | 137179 | 1932 | T160N R89W SEC.17 SENW | Y | | 2.5000 | 2.5000 | T160N R89W SEC.17 NW |
| FEE | 10.00008.000 | CARDINAL HEALTHCO SEMINARY | ENTERPRISE OIL & GAS INC | 8/23/1942 | ND | RENVILLE | 191 | 38 | 137179 | 1903 | T160N R89W SEC.17 NWNW | Y | | 2.5000 | 2.5000 | T160N R89W SEC.17 NW |
| FEE | 10.00008.000 | CARDINAL HEALTHCO SEMINARY | ENTERPRISE OIL & GAS INC | 8/23/1942 | ND | RENVILLE | 191 | 38 | 137179 | 1905 | T160N R89W SEC.17 SWNW | Y | | 2.5000 | 2.5000 | T160N R89W SEC.17 NW |
| FEE | 10.00009.000 | DANIEL LUND | WARD WILLISTON OIL COMPANY | 7/1/2002 | ND | BURKE | 322 | 173 | 170573 | 1025 | T160N R88W SEC.32 S2SE | Y | | 10.0000 | 10.0000 | T160N R88W SEC.32 S2SE |
| FEE | 10.00070.000 | DEOL AND JILLIAN MASTERS | A G GOLDEN | 6/26/1976 | ND | BURKE | 126 | 132157 | | 320 | T160N R92W SEC.42 | Y | | 80.0000 | 80.0000 | T160N R92W SEC.42 / SEC.42 ND |
| FEE | 10.00070.000 | DEOL AND JILLIAN MASTERS | A G GOLDEN | 6/26/1976 | ND | BURKE | 126 | 132157 | | 321 | T160N R92W SEC.4 SW | Y | | 80.0000 | 80.0000 | T160N R92W SEC.4 SW / SEC.42 ND |
| FEE | 10.00070.000 | DEOL AND JILLIAN MASTERS | A G GOLDEN | 6/26/1976 | ND | BURKE | 126 | 132157 | | 322 | T160N R92W SEC.42 | Y | | 160.0000 | 160.0000 | T160N R92W SEC.42 / SEC.42 ND |
| FEE | 10.00070.000 | CITY OF SHERWOOD | MONSANTO CHEMICAL COMPANY | 11/8/1961 | ND | RENVILLE | 42 | 81851 | | 2501 | T160N R89W SEC.6 W2NE | Y | | 20.0000 | 13.3333 | T160N R89W SEC.6 SE |
| FEE | 10.00070.000 | CITY OF SHERWOOD | MONSANTO CHEMICAL COMPANY | 11/8/1961 | ND | RENVILLE | 42 | 81851 | | 2502 | T160N R89W SEC.6 SWNE | Y | | 40.0000 | 22.6667 | T160N R89W SEC.6 SE |
| FEE | 10.00070.000 | CITY OF SHERWOOD | MONSANTO CHEMICAL COMPANY | 11/8/1961 | ND | RENVILLE | 42 | 81851 | | 2770 | T160N R89W SEC.19 NDSE LESS AND EXCEPT A STRIP OF LAND BEING .21 ACRES RUNNING ALONG THE WEST SIDE OF THE EAST 33 FEET OF N2SE | Y | | 39.7900 | 13.2738 | T160N R89W SEC.19 NE |
| FEE | 10.00070.000 | CITY OF SHERWOOD | MONSANTO CHEMICAL COMPANY | 11/8/1961 | ND | RENVILLE | 42 | 81851 | | 2771 | T160N R89W SEC.19 N2SE LESS AND EXCEPT A STRIP OF LAND BEING .21 ACRES RUNNING ALONG THE WEST SIDE OF THE EAST 33 FEET OF SE34 | Y | | 39.7900 | 22.1677 | T160N R89W SEC.19 NE |
| FEE | 10.00070.000 | CLARENCE AND DORIS LUND | E M HUBER CORPORATION | 7/23/1970 | ND | RENVILLE | 32 | 79740 | | 3815 | T160N R89W SEC.26 SE1/2 NE2 EXCEPT A STRIP OF LAND IN NE..21 ACRES RUNNING ALONG THE WEST 660 OF THE EAST 33 FEET OF SE34 (LICKING) | Y | | 153.2450 | 77.5081 | T160N R89W SEC.42 (MPESG) |
| FEE | 10.00070.000 | CLARENCE AND DORIS LUND | E M HUBER CORPORATION | 7/23/1970 | ND | RENVILLE | 32 | 79740 | | 3863 | T160N R89W SEC.6 W2 (MPESG) | Y | | 159.2450 | | T160N R89W SEC.6 W2 (MPESG) / SEC.6 LOTS 3, 4, E2W, SENE (LICKING) |
| FEE | 10.00070.000 | CLARENCE & GLADYS C BURN | C S WINBAUER | 5/22/1961 | ND | RENVILLE | 41 | 375 | 81252 | | 2946 | T162N R85W SEC.15 W2SE | Y | | 1.5000 | 0.6667 | T162N R85W SEC.6 LOTS 1 & 2, E2W, E2 (LICKING) |

Exhibit A - 4

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURED NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 33.00070.000 | GARDNER C & GLADYS C BURN | C. J. WHINNAUER | 5/22/1961 | ND | RENVILLE | 41 | 375 | 81212 | 2945 | T158N R85W SEC 8: E2SE | Y | | 1.5000 | 0.6667 | T158N R85W SEC 31: SE |
| FEE | 33.00070.000 | GARDNER C & GLADYS C BURN | C. J. WHINNAUER | 5/22/1961 | ND | RENVILLE | 41 | 375 | 81212 | 2957 | T158N R85W SEC 15: O2SW | Y | | 6.6664 | 2.6882 | T158N R85W SEC 15: O2TS 3, 4, E2SW, E2 |
| FEE | 33.00070.000 | GARDNER C & GLADYS C BURN | C. J. WHINNAUER | 5/22/1961 | ND | RENVILLE | 41 | 375 | 81212 | 2958 | T158N R85W SEC 15: E2SW | Y | | 5.7331 | 5.7331 | T158N R85W SEC 15: O2TS 3, 4, E2SW, E2 |
| FEE | 33.00070.000 | GARDNER C & GLADYS C BURN | C. J. WHINNAUER | 5/22/1961 | ND | RENVILLE | 41 | 375 | 81212 | 2959 | T158N R85W SEC 14: E2NE | Y | 800000 | 1.5000 | 0.6667 | T158N R85W SEC 31: SE |
| FEE | 33.00070.000 | GARDNER C & GLADYS C BURN | C. J. WHINNAUER | 5/22/1961 | ND | RENVILLE | 41 | 375 | 81212 | 2960 | T158N R85W SEC 15: W2N1 | Y | 800000 | 1.5000 | 0.6667 | T158N R85W SEC 15: O2TS 3, 4, E2SW, E2 |
| FEE | 33.00070.000 | GARDNER C & GLADYS C BURN | C. J. WHINNAUER | 5/22/1961 | ND | RENVILLE | 41 | 375 | 81212 | 2961 | T158N R85W SEC 14: SE | Y | 1601000 | 12.0968 | 12.0968 | T158N R85W SEC 15: O2TS 3, 4, E2SW, E2 |
| FEE | 33.00070.000 | CLAUDIA TYLER | DENMAN W LONG | 3/2/1998 | ND | RENVILLE | 224 | 463 | 150564 | 2957 | T158N R85W SEC 36: SE | Y | | 1.6801 | 0.7447 | T158N R85W SEC 15: O2TS 3, 4, E2SW |
| FEE | 33.00070.000 | CLAUDIA TYLER | DENMAN W LONG | 3/2/1998 | ND | RENVILLE | 224 | 463 | 150564 | 2958 | T158N R85W SEC 15: E2SW | Y | | 1.5925 | 1.5925 | T158N R85W SEC 15: O2TS 3, 4, E2SW |
| FEE | 33.00070.000 | CLAUDIA TYLER | DENMAN W LONG | 3/2/1998 | ND | RENVILLE | 224 | 463 | 150564 | 2961 | T158N R85W SEC 36: SE | Y | | 3.3602 | 3.3602 | T158N R85W SEC 15: O2TS 3, 4, E2SW |
| FEE | 33.00070.000 | CLAUDIA TYLER | DENMAN W LONG | 3/2/1998 | ND | RENVILLE | 224 | 463 | 150564 | 2972 | T158N R85W SEC 6: O2TS 1, 2, E2NE | Y | | 3.3671 | 1.2671 | T158N R85W SEC 6: O2TS 1, 2, E2NE |
| FEE | 33.00070.000 | CLAYTON LANGE | WARD WILLISTON OIL COMPANY | 1/1/2008 | ND | RENVILLE | 287 | 80 | 189039 | 4205 | T158N R84W SEC 17: O2TS 23A T3 A1, LOT 2 138.7T A1, LZNW | Y | 717.4300 | 318.7310 | 318.7310 | T158N R84W SEC 17: O2TS 23A T3 A1, LOT 2 138.7T A1, LZNW |
| STATE | 33.00120.000 | QUEBBROM BUSHO OF UNIVES | DENMAN W LONG | 8/2/1988 | ND | RENVILLE | 36 | 36 | 158491 | 3Z6 | T158N R85W SEC 36: NE | Y | 1601000 | 160.0000 | 160.0000 | T158N R85W SEC 36: NE |
| FEE | 33.00122.000 | CURTIS MILLER DBA MILLER D | MILLER PETROLEUM INC | 8/26/1998 | ND | RENVILLE | 226 | 538 | 158491 | 2957 | T158N R85W SEC 36: NW | Y | | 5.2081 | 2.3148 | T158N R85W SEC 15: E2SW |
| FEE | 33.00122.000 | CURTIS MILLER DBA MILLER D | MILLER PETROLEUM INC | 8/26/1998 | ND | RENVILLE | 226 | 538 | 158491 | 2958 | T158N R85W SEC 15: E2SW | Y | | 4.9368 | 4.9368 | T158N R85W SEC 15: E2SW |
| FEE | 33.00122.000 | CURTIS MILLER DBA MILLER DLG AND | CURTIS MILLER DBA MILLER DLG AND | 1/1/1976 | ND | RENVILLE | 239 | 130155 | 130155 | 2961 | T158N R85W SEC 36: SE | Y | | 10.4167 | 10.4167 | T158N R85W SEC 15: O2TS 3, 4, E2SW |
| FEE | 33.00110.000 | INLAND OIL & GAS CORPORATION | INLAND OIL & GAS CORPORATION | 10/31/1977 | ND | RENVILLE | 148 | 277 | 118643 | 3Z61 | T158N R85W SEC 17: NE | Y | | 10.0000 | 10.0000 | T158N R85W SEC 17: NE |
| FEE | 33.00110.000 | DAVID AND ARLENE MEYER | INLAND OIL & GAS CORPORATION | 10/31/1977 | ND | RENVILLE | 148 | 277 | 118643 | 3Z02 | T158N R85W SEC 17: SENW | Y | | 10.0000 | 10.0000 | T158N R85W SEC 17: NE |
| FEE | 33.00110.000 | DAVID AND ARLENE MEYER | INLAND OIL & GAS CORPORATION | 10/31/1977 | ND | RENVILLE | 148 | 277 | 118643 | 3Z03 | T158N R85W SEC 17: NE | Y | | 10.0000 | 10.0000 | T158N R85W SEC 17: NE |
| FEE | 33.00110.000 | DAVID AND ARLENE MEYER | INLAND OIL & GAS CORPORATION | 10/31/1977 | ND | RENVILLE | 148 | 277 | 118643 | 3Z05 | T158N R85W SEC 17: SNNNW (ANTELS FROM FM SURFACE TO BASE OF THIS MISSION CANYON) | Y | | 10.0000 | 10.0000 | T158N R85W SEC 17: NE |
| FEE | 33.00110.000 | DAVID AND ARLENE MEYER | INLAND OIL & GAS CORPORATION | 10/31/1977 | ND | RENVILLE | 148 | 277 | 118643 | 4Z64 | T158N R85W SEC 17: NE | Y | | 40.0000 | 40.0000 | T158N R85W SEC 17: NE |
| FEE | 33.00110.000 | DELFRED AND GARNET STRAND | CURTIS MILLER DBA MILLER DLG | 11/20/1979 | ND | RENVILLE | 166 | 67 | 127808 | 3Z24 | T158N R85W SEC 14: E2SW 2, LZNW | Y | | 21.4576 | 21.4576 | T158N R85W SEC 14: E2SW 2, LZNW |
| FEE | 33.00110.000 | DELFRED AND GARNET STRAND | INLAND OIL & GAS CORPORATION | 1/7/1986 | ND | RENVILLE | 211 | 578 | 145158 | 3Z04 | T158N R85W SEC 36: NE | Y | | 28.6667 | 24.6667 | T158N R85W SEC 15: O2TS 3, 4, E2SW |
| FEE | 33.00112.000 | DENMAN W LONG | LONG PETROLEUM INC | 10/3/1998 | ND | RENVILLE | 229 | 360 | 150159 | 2957 | T158N R85W SEC 36: SE | Y | | 0.5043 | 0.2240 | T158N R85W SEC 36: SE |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | NET | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.000.55.000 | HARPE TRUST, B ROBERT (SAV) | OSHALA AGRICULTURAL ASSOCIATION INC | 9/2/1916 | ND | RENVILLE | 59 | 233 | 83770 | 2949 | T162N-R91W SEC 11-W2W | Y | | 2.5000 | 11.111 | SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.000.55.000 | HARPE TRUST, B ROBERT (SAV) | OSHALA AGRICULTURAL ASSOCIATION INC | 9/2/1916 | ND | RENVILLE | 59 | 233 | 83770 | 2957 | T162N-R91W SEC 11-W2W | Y | 800.000 | 5.9463 | 2.2491 | T162N-R91W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.000.55.000 | HARPE TRUST, B ROBERT (SAV) | OSHALA AGRICULTURAL ASSOCIATION INC | 9/2/1916 | ND | RENVILLE | 59 | 233 | 83770 | 2958 | T162N-R91W SEC 11: LOTS 3, 4 | Y | 714.800 | 4.7776 | 4.7776 | T162N-R91W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.000.55.000 | HARPE TRUST, B ROBERT (SAV) | OSHALA AGRICULTURAL ASSOCIATION INC | 9/2/1916 | ND | RENVILLE | 59 | 233 | 83770 | 2959 | T162N-R91W SEC 11: LOTS 3, 4 | Y | | 2.5000 | 13.111 | T162N-R91W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.000.55.000 | HARPE TRUST, B ROBERT (SAV) | OSHALA AGRICULTURAL ASSOCIATION INC | 9/2/1916 | ND | RENVILLE | 59 | 233 | 83770 | 2960 | T162N-R91W SEC 11: N2NE | Y | | 2.5000 | 10556 | T162N-R91W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0017.006 | DAVID THOMPSON LO | ENQUIRO OPERATING LLC | 2/3/2014 | ND | BURKE | | | 233540 | 2478 | T162N-R93W SEC 24-E2NW | Y | 800.000 | 40.0000 | 40.0000 | T162N-R93W SEC 24: E2NW |
| FEE | 10.0017.006 | JAMES ONEILL | ENQUIRO OPERATING LLC | 2/3/2014 | ND | BURKE | | | 233520 | 2478 | T162N-R93W SEC 24-E2NW | Y | 200.000 | 20.0000 | 20.0000 | T162N-R93W SEC 24: E2NW |
| FEE | 10.0017.00C | RICHARD A WILLIAMS | ENQUIRO OPERATING LLC | 2/3/2014 | ND | BURKE | | | 236680 | 2478 | T162N-R93W SEC 24-E2NW | Y | 0.5000 | 6.3333 | 6.3333 | T162N-R93W SEC 24: E2NW |
| FEE | 10.0017.00C | DAWN KULP | ENQUIRO OPERATING LLC | 1/16/2014 | ND | BURKE | | | 236608 | 2478 | T162N-R93W SEC 24-E2NW | Y | 0.5000 | 1.0000 | 1.0000 | T162N-R93W SEC 24: E2NW |
| FEE | 10.0017.000 | R JOE F WILLIAMS SR | ENQUIRO OPERATING LLC | 2/3/2014 | ND | BURKE | | | 236670 | 2478 | T162N-R93W SEC 24-E2NW | Y | 0.5000 | 6.3333 | 6.3333 | T162N-R93W SEC 24: E2NW |
| FEE | 10.0017.000 | BARBARA CASABER ESSA REV | ENQUIRO OPERATING LLC | 2/3/2014 | ND | BURKE | | | 236436 236704 | 2478 | T162N-R93W SEC 24-E2NW | Y | 0.5000 | 6.3333 | 6.3333 | T162N-R93W SEC 24: E2NW |
| FEE | 10.0052.000 | HOWARD AND J-LLANN EDMONDS | DENMAN N LONG | 12/9/1980 | ND | RENVILLE | 229 | 96 | 150239 | 2948 | T160N-R91W SEC 17-S2 | Y | 800.000 | 40.0000 | 17.7778 | T160N-R91W SEC 17: LOTS 1, 2, 3 |
| FEE | 10.0052.000 | HOWARD AND J-LLANN EDMONDS | DENMAN N LONG | 12/9/1980 | ND | RENVILLE | 229 | 96 | 150239 | 2949 | T160N-R91W SEC 17-S2 | Y | 800.000 | 40.0000 | 17.7778 | T160N-R91W SEC 17: LOTS 1, 2, 3 |
| FEE | 10.0052.000 | IRENE A KARLOS | ALLISON & WARING EXPLORATION INC | 2/27/1984 | ND | RENVILLE | 399 | 644 | 140714 | 3024 | T160N-R91W SEC 17-S2 | Y | 160.000 | 80.0000 | 80.0000 | T160N-R91W SEC 17: S2 |
| FEE | 10.0052.000 | I D AND LUCILLE HENDERSON | LEONARD WARD | 1/5/1955 | ND | BOTTINEAU | 52 | 63 | 150061 | 2941 | T160N-R91W SEC 17-S2 | Y | 400.000 | 20.0000 | 20.2000 | T160N-R91W SEC 17: LOTS 2, 3 |
| FEE | 10.0052.000 | I D AND LUCILLE HENDERSON | LEONARD WARD | 1/5/1955 | ND | BOTTINEAU | 52 | 63 | 150061 | 2942 | T160N-R91W SEC 17-S2 | Y | 453.980 | 20.2900 | 11.4131 | T160N-R91W SEC 17: LOTS 2, 3 |
| FEE | 10.0052.000 | I D AND LUCILLE HENDERSON | LEONARD WARD | 1/5/1955 | ND | BOTTINEAU | 52 | 63 | 150061 | 2943 | T160N-R91W SEC 17-S2 | Y | 453.980 | 20.4800 | 25.0480 | T160N-R91W SEC 17: LOTS 2, 3 |
| FEE | 10.0073.000 | JOHN T AND MYRTLE SCHATT | CURTIS MILLER FOR MILLER OIL CO AND | 12/31/1979 | ND | RENVILLE | 164 | 60 | 129009 | 5024 | T160N-R91W SEC 17-S2 | Y | 25.4517 | 11.4676 | 11.4676 | T160N-R91W SEC 17: LOTS 1, 2, E2NW |
| FEE | 10.0073.000 | JOHN T AND MYRTLE SCHATT | DENMAN N LONG | 5/4/1997 | ND | RENVILLE | 120 | 301 | 131601 | 5024 | T160N-R91W SEC 17-S2 | Y | 24.6667 | 24.6667 | 24.6667 | T160N-R91W SEC 17: LOTS 1, 2, E2NW |
| FEE | 10.0073.000 | CHARLOTTE LUND OLSON | WARD INVELTON OIL COMPANY | 6/22/2002 | ND | RENVILLE | 375 | 164 | 177011 | 5005 | T160N-R91W SEC 17-N2NE | Y | 200.000 | 20.0000 | 20.0000 | T160N-R91W SEC 17: N2NE |
| FEE | 10.0075.000 | JULIUS AND ARLENE LENTZ | S NTE WPOIL OIL & GAS INC | 6/15/1982 | ND | RENVILLE | 100 | 99 | 138441 | 5002 | T160N-R91W SEC 17-N2NW | Y | 0.6250 | 0.6250 | 0.6250 | T160N-R91W SEC 17: N2NW |
| FEE | 10.0075.000 | JULIUS AND ARLENE LENTZ | S NTE WPOIL OIL & GAS INC | 6/15/1982 | ND | RENVILLE | 100 | 99 | 138441 | 5002 | T160N-R91W SEC 17-N2NW | Y | 0.6250 | 0.6250 | 0.6250 | T160N-R91W SEC 17: N2NW |
| FEE | 10.0075.000 | JULIUS AND ARLENE LENTZ | S NTE WPOIL OIL & GAS INC | 6/15/1982 | ND | RENVILLE | 100 | 99 | 138441 | 5003 | T160N-R91W SEC 17-N2NW | Y | 0.6250 | 0.6250 | 0.6250 | T160N-R91W SEC 17: N2NW |
| FEE | 10.0075.000 | JULIUS AND ARLENE LENTZ | S NTE WPOIL OIL & GAS INC | 6/15/1982 | ND | RENVILLE | 100 | 99 | 138441 | 5003 | T160N-R91W SEC 17: SWNE LIMITED FROM THE SURFACE TO BASE OF THE MISSION CANYON | Y | 0.6250 | 0.6250 | 0.6250 | T160N-R91W SEC 17: N2NW |
| FEE | 10.0077.000 | LARRY SORENSON | WARD INVELTON OIL COMPANY | 6/28/2002 | ND | RENVILLE | 274 | 329 | 170170 | 5005 | T160N-R91W SEC 17: N2NE | Y | 0.6667 | 6.6667 | 6.6667 | T160N-R91W SEC 17: N2NE |
| FEE | 10.0077.000 | J-LLANN AND HOWARD EDMONDS | COD Y OIL & GAS CORPORATION | 9/2/1998 | ND | RENVILLE | 237 | 164 | 154529 | 2957 | T160N-R91W SEC 17-S2 | Y | 37.0374 | 17.9194 | | T160N-R91W SEC 17: S2 |
| FEE | 10.0081.000 | J-LLANN AND HOWARD EDMONDS | COD Y OIL & GAS CORPORATION | 9/2/1998 | ND | RENVILLE | 237 | 164 | 154529 | 5004 | T160N-R91W SEC 17-S2 | Y | 37.0852 | 37.0852 | | T160N-R91W SEC 17: S2 |
| FEE | 10.0081.000 | J-LLANN AND HOWARD EDMONDS | COD Y OIL & GAS CORPORATION | 9/2/1998 | ND | RENVILLE | 237 | 164 | 154529 | 2961 | T160N-R91W SEC 36-SE | Y | 79.3548 | 79.3548 | 79.3548 | T160N-R89W SEC 36: SE |
| FEE | 10.0083.000 | UNAD SORENSON | WARD INVELTON OIL COMPANY | 6/28/2002 | ND | RENVILLE | 230 | 256 | 170310 | 5005 | T160N-R91W SEC 17: N2NE | Y | 0.6667 | 6.6667 | 4.6667 | T160N-R91W SEC 17: N2NE |
| FEE | 10.0088.000 | LLOYD HEIMER | MILLER OIL COMPANY | 10/26/1977 | ND | RENVILLE | 149 | 27 | 120130 | 3016 | T160N-R91W SEC 32-SE | Y | 800.000 | 80.0000 | 35.5556 | T160N-R91W SEC 32: SE |
| FEE | 10.0088.000 | LLOYD HEIMER | MILLER OIL COMPANY | 10/26/1977 | ND | RENVILLE | 149 | 27 | 120130 | 3018 | T160N-R91W SEC 32-SE | Y | 800.000 | 80.0000 | 35.5556 | T160N-R91W SEC 32: SE |
| FEE | 10.0088.000 | LLOYD HEIMER | MILLER OIL COMPANY | 10/26/1977 | ND | RENVILLE | 149 | 27 | 120130 | 3019 | T160N-R91W SEC 32-SE | Y | 800.000 | 80.0000 | 35.5556 | T160N-R91W SEC 32: SE |
| FEE | 10.0088.000 | LEE AND CAROLYN ALEXANDER | WARD INVELTON OIL COMPANY | 8/26/2008 | ND | RENVILLE | 292 | 942 | 187244 | 2966 | T160N-R91W SEC 7-SE | Y | 0.5000 | 53.3333 | 53.3333 | T160N-R91W SEC 7: SE |
| FEE | 10.0088.000 | LES AND CAROLYN ALEXANDER | COD Y OIL & GAS CORPORATION | 11/22/1975 | ND | RENVILLE | 141 | 267 | 114136 | 3460 | T160N-R91W SEC 7-SE | Y | 40.0000 | 40.0000 | 40.0000 | T160N-R91W SEC 7: SE |
| FEE | 10.0088.000 | OLE AND LYDIA NYGAARD | SAMDAN OIL CORPORATION | 4/22/1976 | ND | RENVILLE | 351 | 269 | 141602 | 2899 | T160N-R91W SEC 7-SE | Y | 100.000 | 100.0000 | 100.0000 | T160N-R91W SEC 7: SE |
| FEE | 10.0092.000 | W F & MADELINE L FOSS TRUST | COD Y OIL & GAS CORPORATION | 4/22/1976 | ND | RENVILLE | 141 | 258 | 143602 | | T160N-R91W SEC 7-SE | Y | | | 109.8000 | T160N-R91W SEC 7: SE |
| FEE | 10.0092.000 | STATE OF NORTH DAKOTA | MONDANTO CHEMICAL COMPANY | 2/20/1941 | ND | RENVILLE | 83 | 405 | 82267 | 3029 | T160N-R91W SEC 25: LOTS 1, 2, 3, LESS AND EXCEPT A 66 ACRES OUT OF LOTS DESCRIBED BY | Y | 48.7950 | 46.7950 | 161.1800 | T160N-R91W SEC 25: LOTS 1, 2, 3, LESS AND EXCEPT A PORTION OF LOT 1 DESCRIBED BY |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00150.000 | STATE OF NORTH DAKOTA | MONSANTO CHEMICAL COMPANY | 2/20/1950 | ND | RENVILLE | 405 | 405 | 8263 | 1031 | T158N R83W SEC15 LOT3 | Y | | 24.0010 | 5.2886 | T158N R83W SEC15: LOTS 1, 3, LEGANGO (EXCEPT A PORTION OF LOT 3 DESCRIBED BY METES AND BOUNDS CONTAINING 4.04 ACRES) METES AND BOUNDS CONTAINING 4.04 ACRES |
| FEE | 10.00194.000 | NAME E CLIFFORD | COOP INC | 2/27/1991 | ND | RENVILLE | 177 | 339 | 132326 | 3061 | T158N R49W SEC C-T N49W | Y | 400.0000 | 1.2500 | 1.2500 | T158N R83W SEC 17: NW |
| FEE | 10.00194.000 | NAME E CLIFFORD | COOP INC | 2/27/1991 | ND | RENVILLE | 177 | 339 | 132326 | 3063 | T158N R49W SEC C-T N49W | Y | 400.0000 | 1.2500 | 1.2500 | T158N R83W SEC 17: NW |
| FEE | 10.00194.000 | NAME E CLIFFORD | COOP INC | 2/27/1991 | ND | RENVILLE | 177 | 339 | 132326 | 3063 | T158N R49W SEC C-T N49W | Y | 400.0000 | 1.2500 | 1.2500 | T158N R83W SEC 17: NW |
| FEE | 10.00194.000 | NAME E CLIFFORD | COOP INC | 2/27/1991 | ND | RENVILLE | 177 | 339 | 132326 | 3065 | T158N R49W SEC C-T N49W | Y | 400.0000 | 1.2500 | 1.2500 | T158N R83W SEC 17: NW |
| FEE | 10.00178.000 | MARILYN MAID JAMES EDUARD | WARD WILLISTON OIL COMPANY | 7/3/2002 | ND | RENVILLE | 276 | 170136 | | 3065 | T12 SWNW LIMITED FROM THE SURFACE TO BASE OF THE MISSION CANYON | Y | | 10.0000 | 10.0000 | T156N R89W SEC 17: NW |
| FEE | 10.00176.000 | MARYANN LUBAN | WARD WILLISTON OIL COMPANY | 4/28/2002 | ND | RENVILLE | 242 | 176097 | | 3065 | T158N R89W SEC E- SE4 | Y | 165.0000 | 6.6667 | 6.6667 | T162N R88W SEC 2: NW |
| FEE | 10.00176.000 | MELVIN W WALLANTINE | WARD WILLISTON OIL COMPANY | 9/3/1952 | ND | BOTTINEAU | 98 98 | 188 338 | 188920 188935 | 2452 | T14 R89W SEC15 LOTS 3 AND 4 | Y | 25.7.700 | 252.7300 | 25.7.700 | T158N R89W SEC 25: LOTS 3 AND 4 SEC 26: LOTS 1 AND 2 SEC 25: N2N1 |
| FEE | 10.00171.000 | MELVIN W WALLANTINE ETAL | WARD WILLISTON OIL COMPANY | 9/3/1952 | ND | BOTTINEAU | 98 98 | 188 338 | 188920 188935 | 3623 | T14 R89W SEC15 LOT3 | Y | 800.0000 | 80.0000 | 800.0000 | T158N R88W SEC 25: LOTS 1 AND 2 SEC 26: LOTS 1 AND 2 SEC 25: N2N1 |
| FEE | 10.00171.000 | MILDRED G & MONIKA E MOLL | WARD WILLISTON OIL COMPANY | 5/20/2002 | ND | RENVILLE | 145 | 178649 | | 3065 | T158N R89W SEC E- SE4 | Y | 20.0000 | 20.0000 | 20.0000 | T158N R89W SEC 2: SE |
| FEE | 10.00271.000 | MILFRED NELSON ET UX | MONSANTO CHEMICAL COMPANY | 10/14/1941 | ND | RENVILLE | 120 | 81028 | | 2500 | T158N R89W SEC E- SE4 | Y | 800.0000 | 40.0000 | 451.333 | T158N R89W SEC 2: SE4 |
| FEE | 10.00271.000 | STATE OF NORTH DAKOTA 0-062 | MONSANTO CHEMICAL COMPANY | 2/21/1942 | ND | RENVILLE | 42 | 81263 | | 2499 | T158N R89W SEC E- SE4 | Y | 800.0000 | 40.0000 | 22.6667 | T158N R89W SEC10, NZNW, N2SW, SW SW |
| FEE | 10.00271.000 | STATE OF NORTH DAKOTA 0-062 | MONSANTO CHEMICAL COMPANY | 2/21/1942 | ND | RENVILLE | 43 | 81263 | | 2450 | T158N R89W SEC E- SE4 | Y | 800.0000 | 40.0000 | 22.6667 | T158N R89W SEC 26, N2SW, NZW, S2NW, SW |
| FEE | 10.00271.000 | STATE OF NORTH DAKOTA 0-062 | MONSANTO CHEMICAL COMPANY | 2/21/1942 | ND | RENVILLE | 43 | 81263 | | 2503 | T158N R89W SEC E- SE4 | Y | 800.0000 | 20.0000 | 3.3333 | T158N R89W SEC 26, N2SW, NZW, S2NW, SW |
| FEE | 10.00271.000 | STATE OF NORTH DAKOTA 0-062 | MONSANTO CHEMICAL COMPANY | 2/21/1942 | ND | RENVILLE | 43 | 81263 | | 2504 | T158N R89W SEC E- SE4 | Y | 800.0000 | 80.0000 | 45.3333 | T158N R89W SEC 36, W2SE, N2SW, S2NW, SW |
| FEE | 10.00271.000 | STATE OF NORTH DAKOTA 0-062 | MONSANTO CHEMICAL COMPANY | 2/21/1942 | ND | RENVILLE | 43 | 81263 | | 2769 | SEC 26 A STRIP OF LAND BEING 21 ACRES RUNNING ALONG THE WEST SIDE OF THE EAST 30 FEET OF NEW | Y | 52.2400 | 0.3650 | 0.3650 | 0.0595 | T158N R89W SEC 26, W2SE, N2SW, S2NW, SW |
| FEE | 10.00271.000 | STATE OF NORTH DAKOTA 0-062 | MONSANTO CHEMICAL COMPANY | 2/21/1942 | ND | RENVILLE | 43 | 81263 | | 2769 | SEC 26 NE10 LESS AND EXCEPT A STRIP OF LAND BEING 21 ACRES RUNNING ALONG THE WEST SIDE OF THE EAST 30 FEET OF NDE | Y | 19.8900 | 19.8900 | 11.9700 | T158N R89W SEC 26, W2SE, N2SW, S2NW, SW |
| FEE | 10.00200.000 | MYRTLE TENNYSON | C A WITT JR | 11/21/1948 | ND | BOTTINEAU | 132 | 505 | 237180 | 2893 | T158N R83W SEC 19 LOTS 1,2,3,4, E2W2 | Y | 313.3300 | 76.6650 | 74.6550 | T158N R83W SEC 19: LOTS 1,2,3,4, E2W2 |
| FEE | 10.00200.000 | MYRTLE TENNYSON | C A WITT JR | 11/21/1948 | ND | BOTTINEAU | 132 | 505 | 237180 | 2893 | T158N R83W SEC 19 LOTS 1,2,3,4, E2W2 | Y | 313.3300 | 76.6650 | 74.6550 | T158N R83W SEC 19: LOTS 1,2,3,4, E2W2 |
| FEE | 10.00200.000 | MYRTLE TENNYSON | C A WITT JR | 11/21/1948 | ND | BOTTINEAU | 132 | 505 | 237180 | 2894 | T158N R83W SEC 19 LOTS 1,2, E2W2 | Y | 160.0000 | 160.0000 | 160.0000 | T158N R83W SEC 28: NE |
| FEE | 10.00200.000 | MYRTLE TENNYSON | C A WITT JR | 11/21/1948 | ND | BOTTINEAU | 132 | 505 | 237180 | 2895 | T158N R83W SEC 28 NE | Y | 160.0000 | 160.0000 | 160.0000 | T158N R83W SEC 28: NE |
| FEE | 10.00210.000 | NOPHAN HARVEY | KYE TROUT JR | 6/8/1962 | ND | RENVILLE | 193 | 83719 | | 822 | T160N R88W SEC 34 SE | Y | 400.0000 | 40.0000 | 17.7778 | T160N R88W SEC 34: SE |
| FEE | 10.00210.000 | NOPHAN HARVEY | KYE TROUT JR | 6/8/1962 | ND | RENVILLE | 193 | 83719 | | 822 | T160N R88W SEC 34 SE | Y | 400.0000 | 120.0000 | 53.3333 | T160N R88W SEC 34: SE |
| FEE | 10.00211.000 | GROB AN MAIJ DONNA STRAND | CURTIS MALLEY DAN MILLER OIL CO AND | 1/19/1979 | ND | RENVILLE | 166 | 65 | 129807 | 1224 | T162N R88W SEC 19 N4YSW | Y | 38.7025 | 38.7025 | 17.2551 | T162N R88W SEC 19: LOTS 1, 2, E2NW |
| FEE | 10.00211.000 | GROB AN MAIJ DONNA STRAND | LUTIE M JONES | 4/25/1979 | ND | RENVILLE | 218 | 17421 | | 1051 | T165N R83W SEC 30 SW | Y | 160.0000 | 160.0000 | 73.1111 | T158N R83W SEC 19: LOTS 1, 2, E2NW |
| FEE | 10.00211.000 | GROB AN MAIJ DONNA STRAND | DINAMAN K LONG | 4/29/1987 | ND | RENVILLE | 120 | 527 | | 1024 | T162N R88W SEC 34, NE | Y | | 40.0000 | 40.0000 | T158N R83W SEC 34: NE |
| FEE | 10.00211.000 | PATRICIA ANN PETERSON | TERRY R MOORE | 5/7/2007 | ND | RENVILLE | 286 | 421 | 184699 | 2468 | T158N R88W SEC 34: NE | Y | 160.0000 | 53.3333 | 53.3333 | T158N R88W SEC 34: NE |
| FEE | 10.00212.000 | PAUL J PENNINGGER | F, 56 RCKS | 3/12/1994 | ND | RENVILLE | 92 | 362 | 88919 | 2944 | T162N R88W SEC 10: LOTS 3, 4 E2SW, E2 | Y | | 8.5000 | 8.5000 | T162N R88W SEC 10: LOTS 3, 4 E2SW, E2 |
| FEE | 10.00212.000 | PAUL J PENNINGGER | F, 56 RCKS | 3/12/1994 | ND | RENVILLE | 92 | 362 | 88919 | 2949 | T162N R88W SEC 10: LOTS 3, 4 E2SW, E2 | Y | | 8.5000 | 6.3389 | T162N R88W SEC 10: LOTS 3, 4 E2SW, E2 |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.0022.000 | PAUL J REINFENAGER | F. M. HICKS | 3/12/1994 | ND | RENVILLE | 92 | 362 | 89918 | 2957 | T162N R85W SEC 11 E2SW | | N | | 0.5624 | 2.9122 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PAUL J REINFENAGER | F. M. HICKS | 3/12/1994 | ND | RENVILLE | 92 | 362 | 89918 | 2958 | T162N R85W SEC 11: LOTS 3, 4 | | N | | 6.2209 | 6.2209 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PAUL J REINFENAGER | F. M. HICKS | 3/12/1994 | ND | RENVILLE | 92 | 362 | 89918 | 2959 | T162N R85W SEC 11: E2NE | | N | | 8.5000 | 4.7222 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PAUL J REINFENAGER | F. M. HICKS | 3/12/1994 | ND | RENVILLE | 92 | 362 | 89918 | 2960 | T162N R85W SEC 11: W2NE | | N | | 8.5000 | 4.7222 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PAUL J REINFENAGER | F. M. HICKS | 3/12/1994 | ND | RENVILLE | 92 | 362 | 89918 | 2961 | T162N R85W SEC 11: SE | | N | | 13.1049 | 13.1049 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PETER AND RONA WEINMANN | MONDANTO COMPANY | 6/13/1979 | ND | BURKE | 140 | 487 | 140204 | 3118 | T161N R91W SEC 7: LOTS 1, 2 | | 157.7200 | 157.7200 | 149.8246 | T161N R91W SEC 7: LOTS 1, 2, DNW FROM SURFACE TO THE TOP OF THE LODGEPOLE FORMATION |
| FEE | 10.0022.000 | PHILLIP W & BOBBY DEFRANGO | F. M. HICKS | 2/17/1994 | ND | RENVILLE | 91 | 456 | 88614 | 2948 | T162N R85W SEC 11: W2SE | | N | | 1.2000 | 0.5506 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PHILLIP W & BOBBY DEFRANGO | F. M. HICKS | 2/17/1994 | ND | RENVILLE | 91 | 456 | 88614 | 2949 | T162N R85W SEC 11: E2SE | | N | | 1.2000 | 0.5506 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PHILLIP W & BOBBY DEFRANGO | F. M. HICKS | 2/17/1994 | ND | RENVILLE | 91 | 456 | 88614 | 2957 | T162N R85W SEC 11: E2NE | | N | | 0.8601 | 0.3734 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PHILLIP W & BOBBY DEFRANGO | F. M. HICKS | 2/17/1994 | ND | RENVILLE | 91 | 456 | 88614 | 2958 | T162N R85W SEC 11: LOTS 3, 4 | | N | | 0.7063 | 0.7063 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PHILLIP W & BOBBY DEFRANGO | F. M. HICKS | 2/17/1994 | ND | RENVILLE | 91 | 456 | 88614 | 2959 | T162N R85W SEC 11: E2NE | | N | | 1.2000 | 0.6044 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PHILLIP W & BOBBY DEFRANGO | F. M. HICKS | 2/17/1994 | ND | RENVILLE | 91 | 456 | 88614 | 2960 | T162N R85W SEC 11: W2NE | | N | | 1.2000 | 0.6044 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | PHILLIP W & BOBBY DEFRANGO | F. M. HICKS | 2/17/1994 | ND | RENVILLE | 91 | 456 | 88614 | 2961 | T162N R85W SEC 11: SE | | N | | 1.8881 | 1.8881 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | R G JONES | COX OIL & GAS CORPORATION | 11/9/1988 | ND | RENVILLE | 228 | 254 | 154095 | 2957 | T162N R85W SEC 11: E2NE | | N | | 0.8601 | 0.3734 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | R G JONES | COX OIL & GAS CORPORATION | 11/9/1988 | ND | RENVILLE | 228 | 254 | 154095 | 2958 | T162N R85W SEC 11: LOTS 3, 4 | | N | | 0.7063 | 0.7063 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | R G JONES | COX OIL & GAS CORPORATION | 11/9/1988 | ND | RENVILLE | 228 | 254 | 154095 | 2961 | T162N R85W SEC 11: SE | | N | | 1.8881 | 1.8881 | T162N R85W SEC 11: LOTS 3, 4, E2SW, E2 |
| FEE | 10.0022.000 | RAYMOND AND LUTHER MCLAIN | INLAND OIL & GAS CORPORATION | 12/2/1975 | ND | RENVILLE | 331 | 209 | 124137 | 3400 | T160N R90W SEC 17 SE2NE | | 800000 | 80000 | 40.0000 | 10.0000 | T160N R90W SEC 17: S2NE |
| FEE | 10.0027.000 | WD DONOHUE ROYALTIES LLC | CARLSON OIL INC | 3/21/2002 | ND | BURKE | 261 | 591 | 200196 | 3011 | T161N R91W SEC 3: SW | | 400000 | 40.0000 | 40.0000 | T161N R91W SEC 3: SW |
| FEE | 10.0022.000 | ROBERT J BORSTAD | GENERAL ATLANTIC ENERGY CORP | 8/25/1993 | ND | RENVILLE | 196 | 483 | 139450 | 3301 | T162N R86W SEC 17: W2NW | | 2.2750 | 2.2750 | T162N R86W SEC 17: N2 |
| FEE | 10.0022.000 | ROBERT J BORSTAD | GENERAL ATLANTIC ENERGY CORP | 8/25/1993 | ND | RENVILLE | 196 | 483 | 139450 | 3302 | T162N R86W SEC 17: E2NW | | 2.2750 | 2.2750 | T162N R86W SEC 17: N2 |
| FEE | 10.0022.000 | ROBERT J BORSTAD | GENERAL ATLANTIC ENERGY CORP | 8/25/1993 | ND | RENVILLE | 196 | 483 | 139450 | 3303 | T162N R86W SEC 17: W2NE | | 2.2750 | 2.2750 | T162N R86W SEC 17: N2 |
| FEE | 10.0022.000 | ROBERT J BORSTAD | GENERAL ATLANTIC ENERGY CORP | 8/25/1993 | ND | RENVILLE | 196 | 483 | 139450 | 3305 | T162N R86W SEC 17: LIMITED FROM THE SURFACE TO BASE OF THE MISSION CANYON | | 2.2750 | 2.2750 | T162N R86W SEC 17: N2 |
| FEE | 10.0022.000 | ROBERT J BORSTAD | GENERAL ATLANTIC ENERGY CORP | 8/25/1993 | ND | RENVILLE | 196 | 483 | 139450 | 4364 | T162N R86W SEC 17: N2 | | 9.5000 | 9.5000 | T162N R86W SEC 17: N2 |

Exhibit A - 9

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.0023.000 | NISMIT # FITZM | DENMARK KENS | 12/03/1989 | ND | RENVILLE | 232 | 95 | 530.56 | 2957 | T162N R86W SEC 6: E2SW | | | 3.8652 | 3.8708 | T162N R86W SEC 6: SE, T162N R86W SEC 6: S4 S4, T162N R86W SEC 6: LOTS 3, 4 E2SW |
| FEE | 10.0023.000 | NISMIT # FITZM | DENMARK KENS | 12/03/1989 | ND | RENVILLE | 232 | 95 | 530.56 | 2956 | T162N R86W SEC 6: LOTS 3, 4 E2SW | | | 3.851 | 3.851 | T162N R86W SEC 6: SE, T162N R86W SEC 6: S4 S4 |
| FEE | 10.0023.000 | NISMIT # FITZM | DENMARK KENS | 12/03/1989 | ND | RENVILLE | 232 | 95 | 530.56 | 2961 | T162N R86W SEC 6: S4 | | | 5.7294 | 5.7294 | T162N R86W SEC 6: SE, T162N R86W SEC 6: S4 S4, T162N R86W SEC 6: LOTS 3, 4 E2SW |
| FEE | 10.0024.000 | NOSMIT AND DIANNE TONIVOON | C # FITT IR | 11/21/1968 | ND | BOTTINEAU | 152 | 599 | 237435 | 2888 | T164N R80W SEC 24: E2E | 800,000 | 800,000 | 40.0000 | 40.0000 | T164N R80W SEC 24: SE |
| FEE | 10.0024.000 | NOSMIT AND DIANNE TONIVOON | C # FITT IR | 11/21/1968 | ND | BOTTINEAU | 152 | 599 | 237435 | 2889 | T164N R80W SEC 24: E2E | | | 40.0000 | 40.0000 | T164N R80W SEC 24: SE |
| FEE | 10.0024.500 | NOSMIT TOWN DAST # AL | WARD (MILLISTON) COMPANY | 8/14/1991 | ND | BOTTINEAU | 152 | 674 | 316582 | 2886 | T164N R80W SEC 24: W2SE | 400,000 | 400,000 | 40.0000 | 40.0000 | T164N R80W SEC 24: NE2E, W2SE, W2SE |
| FEE | 10.0024.500 | NOSMIT TOWN DAST # AL | WARD (MILLISTON) COMPANY | 8/14/1991 | ND | BOTTINEAU | 152 | 674 | 316582 | 2887 | T164N R80W SEC 24: W2SE | | | 40.0000 | 40.0000 | T164N R80W SEC 24: NE2E, W2SE, W2SE |
| FEE | 10.0024.500 | NOSMIT TOWN DAST # AL | WARD (MILLISTON) COMPANY | 8/14/1991 | ND | BOTTINEAU | 152 | 674 | 316582 | 2888 | T164N R80W SEC 24: W2SE | | | 80.0000 | 80.0000 | T164N R80W SEC 24: NE2E, W2SE, W2SE |
| FEE | 10.0024.900 | RONALD AND DIANNE BRIGDEN | ALLGOON & HARRIS EXPLORATION INC | 3/14/1984 | ND | RENVILLE | 201 | 321 | 143243 | 3054 | T162N R84W SEC 3: S4 | 120,000 | 120,000 | 120.0000 | 120.0000 | COMPANY (ORD) ONLY, T162N R84W SEC 3: S4 SW4 |
| FEE | 10.0024.900 | RONALD AND DIANNE BRIGDEN | ALLGOON & HARRIS EXPLORATION INC | 3/14/1984 | ND | RENVILLE | 201 | 321 | 143243 | 3053 | T162N R84W SEC 3: S4 | | | 120.0000 | 120.0000 | COMPANY (ORD) ONLY, T162N R84W SEC 3: S4 SW4 |
| STATE | 10.0024.000 | STATE OF NORTH DAKOTA 02469 | LEONARD F MARKETING | 5/20/1948 | ND | BOTTINEAU | 475 | 170559 | | 2449 | T161N R80W SEC 16: NSN4, SWME | 400,000 | 800,000 | 40.0000 | 40.0000 | T160N R80W SEC 16: ALL, T160N R80W SEC 16: N2, T160N R80W SEC 16: NWNW, T160N R80W SEC 16: SW, T162N R79W SEC 23 NWNW, T162N R79W SEC 14 N2, T162N R79W SEC 14 2N4, T162N R79W SEC 14 2NE, RO2E RO2W 3500' |
| STATE | 10.0024.000 | STATE OF NORTH DAKOTA 02469 | LEONARD F MARKETING | 5/20/1948 | ND | BOTTINEAU | 475 | 170559 | | 2481 | T164N R80W SEC 16: NWNW, SE SE | | 800,000 | 40.0000 | 40.0000 | COMPANY (ORD) ONLY, T160N R80W SEC 16: N2 |
| STATE | 10.0024.000 | STATE OF NORTH DAKOTA 02469 | LEONARD F MARKETING | 5/20/1948 | ND | BOTTINEAU | 475 | 170559 | | 2483 | T164N R80W SEC 16: NW4W | | | 40.0000 | 40.0000 | T160N R80W SEC 16: ALL, T160N R80W SEC 16: N2, T160N R80W SEC 16: NWNW, T160N R80W SEC 16: SW, T162N R79W SEC 23 NWNW, T162N R79W SEC 14 N2, T162N R79W SEC 14 2N4, T162N R79W SEC 14 2NE, RO2E RO2W 3500' |
| STATE | 10.0024.000 | STATE OF NORTH DAKOTA 02469 | LEONARD F MARKETING | 5/20/1948 | ND | BOTTINEAU | 475 | 170559 | | 2485 | T164N R80W SEC 16: NWNW | | | 40.0000 | 40.0000 | T160N R80W SEC 16: ALL, T160N R80W SEC 16: N2, T160N R80W SEC 16: NWNW, T160N R80W SEC 16: SW, T162N R79W SEC 23 NWNW, T162N R79W SEC 14 N2, T162N R79W SEC 14 2N4, T162N R79W SEC 14 2NE, RO2E RO2W 3500' |
| STATE | 10.0024.000 | STATE OF NORTH DAKOTA 02469 | LEONARD F MARKETING | 5/20/1948 | ND | BOTTINEAU | 475 | 170559 | | 2486 | T164N R80W SEC 16: SWNW | | | 40.0000 | 40.0000 | T160N R80W SEC 16: ALL, T160N R80W SEC 16: N2, T160N R80W SEC 16: NWNW, T160N R80W SEC 16: SW, T162N R79W SEC 23 NWNW, T162N R79W SEC 14 N2, T162N R79W SEC 14 2N4, T162N R79W SEC 14 2NE, RO2E RO2W 3500' |
| STATE | 10.0024.000 | STATE OF NORTH DAKOTA 02469 | LEONARD F MARKETING | 5/20/1948 | ND | BOTTINEAU | 475 | 170559 | | 2487 | T164N R80W SEC 16: SWNW | | | 40.0000 | 40.0000 | COMPANY (ORD) ONLY, T160N R80W SEC 16: N2 |
| STATE | 10.0024.000 | STATE OF NORTH DAKOTA 02469 | LEONARD F MARKETING | 5/20/1948 | ND | BOTTINEAU | 475 | 170559 | | 2488 | T164N R80W SEC 16: SWNW | | | 20.0000 | 20.0000 | T160N R80W SEC 16: ALL, T160N R80W SEC 16: N2, T160N R80W SEC 16: NWNW, T160N R80W SEC 16: SW, T162N R79W SEC 23 NWNW, T162N R79W SEC 14 N2, T162N R79W SEC 14 2N4, T162N R79W SEC 14 2NE, RO2E RO2W 3500' |

Exhibit A - 10

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | END/RO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | LEONARD F. WAROSTAL | 5/29/1949 | ND | BOTTINEAU | 475 | | 175039 | 2550 | SEC 11 E12NW | | | | | T164N R80W SEC 01 N2<br>T164N R80W SEC 01 SW<br>T164N R80W SEC 01 N2<br>T164N R80W SEC 01 SW<br>T162N P79W SEC 03 NWNW<br>T162N P79W SEC 14 E2SW<br>T162N P79W SEC 14 E2SW<br>T162N R80W SEC 14 E2NE, W2SE W2SW 3500' |
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | LEONARD F. WAROSTAL | 5/29/1949 | ND | BOTTINEAU | 475 | | 175039 | 2700 | T162N P79W SEC 03 NWNW | | 40.0000 | 20.0000 | 20.0000 | COMPANY ORRI ONLY<br>T162N R80W SEC 25 NE |
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | LEONARD F. WAROSTAL | 5/29/1949 | ND | BOTTINEAU | 475 | | 175039 | 2701 | T162N R80W SEC 14 E2SW | | | | | T164N R80W SEC 01 N2<br>T164N R80W SEC 01 SW<br>T164N R80W SEC 01 N2<br>T164N R80W SEC 01 SW<br>T162N P79W SEC 03 NWNW<br>T162N P79W SEC 14 E2SW<br>T162N R80W SEC 14 E2NE, W2SE W2SW 3500' |
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | LEONARD F. WAROSTAL | 5/29/1949 | ND | BOTTINEAU | 475 | | 175039 | 2702 | T162N R80W SEC 14 E2NE | | 80.0000 | 80.0000 | 80.0000 | COMPANY ORRI ONLY<br>T162N R80W SEC 25 NE |
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | LEONARD F. WAROSTAL | 5/29/1949 | ND | BOTTINEAU | 475 | | 175039 | 2703 | T162N R80W SEC 14 W2SE | | 80.0000 | 40.0000 | 40.0000 | T164N R80W SEC 01 N2<br>T164N R80W SEC 01 SW<br>T164N R80W SEC 01 N2<br>T164N R80W SEC 01 SW<br>T162N P79W SEC 03 NWNW<br>T162N P79W SEC 14 E2SW<br>T162N R80W SEC 14 E2NE, W2SE W2SW 3500' |
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | LEONARD F. WAROSTAL | 5/29/1949 | ND | BOTTINEAU | 475 | | 175039 | 2704 | T162N R80W SEC 14 W2SW | N | 80.0000 | 40.0000 | 40.0000 | COMPANY ORRI ONLY<br>T162N R80W SEC 25 NE |
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | LEONARD F. WAROSTAL | 5/29/1949 | ND | BOTTINEAU | 475 | | 175039 | 6023 | COMPANY ORRI ONLY<br>T162N R80W SEC 25 NE | | | | | T164N R80W SEC 01 N2<br>T164N R80W SEC 01 SW<br>T164N R80W SEC 01 N2<br>T164N R80W SEC 01 SW<br>T162N P79W SEC 03 NWNW<br>T162N P79W SEC 14 E2SW<br>T162N R80W SEC 14 E2NE, W2SE W2SW 3500' |
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | GARY L. WARKE | 2/1/2005 | ND | BURKE | 277 | 894 | 258478 | 5889 | T161N R93W SEC 36 | | | 0.0000 | 0.0000 | COMPANY ORRI ONLY<br>T162N R80W SEC 25 NE |
| STATE | 33.0024.000 | STATE OF NORTH DAKOTA 0569 | SUN OIL COMPANY | 5/21/1954 | ND | BURKE | 65 | 355 | 80657 | 1013 | T164N R89W SEC 36 | | 0.2800 | 0.2800 | 0.1170 | T161N R93W<br>SEC 36<br>T164N R89W SEC 36 N2, NW OF LOTS 1 AND 4 FEET WIDE LYING EAST OF ADJACENT AND EXTENDING |
| FEE | 33.0024.000 | TEXAS/SCOTTISH RITE HOSPAL | CODY OIL & GAS CORPORATION | 12/15/1998 | ND | RENVILLE | 225 | 375 | 155640 | 2957 | T162N R93W<br>SEC 17, LOTS 3, 4 | | 0.5040 | 0.5040 | 0.1240 | ALONG THE ENTIRE WEST LINE OF LOT 4<br>T162N R93W<br>SEC 16 SE |
| FEE | 33.0024.000 | TEXAS/SCOTTISH RITE HOSPAL | CODY OIL & GAS CORPORATION | 12/15/1998 | ND | RENVILLE | 225 | 375 | 155640 | 2958 | T162N R93W<br>SEC 17, LOTS 3, 4 | | | 0.4778 | 0.4778 | T164N R93W<br>SEC 16, SE |
| FEE | 33.0024.000 | TEXAS/SCOTTISH RITE HOSPAL | CODY OIL & GAS CORPORATION | 12/15/1998 | ND | RENVILLE | 225 | 375 | 155640 | 2961 | T162N R93W<br>SEC 16 SE | | 1.0081 | 1.0081 | 1.0081 | T162N R93W<br>SEC 17, LOTS 3, 4 E2SW |
| FEE | 33.0024.000 | TIOSPA OIL COMPANY | GUYSOR OIL INC | 11/25/1947 | ND | BURKE | 97 | 284 | 129661 | 1511 | T161N R93W<br>SEC 36 1M | | | 40.0000 | 40.0000 | T161N R93W<br>SEC 36 1M |
| FEE | 33.0024.000 | THE SALVATION ARMY | MILLER PETROLEUM INC | 1/1/1998 | ND | RENVILLE | 540 | 1336.34 | 2957 | | T162N R93W<br>SEC 17, LOTS 3, 4 | | 0.5040 | 0.5040 | 0.1240 | T162N R93W<br>SEC 16 SE |
| FEE | 33.0024.000 | THE SALVATION ARMY | MILLER PETROLEUM INC | 1/1/1998 | ND | RENVILLE | 224 | 1336.34 | 2958 | | T162N R93W<br>SEC 17, LOTS 3, 4 | | | 0.4778 | 0.4778 | T162N R93W<br>SEC 17, LOTS 3, 4 E2SW |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | NET | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00230.000 | THE SALVATION ARMY | MILLER PETROLEUM INC | 1/1/1998 | ND | RENVILLE | 224 | 540 | 133638 | 2961 | T163N R83W SEC 16: SE | | | 1.0081 | 1.0081 | 1.0081 | T163N R83W SEC 6: LOTS 3, 4, E2SW |
| FEE | 10.00230.000 | THE SALVATION ARMY | MILLER PETROLEUM INC | 1/1/1998 | ND | RENVILLE | 224 | 540 | 133638 | 2972 | T163N R83W SEC 6: LOTS 1, 2, E2NE | | | 1.0031 | 1.0031 | 1.0031 | T163N R83W SEC 6: LOTS 1, 2, E2NE |
| FEE | 10.00232.000 | UNION CENTRAL LIFE INS CO | DONALD WOLOVER | 7/13/1971 | ND | RENVILLE | 109 | 79 | 106230 | 3017 | T163N R83W SEC 14: SE | | | 140.0000 | 140.0000 | 104.0000 | T163N R83W SEC 14: SE |
| FEE | 10.00232.000 | TILLIA & IRGHILD HELMELAND | DONALD WOLOVER | 7/13/1971 | ND | RENVILLE | 109 | 77 | 106235 | 3017 | T163N R83W SEC 14: SE | | 3210000 | 96.0000 | 96.0000 | 62.6000 | T163N R83W SEC 14: SE |
| FEE | 10.00233.000 | TOC ‑ ROCK MOUNTAIN INC | EARL SCHWARTZ | 1/1/1989 | ND | RENVILLE | 235 | 635 | 156263 | 3005 | T163N R84W SEC 17: 5MMW LIMITED FROM THE SURFACE TO BASE OF THE MISSION CANYON | | | 0.3000 | 0.3000 | 0.3000 | T163N R84W SEC 17: 5MMW LIMITED FROM THE SURFACE TO BASE OF THE MISSION CANYON |
| FEE | 10.00234.000 | TOILET TISSUE COAL | DONALD WOLOVER | 7/13/1971 | ND | RENVILLE | 109 | 81 | 106217 | 3017 | T163N R84W SEC 14: SE | | | 64.0000 | 64.0000 | 41.6000 | T163N R84W SEC 14: SE |
| FEE | 10.00235.000 | TIMAN LODGE NO 113 | KHELLEN L TEAGUE | 3/2/1961 | ND | RENVILLE | 87 | 458 | 87404 | 3117 | SEC 10: LOTS 1,2,3,4 LESS AND EXCEPT A STRIP OF LAND 40 FEET WIDE LYING | | 3812000 | 196.5200 | 196.5200 | 83.6440 | SEC 10: LOTS 1, 2, 3, 4 |
| FEE | 10.00236.000 | UNION CENTRAL LIFE INS CO | LEONARD WARD | 1/5/1955 | ND | BOTTINEAU | 52 | 15 | 550220 | 2941 | EAST OF ADIACENT AND EXTENDING ALONG THE ENTIRE WEST LINE OF LOT 4 | | | 20.0000 | 20.0000 | 11.2200 | T163N R84W SEC 34: SW4NE, SW4NE, LOTS 2, 3 |
| FEE | 10.00236.000 | UNION CENTRAL LIFE INS CO | LEONARD WARD | 1/5/1955 | ND | BOTTINEAU | 52 | 15 | 550220 | 2942 | T163N R84W SEC 34: SW4NE, SW4NE, LOTS 2, 3 | | | 20.2000 | 20.2000 | 11.4131 | T163N R84W SEC 34: SW4NE, SW4NE, LOTS 2, 3 |
| FEE | 10.00236.000 | UNION CENTRAL LIFE INS CO | LEONARD WARD | 1/5/1955 | ND | BOTTINEAU | 52 | 15 | 550220 | 2943 | T163N R84W SEC 34: SW4NE, SW4NE, LOTS 2, 3 | | | 20.4800 | 20.4800 | 20.4800 | T163N R84W SEC 34: SW4NE, SW4NE, LOTS 2, 3 |
| FEE | 10.00236.000 | UNION CENTRAL LIFE INS CO | LEONARD WARD | 1/5/1955 | ND | BOTTINEAU | 52 | 15 | 550220 | 2944 | T163N R84W SEC 34: SW4NE, SW4NE, LOTS 2, 3 | | 4030000 | 20.0000 | 20.0000 | 11.2200 | T163N R84W SEC 34: SW4NE, SW4NE, LOTS 2, 3 |
| FEE | 10.00237.000 | VERA FULLER CLAIRE | TG KADLECIT | 4/25/1952 | ND | BOTTINEAU | 35 | 480 | 142442 | 2451 | T163N R84W SEC 1: LOT 7 (43.49 AC) | | 2014900 | 201.4900 | 201.4900 | 201.4900 | SEC 1: LOT 7 (41.49 AC) |
| FEE | 10.00238.000 | VERNON HAIG CARRIE HARRIS | THOMAS L FITZMAURICE | 3/13/1959 | ND | BURKE | 28 | 124 | 77043 | 1503 | T161N R89W SEC 11: LOTS 3, 4, N2SW4 | | | 40.0000 | 40.0000 | 23.5936 | T161N R89W SEC 11: LOTS 3, 4 |
| FEE | 10.00239.000 | WANDA GRANDALL | SHELL OIL COMPANY | 10/31/1977 | ND | BURKE | 135 | 131 | 137419 | 2497 | SEC 11: NE FROM SURFACE TO 7,395 FEET SUBSEA LEVEL | | 1603000 | 160.0000 | 160.0000 | 72.0000 | SEC 11: NE FROM SURFACE TO 7,395 FEET SUBSEA LEVEL |
| FEE | 10.00246.000 | WILLIAM A MORGAN OWEN ET | DENMAN M LONG | 1/2/1990 | ND | BOTTINEAU | 232 | 589 | 156911 | 2944 | T163N R84W SEC 34: NDE | | | 20.0000 | 20.0000 | 8.8880 | T163N R84W SEC 34: NDE |
| FEE | 10.00246.000 | WILLIAM A MORGAN OWEN ET | DENMAN M LONG | 1/2/1990 | ND | BOTTINEAU | 232 | 589 | 156951 | 2943 | T163N R84W SEC 34: NDE | | | 20.0000 | 20.0000 | 8.8880 | T163N R84W SEC 34: NDE |
| FEE | 10.00247.000 | WILLIAM & MILDRED GOODIER | WARD WILLISTON OIL COMPANY | 9/3/1952 | ND | BOTTINEAU | 38 | 138 | 149035 | 3410 | T160N R78W SEC 15: SW4NW, SW4NE SEC 26: LOT 1 (43.63 AC) | | | 460.0000 | 460.0000 | 460.0000 | T160N R78W SEC 15: SW4NW, SW4NE SEC 26: LOT 3 (43.63 AC) |
| FEE | 10.00247.000 | WILLIAM & MILDRED GOODIER | WARD WILLISTON OIL COMPANY | 9/3/1952 | ND | BOTTINEAU | 38 | 138 | 149035 | 2959 | T160N R78W SEC 15: SW4NW, SW4NE SEC 26: LOT 1 (43.63 AC) | | 3232000 | 323.6300 | 323.6300 | 323.6300 | T160N R78W SEC 15: SW4NW, SW4NE SEC 26: LOT 3 (43.63 AC) |
| FEE | 10.00276.000 | NAE BRENT DERWIN ET AL | THE AXIS CORPORATION | 12/6/1994 | ND | RENVILLE | 62 | 300 | 88881 | 2952 | T163N R83W SEC 15: W2NE | | | 20.0000 | 20.0000 | 8.4444 | T163N R83W SEC 15: W2NE |
| FEE | 10.00276.000 | NAE BRENT DERWIN ET AL | THE AXIS CORPORATION | 12/6/1994 | ND | RENVILLE | 62 | 300 | 88881 | 2960 | T163N R83W SEC 15: W2NE | | | 20.0000 | 20.0000 | 8.4444 | T163N R83W SEC 15: W2NE |
| FEE | 10.00278.000 | HARRIET NIED PETTINGELL ET | DIAMOND RESOURCES CO | 1/17/2003 | ND | RENVILLE | 275 | 406 | 170689 | 3172 | T163N R83W SEC 8: SE, W2NE | | 3210000 | 76.1010 | 76.1010 | 76.1010 | T163N R83W SEC 8: SE, W2NE |
| FEE | 10.00280.000 | FINN HILLERUD | DIAMOND RESOURCES CO | 1/16/2003 | ND | RENVILLE | 275 | 404 | 170938 | 3172 | T163N R83W SEC 8: SE, W2NE | | | 76.1510 | 76.1510 | 76.1510 | T163N R83W SEC 8: SE, W2NE |
| FEE | 10.00287.000 | ROBERT J BERGTAD | MILLER PETROLEUM INC | 1/29/1993 | ND | RENVILLE | 245 | 215 | 143138 | 3331 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 | | | 9.6154 | 9.6154 | 9.6154 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 |
| FEE | 10.00287.000 | ROBERT J BERGTAD | MILLER PETROLEUM INC | 1/29/1993 | ND | RENVILLE | 245 | 215 | 143138 | 3331 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 | Y | 740000 | 8.9042 | 8.9042 | 8.9042 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 |
| FEE | 10.00287.000 | ORVE ARC L STRAND ET AL | MILLER PETROLEUM INC | 12/30/1998 | ND | RENVILLE | 259 | 484 | 155112 | 3331 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 | | | 20.0000 | 20.0000 | 20.0000 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 |
| FEE | 10.00288.000 | ORVE ARC L STRAND ET AL | MILLER PETROLEUM INC | 12/30/1998 | ND | RENVILLE | 259 | 484 | 155112 | 3331 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 | | | 18.5100 | 18.5100 | 18.5100 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 |
| FEE | 10.00289.000 | GARY LEE FRANDT ET AL | THE AXIS CORPORATION | 9/25/1994 | ND | RENVILLE | 70 | 402 | 91496 | 3331 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 | | | 20.0000 | 20.0000 | 20.0000 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 |
| FEE | 10.00289.000 | ODLES BROOK BOARD OF UNIVERS | D F MCMAHON | 6/4/1953 | ND | RENVILLE | 45 | 45 | 68624 | 3331 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 (INCL SW4SW) THE MADISON FORMATION ONLY | | | 40.0000 | 40.0000 | 40.0000 | T163N R83W SEC 13: LOTS 1, 2, 3, 4 (INCL SW4SW) THE MADISON FORMATION ONLY |
| STATE | 10.00290.000 | ODLES BROOK BOARD OF UNIVERS | D F MCMAHON | 6/4/1953 | ND | RENVILLE | 56 | 91 | 68624 | 1032 | T163N R83W SEC 16: E2NW TO THE MADISON FORMATION ONLY | | 800000 | 37.0400 | 37.0400 | 37.0400 | T163N R83W SEC 16: E2NW TO THE MADISON FORMATION ONLY |
| FEE | 10.00291.000 | THOMAS L FITZMAURICE | R B STEINBERG | 5/17/1954 | ND | RENVILLE | 70 | 458 | 91805 | 2664 | T163N R83W SEC 20: E2NW AS TO THE UNITED WHOLE RIVER RIVER RUN MADISON POOL | | | 20.0000 | 20.0000 | 20.0000 | T163N R83W SEC 20: E2NW SEC 21: N2NW |
| FEE | 10.00291.000 | THOMAS L FITZMAURICE | R B STEINBERG | 5/17/1954 | ND | RENVILLE | 70 | 458 | 91805 | 1071 | SURFACE TO 9700 FEET ABOVE BASE OF THE UNITED WHOLE RIVER RIVER RUN MADISON | | | 10.3842 | 10.3842 | 10.3842 | T163N R83W SEC 20: E2NW SEC 21: N2NW |
| FEE | 10.00291.000 | THOMAS L FITZMAURICE | R B STEINBERG | 5/17/1954 | ND | RENVILLE | 70 | 458 | 91805 | 1071 | SEC 20: E2NW AS TO THE MADISON FORMATION ONLY | | | 10.3842 | 10.3842 | 10.3842 | T163N R83W SEC 20: E2NW SEC 21: N2NW |
| FEE | 10.00291.000 | THOMAS L FITZMAURICE | R B STEINBERG | 5/17/1954 | ND | RENVILLE | 70 | 458 | 91805 | 1071 | | | | 23.322 | 23.322 | 23.322 | T163N R83W SEC 20: E2NW SEC 21: N2NW |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENGURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00270.000 | MEG LUCILLE DUNN | F, M, ROCKS | 3/13/1934 | ND | RENVILLE | 62 | 464 | 88970 | 2946 | T162N W83W SEC 11: W1SE | * | | 2.5000 | 1.1111 | T162N W83W SEC 11: S2 |
| FEE | 10.00270.000 | MEG LUCILLE DUNN | F, M, ROCKS | 3/13/1934 | ND | RENVILLE | 62 | 464 | 88970 | 2959 | T162N W83W SEC 11: E2NE | * | | 2.5000 | 1.1111 | T162N W83W SEC 11: S2 |
| FEE | 10.00270.000 | MEG LUCILLE DUNN | F, M, ROCKS | 3/13/1934 | ND | RENVILLE | 62 | 464 | 88970 | 2946 | T162N W83W SEC 11: W1SE | * | | 2.5000 | 1.0989 | T162N W83W SEC 11: S2 |
| FEE | 10.00270.000 | MEG LUCILLE DUNN | F, M, ROCKS | 3/13/1934 | ND | RENVILLE | 62 | 464 | 88970 | 2959 | T162N W83W SEC 11: E2NE | * | | 2.5000 | 1.0989 | T162N W83W SEC 11: S2 |
| FEE | 10.00290.000 | FLOYD I JENSEN ET AL | A G GOLDEN | 3/13/1934 | ND | RENVILLE | 70 | 282 | 96846 | 2946 | T162N W83W SEC 11: W1SE | * | | 2.5000 | 1.1111 | T162N W83W SEC 11: S2 |
| FEE | 10.00290.000 | FLOYD I JENSEN ET AL | A G GOLDEN | 3/13/1934 | ND | RENVILLE | 70 | 282 | 96846 | 2959 | T162N W83W SEC 11: E2NE | * | | 2.5000 | 1.1111 | T162N W83W SEC 11: S2 |
| FEE | 10.00290.000 | FLOYD I JENSEN ET AL | A G GOLDEN | 3/13/1934 | ND | RENVILLE | 70 | 282 | 96846 | 2946 | T162N W83W SEC 11: W1SE | * | | 2.5000 | 1.1111 | T162N W83W SEC 11: S2 |
| FEE | 10.00290.000 | FLOYD I JENSEN ET AL | A G GOLDEN | 3/13/1934 | ND | RENVILLE | 70 | 282 | 96846 | 2959 | T162N W83W SEC 11: E2NE | * | | 2.5000 | 1.1111 | T162N W83W SEC 11: S2 |
| FEE | 10.00390.000 | STUART LITTLE ET UX | DHALA AGRICULTURAL ASSOCIATION INC | 10/30/1953 | ND | RENVILLE | 108 | 87867 | | 2946 | T162N W83W SEC 11: W1SE | * | | 1.2500 | 0.5556 | T162N W83W SEC 11: S2 |
| FEE | 10.00390.000 | STUART LITTLE ET UX | DHALA AGRICULTURAL ASSOCIATION INC | 10/30/1953 | ND | RENVILLE | 108 | 87867 | | 2959 | T162N W83W SEC 11: E2NE | * | | 1.2500 | 0.5556 | T162N W83W SEC 11: S2 |
| FEE | 10.00390.000 | STUART LITTLE ET UX | DHALA AGRICULTURAL ASSOCIATION INC | 10/30/1953 | ND | RENVILLE | 108 | 87867 | | 2946 | T162N W83W SEC 11: W1SE | * | | 1.2500 | 0.5278 | T162N W83W SEC 11: S2 |
| FEE | 10.00390.000 | STUART LITTLE ET UX | DHALA AGRICULTURAL ASSOCIATION INC | 10/30/1953 | ND | RENVILLE | 108 | 87867 | | 2959 | T162N W83W SEC 11: E2NE | * | | 1.2500 | 0.5278 | T162N W83W SEC 11: S2 |
| FEE | 10.00396.000 | HOWARD J DATSON ET UX | ROBERT A ADAHI JR | 12/21/1953 | ND | RENVILLE | 60 | 408 | 83602 | 2959 | T162N W83W SEC 11: E2NE | * | | 40.0000 | 17.7778 | T162N W83W SEC 11: NE |
| FEE | 10.00396.000 | HOWARD J DATSON ET UX | ROBERT A ADAHI JR | 12/21/1953 | ND | RENVILLE | 60 | 408 | 83602 | 2961 | T162N W83W SEC 11: N2NW | * | | 40.0000 | 14.8889 | T162N W83W SEC 11: NW |
| FEE | 10.00398.000 | ROBERT C DAVIDSON ET UX | DENMAN H LONG | 3/11/1987 | ND | RENVILLE | 220 | 151532 | | 2961 | T162N W83W SEC 11: N2NW | * | | 5.0463 | 5.0463 | T162N W83W SEC 11: NW |
| FEE | 10.00398.000 | ROBERT C DAVIDSON ET UX | DENMAN H LONG | 3/11/1987 | ND | RENVILLE | 220 | 151533 | | 2961 | T162N W83W SEC 11: N2NW | * | 160.0000 | 5.0463 | 5.0463 | T162N W83W SEC 11: NW |
| FEE | 10.00400.000 | HARRY L TINKLE ET UX | DENMAN H LONG | 3/11/1987 | ND | RENVILLE | 220 | 151533 | | 3972 | T162N W83W SEC11N,W: SE, SEC15N,SW | * | | 5.0000 | 5.0000 | T162N W83W SEC 16: SE |
| STATE | 10.00404.000 | QUEBEC2 BOARD OF UNIVERS | DENMAN H LONG | 4/28/1937 | ND | RENVILLE | 272 | 503 | 175809 | 3972 | T162N W83W SEC11N,W: SE, SEC15N,SW | * | 160.0000 | 160.0000 | 73.1111 | T162N W83W SEC 16: SE |
| FEE | 10.00500.000 | SYLVIA D ROUND ROG ETAL TRUS | SHAND WILLISTON OIL COMPANY | 3/8/1952 | ND | RENVILLE | 271 | 125 | 176111 | 3219 | T160N W88W SEC 34: SE | * | | 140.0000 | 140.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00500.000 | LAK OLSON FAMILY LLP | SHAND WILLISTON OIL COMPANY | 3/6/2015 | ND | RENVILLE | 271 | 128 | 176112 | 3219 | T160N W88W SEC 34: SE | * | | 20.0000 | 20.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00500.000 | JEROME K KNUTSON ET UX | SHAND WILLISTON OIL COMPANY | 3/30/2002 | ND | RENVILLE | 544 | 176652 | | 3161 | T160N W88W SEC 34: SE | * | 160.0000 | 180.0000 | 180.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00504.000 | JEROME K KNUTSON ET UX | SHAND WILLISTON OIL COMPANY | 3/30/2002 | ND | RENVILLE | 544 | 176652 | | 3161 | T160N W88W SEC 34: SE | * | 160.0000 | 40.0000 | 40.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00504.000 | SONNY A OLSON ET UX | NUKER PETROLEUM CORPORATION | 3/13/2002 | ND | RENVILLE | 539 | 176505 | | 3161 | T160N W88W SEC 34: SE | * | | 40.0000 | 40.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00504.000 | GENA KNUTSON | NUKER PETROLEUM CORPORATION | 3/13/2002 | ND | RENVILLE | 537 | 176509 | | 3161 | T160N W88W SEC 34: SE | * | | 40.0000 | 40.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00506.000 | FINN HELGELEIT ET UX | NUKER PETROLEUM CORPORATION | 12/31/1999 | ND | RENVILLE | 496 | 178010 | | 3161 | T160N W88W SEC 34: SE | * | 800.0000 | 40.0000 | 40.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00606.000 | MARA KAEMPLER | SOUTH OAK PRODUCTION COMPANY | 1/26/2016 | ND | RENVILLE | 270 | 165 | 174620 | 3261 | T160N W88W SEC 34: SE | * | | 30.0000 | 30.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00606.000 | MARA KAEMPLER | SOUTH OAK PRODUCTION COMPANY | 1/26/2016 | ND | RENVILLE | 270 | 170 | 174629 | 3261 | T160N W88W SEC 34: SE | * | | 30.0000 | 30.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00608.000 | JACK W PARIS | SOUTH OAK PRODUCTION COMPANY | 7/17/1998 | ND | RENVILLE | 274 | 227 | 176628 | 3261 | T160N W88W SEC 34: SE | * | | 6.6667 | 6.6667 | T160N W88W SEC 34: SE |
| FEE | 10.00608.000 | KATHLEEN MARE BAY | SHAND WILLISTON OIL COMPANY | 4/25/2002 | ND | RENVILLE | 274 | 208 | 176631 | 3261 | T160N W88W SEC 34: SE | * | | 6.6667 | 6.6667 | T160N W88W SEC 34: SE |
| FEE | 10.00608.000 | ANNETTE DUWORTH | SHAND WILLISTON OIL COMPANY | 4/25/2002 | ND | RENVILLE | 406 | 177327 | | 3261 | T160N W88W SEC 34: SE | * | | 6.6667 | 6.6667 | T160N W88W SEC 34: SE |
| FEE | 10.00609.000 | REGALE STICKEL | SHAND WILLISTON OIL COMPANY | 4/25/2002 | ND | RENVILLE | 475 | 176731 | | 3261 | T160N W88W SEC 34: SE | * | 800.0000 | 40.0000 | 40.0000 | T160N W88W SEC 34: SE |
| STATE | 10.00612.000 | QUEBEC2 BOARD OF UNIVERS | EN ISLAND GAS | 4/28/1937 | ND | RENVILLE | 512 | 151692 | | 3261 | T160N W88W SEC 34: SE | * | | 40.0000 | 17.7778 | T160N W88W SEC 34: SE |
| FEE | 10.00612.000 | WILLIAM D TOLLEART | DENMAN H LONG | 3/8/1995 | ND | RENVILLE | 184 | 161576 | | 3261 | T160N W88W SEC 34: SE | * | | 2.5000 | 1.1111 | T160N W88W SEC 34: SE |
| FEE | 10.00612.000 | EARL N SCHNIARTEIT UX | DENMAN H LONG | 3/8/1995 | ND | RENVILLE | 180 | 161576 | | 3261 | T160N W88W SEC 34: SE | * | | 2.5000 | 1.1111 | T160N W88W SEC 34: SE |
| FEE | 10.00613.000 | ELLEN H HAAG | IN EXPLORATION & PRODUCTION | 2/3/1990 | ND | RENVILLE | 180 | 157557 | | 3261 | T160N W88W SEC 34: SE | * | | 2.5000 | 1.1111 | T160N W88W SEC 34: SE |
| FEE | 10.00613.000 | MARTEN THAYES ET UX | IN EXPLORATION & PRODUCTION | 2/3/1990 | ND | RENVILLE | 162 | 157523 | | 3261 | T160N W88W SEC 34: SE | * | | 2.5000 | 1.1111 | T160N W88W SEC 34: SE |
| FEE | 10.00613.000 | WILLIAM H BELT ET UX | IN EXPLORATION & PRODUCTION | 2/8/1990 | ND | RENVILLE | 378 | 157554 | | 3261 | T160N W88W SEC 34: SE | * | | 5.0000 | 2.2222 | T160N W88W SEC 34: SE |
| FEE | 10.00617.000 | MARA NICOLE AVIE | DENMAN H LONG | 2/7/1990 | ND | RENVILLE | 378 | 157554 | | 3261 | T160N W88W SEC 34: SE | * | | 2.5000 | 1.1111 | T160N W88W SEC 34: SE |
| FEE | 10.00619.000 | JUSTIN CROKOONSS ET UX | DENMAN H LONG | 3/26/1996 | ND | RENVILLE | 180 | 157557 | | 3261 | T160N W88W SEC 34: SE | * | | 10.0000 | 4.4444 | T160N W88W SEC 34: SE |
| FEE | 10.00621.000 | MARIAN COOK | MOORS SANDOCK | 7/17/1990 | ND | RENVILLE | 217 | 159679 | | 3261 | T160N W88W SEC 34: SE | * | | 5.0000 | 2.2222 | T160N W88W SEC 34: SE |
| FEE | 10.00621.000 | CARDINAL INSTINCH SEMINARY | MOORS SANDOCK | 7/22/1990 | ND | RENVILLE | 208 | 158676 | | 3261 | T160N W88W SEC 34: SE | * | | 1.2500 | 0.5556 | T160N W88W SEC 34: SE |
| FEE | 10.00621.000 | WILLIAM R NITTERMANT ET AL | DENMAN H LONG | 11/24/1990 | ND | RENVILLE | 202 | 158658 | | 3261 | T160N W88W SEC 34: SE | * | | 2.5000 | 1.1111 | T160N W88W SEC 34: SE |
| FEE | 10.00621.000 | MAGDE L COLD TRUST | IN EXPLORATION & PRODUCTION | 1/26/1990 | ND | RENVILLE | 95 | 157056 | | 3261 | T160N W88W SEC 34: SE | * | | 5.0000 | 2.2222 | T160N W88W SEC 34: SE |
| FEE | 10.00625.000 | FRANCIS MARSER WELTE SCHINLE | IN EXPLORATION & PRODUCTION | 2/3/1990 | ND | RENVILLE | 187 | 157557 | | 3261 | T160N W88W SEC 34: SE | * | | 2.5000 | 1.1111 | T160N W88W SEC 34: SE |
| FEE | 10.00625.000 | DANCE ALMAN RUTH SCHIMGEE | IN EXPLORATION & PRODUCTION | 2/3/1990 | ND | RENVILLE | 205 | 160694 | | 3261 | T160N W88W SEC 34: SE | * | | 5.0000 | 2.2222 | T160N W88W SEC 34: SE |
| FEE | 10.00625.000 | JAMES S THOMPSON | DENMAN H LONG | 1/11/2002 | ND | RENVILLE | 541 | 176596 | | 3261 | T160N W88W SEC 34: SE | * | 160.0000 | 20.0000 | 20.0000 | T160N W88W SEC 34: SE |
| FEE | 10.00626.000 | SONNY A OLSON ET UX | SHAND WILLISTON OIL COMPANY | 4/25/2002 | ND | RENVILLE | 541 | 176587 | | 3264 | T160N W88W SEC 34: NW | * | | 5.0000 | 5.0000 | T160N W88W SEC 34: NW |
| FEE | 10.00627.000 | PAULETTE CLARK | SHAND WILLISTON OIL COMPANY | 4/25/2002 | ND | RENVILLE | 274 | 176697 | | 3264 | T160N W88W SEC 34: NW | * | | | | T160N W88W SEC 34: NW |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LESSEE NAME | LEASE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00139.000 | CHARLOTTE PRESTON | WARD WILLISTON OIL COMPANY | 4/25/2002 | ND | RENVILLE | 274 | 357 | 178832 | 3264 | SEC 31 NW | v | | 5.0000 | 1.0000 | T158N NE5W<br>SEC 31 SW |
| FEE | 10.00129.000 | MARY VIRGINIA ENGER | WARD WILLISTON OIL COMPANY | 4/11/2002 | ND | RENVILLE | 273 | 675 | 176730 | 3264 | SEC 31 NW | v | | 50.0000 | 50.0000 | T158N NE5W<br>SEC 31 SW |
| FEE | 10.00120.000 | JAMES A FESTER ET AL | WARD WILLISTON OIL COMPANY | 4/26/2002 | ND | RENVILLE | 273 | 804 | 176489 | 3264 | SEC 31 NW | v | | 3.0000 | 1.0000 | T158N NE5W<br>SEC 31 SW |
| FEE | 10.00133.000 | MOORMAN/SCHOBAN & STEINE | WARD WILLISTON OIL COMPANY | 3/27/2002 | ND | RENVILLE | 273 | 802 | 176688 | 3264 | SEC 31 NW | v | | 50.0000 | 50.0000 | T158N NE5W<br>SEC 31 SW |
| FEE | 10.00130.000 | RED ENZMIN ROYALTIES LLC | WARD WILLISTON OIL COMPANY | 3/1/2010 | ND | RENVILLE | 311 | 138 | 199056 | 3801 | T158N NW6W<br>SEC 31 NWNW | v | | 20.0000 | 20.0000 | T158N NW6W<br>SEC 31 NW |
| FEE | 10.00130.000 | RED ENZMIN ROYALTIES LLC | WARD WILLISTON OIL COMPANY | 3/1/2010 | ND | RENVILLE | 311 | 138 | 199056 | 3801 | T158N NW6W<br>SEC 31 NWNW | v | | 20.0000 | 20.0000 | T158N NW6W<br>SEC 31 NW |
| FEE | 10.00130.000 | RED ENZMIN ROYALTIES LLC | WARD WILLISTON OIL COMPANY | 3/1/2010 | ND | RENVILLE | 311 | 138 | 199056 | 3801 | T158N NW6W<br>SEC 31 NWNW (LIMITED FROM THE SURFACE TO BASE OF THE MISSION CANYON) | v | | 20.0000 | 20.0000 | T158N NW6W<br>SEC 31 NW |
| FEE | 10.00131.000 | CAROL HAMAR-RESTIN-SCHNEIDE | CODY INC | 12/28/1990 | ND | RENVILLE | 174 | 468 | 133156 | 3801 | T158N NW6W<br>SEC 31 NWNW | v | | 2.5000 | 2.5000 | T158N NW6W<br>SEC 31 NE |
| FEE | 10.00131.000 | CAROL HAMAR-RESTIN-SCHNEIDE | CODY INC | 12/28/1990 | ND | RENVILLE | 174 | 468 | 133156 | 3802 | T158N NW6W<br>SEC 31 SWNW | v | | 2.5000 | 2.5000 | T158N NW6W<br>SEC 31 NE |
| FEE | 10.00131.000 | CAROL HAMAR-RESTIN-SCHNEIDE | CODY INC | 12/28/1990 | ND | RENVILLE | 174 | 468 | 133156 | 3803 | T158N NW6W<br>SEC 31 NWSW | v | | 2.5000 | 2.5000 | T158N NW6W<br>SEC 31 NE |
| FEE | 10.00131.000 | CAROL HAMAR-RESTIN-SCHNEIDE | CODY INC | 12/28/1990 | ND | RENVILLE | 174 | 468 | 133156 | 3805 | T158N NW6W<br>SEC 31 NWSW (LIMITED FROM THE SURFACE TO BASE OF THE MISSION CANYON) | v | | 2.5000 | 2.5000 | T158N NW6W<br>SEC 31 NE |
| FEE | 10.00131.000 | CAROL HAMAR-RESTIN-SCHNEIDE | CODY INC | 12/28/1990 | ND | RENVILLE | 174 | 468 | 133156 | 3804 | T158N NW6W<br>SEC 31 NE | v | | 10.0000 | 10.0000 | T158N NW6W<br>SEC 31 NE |
| FEE | 10.00137.000 | DELORES EVENSGAR | DIAMOND RESOURCES CO | 5/5/2007 | ND | RENVILLE | 241 | 241 | 184637 | 3518 | T158N NE5W<br>SEC 5 LOTS 3, 4, S2NW | v | | 159.6200 | 159.6200 | T158N NE5W<br>SEC 5 LOTS 3, 4, S2NW |
| STATE | 10.00138.000 | STATE OF NORTH DAKOTA OG&A | PLACID OIL COMPANY | 4/22/1954 | ND | RENVILLE | 65 | 167 | 370511 | 3520 | T158N NE5W<br>SEC 6 SW | v | | 24.4400 | 11.2911 | T158N NE5W<br>SEC 6 SW |
| STATE | 10.00138.50A | 0037004-04 BOARD OF UNIVERS | DIAMOND RESOURCES CO | 8/7/2007 | ND | BOTTINEAU | | | 370110 | 3930 | T158N R78W<br>SEC 16 SW | v | | 80.0000 | 80.0000 | T158N R78W<br>SEC 16 SW |
| STATE | 10.00138.50A | 0037004-04 BOARD OF UNIVERS | DIAMOND RESOURCES CO | 8/7/2007 | ND | BOTTINEAU | | | 370110 | 4000 | T158N R78W<br>SEC 16 SE | v | | 80.0000 | 80.0000 | T158N R78W<br>SEC 16 SE |
| FEE | 10.00130.000 | G H AGAR/USDO AT EUR | WARD WILLISTON OIL COMPANY | 9/18/1952 | ND | BOTTINEAU | 38 | 340 | 184536 | 3411 | T158N R76W<br>SEC 1 LOT 4, S2NW | v | | 81.3300 | 81.3300 | T158N R76W<br>SEC 1 LOT 4, S2NW<br>SEC 22 2SNE |
| FEE | 10.00130.000 | G H AGAR/USDO AT EUR | WARD WILLISTON OIL COMPANY | 9/18/1952 | ND | BOTTINEAU | 38 | 340 | 184536 | 3412 | T158N R76W<br>SEC 1 LOT 4, S2NW | v | | 81.3300 | 81.3300 | T158N R76W<br>SEC 1 LOT 4, S2NW<br>SEC 22 2SNE |
| FEE | 10.00131.000 | C O HUNDLE BRIAN | KINSSLON L TUNDLE | 10/1/1961 | ND | BOTTINEAU | 83 | 349 | 184637 | 3467 | T158N R76W<br>SEC 11 LOTS 1, 2, E2NW | v | | 153.0700 | 75.0000 | T158N R76W<br>SEC 11 LOTS 1, 2, E2NW |
| FEE | 10.00130.000 | SANEE CARSON | KYE TROUT JR | 12/4/1942 | ND | BOTTINEAU | 107 | 37 | 210603 | 4070 | T158N R78W<br>SEC 9 NW | v | | 160.0000 | 163.6667 | T158N R78W<br>SEC 9 NW, SWSW |
| FEE | 10.00130.000 | SANEE CARSON | KYE TROUT JR | 12/4/1942 | ND | BOTTINEAU | 107 | 37 | 210603 | 4071 | T158N R78W<br>SEC 9 SWSW | v | | 40.0000 | 24.6667 | T158N R78W<br>SEC 9 NW, SWSW |
| FEE | 10.00130.000 | H ANDREW R T LIX | HUNT OIL COMPANY | 9/2/1968 | ND | BOTTINEAU | 93 | 83 | 172149 | 2501 | T158N R76W<br>SEC 31 N2NE | v | | 440.0000 | 440.0000 | T158N R76W<br>SEC 31 N2NE<br>SEC 31 2S2NE, SWNE, S2NW, NE, N2NW |
| FEE | 10.00412.000 | WILLIAM DONALD STRATTON ET | U WILLIAM | 8/26/1961 | ND | BOTTINEAU | 100 | 149 | 212749 | 2986 | T158N R76W<br>SEC 25 N2SE | v | | 80.0000 | 80.0000 | T158N R76W<br>SEC 25 N2SE |
| FEE | 10.00412.000 | DUANE L SANDERS | ENDURO OPERATING LLC | 2/1/2014 | ND | BURKE | 220 | 234 | 219498 | 3595 | T158N R90W<br>SEC 24 W2NW | v | | 5.0000 | 5.0000 | T158N R90W<br>SEC 24 W2NW |
| FEE | 10.00412.000 | KAYLA J SANDBERG | ENDURO OPERATING LLC | 2/1/2014 | ND | BURKE | 220 | 234 | 219497 | 3595 | T158N R90W<br>SEC 24 W2NW | v | | 5.0000 | 5.0000 | T158N R90W<br>SEC 24 W2NW |
| FEE | 10.00412.000 | GORDON S BRADLEY | ENDURO OPERATING LLC | 2/1/2014 | ND | BURKE | 220 | 234 | 219436 | 3595 | T158N R90W<br>SEC 24 W2NW | v | | 20.0000 | 20.0000 | T158N R90W<br>SEC 24 W2NW |
| FEE | 10.00412.000 | JUDITH L HEFFER TRUST | ENDURO OPERATING LLC | 2/1/2014 | ND | BURKE | 220 | 234 | 216126 | 3595 | T158N R90W<br>SEC 24 W2NW | v | | 10.0000 | 10.0000 | T158N R90W<br>SEC 24 W2NW |
| FEE | 10.00412.000 | ROBERT E SANDBERG | ENDURO OPERATING LLC | 2/1/2014 | ND | BURKE | 220 | 234 | 215129 | 3595 | T158N R90W<br>SEC 24 W2NW | v | | 5.0000 | 5.0000 | T158N R90W<br>SEC 24 W2NW |
| FEE | 10.00412.000 | PAMELA A FETERSON | ENDURO OPERATING LLC | 2/1/2014 | ND | BURKE | 220 | 234 | 215730 | 3595 | T158N R90W<br>SEC 24 W2NW | v | | 20.0000 | 20.0000 | T158N R90W<br>SEC 24 W2NW |
| FEE | 10.00412.000 | DENNIS L SANDBERG | ENDURO OPERATING LLC | 2/1/2014 | ND | BURKE | 220 | 234 | 215730 | 3595 | T158N R90W<br>SEC 24 W2NW | v | | 5.0000 | 5.0000 | T158N R90W<br>SEC 24 W2NW |
| FEE | 10.00410.000 | BARBARA AND DAVID STANLEY | ENDURO OPERATING LLC | 10/25/2017 | ND | RENVILLE | 326 | 9613 | 294121 | 3597 | T158N R90W<br>SEC 24 NENW | v | | 10.0000 | 10.0000 | T158N R90W<br>SEC 24 NENW |
| FEE | 10.00416.000 | BOSCHEE MINERAL TRUST UTD | ENDURO OPERATING LLC | 12/25/2017 | ND | RENVILLE | | | 294126 | 3597 | T158N R90W<br>SEC 24 NENW | v | | 80.0000 | 80.0000 | T158N R90W<br>SEC 24 NENW |
| FEE | 10.00416.000 | BLM NDM26003 | JULIA K FOSTER | | ND | BURKE | | | | 3602 | T158N NE31W<br>SEC 30 NE RECORD TITLE ONLY | v | | | | T158N NE26W RECORD TITLE ONLY<br>SEC 30 NE RECORD TITLE ONLY |
| FEE | 10.00416.000 | BLM NDM26003 | JULIA K FOSTER | | ND | BURKE | | | | 3602 | T158N NE31W<br>SEC 30 NE RECORD TITLE ONLY | v | | 160.0000 | 160.0000 | T158N NE26W RECORD TITLE ONLY<br>SEC 30 NE RECORD TITLE ONLY |
| FEE | 10.00339.50A | G H DUFFELD ET UX | T N LONGAN | 11/27/1976 | ND | BOTTINEAU | 47045 | 205 | | 2119 | T158N R78W<br>SEC 35 NW | v | | 160.0000 | 160.0000 | T158N R78W<br>SEC 35 S2S2 |

**EXHIBIT A**
**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENQURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| STATE | 10.00100.000 | 1-34 ROTHSCHEST LN | T-N CHEVAN | 4/20/1958 | ND | ROTTINEAU | | | | 2220 | T163N R75W SEC 34 S2S2 | * | | | 320.000 | T163N R75W SEC 31 SE SEC 33 S2S2 |
| STATE | 10.00100.000 | STATE OF ND 00100000B | T-N CHEVAN | 5/21/1935 | ND | ROTTINEAU | 56/45 | 359 | | 2120 | T163N R76W SEC 15 S2S2 | * | 0.000 | 80.000 | 80.000 | T163N R76W SEC 15 S2S2, NE2S LESS 3.0 ACRES 00100.0 TO GSA |
| STATE | 10.00100.000 | STATE OF ND 00100000B | T-N CHEVAN | 5/21/1935 | ND | ROTTINEAU | 56/45 | 359 | | 2121 | T163N R76W SEC 15 S2S2 | * | 155.000 | 76.450 | 76.450 | T163N R76W SEC 15 S2S2, NE2S LESS 3.0 ACRES 00100.0 TO GSA |
| FEE | 10.00101.00C | ANDREW KAHLIN ET AL | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | | | 359 | 2121 | T163N R75W SEC 3 3M | * | 0.000 | 76.450 | 76.450 | T163N R75W SEC 3 3M SEC 30 N2S2 LESS 3.0 ACRES 01000.0 TO GSA, NW, NONE LESS THAT PORTION CONVEYED TO GSA BY DEED DATED CONVEYED TO GSA BY DEED DATED 03/21/73 RECORDED IN 39 PG 126 OF DEED RECORDS OF ROTTINEAU CO. ND 2.40 ACRES MORE OR LESS, 45.31 OF DEED RECORDS OF ROTTINEAU CO. ND ESTIMATED TO CONTAIN 0.3 MORE OR LESS |
| FEE | 10.00101.00C | ANDREW KAHLIN ET AL | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 359 | | 2121 | T163N R75W SEC 3 3M SEC 3 NE | * | 605.2400 | 605.2400 | 605.2400 | T163N R75W SEC 3 3M SEC 3 NE SEC 30 N2S2 LESS 3.0 ACRES 01000.0 TO GSA, NW, NONE LESS THAT PORTION CONVEYED TO GSA BY DEED DATED CONVEYED TO GSA BY DEED DATED 03/21/73 RECORDED IN 39 PG 126 OF DEED RECORDS OF ROTTINEAU CO. ND, 45.31 OF DEED RECORDS OF ROTTINEAU CO. ND ESTIMATED TO CONTAIN 0.3 MORE OR LESS |
| FEE | 10.00102.00A | FAIRY W OULETT ET LN | T-N CHEVAN | 4/23/1949 | ND | ROTTINEAU | Y MS | 375 | | 2121 | T163N R75W SEC 23 N2S2, SOE | * | 200.000 | 200.0000 | 200.000 | T163N R75W SEC 23 N2S2, SOE |
| FEE | 10.00102.00A | ARLAN D'ART 1 LN | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 361 | | 2124 | T163N R75W SEC 35 NE SEC 30 SE | * | 440.000 | 200.0000 | 220.000 | T163N R75W SEC 35 NE SEC 30 SE SEC 37 NES SURFACE DOWN TO A DEPTH OF 9000', N2S4, NW4, SE4, SW4, SW4 |
| FEE | 10.00102.00A | ARLAN D'ART 1 LN | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 361 | | 2125 | T163N R75W SEC 27 NESE SURFACE TO A DEPTH OF 9000' | * | 40.000 | 20.0000 | 20.000 | T163N R75W SEC 30 SE SEC 37 NES SURFACE DOWN TO A DEPTH OF 9000', N2S4, NW4, SE4, SW4, SW4 |
| FEE | 10.00102.00A | ARLAN D'ART 1 LN | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 361 | | 2127 | T163N R75W SEC 23 SW36 | * | 40.000 | 20.0000 | 20.000 | T163N R75W SEC 30 SE SEC 37 NES SURFACE DOWN TO A DEPTH OF 9000', N2S4, NW4, SE4, SW4, SW4 |
| FEE | 10.00102.00A | ARLAN D'ART 1 LN | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 361 | | 2127 | T163N R75W SEC 23 SW36 | * | 120.000 | 60.0000 | 60.000 | T163N R75W SEC 30 SE SEC 37 NES SURFACE DOWN TO A DEPTH OF 9000', N2S4, NW4, SE4, SW4, SW4 |
| FEE | 10.00102.00A | ARLAN D'ART 1 LN | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 361 | | 2962 | T163N R75W SEC 27 SW36, SW3W | * | 40.000 | 20.0000 | 20.000 | T163N R75W SEC 30 SE SEC 37 NES SURFACE DOWN TO A DEPTH OF 9000', N2S4, NW4, SE4, SW4, SW4 |
| FEE | 10.00102.00A | UDS METSO COMPANY | 7/23/1954 | ND | ROTTINEAU | 49546 | 133 | | 2124 | T163N R75W SEC 23 NW2W SEC 23 NW2W SEC 36 NE | * | 440.000 | 220.0000 | 220.000 | T163N R75W SEC 23 NW4 SEC 23 SE2 SURFACE DOWN TO A DEPTH OF 9000' NW2E, SE3W, SW36 | | |
| FEE | 10.00102.00A | UDS METSO COMPANY | 7/23/1954 | ND | ROTTINEAU | 49546 | 133 | | 2125 | T163N R75W SEC 23 SE SURFACE TO A DEPTH OF 9000' | * | 40.000 | 20.0000 | 20.000 | T163N R75W SEC 23 NW4 SEC 23 SE2 SURFACE DOWN TO A DEPTH OF 9000' NW2E, SE3W, SW36 | | |
| FEE | 10.00102.00A | UDS METSO COMPANY | 7/23/1954 | ND | ROTTINEAU | 49546 | 133 | | 2127 | T163N R75W SEC 23 SW36 | * | 40.000 | 20.0000 | 20.000 | T163N R75W SEC 23 NW4 SEC 23 SE2 SURFACE DOWN TO A DEPTH OF 9000' NW2E, SE3W, SW36 | | |
| FEE | 10.00102.00A | 37 NC MANON | 11/30/1961 | ND | ROTTINEAU | 118MS | 73 | | 2129 | T163N R75W SEC 27 N2S2, SW3W | * | 40.000 | 60.0000 | 60.000 | T163N R75W SEC 27 N2S2, SW3W | | |
| FEE | 10.00102.00A | 37 NC MANON | 11/30/1961 | ND | ROTTINEAU | 118MS | 73 | | 2962 | T163N R75W SEC 27 N2S2, SW3W | * | 40.000 | 20.0000 | 20.000 | T163N R75W SEC 27 N2S2, SW3W | | |
| STATE | 10.00102.00C | STATE OF ND 00102000B | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 105 | | 2130 | T163N R75W SEC 13 SE | * | 320.000 | 120.0000 | 120.000 | T163N R75W SEC 13 SE | | |
| FEE | 10.00103.00A | R-1 STAR | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 105 | | 2131 | T163N R75W SEC 17 NW | * | 160.000 | 152.0000 | 152.000 | T163N R75W SEC 17 NW | | |
| STATE | 10.00103.00A | STATE OF ND 00103000B | 8/27/1953 | ND | ROTTINEAU | 11 MS | 389 | | 2131 | T163N R75W SEC 17 NW | * | 8.000 | 8.000 | 8.000 | T163N R75W SEC 21 S2 SEC 17 NW | | |
| STATE | 10.00104.00A | HERMAN W ROTH ET LN | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 364 | | 2132 | T163N R75W SEC 21 S2 SEC 31 NE | * | 360.000 | 360.0000 | 360.000 | T163N R75W SEC 21 S2 SEC 31 NE | | |
| FEE | 10.00105.00A | MOLAN STAR ET AL | CRESANDE ROOKET COMPANY | 4/23/1949 | ND | ROTTINEAU | Y MS | 363 | | 2133 | T163N R75W SEC 13 N2NW SEC 21 NE | * | 480.000 | 480.0000 | 480.000 | T163N R75W SEC 13 N2NW SEC 21 NE SEC 31 SE | | |
| FEE | 10.00106.00A | ONLAND HENRY ET LN | W F BUGH | 4/23/1949 | ND | ROTTINEAU | Y MS | 306 | | 2134 | T163N R75W SEC 21 NE SEC 30 S2 | * | 640.000 | 640.0000 | 640.000 | T163N R75W SEC 21 NE SEC 30 S2 SEC 31 NE | | |
| FEE | 10.00106.00A | ONLAND HENRY ET LN | W F BUGH | 4/23/1949 | ND | ROTTINEAU | Y MS | 306 | | 2135 | T163N R75W SEC 31 NE | * | 80.000 | 40.0000 | 40.000 | T163N R75W | | |

Exhibit A - 16

**EXHIBIT A**

**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| STATE | 10.00036.000 | STATE OF ND ISO 0000 10 | T N CHEGAN | 3/15/1970 | ND | BOTTINEAU | 12345 | 3 | | 2116-1 | T160N R79W SEC 15 E/2NW | | 800.000 | 400.000 | 400.000 | T160N R79W SEC 15 SE |
| STATE | 10.00036.00A | STATE OF ND ISO 0000 10 | T N CHEGAN | 3/15/1970 | ND | BOTTINEAU | 12345 | 3 | | 2116 | T160N R79W SEC 15 NE, W/2NW | | 240.000 | 120.000 | 120.000 | T160N R79W SEC 15 NE, W/2NW |
| FEE | 10.00036.00B | ARNOLD NEHRINGT UX | W F RUSH | 4/23/1949 | ND | BOTTINEAU | YA5 | 358 | | 2116 | T160N R79W SEC 15 NE, W/2NW | | 0.0000 | 120.000 | 120.000 | T160N R79W SEC 15 NE, W/2NW |
| FEE | 10.00036.00C | ARNOLD NEHRINGT UX | W F RUSH | 4/23/1949 | ND | BOTTINEAU | YA5 | 358 | | 2117 | T160N R79W SEC 6 S/2E | | 240.000 | 240.000 | 240.000 | T160N R79W SEC 6 SE |
| FEE | 10.00037.00A | LEONARD ROTHLI ET UX | CREVAMORK RODWAY COMPANY | 4/23/1949 | ND | BOTTINEAU | YA5 | 366 | | 2118 | T160N R79W SEC 6 SW | | 320.000 | 160.000 | 160.000 | T160N R79W SEC 6 SW |
| FEE | 10.00037.00B | LEONARD ROTHLI ET UX | CREVAMORK RODWAY COMPANY | 4/23/1949 | ND | BOTTINEAU | YA5 | 366 | | 2119 | T160N R79W SEC 6 SE | | 160.000 | 160.000 | 160.000 | T160N R79W SEC 6 SE |
| STATE | 10.00037.00A | STATE OF ND ISO 0000 10 | T N CHEGAN | 3/26/1970 | ND | BOTTINEAU | YA5 | 493 | | 2118 | T160N R79W SEC 6 SW | | 0.0000 | 16.000 | 16.000 | T160N R79W SEC 6 SW |
| STATE | 10.00038.00A | WAY COOL ET UX | F P BORDEN | 4/23/1949 | ND | BOTTINEAU | YA01 | 9 | | 2124 | T160N R79W SEC 20 ED2 20 E 10D 1/2 ACRE SCHOOL TRACT | N | 320.0000 | 320.0000 | 160.0000 | T160N R79W SEC 20, NE, ED2 20.E 10D 1/2 ACRE SCHOOL TRACT |
| FEE | 10.00038.00A | WAY COOL ET UX | F P BORDEN | 4/23/1949 | ND | BOTTINEAU | YA01 | 9 | | 2141 | T160N R79W SEC 21 N/2 & S/2 TO M&O TS DOWN TO S ADP TM OF 3.6D7 | N | 320.0000 | 320.0000 | 320.0000 | T160N R79W SEC 20, NE, ED2 20.E 10D 1/2 ACRE SCHOOL TRACT |
| FEE | 10.00038.00A | WAY COOL ET UX | F P BORDEN | 4/23/1949 | ND | BOTTINEAU | YA01 | 9 | | 79A4 | T160N R79W SEC 21 NE | | 120.000 | 120.000 | 120.000 | T160N R79W SEC 20, NE, ED2 20.E 10D 1/2 ACRE SCHOOL TRACT |
| FEE | 10.00038.00A | WAY COOL ET UX | F P BORDEN | 4/23/1949 | ND | BOTTINEAU | YA01 | 9 | | 79/3 | T160N R79W SEC 21 E 10 | | 78.000 | 78.000 | 78.000 | T160N R79W SEC 20, NE, ED2 20.E 10D 1/2 ACRE SCHOOL TRACT |
| FEE | 10.00038.00A | WAY COOL ET UX | F P BORDEN | 4/23/1949 | ND | BOTTINEAU | YA01 | 9 | | 79/3 | T160N R79W SEC 21 E1/2 | | 320.000 | 320.000 | 72.000 | T160N R79W SEC 20, NE, ED2 20.E 10D 1/2 ACRE SCHOOL TRACT |
| FEE | 10.00038.00B | WAY COOL ET UX | F P BORDEN | 4/23/1949 | ND | BOTTINEAU | 113A5 | 227 | | 79/2 | SEC 20 COMMENCING ON THE SOUTH EAST CORNER OF SEC 20 IN T16 IN R79W THENCE NORTH ON EAST LINE OF SAID QTR SECTION, EIGHTEEN RODS TO A POINT THENCE WEST AT RIGHT ANGLES AND PARALLEL TO SOUTH LINE OF SAID SEC SECTION, EIGHTEEN RODS TO A POINT, THENCE SOUTH AT RIGHT ANGLES AND PARALLEL TO EAST LINE OF SAID QTR OF SECTION TO A POINT ON SOUTH LINE EIGHTEEN RODS EAST ON SOUTH LINE EIGHTEEN RODS TO POINT OF BEGINNING, CONTAINING 2 ACRES, MORE OR LESS | | 2.0000 | 2.0000 | 1.8407 | SEC 20 COMMENCING ON THE SOUTH EAST CORNER OF SEC 20 IN T16 IN R79W THENCE NORTH ON EAST LINE OF SAID QTR SECTION, EIGHTEEN RODS TO A POINT THENCE WEST AT RIGHT ANGLES AND PARALLEL TO SOUTH LINE OF SAID SEC SECTION, EIGHTEEN RODS TO A POINT, THENCE SOUTH AT RIGHT ANGLES AND PARALLEL TO EAST LINE OF SAID QTR OF SECTION TO A POINT ON SOUTH LINE EIGHTEEN RODS EAST ON SOUTH LINE EIGHTEEN RODS TO POINT OF BEGINNING, CONTAINING 2 ACRES, MORE OR LESS |
| FEE | 10.00038.008 | NEWBURG PUBLIC SCHOOL DIST | T N CHEGAN | 8/29/1952 | ND | BOTTINEAU | 37A5 | 343 | 184448 | 2272 | T160N R79W SEC 6 N/2 W/2N | | 800.000 | 800.000 | 5.2350 | T160N R79W SEC 6 N/2 W/2N FEMA THE SURFACE TO M&O OF THE LOGGOYSLS FORMATION |
| FEE | 10.00039.000 | UPLAND J HENHY ET UX | T N CHEGAN | 8/29/1952 | ND | BOTTINEAU | 37A5 | 343 | 184448 | 2272 | SEC E1 FROM THE SURFACE TO M&O OF THE LOGGOYSLS FORMATION | | 800.000 | 800.000 | 80.000 | SEC E1 FROM THE SURFACE TO M&O OF THE LOGGOYSLS FORMATION |
| STATE | 10.00040.000 | BESSIE E DOWNING T AL | T N CHEGAN | 4/22/1955 | ND | BOTTINEAU | 189 | 189 | | 2271 | T160N R79W SEC E1 D2NW, LOT 1 ENE NW 19.2D, LOT 2 D2ANW 35.0D LLD1 4 N.5 HWY ROW | | 154.3300 | 154.3300 | 154.3300 | T160N R79W SEC E1 D2NW, LOT 1 ENE NW 19.2D, LOT 2 D2ANW 35.0D LLD1 4 N.5 HWY ROW |
| STATE | 10.00040.000 | BESSIE E DOWNING T AL | T N CHEGAN | 4/22/1955 | ND | BOTTINEAU | 189 | 189 | | 2266 | T160N R79W SEC E1 NW, LOT 3 4 LDD1 E N/2 HWY ROW | | 480.0000 | 480.0000 | 480.0000 | T160N R79W SEC E1 NW, LOT 3 4 LDD1 E N/2 HWY ROW |
| FEE | 10.00041.000 | STATE OF ND 2RAN4 HWY T UX | AMERAN PETROLEUM CORP | 7/24/1957 | ND | BOTTINEAU | 249 | 249 | | 2274 | T160N R79W SEC E1 THN N 300 OF THE N.0NW EXCEPT THAT PORTION LYING WITHIN 33 OF THE SEC LINES | | 4.0000 | 4.0000 | 4.0000 | SEC E1 THN N 300 OF THE N.0NW EXCEPT THAT PORTION LYING WITHIN 33 OF THE SEC LINES |
| STATE | 10.00041.000 | STATE OF ND 2RAN4 HWY UX | AMERAN PETROLEUM CORP | 7/24/1957 | ND | BOTTINEAU | 249 | 249 | | 2260 | T160N R79W SEC E1 THE N 330 OF THE SW.0D7 OF THE SE EXCEPT THAT PORTION LYING WI/IN 33 OF THE SEC LINES; 344.6G TO THE S.0D7 OF THE S EXCEPT THAT PORTION | | 4.0000 | 4.0000 | 4.0000 | SEC E1 THE N 330 OF THE SW.0D7 OF THE SE EXCEPT THAT PORTION LYING WI/IN 33 OF THE SEC LINES; 344.6G TO THE S.0D7 OF THE S EXCEPT THAT PORTION |
| STATE | 10.00041.000 | STATE OF ND 2RAN4 HWY UX | AMERAN PETROLEUM CORP | 7/24/1957 | ND | BOTTINEAU | 249 | 249 | | 2261 | T160N R79W SEC E1 THE N 330 OF THE E.0100 OF THE SW.0 EXCEPT THAT PORTION LYING WI/IN 33 OF THE SEC LINES | | 4.0000 | 4.0000 | 4.0000 | SEC E1 THE N 330 OF THE E.0100 OF THE SW.0 EXCEPT THAT PORTION LYING WI/IN 33 OF THE SEC LINES |
| STATE | 10.00052.00A | FIELD MAN GROUP ST P ALL | AMERAN PETROLEUM CORP | 5/11/1957 | ND | BOTTINEAU | 89045 | 263 | | 2275 | T160N R79W SEC E1 LOT 4 (NWNW 40.2D, SWNW SEC E1 LOT 2 (NENW 40.2D, SWNW SEC E1 NENW, THAT PART OF SW LYING N AND WESTERN OF THE LAST CONTOUR LINE AS ESTABLISHED BY THE U.S. AGRICULTURE HIGHER REFUGE, 113W 43 TO 25 ACRES | | 210.0000 | 120.0000 | 120.0000 | T160N R79W SEC E1 LOT 4 (NWNW 40.2D, SWNW SEC E1 LOT 2 (NENW 40.2D, SWNW SEC E1 NENW, THAT PART OF SW LYING N AND WESTERN OF THE LAST CONTOUR LINE AS ESTABLISHED BY THE U.S. AGRICULTURE HIGHER REFUGE, 113W 43 TO 25 ACRES OUTSIDE OF THE UNIT |
| STATE | 10.00052.00A | FIELD MAN GROUP ST P ALL | AMERAN PETROLEUM CORP | 5/11/1957 | ND | BOTTINEAU | 89045 | 263 | | 2282 | T160N R79W SEC E1 LOT 2 (NENW 40.2D, SWNW SEC E1 LOT 4 (NENW 40.2D) | | 25.0000 | 12.5000 | 12.5000 | T160N R79W SEC E1 LOT 2 (NENW 40.2D, SWNW SEC E1 LOT 4 (NENW 40.2D) |
| FEE | 10.00052.008 | RICHARD GRISHA L ET UX | SOHIO PETROLEUM | 5/9/1949 | ND | BOTTINEAU | 9A5 | 489 | | 2275 | T160N R79W SEC E1 LOT 4 (NWNW 40.2D, SWNW SEC E1 LOT 2 (NENW 40.2D, SWNW | | 0.0000 | 119.4460 | 119.4460 | T160N R79W SEC E1 LOT 4 (NWNW 40.2D, SWNW SEC E1 LOT 2 (NENW 40.2D, SWNW |

Exhibit A-17

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.000.11.006 | RICHARD DIPSHAN ET UX | DOHN ET/TROUD/UM | 5/9/1949 | ND | BOTTINEAU | KRD. | 489 | | 236X | T161N R79W<br>SEC 6: SWNW | | 0.0000 | 12.5000 | 12.5000 | T161N R79W<br>SEC 6: NEDM ALL THAT PART OF SW LYING WESTERN OF THE EAST CONTOUR LINE AS ESTABLISHED BY THE U.S. AGRICULTURE WILDLIFE REFUGE, CON & ALTO 20 ACRES OUTSIDE OF THE UNIT |
| FEE | 10.000.11.006 | RICHARD DIPSHAN ET UX | DOHN ET/TROUD/UM | 5/9/1949 | ND | BOTTINEAU | KRD. | 489 | | 236X | T161N R79W<br>SEC 6: SWNW | | 0.0000 | 12.5000 | 12.5000 | T161N R79W<br>SEC 6: LOT 4 (NWNW 40.13), SWNW, SENW<br>SEC 6: LOT 3 (NENW 40.23), SWNW |
| FEE | 10.000.11.006 | RICHARD DIPSHAN ET UX | DOHN ET/TROUD/UM | 5/9/1949 | ND | BOTTINEAU | KRD. | 489 | | 236N | T161N R79W<br>SEC 6: SWNW | | 40.0000 | 20.0000 | 20.0000 | T161N R79W<br>SEC 6: LOT 4 (NWNW 40.13), SWNW, SENW<br>SEC 6: LOT 3 (NENW 40.23), SWNW |
| | | | | | | | | | | | T161N R79W<br>SEC 6: NEDM ALL THAT PART OF SW LYING WESTERN OF THE EAST CONTOUR LINE AS ESTABLISHED BY THE U.S. AGRICULTURE WILDLIFE REFUGE, CON & ALTO 20 ACRES OUTSIDE OF THE UNIT | | | | | |
| FEE | 10.000.13.006 | BONNIE ANDERSON | R J STEWART | 12/11/1957 | ND | BOTTINEAU | 105. | 105 | | 2351 | T161N R79W<br>SEC 14: N2NE4 | | 160.0000 | 80.0000 | 80.1480 | T161N R79W<br>SEC 14: LINE, LOT 1 (NWNE 40.16), LOT 2 (NWNW 40.12) |
| FEE | 10.000.13.008 | ARTHUR J. NIEMANN ET UX | T N JORDON | 8/29/1952 | ND | BOTTINEAU | 5745. | 361 | | 2351 | T161N R79W<br>SEC 14: N2NE4 | | 0.0000 | 80.0000 | 80.1480 | T161N R79W<br>SEC 14: LINE, LOT 1 (NWNE 40.16), LOT 2 (NWNW 40.12) |
| FEE | 10.000.13.008 | ARTHUR J. NIEMANN ET UX | T N JORDON | 8/29/1952 | ND | BOTTINEAU | 5745. | 361 | | 34PA | T161N R79W<br>SEC 6: SWNW | | 160.1200 | 160.1200 | 160.1200 | |
| FEE | 10.000.14.006 | NELLIE LEE | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 299 | | 2352 | T161N R79W<br>SEC 3: LOT 1 & LOT 4 | | 80.0000 | 32.0000 | 32.0000 | T161N R79W<br>SEC 3: LOT 1 (NENW 39.71), LOT 4 (NWNW 34.69) |
| FEE | 10.005.04.006 | NELLIE LEE | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 299 | | 2352.1 | T161N R79W<br>SEC 3: N2NE4 | | 80.0000 | 32.0000 | 32.0000 | T161N R79W<br>SEC 3: LOT 1 (NENW 39.71), LOT 4 (NWNW 34.69) |
| FEE | 10.005.04.006 | NELLIE LEE | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 299 | | 2353 | T161N R79W<br>SEC 10: N2NE4 | | 714.500 | 29.3640 | 29.3640 | T161N R79W<br>SEC 3: LOT 1 (NENW 39.71), LOT 4 (NWNW 34.69) |
| FEE | 10.005.04.008 | ALEXANDER LEE ET UX | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 303 | | 2352 | T161N R79W<br>SEC 3: N2NE4 | | 0.0000 | 2.6671 | 2.6671 | T161N R79W<br>SEC 3: LOT 1 (NENW 39.71), LOT 4 (NWNW 34.69)<br>SEC 10: NE |
| FEE | 10.005.04.008 | ALEXANDER LEE ET UX | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 303 | | 2352.1 | T161N R79W<br>SEC 3: N2NE4 | | 0.0000 | 2.6667 | 2.6667 | T161N R79W<br>SEC 3: LOT 1 (NENW 39.71), LOT 4 (NWNW 34.69)<br>SEC 10: NE |
| FEE | 10.005.04.008 | ALEXANDER LEE ET UX | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 303 | | 2353 | T161N R79W<br>SEC 10: N2NE4 | | 0.0000 | 2.4074 | 2.4074 | T161N R79W<br>SEC 3: LOT 1 (NENW 39.71), LOT 4 (NWNW 34.69)<br>SEC 10: NE |
| FEE | 10.005.04.006 | MARIE OGDEN ET VIR | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 297 | | 2352 | T161N R79W<br>SEC 3: N2NE4 | | 0.0000 | 2.6677 | 2.6677 | T161N R79W<br>SEC 3: LOT 1 (NENW 39.71), LOT 4 (NWNW 34.69)<br>SEC 10: NE |
| FEE | 10.005.04.006 | MARIE OGDEN ET VIR | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 297 | | 2352.1 | T161N R79W<br>SEC 3: N2NE4 | | 0.0000 | 2.6667 | 2.6667 | T161N R79W<br>SEC 3: LOT 1 (NENW 39.71), LOT 4 (NWNW 34.69)<br>SEC 10: NE |
| FEE | 10.005.04.00C | MARIE OGDEN ET VIR | AMERIADA PETROLEUM CORP | 3/20/1994 | ND | BOTTINEAU | 119ND. | 297 | | 2353 | T161N R79W<br>SEC 5: LOT 2 (NWNW 34.71), LOT 4 (NWNW 34.69) | | 0.0000 | 2.4470 | 2.4470 | T161N R79W<br>SEC 10: NE |

Exhibit A - 18

**EXHIBIT A**
**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.005.4.000 | GWEN SHERIDON LEE | AMERADA PETROLEUM CORP | 3/20/1934 | ND | BOTTINEAU | 112345 | 71 | | 2352 | T163N R75W SEC 15 N2NE4 | * | 0.0000 | 2.6674 | 2.6674 | T163N R75W SEC 5 LOT 2 (NENW 36.71), LOT 4 (NWNW 35.68) <br> T163N R75W SEC 15 NE |
| FEE | 10.005.4.000 | GWEN SHERIDON LEE | AMERADA PETROLEUM CORP | 3/20/1934 | ND | BOTTINEAU | 112345 | 71 | | 2353.1 | T163N R75W SEC 15 S2NE | * | 0.0000 | 2.6667 | 2.6667 | T163N R75W SEC 5 LOT 2 (NENW 36.71), LOT 4 (NWNW 35.68) <br> T163N R75W SEC 15 NE |
| FEE | 10.005.4.000 | GWEN SHERIDON LEE | AMERADA PETROLEUM CORP | 3/20/1934 | ND | BOTTINEAU | 112345 | 71 | | 2353 | T163N R75W SEC 5 LOT 2 (NENW 36.71), LOT 4 (NWNW 35.68) | * | 0.0000 | 2.4470 | 2.4470 | T163N R75W SEC 5 LOT 2 (NENW 36.71), LOT 4 (NWNW 35.68) <br> T163N R75W SEC 15 NE |
| FEE | 10.005.4.000 | HERMAN KIRSTH ETT UX | AMERADA PETROLEUM CORP | 6/20/1936 | ND | BOTTINEAU | 118345 | 587 | | 2352 | T161N R79W SEC 15 N2NE4 | * | 0.0000 | 40.0000 | 40.0000 | T163N R75W SEC 15 NE |
| FEE | 10.005.4.000 | HERMAN KIRSTH ETT UX | AMERADA PETROLEUM CORP | 6/20/1936 | ND | BOTTINEAU | 118345 | 587 | | 2353.1 | T161N R79W SEC 15 S2NE | * | 0.0000 | 40.0000 | 40.0000 | T163N R75W SEC 15 NE |
| FEE | 10.005.5.000 | ANTON E EDGERTON | LEONARD E KARAJ W | 10/21/1953 | ND | BOTTINEAU | 36406 | 203 | | 7904 | T162N R79W SEC 15 W2NE, S2N1 | * | 160.0000 | 160.0000 | 24.6667 | T162N R79W SEC 15 W2SE, S2N1 |
| FEE | 10.005.5.000 | THOMAS LEE ET AL | LEONARD E KARAJ W | 10/21/1953 | ND | BOTTINEAU | 36406 | 331 | | 7905 | T162N R79W SEC 15 W2SE, NW2N, SWNW | * | 200.0000 | 200.0000 | 33.3333 | T162N R79W SEC 15 W2SE, NW2N, SWNW |
| FEE | 10.005.5.000 | W I DAVISS B | R I STEWART | 3/4/1950 | ND | BOTTINEAU | 112945 | 23 | | 2557 | T162N R79W SEC 15 SW | * | 160.0000 | 160.0000 | 160.0000 | T162N R79W SEC 15 SW |
| FEE | 10.005.5.000 | ARTHA NKHOLE T OR | R I STEWART | 3/5/1945 | ND | BOTTINEAU | 112945 | 21 | | 2558 | T162N R79W SEC 15 E2SW, SWSW | * | 120.0000 | 120.0000 | 120.0000 | T162N R79W SEC 15 E2SW, SWSW |
| FEE | 10.005.21.000 | BLH NORKENBEE2 | AMERADA PETROLEUM CORP | 6/2/1955 | ND | BOTTINEAU | | 0395 (27411) | 27411 | 2259 | T162N R75W SEC 15 SW | * | 160.0000 | 160.0000 | 160.0000 | T162N R75W SEC 15 SW |
| FEE | 10.005.21.000 | BLH NORKENBEE2 | AMERADA PETROLEUM CORP | 6/2/1955 | ND | BOTTINEAU | | 0395 (27411) | 27411 | 2260 | T162N R75W SEC 14 NE4E4, NONE, S2NE | * | 93.1000 | 93.1000 | 93.1100 | T162N R75W SEC 14 NE4E4, NONE, S2NE |
| FEE | 10.005.22.00N | JAMES NOVRIK ET AL | AMERADA PETROLEUM CORP | 7/21/1955 | ND | BOTTINEAU | 112945 | 179 | | 2261 | T162N R75W SEC 2 N2SE | * | 80.0000 | 80.0000 | 60.0000 | T162N R75W SEC 2 N2SE |
| FEE | 10.005.23.00A | KENNETH HISWA ET UX | AMERADA PETROLEUM CORP | 7/13/1955 | ND | BOTTINEAU | 113945 | 23 | | 2263 | T162N R75W SEC 2 S2SE | * | 20.0000 | 20.0000 | 20.0000 | T162N R75W SEC 2 S2SE |
| FEE | 10.005.23.00A | CELINA LANDURELUS | AMERADA PETROLEUM CORP | 8/22/1955 | ND | BOTTINEAU | 113945 | 498 | | 2266 | T162N R75W SEC 2 N2SW, N2SW | * | 120.0000 | 120.0000 | 120.0000 | T162N R75W SEC 2 N2SW, N2SW |
| FEE | 10.005.22.000 | CELINA LANDURELUS | AMERADA PETROLEUM CORP | 8/22/1955 | ND | BOTTINEAU | 113945 | 498 | | 2267 | T162N R75W SEC 2 N2SW, N2SW | * | 120.0000 | 120.0000 | 120.0000 | T162N R75W SEC 2 N2SW, N2SW |
| FEE | 10.005.23.00A | VERLE E WYNHART UX | AMERADA PETROLEUM CORP | 6/13/1956 | ND | BOTTINEAU | 119945 | 20 | | 2268 | T161N R68W SEC 15 NE | * | 80.0000 | 80.0000 | 73.6000 | T161N R68W SEC 15 NE |
| FEE | 10.005.23.00A | BIGRALD HENRY TRUSTEE | AMERADA PETROLEUM CORP | 6/27/1956 | ND | BOTTINEAU | 119945 | 183 | | 2269 | T161N R68W SEC 32 | * | 6.4000 | 6.4000 | 4.4000 | T161N R68W SEC 32 |
| FEE | 10.005.24.000 | DONALD H KTHAWHT ET UX | AMERADA PETROLEUM CORP | 6/13/1956 | ND | BOTTINEAU | 113945 | 45 | | 2269 | T161N R68W SEC 32 | * | 80.0000 | 80.0000 | 80.0000 | T161N R68W SEC 32 |
| FEE | 10.005.06.00N | DONALD H KTHAWHT ET UX | AMERADA PETROLEUM CORP | 6/13/1956 | ND | BOTTINEAU | 113945 | 45 | | 2271 | T161N R68W SEC 25 NWNW, NWSW, NWNW | * | 80.0000 | 80.0000 | 80.0000 | T161N R68W SEC 25 NWNW, NWSW, NWNW |
| FEE | 10.005.25.00A | OLGA ANDK RIGHT ET AL | AMERADA PETROLEUM CORP | 6/13/1956 | ND | BOTTINEAU | 119945 | 47 | | 2272 | T161N R68W SEC 32 NE | * | 40.0000 | 40.0000 | 40.0000 | T161N R68W SEC 32 NE |
| FEE | 10.005.25.00A | FRED HENRY SCHOFF | AMERADA PETROLEUM CORP | 3/30/1956 | ND | BOTTINEAU | 119945 | 588 | | 2273 | T161N R68W SEC 32 SW | * | 40.0000 | 40.0000 | 40.0000 | T161N R68W SEC 32 SW |
| FEE | 10.005.26.00A | FRED HENRY SCHOFF | AMERADA PETROLEUM CORP | 6/30/1956 | ND | BOTTINEAU | 118945 | 588 | | 2274 | T161N R68W SEC 25 NWNW, NWSW, NWNW | * | 15.0000 | 15.0000 | 15.0000 | T161N R68W SEC 25 SWNW, NWSW, NWNW |
| FEE | 10.005.50.00B | EDWIN SCHOFF ET UX | AMERADA PETROLEUM CORP | 5/22/1956 | ND | BOTTINEAU | 119945 | 65 | | 2274 | T161N R68W SEC 25 NWNW | * | 5.0000 | 5.0000 | 5.0000 | T161N R68W SEC 25 NWNW |
| FEE | 10.005.36.000 | ALDA SCHOFF ET UX | AMERADA PETROLEUM CORP | 10/30/1956 | ND | BOTTINEAU | 119945 | 563 | | 2274 | T161N R68W SEC 25 NWNW, NWSW, NWNW | * | 40.0000 | 40.0000 | 40.0000 | T161N R68W SEC 25 NWNW, NWSW, NWNW |
| FEE | 10.005.09.00C | W I O BRIEN ET AL | AMERADA PETROLEUM CORP | 10/30/1956 | ND | BOTTINEAU | 119945 | | | 2275 | T162N R75W SEC 15 E2SE | * | 0.0000 | 20.0000 | 20.0000 | T162N R75W SEC 15 E2SE |
| FEE | 10.00.27.00A | IRENE DPSAM, ET AL | AMERADA PETROLEUM CORP | 8/9/1956 | ND | BOTTINEAU | 119945 | 219 | | 2275 | T162N R75W SEC 15 E2SE | * | 80.0000 | 80.0000 | 40.0000 | T162N R75W SEC 15 E2SE |
| FEE | 10.00.27.00A | FED LAND BANK OF ST PAUL | AMERADA PETROLEUM CORP | 9/5/1957 | ND | BOTTINEAU | 36406 | 221 | | 2276 | T162N R75W SEC 15 E2SE | * | 40.0000 | 40.0000 | 40.0000 | T162N R75W SEC 15 E2SE |
| FEE | 10.00.27.00A | MAGNEG S MARTIN ET UX | AMERADA PETROLEUM CORP | 10/13/1956 | ND | BOTTINEAU | 14345 | 441 | | 2280 | T162N R75W SEC 15 E2SE | * | 40.0000 | 39.9000 | 39.9000 | T162N R75W SEC 15 E2SE |
| FEE | 10.00.21.00B | BIGRALD HENRY TRUSTEE | AMERADA PETROLEUM CORP | 10/27/1956 | ND | BOTTINEAU | 14345 | 317 | | 2280 | T162N R75W SEC 15 E2SE | * | 5.0000 | 3.2000 | 3.2000 | T162N R75W SEC 15 E2SE |
| FEE | 10.05.29.000 | ALBERT BEAUCHAMP ET AL | AMERADA PETROLEUM CORP | 9/7/1956 | ND | BOTTINEAU | 14345 | 39 | | 2281 | T162N R75W SEC 15 S2NE | * | 40.0000 | 40.0000 | 40.0000 | T162N R75W SEC 15 S2NE |
| FEE | 10.05.29.000 | ALBERT BEAUCHAMP ET AL | AMERADA PETROLEUM CORP | 9/7/1956 | ND | BOTTINEAU | 14345 | 39 | | 2282 | T162N R75W SEC 15 SENE | * | 40.0000 | 40.0000 | 40.0000 | T162N R75W SEC 15 SENE |

Exhibit A - 19

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | NET | ENQURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.005.00.000 | BLM NO#124151 | AMERADA PETROLEUM CORP | 12/17/47 | ND | | | | | 2285 | T16 N R79W | | Y | 200.0000 | 200.0000 | 200.0000 | 200.0000 | T158N R79W: 27N PM SEC 11: N2NE, W2SW, W2NW SEC 14: W2SW |
| FEE | 10.005.01.000 | HOWARD J HENRY ET UX | THE CARTER OIL COMPANY | 4/9/1949 | ND | ROTTINEAU | W MS | 427 | | 2285 | T16 N R79W SEC 1: W2NW COVERS THE SPEARFISH AND CHARLES FORMATIONS FOUND BETWEEN THE DEPTHS OF 3,250 FT AND 6,732 FT | | Y | 800.0000 | 800.0000 | 800.0000 | 512.000 | T158N R79W SEC 1: E2SW, SD4E, W2SE, SD2S, NE2NE, W2NW, SW4W, S2NW, SW2NW |
| FEE | 10.005.01.000 | HOWARD J HENRY ET UX | THE CARTER OIL COMPANY | 4/9/1949 | ND | ROTTINEAU | W MS | 427 | | 2289 | T16 N R79W SEC 1: SW2N, SE2NW COVERS THE SPEARFISH AND CHARLES FORMATIONS FOUND BETWEEN THE DEPTHS OF 3,250 FT AND 6,732 FT | | Y | 800.0000 | 800.0000 | 800.0000 | 800.000 | T158N R79W SEC 1: E2SW, SD4E, W2SE, SD2S, NE2NE, W2NW, SW4W, S2NW, SW2NW |
| FEE | 10.005.01.000 | HOWARD J HENRY ET UX | THE CARTER OIL COMPANY | 4/9/1949 | ND | ROTTINEAU | W MS | 427 | | 7612 | T16 N R79W SEC 1: W2NW COVERS THE SPEARFISH AND CHARLES FORMATIONS FOUND BETWEEN THE DEPTHS OF 3,250 FT AND 6,732 FT | | Y | 800.0000 | 800.0000 | 25.8064 | 25.8064 | T158N R79W SEC 1: E2SW, SD4E, W2SE, SD2S, NE2NE, W2NW, SW4W, S2NW, SW2NW |
| FEE | 10.005.01.000 | HOWARD J HENRY ET UX | THE CARTER OIL COMPANY | 4/9/1949 | ND | ROTTINEAU | W MS | 427 | | 7614 | T16 N R80W SEC 1: W2SE | | Y | 800.0000 | 800.0000 | 800.0000 | 18.7097 | T158N R80W SEC 1: W2SE |
| FEE | 10.005.01.000 | HOWARD J HENRY ET UX | THE CARTER OIL COMPANY | 4/9/1949 | ND | ROTTINEAU | W MS | 427 | | 7615 | T16 N R80W SEC 1: W2SE | | Y | 800.0000 | 800.0000 | 800.0000 | 18.7097 | T158N R80W SEC 1: W2SE |
| FEE | 10.005.01.000 | HOWARD J HENRY ET UX | THE CARTER OIL COMPANY | 4/9/1949 | ND | ROTTINEAU | W MS | 427 | | 7616 | T16 N R80W SEC 1: W2SE | | Y | 800.0000 | 800.0000 | 800.0000 | 514.120 | T158N R80W SEC 1: W2SE |
| FEE | 10.005.01.000 | HOWARD J HENRY ET UX | AMERADA PETROLEUM CORP | 4/9/1949 | ND | ROTTINEAU | W MS | 427 | | 7616 | T16 N R80W SEC 1: W2SE | | Y | 800.0000 | 800.0000 | 800.0000 | 514.120 | T158N R80W SEC 1: W2SE |
| FEE | 10.005.05.000 | DOROTHY HAGUE | AMERADA PETROLEUM CORP | 1/10/1966 | ND | ROTTINEAU | 19 BMS | 45 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.05.000 | WALTER MCKECHNIE | AMERADA PETROLEUM CORP | 1/11/1966 | ND | ROTTINEAU | 19 BMS | 45 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.02.00C | MALCOLM A MCKECHNIE | AMERADA PETROLEUM CORP | 1/11/1966 | ND | ROTTINEAU | 14 BMS | 47 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.02.000 | LILLIAN MINNIE MINES | AMERADA PETROLEUM CORP | 1/11/1966 | ND | ROTTINEAU | 14 BMS | 48 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.03.000 | DONALD L MCGILVRAY | AMERADA PETROLEUM CORP | 1/12/1966 | ND | ROTTINEAU | 14 BMS | 51 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.02.8P | ROBERT KARL ET AL | AMERADA PETROLEUM CORP | 1/12/1966 | ND | ROTTINEAU | 14 BMS | 75 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.02.003 | MARY FLINET ET MR | AMERADA PETROLEUM CORP | 1/30/1966 | ND | ROTTINEAU | 14 BMS | 185 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.02.00H | MALCOLM GRIFFIN | AMERADA PETROLEUM CORP | 1/29/1966 | ND | ROTTINEAU | 14 BMS | 534 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.02.00J | HAROLD GRIFFIN | AMERADA PETROLEUM CORP | 1/29/1966 | ND | ROTTINEAU | 14 BMS | 165 | | 2299 | T16 N R79W SEC 20: SW | | Y | 160.0000 | 13.3333 | 13.3333 | 13.3333 | T16 N R79W SEC 20: SW |
| FEE | 10.005.02.00L | T MILDRED LARSON | AMERADA PETROLEUM CORP | 1/29/1966 | ND | ROTTINEAU | 14 BMS | 135 | | 2299 | T16 N R79W SEC 20: SW | | Y | 400.0000 | 400.0000 | 400.0000 | 400.000 | T16 N R79W SEC 20: SW |
| FEE | 10.005.04.000 | THYGE E BARENTSON ET UX | AMERADA PETROLEUM CORP | 1/27/1966 | ND | ROTTINEAU | 14 BMS | 155 | | 2303 | T16 N R79W SEC 26: NENW | | Y | 400.0000 | 400.0000 | 400.0000 | 400.000 | T16 N R79W SEC 26: NENW |
| FEE | 10.005.05.000 | PALMER MINNIE M | AMERADA PETROLEUM CORP | 5/26/1949 | ND | ROTTINEAU | V MS | 328 | | 2304 | T16 N R79W SEC 14: SW | | Y | 160.0000 | 160.0000 | 160.0000 | 160.000 | T16 N R79W SEC 14: SW |
| FGD | 10.005.00.000 | BLM NO#488013 | RUTH L BRINKARD | 8/2/1955 | ND | ROTTINEAU | | | 0566012ND) | 2283 | T16 N R79W SEC 14 | CLAUDE RMALL | Y | 280.0000 | 280.0000 | 280.0000 | 280.000 | T16 N R79W SEC 14: FROM THE SURFACE TO BASE OF CHARLES FORMATION |
| FEE | 10.005.07.00A | VIRL WYMAN ET UX | I J WILHITE | 2/12/1962 | ND | ROTTINEAU | 10 BMS | 437 | | 2307 | T158N R79W SEC 18: NE AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES AND AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES FORMATIONS (EU 187SN) | | Y | 160.0000 | 147.2000 | 147.2000 | 133.7000 | T158N R79W SEC 18: NE AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES |
| FEE | 10.005.07.00A | VIRL WYMAN ET UX | I J WILHITE | 2/12/1962 | ND | ROTTINEAU | 10 BMS | 437 | | 2361 | T158N R79W SEC 18: NE AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES | | Y | 160.0000 | 147.2000 | 147.2000 | 714.500 | T158N R79W SEC 18: NE AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES |
| FEE | 10.005.07.00B | VIRL WYMAN ET UX | I J WILHITE | 2/26/1962 | ND | ROTTINEAU | 41 | 41 | | 2361 | T158N R79W SEC 18: NE AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES FORMATIONS (EU 187SN) | | Y | 32.0000 | 12.8000 | 12.8000 | 11.8000 | T158N R79W SEC 18: NE AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES FORMATIONS |
| FEE | 10.005.07.00B | VIRL WYMAN ET UX | I J WILHITE | 2/26/1962 | ND | ROTTINEAU | 41 | 41 | | 2361 | T158N R79W SEC 18: NE AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES | | Y | 32.0000 | 12.8000 | 12.8000 | 6.4000 | T158N R79W SEC 18: NE AS TO ALL FORMATIONS EXCEPT THE SPEARFISH AND CHARLES FORMATIONS (EU 187SN) |
| FEE | 10.005.08.00A | REGINALD HENRY ET UX | T N JORDAN | 8/29/1974 | ND | ROTTINEAU | 350 | 18485 | 184653 | 2362.31 | T158N R79W SEC 5: N2SW SEC 6: LOT1, E2NE, SENW SEC 8: LOT 1, E2SE, SENE ALL EXCEPT THE SPEARFISH AND CHARLES FORMATIONS (E2 187SN) | | Y | 400.0000 | 400.0000 | 400.0000 | 400.000 | T158N R79W SEC 5: N2SW, N2SE, S2SE SEC 6: LOT1, E2NE, SENW SEC 8: LOT 1, E2SE, SENE ALL EXCEPT THE SPEARFISH AND CHARLES FORMATIONS |
| FEE | 10.005.08.00A | REGINALD HENRY ET UX | T N JORDAN | 8/29/1974 | ND | ROTTINEAU | 350 | 18485 | 184653 | 2362.32 | T158N R79W SEC 5: N2SE | | Y | 32.0000 | 240.0000 | 240.0000 | 240.000 | T158N R79W SEC 5: N2SW, N2SE SEC 6: LOT 1, E2NE, SENW SEC 27: 194 SULLEN-IA'S 5 DELAYS TO SPEARFISH AND CHARLES FORMATIONS ONLY EXPLAN ALL DEPTHS SAFE AND EXCEPT THE SPEARFISH AND CHARLES FORMATIONS |
| FEE | 10.005.08.00A | REGINALD HENRY ET UX | T N JORDAN | 8/29/1974 | ND | ROTTINEAU | 350 | 18485 | 184653 | 2363 | T158N R79W SEC 5: N2SE | | Y | 800.0000 | 76.0000 | 76.0000 | 76.000 | T158N R79W SEC 5: N2SW, N2SE, S2SE SEC 6: LOT 1, E2NE, SENW SEC 27: 194 SULLEN-IA'S 5 DELAYS TO SPEARFISH AND CHARLES FORMATIONS ONLY EXPLAN ALL DEPTHS SAFE AND EXCEPT THE SPEARFISH AND CHARLES FORMATIONS |
| FEE | 10.005.08.00A | REGINALD HENRY ET UX | T N JORDAN | 8/29/1974 | ND | ROTTINEAU | 350 | 18485 | 184653 | 2363 | T158N R79W SEC 5: N2SW SEC 27: N2SE | | Y | 160.0000 | 180.0000 | 180.0000 | 143.000 | T158N R79W SEC 5: N2SW, N2SE, S2SE SEC 6: LOT 1, E2NE, SENW SEC 27: 194 SULLEN-IA'S 5 DELAYS TO SPEARFISH AND CHARLES FORMATIONS ONLY EXPLAN ALL DEPTHS SAFE AND EXCEPT THE SPEARFISH AND CHARLES FORMATIONS |
| STATE | 10.005.08.00A | STATE OF ND ISO 70006 | CLARK D CRAWFORD | 12/11/1970 | ND | ROTTINEAU | 7045 | 305 | | 2341 | T158N R79W SEC 5: N2SW, N2SE, S2SE SEC 5: N2SE | | Y | 800.0000 | 8.0000 | 8.0000 | 8.0000 | T158N R79W SEC 5: N2SW, N2SE SEC 5: SE SEC 5: SE |
| STATE | 10.005.08.00B | STATE OF ND ISO 70006 | CLARK D CRAWFORD | 12/11/1970 | ND | ROTTINEAU | 7045 | 305 | | 2342 | T158N R79W SEC 5: N2SE | | Y | 800.0000 | 4.0000 | 4.0000 | 4.0000 | T158N R79W SEC 5: SE |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.000.00.XXC | ROLAND HENRY IND AND ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 309 | 184436 | 2841 | T160N R79W SEC 5 NOSE | | | 52000 | | 760000 | 760000 | T160N R79W SEC 4 SE SEC 4 S/2SE SEC 4 N/2SE, NE SEC 5 SW SEC 17 NW SEC 22 W/2NW |
| FEE | 10.000.00.XXC | ROLAND HENRY IND AND ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 309 | 184436 | 2843 | T160N R79W SEC 4 SE SEC 4 N/2, NOSE SEC 17 NW | | | 560.0000 | | 560.0000 | 560.0000 | T160N R79W SEC 4 SE SEC 4 S/2SE SEC 4 N/2SE, NE SEC 5 SW SEC 17 NW SEC 22 W/2NW |
| FEE | 10.000.00.XXC | ROLAND HENRY IND AND ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 309 | 184436 | 740 | T160N R79W SEC 4 NE, NOSE SEC 6 W/2SW | | | 320.0000 | | 320.0000 | 320.0000 | T160N R79W SEC 4 SE SEC 4 S/2SE SEC 4 N/2SE, NE SEC 5 SW SEC 17 NW SEC 22 W/2NW |
| FEE | 10.000.00.XXC | ROLAND HENRY IND AND ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 309 | 184436 | 741 | T160N R79W SEC 5 SW | | | 80.0000 | | 80.0000 | 523502 | T160N R79W SEC 4 SE SEC 4 S/2SE SEC 4 N/2SE, NE SEC 5 SW SEC 17 NW SEC 22 W/2NW |
| FEE | 10.000.00.XXC | ROLAND HENRY IND AND ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 309 | 184436 | 7876 | T160N R79W SEC 22 W/2NW | | | 80.0000 | | 80.0000 | 523502 | T160N R79W SEC 4 SE SEC 4 S/2SE SEC 4 N/2SE, NE SEC 5 SW SEC 17 NW SEC 22 W/2NW |
| FEE | 10.000.00.XXD | TIPTON'S S BENTON TON ET UX | CLAIR O CRAWFORD | 6/20/1963 | ND | BOTTINEAU | 110445 | 309 | 184436 | 2318 | T160N R79W SEC 12 N/2NE | | | 80.0000 | | 80.0000 | 251.199 | T160N R79W SEC 12 N/2NE, N/2NE SEC 12 W/2NW |
| FEE | 10.000.00.XXD | TIPTON'S S BENTON TON ET UX | CLAIR O CRAWFORD | 6/20/1963 | ND | BOTTINEAU | 110445 | 309 | 184436 | 2319 | T160N R79W SEC 12 W/2NW | | | 40.0000 | | 40.0000 | 14.5389 | T160N R79W SEC 12 N/2NE, N/2NE SEC 12 W/2NW |
| FEE | 10.000.00.XXD | ALBERT H HALBY ET UX | CLAIR O CRAWFORD | 6/20/1963 | ND | BOTTINEAU | 110445 | 307 | | 2320 | T160N R79W SEC 12 N/2NE | | | 40.0000 | | 40.0000 | 14.5389 | T160N R79W SEC 12 N/2NE |
| FEE | 10.000.00.XXD | ALBERT H HALBY ET UX | CLAIR O CRAWFORD | 6/20/1963 | ND | BOTTINEAU | 110445 | 307 | | 2321 | T160N R79W SEC 12 NE | | | 160.0000 | | 160.0000 | 58.1796 | T160N R79W SEC 12 SWSE SEC 12 SE |
| FEE | 10.000.00.XXD | VON. WYMAN ET UX | CLAIR O CRAWFORD | 7/1/1963 | ND | BOTTINEAU | 110445 | 349 | | 2322 | T160N R80W SEC 7 LOT1 X, LOT 4 | | | 79.8480 | | 79.8480 | 216.943 | T160N R80W SEC 7 LOT1 X, LOT 4 SEC 18 SWSE SEC 18 SDE |
| FEE | 10.000.00.XXD | VON. WYMAN ET UX | CLAIR O CRAWFORD | 7/1/1963 | ND | BOTTINEAU | 110445 | 349 | | 2322 | T160N R80W SEC 18 SDE | | | 40.0000 | | 40.0000 | 13.4043 | T160N R80W SEC 7 LOT1 X, LOT 4 SEC 18 SWSE SEC 18 SDE |
| FEE | 10.000.00.XXD | VON. WYMAN ET UX | CLAIR O CRAWFORD | 7/1/1963 | ND | BOTTINEAU | 110445 | 349 | | 2324 | T160N R80W SEC 18 SWSE | | | 40.0000 | | 40.0000 | 13.4043 | T160N R80W SEC 7 LOT1 X, LOT 4 SEC 18 SWSE SEC 18 SDE |
| FEE | 10.000.00.XXD | BERT HENRY DIA POOL TRUST | CLAIR O CRAWFORD | 7/1/1963 | ND | BOTTINEAU | 114 | 351 | | 2322 | T160N R80W SEC 7 LOT1 X, LOT 4 | | | 6.-5564 | | 6.-5564 | 2.3180 | T160N R79W SEC 7 LOT1 X, LOT 4 SEC 18 SWSE SEC 18 SDE |
| FEE | 10.000.00.001 | BERT HENRY DIA POOL TRUST | CLAIR O CRAWFORD | 7/1/1963 | ND | BOTTINEAU | 114 | 351 | | 2323 | T160N R80W SEC 18 SDE | | | 3.2800 | | 3.2800 | 1.1006 | T160N R80W SEC 7 LOT1 X, LOT 4 SEC 18 SWSE SEC 18 SDE |
| FEE | 10.000.00.001 | BERT HENRY DIA POOL TRUST | CLAIR O CRAWFORD | 7/1/1963 | ND | BOTTINEAU | 114 | 351 | | 2324 | T160N R80W SEC 18 SWSE | | | 3.2800 | | 3.2800 | 1.1006 | T160N R80W SEC 7 LOT1 X, LOT 4 SEC 18 SWSE SEC 18 SDE |
| FEE | 10.000.00.001 | LESTER D WYMAN ET UX | CLAIR O CRAWFORD | 6/29/1963 | ND | BOTTINEAU | 110445 | 353 | | 2325 | T160N R80W SEC 12 NE | | | 160.0000 | | 160.0000 | 147.2000 | T160N R80W SEC 12 NE |
| FEE | 10.000.00.004 | BERT HENRY ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 347 | 184450 | 2344 | T160N R80W SEC 1 S/2W SEC 8 LOT1, 4, 5, 6, 7, S/2NW, E/2SW SEC 2 NE SEC 4 SDW SEC 12 N/2NW | | | 715.6400 | | 715.6400 | 715.6400 | T160N R79W SEC 5 S/2W SEC 8 LOT1, 4, 5, 6, 7, S/2NW, E/2SW SEC 2 NE SEC 4 SDW SEC 12 N/2NW |
| FEE | 10.000.00.004 | BERT HENRY ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 105 | 184448 | 2345 | T160N R79W SEC 8 NW | | | 160.0000 | | 160.0000 | 160.0000 | T160N R79W SEC 4 N/2E, N/2SE, S/4NE SEC 2 N/2NW SEC 4 S/2NW SEC 8 W/2NW SEC 8 W/2NW |
| FEE | 10.000.00.000 | KENNETH HENRY ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 349 | 184451 | 2346 | T160N R79W SEC 8 NW | | | 560.0000 | | 560.0000 | 560.0000 | T160N R79W SEC 4 N/2E, N/2SE, S/4NE SEC 2 N/2NW SEC 4 S/2NW SEC 8 W/2NW SEC 8 W/2NW |
| FEE | 10.000.00.000 | KENNETH HENRY ET UX | T N JORDAN | 8/29/1952 | ND | BOTTINEAU | 37045 | 349 | 184451 | 2347 | T160N R79W SEC 8 LOT1 X, LOT 2 | | | 79.7400 | | 79.7400 | 79.7400 | T160N R79W SEC 4 N/2E, N/2SE, S/4NE SEC 2 N/2NW SEC 4 S/2NW SEC 8 W/2NW SEC 8 W/2NW |

Exhibit A - 21

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

*(Table content too fine to reliably transcribe.)*

Exhibit A - 22

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.005.47.000 | TOMMIES BIRKINSON | PLACID OIL COMPANY | 5/21/1952 | ND | BOTTINEAU | BOMISC | 53 | 204739 | T96-1 | T161N R79W SEC 01 NWNE | Y | 40.0000 | 20.0000 | | 1.7143 | T161N R79W SEC 01 SW |
| FEE | 10.005.47.000 | TOMMIES BIRKINSON | PLACID OIL COMPANY | 5/21/1952 | ND | BOTTINEAU | BOMISC | 53 | 204739 | T96-1 | T161N R79W SEC 01 SW | Y | 40.0000 | 20.0000 | | 1.7143 | T161N R79W SEC 01 SW |
| FEE | 10.005.47.000 | MARTIN HALGRIMSON | PLACID OIL COMPANY | 5/9/1946 | ND | BOTTINEAU | 118MISC | 465 | 229173 | 9910 | T161N R79W SEC 01 NENW | Y | 0.0000 | 20.0000 | | 1.7143 | T161N R79W SEC 06 E2SW E2SW |
| FEE | 10.005.47.000 | MARTIN HALGRIMSON | PLACID OIL COMPANY | 5/9/1946 | ND | BOTTINEAU | 118MISC | 465 | 229173 | 9951 | HBU T161N R79W SEC 01 SWSE | Y | 0.0000 | 20.0000 | | 1.7143 | T161N R79W SEC 06 W2SW E2SW |
| FEE | 10.005.47.000 | MARTIN HALGRIMSON | PLACID OIL COMPANY | 5/9/1946 | ND | BOTTINEAU | 118MISC | 465 | 229173 | T96-1 | T161N R79W SEC 01 NWSW | Y | 0.0000 | 20.0000 | | 1.7143 | T161N R79W SEC 06 W2SW E2SW |
| FEE | 10.005.47.000 | MARTIN HALGRIMSON | PLACID OIL COMPANY | 5/9/1946 | ND | BOTTINEAU | 118MISC | 465 | 229173 | T96-2 | T161N R79W SEC 01 NWSE | Y | 0.0000 | 20.0000 | | 1.7143 | T161N R79W SEC 06 W2SE E2SW |
| ROY | 10.005.49.506 | WD DINGLE MERRIT ET UX | T N DUNCAN | 8/29/1952 | ND | BOTTINEAU | STARS | 353 | | 2108 | T161N R79W SEC 17 SW (43 N) SE SW (MINS ONLY) | Y | 160.0000 | 160.0000 | | 0.0000 | T161N R79W SEC 17 SW (43 N) SE SW (MINS ONLY) |
| FEE | 10.005.49.50A | UNION CENTRAL LIFE INS CO | LOS METOS COMPANY | 7/21/1954 | ND | BOTTINEAU | 454S | 121 | | 2951 | T161N R79W SEC 20 E2NW, LOT 1 (A) (LO DOSCRIB (43.5W) | Y | 80.0000 | 40.0000 | | 4.0000 | T161N R79W SEC 20 E2NW, LOT 1 (A) (LO DOSCRIB (43.5W) |
| FEE | 10.005.49.50A | UNION CENTRAL LIFE INS CO | LOS METOS COMPANY | 7/21/1954 | ND | BOTTINEAU | 454S | 121 | | 2952 | T161N R79W SEC 20 E2SW, LOT 2, LOT 4 (A) (LO DOSCRIB (43.5W) | Y | 143.100 | 79.000 | | 7.9000 | T161N R79W SEC 20 E2NW, LOT 2, LOT 4 (A) (LO DOSCRIB (43.5W) |
| FEE | 10.005.49.50B | ALBERT F HOLMANN ET UX | DUANT SMITH | 12/27/1954 | ND | BOTTINEAU | 644S | 695 | | 2951 | T161N R79W SEC 19 E2SE | Y | 0.0000 | 40.0000 | | 4.0000 | T161N R79W SEC 19 E2SE |
| FEE | 10.005.49.50C | CHESTER HALL HOLMANN | LONE TREE ENERGY INC | 10/29/1992 | ND | BOTTINEAU | 323 | 586 | 318809 | 1970 | T161N R79W SEC 19 LOT 3 | Y | 73.100 | 39.000 | | 3.9000 | T161N R79W SEC 19 LOT 3 |
| FEE | 10.005.50.00A | UNION NATIONAL LIFE INS CO | LOS METOS COMPANY | 7/21/1954 | ND | BOTTINEAU | 454S | 123 | | 2951 | T161N R79W SEC 07 LOT 3 (39 N.B), LOT 4 (38.8N) | Y | 160.0000 | 80.0000 | | 8.0000 | T161N R79W SEC 07 LOT 3 (39 N.B), LOT 4 (38.8N) |
| FEE | 10.005.50.00B | UNION NATIONAL LIFE INS CO | LOS METOS COMPANY | 7/21/1954 | ND | BOTTINEAU | 454S | 123 | | 2954 | T161N R79W SEC 01 NE | Y | 160.0000 | 80.0000 | | 8.0000 | T161N R79W SEC 26 SW |
| FEE | 10.005.50.00B | RUSSELL BALLANTYNE ET UX | AMERADA PETROLEUM CORP | 7/7/1960 | ND | BOTTINEAU | 904S | 421 | | 2953 | T161N R79W SEC 01 NE | Y | 0.0000 | 80.0000 | | 8.0000 | T161N R79W SEC 26 SW SEC 26 NE |
| FEE | 10.005.50.00B | RUSSELL BALLANTYNE ET UX | AMERADA PETROLEUM CORP | 7/7/1960 | ND | BOTTINEAU | 904S | 421 | | 2954 | T161N R79W SEC 01 NE | Y | 0.0000 | 80.0000 | | 8.0000 | T161N R79W SEC 26 SW SEC 26 NE |
| FEE | 10.005.51.00A | UNION CENTRAL LIFE INS CO | LOS METOS COMPANY | 7/21/1954 | ND | BOTTINEAU | 454S | 129 | | 2952 | T162N R80W SEC 29 SW | Y | 80.0000 | 40.0000 | | 8.0000 | T162N R80W SEC 26 W2NW |
| FEE | 10.005.51.00A | UNION CENTRAL LIFE INS CO | LOS METOS COMPANY | 7/21/1954 | ND | BOTTINEAU | 454S | 129 | | 2953 | T162N R80W SEC 29 SW | Y | 0.0000 | 40.0000 | | 8.0000 | T162N R80W SEC 26 W2NW |
| FEE | 10.005.52.00A | UNION CENTRAL LIFE INS CO | LOS METOS COMPANY | 7/21/1954 | ND | BOTTINEAU | 454S | 127 | | 2955 | T162N R80W SEC 25 NE | Y | 160.0000 | 80.0000 | | 8.0000 | T162N R80W SEC 25 N2NW |
| FEE | 10.005.52.00A | UNION CENTRAL LIFE INS CO | LOS METOS COMPANY | 7/21/1954 | ND | BOTTINEAU | 454S | 127 | | 2356 | T162N R80W SEC 25 NE | Y | 80.0000 | 40.0000 | | 4.0000 | T162N R80W SEC 25 E2SE |
| FEE | 10.005.53.000 | GD WITTEMAN ET UX | THE CARTER OIL COMPANY | 8/8/1949 | ND | BOTTINEAU | WMS | 253 | | 2957 | T162N R80W SEC 13 NE | Y | 160.0000 | 80.0000 | | 8.0000 | T162N R80W SEC 24 NE |
| FEE | 10.005.53.000 | CLARENCE KROGER ET AL | LOS METOS COMPANY | 8/15/1959 | ND | BOTTINEAU | 454S | 127 | | 2957 | T162N R80W SEC 13 NE | Y | 320.0000 | 320.0000 | | 32.0000 | T162N R80W SEC 24 NE |
| FEE | 10.005.75.00A | SHIRLEY M LAY | KINGSWOOD OPERATING LLC | 3/7/2014 | ND | RENVILLE | 313MI | 485 | 1595.23 | 30172 | T159N R82W SEC 25 SW | Y | 80.0000 | 40.0000 | | 4.0000 | T159N R82W SEC 25 SW |
| FEE | 10.005.75.00A | SHIRLEY M LAY | KINGSWOOD OPERATING LLC | 3/7/2014 | ND | RENVILLE | 313MI | 485 | 1595.24 | 30172 | T159N R82W SEC 25 SW | Y | 0.0000 | 40.0000 | | 4.0000 | T159N R82W SEC 25 SW |
| FEE | 10.005.75.00B | RONALD PRISBEY | KINGSWOOD OPERATING LLC | 3/7/2014 | ND | RENVILLE | 313MI | 485 | 1595.24 | 30172 | T159N R82W SEC 25 SW | Y | 0.0000 | 40.0000 | | 4.0000 | T159N R82W SEC 25 SW |
| FEE | 10.005.75.00B | RONALD PRISBEY | KINGSWOOD OPERATING LLC | 3/7/2014 | ND | RENVILLE | 313MI | 485 | 1595.24 | 30172 | T159N R82W SEC 25 SW | Y | 0.0000 | 40.0000 | | 4.0000 | T159N R82W SEC 25 SW |
| FEE | 10.006.00.00A | ROBERT R EDINGFIELD | VANESSA A ERICKSON | 12/1/1977 | ND | BURKE | 196 | 265 | 1,179.13 | 3729 | T162N R91W SEC 15 E2 (25.6 B), NE NW | Y | 0.0000 | 1.5604 | | 0.0454 | T162N R91W SEC 15 E2 (25.6 B), NE NW |

Exhibit A - 23

**EXHIBIT A**
**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.000.00.004 | ROBERT H GONSLING | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 265 | 137513 | 3711 | T163N R93W SEC 26: NE | * | | 0.5000 | 1.7391 | 0.0362 | T163N R93W SEC 26: NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.004 | ROBERT H GONSLING | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 265 | 137513 | 4324 | T163N R93W SEC 26: NE | * | 160.0000 | | 0.1224 | 0.1224 | T163N R93W SEC 26: NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.006 | EVANS R QUINN TOUX | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 197 | 137064 | 3715 | T163N R93W SEC 15 LOTS 1 (35.98) | * | 0.5000 | | 1.3604 | 0.0404 | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.006 | EVANS R QUINN TOUX | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 197 | 137064 | 3711 | T163N R93W SEC 15: NE | * | 0.5000 | | 1.7391 | 0.0362 | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.006 | EVANS R QUINN TOUX | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 197 | 137064 | 3752 | T163N R93W SEC 15 LOTS 1 (35.98) | * | 0.5000 | | 1.7391 | 0.0362 | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.006 | EVANS R QUINN TOUX | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 197 | 137064 | 3752 | T163N R93W SEC 15 LOTS 1 (35.98) | * | 0.5000 | | 1.3643 | | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.006 | EVANS R QUINN TOUX | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 197 | 137064 | 3711 | T163N R93W SEC 15: NE | * | 0.5000 | | 1.5678 | | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.006 | EVANS R QUINN TOUX | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 197 | 137064 | 3752 | T163N R93W SEC 15: NE | * | 0.5000 | | 1.7391 | | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.006 | EVANS R QUINN TOUX | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 197 | 137064 | 3752 | T163N R93W SEC 15: NE | * | | 0.5000 | 0.9065 | 0.3807 | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.006 | EVANS R QUINN TOUX | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 197 | 137064 | 4324 | T163N R93W SEC 15: NE | * | | | 0.1224 | 0.1224 | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.00C | FREDERICK L DUNN III | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 267 | 137519 | 3729 | T163N R93W SEC 15 LOTS 1 (35.98) | * | 0.5000 | | 1.3604 | 0.0404 | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.00C | FREDERICK L DUNN III | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 267 | 137519 | 3711 | T163N R93W SEC 15: NE | * | 0.5000 | | 1.7391 | 0.0362 | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.00C | FREDERICK L DUNN III | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 267 | 137519 | 3752 | T163N R93W SEC 15 LOTS 1 (35.98) | * | 0.5000 | | 1.7391 | | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.00C | FREDERICK L DUNN III | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 267 | 137519 | 3752 | T163N R93W SEC 15 LOTS 1 (35.98) | * | 0.5000 | | 1.3643 | | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.00C | FREDERICK L DUNN III | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 267 | 137519 | 3711 | T163N R93W SEC 15: NE | * | 0.5000 | | 1.5678 | | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |
| FEE | 10.000.00.00C | FREDERICK L DUNN III | JAMES A KNUDSON | 12/17/1977 | ND | BURKE | 136 | 267 | 137519 | 3756 | T163N R93W SEC 15: NE | * | 0.5000 | | 1.7391 | | T163N R93W SEC 15 LOT 1 (35.97 2.35.98), LOT 1136 (36), L 2MIN, N35W, NE SEC 26: NE SAVE & EXCEPT WELLBORE OF CERTIFICATION 11 13N APM 1001 801 MS |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.000.00.00C | FREDERICK J DUNN III | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 267 | 129734 | 3753 | T162N R93W<br>SEC 13: NE | | | 0.3000 | 6.9565 | 0.9987 | T162N R93W<br>SEC 13: LOT1 (35.89), LOT7 (35.89), LOT2 35N, NE<br>SEC 26: NE |
| FEE | 10.000.00.00C | FREDERICK J DUNN III | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 267 | 129734 | 4324 | T162N R93W<br>SEC 13: NE<br>SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 | * | | 0.1224 | | 0.1224 | SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 |
| FEE | 10.000.00.00D | MARGARET LINDSAY DUNN SR R | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129665 | 3729 | T162N R93W<br>SEC 13: LOT1 (35.89)<br>SEC 26: NE | | | 0.3000 | 1.3464 | 0.9994 | T162N R93W<br>SEC 13: LOT1 (35.89), LOT7 (35.89), LOT2 35N, NE<br>SEC 26: NE |
| FEE | 10.000.00.00D | MARGARET LINDSAY DUNN SR R | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129665 | 3751 | T162N R93W<br>SEC 13: SENW<br>SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 | * | | 0.3000 | 1.7891 | 0.0952 | T162N R93W<br>SEC 13: SENW, LOT7 (35.96), LOT1 (35.89), SENW, NENW<br>SEC 26: NE |
| FEE | 10.000.00.00D | MARGARET LINDSAY DUNN SR R | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129665 | 3752 | T162N R93W<br>SEC 13: SENW<br>SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 | * | | 0.3000 | 1.7891 | 0.0952 | SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 |
| FEE | 10.000.00.00D | MARGARET LINDSAY DUNN SR R | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129665 | 3773 | T162N R93W<br>SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 | * | | 0.3000 | 1.5643 | 0.0906 | SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 |
| FEE | 10.000.00.00D | MARGARET LINDSAY DUNN SR R | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129665 | 3775 | T162N R93W<br>SEC 13: LOT1 (35.89)<br>SEC 26: NE | | | 0.3000 | 1.5678 | 0.0908 | T162N R93W<br>SEC 13: LOT1 (35.89), LOT7 (35.89), LOT2 35N, NE<br>SEC 26: NE |
| FEE | 10.000.00.00D | MARGARET LINDSAY DUNN SR R | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129665 | 3736 | T162N R93W<br>SEC 13: NE<br>SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 | * | | 0.3000 | 1.7891 | 0.0952 | T162N R93W<br>SEC 13: LOT1 (35.89), LOT7 (35.89), LOT2 35N, NE<br>SEC 26: NE |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 3729 | T162N R93W<br>SEC 13: LOT1 (35.89)<br>SEC 26: NE | | | 0.3000 | 1.3464 | 0.9994 | T162N R93W<br>SEC 13: LOT1 (35.89), LOT7 (35.89), LOT2 35N, NE<br>SEC 26: NE |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 3731 | T162N R93W<br>SAVE & EXCEPT MADRAZ & NISSEN FORMATIONS | * | | 0.3000 | 1.7891 | 0.0952 | SAVE & EXCEPT MADRAZ & NISSEN FORMATIONS |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 3751 | T162N R93W<br>SEC 13: SENW<br>LESS & EXCEPT MADRAZ & NISSEN FORMATIONS | * | | 0.3000 | 1.7891 | 0.0952 | LESS & EXCEPT MADRAZ & NISSEN FORMATIONS |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 3752 | T162N R93W<br>SEC 13: SENW<br>LESS & EXCEPT MADRAZ & NISSEN FORMATIONS | * | | 0.3000 | 1.7891 | 0.0952 | LESS & EXCEPT MADRAZ & NISSEN FORMATIONS |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 3773 | T162N R93W<br>SEC 13: LOT5 (135.99)<br>LESS & EXCEPT MADRAZ & NISSEN FORMATIONS | * | | 0.3000 | 1.5643 | 0.0906 | LESS & EXCEPT MADRAZ & NISSEN FORMATIONS |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 3775 | T162N R93W<br>SEC 13: LOT1 (35.89)<br>SEC 26: NE | | | 0.3000 | 1.5678 | 0.0908 | T162N R93W<br>SEC 13: LOT1 (35.89), LOT7 (35.89), LOT2 35N, NE<br>SEC 26: NE |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 3736 | T162N R93W<br>SEC 13: NE<br>SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 | * | | 0.3000 | 1.7891 | 0.0952 | T162N R93W<br>SEC 13: LOT1 (35.89), LOT7 (35.89), LOT2 35N, NE<br>SEC 26: NE |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 3753 | T162N R93W<br>SEC 13: NE | | | 0.3000 | 6.9565 | 0.9987 | T162N R93W<br>SEC 13: LOT1 (35.89), LOT7 (35.89), LOT2 35N, NE<br>SEC 26: NE |
| FEE | 10.000.00.00E | CHARLES BURNETT DUNN TR DT | JAMES A KRADSON | 12/1/1977 | ND | BURKE | 106 | 099 | 129662 | 4324 | T162N R93W<br>SEC 13: NE | * | | 0.1224 | | 0.1224 | SAVE & EXCEPT WELLBORE OF FORTIFICATION 13 19N; APW 30110/3145 |

Exhibit A - 25

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENURD/NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.000.00.00F | N HOLMN | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 105 | 137943 | 329V | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45) | * | 0.0000 | 1.3804 | 0.0934 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85) (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00F | N HOLMN | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 105 | 137943 | 3751 | T160N R93W SEC 19: NWNW | * | 0.0000 | 1.7391 | 0.0792 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85) (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00F | N HOLMN | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 105 | 137943 | 3752 | T160N R93W SEC 19: SDNW | * | 0.0000 | 1.7391 | 0.0792 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85) (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00F | N HOLMN | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 105 | 137943 | 3753 | T160N R93W SEC 19: LOT5 (19.85) | * | 0.0000 | 1.3643 | 0.0896 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85) (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00F | N HOLMN | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 105 | 137943 | 3755 | T160N R93W SEC 19: LOT5 (18.06) | * | 0.0000 | 1.5678 | 0.0688 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85) (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00F | N HOLMN | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 105 | 137943 | 3756 | T160N R93W SEC 19: NE | * | 0.0000 | 1.7391 | 0.0792 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85) (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00F | N HOLMN | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 105 | 137943 | 3757 | T160N R93W SEC 19: SE | * | 0.0000 | 6.9565 | 0.3887 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85) (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00F | N HOLMN | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 105 | 137943 | 4324 | T160N R93W SEC 19: NE | * | 0.0000 | 0.1224 | 0.1224 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85) (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00G | HENRY C THOMPSON TESTTR II | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 109 | 137940 | 329V | T160N R93W SEC 19: LOT5 (19.85) | * | 0.0000 | 1.3804 | 0.0934 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), NE, E2NW, NSSW (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00G | HENRY C THOMPSON TESTTR II | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 109 | 137940 | 3751 | T160N R93W SEC 19: NWNW | * | 0.0000 | 1.7391 | 0.0792 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), NE, E2NW, NSSW (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00G | HENRY C THOMPSON TESTTR II | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 109 | 137940 | 3752 | T160N R93W SEC 19: SDNW | * | 0.0000 | 1.7391 | 0.0792 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), NE, E2NW, NSSW (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00G | HENRY C THOMPSON TESTTR II | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 109 | 137940 | 3753 | T160N R93W SEC 19: LOT5 (19.85) | * | 0.0000 | 1.3643 | 0.0896 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), NE, E2NW, NSSW (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00G | HENRY C THOMPSON TESTTR II | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 109 | 137940 | 3755 | T160N R93W SEC 19: LOT5 (18.06) | * | 0.0000 | 1.5678 | 0.0688 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), NE, E2NW, NSSW (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00G | HENRY C THOMPSON TESTTR II | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 109 | 137940 | 3756 | T160N R93W SEC 19: NE | * | 0.0000 | 1.7391 | 0.0792 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), NE, E2NW, NSSW (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00G | HENRY C THOMPSON TESTTR II | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 109 | 137940 | 3757 | T160N R93W SEC 19: SE | * | 0.0000 | 6.9565 | 0.3887 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), NE, E2NW, NSSW (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00G | HENRY C THOMPSON TESTTR II | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 109 | 137940 | 4324 | T160N R93W SEC 19: NE | * | 0.0000 | 0.1224 | 0.1224 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), NE, E2NW, NSSW (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00H | F LOUKEN III | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 101 | 137941 | 329V | T160N R93W SEC 19: LOT5 (19.85) | * | 33.0990 | 1.3804 | 0.0934 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85), NE (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |
| FEE | 10.000.00.00H | F LOUKEN III | JAMES A RIKKISSON | 12/1/1977 | ND | BURKE | 104 | 101 | 137941 | 3751 | T160N R93W SEC 19: NWNW | * | 40.0000 | 1.7391 | 0.0792 | T160N R93W SEC 19: LOT5 (19.85), LOT 18 (18.45), LOT 7 (18.85), NE (19W, APW 303) 303.345 SEC 29: NE SAVE & EXCEPT WELLBORE OF OERTIFICATION 11 19N, APW 303 303.345 |

Exhibit A - 26

EXHIBIT A
LEASES

| LSE TYP | LEASE NO | LEASE NAME | LESSEE NAME | LEASE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | END/RO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.01110.000 | SHERYL R EASLEY WR | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/25/2004 | ND | BOWMAN | | | 168542 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | | 7.4200 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.000 | LEANNE WYATT | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/31/2004 | ND | BOWMAN | | | 168540 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 5.7143 | 1.4286 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.000 | DAVID A CREW | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/31/2004 | ND | BOWMAN | | | 168572 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 5.7143 | 1.4286 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.000 | STERLING R CREW | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/31/2004 | ND | BOWMAN | | | 168573 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | | 1.9567 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | KEITH A GRIFFITH EX | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/25/2004 | ND | BOWMAN | | | 168574 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 7.4200 | 1.9567 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | JEFFREY L GRIFFIN | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/26/2004 | ND | BOWMAN | | | 168606 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 5.7143 | 1.4286 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | JOHN L HULLMAN | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/31/2004 | ND | BOWMAN | | | 133129 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 325.0000 | 5.7143 | 1.4286 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | JOHN H GERRIE FAMILY MINI TR | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/12/2004 | ND | BOWMAN | | | 168527 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 162.8571 | 43.7143 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | JOHN H GERRIE FAMILY MINI TR | KENNETH D LUFT TRUSTEE OF THE KENNETH D | 8/12/2004 | ND | BOWMAN | | | 168527 | 3744 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | 40.0000 | T136N R106W SEC 17, NE, SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | TARNAGOT FAMILY TRUST | FIRST NATIONAL BK & TRT CO OF WILLISTON | 9/9/2004 | ND | BOWMAN | | | 168563 | 3750 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 28.0000 | 7.5786 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | PAUL TARNAGOT | FIRST NATIONAL BK & TRT CO OF WILLISTON | 9/9/2004 | ND | BOWMAN | | | 168594 | 3750 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 15.6821 | 3.9325 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | BETH MCQUANN | FIRST NATIONAL BK & TRT CO OF WILLISTON | 9/9/2004 | ND | BOWMAN | | | 168595 | 3750 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 30.0000 | 7.5000 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | JEFFREY GRAUAND | FIRST NATIONAL BK & TRT CO OF WILLISTON | 9/9/2004 | ND | BOWMAN | | | 168596 | 3750 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 30.0000 | 7.5000 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | PJL GOVIND | FIRST NATIONAL BK & TRT CO OF WILLISTON | 9/9/2004 | ND | BOWMAN | | | 168562 | 3750 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 15.6821 | 3.9325 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | JO NANCY WHITE | FIRST NATIONAL BK & TRT CO OF WILLISTON | 8/20/2004 | ND | BOWMAN | | | 133175 | 3750 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 20.0000 | 5.0000 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.01110.006 | MARJORIE HARRIS LIV REV MIN | CONTINENTAL RESOURCES INC | 10/11/2004 | ND | BOWMAN | | | 16640 | | SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 3.3333 | 0.8333 | T136N R106W SEC 17, SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10.01110.000 | THEODORE 1 ATWAAND ET UX | RAINBOW RESOURCES INC | 5/26/1978 | ND | BOWMAN | 22 | 400 | 310893 | | SEC 8: LOT 1 (39.12), NWNW), LOT 2 (39.18, SWNW), LOT 3 (39.02, NWSW), LOT 4 (39.06, SWSW), E2NW, E2 | Y | 617.2000 | 617.2000 | 154.6160 | T136N R106W SEC 8: LOT 1 (39.12, NWNW), LOT 2 (39.18, SWNW), LOT 3 (39.02, NWSW), LOT 4 (39.06, SWSW), E2NW, E2 |
| FED | 10.01110.000 | BLAYN0ND010AK | J E T FAGEN | 6/1/1994 | ND | GOLDEN VALLEY | 21 | 382 | 382 | 3624 | LIMITED FROM THE SURFACE TO THE BASE OF THE PIERRE/BG ZONE OF THE MISSION CANYON FORMATION | N | 320.0000 | 320.0000 | 240.0000 | T138N R103W SEC 8: ALL - 73%; SEC 32: NE, SE2SW - 73%; SEC 32: N2, SE2SW - 50% |
| FED | 10.01110.000 | BLAYN0ND010AK | J E T FAGEN | 6/1/1994 | ND | GOLDEN VALLEY | 21 | 382 | 382 | 3625 | LIMITED FROM THE SURFACE TO THE BASE OF THE PIERRE/BG ZONE OF THE MISSION CANYON FORMATION, INCLUDING THE WELLBORE OF THE SQUARE BUTTE SALT WATER DISPOSAL WELL | N | 320.0000 | 320.0000 | 240.0000 | T138N R103W SEC 8: ALL - 73%; SEC 32: NE, SE2SW - 73%; SEC 32: N2, SE2SW - 50% |
| FED | 10.01110.000 | BLAYN0ND010AK | J E T FAGEN | 6/1/1994 | ND | GOLDEN VALLEY | 21 | 382 | 382 | 3625-1 | LIMITED TO THE WELLBORE OF THE SQUARE BUTTE SALT WATER DISPOSAL WELL | N | 320.0000 | 280.0000 | 210.0000 | T138N R103W SEC 8: ALL - 73%; SEC 32: NE, SE2SW - 73%; SEC 32: N2, SE2SW - 50% |
| FED | 10.01110.000 | BLAYN0ND010AK | J E T FAGEN | 6/1/1994 | ND | GOLDEN VALLEY | 21 | 382 | 382 | 3626 | | N | 280.0000 | 280.0000 | 210.0000 | T138N R103W SEC 8: ALL - 73%; SEC 32: NE, SE2SW - 73%; SEC 32: N2, SE2SW - 50% |
| FED | 10.01110.000 | BLAYN0ND010AK | J E T FAGEN | 6/1/1994 | ND | GOLDEN VALLEY | 21 | 382 | 382 | 3674 | LIMITED FROM THE SURFACE TO THE BASE OF THE PIERRE/BG ZONE OF THE MISSION CANYON FORMATION | N | 280.0000 | 280.0000 | 240.0000 | T138N R103W SEC 8: ALL - 73%; SEC 32: NE, SE2SW - 73%; SEC 32: N2, SE2SW - 50% |
| FED | 10.01110.000 | BLAYN0ND010AK | J E T FAGEN | 6/1/1994 | ND | GOLDEN VALLEY | 21 | 382 | 382 | 3674-1 | LIMITED FROM THE SURFACE TO THE BASE OF THE PIERRE/BG ZONE OF THE MISSION CANYON FORMATION, INCLUDING THE WELLBORE OF THE SQUARE BUTTE SALT WATER DISPOSAL WELL | N | 320.0000 | 320.0000 | 240.0000 | T138N R103W SEC 8: ALL - 73%; SEC 32: NE, SE2SW - 73%; SEC 32: N2, SE2SW - 50% |
| FED | 10.01110.000 | BLAYN0ND010AK | J E T FAGEN | 6/1/1994 | ND | GOLDEN VALLEY | 21 | 382 | 382 | 3675 | LIMITED FROM THE SURFACE TO THE BASE OF THE PIERRE/BG ZONE OF THE MISSION CANYON FORMATION, INCLUDING THE WELLBORE OF THE SQUARE BUTTE SALT WATER DISPOSAL WELL | N | 0.0000 | 40.0000 | 30.0000 | T138N R103W SEC 8: ALL - 73%; SEC 32: NE, SE2SW - 73%; SEC 32: N2, SE2SW - 50% |
| FED | 10.01110.000 | BLAYN0ND010AK | J E T FAGEN | 6/1/1994 | ND | GOLDEN VALLEY | 21 | 382 | 382 | 3675-1 | LIMITED FROM THE SURFACE TO THE BASE OF THE PIERRE/BG ZONE OF THE MISSION CANYON FORMATION, INCLUDING THE WELLBORE OF THE SQUARE BUTTE SALT WATER DISPOSAL WELL | N | 0.0000 | | 33.3333 | T138N R103W SEC 8: ALL - 73%; SEC 32: NE, SE2SW - 73%; SEC 32: N2, SE2SW - 50% |

Exhibit A - 28

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 33.01130.000 | BLM NDNGK0184 | JE T HAIGN | 6/1/1964 | ND | GOLDEN VALLEY | 21 | 382 | | 3DF4 | LIMITED TO THE WILLBURN OF THE SQUAW BUTTE SALT WATER DISPOSAL WELL | Y | | 40.0000 | 310.0000 | SEC 16: NESW, SWSW, SE : 50% |
| | | | | | | | | | | | | | | | | LIMITED FROM THE SURFACE TO THE BASE OF THE FRYBURG ZONE OF THE MISSION CANYON FORMATION, INCLUDING THE WILLBURN OF THE SQUAW BUTTE SALT WATER DISPOSAL WELL |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01137.000 | BLM NDNGK0257 | WM BINSON | 9/1/1961 | ND | GOLDEN VALLEY | 12 | 524 | | 3DF4 5 | TERN RGSW | Y | 320.0000 | 320.0000 | 320.0000 | SEC 13: E2 50% SW SW TO 50W, 40% BELOW E3W/ |
| | | | | | | | | | | | SEC 13: E3 | | | | | SEC 01: W2 100% SUR TO 50 W, 40% BELOW 50W |
| | | | | | | | | | | | BELOW E3W SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01137.000 | BLM NDNGK0257 | WM BINSON | 9/1/1961 | ND | GOLDEN VALLEY | 12 | 524 | | 3DF4 5 | TERN RGSW | Y | 320.0000 | 320.0000 | 320.0000 | TERN RGSW |
| | | | | | | | | | | | SEC 1 5: W2 | | | | | SEC 13: E3 50% SW SW TO 50W, 40% BELOW 50W |
| | | | | | | | | | | | LIMITED FROM SURFACE DOWN TO 50W/ | | | | | SEC 01: W2 100% SUR TO 50 W, 40% BELOW 50W |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01137.000 | BLM NDNGK0257 | WM BINSON | 9/1/1961 | ND | GOLDEN VALLEY | 12 | 524 | | 3DF5 5 | TERN RGSW | Y | 320.0000 | 320.0000 | 320.0000 | TERN RGSW |
| | | | | | | | | | | | SEC 1 5: W2 | | | | | SEC 13: E3 50% SW SW TO 50W, 40% BELOW 50W |
| | | | | | | | | | | | BELOW E3W SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SEC 01: W2 100% SUR TO 50 W, 40% BELOW 50W |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01137.000 | BLM NDNGK0257 | WM BINSON | 9/1/1961 | ND | GOLDEN VALLEY | 12 | 524 | | 3DF5 5 | TERN RGSW | Y | 320.0000 | 320.0000 | 320.0000 | TERN RGSW |
| | | | | | | | | | | | SEC 1 5: W3 | | | | | SEC 13: E3 50% SW SW TO 50W, 40% BELOW 50W |
| | | | | | | | | | | | LIMITED FROM SURFACE DOWN TO 50W/ | | | | | SEC 01: W2 100% SUR TO 50 W, 40% BELOW 50W |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 33.01138.000 | ST NO 05-03-0037 | DUTTY OIL CO | 5/13/1980 | ND | GOLDEN VALLEY | 29 | 19 | 55815 | 3DF6 | TERN RGSW | Y | 320.0000 | 320.0000 | 240.0000 | TERN RGSW |
| | | | | | | | | | | | SEC 16: S2 | | | | | SEC 16: S2 |
| | | | | | | | | | | | LIMITED SURFACE TO STRATIGRAPHIC EQUIVALENT OF 3,370' | | | | | LIMITED SURFACE TO STRATIGRAPHIC EQUIVALENT OF 3,370' |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01139.000 | JOHN V KLEIN ETAL | 9/26/1978 | ND | GOLDEN VALLEY | 23 | 108 | 64212 | 3DF7 | TERN RGSW | Y | 160.0000 | 160.0000 | 160.0000 | TERN RGSW |
| | | | | | | | | | | | SEC 34: SE | | | | | SEC 34: SE |
| | | | | | | | | | | | LIMITED FROM THE SURFACE TO 300' BELOW CORRELATIVE TOP OF THE DAKROW FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01111.000 | MRTLE FRANZEN | RICHARD K USCO | 4/11/1976 | ND | GOLDEN VALLEY | 17 | 100 | | 3DF6 | TERN RGSW | Y | 160.0000 | 160.0000 | 112.3708 | TERN RGSW |
| | | | | | | | | | | | SEC 29: NW | | | | | SEC 29: NW |
| | | | | | | | | | | | LIMITED FROM THE SURFACE TO THE STRATIGRAPHIC EQUIVALENT OF 300' BELOW 9,520', SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01113.000 | BLM NDNGT7888 | MARY C HOGOOD | 5/1/1977 | ND | GOLDEN VALLEY | 14 | 524 | | 3DF4 F5 | TERN RGSW | Y | 320.0000 | 320.0000 | 221.5385 | TERN RGSW |
| | | | | | | | | | | | SEC 1 5: E2 | | | | | SEC 1 5: E2 |
| | | | | | | | | | | | SURFACE DOWN TO 5,370' - 43.2307099% | | | | | SURFACE DOWN TO 5,370' - 43.2307099% |
| | | | | | | | | | | | BELOW 5,370' SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS - 75% | | | | | BELOW 5,370' SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS - 75% |
| FEE | 33.01113.000 | BLM NDNGT7888 | MARY C HOGOOD | 5/1/1977 | ND | GOLDEN VALLEY | 14 | 524 | | 3DF4 F5 | TERN RGSW | Y | 320.0000 | 320.0000 | 240.0000 | TERN RGSW |
| | | | | | | | | | | | SEC 1 5: E2 | | | | | SEC 1 5: E2 |
| | | | | | | | | | | | LTD DEPTHS BELOW 5,570' SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS - 75% | | | | | BELOW 5.570' SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS - 75% |
| FEE | 33.01113.004 | JANICE M HANSON | 10/29/2012 | ND | GOLDEN | 342 | 108 | 217140 | 40.13 | TERN RGNW | Y | 320.0000 | 32.0000 | 32.0000 | TERN RGNW |
| | | | | | | | | | | | SEC 24: N2 | | | | | SEC 24: N2 |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01113.006 | A KOSTELECKY | PLACID OIL COMPANY | 12/28/1961 | ND | STARK | 99 | 467 | | 3774 | TERN RNNW | Y | 0.0000 | 80.0000 | 1.2121 | TERN RNNW |
| | | | | | | | | | | | SEC 23: SW | | | | | SEC 23: SW |
| | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01113.008 | FEDERAL LAND BANK 1154-D | CONTINENTAL OIL COMPANY | 1/24/1971 | ND | STARK | 145 | 409 | 128670 | 3774 | TERN RNNW | Y | 320.0000 | 80.0000 | 1.2121 | TERN RNNW |
| | | | | | | | | | | | SEC 23: SW | | | | | SEC 23: SW |
| | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01113.000 | BLM NDNGT2529 | LAWRENCE K HARRIS | 1/1/1975 | ND | BILLINGS | | | | 3DF7 F5 | TERN RGSW | Y | 320.0000 | 320.0000 | 320.0000 | TERN RGSW |
| | | | | | | | | | | | SEC 24 E5 W3 | | | | | SEC 30: ALL |
| | | | | | | | | | | | LIMITED TO DEPTHS BELOW 12,300' | | | | | SEC 30: ALL |
| | | | | | | | | | | | | | | | | SEC 32: NE, ALL |
| | | | | | | | | | | | | | | | | SEC 32: N2NE, S2NE, S2N, N2SE, S2NSE |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 33.01113.000 | BLM NDNGT2529 | LAWRENCE K HARRIS | 1/1/1975 | ND | BILLINGS | | | | 3DF6 | TERN RGSW | Y | 320.0000 | 320.0000 | 240.0000 | TERN RGSW |
| | | | | | | | | | | | SEC 33: NW | | | | | SEC 33: NW |
| | | | | | | | | | | | LIMITED FROM SURFACE TO THE N E OF 13,580' SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SEC 32: NE, ALL |
| | | | | | | | | | | | | | | | | SEC 32: N2NE, S2NE, S2N, N2SE, S2NSE |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 33.01113.000 | BLM NDNGT2529 | LAWRENCE K HARRIS | 1/1/1975 | ND | BILLINGS | | | | 3DF6 | TERN RGSW | Y | 32.0.0000 | 16.79.8860 | 16.79.8860 | TERN RGSW |
| | | | | | | | | | | | | | | | | SEC 30: ALL |
| | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SEC 32: NE, ALL |
| | | | | | | | | | | | | | | | | SEC 32: N2NE, S2NE, S2N, N2SE, S2NSE |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 33.01113.000 | BLM NDNGT2529 | LAWRENCE K HARRIS | 1/1/1975 | ND | BILLINGS | | | | 3DF7 F5 | TERN RGSW | Y | 320.0000 | 320.0000 | 320.0000 | TERN RGSW |
| | | | | | | | | | | | | | | | | SEC 30: ALL |
| | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SEC 32: NE, ALL |
| | | | | | | | | | | | | | | | | SEC 32: N2NE, S2NE, S2N, N2SE, S2NSE |
| | | | | | | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 33.01113.000 | BLM NDNGT2529 | LAWRENCE K HARRIS | 1/1/1975 | ND | BILLINGS | | | | 3DF7 | TERN RGSW | N | | 320.0000 | 240.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LESSEE NAME | LEASE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | NET ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | NET | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10-011-62.00A | | BURLINGTON RESOURCES OIL & | RANGO PETROLEUM CORPORATION | 7/1/2002 | ND | MCKENZIE | | | 168058 | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | | 160.0000 | 160.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 103-V1 | T149N R102W SEC 6: S2W BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,847. SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 800.0000 | 80.0000 | 750.0000 | T148N R102W SEC 6: S2W SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 103-V2 | T149N R102W SEC 6: S2W SURFACE TO 11,847 | N | 800.0000 | 80.0000 | 800.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 103 | T149N R102W SEC 6: S2W BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,847 AS FOUND IN THE FEDERAL N/OT #6-1 WELL | N | 800.0000 | 80.0000 | 710.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 103-V5 | T149N R102W SEC 6: LOT 7 (SW/F SWNW), SWNW BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,847 AS FOUND IN THE FEDERAL N/OT #6-1 WELL | N | 0.0000 | 36.8700 | 36.8700 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 103-V4 | T149N R102W SEC 6: LOT 7 (SW/F SWNW) LIMITED FROM SURFACE TO 11,847 | N | 164.8700 | 36.8700 | 164.8700 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 103-V5 | T149N R102W SEC 6: SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 160.0000 | 160.0000 | 160.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 106 | T149N R102W SEC 6: SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 160.0000 | 160.0000 | 120.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 107 | T149N R102W SEC 6: CO E2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 120.0000 | 120.0000 | 240.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 103-V1 | T149N R102W SEC 6: E2 BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,847 | N | | 40.0000 | 230.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |
| FEE | 10-011-96.000 | BLM NDM31016 | KANDIKASO CORPORATION | 6/1/1975 | ND | MCKENZIE | | | | 303-6 | T149N R102W SEC 6: E2 LIMITED FROM SURFACE TO 11,847 | N | 400.0000 | 40.0000 | 300.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T149N R102W SEC 6: S2W SEC 6: S2W - 875% SUB TO 11,847 77% BELOW 11,847 SEC 6: LOT 7 (SWNW), SWNW - 100% SEC 6: SW - 75% SEC 6: SW - 100% SEC 20: E2 - 75% |

Exhibit A - 36

**EXHIBIT A**
**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENGURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FED | 10-05100-000 | BLM NORTHRIDGE | (O'HULL) | 12/27/78 | NM | MCKINLEY | | | | | T14°N-R12W | | | | | T14°N-R12W SEC 12: ALL |
| FED | 10-05100-000 | BLM NORTHRIDGE | (O'HULL) | 12/27/78 | NM | MCKINLEY | | | | 1042 | T14°N-R12W SEC 1: SW | | 160.0000 | 160.0000 | 320.0000 | T14°N-R12W SEC 12: ALL; SEC 13: N/2NE, NW, SE/NW, S/2SW, SE/4; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10-05100-000 | BLM NORTHRIDGE | (O'HULL) | 12/27/78 | NM | MCKINLEY | | | | 10-A/S | T14°N-R12W SEC 28 W/2SW OF RIGHTS | | | 80.0000 | 160.0000 | T14°N-R12W SEC 24: NE/NW, NE/SW, SE/4; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10-05100-000 | BLM NORTHRIDGE | (O'HULL) | 12/27/78 | NM | MCKINLEY | | | | 1043 | BELOW 3-1/4 OF BEING THE TD REACHED IN THE MILESTONE 22-28F WELL LOCATED IN THE NENW OF SEC 28 14°N-12W | | | 80.0000 | 160.0000 | T14°N-R12W SEC 24: ALL; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10-05100-000 | BLM NORTHRIDGE | (O'HULL) | 12/27/78 | NM | MCKINLEY | | | | 1043 | LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | | 80.0000 | 200.0000 | T14°N-R12W SEC 24: ALL; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10-05100-000 | BLM NORTHRIDGE | (O'HULL) | 12/27/78 | NM | MCKINLEY | | | | 1044 | T14°N-R12W SEC 29: N/2N, NWSW, NESW | | 320.0000 | 320.0000 | 320.0000 | T14°N-R12W SEC 24: ALL; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10-05100-000 | BLM NORTHRIDGE | (O'HULL) | 12/27/78 | NM | MCKINLEY | | | | 1044 | LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | T14°N-R12W SEC 24: ALL; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10-05100-000 | BLM NORTHRIDGE | EDWARD J AGAMAN | 12/27/78 | NM | MCKINLEY | | | | 1072 | T14°N-R12W SEC 30: LOT 5 (36.13 NWSW), LOT 6 (36.17 SWSW), E/2W | | 152.6860 | 152.6860 | 152.6860 | T14°N-R12W SEC 30: LOT 5 (36.13 NWSW), LOT 6 (36.17 SWSW), E2W, NWSE; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10-05100-000 | BLM NORTHRIDGE | EDWARD J AGAMAN | 12/27/78 | NM | MCKINLEY | | | | 1073 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 40.0000 | 40.0000 | 40.0000 | T14°N-R12W SEC 30: LOT 5 (36.13 NWSW), LOT 6 (36.17 SWSW), E2W, NWSE; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05170-000 | BURLINGTON RESOURCES O/G & | MANEX PETROLEUM CORPORATION | 7/1/2002 | NM | MCKINLEY | | 148.17 | | 3900 | T14°N-R12W SEC 11: ALL | | 320.0000 | 320.0000 | 320.0000 | T14°N-R12W SEC 11: ALL; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05171-00A | BURLINGTON RESOURCES O/G & | MANEX PETROLEUM CORPORATION | 7/1/2002 | NM | MCKINLEY | | 148.18 | | 3910 | SEC 15 LOT 1 (38.43, NWNW), LOT 2 (38.50, SWNW), L2NW | | 153.0000 | 153.0000 | 153.0000 | SEC 15: LOTS 1 (38.43, NWNW), LOT 2 (38.50, SWNW), E/4, N/W, S/4SW, NESW, E2NE, L2W; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05171-00A | BURLINGTON RESOURCES O/G & | MANEX PETROLEUM CORPORATION | 7/1/2002 | NM | MCKINLEY | | 148.19 | | 3911 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 153.0000 | 153.0000 | 153.0000 | SEC 15: LOTS 1 (38.43, NWNW), LOT 2 (38.50, SWNW), E/4, N/W, S/4SW, NESW, E2NE, L2W; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05171-00A | BURLINGTON RESOURCES O/G & | MANEX PETROLEUM CORPORATION | 7/1/2002 | NM | MCKINLEY | | 148.02 | | 3911 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 480.0000 | 480.0000 | 480.0000 | SEC 15: LOTS 1 (38.43, NWNW), LOT 2 (38.50, SWNW), E/4, N/W, S/4SW, NESW, E2NE, L2W; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05173-00A | NEIL NELSON | MANEX PETROLEUM CORPORATION | 10/28/1978 | NM | MCKINLEY | 242 | 2307.74 | | 3900 | T14°N-R19W SEC 4: E/2NE | | 160.0000 | 160.0000 | 160.0000 | T14°N-R19W SEC 4: E/2NE; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05173-70A | NEIL NELSON | TRACER ENERGY INC | 10/28/1978 | NM | MCKINLEY | 242 | 2301.75 | | 393.9S1 | T14°N-R19W SEC 4: E2NE | | 10.0000 | 10.0000 | 10.0000 | T14°N-R19W SEC 4: E2NE; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05173-70A | NEIL NELSON | TRACER ENERGY INC | 10/28/1978 | NM | MCKINLEY | 242 | 2301.76 | | 393.9S2 | T14°N-R19W SEC 7-E2NE | | 10.0000 | 10.0000 | 10.0000 | T14°N-R19W SEC 7-E2NE; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05173-70A | NEIL NELSON | TRACER ENERGY INC | 10/28/1978 | NM | MCKINLEY | 242 | 2301.74 | | 3919 | T14°N-R19W SEC 7-E2NE | | 10.0000 | 10.0000 | 10.0000 | T14°N-R19W SEC 7: E2NE; SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05174-00A | JOYCE A SVANSON | SHELL OIL COMPANY | 8/25/1977 | NM | MCKINLEY | 211 | 2379.86 | | 3915 | T14°N-R19W SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 14,000 | | 40.0000 | 13.3333 | 13.3333 | T14°N-R19W SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 30,500 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05174-00A | JOYCE A SVANSON | SHELL OIL COMPANY | 8/25/1977 | NM | MCKINLEY | 211 | 2379.86 | | 3916 | TUMRA R19W SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 14,000 | N | 0.0000 | 13.3333 | 6.6666 | TUMRA R19W SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 30,500 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05176-00A | LOIS S MORGON KT VM | SHELL OIL COMPANY | 8/25/1977 | NM | MCKINLEY | 212 | 2380.58 | | 3913 | T14°N-R19W SEC 7: SURFACE TO 30,500 | | 40.0000 | 13.3333 | 13.3333 | T14°N-R19W SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 30,500 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05176-00A | LOIS S MORGON KT VM | SHELL OIL COMPANY | 8/25/1977 | NM | MCKINLEY | 212 | 275 | 2380.58 | 3913 | TUMRA R19W SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 30,500 | N | 0.0000 | 13.3333 | 6.6666 | TUMRA R19W SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 30,500 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05176-00A | ARLENE F QUSTAFSON KT VM | SHELL OIL COMPANY | 8/25/1977 | NM | MCKINLEY | 212 | 277 | 2380.59 | 3913 | T14°N-R19W SEC 7: NWNE; LOT 2 (38.07, SWNW), L2NW, NE | | 40.0000 | 13.3333 | 13.3333 | SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 30,500 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-05176-00A | MANEX PETROLEUM | RUSHDOWER OIL DEVELOPMENT CO INC | 4/28/1951 | NM | MCKINLEY | | | | 3914 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 20.0000 | 20.0000 | 20.0000 | SEC 7: NWNE; LIMITED TO ALL DEPTHS BELOW 30,500 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| VA | 10-05177-00A | BURLINGTON RESOURCES O/G & | MANEX PETROLEUM CORPORATION | 7/1/2002 | NM | MCKINLEY | | 148.01 | | 3904 | T14°N-R12W SEC 19: LOTS 1 (38.97, NWNW), LOT 2 (38.67, SWNW), E/2NW, NE | | 112.0480 | 112.0480 | 180.0144 | T14°N-R12W SEC 19: LOTS 1 (38.97, NWNW), LOT 2 (38.67, SWNW), E/2NW, NE |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FED | 10.03179.000 | BLM NDM91189 | TRUE OIL COMPANY | 9/1/2001 | ND | MCKENZIE | | | | 3275 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 480.000 | 480.000 | 215.0000 | T149N-R102W SEC 11; SEC 12 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 10.03179.000 | BLM NDM91189 | TRUE OIL COMPANY | 9/1/2001 | ND | MCKENZIE | | | | 3270 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 160.000 | 160.000 | 710.0000 | T149N-R102W SEC 13; SEC 14 |
| FEE | 10.03180.00A | ALICE C WOGLIN ET WR | CHEROKEE LAND COMPANY INC | 11/15/1972 | ND | MCKENZIE | 173 | 533 | 559186 | 3924 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.000 | 10.000 | 1.0664 | T149N-R102W SEC 4; N/2NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03180.00A | ALICE C WOGLIN ET WR | CHEROKEE LAND COMPANY INC | 11/15/1972 | ND | MCKENZIE | 173 | 533 | 559186 | 3927 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 120.000 | 30.000 | 3.3392 | T149N-R102W SEC 5; NE, NE/SE, S/2SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03180.00A | ALICE C WOGLIN ET WR | CHEROKEE LAND COMPANY INC | 11/15/1972 | ND | MCKENZIE | 173 | 533 | 559186 | 3933 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.000 | 10.000 | 0.8793 | T149N-R102W SEC 3; SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03180.00A | ALICE C WOGLIN ET WR | CHEROKEE LAND COMPANY INC | 11/15/1972 | ND | MCKENZIE | 173 | 533 | 559186 | 3945 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 160.000 | 40.000 | 3.5000 | T149N-R102W SEC 9; N/2N SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3917 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.000 | 30.000 | 2.8752 | T150N-R102W SEC 32 SEC 5 SEC 5 SE/E LOTS 1(NE), 2(SE); 2(NENE),2,3,4(SLE) |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3924 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.000 | 29.754 | 2.8753 | T150N-R102W SEC 32 SEC 5 SE/E LOTS 1(NE), 2(SE); 2(NENE),2,3,4(SLE),LS4MHLSE |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3929 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 160.000 | 29.7624 | 2.8754 | T150N-R102W SEC 4 SEC 32 SEC 5 SE/E LOTS 1(NE), 2(SE); 2(NENE),2,3,4(SLE),LS4MHLSE |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3930 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 120.000 | 40.000 | 5.2500 | T150N-R102W SEC 32 SEC 5 SE/E LOTS 1(NE), 2(SE); 2(NENE),2,3,4(SLE),LS4MHLSE |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3911 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 80.000 | 80.000 | 7.0000 | T150N-R102W SEC 5 SEC 32 SEC 5 NUGW |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3912 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.000 | 6.7435 | 0.5898 | T150N-R102W SEC 32 SEC 5 SE/E LOTS 1(NE), 2(SE); 2(NENE),2,3,4(SLE),LS4MHLSE |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3913 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 80.000 | 10.000 | 0.8750 | T150N-R102W SEC 32 SEC 5 SE/E |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3915 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.000 | 10.000 | 0.8750 | T150N-R102W SEC 32 SEC 5 SW/W NENW |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3915 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 80.000 | 20.000 | 0.1764 | T150N-R102W SEC 32 SEC 5 SW/W NENW |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3917 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 167.000 | 167.000 | 1.5995 | T150N-R102W SEC 4 SEC 32 SEC 5 LOT 1 (NE/NE, 21-61), LOT 2 (NWNW,21-85), SWNE,WS4 |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3917 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.000 | 20.000 | 3.6928 | T150N-R102W SEC 4 SEC 32 SEC 5 SE/E LOT 1 (NE/NE, 21-61), LOT 2 (NWNW,21-85), SWNE,WS4 |
| FEE | 10.03181.00A | ULTRA F C HAUGEN ET UX | RAINBOW RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188989 | 3918 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.000 | 26.6640 | 2.5983 | T150N-R102W |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.03135.004 | ULTRA FC HAUGEN ET UX | RANDON RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188949 | 8940 | T149N R102W SEC 8: NENE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 40.0000 | 13.3320 | 1.5460 | T149N R102W SEC 4: S2 SEC 5: S2 SEC 6: LOTS 1(NENE, 23.61), 2(NWNE,23.69), LAMLLSE SEC 8: N2 SEC 8: NENE, NWNE SEC 9: NENE, NWNE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03135.004 | ULTRA FC HAUGEN ET UX | RANDON RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188949 | 8941 | T149N R102W SEC 8: NWNE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 80.0000 | 80.0000 | | T149N R102W SEC 4: S2 SEC 5: S2 SEC 6: LOTS 1(NENE, 23.61), 2(NWNE,23.69), LAMLLSE SEC 8: N2 SEC 8: NENE, NWNE SEC 9: NENE, NWNE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03135.004 | ULTRA FC HAUGEN ET UX | RANDON RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188949 | 8942 | T149N R102W SEC 9: NENE, WNE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 40.0000 | 3.5920 | T149N R102W SEC 4: S2 SEC 5: S2 SEC 6: LOTS 1(NENE, 23.61), 2(NWNE,23.69), LAMLLSE SEC 8: N2 SEC 8: NENE, NWNE SEC 9: NENE, NWNE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03135.004 | ULTRA FC HAUGEN ET UX | RANDON RESOURCES INC | 10/6/1971 | ND | MCKENZIE | 163 | 307 | 188949 | 8943 | T149N R102W SEC 9: NWNE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 80.0000 | 53.3280 | 4.6662 | T149N R102W SEC 4: S2 SEC 5: S2 SEC 6: LOTS 1(NENE, 23.61), 2(NWNE,23.69), LAMLLSE SEC 8: N2 SEC 8: NENE, NWNE SEC 9: NENE, NWNE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03136.004 | JOHN W UAR (FETAL) | RANDON RESOURCES INC | 8/23/1974 | ND | MCKENZIE | 165 | 403 | 197131 | 9264 | T149N R102W SEC 4: S2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | 14.0000 | T149N R102W SEC 4: S2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03136.004 | JOHN W UAR (FETAL) | RANDON RESOURCES INC | 8/23/1974 | ND | MCKENZIE | 165 | 403 | 197131 | 9265 | T149N R102W SEC 5: S2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | 14.0000 | T149N R102W SEC 4: S2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03136.008 | MARILYN L SATGER ET AL | RANDON RESOURCES INC | 12/20/1972 | ND | MCKENZIE | 175 | 407 | 153104 | 9243 | T149N R102W SEC 5: S2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 51.0000 | 40.0000 | 3.5000 | T149N R102W SEC 5: S2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03138.008 | ETHEL M BOARMAN | RANDON RESOURCES INC | 5/24/1972 | ND | MCKENZIE | 165 | 359 | 188904 | 8943 | T149N R102W SEC 5: S2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 120.0000 | 10.5000 | T149N R102W SEC 5: S2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03144.000 | ELARIN WOLF | ELARIN WOLF | 2/7/1998 | ND | MCKENZIE | | | | 9199 | T149N R102W SEC 15: N6, N2W LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 240.0000 | 240.0000 | 25.5556 | T149N R102W SEC 15: N6, N2S6, NW, N2SW LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03144.000 | ELARIN WOLF | ELARIN WOLF | 2/7/1998 | ND | MCKENZIE | | | | 9200 | T149N R102W SEC 15: N2 LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 320.0000 | 320.0000 | 34.1250 | T149N R102W SEC 15: N6, N2S6, NW, N2SW LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03144.000 | ELARIN WOLF | ELARIN WOLF | 2/7/1998 | ND | MCKENZIE | | | | 9201 | T149N R102W SEC 15: NW, N2SW LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 240.0000 | 240.0000 | 23.5558 | T149N R102W SEC 15: N6, N2S6, NW, N2SW LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03145.005 | BLAYNDMROS | MINN SCHMLL | 12/11/1978 | ND | MCKENZIE | | | | 3199/S | T149N R102W SEC 34: NE BEGINNING AT THE NE QUARTER FORMATION | N | 160.0000 | 160.0000 | | T149N R102W SEC 34: NE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03146.000 | BLAYNDMROS | MINN SCHMLL | 12/11/1978 | ND | MCKENZIE | | | | 3199 | T149N R102W SEC 34: NE LESS AND EXCEPT TO BELOW BASE OF THE RES RIVER FORMATION, LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 160.0000 | 160.0000 | | T149N R102W SEC 34: NE LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03147.000 | BLAYNDMR731 | ST MARY LAND & EXPLORATION COMPANY | 10/2008 | ND | MCKENZIE | | | | 3379 | T149N R102W SEC 34: SE LESS AND EXCEPT TO BELOW BASE OF THE RES RIVER FORMATION, LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | | T149N R102W SEC 34: SE LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03148.004 | BLINGDTON RESOURCES OIL & | NANCE PETROLEUM CORPORATION | 7/1/2002 | ND | MCKENZIE | | 3/4/811 | 3/4/811 | 8960 | T149N R102W SEC 25: N4, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | | T149N R102W SEC 25: N4, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03148.004 | BLINGDTON RESOURCES OIL & | NANCE PETROLEUM CORPORATION | 7/1/2002 | ND | MCKENZIE | | 3/4/811 | 3/4/811 | 8961 | T149N R102W SEC 25: N4, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | | T149N R102W SEC 25: N4, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03148.004 | BLINGDTON RESOURCES OIL & | NANCE PETROLEUM CORPORATION | 7/1/2002 | ND | MCKENZIE | | 3/4/811 | 3/4/811 | 8962 | T149N R102W SEC 25: NE, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 320.0000 | 320.0000 | | T149N R102W SEC 25: N4, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03149.000 | BLAYNDMROO | MINN SCHMLL | 12/11/1978 | ND | MCKENZIE | | | | 3135/71 | T149N R102W SEC 5: LOT 4 (223.4 A/N5) OF NWNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | | T149N R102W SEC 25: N4, SW SEC 5: LOT 4 (NWNW) SEC 36: NW SAVE AND EXCEPT TO BELOW BASE OF RES RIVER FM, 77% BELOW GOING FORMATIONS |
| FEE | 10.03149.000 | BLAYNDMROO | MINN SCHMLL | 12/11/1978 | ND | MCKENZIE | | | | | BELOW THE BASE OF RES RIVER FORMATION | | | | | T149N R102W SEC 25: N4, SW SEC 5: LOT 4 (NWNW), 75% SEC 36: NW SENSUFALCE TO BELOW BASE OF RES RIVER FM, 77% BELOW GOING FORMATIONS |
| FEE | 10.03150.000 | BLAYNDMROOS | MINN SCHMLL | 12/11/1978 | ND | MCKENZIE | | | | 3215/71 | T149N R102W SEC 25: LOT 3 (23.57 NWSW), NSSW | Y | 22.8000 | 22.8000 | 1.7.0000 | T149N R102W SEC 25: LOT 3 (23.57 NWSW), NSSW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03155.000 | CRICTAW COIL & GAS LTD | CRICTAW COIL & GAS LTD | 7/1/1977 | ND | MCKENZIE | | | | | | | 75.9440 | 75.9460 | 19.9900 | |

Exhibit A -41

**EXHIBIT A**
**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 33.03170.000 | BLM INDIAN257 | CHOCTAW OIL & GAS LTD | 7/1/1997 | ND | MCKENZIE | | | 3272 | TURIN ROOW SEC 12 13 LOT 1-3 200 3" MAYVAL NESW | N | 79.960 | 79.960 | | LEG AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03170.006 | MORRIS D CROSS ESTATE | CHOCTAW OIL & GAS LTD | 3/20/2000 | ND | MCKENZIE | | 3367.00 | 396.5/1 | TURIN N ROOW SEC E 21 SW AS TO 040 0 RIVER FORMATION | N | 0.0000 | | 0.0000 | TURIN ROOW SEC 21 SW 25% AS TO ALL DEPTHS SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS 25% AS TO 50 RIVER FORMATION ONLY |
| FEE | 33.03170.006 | MORRIS D CROSS ESTATE | CHOCTAW OIL & GAS LTD | 3/20/2000 | ND | MCKENZIE | | 3367.00 | 3965 | SEE BAKKEN AND THREE FORKS FORMATIONS SEC E 21 SW | N | 0.0000 | 40.0000 | 200.000 | TURIN ROOW SEC 21 SW |
| FEE | 33.03170.006 | DOUGLAS CROSS | CHOCTAW OIL & GAS LTD | 3/20/2000 | ND | MCKENZIE | | 3367.01 | 396.5/1 | TURIN N ROOW SEC E 21 SW AS TO 040 0 RIVER FORMATION | Y | 0.0000 | | 0.0000 | TURIN ROOW SEC 21 SW 25% AS TO ALL DEPTHS SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS 25% AS TO 50 RIVER FORMATION ONLY |
| FEE | 33.03170.006 | DOUGLAS CROSS | CHOCTAW OIL & GAS LTD | 3/20/2000 | ND | MCKENZIE | | 3367.01 | 3965 | SEE BAKKEN AND THREE FORKS FORMATIONS SEC E 21 SW | Y | 0.0000 | 40.0000 | 200.000 | TURIN ROOW SEC 21 SW |
| FEE | 33.03170.006 | IKA A CROSS ET AL | CHOCTAW OIL & GAS LTD | 3/20/2000 | ND | MCKENZIE | | 3367.33 | 396.5/3 | TURIN N ROOW SEC E 21 SW AS TO 040 0 RIVER FORMATION | Y | 0.0000 | | 0.0000 | TURIN ROOW SEC 21 SW 25% AS TO ALL DEPTHS SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS 25% AS TO 50 RIVER FORMATION ONLY |
| FEE | 33.03170.006 | IKA A CROSS ET AL | CHOCTAW OIL & GAS LTD | 3/20/2000 | ND | MCKENZIE | | 3367.33 | 3965 | SEE BAKKEN AND THREE FORKS FORMATIONS SEC E 21 SW | Y | 0.0000 | 40.0000 | 200.000 | TURIN ROOW SEC 21 SW |
| FEE | 33.03170.006 | C LOUISE CROSS | CHOCTAW OIL & GAS LTD | 3/20/2000 | ND | MCKENZIE | | 3367.32 | 396.5/5 | TURIN N ROOW SEC E 21 SW AS TO 040 0 RIVER FORMATION | Y | 0.0000 | | 0.0000 | TURIN ROOW SEC 21 SW 25% AS TO ALL DEPTHS SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS 25% AS TO 50 RIVER FORMATION ONLY |
| FEE | 33.03170.006 | C LOUISE CROSS | CHOCTAW OIL & GAS LTD | 3/20/2000 | ND | MCKENZIE | | 3367.32 | 3965 | SEE BAKKEN AND THREE FORKS FORMATIONS SEC E 21 SW | Y | 160.000 | 40.0000 | 200.000 | TURIN ROOW SEC 21 SW |
| FEE | 33.03170.006 | CHESTER NELSON ESTATE | M B MCGOWAN | 8/12/1949 | ND | WILLIAMS | 8 | 423 | 3964 | TURIN ROOW SEC 3 SWNW SEC 17 WODE LIMITED TO ALL DEPTHS BELOW THE E.L. OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT | N | 40.0000 | 40.0000 | 0.0000 | TURIN ROOW SEC 3 SWNW SEC 17 WODE LIMITED TO ALL DEPTHS BELOW THE E.L. OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03170.006 | CHESTER NELSON ESTATE | M B MCGOWAN | 8/12/1949 | ND | WILLIAMS | 8 | 423 | 3997.51 | TURIN ROOW SEC E 13 32W LIMITED FROM THE BASE OF THE MADISON FORMATION TO 20,383 | N | 0.0000 | 80.0000 | 0.0000 | TURIN ROOW SEC E 13 32W LIMITED TO ALL DEPTHS BELOW THE E.L. OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT SEC E 13 32W SEC E 32W, LIMITED FROM THE SURFACE TO THE BASE OF THE MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03170.006 | CHESTER NELSON ESTATE | M B MCGOWAN | 8/12/1949 | ND | WILLIAMS | 8 | 423 | 3997.52 | TURIN ROOW SEC E 13 32W LIMITED FROM THE BASE OF THE MADISON FORMATION (3,083 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 80.0000 | 0.0000 | TURIN ROOW SEC E 13 32W SEC E 13 32W SEC E 32W, LIMITED TO ALL DEPTHS BELOW THE E.L. OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT SEC E 32W, LIMITED FROM THE SURFACE TO THE BASE OF THE MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03170.006 | CHESTER NELSON ESTATE | M B MCGOWAN | 8/12/1949 | ND | WILLIAMS | 8 | 423 | 3997 | TURIN ROOW SEC 3 SWNW SEC E 13 32W, LIMITED FROM THE SURFACE TO THE BASE OF THE MADISON FORMATION OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT WELL SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 80.0000 | 80.0000 | 0.0000 | TURIN ROOW SEC 3 SWNW SEC E 13 32W SEC E 13 32W SEC E 32W, LIMITED TO ALL DEPTHS BELOW THE E.L. OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT SEC E 32W, LIMITED FROM THE SURFACE TO THE BASE OF THE MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03170.006 | CHESTER NELSON ESTATE | M B MCGOWAN | 8/12/1949 | ND | WILLIAMS | 8 | 423 | 4002.51 | TURIN ROOW SEC E 32W, LIMITED TO ALL DEPTHS BELOW THE E.L. OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT (3,083 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 80.0000 | 80.0000 | 0.0000 | TURIN ROOW SEC 3 SWNW SEC E 13 32W SEC E 13 32W SEC E 32W, LIMITED TO ALL DEPTHS BELOW THE E.L. OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT SEC E 32W, LIMITED FROM THE SURFACE TO THE BASE OF THE MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03170.006 | CHESTER NELSON ESTATE | M B MCGOWAN | 8/12/1949 | ND | WILLIAMS | 8 | 423 | 4002 | TURIN ROOW SEC E 32W, LIMITED FROM THE SURFACE TO THE BASE OF THE MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 80.0000 | 0.0000 | TURIN ROOW SEC 3 SWNW SEC E 13 32W SEC E 13 32W SEC E 32W, LIMITED TO ALL DEPTHS BELOW THE E.L. OF 8,350 AS FOUND IN THE PETRISON CARTER UNIT SEC E 32W, LIMITED FROM THE SURFACE TO THE BASE OF THE MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |

Exhibit A - 42

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| STATE | 33.01156.000 | STATE OF NORTH DAKOTA QQ69 | A&H PARTS TRL | 10/20/1999 | ND | WILLIAMS | 5 | 79 | 237440 | 0212 | T159N R95W SEC 5: ALL SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 640.0000 | 640.0000 | 0.010000 | MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 33.01156.000 | STATE OF NORTH DAKOTA QQ69 | A&H PARTS TRL | 10/20/1999 | ND | WILLIAMS | 5 | 79 | 237440 | 0213-V1 | T159N R95W SEC 2,11: N/2N/4N, N/NE, S/NE LIMITED BELOW THE BASE OF THE MADISON FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 160.0000 | 160.0000 | 0.010000 | SEC 11: N/NE N/NE, N/NE, S/NE LIMITED BELOW THE BASE OF THE MADISON FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 33.01156.000 | STATE OF NORTH DAKOTA QQ69 | A&H PARTS TRL | 10/20/1999 | ND | WILLIAMS | 5 | 79 | 237440 | 0213 | T159N R95W SEC 2: ALL LIMITED FROM SURFACE TO THE BASE OF THE MADISON FORMATION - OMN ONLY | N | 0.0000 | 160.0000 | 0.010000 | SEC 2: N/NW, N/NE, S/NE - OMN ONLY LIMITED FROM SURFACE TO THE BASE OF THE MADISON FORMATION AND THREE FORKS FORMATIONS |
| FEE | 33.01170.004 | DELAKE S WESTBERG ESTATE | BRADLEY F ALDSON | 2/6/1917 | ND | WILLIAMS | 72 | 35 | | 8967 | T156N R98W SEC 2,3: WORK, LIMITED TO ALL DEPTHS BELOW THE STRAT. EQUIV. OF SLIDE IN WILLISTON FIELD LIMITED TO ALL DEPTHS BELOW THE STRAT. EQUIV. | | 802.8400 | 80.2800 | 802.8400 | T158N R98W SEC 2,3: WORK, LIMITED TO ALL DEPTHS BELOW THE BASE OF THE MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.004 | DELAKE S WESTBERG ESTATE | BRADLEY F ALDSON | 2/6/1917 | ND | WILLIAMS | 72 | 35 | | 8968 | T158N R98W SEC 6: E/2W LIMITED BELOW THE BASE OF THE MADISON FORMATION | | 800.0000 | 80.0000 | 800.0000 | SEC 6: W/2, LIMITED BELOW THE BASE OF THE MADISON FORMATION SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.006 | HEDI ROGAHL | EMPIRE OIL COMPANY | 4/17/2005 | ND | WILLIAMS | | 9,00010 | | 8969 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 3.3334 | 3.3334 | SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | QUART F ARCHER | EMPIRE OIL COMPANY | 4/17/2005 | ND | WILLIAMS | | 9,00010 | | 8969 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 3.3333 | 3.3333 | SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.006 | CORIT RAY KADAHL TRUST | EMPIRE OIL COMPANY | 4/17/2005 | ND | WILLIAMS | | 9,00010 | | 8969 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 3.3333 | 3.3333 | SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | MIRION MILLER ET UX | NORMANN EISEN ASSOCIATES INC | 5/27/1980 | ND | WILLIAMS | 264 | 337 | | 3970-V1 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 2.5000 | 2.5000 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | MIRION MILLER ET UX | NORMANN EISEN ASSOCIATES INC | 5/27/1980 | ND | WILLIAMS | 264 | 337 | | 3970 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 2.2335 | 2.2335 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | MIRION MILLER ET UX | NORMANN EISEN ASSOCIATES INC | 5/27/1980 | ND | WILLIAMS | 264 | 337 | | 3980-V1 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 1.2500 | 1.2500 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | MIRION MILLER ET UX | NORMANN EISEN ASSOCIATES INC | 5/27/1980 | ND | WILLIAMS | 264 | 337 | | 3980 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 1.2500 | 1.2500 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | DONALD G MCGINNITY ET UX | NORTHWEST EXPLORATION COMPANY | 1/29/1980 | ND | WILLIAMS | 255 | 245 | 412138 | 3980-V1 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 1.0000 | 32.5000 | 32.5000 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | DONALD G MCGINNITY ET UX | NORTHWEST EXPLORATION COMPANY | 1/29/1980 | ND | WILLIAMS | 255 | 245 | 412138 | 3980 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 240.539 | 32.5000 | 240.539 | T158N R98W SEC 6: E/DE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | DONALD G MCGINNITY ET UX | FIRST NATIONAL BK TRST CO OF WILLISTON | 9/25/1978 | ND | WILLIAMS | 232 | 340 | 378017 | 3970-V1 | T158N R98W SEC 6: LIMITED FROM SURFACE TO 12,850 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 62.5000 | 62.5000 | T158N R98W SEC 6: LIMITED FROM SURFACE TO 12,850 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | DONALD G MCGINNITY ET UX | FIRST NATIONAL BK TRST CO OF WILLISTON | 9/25/1978 | ND | WILLIAMS | 232 | 340 | 378017 | 3970 | T158N R98W SEC 6: LIMITED FROM SURFACE DOWN TO 12,850 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 55.4480 | 55.4480 | 55.4480 | T158N R98W SEC 6: LIMITED FROM SURFACE DOWN TO 12,850 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | DONALD G MCGINNITY ET UX | FIRST NATIONAL BK TRST CO OF WILLISTON | 9/25/1978 | ND | WILLIAMS | 232 | 340 | 378017 | 3970-V1 | T158N R98W SEC 6: LOTS 3,4,E/4/L, LOT 7.134 IN AC/AW4/DQW, LIMITED TO DEPTHS BELOW 12,850 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 67.2400 | 67.2400 | 67.2400 | T158N R98W SEC 6: LOTS 3,4,E/4/L, LOT 7.134 IN AC/AW4/DQW, LIMITED TO DEPTHS BELOW 12,850 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | DONALD G MCGINNITY ET UX | FIRST NATIONAL BK TRST CO OF WILLISTON | 9/25/1978 | ND | WILLIAMS | 232 | 340 | 378017 | 3974 | T158N R98W SEC 6: LOTS 3,4,E/4/L, LOT 7.134 IN AC/AW4/DQW, LIMITED FROM THE SURFACE DOWN TO 12,850 | | 55.9094 | 67.2400 | 55.9094 | T158N R98W SEC 6: LOTS 3,4,E/4/L, LOT 7.134 IN AC/AW4/DQW, LIMITED FROM THE SURFACE DOWN TO 12,850 |
| FEE | 33.01170.008 | CAROLINE G VANNERKENTT VI | NORMANN EISEN ASSOCIATES INC | 2/13/1980 | ND | WILLIAMS | 257 | 340 | 412161 | 3970-V1 | T158N R98W SEC 6: LOTS 8 ACE F.74 N4 AC/DQW/L/DQW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 2.5000 | 2.5000 | 2.5000 | T158N R98W SEC 6: LOTS 8 ACE F.74 N4 AC/DQW/L/DQW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | CAROLINE G VANNERKENTT VI | NORMANN EISEN ASSOCIATES INC | 2/13/1980 | ND | WILLIAMS | 257 | 340 | 412161 | 3970 | T158N R98W SEC 6: LOTS 8 ACE F.74 N4 AC/DQW/L/DQW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 2.2335 | 2.2335 | T158N R98W SEC 6: LOTS 8 ACE F.74 N4 AC/DQW/L/DQW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01170.008 | CAROLINE G VANNERKENTT VI | NORMANN EISEN ASSOCIATES INC | 2/13/1980 | ND | WILLIAMS | 257 | 340 | 412161 | 3974 | T158N R98W SEC 6: LOTS 3,4,E/4/L, LOT 7.134 IN AC/AW4/DQW, LIMITED FROM THE SURFACE DOWN TO 12,850 | Y | 657.400 | 2.5000 | 2.2335 | T158N R98W SEC 6: LOTS 3,4,E/4/L, LOT 7.134 IN AC/AW4/DQW, LIMITED FROM THE SURFACE DOWN TO 12,850 |

**EXHIBIT A**

**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.031196.000H | VICTOR GODSHIFF ET UX | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 529 | 618119 | 39711 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 2.5000 | 2.5000 | T158N R95W<br>SEC 6: E2 SW4, SW4 SW4<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.000H | VICTOR GODSHIFF ET UX | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 529 | 618119 | 39710 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 2.5000 | 2.1335 | T158N R95W<br>SEC 6: W2 SW4, ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.000H | VICTOR GODSHIFF ET UX | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 529 | 618119 | 39711 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.000H | VICTOR GODSHIFF ET UX | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 529 | 618119 | 39711 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 1.2500 | 1.0398 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.000H | VICTOR GODSHIFF ET UX | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 529 | 618119 | 39860 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.000H | VICTOR GODSHIFF ET UX | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 527 | 618118 | 39711 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.1098 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | CLARA M HANSON | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 527 | 618118 | 39711 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 2.5000 | 2.5000 | T158N R95W<br>SEC 6: E2 SW4, ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | CLARA M HANSON | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 527 | 618118 | 39710 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 2.5000 | 2.1335 | T158N R95W<br>SEC 6: W2 SW4, ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | CLARA M HANSON | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 527 | 618118 | 39711 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | CLARA M HANSON | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 527 | 618118 | 39711 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 1.2500 | 1.0398 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | CLARA M HANSON | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 527 | 618118 | 39860 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | CLARA M HANSON | NORMAN REGEN ASSOCIATES INC | 8/29/1980 | ND | WILLIAMS | 271 | 527 | 618118 | 39711 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.1098 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | GEORGE SCHULTZ | NORMAN REGEN ASSOCIATES INC | 9/3/1980 | ND | WILLIAMS | 272 | 321 | 618686 | 39711 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 2.5000 | 2.5000 | T158N R95W<br>SEC 6: E2 SW4, ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | GEORGE SCHULTZ | NORMAN REGEN ASSOCIATES INC | 9/3/1980 | ND | WILLIAMS | 272 | 321 | 618686 | 39710 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 2.5000 | 2.1335 | T158N R95W<br>SEC 6: W2 SW4, ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | GEORGE SCHULTZ | NORMAN REGEN ASSOCIATES INC | 9/3/1980 | ND | WILLIAMS | 272 | 321 | 618686 | 39711 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | GEORGE SCHULTZ | NORMAN REGEN ASSOCIATES INC | 9/3/1980 | ND | WILLIAMS | 272 | 321 | 618686 | 39711 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 1.2500 | 1.0398 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00H | GEORGE SCHULTZ | NORMAN REGEN ASSOCIATES INC | 9/3/1980 | ND | WILLIAMS | 272 | 321 | 618686 | 39860 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 800.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00K | ROSE S ALLARD | RICHARD S MCDONALD | 10/17/1977 | ND | WILLIAMS | 216 | 447 | 386137 | 39711 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 2.5000 | 2.5000 | T158N R95W<br>SEC 6: N2 SW4, ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00K | ROSE S ALLARD | RICHARD S MCDONALD | 10/17/1977 | ND | WILLIAMS | 216 | 447 | 386137 | 39710 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 2.5000 | 2.5000 | T158N R95W<br>SEC 6: N2 SW4, ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00K | ROSE S ALLARD | RICHARD S MCDONALD | 10/17/1977 | ND | WILLIAMS | 216 | 447 | 386137 | 39711 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00K | ROSE S ALLARD | RICHARD S MCDONALD | 10/17/1977 | ND | WILLIAMS | 216 | 447 | 386137 | 39711 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 400.0000 | 2.5000 | 2.5000 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00K | ROSE S ALLARD | RICHARD S MCDONALD | 10/17/1977 | ND | WILLIAMS | 216 | 447 | 386137 | 39860 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 400.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00L | LLOYD BUNKER ET UX | KISSINGER PETROLEUM CORPORATION | 2/25/1981 | ND | WILLIAMS | 284 | 97 | 632982 | 39711 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 2.5000 | 2.5000 | T158N R95W<br>SEC 6: E2 SW4, SW4 SW4<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00L | LLOYD BUNKER ET UX | KISSINGER PETROLEUM CORPORATION | 2/25/1981 | ND | WILLIAMS | 284 | 97 | 632982 | 39710 | SEC 6: N4E4, LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 2.5000 | 2.1335 | T158N R95W<br>SEC 6: W2 SW4, ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.031196.00L | LLOYD BUNKER ET UX | KISSINGER PETROLEUM CORPORATION | 2/25/1981 | ND | WILLIAMS | 284 | 97 | 632982 | 39711 | SEC 6: LIMITED FROM THE SURFACE TO 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 1.2500 | 1.2500 | T158N R95W<br>SEC 6: ZONE INSIDE<br>SAVE AND EXCEPT ZONE INSIDE 11,850<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 33.03178.000 | LLOYD BURMEISTER ET UX | KODIAK OIL & GAS (USA) INC. | 2/25/1981 | ND | WILLIAMS | 284 | 97 | | 0998.01 | T154N R93W<br>SEC 6: LOT 8 , W/2 SW, NWSE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 1.2500 | 1.2500 | T154N R93W<br>SEC 6: E/2NW, NWNE, NWNE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03178.000 | LLOYD BURMEISTER ET UX | KODIAK PETROLEUM CORPORATION | 2/25/1981 | ND | WILLIAMS | 284 | 97 | | 0998.01 | T154N R93W<br>SEC 6: LOT 8 , W/2 SW, NWSE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 1.2500 | 1.2098 | T154N R93W<br>SEC 6: E/2NW, NWNE, NWNE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03179.000 | NELLIE MCGINNITY | EDWARD T KAVANAUGH | 11/22/1949 | ND | WILLIAMS | 3 | 195 | | 0972 | T154N R95W<br>SEC 6: LOT 1 (21.66 ACRES), LIMITED TO 300 FT BELOW 300 FT BELOW THE LAST DEPTHS<br>FORMATION TO 13,285<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 80.3600 | 80.3600 | 42.1300 | T154N R95W<br>SEC 6: LOTS 1, 2 (AAA NONE), LIMITED TO 300FT THE SURFACE 5/8 NW, LIMITED FROM THE SURFACE<br>TO 12,250<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03179.000 | NELLIE MCGINNITY | EDWARD T KAVANAUGH | 11/22/1949 | ND | WILLIAMS | 3 | 195 | | 0972 | T154N R95W<br>SEC 6: LOT 1 (21.66 ACRES), LIMITED FROM THE SURFACE TO 400 BELOW THE LAST DEPTHS<br>LAST CHARLES SALT FORMATION<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 80.3600 | 80.3600 | 80.3600 | T154N R95W<br>SEC 6: LOTS 3, 4 (NONE), LIMITED TO 300FT THE SURFACE 5/8 NW, LIMITED FROM THE SURFACE<br>TO 12,250<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03179.000 | NELLIE MCGINNITY | EDWARD T KAVANAUGH | 11/22/1949 | ND | WILLIAMS | 3 | 195 | | 0974.01 | CHARLES FORMATION TO 12,250<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 229.3600 | 229.3600 | 120.1900 | T154N R95W<br>SEC 6: LOTS 3, 4 (NONE), LOTS 3, 4, 5, 5/8 NW, LIMITED FROM THE<br>SURFACE<br>TO 12,250<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03179.000 | NELLIE MCGINNITY | EDWARD T KAVANAUGH | 11/22/1949 | ND | WILLIAMS | 3 | 195 | | 0974 | LAST CHARLES SALT FORMATION<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 240.0000 | 240.0000 | 210.0000 | T154N R95W<br>SEC 6: LOTS 3, 4 (NONE), LOTS 3, 4, 5, 5/8 NW, LIMITED FROM THE<br>SURFACE<br>TO 12,250<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00A | JULIA OHNSTAD | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 455 | 412127 | | 0982.01 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.8945 | 0.8945 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00A | JULIA OHNSTAD | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 455 | 412127 | | 0982.01 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.8945 | 0.0072 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00B | RICHARDA SCHNABLE ET UX | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 457 | 418881 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 5.0113 | 5.0113 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00B | RICHARDA SCHNABLE ET UX | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 457 | 418881 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 5.0113 | 4.5205 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00C | GENEVIEVE L HANSON | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 457 | 418942 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.8945 | 0.8945 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00C | GENEVIEVE L HANSON | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 457 | 418942 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.8945 | 0.0072 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00D | PALMA HANSON | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 457 | 413228 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 2.6866 | 2.6866 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00D | PALMA HANSON | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 457 | 413228 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 2.6866 | 2.4127 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00E | ALBERT C HANSON ET UX | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 457 | 413133 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 5.0113 | 5.0113 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00E | ALBERT C HANSON ET UX | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 457 | 413133 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 5.0113 | 4.5205 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00F | CLINTON W STRAND | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 460 | 413130 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 10.0227 | 10.0227 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00F | CLINTON W STRAND | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 460 | 413130 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 10.0227 | 9.0402 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00G | LILLIAN L STRAND BY A P | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 459 | 413129 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 10.0227 | 10.0227 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00G | LILLIAN L STRAND BY A P | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 459 | 413129 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 10.0227 | 9.0402 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00H | MEDORA OLSON HANSON ET VIR | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 459 | 413160 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 5.0113 | 5.0113 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00H | MEDORA OLSON HANSON ET VIR | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 459 | 413160 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 5.0113 | 4.5205 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00I | ILAH HANSEN BEDLA ET VIR | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 500 | 413168 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 5.0113 | 5.0113 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00I | ILAH HANSEN BEDLA ET VIR | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 500 | 413168 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 5.0113 | 4.5205 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00K | JESSIE HANSON | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 500 | 413161 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.8945 | 0.8945 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00K | JESSIE HANSON | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 500 | 413161 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.8945 | 0.0072 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.03198.00N | MERTA STRAND | NORTHWEST EXPLORATION COMPANY | 2/4/1980 | ND | WILLIAMS | 504 | 413192 | | 0982 | T154N R99W<br>SEC 7: LOT 1 (19.05 AC), LOT 2 (35.26 AC), E2NW, LIMITED TO DEPTHS BELOW<br>12,930<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 10.0227 | 10.0227 | T154N R99W<br>SEC 7: LOTS 13 (39 AC), E2S AC, E2N AC, E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LESSEE NAME | LEASE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.010220.000 | DAKOTA REALTY LEASING | RUSSELL CHASE ET UX | 2/26/1985 | ND | WILLIAMS | | | 475430 | 1987 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.3800 | 6.3800 | SEE R NW, LIMITED IN DEPTH FROM BELOW THE TOP OF<br>THE PRODUCIBLE LIGHTS UNIT<br>SEC 17 LIMITED IN DEPTH BELOW THE BASE OF THE NAGIOON<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.000A | DAKOTA REALTY LEASING | RUSSELL CHASE ET UX | 2/26/1985 | ND | WILLIAMS | | | 475430 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.3800 | 6.3800 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.001 | DAKOTA REALTY LEASING | MENA RICHER ET UX | 3/7/1985 | ND | WILLIAMS | | | 475431 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.8888 | 8.8888 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.002 | DAKOTA REALTY LEASING | ETHEL LUNDRP RDA | 2/27/1985 | ND | WILLIAMS | | | 475428 | 1987 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 26.6664 | 26.6664 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.002A | DAKOTA REALTY LEASING | ETHEL LUNDRP RDA | 2/27/1985 | ND | WILLIAMS | | | 475428 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 26.6664 | 26.6664 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.003 | DAKOTA REALTY LEASING | KERRY P HOFFMAN ET UX | 4/30/1985 | ND | WILLIAMS | | | 477774 | 1987 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.2500 | 0.2500 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.003A | DAKOTA REALTY LEASING | KERRY P HOFFMAN ET UX | 4/30/1985 | ND | WILLIAMS | | | 477774 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.2500 | 0.2500 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.004 | DAKOTA REALTY LEASING | BRADLEY W ROBERTSON | 5/1/1985 | ND | WILLIAMS | | | 477771 | 1987 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.6250 | 0.6250 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.004A | DAKOTA REALTY LEASING | BRADLEY W ROBERTSON | 5/1/1985 | ND | WILLIAMS | | | 477771 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.6250 | 0.6250 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.005 | DAKOTA REALTY LEASING | ARD IAN D A49 ET | 5/1/1985 | ND | WILLIAMS | | | 477772 | 1987 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.6250 | 0.6250 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.005A | DAKOTA REALTY LEASING | ARD IAN D A49 ET | 5/1/1985 | ND | WILLIAMS | | | 477772 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.6250 | 0.6250 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.006 | DAKOTA REALTY LEASING | ROBERT K TONSEROON | 6/21/1985 | ND | WILLIAMS | | | 448132 | 1987 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 5.3750 | 5.3750 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.006A | DAKOTA REALTY LEASING | ROBERT K TONSEROON | 6/21/1985 | ND | WILLIAMS | | | 448132 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 5.3750 | 5.3750 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.007 | DAKOTA REALTY LEASING | COLUMBIAN OIL AND GAS | 7/24/1985 | ND | WILLIAMS | | | 484479 | 1987 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 12.5213 | 12.5213 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.007A | DAKOTA REALTY LEASING | COLUMBIAN OIL AND GAS | 7/24/1985 | ND | WILLIAMS | | | 484479 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 12.5213 | 12.5213 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.008 | DAKOTA REALTY LEASING | GEORGE K OVEEK | 3/7/1985 | ND | WILLIAMS | | | 475432 | 1987 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.8888 | 8.8888 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.008A | DAKOTA REALTY LEASING | GEORGE K OVEEK | 3/7/1985 | ND | WILLIAMS | | | 475432 | 1990 | TOWNSHIP<br>SEE R ZONE, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.3750 | 0.3750 | TOWNSHIP<br>SEE R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.009 | LANG JOHN HOLT LTD | SNOW BIRD OIL & GAS | 8/20/1985 | ND | WILLIAMS | | | 497518 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 8.0000 | 8.0000 | SEC R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.009A | LANG JOHN HOLT LTD | SNOW BIRD OIL & GAS | 8/20/1985 | ND | WILLIAMS | | | 497518 | 1990 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 8.0000 | 8.0000 | SEC R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.010 | HUNT OIL COMPANY | HUNT OIL COMPANY | 10/30/1978 | ND | WILLIAMS | | | 508049 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.0000 | 22.2000 | SEC R SW, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.011 | PAN AM PETROLEUM LTD | PAN AM PETROLEUM LTD | 8/31/1987 | ND | WILLIAMS | | | 508049 | 1990 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 0.0000 | 11.8188 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.012 | NORTHERN ENERGY CORPORATION | WOEDISEM RESEARCH | 11/14/2005 | ND | WILLIAMS | | | 508011 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 22.2000 | 11.8188 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.012A | NORTHERN ENERGY CORPORATION | WOEDISEM RESEARCH | 11/14/2005 | ND | WILLIAMS | | | 508011 | 1990 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 22.2000 | 11.8188 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.013 | NORTHERN ENERGY CORPORATION | THEODORE BURKE ET UX | 11/14/2005 | ND | WILLIAMS | | | 508044 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 8.8900 | 5.5360 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.013A | NORTHERN ENERGY CORPORATION | THEODORE BURKE ET UX | 11/14/2005 | ND | WILLIAMS | | | 508044 | 1990 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 8.8900 | 5.5360 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.014 | NORTHERN ENERGY CORPORATION | LEE R NELSON | 11/14/2005 | ND | WILLIAMS | | | 508059 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 22.2000 | 11.8188 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 OF A 300<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.015 | NORTHERN ENERGY CORPORATION | VERNON L NELSON | 11/14/2005 | ND | WILLIAMS | | | 508046 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 22.2000 | 11.8188 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.016 | NORTHERN ENERGY CORPORATION | RICHARD J NELSON | 11/14/2005 | ND | WILLIAMS | | | 508021 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 22.2000 | 11.8188 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.017 | NORTHERN ENERGY CORPORATION | JEFFREY NELSON | 12/26/2005 | ND | WILLIAMS | | | 508633 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 8.8900 | 5.5360 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.018 | NORTHERN ENERGY CORPORATION | PATRICIA E NELSON | 12/26/2005 | ND | WILLIAMS | | | 508060 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 22.2000 | 11.8188 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.019 | NORTHERN ENERGY CORPORATION | LOUISE M NELSON | 12/26/2005 | ND | WILLIAMS | | | 508635 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 8.8900 | 5.5360 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.010220.020 | NORTHERN ENERGY CORPORATION | LANA E NELSON | 12/26/2005 | ND | WILLIAMS | | | 509188 | 1987 | TOWNSHIP<br>SEE R WORLD, LIMITED IN DEPTH TO 9620' 11.274<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 30.0000 | 2.9551 | 1.8550 | SEC R SW, LIMITED IN DEPTH FROM THE DEEPEST DEPTH PENETRATED IN THE<br>ANNEAL HATE TNE 1 545 GON PENTSD WE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |

Exhibit A - 47

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | LESSOR NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Exhibit A - 48

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENGURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.032.19.004 | DEKRNK JEAN NILSON FIT | ST MARY LAND & EXPLORATION COMPANY | 4/1/2010 | ND | MCKENZIE | | | H01131 | 1099 | T5H7N-R101W | | 0.1600 | 0.1600 | 0.1600 | T5H7N-R101W |
| FEE | 10.032.19.006 | TALMANN NILSON FIT U/A | ST MARY LAND & EXPLORATION COMPANY | 4/1/2010 | ND | MCKENZIE | | | H04623 | 1099 | T5H7N-R101W | | 0.4000 | 0.4000 | 0.4000 | T5H7N-R101W |
| FEE | 10.032.19.005 | PALMER NILSON TRUST | ST MARY LAND & EXPLORATION COMPANY | 4/1/2010 | ND | MCKENZIE | | | H02846 | 1099 | T5H7N-R101W | | 0.4000 | 0.4000 | 0.4000 | T5H7N-R101W |
| FEE | 10.032.19.001 | ANNA DODGE | ST MARY LAND & EXPLORATION COMPANY | 4/1/2010 | ND | MCKENZIE | | | H02845 | 1099 | T5H7N-R101W | | 0.4000 | 0.4000 | 0.4000 | T5H7N-R101W |
| FEE | 10.032.19.003 | ALVIN NILSON FIT U/A | ST MARY LAND & EXPLORATION COMPANY | 4/1/2010 | ND | MCKENZIE | | | H04134 | 1099 | T5H7N-R101W | | 2.0000 | 2.0000 | 2.0000 | T5H7N-R101W |
| FEE | 10.032.19.002 | AGRI TRUST | SEQUEL ENERGY LLC | 12/1/2012 | ND | WILLIAMS | | | H02427 | 4029 | T6N R99W | | 80.0000 | 40.0000 | 40.0000 | T6N R99W |
| FEE | 10.032.21.006 | JUDY HANKINSON | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715825 | 4029 | T6N R99W | | 0.0000 | 6.3292 | 6.3292 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.007 | ELAINE HEINTON | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715739 | 4029 | T6N R99W | | 0.0000 | 6.3292 | 6.3292 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.002 | LEON R HERDON | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715738 | 4029 | T6N R99W | | 0.0000 | 6.3292 | 6.3292 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.008 | YVONNE M HERDON | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715730 | 4029 | T6N R99W | | 0.0000 | 6.3292 | 6.3292 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.001 | NANCY J KOCH | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715828 | 4029 | T6N R99W | | 0.0000 | 6.3292 | 6.3292 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.005 | LOVELLA A HANKINSON | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715735 | 4029 | T6N R99W | | 0.0000 | 6.3292 | 6.3292 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.004 | LEON R HERDON | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715737 | 4029 | T6N R99W | | 0.0000 | 6.3292 | 6.3292 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.003 | GAIL A HAKKINSON FIT U/A | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715732 | 4029 | T6N R99W | | 0.0000 | 7.6425 | 7.6425 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.009 | GARY ALLEN HAAKINSON FIT U/A | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 715731 | 4029 | T6N R99W | | 0.0000 | 2.1424 | 2.1424 | SEC 28: S2SW, NESW |
| FEE | 10.032.21.010 | MARCIA A ANDERSON | SEQUEL ENERGY LLC | 12/9/2012 | ND | WILLIAMS | | | 795640 | 4029 | T6N R99W | | 120.0000 | 0.8315 | 0.8315 | SEC 28: S2SW, NESW |
| FEE | 10.032.22.005 | OLAF J BERGESET LIV | NORTHERN ENERGY CORPORATION | 12/15/1998 | ND | DIVIDE | 178 | 20 | | 1019 | SEC 15 INE, LESS AND EXCEPT THE BAKEN AND THREE FORKS FORMATIONS | | 640.0000 | 80.0000 | 80.0000 | SEC 15 INE |
| FEE/EE | 10.032.22.004 | STATE OF NORTH DAKOTA-DV014 | WESTND CISWANY | 2/21/2008 | ND | WILLIAMS | | | 448247 | 5227 | SEC 15 INE, LESS AND EXCEPT THE BAKEN AND THREE FORKS FORMATIONS | | 159.8800 | 79.9400 | 79.9400 | SEC 15 INE |
| FEE | 10.032.23.003 | SIGRI DRANVOLD | FULTON PRODUCING COMPANY | 10/15/2010 | ND | WILLIAMS | | | 369868 | 4024 | SEC 1: LOTS 3, 4, S2NW | | 159.8800 | 79.9400 | 79.9400 | SEC 1: LOTS 3, 4, S2NW |
| FEE | 10.032.23.004 | ROBERT L SAGASER ET UX | BONRAY ENERGY CORPORATION | 3/9/1981 | ND | WILLIAMS | 265 | 389 | 444190 | 4024 | SEC 1: LOTS 3, 4 AND N2SW | | 159.8486 | 159.8486 | 159.8486 | SEC 1: LOTS 3, 4 AND N2SW |
| FEE | 10.032.23.005 | ROBERT L SAGASER ET UX | BONRAY ENERGY CORPORATION | 3/9/1981 | ND | WILLIAMS | 266 | 389 | 444190 | 4024 | SEC 1: LOTS 3, 4 AND N2SW | | 120.0000 | 120.0000 | 120.0000 | SEC 1: LOTS 3, 4 AND N2SW |
| FEE | 10.032.23.006 | ROBERT L SAGASER ET UX | BONRAY ENERGY CORPORATION | 3/9/1981 | ND | WILLIAMS | 266 | 387 | 444194 | 4025 | SEC 1: N2SW, S2SW, LIMITED FROM THE SURFACE TO 11,273 | | 480.0000 | 40.0000 | 40.0000 | SEC 1: N2SW, S2SW, LIMITED FROM THE SURFACE TO 11,273 |
| FEE | 10.032.23.007 | ROBERT L SAGASER ET UX | BONRAY ENERGY CORPORATION | 3/9/1981 | ND | WILLIAMS | 266 | 387 | 444196 | 4025 | SEC 1: N2SW, S2SW, LIMITED FROM THE SURFACE TO 11,273 | | 359.8015 | 359.8015 | 359.8015 | SEC 1: N2SW, S2SW, LIMITED FROM THE SURFACE TO 11,273 |
| FEE | 10.032.23.008 | RICHARD W WESTBERG | NORTHWEST EXPLORATION COMPANY | 3/10/1982 | ND | WILLIAMS | 267 | 255 | 416441 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 0.0000 | 3.0444 | 3.0444 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |
| FEE | 10.032.23.009 | JANET LEE SCHRIMMER | NORTHWEST EXPLORATION COMPANY | 3/10/1982 | ND | WILLIAMS | 267 | 500 | 416498 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 10.6440 | 10.6440 | 10.6440 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |
| FEE | 10.032.23.010 | STEPHEN G WESTBERG | NORTHWEST EXPLORATION COMPANY | 4/13/1982 | ND | WILLIAMS | 267 | 387 | 416467 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 0.1095 | 0.1095 | 0.1095 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |
| FEE | 10.032.23.011 | MARIAN WESTBERG | NORTHWEST EXPLORATION COMPANY | 4/13/1982 | ND | WILLIAMS | 267 | 525 | 416448 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 10.6440 | 10.6440 | 10.6440 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |
| FEE | 10.032.23.012 | WALTER M WESTBERG | NORTHWEST EXPLORATION COMPANY | 6/11/1980 | ND | WILLIAMS | 269 | 308 | 417531 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 11.8889 | 11.8889 | 11.8889 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |
| FEE | 10.032.23.001 | LOUISE GAUGHER ET VIR | NORTHWEST EXPLORATION COMPANY | 4/15/1982 | ND | WILLIAMS | 266 | 297 | 416596 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 10.6440 | 10.6440 | 10.6440 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |
| FEE | 10.032.23.002 | RICHARD W WESTBERG | NORTHWEST EXPLORATION COMPANY | 4/15/1982 | ND | WILLIAMS | 272 | 677 | 416611 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 11.8291 | 11.8291 | 11.8291 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |
| FEE | 10.032.06.908 | CLAIR M WESTDAL | NORTHWEST EXPLORATION COMPANY | 5/20/1980 | ND | WILLIAMS | 272 | 475 | 416510 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 10.6440 | 10.6440 | 10.6440 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |
| FEE | 10.032.06.706 | LOIS LAFLNANT ET VIR | NORVANN OGDEN ASSOCIATES INC | 9/24/1981 | ND | WILLIAMS | 272 | 591 | 416586 | 4031 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW | | 0.0000 | 3.6858 | 3.6858 | SEC 1: LOTS 3, 4 (N2NW), 2(W HF AC), S2NW |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 33.032.BJ.004 | GEORGE J VEITCH JR | SEQUEL ENERGY LLC | 10/25/2012 | ND | WILLIAMS | | | 747638 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 0.6250 | 0.6250 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BJ.005 | DIANE MCCABE | SEQUEL ENERGY LLC | 10/25/2012 | ND | WILLIAMS | | | 747637 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 0.6250 | 0.6250 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BJ.006 | CAROL A ZIRKER | SEQUEL ENERGY LLC | 11/5/2012 | ND | WILLIAMS | | | 748520 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 2.0000 | 2.0000 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BJ.007 | JEAN K ANDERSON | SEQUEL ENERGY LLC | 11/8/2012 | ND | WILLIAMS | | | 748522 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 1.6667 | 1.6667 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BJ.008 | FRANK DAVID OLER | SEQUEL ENERGY LLC | 10/19/2012 | ND | WILLIAMS | | | 748523 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 2.1667 | 2.1667 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BJ.001 | MARY K SCHUMAN | SEQUEL ENERGY LLC | 11/15/2012 | ND | WILLIAMS | | | 748521 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 1.6667 | 1.6667 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BJ.002 | JUANITA DAVIS | SEQUEL ENERGY LLC | 11/20/2012 | ND | WILLIAMS | | | 748524 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 2.5000 | 2.5000 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BJ.003 | PHILLIP SPEISER | SEQUEL ENERGY LLC | 12/4/2012 | ND | WILLIAMS | | | 750147 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 0.9529 | 0.9529 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BK.001 | VIVIAN L BRIGGS | SEQUEL ENERGY LLC | 11/28/2012 | ND | WILLIAMS | | | 750146 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 4.0000 | 4.0000 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BL.001 | SUSAN L CHAMBLIN | SEQUEL ENERGY LLC | 1/16/2013 | ND | WILLIAMS | | | 752823 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 0.6250 | 0.6250 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BM.001 | THOMAS CUMMINGS | SEQUEL ENERGY LLC | 1/8/2013 | ND | WILLIAMS | | | 752948 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 1.0833 | 1.0833 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BN.001 | LEROY GRIERSON JOINT VENTURE | SEQUEL ENERGY LLC | 1/23/2013 | ND | WILLIAMS | | | 755078 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 2.1667 | 2.1667 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BN.002 | LEROY BROWN LTD TR 070-1.2 | SEQUEL ENERGY LLC | 1/23/2013 | ND | WILLIAMS | | | 755072 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 2.0000 | 2.0000 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BP.001 | BRIG BERTHIAUME BAKER | DEVCO INC | 4/18/2013 | ND | WILLIAMS | | | 762168 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 0.8333 | 0.8333 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BR.001 | SHARON KAY ROVIG | DEVCO INC | 4/18/2013 | ND | WILLIAMS | | | 762169 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 0.8333 | 0.8333 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BS.001 | ROBERT DALE BAKER | DEVCO INC | 4/18/2013 | ND | WILLIAMS | | | 762170 | 404Y | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 2450000 | 0.8333 | 0.8333 | T159N R96W SEC 25 E2N4 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BT.001 | EUGENE F MEYER ET UX | DEVCO INC | 3/4/1987 | ND | WILLIAMS | | | 500777 | 404Y | T159N R96W SEC 25 SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 5.7200 | 5.7200 | T159N R96W SEC 25 SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BT.001 | EUGENE F MEYER ET UX | DEVCO INC | 3/4/1987 | ND | WILLIAMS | | | 500777 | 404Y | T159N R96W SEC 26 SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 2.8000 | 2.8000 | T159N R96W SEC 26 SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.032.BN.005 | DOROTHY SUZANNE OLSON | DEVCO INC | 9/13/1984 | ND | WILLIAMS | | | 447799 | 404X | T159N R96W SEC 25 NE SAVE AND EXCEPT MCKENZIE AND PRODUCTION FROM | * | 0.0000 | 1.4700 | 1.4700 | T159N R96W SEC 25 NE SAVE AND EXCEPT MCKENZIE AND PRODUCTION FROM |
| FEE | 33.032.BN.006 | VIRGIE W MEYER KAAGAH | DEVCO INC | 2/27/1997 | ND | WILLIAMS | | | 500774 | 405I | T159N R96W SEC 25 NE2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 2.8560 | 2.8560 | T159N R96W SEC 25 NE2 SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.027.GBW.01 | GENE I GOUAILLE ET UX | DEVCO INC | 3/14/1995 | ND | WILLIAMS | | | 469691 | 405I | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 8.3350 | 8.3350 | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.GBW.01 | GENE I GOUAILLE ET UX | DEVCO INC | 3/14/1995 | ND | WILLIAMS | | | 469691 | 405I | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 4.1675 | 4.1675 | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.BM.001 | NOGAHA H NESLUAH CORPORATI | POMERENE ENERGY CORP | 3/20/1987 | ND | WILLIAMS | | | 503130 | 405I | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE | * | 8000000 | 8.7343 | 8.7343 | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.BM.001 | NOGAHA H NESLUAH CORPORATI | POMERENE ENERGY CORP | 3/20/1987 | ND | WILLIAMS | | | 503130 | 405I | T159N R96W SEC 25 NONE SAVE AND EXCEPT NONE, NONE | * | 4010000 | 8.3571 | 8.3571 | T159N R96W SEC 25 NONE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.GBW.01 | GENE I GOUAILLE ET UX | DEVCO INC | 3/12/1995 | ND | WILLIAMS | | | 469698 | 405I | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 8.3350 | 8.3350 | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.GBW.01 | GENE I GOUAILLE ET UX | DEVCO INC | 3/12/1995 | ND | WILLIAMS | | | 469698 | 405I | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 4.1675 | 4.1675 | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.GBW.02 | VIRGIE W MEYER KAAGAH | DEVCO INC | 5/28/1995 | ND | WILLIAMS | | | 478293 | 405I | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 1.4286 | 1.4286 | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.GBW.03 | EUGENE F MEYER ET UX | DEVCO INC | 11/22/1995 | ND | WILLIAMS | | | 480793 | 405I | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 1.4286 | 1.4286 | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.012.ED.B001 | IMPERIAL OIL PROPPY IDAHO | SEQUEL ENERGY LLC | 9/3/2012 | ND | WILLIAMS | | | 739171 | 405I | T159N R96W SEC 25 NENE, SENE EXCLUDING AND EXCEPTING THE WELLBORE AND PRODUCTION FROM THE SEQUEL ENERGY LLC MENOKIN 25 21-APN NO. 3010006011 EXCLUDING THE WELLBORE AND PRODUCTION FROM THE SEQUEL ENERGY LLC MENOKIN 25 25-APN NO. 3010006011 | | 10000000 | 37.5000 | 37.5000 | LEASE IS HEREBY LIMITED AND RESTRICTED TO THE WELLBORE AND PRODUCTION FROM THE SEQUEL ENERGY LLC MENOKIN 25 21-H 2536-3596-TF NWC 2517-WV 10 2032 NW SWN/2SE-45-1100 EC 25 IN SW 10 2099-NW SWC 25 12-H 1099-BWH SW2-SEC 25 3NW 3NW SWC 25 NONE, NONE |
| FEE | 33.027.CBW.05 | DEE RIFKANA TR RED CLDA NRAL | EMPIRE OIL COMPANY | 9/10/2009 | ND | WILLIAMS | | | 678130 | 405I | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 6.6701 | 6.6701 | T159N R96W SEC 25 SENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.CBW.05 | DEE RIFKANA TR RED CLDA NRAL | EMPIRE OIL COMPANY | 9/10/2009 | ND | WILLIAMS | | | 678130 | 405I | T159N R96W SEC 25 NENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 6.6701 | 6.6701 | T159N R96W SEC 25 NENE SAVE AND EXCEPT NONE, NONE |
| FEE | 33.027.FBW.01 | ELIZABETH LYNN BLACKMAN GOLD | DEVCO INC | 5/14/1996 | ND | WILLIAMS | | | 487748 | 405I | T159N R96W SEC 25 NENE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 1.4700 | 1.4700 | T159N R96W SEC 25 NENE SAVE AND EXCEPT NONE, NONE |
| RA | 33.027.FBW.01 | HARRY COUCHEY ET UX | DEVCO INC | 1/12/1996 | ND | WILLIAMS | | | 484096 | 405I | T159N R96W SEC 25 NONE SAVE AND EXCEPT NONE, NONE | * | 0.0000 | 8.3350 | 8.3350 | T159N R96W SEC 25 NONE SAVE AND EXCEPT NONE, NONE |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENGURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A

LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**EXHIBIT A**

**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | NET ROYALTY | ENGURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENGURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.0127.000 | DAVID A HANSON ETUM | EMPIRE OIL COMPANY | 5/17/1990 | ND | DIVIDE | 181 | 148 | 220457 | 16/3 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 2.5000 | 2.5000 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.006 | HD STOCKMAN ETAL | EMPIRE OIL COMPANY | 5/17/1990 | ND | DIVIDE | 181 | 150 | 220458 | 16/4 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 2.5000 | 2.5000 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.006 | HD STOCKMAN ETAL | EMPIRE OIL COMPANY | 5/17/1990 | ND | DIVIDE | 181 | 150 | 220458 | 16/3 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 7.5000 | 7.5000 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.009 | SHARON ANN CANS ETYM | NORTHERN NEELY CORPORATION | 5/31/1990 | ND | DIVIDE | 183 | 372 | 204640 | 16/4 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.4167 | 0.4167 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.009 | SHARON ANN CANS ETYM | NORTHERN NEELY CORPORATION | 5/31/1990 | ND | DIVIDE | 183 | 372 | 204640 | 16/3 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.2500 | 1.2500 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.001 | CHARLOTTE GIA-COLLINS ET | NORTHERN NEELY CORPORATION | 5/31/1990 | ND | DIVIDE | 183 | 393 | 204680 | 16/4 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.4167 | 0.4167 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.001 | CHARLOTTE GIA-COLLINS ET | NORTHERN NEELY CORPORATION | 5/31/1990 | ND | DIVIDE | 183 | 393 | 204680 | 16/3 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.2500 | 1.2500 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.00A | ROGER WAYNE LASSY | NORTHERN NEELY CORPORATION | 5/31/1990 | ND | DIVIDE | 183 | 427 | | 16/4 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.4167 | 0.4167 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.00A | ROGER WAYNE LASSY | NORTHERN NEELY CORPORATION | 5/31/1990 | ND | DIVIDE | 183 | 427 | | 16/3 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.2500 | 1.2500 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.009 | DAVID E MCADOO ETAL | NORTHERN NEELY CORPORATION | 1/27/1990 | ND | DIVIDE | 183 | 448 | | 16/4 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.8333 | 0.8333 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.009 | DAVID E MCADOO ETAL | CONOCO INC | 1/27/1990 | ND | DIVIDE | 183 | 448 | | 16/3 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 2.5000 | 2.5000 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.009 | DAVID E MCADOO ETAL | NORTHERN NEELY CORPORATION | 1/6/1994 | ND | DIVIDE | 188 | 246 | | 16/4 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.1875 | 1.1875 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.00A | CENOTE OIL COMPANY | NORTHERN NEELY CORPORATION | 1/6/1994 | ND | DIVIDE | 188 | 246 | | 16/3 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 3.5625 | 3.5625 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.00A | CENOTE OIL COMPANY | NORTHERN NEELY CORPORATION | 1/6/1994 | ND | DIVIDE | 188 | 342 | | 16/4 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.4167 | 0.4167 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.009 | ROY G AND ETHA BARTON REV | NORTHERN NEELY CORPORATION | 1/6/1994 | ND | DIVIDE | 188 | 342 | | 16/3 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.2500 | 1.2500 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.0127.00A | MARY J SIMMONS | NORTHERN NEELY CORPORATION | 1/20/1941 | ND | DIVIDE | | | 204432 | 16/4 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.4167 | 0.4167 | T18N R93W SEC 22-32 E2E / LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 50' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | NET | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.01217.006 | MARY J DAWKINS | NORTHERN NERGO CORPORATION | 3/23/1970 | ND | DIVIDE | | | 258432 | 1025 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.2500 | | 1.2500 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006A | BERGESON RESOURCES | NORTHERN NERGO CORPORATION | 12/16/1970 | ND | DIVIDE | 188 | 140 | 257985 | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.2500 | | 0.2500 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006A | BERGESON RESOURCES | NORTHERN NERGO CORPORATION | 12/16/1970 | ND | DIVIDE | 188 | 140 | 257985 | 1025 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.7500 | | 0.7500 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006A | BERGESON RESOURCES | NORTHERN NERGO CORPORATION | 12/16/1970 | ND | DIVIDE | 188 | 201 | 258031 | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 25.0000 | | 25.0000 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006N | UBRIDGE OIL INC | NORTHERN NERGO CORPORATION | 12/21/1970 | ND | DIVIDE | 188 | 201 | 258031 | 1023 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 75.0000 | | 75.0000 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006N | UBRIDGE OIL INC | NORTHERN NERGO CORPORATION | 12/21/1970 | ND | DIVIDE | 188 | 184 | 258017 | 1023 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.1513 | | 0.1513 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006O | MARY NOEL LAMONT | NORTHERN NERGO CORPORATION | 12/16/1970 | ND | DIVIDE | 188 | 184 | 258017 | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.5938 | | 1.5938 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006O | MARY NOEL LAMONT | NORTHERN NERGO CORPORATION | 12/16/1970 | ND | DIVIDE | 188 | 185 | 258210 | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.1513 | | 0.1513 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006P | VIRGINIA LUCILLE RICHARDSON | NORTHERN NERGO CORPORATION | 12/16/1970 | ND | DIVIDE | 188 | 185 | 258210 | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.5938 | | 1.5938 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006P | VIRGINIA LUCILLE RICHARDSON | EMPIRE OIL COMPANY | 11/25/2004 | ND | DIVIDE | 211 | 899 | | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 0.4166 | | 0.4166 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006Q | LEROY GREENSHIELDS ETUX | EMPIRE OIL COMPANY | 11/25/2004 | ND | DIVIDE | 211 | 899 | | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 1.2499 | | 1.2499 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006S | GLADYS L WHISENAND BIHC | NORTHERN NERGO CORPORATION | 3/17/1998 | ND | DIVIDE | 183 | 495 | 258642 | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 2.3000 | | 2.3000 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.01217.006S | GLADYS L WHISENAND BIHC | NORTHERN NERGO CORPORATION | 3/19/1970 | ND | DIVIDE | 183 | 497 | 258640 | 1024 | T006N R05W SEC.22 E2 E2 — ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION | Y | | 7.5000 | | 7.5000 | LESS AND EXCEPT THE STONEVIEW-BAKKEN POOL DEFINED AS THAT INTERVAL FROM 30' ABOVE THE TOP OF THE BAKKEN FORMATION TO 50' BELOW THE TOP OF THE THREE FORKS FORMATION |
| STATE | 10.01239.006 | BRUCE W GOUGH ET UX | DUNCAN EXPLORATION COMPANY | 6/20/1987 | ND | DIVIDE | 169 | 238 | | 4106 | T006N R05W SEC.22 N2NW — LIMITED TO STONEVIEW-BAKKEN POOL | N | 120.0000 | 120.0000 | | 120.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 10.01239.006 | THE WEIDE OIL COMPANY | NORTHERN NERGO CORPORATION | 4/15/1988 | ND | DIVIDE | 172 | 591 | | 4106 | T006N R05W SEC.22 N2NW | N | 0.0000 | 40.0000 | | 40.0000 | T006N R05W SEC.22 N2NW — LESS AND EXCEPT THE BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 10.01239.006 | 17 NO DO-51 006N | ROBERT F HANSON ETAL | 9/20/1957 | ND | DIVIDE | 36 | 115499 | | 4106 | T006N R05W SEC.22 N2NW | N | 800.0000 | 300.0000 | | 300.0000 | T006N R05W SEC.22 N2NW |
| STATE | 10.01239.006 | 17 NO DO-51 006N | ROBERT F HANSON ETAL | 9/20/1957 | ND | DIVIDE | 36 | 115499 | | 4127 CS | T006N R05W SEC.26 N2NW — LIMITED TO STONEVIEW FORMATION | N | | 40.0000 | | 210.0000 | T006N R05W SEC.26 N2NW — SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| STATE | 10.03239.00A | 57 NO DD-57-00XM | ROBERT F HANSON ETAL | 9/25/1957 | ND | 00408 | 36 | 395 | 114709 | 3237-Y2 | T6N RW9W<br>SEC 21 S2NE<br>SEC 21 N2SE<br>SEC 21 NENE | N | | 40.0000 | 250.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 10.03239.00A | 57 NO DD-57-00XM | ROBERT F HANSON ETAL | 9/25/1957 | ND | 00408 | 36 | 395 | 114709 | 3237 | T6N RW9W<br>BELOW STONEHILL FORMATION | | 800.0000 | | 250.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 10.03239.00A | 57 NO DD-57-00XM | ROBERT F HANSON ETAL | 9/25/1957 | ND | 00408 | 36 | 395 | 114709 | 3216 | SURFACE TO TOP OF STONEHILL FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 800.0000 | | 250.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03239.00B | ALGOT R JOHNSON ETUX | AM F NA ETAL | 11/17/1949 | ND | 00408 | 22 | 355 | 95049 | 3237-Y3 | T6N RW9W<br>SEC 21 E2SE | N | | 40.0000 | 250.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03239.00B | ALGOT R JOHNSON ETUX | AM F NA ETAL | 11/17/1949 | ND | 00408 | 22 | 355 | 95049 | 3276 | T6N RW9W<br>SEC 21 S2NW<br>LIMITED TO THE STONEHILL FORMATION | | | | 250.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03239.00B | ALGOT R JOHNSON ETUX | AM F NA ETAL | 11/17/1949 | ND | 00408 | 22 | 355 | 95049 | 3237-Y5 | T6N RW9W<br>SEC 21 S2NW LIMITED TO THE STONEHILL FORMATION | | | 40.0000 | 250.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03239.00B | ALGOT R JOHNSON ETUX | AM F NA ETAL | 11/17/1949 | ND | 00408 | 22 | 355 | 95049 | 3216 | T6N RW9W<br>SEC 21 S2NW LIMITED TO THE STONEHILL FORMATION | | | | 250.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00A | HANKEL OLDHHILD ET UX | NORTHERN NEMO CORPORATION | 12/31/1999 | ND | 00408 | 378 | 22 | | 4307 | T6N RW9W<br>SEC 8 SE LESS AND EXCEPT THE BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.0000 | 80.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| NA | 10.03240.00A | THE ANSCHUTZ CORPORATION | EMPIRE OIL COMPANY | 5/28/1955 | ND | 00408 | 169 | 228 | 197124 | 4307 | T6N RW9W<br>SEC 8 SE LESS AND EXCEPT THE BAKKEN AND THREE FORKS FORMATIONS | | 160.0000 | 20.0000 | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00A | DUNCAN EXPLORATION COMPANY | DUNCAN EXPLORATION COMPANY | 6/17/1997 | ND | 00408 | 169 | 228 | 197124 | 3016 | T6N RW9W<br>SEC 8 NW | | 50.0000 | 50.0000 | 61.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00A | ISAKER NE SS | DUNCAN EXPLORATION COMPANY | 6/17/1997 | ND | 00408 | 169 | 228 | 197124 | 3014 | T6N RW9W<br>SEC 8 NW | | 800.0000 | 28.0000 | 3.0520 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00A | ISAKER NE SS | DUNCAN EXPLORATION COMPANY | 6/17/1997 | ND | 00408 | 169 | 230 | 197125 | 3014 | T6N RW9W<br>SEC 8 N2SE | | | 28.0000 | 3.0520 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00B | ORVILLE E NESS ETUX | DUNCAN EXPLORATION COMPANY | 6/26/1997 | ND | 00408 | 169 | 230 | 197125 | 3014 | T6N RW9W<br>SEC 8 N | | | 52.0000 | 5.0480 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00B | ORVILLE E NESS ETUX | DUNCAN EXPLORATION COMPANY | 6/26/1997 | ND | 00408 | 169 | 230 | 197125 | 3014 | T6N RW9W<br>SEC 8 NW | | | 26.0000 | 1.8190 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00C | AGRETT H NESS | DUNCAN EXPLORATION COMPANY | 6/17/1997 | ND | 00408 | 169 | 232 | 197126 | 3008 | T6N RW9W<br>SEC 8 NW | | 10.0000 | 10.0000 | 1.7440 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00C | AGRETT H NESS | DUNCAN EXPLORATION COMPANY | 6/17/1997 | ND | 00408 | 169 | 232 | 197126 | 3014 | T6N RW9W<br>SEC 8 NW | | 800.0000 | 8.0000 | 3.0720 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00C | WALTER E JOHNSON SR | NORTHERN NEMO CORPORATION | 1/25/1997 | ND | 00408 | 172 | 33 | 198608 | 3014 | T6N RW9W<br>SEC 8 N | | | 4.0000 | 4.0000 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00D | MARY J JAHN IHG | NORTHERN NEMO CORPORATION | 5/5/1998 | ND | 00408 | 179 | 468 | 206405 | 3014 | T6N RW9W<br>SEC 8 N2SE | | | 4.0000 | 0.4450 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00E | ANGEL L MANGINO ETUX | NORTHERN NEMO CORPORATION | 7/30/1998 | ND | 00408 | 180 | 500 | 209317 | 3014 | T6N RW9W<br>SEC 8 N2SE | | | 2.0000 | 0.4450 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00F | ROBERT E OLUNG GAU TRUST | NORTHERN NEMO CORPORATION | 8/6/1998 | ND | 00408 | 181 | 200 | 209568 | 3014 | T6N RW9W<br>SEC 8 N2SE | | | 2.0000 | 0.4450 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00G | ANNE NAHE BLOG ETHR | NORTHERN NEMO CORPORATION | 7/30/1998 | ND | 00408 | 182 | 612 | 209588 | 3014 | T6N RW9W<br>SEC 8 N2SE | | | 2.0000 | 0.4450 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03240.00H | JEAN YISS HUE MER | CONOCO INC | 1/7/1992 | ND | 00408 | 183 | 450 | 234710 | 3014 | T6N RW9W<br>SEC 8 N2SE | | | 2.0000 | 0.4450 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03241.00A | DAYID E MCAGGO ETAL | CONOCO INC | 1/7/1992 | ND | 00408 | 183 | 444 | 234700 | 4309 | T6N RW9W<br>SEC 8 LESS AND EXCEPT THE BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 1.5555 | 1.5555 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03242.00A | FEDERAL LAND BANK OF ST PA | DUNCAN EXPLORATION COMPANY | 6/28/1997 | ND | 00408 | 981 | | | 3014 | T6N RW9W<br>SEC 8 N2SE | | 80.0000 | 80.0000 | 5.1480 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03242.00B | OLAF V BERGER ET UX | DUNCAN EXPLORATION COMPANY | 6/26/1997 | ND | 00408 | 168 | 54 | | 3014 | T6N RW9W<br>SEC 8 N2SE | | 70.0000 | 70.0000 | 4.5100 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03242.00C | NELS ALDSEN ET UX | DUNCAN EXPLORATION COMPANY | 6/26/1997 | ND | 00408 | 168 | 56 | | 3014 | T6N RW9W<br>SEC 8 N2SE | | 160.0000 | 10.0000 | 6.4360 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03243.00A | W D CROWN ROYALTIES LLC | BTA OIL PRODUCERS LLC | 8/1/2000 | ND | 00408 | 272 | 929 | | 4110-Y3 | T6N RW9W<br>SEC 8 N2 ALL TO THE STONEHILM AND THE ZONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE | N | | 40.0000 | 60.0000 | T6N RW9W<br>SEC 8 ALL TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.03234.00A | BECKSTROM ROYALTIES LLC | BTA OIL PRODUCERS LLC | 8/1/2009 | ND | DIVIDE | 272 | 529 | | 4111-V2 | T163N R95W SEC 24: NE | | | 80.0000 | 100.0000 | T163N R95W SEC 24: NE, AS TO AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION. THREE FORKS FORMATION |
| FEE | 10.03234.00B | OMAR HANSEN ET UX | SEQUEL ENERGY LLC | 10/26/2012 | ND | DIVIDE | 342 | 102 | 267119 | 4110 | T163N R95W SEC 24: NE, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 3.0000 | 3.0000 | LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03234.00C | LAVERNEGE OIL INC | SEQUEL ENERGY LLC | 9/26/2012 | ND | DIVIDE | 343 | 695 | 267730 | 4110 | T163N R95W SEC 24: NE, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 160.0000 | 17.0000 | 17.0000 | LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03234.00D | RITA MOOD | SEQUEL ENERGY LLC | 7/1/2010 | ND | DIVIDE | 306 | 456 | | 4110 | T163N R95W SEC 24: NE, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 0.4286 | 0.3375 | LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| NA | 10.03234.00D | ALEXINA M MCCULLOUGH | SEQUEL ENERGY LLC | 7/1/2010 | ND | DIVIDE | 306 | 457 | | 4110 | T163N R95W SEC 24: NE, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | 0.0000 | 0.4286 | 0.3375 | LESS AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03234.00A | RICHARD J STEVENSON | NORTHERN NENEO CORPORATION | 11/30/1950 | ND | DIVIDE | 185 | 652 | 206388 | 10P-V1 | T164N R95W SEC 19: NW, LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 15.3333 | 10.0000 | T164N R95W SEC 19: NW, LIMITED FROM THE SURFACE TO 11,265' (100' BELOW THE PRODUCING STONEVIEW FORMATION), LESS AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00A | RICHARD J STEVENSON | NORTHERN NENEO CORPORATION | 11/30/1950 | ND | DIVIDE | 185 | 652 | 206388 | 10P-V1 | T164N R95W SEC 19: NW | | 160.0000 | 13.3333 | 13.3480 | LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00A | RICHARD J STEVENSON | NORTHERN NENEO CORPORATION | 11/30/1950 | ND | DIVIDE | 185 | 652 | 206388 | 10P7 | T164N R95W SEC 24: NW | | | | | LIMITED FROM THE SURFACE TO 11,265' (100' BELOW THE PRODUCING STONEVIEW FORMATION), LESS AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00B | MICHAEL MARREGAARD MOORE | NORTHERN NENEO CORPORATION | 11/30/1950 | ND | DIVIDE | 185 | 654 | 206390 | 10P-V1 | T164N R95W SEC 19: NW, LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 13.3333 | 10.0000 | T164N R95W SEC 19: NW, LIMITED FROM THE SURFACE TO 11,265' (100' BELOW THE PRODUCING STONEVIEW FORMATION), LESS AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00B | MICHAEL MARREGAARD MOORE | NORTHERN NENEO CORPORATION | 11/30/1950 | ND | DIVIDE | 185 | 654 | 206390 | 10P7 | T164N R95W SEC 24: NW | | 160.0000 | 13.3333 | 13.3480 | LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00C | STEPHEN SCOTT MOORE ESTATE | NORTHERN NENEO CORPORATION | 11/30/1950 | ND | DIVIDE | 185 | 654 | 206390 | 10P-V1 | T164N R95W SEC 19: NW, LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 13.3333 | 10.0000 | T164N R95W SEC 19: NW, LIMITED FROM THE SURFACE TO 11,265' (100' BELOW THE PRODUCING STONEVIEW FORMATION), LESS AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00C | STEPHEN SCOTT MOORE ESTATE | NORTHERN NENEO CORPORATION | 11/30/1950 | ND | DIVIDE | 187 | 133 | 207139 | 10P7 | T164N R95W SEC 24: NW | | 160.0000 | 13.3333 | 13.3480 | LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00C | LAVERNEGE COLL INC | NORTHERN NENEO CORPORATION | 6/25/1950 | ND | DIVIDE | 187 | 133 | 207139 | 10P-V1 | T164N R95W SEC 19: NW, LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 10.0000 | 10.0000 | T164N R95W SEC 19: NW, LIMITED FROM THE SURFACE TO 11,265' (100' BELOW THE PRODUCING STONEVIEW FORMATION), LESS AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00D | LAVERNEGE COLL INC | NORTHERN NENEO CORPORATION | 6/25/1950 | ND | DIVIDE | 187 | 133 | 207139 | 10P7 | T164N R95W SEC 24: NW | | 160.0000 | 10.0000 | 10.0000 | LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00D | THI COUNTY ROYALTY COMPANY | NORTHERN NENEO CORPORATION | 12/23/1949 | ND | DIVIDE | 178 | 28 | 199681 | 10P-V1 | T164N R95W SEC 19: NW, LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 3.0000 | 3.7500 | T164N R95W SEC 19: NW, LIMITED FROM THE SURFACE TO 11,265' (100' BELOW THE PRODUCING STONEVIEW FORMATION), LESS AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00E | THI COUNTY ROYALTY COMPANY | NORTHERN NENEO CORPORATION | 12/23/1949 | ND | DIVIDE | 178 | 28 | 199681 | 10P7 | T164N R95W SEC 24: NW | | 160.0000 | 3.0000 | 3.7500 | LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00F | LEONARD W OLSON ET UX | NORTHERN NENEO CORPORATION | 12/23/1949 | ND | DIVIDE | 178 | 28 | 199662 | 10P-V1 | T164N R95W SEC 19: NW, LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 3.0000 | 3.7500 | T164N R95W SEC 19: NW, LIMITED FROM THE SURFACE TO 11,265' (100' BELOW THE PRODUCING STONEVIEW FORMATION), LESS AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00F | LEONARD W OLSON ET UX | NORTHERN NENEO CORPORATION | 12/23/1949 | ND | DIVIDE | 178 | 28 | 199662 | 10P7 | T164N R95W SEC 24: NW | | 160.0000 | 1.0000 | 1.0000 | LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |
| FEE | 10.03234.00F | SHIRIN L HANSON ET UX | NORTHERN NENEO CORPORATION | 12/23/1949 | ND | DIVIDE | 178 | 28 | 199655 | 10P-V1 | T164N R95W SEC 19: NW, LIMITED TO THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 60.0000 | 45.0000 | T164N R95W SEC 19: NW, LIMITED FROM THE SURFACE TO 11,265' (100' BELOW THE PRODUCING STONEVIEW FORMATION), LESS AND EXCEPT THE STONEVIEW BAKKEN POOL DEFINED AS SO ABOVE THE TOP OF THE BAKKEN FORMATION TO SO BELOW THE TOP OF THE THREE FORKS FORMATION |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | NET PER | ENCUMB NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

*(Full tabular lease data — rotated landscape table; individual cell values not legibly resolvable.)*

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| STATE | 10.01179.000 | ST R&O SB-O-7-90082 | HARMT (F RE-NI) | 9/25/2017 | ND | DIVIDE | 41 | 363 | 115332 | 3229 | T160N R99N SEC 35, NDHW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 160.0000 | 160.0000 | 160.0000 | SEC 36, NDHW SEC 35, SDSW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS DEPTHS BELOW THE MADISON FORMATION, SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.004 | OLAF M COHEN ET UX | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 311 | 142247 | 4213 | T160N R99N SEC 13, SEHW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 4.9750 | 1.4821 | T160N R99N SEC 24, E2SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.004 | OLAF M COHEN ET UX | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 311 | 142247 | 4214 | T160N R99N SEC 24, W NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 9.9500 | 6.9500 | T160N R99N SEC 13, SEHW SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.004 | OLAF M COHEN ET UX | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 311 | 142247 | 4218 | T160N R99N SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 19.9000 | 13.9100 | T160N R99N SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.008 | BELA GOHEN HAUKDAHL ET | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 309 | 142246 | 4213 | T160N R99N SEC 13, SEHW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 4.9750 | 1.4821 | T160N R99N SEC 24, E2SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.008 | BELA GOHEN HAUKDAHL ET | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 309 | 142246 | 4214 | T160N R99N SEC 24, W NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 9.9500 | 6.9500 | T160N R99N SEC 13, SEHW SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.008 | BELA GOHEN HAUKDAHL ET | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 309 | 142246 | 4218 | T160N R99N SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 19.9000 | 13.9100 | T160N R99N SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00C | LESTER E GOHEN ET UX | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 313 | 142248 | 4213 | T160N R99N SEC 13, SEHW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 4.9750 | 1.4821 | T160N R99N SEC 24, E2SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00C | LESTER E GOHEN ET UX | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 313 | 142248 | 4214 | T160N R99N SEC 24, W NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 9.9500 | 6.9500 | T160N R99N SEC 13, SEHW SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00C | LESTER E GOHEN ET UX | TRI NO CORPORATION | 8/29/2016 | ND | DIVIDE | 87 | 313 | 142248 | 4218 | T160N R99N SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 19.9000 | 13.9100 | T160N R99N SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00D | RAYMOND GOHEN ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 400 | 142315 | 4213 | T160N R99N SEC 13, SEHW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 4.9750 | 1.4821 | T160N R99N SEC 24, E2SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00D | RAYMOND GOHEN ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 400 | 142315 | 4214 | T160N R99N SEC 24, W NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 9.9500 | 6.9500 | T160N R99N SEC 13, SEHW SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00D | RAYMOND GOHEN ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 400 | 142315 | 4218 | T160N R99N SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 19.9000 | 13.9100 | T160N R99N SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00E | GLEN GOHEN CARLTON ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 411 | 142319 | 4213 | T160N R99N SEC 13, SEHW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 4.9750 | 1.4821 | T160N R99N SEC 24, E2SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00E | GLEN GOHEN CARLTON ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 411 | 142319 | 4214 | T160N R99N SEC 24, W NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 9.9500 | 6.9500 | T160N R99N SEC 13, SEHW SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00E | GLEN GOHEN CARLTON ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 411 | 142319 | 4218 | T160N R99N SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 19.9000 | 13.9100 | T160N R99N SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00F | WILLIS GOHEN ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 481 | 142498 | 4213 | T160N R99N SEC 13, SEHW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 4.9750 | 1.4821 | T160N R99N SEC 24, E2SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00F | WILLIS GOHEN ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 481 | 142498 | 4214 | T160N R99N SEC 24, W NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 9.9500 | 6.9500 | T160N R99N SEC 13, SEHW SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00F | WILLIS GOHEN ET UX | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 481 | 142498 | 4218 | T160N R99N SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 19.9000 | 13.9100 | T160N R99N SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00G | MARGARET LOHEN ET AL | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 513 | 142515 | 4213 | T160N R99N SEC 13, SEHW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 4.9750 | 1.4821 | T160N R99N SEC 24, E2SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00G | MARGARET LOHEN ET AL | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 513 | 142515 | 4214 | T160N R99N SEC 24, W NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 9.9500 | 6.9500 | T160N R99N SEC 13, SEHW SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10.03175.00G | MARGARET LOHEN ET AL | TRI NO CORPORATION | 8/30/2016 | ND | DIVIDE | 87 | 513 | 142515 | 4218 | T160N R99N SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | * | 0.0000 | 19.9000 | 13.9100 | T160N R99N SEC 24, E2NW SEC 24, NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10-03175-000H | EDWIN JOHEN ET UX | TRENIO CORPORATION | 8/30/1974 | ND | DIVIDE | 87 | 419 | 145184 | 4113 | T158N R94W SEC 1 S1/2NWNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 0.0000 | 4.9750 | 3.6820 | T158N R94W SEC 1 S1/2NE SEC 1 S2NW SEC 2E NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03175-000H | EDWIN JOHEN ET UX | TRENIO CORPORATION | 8/30/1974 | ND | DIVIDE | 87 | 419 | 145184 | 4114 | T158N R94W SEC 1 E NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 80.0000 | 9.9500 | 6.9500 | T158N R94W SEC 1 S1/2NE SEC 1 S2NW SEC 2E NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03175-000H | EDWIN JOHEN ET UX | TRENIO CORPORATION | 8/30/1974 | ND | DIVIDE | 87 | 419 | 145184 | 4115 | T158N R94W SEC 2 W NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 0.0000 | 19.9000 | 13.9200 | T158N R94W SEC 1 S1/2NE SEC 1 S2NW SEC 2E NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03175-008 | ALLAN C HOWARD ET UX | TRENIO CORPORATION | 8/30/1974 | ND | DIVIDE | 182 | 623 |  | 4113 | T158N R94W SEC 1 N NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 40.0000 | 0.2000 | 0.1400 | T158N R94W SEC 1 N1/2NW SEC 2N NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03175-008 | ALLAN C HOWARD ET UX | TRENIO CORPORATION | 8/30/1974 | ND | DIVIDE | 182 | 623 |  | 4114 | T158N R94W SEC 2 N NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | 9 | 160.0000 | 0.8000 | 0.6400 | T158N R94W SEC 1 N1/2NW SEC 2N NW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03176-000 | ALOHA MINE MOORE ET UX | TRENIO CORPORATION | 10/2/1974 | ND | DIVIDE | 81 | 61 |  | 4115 | T158N R94W SEC 2E NE | 9 | 160.0000 | 160.0000 | 120.0000 | T158N R94W SEC 2E NE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03177-00H | MILTON S MOGARD ET UX | H I HUNT | 5/9/1972 | ND | DIVIDE | 103 | 142166 |  | 4116 | T158N R94W SEC 2E SE | 9 | 0.0000 | 140.0000 | 140.0000 | T158N R94W SEC 2E SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03177-00H | LEONARD F MOLSON ET UX | H I HUNT | 5/25/1972 | ND | DIVIDE | 103 | 145476 |  | 4116 | T158N R94W SEC 2E SE | 9 | 0.0000 | 17.0000 | 17.0000 | T158N R94W SEC 2E SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03177-00H | JOHN E CONDIE ET UX | H I HUNT | 9/16/1974 | ND | DIVIDE | 87 | 539 | 145117 |  | T158N R94W SEC 2E SE | 9 | 160.0000 | 3.0000 | 3.0000 | T158N R94W SEC 2E SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03178-00A | ARTHUR C CATHE ETUX | THE SUPERIOR OIL COMPANY | 6/5/1980 | ND | DIVIDE | 116 | 110185 |  | 3270 | T158N R94W SEC 2E SE | 9 | 160.0000 | 160.0000 | 160.0000 | T158N R94W SEC 2E SE SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03178-00K | DAVE HANSEN | CLARK CRAWFORD | 10/16/1971 | ND | DIVIDE | 79 | 137 | 140295 | 4140 | T158N R94W SEC 2E SW | 9 | 0.0000 | 10.0000 | 8.0000 | T158N R94W SEC 2E SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03178-00K | THELMA E HANSEN | CLARK CRAWFORD | 9/29/1971 | ND | DIVIDE | 79 | 135 | 140294 | 4140 | T158N R94W SEC 2E SW | 9 | 160.0000 | 10.0000 | 8.0000 | T158N R94W SEC 2E SW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03179-00C | QUNER VATNE ET UX | CLARK CRAWFORD | 9/13/1971 | ND | DIVIDE | 78 | 139971 |  | 4128 | T158N R94W SEC 2E SW | 9 | 0.0000 | 46.9867 | 0.0000 | T158N R94W SEC 30 LOTS 1(39.69 AC), 2(39.54 AC), EZNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03179-00C | QUNER VATNE ET UX | CLARK CRAWFORD | 9/13/1971 | ND | DIVIDE | 78 | 139971 |  | 4140 | T158N R94W SEC 2E SW | 9 | 0.0000 | 46.9867 | 37.3333 | T158N R94W SEC 30 LOTS 1(39.69 AC), 2(39.54 AC), EZNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03179-00D | HELEN A SMITH | CLARK CRAWFORD | 10/8/1971 | ND | DIVIDE | 577 | 145147 |  | 4128 | T158N R94W SEC 30 LOT 1 (39.69 AC), LOT 2 (39.54 AC), EZNW | 9 | 0.0000 | 46.9867 | 30.3333 | T158N R94W SEC 30 LOTS 1(39.69 AC), 2(39.54 AC), EZNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03179-00D | HELEN A SMITH | CLARK CRAWFORD | 10/8/1971 | ND | DIVIDE | 577 | 145147 |  | 4140 | T158N R94W SEC 2E SW | 9 | 0.0000 | 46.9867 | 37.3333 | T158N R94W SEC 30 LOTS 1(39.69 AC), 2(39.54 AC), EZNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03179-00D | HELEN A SMITH | CLARK CRAWFORD | 10/8/1971 | ND | DIVIDE | 577 | 145147 |  | 4143 | T158N R94W SEC 2E SW | 9 | 0.0000 | 43.3333 | 30.3333 | T158N R94W SEC 30 LOTS 1(39.69 AC), 2(39.54 AC), EZNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03179-00C | ARTHUR C VATNE | CLARK CRAWFORD | 11/1/1971 | ND | DIVIDE | 79 | 267 | 140628 |  | T158N R94W SEC 30 LOT 1 (39.69 AC), LOT 2 (39.54 AC), EZNW | 9 | 140.0000 | 46.9867 | 0.0000 | T158N R94W SEC 30 LOTS 1(39.69 AC), 2(39.54 AC), EZNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03179-00C | ARTHUR C VATNE | CLARK CRAWFORD | 11/1/1971 | ND | DIVIDE | 79 | 267 | 140628 |  | T158N R94W SEC 2E SW | 9 | 0.0000 | 46.9867 | 37.3333 | T158N R94W SEC 30 LOTS 1(39.69 AC), 2(39.54 AC), EZNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 10-03179-00C | ARTHUR C VATNE | CLARK CRAWFORD | 11/1/1971 | ND | DIVIDE | 79 | 267 | 140628 |  | T158N R94W SEC 2E SW | 9 | 0.0000 | 43.3333 | 30.3333 | T158N R94W SEC 30 LOTS 1(39.69 AC), 2(39.54 AC), EZNW SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| GR | 10-03196-00A | MARY MICHOLT | EMPIRE OIL COMPANY | 7/1/2030 | ND | DIVIDE | 106 | 461 |  | 4115 | T158N R93W | 9 | 0.0000 | 0.4289 | 0.4289 | T158N R93W |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A

LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**EXHIBIT A**
**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | | | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01313.00B | HASS FARM LAND TRUST | CONTEX ENERGY COMPANY | 5/10/1996 | ND | BURKE | 247 | 607 | 189708 | 4179 | T163N-R90W<br>SEC 13: SE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 80.0000 | 80.0000 | T163N-R90W<br>SEC 13: SE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01313.00C | RICK HOMISTON | CONTEX ENERGY COMPANY | 5/13/1996 | ND | BURKE | 247 | 611 | 189710 | 4179 | T163N-R90W<br>SEC 13: SE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 40.0000 | 40.0000 | T163N-R90W<br>SEC 13: SE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01314.00A | LEONARD E JORGENSON TRUST | CONTEX ENERGY COMPANY | 6/5/1996 | ND | BURKE | 247 | 616 | 189712 | 4180 | T163N-R90W<br>SEC 13: SW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | 160.0000 | T163N-R90W<br>SEC 14: A 1.02 ACRE TRACT IN THE SE AS DESCRIBED IN BOOK 88, PAGE 68<br>SEC 13: SW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01314.00A | LEONARD E JORGENSON TRUST | CONTEX ENERGY COMPANY | 6/5/1996 | ND | BURKE | 247 | 616 | 189712 | 4181 | T163N-R90W<br>SEC 14: A 1.02 ACRE TRACT IN THE SE AS DESCRIBED IN BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 1.0200 | 1.0200 | 1.0200 | T163N-R90W<br>SEC 14: A 1.02 ACRE TRACT IN THE SE AS DESCRIBED IN BOOK 88, PAGE 68<br>SEC 13: SW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01315.000 | KERMIT JORGENSON TRUST | CONTEX ENERGY COMPANY | 6/5/1996 | ND | BURKE | 247 | 618 | 189713 | 4182 | T163N-R90W<br>SEC 14: NE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | 160.0000 | T163N-R90W<br>SEC 14: NE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01316.000 | LUCILE E BOTTON ET AL | CONTEX ENERGY COMPANY | 5/15/1996 | ND | BURKE | 247 | 622 | 189715 | 4183 | T163N-R90W<br>SEC 14: NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | 160.0000 | T163N-R90W<br>SEC 14: NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01317.00A | GREG JORGENSEN | CONTEX ENERGY COMPANY | 6/12/1996 | ND | BURKE | 247 | 851 | 189929 | 4184 | T163N-R90W<br>SEC 14: SE, LESS A 1.02 ACRE TRACT AS DESCRIBED AT BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 26.5020 | 26.5020 | T163N-R90W<br>SEC 14: SE, LESS A 1.02 ACRE TRACT AS DESCRIBED AT BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01317.00B | JOHN P JORGENSEN BY AIF | CONTEX ENERGY COMPANY | 6/5/1996 | ND | BURKE | 247 | 857 | 189932 | 4184 | T163N-R90W<br>SEC 14: SE, LESS A 1.02 ACRE TRACT AS DESCRIBED AT BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 79.4900 | 79.4900 | T163N-R90W<br>SEC 14: SE, LESS A 1.02 ACRE TRACT AS DESCRIBED AT BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01317.00C | NANETTE MRAZIK ET VIR | CONTEX ENERGY COMPANY | 6/12/1996 | ND | BURKE | 247 | 853 | 189930 | 4184 | T163N-R90W<br>SEC 14: SE, LESS A 1.02 ACRE TRACT AS DESCRIBED AT BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 26.5020 | 26.5020 | T163N-R90W<br>SEC 14: SE, LESS A 1.02 ACRE TRACT AS DESCRIBED AT BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01317.00D | SHARI JORGENSEN | CONTEX ENERGY COMPANY | 6/12/1996 | ND | BURKE | 247 | 855 | 189931 | 4184 | T163N-R90W<br>SEC 14: SE, LESS A 1.02 ACRE TRACT AS DESCRIBED AT BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 158.9800 | 26.5020 | 26.5020 | T163N-R90W<br>SEC 14: SE, LESS A 1.02 ACRE TRACT AS DESCRIBED AT BOOK 88, PAGE 68<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01318.000 | LUCILE E BOTTON ET AL | CONTEX ENERGY COMPANY | 5/15/1996 | ND | BURKE | 247 | 620 | 189714 | 4185 | T163N-R90W<br>SEC 14: SW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 160.0000 | 160.0000 | T163N-R90W<br>SEC 14: SW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01319.000 | MERWYN LARSEN ET UX | BURLINGTON RESOURCES OIL GAS COMPANY | 4/22/1998 | ND | BURKE | 258 | 260 | 195173 | 4189 | T163N-R90W<br>SEC 21: Sec. 21: A 7.00 ACRE TRACT OF LAND MORE PARTICULARLY DESCRIBED AS<br>BEING A LOT, LOCATED FROM THE SOUTHEAST CORNER OF THE SE 760 FEET<br>NORTH, THENCE 685 FEET WEST, THENCE 450 FEET NORTH, THENCE 685<br>FEET EAST,THENCE 450 FEET SOUTH TO THE POINT OF BEGINNING<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 7.0000 | 7.0000 | 7.0000 | T163N-R90W<br>SEC 21: A 7.00 ACRE TRACT OF LAND MORE PARTICULARLY DESCRIBED AS BEING A<br>LOT, LOCATED FROM THE SOUTHEAST CORNER OF THE SE 760 FEET NORTH,<br>THENCE 685 FEET WEST, THENCE 450 FEET NORTH, THENCE 685 FEET<br>EAST,THENCE 450 FEET SOUTH TO THE POINT OF BEGINNING<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01320.00A | REUBEN J LARSEN TRUST | THE DUBLIN COMPANY | 5/3/1997 | ND | BURKE | 252 | 758 | 192375 | 4187 | T163N-R90W<br>SEC 21: NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 40.0000 | 40.0000 | T163N-R90W<br>SEC 21: NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01320.00B | SIGNA M LARSEN BY AIF | THE DUBLIN COMPANY | 5/3/1997 | ND | BURKE | 252 | 760 | 192376 | 4187 | T163N-R90W<br>SEC 21: NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 40.0000 | 40.0000 | T163N-R90W<br>SEC 21: NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01320.00C | JOSEPH M HAAS ET AL | BURLINGTON RESOURCES OIL GAS COMPANY | 5/6/1998 | ND | BURKE | 258 | 582 | 195416 | 4187 | T163N-R90W<br>SEC 21: NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 160.0000 | 80.0000 | 80.0000 | T163N-R90W<br>SEC 21: NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01321.000 | DALE GANSKOP ET UX | CONTEX ENERGY COMPANY | 1/24/1997 | ND | BURKE | 249 | 47 | 190694 | 4188 | T163N-R90W<br>SEC 21: SE LESS A 7.0 ACRE TRACT OF LAND DESCRIBED AS FOLLOWS, TO-WIT: A<br>LOT LOCATED FROM THE SE CORNER OF THE SE OF SECTION 21-163-90, 760<br>FT. N, 685 FT. W, 450 FT. N.,685 FT. E AND 450 FT. S, ABOUT 7<br>ACRES MORE OR LESS<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 153.0000 | 153.0000 | 153.0000 | T163N-R90W<br>SEC 21: SE LESS A 7.0 ACRE TRACT OF LAND DESCRIBED AS FOLLOWS, TO-WIT: A<br>LOT LOCATED FROM THE SE CORNER OF THE SE OF SECTION 21-163N-90W,<br>760 FT. N, 685 FT. W, 450 FT. N.,685 FT. E AND 450 FT. S, ABOUT 7<br>ACRES MORE OR LESS<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01322.000 | BERT L WILSON JR ET UX | DIAMOND RESOURCES INC | 5/25/1997 | ND | BURKE | 254 | 111 | 193013 | 4190 | T164N-R90W<br>SEC 32: ALL<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 640.0000 | 640.0000 | 592.0000 | T164N-R90W<br>SEC 29: LOTS 1-4<br>SEC 32: ALL<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01322.000 | BERT L WILSON JR ET UX | DIAMOND RESOURCES INC | 5/25/1997 | ND | BURKE | 254 | 111 | 193013 | 4365 | T164N-R90W<br>SEC 29: LOTS 1, 2, 3, 4 | Y | 143.5200 | 143.5200 | 132.7560 | T164N-R90W<br>SEC 29: LOTS 1-4<br>SEC 32: ALL<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 33.01359.000 | ST OF ND PER 03747A | BERCO RESOURCES LLC | 10/22/1984 | ND | WILLIAMS | | | 591279 | 4238 | T158N-R95W<br>Sec 21: NE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 160.0000 | 160.0000 | 160.0000 | T158N R95W<br>SEC 21: NE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 33.01372.000 | ST ND PER 4175 | BERCO RESOURCES LLC | 7/19/2000 | ND | WILLIAMS | | | | 4233 | T158N-R95W<br>Sec 16: SESE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 40.0000 | 40.0000 | 40.0000 | T158N R95W<br>SEC 16: SESE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 33.01468.000 | BLM NDM31002 | BJ BRADSHAW | 3/1/1975 | ND | MCKENZIE | | | | 3355 | T146N-R102W<br>SEC 6: LOTS 1-6, S2NE, SENW, NESW, N2SE<br><br>OPERATING RIGHTS FROM SURFACE TO A TOTAL DEPTH OF 13,334' | Y | 470.8000 | 470.8000 | 470.8000 | T146N-R102W<br>SEC 6: LOTS 1-6, S2NE, SENW, NESW, N2SE<br><br>OPERATING RIGHTS FROM SURFACE TO A TOTAL DEPTH OF 13,334' |
| FED | 33.01468.000 | BLM NDM31002 | BJ BRADSHAW | 3/1/1975 | ND | MCKENZIE | | | | 3356 | TRACT SET UP TO BILL MR PAYMENT FOR LEASE NDM 31002 | N | | 0.0000 | 0.0000 | T146N-R102W<br>SEC 6: LOTS 1-6, S2NE, SENW, NESW, N2SE<br><br>OPERATING RIGHTS FROM SURFACE TO A TOTAL DEPTH OF 13,334' |
| FEE | 33.01469.000 | THORLIEF DRANGSHOLT ET UX | WARREN PETROLEUM CORPORATION | 10/9/1952 | ND | BOTTINEAU | 38 | 456 | 185062 | 4149 | T163N-R83W<br>SEC 26: E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.0000 | 0.0000 | COMPANY OWNED ORRI ONLY<br>T163N-R83W<br>SEC 26: E2NW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01470.000 | ARTHUR C NELSON ET AL | GULF OIL CORPORATION | 3/24/1954 | ND | BOTTINEAU | 47 | 301 | 189524 | 4148 | T163N-R83W<br>SEC 23: SE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | N | 0.0000 | 0.0000 | 0.0000 | COMPANY ORRI ONLY<br>T163N-R83W<br>SEC 23: SE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| STATE | 33.01475.000 | STATE OF NORTH DAKOTA | BERCO RESOURCES INC | 6/29/1995 | ND | DIVIDE | | | | 4147 | T161N-R98W<br>SEC 36: NWNE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 0.0000 | 0.0000 | 0.0000 | T161N-R98W<br>SEC 36: NWNE<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01477.000 | MARTIN NYGAARD ET UX | CLARK CRAWFORD | 6/27/1976 | ND | BOWMAN | 16 | 399 | 98009 | 3743 | T129N-R103W<br>SEC 5: LOT 3 (40.46, NENW), LOT 4 (40.48, NWNW), S2NW, SW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 320.9400 | 320.9400 | 56.1645 | T129N-R103W<br>SEC 5: LOTS 3(40.46, NENW), 4(40.48, NWNW), S2NW, SW<br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 33.01479.000 | BLM NDM91180 | TRUE OIL COMPANY | 9/1/2001 | ND | MCKENZIE | | | | 3498 | T148N-R100W<br>SEC 30: LOTS 3, 4<br><br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 47.0000 | 47.0000 | 22.3250 | T148N-R100W<br>SEC 30: LOTS 3, 4<br><br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FED | 33.01480.000 | BLM NDM91178 | TRUE OIL COMPANY | 9/1/2001 | ND | MCKENZIE | | | | 3499 | T148N-R100W<br>SEC 30: LOTS 1, 2<br><br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | 46.6000 | 46.6000 | 22.1350 | T148N-R100W<br>SEC 30: LOTS 1, 2<br><br>SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| FEE | 33.01629.00A | ALBERTA ANDERSON ET AL | SIMCOX OIL COMPANY | 6/16/1959 | ND | BURKE | 41 | 526 | 96115 | 30027 | T163N-R90W<br>SEC 29: SENW | Y | 40.0000 | 40.0000 | 39.5040 | T163N-R90W<br>SEC 29: W2 LESS 3 ACRES IN THE NENW |
| FEE | 33.01629.00A | ALBERTA ANDERSON ET AL | SIMCOX OIL COMPANY | 6/16/1959 | ND | BURKE | 41 | 526 | 96115 | 30028 | T163N-R90W<br>SEC 29: E2SW | Y | 80.0000 | 20.0000 | 19.7520 | T163N-R90W<br>SEC 29: W2 LESS 3 ACRES IN THE NENW |
| FEE | 33.01629.00A | ALBERTA ANDERSON ET AL | SIMCOX OIL COMPANY | 6/16/1959 | ND | BURKE | 41 | 526 | 96115 | 30029 | T163N-R90W<br>SEC 29: NENW LESS 3 ACRES, W2NW | Y | 117.0000 | 117.0000 | 115.5493 | T163N-R90W<br>SEC 29: W2 LESS 3 ACRES IN THE NENW |

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.016125.00A | ALBERTA ANDERSON ET AL | SINCOR OIL COMPANY | 6/24/1930 | ND | BURKE | 51 | 528 | 96115 | 606-06 | T163N W90W SEC 29 E2SW | Y | | 20.0000 | 19.7520 | T163N W90W SEC 29 E2SW & ADDS IN THE NE/NW |
| FEE | 10.016125.00B | GRANT FUKRA ROYALTY CORP | SINCOR OIL COMPANY | 6/24/1930 | ND | BURKE | 51 | 304 | 100438 | 606-06 | T163N W90W SEC 29 E2SW | Y | 0.0000 | 20.0000 | 19.7520 | T163N W90W SEC 29 SW |
| FEE | 10.016125.00B | GRANT FUKRA ROYALTY CORP | SINCOR OIL COMPANY | 6/24/1930 | ND | BURKE | 51 | 122 | 100136 | 606-06 | T163N W90W SEC 29 W2SW | Y | 0.0000 | 20.0000 | 19.7520 | T163N W90W SEC 29 SW |
| FEE | 10.016125.00C | HENRY M GAMSER ET UX | SINCOR OIL COMPANY | 7/9/1930 | ND | BURKE | 51 | 122 | 100136 | 606-06 | T163N W90W SEC 29 E2SW | Y | 0.0000 | 20.0000 | 19.7520 | T163N W90W SEC 29 SW |
| FEE | 10.016125.00C | HENRY M GAMSER ET UX | SINCOR OIL COMPANY | 7/9/1930 | ND | BURKE | 51 | 259 | 96956 | 606-06 | T163N W90W SEC 29 E2SW | Y | 0.0000 | 20.0000 | 19.7520 | T163N W90W SEC 29 SW |
| FEE | 10.016125.00D | URBRIDGE OIL INC | MIDLAND OIL & ROYALTY CORPORATION | 10/7/1930 | ND | BURKE | 47 | 259 | 96956 | 606-06 | T163N W90W SEC 29 SW | Y | 0.0000 | 20.0000 | 19.7520 | T163N W90W SEC 29 SW |
| FEE | 10.016125.00D | URBRIDGE OIL INC | MIDLAND OIL & ROYALTY CORPORATION | 10/7/1930 | ND | BURKE | 47 | 445 | 102736 | 606-06 | T163N W90W SEC 29 SW | Y | 800.000 | 20.0000 | 20.0000 | T163N W90W SEC 29 SW |
| FEE | 10.016125.00A | ALEXANDER T MACHNON ET UX | C W HUGHES | 10/16/1930 | ND | RENVILLE | 99 | 445 | 102736 | 606-06 | T163N W80W SEC 29 W2NW | Y | 800.000 | 20.0000 | 20.0000 | T163N W80W SEC 29 NW |
| FEE | 10.016125.00B | ALEXANDER T MACHNON ET UX | C W HUGHES | 10/16/1930 | ND | RENVILLE | 99 | 447 | 102737 | 606-06 | T163N W80W SEC 29 W2NW | Y | 0.0000 | 20.0000 | 20.0000 | T163N W80W SEC 29 NW |
| FEE | 10.016125.00B | C G LORLE ET UX | C W HUGHES | 10/16/1930 | ND | RENVILLE | 99 | 447 | 102737 | 606-06 | T163N W80W SEC 29 NW | Y | 0.0000 | 20.0000 | 20.0000 | T163N W80W SEC 29 NW |
| FEE | 10.016125.00B | C G LORLE ET UX | C W HUGHES | 10/16/1930 | ND | RENVILLE | 99 | 447 | 102737 | 606-06 | T163N W80W SEC 29 NW | Y | 0.0000 | 20.0000 | 20.0000 | T163N W80W SEC 29 NW |
| FEE | 10.016125.00B | C G LORLE ET UX | C W HUGHES | 10/16/1930 | ND | RENVILLE | 99 | 445 | 102715 | 606-06 | T163N W80W SEC 29 NW | Y | 0.0000 | 20.0000 | 20.0000 | T163N W80W SEC 29 NW |
| STATE | 10.016.90.00C | STATE OF NORTH DAKOTA | C W HUGHES | 12/10/1946 | ND | RENVILLE | 99 | 445 | 102715 | 606-06 | T163N W80W SEC 21 E2NW | Y | 0.0000 | 40.0000 | 40.0000 | T163N W80W SEC 29 NW |
| STATE | 10.016.90.00C | STATE OF NORTH DAKOTA | C W HUGHES | 12/10/1946 | ND | RENVILLE | 99 | 445 | 102715 | 606-06 | T163N W80W SEC 21 E2NW | Y | 0.0000 | 40.0000 | 40.0000 | T163N W80W SEC 29 NW |
| FEE | 10.016.90.00A | ALICE E KENNEDY | EMPIRE OIL COMPANY | 2/21/2005 | ND | RENVILLE | 280 | 234 | 180640 | 606-96 | T163N W84W SEC 21 E2NW | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95) |
| FEE | 10.016.90.00A | ALICE E KENNEDY | EMPIRE OIL COMPANY | 2/21/2005 | ND | RENVILLE | 280 | 234 | 180640 | 606-96 | T163N W84W SEC 21 E2NW | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | ALICE E KENNEDY | EMPIRE OIL COMPANY | 2/21/2005 | ND | RENVILLE | 277 | 605 | 179419 | 606-96 | T163N W84W SEC 6 SWNE | Y | 410.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | ALICE E HARRISON | EMPIRE OIL COMPANY | 2/21/2005 | ND | RENVILLE | 277 | 605 | 179419 | 606-96 | T163N W84W SEC 6 SWNE | Y | 794.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | ALICE E HARRISON | EMPIRE OIL COMPANY | 2/21/2005 | ND | RENVILLE | 277 | 605 | 179419 | 606-96 | T163N W84W SEC 6 SWNE | Y | 410.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | ALICE E HARRISON | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 277 | 12 | 178710 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | ALLAN D SANTOAG | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 277 | 14 | 178710 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | ALLAN D SANTOAG | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 277 | 14 | 178710 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | ALLAN D SANTOAG | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 277 | 16 | 178710 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.4429 | 1.4329 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | BETH GANNAS HARBERT | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 277 | 591 | 178661 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | BETH GANNAS HARBERT | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 277 | 591 | 178661 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CATHERINE JONES A WIDOW | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 276 | 456 | 178621 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CATHERINE JONES A WIDOW | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 276 | 456 | 178621 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CATHERINE JONES A WIDOW | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 277 | 462 | 179111 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.4429 | 1.4329 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CHRISTINA M TARNVILLE ET AL | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 277 | 460 | 179111 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CHRISTINA M TARNVILLE ET AL | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 277 | 460 | 179111 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CHRISTINA M TARNVILLE ET AL | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 277 | 456 | 179110 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.4429 | 1.4329 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CLOTILDE FONES SAHL | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 276 | 459 | 178621 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CLOTILDE FONES SAHL | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 276 | 459 | 178621 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CLOTILDE FONES SAHL | EMPIRE OIL COMPANY | 2/9/2004 | ND | RENVILLE | 276 | 142 | 178664 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.4429 | 1.4329 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CRAIG WOLF | EMPIRE OIL COMPANY | 11/24/2003 | ND | RENVILLE | 277 | 142 | 178664 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CRAIG WOLF | EMPIRE OIL COMPANY | 11/24/2003 | ND | RENVILLE | 277 | 142 | 178664 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CRAIG WOLF | EMPIRE OIL COMPANY | 11/24/2003 | ND | RENVILLE | 277 | 206 | 178635 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.4429 | 1.4329 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CYNTHIA A JONES ET AL | EMPIRE OIL COMPANY | 10/24/2005 | ND | RENVILLE | 277 | 140 | 178660 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | CYNTHIA A JONES ET AL | EMPIRE OIL COMPANY | 10/24/2005 | ND | RENVILLE | 277 | 140 | 178660 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | DANIEL A GANNAS | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 276 | 604 | 178671 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | DANIEL A GANNAS | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 276 | 604 | 178671 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | DANIEL A GANNAS | EMPIRE OIL COMPANY | 9/1/2003 | ND | RENVILLE | 277 | 206 | 178635 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.4429 | 1.4329 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | DANIEL A JONES ET AL | EMPIRE OIL COMPANY | 10/24/2005 | ND | RENVILLE | 277 | 140 | 178660 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.0526 | 0.7890 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | DANIEL A JONES ET AL | EMPIRE OIL COMPANY | 10/24/2005 | ND | RENVILLE | 277 | 140 | 178660 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 2.1021 | 1.6309 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |
| FEE | 10.016.90.00A | DANIEL A JONES ET AL | EMPIRE OIL COMPANY | 10/24/2005 | ND | RENVILLE | 277 | 206 | 178635 | 606-96 | T163N W84W SEC 6 SWNE | Y | 0.0000 | 1.4429 | 1.4329 | SEC 6-SWNE, LOT 13 (2/9/05), 2 (05-95), SDME |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENORO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LESSEE NAME | LEASE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10-33410-048 | EMPIRE OIL COMPANY | PATRICK JONES | 9/1/2010 | ND | RENVILLE | 276 | 573 | 179633 | 80125 | TORN RESW SEC 6: SWNE | * | 0.0000 | 2.3221 | 1.4108 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95), SANE |
| FEE | 10-33410-048 | EMPIRE OIL COMPANY | PATRICK JONES | 9/1/2010 | ND | RENVILLE | 276 | 573 | 179633 | 80126 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.3429 | 0.7973 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95), SANE |
| FEE | 10-33410-04C | EMPIRE OIL COMPANY | PAULA K MINNE | 9/2/2010 | ND | RENVILLE | 276 | 656 | 179722 | 80125 | TORN RESW SEC 6: SWNE | * | 0.0000 | 2.3221 | 1.4108 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95), SANE |
| FEE | 10-33410-04C | EMPIRE OIL COMPANY | PAULA K MINNE | 9/2/2010 | ND | RENVILLE | 276 | 656 | 179722 | 80126 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.3429 | 0.7973 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95), SANE |
| FEE | 10-33410-04D | EMPIRE OIL COMPANY | ROBERT K KOEKKELS | 8/22/2010 | ND | RENVILLE | 276 | 561 | 179628 | 80130 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.0526 | 0.7095 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04D | EMPIRE OIL COMPANY | ROBERT K KOEKKELS | 8/22/2010 | ND | RENVILLE | 276 | 561 | 179628 | 80125 | TORN RESW SEC 6: SWNE | * | 0.0000 | 2.3221 | 1.4108 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04D | EMPIRE OIL COMPANY | ROBERT K KOEKKELS | 8/22/2010 | ND | RENVILLE | 276 | 561 | 179628 | 80126 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.3429 | 0.7973 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04E | EAGLE OPERATING INC | ROBERT MAU | 12/1/2006 | ND | RENVILLE | 284 | 275 | 160406 | 80130 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.0526 | 0.7095 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04E | EAGLE OPERATING INC | ROBERT MAU | 12/1/2006 | ND | RENVILLE | 284 | 275 | 160406 | 80114 | TORN RESW SEC 07: NONE | * | 0.0000 | 16.0000 | 10.7387 | TORN RESW SEC 07: NONE, LOTS 1 (36.35), 2 (36.34), E2NW |
| FEE | 10-33410-04E | EAGLE OPERATING INC | ROBERT MAU | 12/1/2006 | ND | RENVILLE | 284 | 275 | 160406 | 80115 | TORN RESW SEC 07: LOTS 1 (36.35), 2 (36.34), E2NW | * | 0.0000 | 50.8967 | 34.1460 | TORN RESW SEC 07: NONE, LOTS 1 (36.35), 2 (36.34), E2NW |
| FEE | 10-33410-04E | EAGLE OPERATING INC | ROBERT MAU | 12/1/2006 | ND | RENVILLE | 284 | 275 | 160406 | 80125 | TORN RESW SEC 6: SWNE | * | 0.0000 | 2.3221 | 1.4108 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95), E2NW |
| FEE | 10-33410-04F | EMPIRE OIL COMPANY | RONALD C KNABE ET AL | 8/26/2010 | ND | RENVILLE | 277 | 10 | 178740 | 80136 | TORN RESW SEC 6: SWNE | * | 0.0000 | 1.0526 | 0.7095 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04F | EMPIRE OIL COMPANY | RONALD C KNABE ET AL | 8/26/2010 | ND | RENVILLE | 277 | 10 | 178740 | 80125 | TORN RESW SEC 6: SWNE | * | 0.0000 | 2.3221 | 1.4108 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04F | EMPIRE OIL COMPANY | RONALD C KNABE ET AL | 8/26/2010 | ND | RENVILLE | 277 | 10 | 178740 | 80126 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.3429 | 0.7973 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04G | EMPIRE OIL COMPANY | RUTHN THUSTEN | 9/2/2010 | ND | RENVILLE | 276 | 587 | 178662 | 80130 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.0526 | 0.7095 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04G | EMPIRE OIL COMPANY | RUTHN THUSTEN | 9/2/2010 | ND | RENVILLE | 276 | 587 | 178662 | 80125 | TORN RESW SEC 6: SWNE | * | 0.0000 | 2.3221 | 1.4108 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04G | EMPIRE OIL COMPANY | RUTHN THUSTEN | 9/2/2010 | ND | RENVILLE | 276 | 587 | 178662 | 80126 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.3429 | 0.7973 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04H | EMPIRE OIL COMPANY | VIDA S SHIDE A WIDOW | 8/26/2010 | ND | RENVILLE | 276 | 652 | 178720 | 80130 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.0526 | 0.7095 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04H | EMPIRE OIL COMPANY | VIDA S SHIDE A WIDOW | 8/26/2010 | ND | RENVILLE | 276 | 652 | 178720 | 80125 | TORN RESW SEC 6: SWNE | * | 0.0000 | 2.3221 | 1.4108 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04H | EMPIRE OIL COMPANY | VIDA S SHIDE A WIDOW | 8/26/2010 | ND | RENVILLE | 276 | 652 | 178720 | 80126 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.3429 | 0.7973 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04I | EMPIRE OIL COMPANY | VIOLET I KOEKKELS A WIDOW | 8/22/2010 | ND | RENVILLE | 276 | 600 | 178719 | 80130 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.0526 | 0.7095 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04I | EMPIRE OIL COMPANY | VIOLET I KOEKKELS A WIDOW | 8/22/2010 | ND | RENVILLE | 276 | 600 | 178719 | 80125 | TORN RESW SEC 6: SWNE | * | 0.0000 | 2.3221 | 1.4108 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04I | EMPIRE OIL COMPANY | VIOLET I KOEKKELS A WIDOW | 8/22/2010 | ND | RENVILLE | 276 | 600 | 178719 | 80126 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.3429 | 0.7973 | TORN RESW SEC 6: SWNE, LOT 1 (39.93), 2 (39.95) |
| FEE | 10-33410-04J | EMPIRE OIL COMPANY | VIRGINIA M GAGLIA ET AL | 10/29/2010 | ND | RENVILLE | 277 | 136 | 178661 | 80130 | TORN RESW SEC 6: SANE | * | 0.0000 | 1.0526 | 0.7095 | TORN RESW SEC 6: SWNE |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 33.0310.094 | VIRGINIA M CASULLA ET AL | EMPIRE OIL COMPANY | 10/20/2004 | ND | RENVILLE | 277 | 136 | 178841 | 8022S | T106N R81W SEC 6 1MINE | * | 0.0000 | 2.3021 | 1.4109 | T106N R81W / SEC 6 1MINE / SEC 6 LOT 7 (39.93), 2 (19.95) / T106N R81W / SEC 6 1MINE |
| FEE | 33.0310.094 | VIRGINIA M CASULLA ET AL | EMPIRE OIL COMPANY | 10/20/2004 | ND | RENVILLE | 277 | 136 | 178841 | 8022S | T106N R81W SEC 6 1MINE | * | 0.0000 | 1.3429 | 0.7071 | T106N R81W / SEC 6 1MINE / SEC 6 LOT 7 (39.93), 2 (19.95) / T106N R81W / SEC 6 1MINE |
| FEE | 33.0310.044 | VIVIAN A BENTON | EMPIRE OIL COMPANY | 1/25/2004 | ND | RENVILLE | 227 | 893 | 170130 | 8019K | T106N R81W SEC 6 1MINE | * | 0.0000 | 1.0526 | 0.7065 | T106N R81W / SEC 6 1MINE / SEC 6 LOT 7 (39.93), 2 (19.95) / T106N R81W / SEC 6 1MINE |
| FEE | 33.0310.044 | VIVIAN A BENTON | EMPIRE OIL COMPANY | 1/25/2004 | ND | RENVILLE | 227 | 893 | 170130 | 8022S | T106N R81W SEC 6 1MINE | * | 0.0000 | 2.3021 | 1.4109 | T106N R81W / SEC 6 1MINE / SEC 6 LOT 7 (39.93), 2 (19.95) / T106N R81W / SEC 6 1MINE |
| FEE | 33.0310.044 | VIVIAN A BENTON | EMPIRE OIL COMPANY | 1/25/2004 | ND | RENVILLE | 227 | 893 | 170130 | 8022S | T106N R81W SEC 6 1MINE | * | 0.0000 | 1.3429 | 0.7071 | T106N R81W / SEC 6 1MINE / SEC 6 LOT 7 (39.93), 2 (19.95) / T106N R81W / SEC 6 1MINE |
| FEE | 33.0310.XXL | WILLIAM A MONTOSE ET UX | EAGLE OPERATING INC | 12/1/2006 | ND | RENVILLE | 284 | 272 | 184435 | 30C14 | T106N R84W SEC 14 DIME | * | 812.0000 | 16.0000 | 10.7.087 | T106N R84W / SEC 14 CITY WONE / SEC 14 LOT 4 (16.06), 5 (16.06), 2 (16.06), 1 2NW |
| FEE | 33.0310.XXM | WILLIAM A MONTOSE ET UX | EAGLE OPERATING INC | 12/1/2006 | ND | RENVILLE | 284 | 272 | 184435 | 30C25 | T106N R84W SEC 14 DIME | * | 152.0900 | 92.8967 | 34.1683 | T106N R84W / SEC 14 CITY WONE / SEC 14 LOT 4 (16.06), 5 (16.06), 2 (16.06), 1 2NW |
| FEE | 33.0310.044M | DNAE CHRISTIANSON ET UX | THE CARTER OIL COMPANY A CORPORATION | 4/7/1949 | ND | RENVILLE | 14 | 160 | 6207.5 | 30C14 | T106N R84W SEC 14 DIME | * | 812.0000 | 16.0000 | 10.7.087 | T106N R84W / SEC 14 CITY WONE / SEC 14 LOT 4 (16.06), 5 (16.06), 2 (16.06), 1 2NW |
| FEE | 33.0310.044M | DNAE CHRISTIANSON ET UX | THE CARTER OIL COMPANY A CORPORATION | 4/7/1949 | ND | RENVILLE | 14 | 160 | 6207.5 | 30C15 | T106N R84W SEC 14 DIME | * | 152.0900 | 92.8967 | 34.1683 | T106N R84W / SEC 14 CITY WONE / SEC 14 LOT 4 (16.06), 5 (16.06), 2 (16.06), 1 2NW |
| FEE | 33.0310.044M | DNAE CHRISTIANSON ET UX | THE CARTER OIL COMPANY A CORPORATION | 4/7/1949 | ND | RENVILLE | 14 | 160 | 6207.5 | 30C14 | T106N R84W SEC 7 DIME | * | 812.0000 | 16.0000 | 17.6970 | T106N R84W / SEC 7 DIME / SEC 7 LOT 4 (16.06), 5 (16.06), 2 (16.06), 1 2NW |
| FEE | 33.0310.04N | JOHN F CASE | EMPIRE OIL COMPANY | 7/28/2001 | ND | RENVILLE | 275 | 581 | 178639 | 30C14 | T106N R84W SEC 7 DIME | * | 80.0000 | 16.0000 | 16.0000 | T106N R84W / SEC 7 DIME / SEC 7 OE |
| FEE | 33.0310.04N | JOHN F CASE | EMPIRE OIL COMPANY | 7/28/2001 | ND | RENVILLE | 275 | 581 | 178639 | 30C14 | T106N R84W SEC 7 DIME | * | 80.0000 | 26.6667 | 17.8070 | T106N R84W / SEC 7 DIME / SEC 7 OE |
| FEE | 33.0310.04M | EMPIRE OIL COMPANY | EAGLE OPERATING INC | 12/1/2006 | ND | RENVILLE | 284 | 289 | 184434 | 30C15 | T106N R84W SEC 07 1MINE | * | 80.0000 | 16.0000 | 10.7.087 | T106N R84W / SEC 07 1MINE / SEC 07 LOT 4 (16.06), 5 (16.06), 2 (16.06), 1 2NW |
| FEE | 33.0310.04M | EMPIRE OIL COMPANY | EAGLE OPERATING INC | 12/1/2006 | ND | RENVILLE | 284 | 289 | 184434 | 30C15 | T106N R84W SEC 07 1MINE | * | 80.0000 | 92.8967 | 34.1683 | T106N R84W / SEC 07 1MINE / SEC 07 LOT 4 (16.06), 5 (16.06), 2 (16.06), 1 2NW |
| FEE | 33.0310.000 | ANNA M HARTMAN ET HR | ANADARKO E&S CO INC | 4/23/1978 | ND | RENVILLE | 28 | 652 | 71919 | 30G41 | T104N R83W SEC 1 3E | * | 360.0000 | 360.0000 | 107.1872 | T104N R83W / SEC 1 3E |
| FEE | 33.0310.000 | ANNA V ROSIE ET AL | N 1 STEWART | 6/6/1940 | ND | BOTTINEAU | 90 | 131 | 208573 | 30G42 | T104N R83W SEC 1 3E | * | 360.0000 | 360.0000 | 359.4006 | T104N R83W / SEC 1 3E |
| FEE | 33.0310.00A | ARDYN A SALQUIST | E-X OIL COMPANY | 10/1/1942 | ND | BURKE | 69 | 53 | 108190 | 30G44 | T104N R83W SEC 4 4E | * | 348.2300 | 14.8250 | 14.6442 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00A | DAVID E SULLIVAN | E-X OIL COMPANY | 10/1/1942 | ND | BURKE | 69 | 51 | 108191 | 30G44 | T104N R83W SEC 4 4E | * | 0.0000 | 14.8250 | 14.6442 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00C | FLORENCE DICKERSON ET HR | E-X OIL COMPANY | 1/29/1941 | ND | BURKE | 69 | 57 | 108198 | 30G44 | T104N R83W SEC 4 4E | * | 400.0000 | 4.0000 | 3.9504 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00C | FLORENCE DICKERSON ET HR | E-X OIL COMPANY | 1/29/1941 | ND | BURKE | 69 | 57 | 108198 | 30G45 | T104N R83W SEC 4 4E | * | 317.8300 | 10.7620 | 10.6495 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00C | LO WASSUM | E-X OIL COMPANY | 10/1/1942 | ND | BURKE | 67 | 207 | 107339 | 30G44 | T104N R83W SEC 4 4E | * | 0.0000 | 14.8250 | 14.6442 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00F | MARTIN P CONNOR | E-X OIL COMPANY | 10/1/1942 | ND | BURKE | 69 | 47 | 108194 | 30G44 | T104N R83W SEC 4 4E | * | 0.0000 | 14.8250 | 14.6442 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00F | N J STEWART ET UX | E-X OIL COMPANY | 1/29/1941 | ND | BURKE | 69 | 47 | 108193 | 30G44 | T104N R83W SEC 4 4E | * | 0.0000 | 4.0000 | 3.9504 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00F | N J STEWART ET UX | E-X OIL COMPANY | 1/29/1941 | ND | BURKE | 69 | 47 | 108193 | 30G45 | T104N R83W SEC 4 4E | * | 0.0000 | 10.7620 | 10.6495 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00G | SAMUEL N MARSHALL ET UX | E-X OIL COMPANY | 1/29/1941 | ND | BURKE | 55 | 197 | 108137 | 30E01 | T104N R83W SEC 1 (210.97), WSNW | * | 0.0000 | 14.8250 | 14.6442 | T104N R83W / SEC 1 (210.97), WSNW |
| FEE | 33.0310.00G | SAMUEL N MARSHALL ET UX | E-X OIL COMPANY | 1/29/1941 | ND | BURKE | 55 | 197 | 108137 | 30G44 | T104N R83W SEC 4 4E | * | 0.0000 | 4.0000 | 3.9504 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |
| FEE | 33.0310.00G | SAMUEL N MARSHALL ET UX | E-X OIL COMPANY | 1/29/1941 | ND | BURKE | 55 | 197 | 108137 | 30G45 | T104N R83W SEC 4 4E | * | 0.0000 | 10.7620 | 10.6495 | T104N R83W / SEC 4 4E / SEC 4 LOT 4 (39.637), 4 (39.637), 4SW, 3E, E2SW |

Exhibit A - 73

**EXHIBIT A**
**LEASES**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10-036.99-00H | | E K K OIL COMPANY | 10/1/1962 | ND | BURKE | 69 | 45 | 108192 | 80H4 | T158N R90W SEC 8: LOTS 3(38.86), 2(3.97); NENW | Y | 50.000 | 16.8200 | | 144.412 | T158N R90W SEC 8: LOTS 3(38.86), 2(3.97); 8: N2NW, SE (2), 4(34.19), E2NW |
| FEE | 10-036.99-00H | | E K K OIL COMPANY | 1/29/1962 | ND | BURKE | 69 | 59 | 108199 | 80H4 | T158N R90W SEC 8: SENW | | | | | 144.412 | T158N R90W SEC 8: LOTS 3(38.86), 2(3.97); 8: N2NW, SE (2), 4(34.19), E2NW |
| FEE | 10-036.99-00H | TOM THE SON IN ET UX | E K K OIL COMPANY | 1/29/1962 | ND | BURKE | 69 | 59 | 108199 | 80H4 | T158N R90W SEC 8: SENW | | | | | 144.412 | T158N R90W SEC 8: LOTS 3(38.86), 2(3.97); 8: N2NW, SE (2), 4(34.19), E2NW |
| FEE | 10-036.99-00H | TOM THE SON IN ET UX | E K K OIL COMPANY | 1/29/1962 | ND | BURKE | 69 | 59 | 108199 | 80H4 | T158N R90W SEC 8: SENW | | | | | 144.412 | T158N R90W SEC 8: LOTS 3(38.86), 2(3.97); 8: N2NW, SE (2), 4(34.19), E2NW |
| FEE | 10-036.99-00H | TOM THE SON IN ET UX | E K K OIL COMPANY | 1/29/1962 | ND | BURKE | 69 | 59 | 108199 | 80H4 | T158N R90W SEC 8: SENW | | 50.000 | | | 144.412 | T158N R90W SEC 8: LOTS 3(38.86), 2(3.97); 8: N2NW, SE (2), 4(34.19), E2NW |
| FEE | 10-036.99-00H | | E K K OIL COMPANY | 5/25/1962 | ND | BURKE | 67 | 201 | 107137 | 80H6 | T158N R90W | Y | 40.000 | | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), E2NW |
| FEE | 10-036.99-00H | WILBUR MURPHY ET UX | E K K OIL COMPANY | 5/25/1962 | ND | BURKE | 67 | 201 | 107137 | 80H6 | T158N R90W | Y | | | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), E2NW |
| FEE | 10-036.99-00H | WILBUR MURPHY ET UX | E K K OIL COMPANY | 8/26/1960 | ND | BURKE | 71 | 409 | 109132 | 80H6 | T158N R90W | Y | 40.000 | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), E2NW |
| FEE | 10-036.99-00H | DAVID J SULLIVAN | E K K OIL COMPANY | 8/26/1960 | ND | BURKE | 71 | 409 | 109132 | 80H6 | T158N R90W | Y | | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), E2NW |
| FEE | 10-036.99-00H | DAVID J SULLIVAN | E K K OIL COMPANY | 8/26/1960 | ND | BURKE | 71 | 409 | 109132 | 80H6 | T158N R90W | Y | 40.000 | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), E2NW |
| FEE | 10-036.99-00H | THOMAS E CANNING | E K K OIL COMPANY | 7/1/1962 | ND | BURKE | 407 | 200 | 108111 | 80H6 | T158N R90W | Y | | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), NENW, SNSW |
| FEE | 10-036.99-00H | THOMAS E CANNING | E K K OIL COMPANY | 7/1/1962 | ND | BURKE | 407 | 200 | 108111 | 80H6 | T158N R90W | Y | | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), NENW, SNSW |
| FEE | 10-036.99-00H | J D MADSON | E K K OIL COMPANY | 7/1/1962 | ND | BURKE | 411 | 413 | 109132 | 80H6 | T158N R90W | Y | 40.000 | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), NENW, SNSW |
| FEE | 10-036.99-00H | J D MADSON | E K K OIL COMPANY | 7/1/1962 | ND | BURKE | 411 | 413 | 109134 | 80H6 | T158N R90W | Y | | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), NENW, SNSW |
| FEE | 10-036.99-00H | MARTIN F CZARNER | E K K OIL COMPANY | 8/26/1960 | ND | BURKE | 413 | 413 | 109134 | 80H6 | T158N R90W | Y | 40.000 | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), NENW, SNSW |
| FEE | 10-036.99-00H | MARTIN F CZARNER | E K K OIL COMPANY | 8/26/1960 | ND | BURKE | 413 | 413 | 109134 | 80H6 | T158N R90W | Y | | 10.7800 | | 3.9704 | T158N R90W SEC 12: LOTS 1(38.86), 2(13.97), NENW, SNSW |
| FEE | 10-036.99-00H | WILBUR MURPHY ET UX | E K K OIL COMPANY | 5/11/1960 | ND | BURKE | 407 | 108191 | 107100 | 80H6 | T158N R90W | Y | 40.000 | 16.8200 | | 144.412 | T158N R90W SEC 8: LOTS 3(38.86), 2(3.97); 8: N2NW, SE (2), 4(34.19), E2NW |
| FEE | 10-036.99-00H | ARTHUR J MOORE | E K K OIL COMPANY | 3/31/1960 | ND | BURKE | 111 | 13 | 107100 | 80H6 | T158N R90W | Y | 50.000 | | | 144.412 | T158N R90W |
| FEE | 10-036.99-00H | STACY JONES | CHVGCE SAND ADDITION (ES INC) | 3/13/1972 | ND | RENVILLE | 111 | 13 | 107100 | 80H6 | T158N R90W | Y | 520.000 | 160.0000 | | 359.4208 | T158N R90W SEC 35 |
| FEE | 10-036.99-00H | STACY JONES | CHVGCE SAND ADDITION (ES INC) | 3/13/1972 | ND | RENVILLE | 111 | 13 | 107100 | 80H6 | T158N R90W | Y | | 160.0000 | | 359.4208 | T158N R90W SEC 35 |
| FEE | 10-036.99-00H | BARBARA S JOHNSON | EMPIRE OIL COMPANY | 3/26/2001 | ND | BURKE | 267 | 529 | 200748 | 80H1 | SEC 4 ZONE BEING LOT 1 (142.08), 2 (43.64), 3 (43.4), 4 (43.42) | Y | 164.2300 | 42.0000 | | 212.0262 | T158N R90W SEC 4: LOT 1 (43.08), SE4 |
| FEE | 10-036.99-00H | ELLEN W WUFFLETER | EMPIRE OIL COMPANY | 3/26/2001 | ND | BURKE | 576 | 529 | 200748 | 80H1 | SEC 4 ZONE BEING LOT 1 (142.08), 2 (43.64), 3 (43.4), 4 (43.42) | Y | | 42.0000 | | 212.0262 | T158N R90W SEC 4: LOT 1 (43.08), SE4 |
| FEE | 10-036.99-00H | HERBERT RICHARDSON TRUSTEE | EMPIRE OIL COMPANY | 2/16/2002 | ND | BURKE | 168 | 399 | 201176 | 80H1 | SEC 4 ZONE BEING LOT 1 (142.08), 2 (43.64), 3 (43.4), 4 (43.42) | Y | 84.1000 | 84.1000 | | 421.0000 | T158N R90W SEC 4: LOT 1 (43.08), SE4 |
| FEE | 10-036.99-00H | BETTY HUFTIBEGGE HATH ET VR | EMPIRE OIL COMPANY | 12/3/1999 | ND | RENVILLE | 250 | 520 | 194240 | 80H1 | SEC 4 ZONE BEING LOT 1 (142.08), 2 (43.64), 3 (43.4), 4 (43.42) | Y | 40.0000 | 40.0000 | | 19.1500 | T158N R90W SEC 4 (49.01), SE4 |
| FEE | 10-036.99-00H | RICHARD D HULBERG | EMPIRE OIL COMPANY | 8/7/1999 | ND | RENVILLE | 250 | 528 | 194278 | 80H1 | T158N R90W SEC 4: SE | Y | 40.0000 | 40.0000 | | 19.1527 | T158N R90W SEC 4: SE |
| FEE | 10-036.99-00H | K AN FOLBROCK THISTED | EMPIRE OIL COMPANY | 8/7/1999 | ND | RENVILLE | 250 | 528 | 194278 | 80H1 | T158N R90W SEC 4: SE | Y | 40.0000 | 40.0000 | | 19.1527 | T158N R90W SEC 4: SE |
| FEE | 10-036.99-00H | JAMES P HEGARDSEN ET UX | EMPIRE OIL COMPANY | 12/3/1999 | ND | RENVILLE | 250 | 514 | 194279 | 80H1 | T158N R90W SEC 4: SE | Y | | 40.0000 | | 19.1500 | T158N R90W SEC 4: SE |
| FEE | 10-036.99-00H | JAMES P HEGARDSEN ET UX | EMPIRE OIL COMPANY | 12/3/1999 | ND | RENVILLE | 250 | 514 | 194279 | 80H1 | T158N R90W SEC 4: SE | Y | 40.0000 | | | 19.1500 | T158N R90W SEC 4: SE |
| FEE | 10-036.99-00H | C K M FOLMIAGE | GULF STATES OIL COMPANY | 4/26/1979 | ND | RENVILLE | 29 | 840 | 77062 | 80713 | T158N R90W SEC 4: SE | Y | 120.0000 | 120.0000 | | 214.2784 | T158N R90W SEC 4: SE |
| FEE | 10-036.99-00H | CG DANIELS | J N GOODHAND | 2/16/1991 | ND | BURKE | 227 | 235 | 225319 | 80713 | SURFACE TO 200' BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | | 20.0000 | | 19.9307 | T158N R90W SEC 6: LOT 3 (40.02), SWN4, E2SE |
| FEE | 10-036.99-00H | CG DANIELS | J N GOODHAND | 2/16/1991 | ND | BURKE | 227 | 235 | 225319 | 80713 | SURFACE TO 200' BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | 20.0000 | 20.0000 | | 19.9307 | T158N R90W SEC 6: LOT 3 (40.02), SWN4, E2SE |
| FEE | 10-036.99-00H | SAM SARPOINT ET UX | A G GOLDEN | 8/27/1962 | ND | BOTTINEAU | 110 | 77 | 217191 | 80715 | SURFACE TO 200' BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | | 20.0000 | | 19.9307 | T158N R90W SEC 4 (49.01), SWN4, E2SE |
| FEE | 10-036.99-00H | SAM SARPOINT ET UX | A G GOLDEN | 8/27/1962 | ND | BOTTINEAU | 110 | 77 | 217191 | 80715 | SURFACE TO 200' BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | 20.0000 | 20.0000 | | 19.9307 | T158N R90W SEC 4 (49.01), SWN4, E2SE |
| FEE | 10-036.99-00H | SAM SARPOINT ET UX | A G GOLDEN | 8/27/1962 | ND | BOTTINEAU | 110 | 77 | 217191 | 80715 | SURFACE TO 200' BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | | 20.0000 | | 19.9307 | T158N R90W SEC 4 (49.01), SWN4, E2SE |
| FEE | 10-036.99-00H | LA MARANA CORPORATION | LA MARANA CORPORATION | 4/28/1964 | ND | BOTTINEAU | 121 | 98 | 222982 | 80715 | T158N R90W SEC 6: NW SE4 AND ESW, SWN4 | Y | 800.000 | 20.0000 | | 19.9307 | T158N R90W SEC 4 (49.01), SWN4, E2SE |
| FEE | 10-036.99-00H | LA MARANA CORPORATION | LA MARANA CORPORATION | 4/28/1964 | ND | BOTTINEAU | 121 | 98 | 222982 | 80715 | BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | | 20.0000 | | 19.9307 | T158N R90W SEC 4 (49.01), SWN4, E2SE |
| FEE | 10-036.99-00H | LA MARANA CORPORATION | LA MARANA CORPORATION | 4/28/1964 | ND | BOTTINEAU | 121 | 98 | 222982 | 80715 | BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | 800.000 | 20.0000 | | 19.9307 | T158N R90W SEC 4 (49.01), SWN4, E2SE |
| FEE | 10-036.99-00H | LA MARANA CORPORATION | LA MARANA CORPORATION | 4/27/1964 | ND | BOTTINEAU | 121 | 95 | 222981 | 80715 | BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | | 20.0000 | | 19.9307 | T158N R90W SEC 4 (49.01), SWN4, E2SE |
| FEE | 10-036.99-00H | LA MARANA CORPORATION | LA MARANA CORPORATION | 4/27/1964 | ND | BOTTINEAU | 121 | 95 | 222981 | 80715 | SURFACE TO 200' BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | 20.0000 | 20.0000 | | 19.9307 | T158N R90W SEC 4 (49.01), SWN4, E2SE |
| FEE | 10-036.99-00H | MARY LEONARD CHILDRESS TR | SAVLOE OPERATING INC | 5/22/1964 | ND | BOTTINEAU | 122 | 132 | 222473 | 80715 | SURFACE TO 200' BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | 20.0000 | 11.0278 | | 19.9307 | T158N R90W SEC 4: SE4 |
| FEE | 10-036.99-00H | CARL LINQT ET UX | SAVLOE OIL COMPANY | 11/20/2005 | ND | BOTTINEAU | E 1046 | 383 1 | 285 267 | 80719 | LIMITED SURFACE TO 200' BELOW UNITIZED INTERVAL OF MCHALL MADISON UNIT | Y | | 40.0000 | | 19.5041 | T158N R90W SEC 32: W2 |
| FEE | 10-036.99-00H | CARL LINQT ET UX | SAVLOE OIL COMPANY | 1/28/1960 | ND | BURKE | 48 | 292 | 99969 | 80719 | T158N R90W | Y | 420.000 | 40.0000 | | 19.5041 | T158N R90W SEC 32: W2 |
| FEE | 10-036.99-00H | CARL LINQT ET UX | SAVLOE OIL COMPANY | 1/28/1960 | ND | BURKE | 48 | 292 | 99969 | 80719 | T158N R90W | Y | | 40.0000 | | 19.5041 | T158N R90W SEC 32: W2 |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENID/RO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00675.00P | DEBRA K JOHNSON | KNIGHNESDFFANTING LLC | 8/26/2014 | ND | RENVILLE | 329MI | 290 | 199731 | 30131 | T160N R84W SEC 4-26 S25W | Y | 0.0000 | 0.0000 | 8.0000 | T160N R84W SEC 26 SW |
| FEE | 10.00675.00P | DEBRA K JOHNSON | KNIGHNESDFFANTING LLC | 8/26/2014 | ND | RENVILLE | 329MI | 290 | 199731 | 30131 | T160N R84W SEC 4-26 S25W | Y | 0.0000 | 0.0000 | 8.0000 | T160N R84W SEC 26 SW |
| FEE | 10.00675.00G | BETTY M NASH | KNIGHNESDFFANTING LLC | 8/26/2014 | ND | RENVILLE | 329MI | 282 | 199731 | 30131 | T160N R84W SEC 4-26 N25W | Y | 0.0000 | 18.0000 | 16.0000 | T160N R84W SEC 26 SW |
| FEE | 10.00675.00G | BETTY M NASH | KNIGHNESDFFANTING LLC | 8/26/2014 | ND | RENVILLE | 329MI | 282 | 199731 | 30131 | T160N R84W SEC 4-26 N25W | Y | 0.0000 | 18.0000 | 16.0000 | T160N R84W SEC 26 SW |
| FEE | 10.00675.00H | LARRY B BERGLOF ETUX | KNIGHNESDFFANTING LLC | 8/26/2014 | ND | RENVILLE | 329MI | 278 | 199790 | 30131 | T160N R84W SEC 4-26 N25W | Y | 0.0000 | 18.0000 | 16.0000 | T160N R84W SEC 26 SW |
| FEE | 10.00676.00H | LARRY B BERGLOF ETUX | WILLIAM K BLAND | 6/26/2014 | ND | BURKE | 107 | 84265 | 30130 | T160N R84W SEC 6 SE | Y | 160.0000 | 160.0000 | 15.5370 | T160N R84W SEC 6 SE; SEC 12 LOTS 1 (25.79), 4 (35.77), E25W |
| FEE | 10.00676.00G | GEORGE A DAHLGREN ET UX | WILLIAM K BLAND | 6/26/2014 | ND | BURKE | 107 | 84265 | 30130 | T160N R84W SEC 6 SE | Y | 13.5360 | 153.3650 | 147.5117 | T160N R84W SEC 6 SE; SEC 12 LOTS 1 (25.79), 4 (35.77), E25W |
| FEE | 10.00676.00G | GEORGE A DAHLGREN ET UX | WILLIAM K BLAND | 6/26/2014 | ND | BURKE | 107 | 84265 | 30130 | T160N R84W SEC 6 SE; SEC 12 LOTS 1 (35.79), 4 (35.77), E25W | Y | 13.5430 | 153.4300 | 147.7580 | T160N R84W SEC 6 SE; SEC 12 LOTS 1 (25.79), 4 (35.77), E25W |
| FEE | 10.00677.00G | GEORGE WETTEMANN ET UX | HANNS EXPLORATION COMPANY | 5/6/1959 | ND | BOTTINEAU | 147 | 124210 | 30005 | T161N R80W SEC 5 NE | Y | 160.0000 | 160.0000 | 159.6058 | T160N R84W SEC 6 SE |
| FEE | 10.00680.00G | HAROLD FAUST LIK | HANNS EXPLORATION COMPANY | 4/7/1959 | ND | BOTTINEAU | 67 | 255 | 88888 | 30049 | T162N R78W SEC 32 | Y | 320.0000 | 320.0000 | 318.6116 | T160N R84W SEC 32 |
| FEE | 10.00680.00G | HELMER M NGAARD ET UX | LINDY BLAYLOCK | 9/11/2009 | ND | BURKE | 46 | 98104 | 30145 | T160N R84W SEC 25 NW2; SEC 26 N2SE, N2SE | Y | 80.0000 | 80.0000 | 79.0061 | T160N R84W SEC 32 |
| FEE | 10.00681.000 | HELMER M NGAARD ET UX | LINDY BLAYLOCK | 9/11/2010 | ND | BURKE | 46 | 98314 | 30145 | T160N R84W SEC 26 NW4 | Y | 40.0000 | 40.0000 | 39.5040 | T160N R84W SEC 19 SE |
| FEE | 10.00681.000 | HELMER M NGAARD ET UX | LINDY BLAYLOCK | 9/11/2010 | ND | BURKE | 46 | 98314 | 30145 | T160N R84W SEC 26 NW4 | Y | 40.0000 | 40.0000 | 39.5040 | T160N R84W SEC 19 SE |
| FEE | 10.00683.000 | IVAN EDMINGER | R S STEWART | 10/4/1960 | ND | BURKE | 52 | 139795 | 30132 | T160N R84W SEC 6 NE | Y | 13.5200 | 76.2420 | 76.2420 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W, NE |
| FEE | 10.00683.000 | IVAN EDMINGER | R S STEWART | 10/4/1960 | ND | BURKE | 52 | 139795 | 30132 | T160N R84W SEC 6 NE | Y | 0.0000 | 80.0000 | 79.7420 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W, NE |
| FEE | 10.00684.000 | LINDEN CENTRAL LIFE PROGRAM | TOM THEUS IR | 4/27/1960 | ND | BOTTINEAU | 89 | 233 | 208150 | 30511 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W | Y | 0.0000 | 80.0000 | 76.2420 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W |
| FEE | 10.00684.000 | LINDEN CENTRAL LIFE PROGRAM | TOM THEUS IR | 4/27/1960 | ND | BOTTINEAU | 89 | 229 | 208154 | 30511 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W | Y | 0.0000 | 80.0000 | 76.2420 | T160N R84W SEC 36 NE |
| FEE | 10.00684.00H | JOHN J WIENER, IT | THE EARTH OIL COMPANY A CORPORATION | 4/6/1958 | ND | RENVILLE | 14 | 135 | 8287 1 | 30005 | T160N R84W SEC 30 SW4 | Y | 13.2330 | 132.5020 | 103.0110 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W, NE |
| FEE | 10.00684.00H | ROPE ALLEN ETUX | SANDER OIL COMPANY | 7/30/1959 | ND | BURKE | 95 | 243 | 118024 | 30205 | T160N R84W SEC 30 SW4 | Y | 40.0000 | 40.0000 | 40.0000 | T160N R84W SEC 20 NE |
| FEE | 10.00684.00H | J UPHUATE | J UPHUATE | 8/7/2007 | ND | BURKE | 95 | 4.200 | 118001 | 30524 | T160N R84W SEC 20 NE | Y | 149.0200 | 149.0200 | 148.6082 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W, NENW, NESW |
| FEE | 10.00684.00H | FRIDN LAND NAME OF 37 FULL | J UPHUATE | 8/7/2007 | ND | BURKE | 95 | 4.205 | 118001 | 30524 | T160N R84W SEC 20 NE | Y | 149.0200 | 149.0200 | 148.6082 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W, NENW, NESW |
| FEE | 10.00684.00H | FRIDN LAND NAME OF 37 FULL | J UPHUATE | 8/7/2007 | ND | BURKE | 95 | 4.205 | 118001 | 30524 | T160N R84W SEC 13 LOTS 1 (36.55), 2 (36.70), E2W | Y | 311.6400 | 311.6400 | 311.6400 | T160N R84W SEC 13 LOTS 1 (35.83), 2 (35.85), E2NW, SE |
| FEE | 10.00690.00N | ADYCE CHRISTENSON | WILLIAM K BLAND | 6/26/2014 | ND | RENVILLE | 90 | 84254 | 30514 | T160N R84W SEC 24 SE | Y | 160.0000 | 160.0000 | 77.9687 | T160N R84W SEC 13 LOTS 1 (35.83), 2 (35.85), E2NW, SE |
| FEE | 10.00690.00N | ADYCE CHRISTENSON | WILLIAM K BLAND | 6/26/2014 | ND | RENVILLE | 88 | 84253 | 30513 | T160N R84W SEC 24 SE | Y | 0.0000 | 155.4200 | 155.8905 | T160N R84W SEC 13 LOTS 1 (35.83), 2 (35.85), E2NW, SE |
| FEE | 10.00690.000 | MARJORIE DAHLGREN ET UX | WILLIAM K BLAND | 6/26/2014 | ND | RENVILLE | 88 | 84253 | 30513 | T160N R84W SEC 29 NE | Y | 0.0000 | 80.0000 | 77.9687 | T160N R84W SEC 25 W2 |
| FEE | 10.00690.008 | ADYCE CHRISTENSON | WILLIAM K BLAND | 6/26/2014 | ND | RENVILLE | 88 | 84251 | 30514 | T160N R84W SEC 29 W2 | Y | 320.0000 | 160.0000 | 155.9370 | T160N R84W SEC 24 SE |
| FEE | 10.00690.00B | ADYCE CHRISTENSON | WILLIAM K BLAND | 6/26/2014 | ND | RENVILLE | 86 | 84252 | 30514 | T160N R84W SEC 29 W2 | Y | 160.0000 | 160.0000 | 77.9687 | T160N R84W SEC 24 SE |
| FEE | 10.00691.008 | BILLY MCLAIN ET UX | EMPIRE OIL COMPANY | 10/19/2001 | ND | RENVILLE | 273 | 102 | 178688 | 30069 | T160N R84W SEC 35 SW | Y | 80.0000 | 180.0000 | 155.9370 | T160N R84W SEC 24 SE |
| FEE | 10.00691.008 | KENT CHRISTENSON | N S YORK COMPANY | 8/17/1980 | ND | RENVILLE | 172 | 130188 | 30180 | T160N R84W SEC 35 W2 | Y | 0.0000 | 180.0000 | 4.2222 | T160N R84W SEC 25 NW2 |
| FEE | 10.00693.004 | KENT CHRISTENSON | N S YORK COMPANY | 8/17/1980 | ND | RENVILLE | 172 | 130180 | 30180 | T160N R84W SEC 35 SW; SURFACE TO 6,660' | Y | 0.0000 | 2.2220 | 2.2220 | T160N R84W SEC 25 NWNE, SWNE, SENW, NENW |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENGURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 10.00070.000 | KENT CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 3 | 130194 | 30194 | T156N-R83W SEC 15: SWNE, SWNW, NENE, NENW | | 0.0000 | 2.2224 | 2.2224 | T156N-R83W SEC 15: SWNE, SWNW, NENE, NENW |
| FEE | 10.00070.00A | KENT CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 3 | 130194 | 30115 | T156N-R83W SEC 15: W/2NW SURFACE TO 4,660' | | 0.0000 | 1.1110 | 1.1110 | T156N-R83W SEC 15: W/2NW SURFACE TO 4,660' |
| FEE | 10.00070.00B | RALPH CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 5 | 130182 | 30108 | T156N-R83W SEC 15: NENE | | 0.0000 | 6.2222 | 6.2222 | T156N-R83W SEC 15: NENE |
| FEE | 10.00070.00C | RALPH CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 5 | 130182 | 30109 | T156N-R83W SEC 15: SWNE SURFACE TO 4,660' | | 0.0000 | 2.2220 | 2.2220 | T156N-R83W SEC 15: SWNE SURFACE TO 4,660' |
| FEE | 10.00070.00D | RALPH CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 5 | 130182 | 30110 | T156N-R83W SEC 15: SWNW SURFACE TO 4,660' | | 0.0000 | 2.2280 | 2.2280 | T156N-R83W SEC 15: SWNW SURFACE TO 4,660' |
| FEE | 10.00070.00E | RALPH CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 5 | 130182 | 30111 | T156N-R83W SEC 15: NWNE SURFACE TO 4,660' | | 0.0000 | 1.1140 | 1.1140 | T156N-R83W SEC 15: NWNE SURFACE TO 4,660' |
| FEE | 10.00070.00F | EARL E. GUSTAFSSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 7 | 130183 | 30109 | T156N-R83W SEC 15: NWNE | | 4.0000 | 10.6667 | 10.6667 | T156N-R83W SEC 15: NWNE |
| FEE | 10.00070.00G | EARL E. GUSTAFSSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 7 | 130183 | 30109 | T156N-R83W SEC 15: SWNE SURFACE TO 4,660' | | 4.0000 | 6.6667 | 6.6667 | T156N-R83W SEC 15: SWNE SURFACE TO 4,660' |
| FEE | 10.00070.00H | EARL E. GUSTAFSSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 7 | 130183 | 30110 | T156N-R83W SEC 15: SWNW SURFACE TO 4,660' | | 2.0000 | 3.3333 | 3.3333 | T156N-R83W SEC 15: SWNW SURFACE TO 4,660' |
| FEE | 10.00070.00I | EARL E. GUSTAFSSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 7 | 130183 | 30108 | T156N-R83W SEC 15: NENE | | 0.0000 | 6.2222 | 6.2222 | T156N-R83W SEC 15: NENE |
| FEE | 10.00070.00J | EKOG CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 1 | 130181 | 30109 | T156N-R83W SEC 15: SWNE SURFACE TO 4,660' | | 0.0000 | 2.2220 | 2.2220 | T156N-R83W SEC 15: SWNE SURFACE TO 4,660' |
| FEE | 10.00070.00K | EKOG CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 1 | 130181 | 30110 | T156N-R83W SEC 15: SWNW SURFACE TO 4,660' | | 0.0000 | 2.2224 | 2.2224 | T156N-R83W SEC 15: SWNW SURFACE TO 4,660' |
| FEE | 10.00070.00L | EKOG CHRISTENSON | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 1 | 130181 | 30108 | T156N-R83W SEC 15: NENE | | 0.0000 | 6.6667 | 6.6667 | T156N-R83W SEC 15: NENE |
| FEE | 10.00070.00M | EUNICE CHALING | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 1 | 130181 | 30110 | T156N-R83W SEC 15: SWNW SURFACE TO 4,660' | | 0.0000 | 6.6667 | 6.6667 | T156N-R83W SEC 15: SWNW SURFACE TO 4,660' |
| FEE | 10.00070.00N | EUNICE CHALING | K L YOON COMPANY | 8/27/1980 | ND | RENVILLE | 172 | 1 | 130181 | 30111 | T156N-R83W SEC 15: NWNE SURFACE TO 4,660' | | 0.0000 | 3.3333 | 3.3333 | T156N-R83W SEC 15: NWNE SURFACE TO 4,660' |
| FEE | 10.00070.00O | BLM FARM 85-16 | PALMER OIL COMPANY | 9/2/1976 | ND | RENVILLE | 193 | 174 | 138211 | 30110 | T156N-R83W SEC 15: NENW/NENE | | 0.0000 | 20.0000 | 20.0000 | T156N-R83W SEC 15: NENW/NENE |
| FEE | 10.00070.00P | BLM FARM 85-16 | PALMER OIL COMPANY | 9/2/1976 | ND | RENVILLE | 193 | 174 | 138211 | 30110 | KBMA SURFACE TO 4,660' | | 0.0000 | 20.0000 | 20.0000 | KBMA SURFACE TO 4,660' |
| FEE | 10.00070.00Q | BLM FARM 85-16 | PALMER OIL COMPANY | 9/2/1976 | ND | RENVILLE | 193 | 174 | 138211 | 30110 | T156N-R83W SEC 14: SWNW, NWNE | | 0.0000 | 10.0000 | 10.0000 | T156N-R83W SEC 14: SWNW, NWNE |
| FEE | 10.00070.00R | LELAND ALEXANDER ET UX | ROBERT SKILI | 8/26/1970 | ND | RENVILLE | 250 | 512 | 164276 | 30178 | T156N-R84W SEC 14: NE | | 0.0000 | 391.300 | 391.300 | T156N-R84W SEC 14: NE |
| FEE | 10.00070.00S | LELAND ALEXANDER ET UX | ROBERT SKILI | 8/26/1970 | ND | RENVILLE | 250 | 512 | 164276 | 30170 | T156N-R84W SEC 14: NE | | 0.0000 | 391.300 | 391.300 | T156N-R84W SEC 14: NE |
| FEE | 10.00070.00T | SDO ENE RAILROAD COMPANY | EMPIRE OIL COMPANY | 10/2/1970 | ND | RENVILLE | 251 | 490 | 164621 | 30170 | T156N-R84W SEC 14: W2NE | | 0.0000 | 391.300 | 391.300 | T156N-R84W SEC 14: W2NE |
| FEE | 10.00070.00U | SDO ENE RAILROAD COMPANY | EMPIRE OIL COMPANY | 10/2/1970 | ND | RENVILLE | 251 | 490 | 164621 | 30178 | T156N-R84W SEC 14: W2NE | | 0.0000 | 391.300 | 391.300 | T156N-R84W SEC 14: W2NE |
| FEE | 10.00070.00V | LEVAS STEVNS ET UX | THE CARTER OIL COMPANY A CORPORATION | 4/22/1949 | ND | BOTTINEAU | 101 | 623 | 173292 | 30108 | T156N-R84W SEC 14: N2NE, W2N, S2, S2NW | | 152.6900 | 38.1471 | 25.5847 | T156N-R84W SEC 15 (57/S), 6/6N-51, S2SH |
| FEE | 10.00070.00W | LEVAS STEVNS ET UX | THE CARTER OIL COMPANY A CORPORATION | 4/22/1949 | ND | BOTTINEAU | 101 | 623 | 173292 | 30108 | T156N-R84W SEC 14: SW | | 160.0000 | 160.0000 | 107.3072 | T156N-R84W SEC 15 (19/S); 2 (35/44), 3 (35/38), 4 (54/51), 529H, E2NH, SE |
| FEE | 10.00070.00X | LEVAS STEVNS ET UX | THE CARTER OIL COMPANY A CORPORATION | 4/22/1949 | ND | BOTTINEAU | 101 | 623 | 173292 | 30108 | T156N-R84W SEC 14: SW | | 150.3500 | 150.3500 | 100.9704 | T156N-R84W SEC 14: SW |
| FEE | 10.00070.00Y | LEVAS STEVNS ET UX | THE CARTER OIL COMPANY A CORPORATION | 4/22/1949 | ND | BOTTINEAU | 101 | 623 | 173292 | 30108 | T156N-R84W SEC 15: SE | | 160.0000 | 160.0000 | 107.3072 | T156N-R84W SEC 14: SW |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 33.00197.000 | AGEE BIRD | SUNSHINE GAS INC | 6/2/1986 | ND | BOTTINEAU | 297 | 112 | 309210 | 80138 | T33N R65W SEC 13, E2W2, E2E2, SE, 4CB, S2, E2SW | * | 0.0000 | 38.1225 | 215.9067 | T33N R65W SEC 13, E2SE, E2SE, SW, 4CB, S2, E2SW SEC 24: E2 |
| FEE | 33.00197.00C | HL HIEPLE ET AL | STEELE ENERGY CORPORATION | 6/2/1986 | ND | BOTTINEAU | 294 | 228 | 307818 | 80138 | T33N R65W SEC 13, E2W2, E2E2, SE, 4CB, S2, E2SW | * | 0.0000 | 38.1225 | 215.9067 | T33N R65W SEC 13, E2SE, E2SE, SW, 4CB, S2, E2SW SEC 24: E2 |
| FEE | 33.00197.00A | PHILLIP PETROLEUM COMPANY | SUNSHINE GAS INC | 12/2/1986 | ND | BOTTINEAU | 294 | 22 | 309903 | 80138 | T33N R65W SEC 13, E2W2, E2E2, SE, 4CB, S2, E2SW | * | 0.0000 | 38.1225 | 215.9067 | T33N R65W SEC 13, E2SE, E2SE, SW, 4CB, S2, E2SW SEC 24: E2 |
| FEE | 33.00199.000 | LOUISA A BIRD | J B HEWITT | 10/20/1995 | ND | BURKE | 85 | 258 | 125042 | 80178 | T33N R93W SEC 12, E2 | * | 320.0000 | 320.0000 | 320.0000 | T33N R93W SEC 29: LOT 10/7 10/1 SE, 4CB TD, SE2W, NE2W SEC 32: E2 |
| FEE | 33.00199.000 | LOUISA A BIRD | J B HEWITT | 10/20/1995 | ND | BURKE | 85 | 258 | 125042 | 80179 | T33N R93W SEC C-H E2 | * | 320.0000 | 320.0000 | 320.0000 | T33N R91W SEC C-H E2 |
| FEE | 33.00199.000 | LOUISA A BIRD | J B HEWITT | 10/20/1995 | ND | BURKE | 85 | 258 | 125042 | 80249 | T33N R93W SEC C-H E2 | * | 73.5000 | 73.5000 | 73.5000 | T33N R91W SEC C-H E2 |
| FEE | 33.00170.000 | GUYNNA A ERICKSON | CLINTON DI CLARK | 5/31/1972 | ND | BOTTINEAU | 171 | 303 | 247388 | 80241 | T42N R68W SEC 20, LOTS 1 (38.47), 2 (36.48), 3 (36.46), 4 (36.47), E2W2 | * | 305.8600 | 305.8600 | 804.1762 | T42N R68W SEC 20, LOTS 1 (38.47), 2 (36.48), 3 (36.46), 4 (36.47), E2W2 |
| FEE | 33.00170.00A | GUYNNA A ERICKSON | CHANDLER & ASSOCIATES INC | 3/15/1972 | ND | RENVILLE | 111 | 31 | 107169 | 80243 | T42N R68W SEC NE, NE, NW | * | 80.0000 | 80.0000 | 79.7029 | T42N R68W SEC NE, NE, NW |
| STATE | 33.00170.00B | STATE OF NORTH DAKOTA | CHANDLER AND ASSOCIATES INC | 5/23/1972 | ND | RENVILLE | 111 | 372 | 107143 | 80243 | T42N R68W SEC NE, NE, NW | * | 80.0000 | 80.0000 | 79.7029 | T42N R68W SEC NE, NE, NW |
| STATE | 33.00170.000 | STATE OF NORTH DAKOTA | CHANDLER AND ASSOCIATES INC | 5/23/1972 | ND | RENVILLE | 111 | 372 | 107143 | 80244 | T42N R68W SEC NE, NE, NW | * | 160.0000 | 160.0000 | 159.4058 | T42N R68W SEC NE, NE, NW |
| FEE | 33.00171.000 | LYLE E WEISER ET UX | TENOTA OIL COMPANY | 4/1/1974 | ND | RENVILLE | 64 | 81 | 89822 | 80182 | T58N R92W SEC 4-14 | * | 40.0000 | 40.0000 | 40.0000 | T58N R92W SEC 4-14 |
| FEE | 33.00172.000 | LYLE E WEISER ET UX | TENOTA OIL COMPANY | 4/1/1974 | ND | RENVILLE | 64 | 81 | 89822 | 80183 | T58N R92W SEC 4-14 | * | 40.0000 | 40.0000 | 40.0000 | T58N R92W SEC 4-14 |
| FEE | 33.00172.000 | LYLE E WEISER ET UX | TENOTA OIL COMPANY | 4/1/1974 | ND | RENVILLE | 64 | 81 | 89822 | 80184 | T58N R92W SEC 4-14 | * | 40.0000 | 40.0000 | 40.0000 | T58N R92W SEC 4-14 |
| FEE | 33.00172.000 | LYLE E WEISER ET UX | TENOTA OIL COMPANY | 4/1/1974 | ND | RENVILLE | 64 | 81 | 89822 | 80185 | T58N R92W SEC 4-14 | * | 40.0000 | 40.0000 | 40.0000 | T58N R92W SEC 4-14 |
| FEE | 33.00174.000 | MARIBETH G ANDERSON | TOM THIELEN JR | 7/3/1967 | ND | BURKE | 95 | 257 | 248530 | 80187 | T58N R92W SEC 4-14 | * | 160.0000 | 160.0000 | 104.0781 | T58N R92W SEC 4-14 |
| FEE | 33.00174.00A | MARY ANN CART WATSON | EMPIRE OIL COMPANY | 1/22/2004 | ND | BURKE | 271 | 471 | 234800 | 80007 | T58N R92W SEC 4-14 | * | 160.0000 | 160.0000 | 104.0781 | T58N R92W SEC 4-14 |
| STATE | 33.00198.000 | STATE OF NORTH DAKOTA 00111 | JOHN R HANLEY JR & S DAVIDSON TRSTEES | 7/27/1971 | ND | RENVILLE | 109 | 96 | 106238 | 80196 | T59N R92W SEC 23: N2NE | * | 80.0000 | 80.0000 | 80.0000 | T59N R92W SEC 23: N2NE |
| STATE | 33.00198.000 | STATE OF NORTH DAKOTA 00111 | JOHN R HANLEY JR & S DAVIDSON TRSTEES | 7/27/1971 | ND | RENVILLE | 109 | 96 | 106238 | 80197 | T59N R92W SEC 23: N2NE | * | 80.0000 | 80.0000 | 80.0000 | T59N R92W SEC 23: N2NE |
| FEE | 33.00190.000 | NORMAN MIGLIARE ET AL | STANDARD OIL & GAS COMPANY | 8/21/1961 | ND | BURKE | 58 | 648 | 108834 | 80201 | T59N R94W SEC 25: SWNE | * | 40.0000 | 40.0000 | 39.5046 | T59N R94W SEC 25: SWNE |
| FEE | 33.00190.000 | NORMAN MIGLIARE ET AL | STANDARD OIL & GAS COMPANY | 8/21/1961 | ND | BURKE | 58 | 648 | 108834 | 80202 | T59N R94W SEC 25: SWNE | * | 80.0000 | 80.0000 | 79.0091 | T59N R94W SEC 25: SWNE |
| FEE | 33.00190.000 | NORMAN MIGLIARE ET AL | STANDARD OIL & GAS COMPANY | 8/21/1961 | ND | BURKE | 58 | 648 | 108834 | 80203 | T59N R94W SEC 25: SWNE | * | 40.0000 | 40.0000 | 39.5046 | T59N R94W SEC 25: SWNE |
| FEE | 33.00191.000 | NORMAN MIGLIARE ET AL | STANDARD OIL & GAS COMPANY | 9/26/1962 | ND | BURKE | 67 | 29 | 120197 | 80207 | T59N R94W SEC 26: NWNE, NENW | * | 80.0000 | 80.0000 | 79.0091 | T59N R94W SEC 26: NWNE, NENW |
| STATE | 33.00172.000 | STATE OF NORTH DAKOTA 0062 | IDAHO SMITH | 9/26/1962 | ND | BURKE | 67 | 29 | 120197 | 80208 | T59N R94W SEC 26: NWNE, NENW | * | 40.0000 | 40.0000 | 39.5046 | T59N R94W SEC 26: NWNE, NENW |
| STATE | 33.00172.000 | STATE OF NORTH DAKOTA 0062 | IDAHO SMITH | 5/17/1960 | ND | BURKE | 89 | 501 | 288695 | 90001 | T61N R86W SEC 16: SWNE, NWNE | * | 160.0000 | 160.0000 | 159.4058 | T61N R86W SEC 16: SWNE, NWNE |
| FEE | 33.00172.000 | RANI DISTRICT CITY OF NODHA | R J STEWART | 5/17/1960 | ND | BOTTINEAU | 89 | 144 | 70008 | 80001 | T60N R82W SEC 26: A TRACT IN THE SW CONTAINING 2.615 (2.5)SQ DEGREES | * | 2.6000 | 2.6000 | 1.7766 | T60N R82W SEC 26: A TRACT IN THE SW CONTAINING 2.615 (2.5)SQ DEGREES |
| FEE | 33.00172.00A | PRESCOTT TOWNSHIP WI | THE CALIFORNIA COMPANY | 7/28/1958 | ND | RENVILLE | 28 | 206 | 70008 | 80012 | T60N R82W SEC 26: A TRACT IN THE SW CONTAINING 3.ACRES | * | 3.3000 | 3.3000 | 2.2549 | T60N R82W SEC 26: A TRACT IN THE SW CONTAINING 3.12 ACRES |
| STATE | 33.00172.000 | PRESCOTT TOWNSHIP WI | THE CALIFORNIA COMPANY | 7/28/1958 | ND | RENVILLE | 28 | 206 | 70008 | 80013 | T60N R82W SEC 26: A TRACT IN THE SW CONTAINING 3.ACRES | * | 3.3000 | 3.3000 | 2.2549 | T60N R82W SEC 26: A TRACT IN THE SW CONTAINING 3.12 ACRES |
| STATE | 33.00172.000 | STATE OF NORTH DAKOTA 0062 | IDAHO SMITH | 1/5/1960 | ND | BURKE | 53 | 190 | 110177 | 80222 | T59N R94W SEC 20, SENW, NWNW, NE | * | 40.0000 | 40.0000 | 39.5046 | T59N R94W SEC 20, SENW, NWNW, NE |
| FEE | 33.00172.000 | REUBEN LARSEN ET UX | SIMCOE OIL COMPANY | 1/5/1960 | ND | BURKE | 53 | 190 | 110177 | 80223 | T59N R94W SEC 20, SENW, NWNW, NE | * | 240.0000 | 240.0000 | 237.0272 | T59N R94W SEC 20, SENW, NWNW, NE |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENGURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 3510762-00A | VALS LANGETH | CHANDLER & ASSOCIATES INC | 5/30/1992 | ND | BURKE | | 325 | 115102 | 4327 | COMPANY OWN ONLY T16N R51W SEC 21 W/2 | Y | | 0.0000 | 0.0000 | COMPANY OWN ONLY T16N R51W SEC 21 W/2 |
| FEE | 3510762-00B | RICHARD WERNGREN | CHANDLER & ASSOCIATES INC | 5/30/1992 | ND | BURKE | 365 | 498 | 112145 | 4327 | COMPANY OWN ONLY T16N R51W SEC 21 W/2 | Y | | 0.0000 | 0.0000 | COMPANY OWN ONLY T16N R51W SEC 21 W/2 |
| FEE | 3510762-00C | ENSCO OIL COMPANY INC | CHANDLER & ASSOCIATES INC | 5/30/1992 | ND | BURKE | 364 | 185 | 115104 | 4327 | COMPANY OWN ONLY T16N R51W SEC 21 W/2 | Y | | 0.0000 | 0.0000 | COMPANY OWN ONLY T16N R51W SEC 21 W/2 |
| QUANN | 3510764-00G | HERMAGEN HINTED MINERALS LLT | ENQURO OPERATING LLC | 8/1/1990 | ND | RENVILLE RENVILLE | 3951 | | 195126 195139 | 3951 | T 61N R 88W SEC E 11 N/HNW | Y | | 0.7500 | 0.7500 | ASSIGNMENT OF HH ONLY T 61N R 88W SEC E 11 N/HNW |
| QUANN | 3510764-00D | HERMAGEN HINTED MINERALS LLT | ENQURO OPERATING LLC | 8/1/1990 | ND | RENVILLE RENVILLE | | | 195126 195139 | 3951 | T 61N R 88W SEC E 11 S/HNW | Y | | 0.7500 | 0.7500 | ASSIGNMENT OF HH ONLY T 61N R 88W SEC E 11 S/HNW |
| QUANN | 3510764-00D | HERMAGEN HINTED MINERALS LLT | ENQURO OPERATING LLC | 8/1/1990 | ND | RENVILLE RENVILLE | | | 195126 195139 | 3951 | T 61N R 88W SEC E 11 S/2NW | Y | | 0.7500 | 0.7500 | ASSIGNMENT OF HH ONLY T 61N R 88W SEC E 11 S/2NW |
| QUANN | 3510764-00D | HERMAGEN HINTED MINERALS LLT | ENQURO OPERATING LLC | 8/1/1990 | ND | RENVILLE | | 325 | 272658 | 4062 | T 60N R95W SEC E 7 S/HNW (WPAN LIMITED FROM THE SURFACE TO BASE OF THE MISSION CANYON | | | | | T 60N R95W SEC E 7 S/HNW SEC E 7 S/HNW (WPAN LIMITED FROM THE SURFACE TO BASE OF THIS MISSION CANYON |
| QVAN | 3510744-00M | NORTHERN RENO CORPORATION | ENQURO OPERATING LLC | 6/30/1991 | ND | DIVIDE | | 325 | 272658 | 4062 | T 60N R79W SEC 2 SE SAVE AREA EXCEPT BAKKEN AND THREE FORKS FORMATIONS | Y | | 14.505 | 14.505 | AN UNDIVIDED 0.960969% INTEREST IN AND TO ALL OF THE OIL GAS AND OTHER MINERALS IN AND UNDER THAT MAY BE PRODUCED FROM THE FOLLOWING DESCRIBED LANDS T 60N R79W SEC 2 SE SAVE AREA EXCEPT BAKKEN AND THREE FORKS FORMATIONS |
| QVAN | 3510744-000 | JULIE MARIE BREADSTONE/FTL | ENQURO OPERATING LLC | 10/1/2014 | ND | BOTTINEAU | | 408103 | | 3658 | T161 N R79W SEC E5 NWSE | Y | 450000 | 0.886 | 0.886 | T161 N R79W SEC E5 NWSE |
| QVAN | 3510738-000 | RUTH FENNHOLKER | IANS BRADLTON GRAFATTOR | 01/01/2000 | ND | RENVILLE | 117 | 200 | | 148210 | MINERAL INTEREST ONLY T 60N R 88W SEC E7 N/HNW | Y | 810000 | 4.4443 | 4.4443 | MINERAL INTEREST IN AND TO THE OIL GAS AND OTHER MINERALS IN AND UNDER OR THAT MAY BE PRODUCED FROM THE FOLLOWING DESCRIBED LANDS IN RENVILLE CO, NORTH DAKOTA T 60N R 88W SEC E7 N/HNW |
| QVAN | 3510739-000 | PAUL T CARAGON ETUR | CURTIS MILLER | 01/01/2000 | ND | RENVILLE | 97 | 309 | 148210 | 148210 | MINERAL INTEREST ONLY T 60N R89W SEC E7 S/2NW | Y | 810000 | 4.4443 | 4.4443 | UNDIVIDED INTEREST IN AND TO THE OIL GAS AND OTHER MINERALS IN AND UNDER OR THAT MAY BE PRODUCED FROM THE FOLLOWING DESCRIBED LANDS IN RENVILLE COUNTY, NORTH DAKOTA T 60N R89W SEC E7 S/2NW |
| QVAN | 3510739-000 | PAUL T CARAGON ETUR | CURTIS MILLER | 01/01/2000 | ND | RENVILLE | 97 | 309 | 148350 | 148210 | MINERAL INTEREST ONLY T 60N R89W SEC E7 N/2SW | Y | 810000 | 4.4443 | 4.4443 | UNDIVIDED INTEREST IN AND TO THE OIL GAS AND OTHER MINERALS IN AND UNDER OR THAT MAY BE PRODUCED FROM THE FOLLOWING DESCRIBED LANDS IN RENVILLE COUNTY, NORTH DAKOTA T 60N R89W SEC E7 N/2SW |
| FEE | 25 00002 00A | W 1/32 BAXTER KEMP | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 135 | 277 | | 4083 | T20N R53E SEC E 25 ALL | Y | | 0.0000 | 0.0000 | COMPANY OWN ONLY T20N R53E SEC E 25 ALL SEC 25 ALL SEC 26 E/2NE, S/HN, N/2N, S/2NE SEC 35 E/2NW SEC 35 E/2NW SEC 36 N/2NE, N/2NW, S/HN, S/HN SEC 36 E/2NW SEC 36 IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,015 FT AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 2SN 55E |
| FEE | 25 00002 00A | W 1/32 BAXTER KEMP | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 135 | 277 | | 4084 | T20N R53E SEC E 25 ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T20N R53E SEC E 25 ALL SEC 25 ALL SEC 26 E/2NE, S/HN, N/2N, S/2NE SEC 35 E/2NW SEC 35 E/2NW SEC 36 N/2NE, N/2NW, S/HN, S/HN SEC 36 E/2NW SEC 36 IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,015 FT AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 2SN 55E |
| FEE | 25 00002 00A | W 1/32 BAXTER KEMP | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 135 | 277 | | 4085 | T20N R53E SEC E 26 N/HN, S/HN, N/2N, N/2N, S/2NE | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T20N R53E SEC E 25 ALL SEC 25 ALL SEC 26 E/2NE, S/HN, N/2N, S/2NE SEC 35 E/2NW SEC 35 E/2NW SEC 36 N/2NE, N/2NW, S/HN, S/HN SEC 36 E/2NW SEC 36 IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,015 FT AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 2SN 55E |
| FEE | 25 00002 00A | W 1/32 BAXTER KEMP | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 135 | 277 | | 4086 | T20N R53E SEC E 35 E/2NW | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T20N R53E SEC E 25 ALL SEC 25 ALL SEC 26 E/2NE, S/HN, N/2N, S/2NE SEC 35 E/2NW SEC 35 E/2NW SEC 36 N/2NE, N/2NW, S/HN, S/HN SEC 36 E/2NW SEC 36 IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,015 FT AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 2SN 55E |
| FEE | 25 00002 00A | LEWIS PLARA AND LEGE A LE MS | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 135 | 279 | | 4083 | T20N R53E SEC E 25 ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T20N R53E SEC E 25 ALL SEC 25 ALL SEC 26 E/2NE, S/HN, N/2N, S/2NE SEC 35 E/2NW SEC 35 E/2NW SEC 36 N/2NE, N/2NW, S/HN, S/HN SEC 36 E/2NW SEC 36 IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,015 FT AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 2SN 55E |
| FEE | 25 00002 00B | LEWIS PLARA AND LEGE A LE | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 135 | 279 | | 4084 | T20N R53E SEC E 25 ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T20N R53E SEC E 25 ALL SEC 25 ALL SEC 26 E/2NE, S/HN, N/2N, S/2NE SEC 35 E/2NW |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25.00010.008 | LEWIS FEARS AND OSSE 4 U E WEL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 279 | | 4061 | T25N-R15E<br>SEC 24: N1/2, S2S2, N3N, N2N3, SE/NE | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00010.008 | LEWIS FEARS AND OSSE 4 U E WEL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 279 | | 4304 | T29N-R15E<br>SEC 13: E1/2NW | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00010.006 | ROSA LEWIS | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 895 | | 4303 | T29N-R15E<br>SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00010.006 | ROSA LEWIS | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 895 | | 4304 | T29N-R15E<br>SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00010.006 | ROSA LEWIS | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 895 | | 4303 | T29N-R15E<br>SEC 23: N1S2, S2S2, S2N, N2N3, SE/NE | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00010.006 | ROSA LEWIS | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 895 | | 4304 | T29N-R15E<br>SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00012.000 | ELIZABETH SCHERRING | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 409 | | 4303 | T29N-R15E<br>SEC 21: ALL | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00012.000 | ELIZABETH SCHERRING | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 409 | | 4304 | T29N-R15E<br>SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00012.000 | ELIZABETH SCHERRING | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 409 | | 4305 | T29N-R15E<br>SEC 19: N1S2, S2S2, S2N, N2N3, SE/NE | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00012.000 | ELIZABETH SCHERRING | LOUISIANA LAND AND EXPLORATION COMPANY | 4/20/1978 | MT | RICHLAND | 155 | 409 | | 4306 | T29N-R15E<br>SEC 13: E1/2NW | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |
| FEE | 25.00010.006 | EDITH F WILLIS | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 155 | 344 | | 4303 | T29N-R15E<br>SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY ORES ONLY |

Exhibit A - 81

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25.00010.000 | ESTHER WALES | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 344 | | 4304 | T20N-R53E SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.000 | ESTHER WALES | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 344 | | 4305 | T20N-R53E SEC 24: ALL | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.000 | ESTHER WALES | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 344 | | 4306 | T20N-R53E SEC 25: ALL | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.000 | LEONARD J GILMARK ET AL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 345 | | 4303 | T20N-R53E SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.000 | LEONARD J GILMARK ET AL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 345 | | 4304 | T20N-R53E SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.000 | LEONARD J GILMARK ET AL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 345 | | 4305 | T20N-R53E SEC 24: N5/E4, S5/2, N/W4, N5N4, SE/4 | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.000 | LEONARD J GILMARK ET AL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 345 | | 4306 | T20N-R53E SEC 25: ALL | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.001 | EVA BARNES | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 347 | | 4303 | T20N-R53E SEC 23: ALL | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.001 | EVA BARNES | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 347 | | 4304 | T20N-R53E SEC 24: N5/E4, S5/2, N/W4, N5N4, SE/4 | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,054' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34-20N-55E |
| FEE | 25.00010.001 | EVA BARNES | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 347 | | 4305 | T20N-R53E SEC 25: ALL | N | | 0.0000 | 0.0000 | COMPANY (ORR) ONLY T20N-R53E SEC 23: ALL SEC 24: ALL SEC 25: ALL SEC 26: NE/4, S/2N, N/W4, S/2N4, SE/4 SEC 35: E/2W4 SEC 33: S5 |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25.00032.00H | ROBERT J.GLYANN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 348 | | 4383 | T23N R53E SEC.23: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00H | ROBERT J.GLYANN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 348 | | 4384 | T23N R53E SEC.17: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00H | ROBERT J.GLYANN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 348 | | 4385 | T23N R53E SEC.19: N2SE, N2S2, S2S2, N2N2, S2NE | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00H | ROBERT J.GLYANN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 348 | | 4386 | T23N R53E SEC.15: E2SW | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00I | LEONARD TINHAMI ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 889 | | 4383 | T23N R53E SEC.23: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00I | LEONARD TINHAMI ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 889 | | 4384 | T23N R53E SEC.17: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00I | LEONARD TINHAMI ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 889 | | 4385 | T23N R53E SEC.19: N2SE, N2S2, S2S2, N2N2, S2NE | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00I | LEONARD TINHAMI ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 889 | | 4386 | T23N R53E SEC.15: E2SW | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00J | CLIFFORD TINHAMI | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 397 | | 4383 | T23N R53E SEC.23: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00J | CLIFFORD TINHAMI | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 397 | | 4384 | T23N R53E SEC.17: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |
| FEE | 25.00032.00J | CLIFFORD TINHAMI | LOUISIANA LAND AND EXPLORATION COMPANY | 4/23/1978 | MT | RICHLAND | 193 | 397 | | 4385 | T23N R53E SEC.19: N2SE, N2S2, S2S2, N2N2, S2NE | N | | 0.0000 | 0.0000 | COMPANY OBRG ONLY T23N R53E SEC.21: ALL SEC.22: ALL SEC.27: ALL SEC.28: NE/4S, S/2W, N/4N, N2NE, SE/4NE SEC.33: E2NW SEC.33: 35 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,254' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF SW OF SEC.33 |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | END/RG NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25-00022-002 | CLIFFORD THRASHER | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 397 | | 4364 | T29N-R53E SEC 21 E1/2NW | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | LORNA KAY FREEMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 654 | | 4363 | T29N-R53E SEC 20: ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | LORNA KAY FREEMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 654 | | 4364 | T29N-R53E SEC 21 E1/2NW | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | LORNA KAY FREEMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 654 | | 4365 | T29N-R53E SEC 28: N1/2E, S1/2, S1/2, N1/2, NW, S1/2NE | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | LORNA KAY FREEMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 654 | | 4366 | T29N-R53E SEC 29: ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | LORNA KAY FREEMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 654 | | 4363 | T29N-R53E SEC 20: ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | WILLIAM B NOTICE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 397 | | 4363 | T29N-R53E SEC 20: ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | WILLIAM B NOTICE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 397 | | 4364 | T29N-R53E SEC 21: ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | WILLIAM B NOTICE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 397 | | 4365 | T29N-R53E SEC 28: N1/2E, S1/2, S1/2, N1/2, NW, S1/2NE | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-006 | WILLIAM B NOTICE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 397 | | 4366 | T29N-R53E SEC 29: ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL LOCATED IN THE SW OF 34-29N-55E |
| FEE | 25-00022-004 | VIOLA V KVING | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 660 | | 4363 | T29N-R53E SEC 20: ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL |
| FEE | 25-00022-004 | VIOLA V KVING | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 660 | | 4364 | T29N-R53E SEC 21: ALL | N | | 0.0000 | 0.0000 | COMPANY OWN ONLY T29N-R53E SEC 20: ALL SEC 21: ALL SEC 28: NE1/4, S1/2NW, NW, N1/2NE, S1/2NE SEC 29: ALL SEC 33: SE LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,257.45 DRILLED IN THE KEMP # 1-34 WELL |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25.0002.0004 | VIOLA V KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 980 | 980 | 4301 | T29N-R55E SEC 21:N SWSE, SESE, N2N, N2SE | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.0004 | VIOLA V KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 980 | 980 | 4304 | T29N-R55E SEC 33: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.00N | LAVERNE THIGNAR B | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 395 | 395 | 4301 | T29N-R55E SEC 21: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.00N | LAVERNE THIGNAR B | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 395 | 395 | 4304 | T29N-R55E SEC 33: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.00N | LAVERNE THIGNAR B | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 395 | 395 | 4301 | T29N-R55E SEC 21:N SWSE, SESE, N2N, N2SE | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.00N | LAVERNE THIGNAR B | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 395 | 395 | 4304 | T29N-R55E SEC 33: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.000 | ALBERT LEE KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 391 | 391 | 4301 | T29N-R55E SEC 21: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.000 | ALBERT LEE KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 391 | 391 | 4304 | T29N-R55E SEC 21:N SWSE, SESE, N2N, N2SE | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.000 | ALBERT LEE KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 391 | 391 | 4304 | T29N-R55E SEC 33: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |
| FEE | 25.0002.000 | EVELYN R LAND WENGE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 899 | 899 | 4301 | T29N-R55E SEC 21: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY T29N-R55E SEC 21: ALL SEC 28: ALL SEC 28: NE, N2NW, SENW, N2N, SENE, SENE SEC 33: 50 ACRES IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,253' AS DRILLED IN THE KEMP #1-34 WELL LOCATED IN THE SW OF 34 29N-55E |

Exhibit A - 85

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENQURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25.00002.00P | EVELYN R CARD WENGER ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 899 | | 4304 | T29N-R53W SEC 13: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00P | EVELYN R CARD WENGER ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 899 | | 4305 | T29N-R53W SEC 24: N2NE, S2NE, N2N2, S2NE, SENE, SENE | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00P | EVELYN R CARD WENGER ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 899 | | 4306 | T29N-R53W SEC 13: E2SW | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00Q | JOHN T KANE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 401 | | 4303 | T29N-R53W SEC 12: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00Q | JOHN T KANE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 401 | | 4304 | T29N-R53W SEC 13: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00Q | JOHN T KANE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 401 | | 4305 | T29N-R53W SEC 24: N2NE, S2NE, N2N2, S2NE, SENE, SENE | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00Q | JOHN T KANE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 401 | | 4306 | T29N-R53W SEC 13: E2SW | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00R | FLORENCE H WHITE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 606 | | 4303 | T29N-R53W SEC 12: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00R | FLORENCE H WHITE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 606 | | 4304 | T29N-R53W SEC 13: ALL | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00R | FLORENCE H WHITE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 606 | | 4305 | T29N-R53W SEC 24: N2NE, S2NE, N2N2, S2NE, SENE, SENE | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |
| FEE | 25.00002.00R | FLORENCE H WHITE ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 606 | | 4306 | T29N-R53W SEC 13: E2SW | N | | 0.0000 | 0.0000 | COMPANY OBRI ONLY |

Exhibit A - 36

EXHIBIT A
LEASES

| LSE TYPE | LSE NO | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENGURD NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25-0002-005 | 25-0002-005 | ARTHUR R KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 517 | | 4201 | T20N R15W SEC 20 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-005 | 25-0002-005 | ARTHUR R KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 517 | | 4304 | T20N R15W SEC 21 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-005 | 25-0002-005 | ARTHUR R KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 517 | | 4305 | T20N R15W SEC 28 NE/4, S2N4, S2N4, W4, N2N4, S2N4 | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-005 | 25-0002-005 | ARTHUR R KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 517 | | 4306 | T20N R15W SEC 33 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-007 | 25-0002-007 | SANDRA J ACCORD | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 485 | | 4201 | T20N R15W SEC 20 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-007 | 25-0002-007 | SANDRA J ACCORD | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 485 | | 4304 | T20N R15W SEC 21 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-007 | 25-0002-007 | SANDRA J ACCORD | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 485 | | 4305 | T20N R15W SEC 28 NE/4, S2N4, S2N4, W4, N2N4, S2N4 | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-007 | 25-0002-007 | SANDRA J ACCORD | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 485 | | 4306 | T20N R15W SEC 33 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-008 | 25-0002-008 | LEROY KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 823 | | 4201 | T20N R15W SEC 20 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-008 | 25-0002-008 | LEROY KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 823 | | 4304 | T20N R15W SEC 21 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-008 | 25-0002-008 | LEROY KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 823 | | 4305 | T20N R15W SEC 28 NE/4, S2N4, S2N4, W4, N2N4, S2N4 | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |
| FEE | 25-0002-008 | 25-0002-008 | LEROY KANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 135 | 823 | | 4306 | T20N R15W SEC 33 ALL | N | | 0.0000 | 0.0000 | COMPANY DRN ONLY T20N R15E SEC 20 ALL SEC 21 ALL SEC 27 ALL SEC 28 ALL SEC 28 NE/4, S2N4, W4, N2N4, S2N4 SEC 33 ALL SEC 33 LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 12,056' AS DRILLED IN THE KEMP # 24 WELL LOCATED IN THE SW OF 34 20N 16E |

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENSURO/NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25.0002.00V | ROY D GILMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 138 | 251 | | 4303 | T2N R3E SEC 23 E2SW | | N | | 0.0000 | COMPANY ORIG ONLY T2N R3E SEC 20: ALL SEC 21: ALL SEC 28: NE4, S2SH, W4N, N2N3, SENE SEC 33: E2SW SEC 34: IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,35 F AS DRILLED IN THE KEMP # 34 WELL LOCATED IN THE SW OF 34-2N-35E |
| FEE | 25.0002.00V | ROY D GILMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 138 | 251 | | 4304 | T2N R3E SEC 21: ALL | | N | | 0.0000 | COMPANY ORIG ONLY SEC 20: ALL SEC 21: ALL SEC 28: NE4, S2SH, W4N, N2N3, SENE SEC 33: E2SW SEC 34: IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,35 F AS DRILLED IN THE KEMP # 34 WELL LOCATED IN THE SW OF 34-2N-35E |
| FEE | 25.0002.00V | ROY D GILMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 138 | 251 | | 4305 | T2N R3E SEC 28: NE4, S2S2, SW4, N2N3, SENE | | N | | 0.0000 | COMPANY ORIG ONLY SEC 20: ALL SEC 21: ALL SEC 28: NE4, S2SH, W4N, N2N3, SENE SEC 33: E2SW SEC 34: IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,35 F AS DRILLED IN THE KEMP # 34 WELL LOCATED IN THE SW OF 34-2N-35E |
| FEE | 25.0002.00V | ROY D GILMAN ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/21/1978 | MT | RICHLAND | 138 | 251 | | 4306 | T2N R3E SEC 20: ALL | | N | | 0.0000 | COMPANY ORIG ONLY SEC 20: ALL SEC 21: ALL SEC 28: NE4, S2SH, W4N, N2N3, SENE SEC 33: E2SW SEC 34: IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,35 F AS DRILLED IN THE KEMP # 34 WELL LOCATED IN THE SW OF 34-2N-35E |
| FEE | 25.0002.00W | ESTHER L FOSTER LEASE | LOUISIANA LAND AND EXPLORATION COMPANY | 4/25/1978 | MT | RICHLAND | 135 | 481 | | 4303 | T2N R3E SEC 23: ALL | | N | | 0.0000 | COMPANY ORIG ONLY T2N R3E SEC 20: ALL SEC 21: ALL SEC 28: NE4, S2SH, W4N, N2N3, SENE SEC 33: E2SW SEC 34: IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,35 F AS DRILLED IN THE KEMP # 34 WELL LOCATED IN THE SW OF 34-2N-35E |
| FEE | 25.0002.00W | ESTHER L FOSTER LEASE | LOUISIANA LAND AND EXPLORATION COMPANY | 4/25/1978 | MT | RICHLAND | 135 | 481 | | 4304 | T2N R3E SEC 21: ALL | | N | | 0.0000 | COMPANY ORIG ONLY SEC 20: ALL SEC 21: ALL SEC 28: NE4, S2SH, W4N, N2N3, SENE SEC 33: E2SW SEC 34: IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,35 F AS DRILLED IN THE KEMP # 34 WELL LOCATED IN THE SW OF 34-2N-35E |
| FEE | 25.0002.00W | ESTHER L FOSTER LEASE | LOUISIANA LAND AND EXPLORATION COMPANY | 4/25/1978 | MT | RICHLAND | 135 | 481 | | 4305 | T2N R3E SEC 28: NE4, S2S2, SW4, N2N3, SENE | | N | | 0.0000 | COMPANY ORIG ONLY SEC 20: ALL SEC 21: ALL SEC 28: NE4, S2SH, W4N, N2N3, SENE SEC 33: E2SW SEC 34: IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,35 F AS DRILLED IN THE KEMP # 34 WELL LOCATED IN THE SW OF 34-2N-35E |
| FEE | 25.0002.00W | ESTHER L FOSTER LEASE | LOUISIANA LAND AND EXPLORATION COMPANY | 4/25/1978 | MT | RICHLAND | 135 | 481 | | 4306 | T2N R3E SEC 20: ALL | | N | | 0.0000 | COMPANY ORIG ONLY SEC 20: ALL SEC 21: ALL SEC 28: NE4, S2SH, W4N, N2N3, SENE SEC 33: E2SW SEC 34: IS LIMITED IN DEPTH TO BELOW THE STRATIGRAPHIC EQUIVALENT OF 11,35 F AS DRILLED IN THE KEMP # 34 WELL LOCATED IN THE SW OF 34-2N-35E |
| FEE | 25.0002.00X | HILDA S GILSTRAP ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/25/1978 | MT | RICHLAND | 135 | 502 | | 4303 | T2N R3E SEC 23: ALL | | N | | 0.0000 | COMPANY ORIG ONLY T2N R3E |
| FEE | 25.0002.00X | HILDA S GILSTRAP ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/25/1978 | MT | RICHLAND | 135 | 502 | | 4304 | T2N R3E SEC 21: ALL | | N | | 0.0000 | COMPANY ORIG ONLY T2N R3E |
| FEE | 25.0002.00X | HILDA S GILSTRAP ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/25/1978 | MT | RICHLAND | 135 | 502 | | 4305 | T2N R3E SEC 28: N3SE, N2SE, SW4, N2N3, SENE | | N | | 0.0000 | COMPANY ORIG ONLY T2N R3E |

Exhibit A - 88

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25-00010-009 | HILDA L GILSTRAP ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/25/1978 | MT | RICHLAND | 135 | 602 | | 4304 | T2N-R5E<br>SEC 03: E2SW | | N | | 0.0000 | SEC 03: ALL<br>SEC 15: ALL<br>SEC 09: NE2SE, S2NE, N2N, N2N2, S2N2<br>SEC 10: SE LIMITED TO 60 FT (TO BELOW THE STRATIGRAPHIC<br>EQUIVALENT OF 12,256 AS DRILLED IN THE KEMP # 34 WELL<br>LOCATED IN THE SW OF 24-2SN-S5E |
| FEE | 25-00012-009 | MANIFOLD MINERAL AND MNTH<br>COO | LOUISIANA LAND AND EXPLORATION COMPANY | 8/31/1979 | MT | RICHLAND | 144 | 380 | | 4303 | T2N-R5E<br>SEC 03: ALL | | N | | 0.0000 | COMPANY OBM ONLY |
| FEE | 25-00012-009 | MANIFOLD MINERAL AND MNTH<br>COO | LOUISIANA LAND AND EXPLORATION COMPANY | 8/31/1979 | MT | RICHLAND | 144 | 380 | | 4304 | T2N-R5E<br>SEC 03: ALL | | N | | 0.0000 | T2N-R5E<br>SEC 03: ALL<br>SEC 15: ALL<br>SEC 09: NE2SE, S2NE, N2N, N2N2, S2N2<br>SEC 03: E2SW<br>SEC 10: SE LIMITED TO 60 FT (TO BELOW THE STRATIGRAPHIC<br>EQUIVALENT OF 12,256 AS DRILLED IN THE KEMP # 34 WELL<br>LOCATED IN THE SW OF 24-2SN-S5E |
| FEE | 25-00012-009 | MANIFOLD MINERAL AND MNTH<br>COO | LOUISIANA LAND AND EXPLORATION COMPANY | 8/31/1979 | MT | RICHLAND | 144 | 380 | | 4305 | T2N-R5E<br>SEC 03: N2SE, N2SE, N2NE, N2N2, N2N2, S2N2 | | N | | 0.0000 | COMPANY OBM ONLY |
| FEE | 25-00012-009 | MANIFOLD MINERAL AND MNTH<br>COO | LOUISIANA LAND AND EXPLORATION COMPANY | 8/31/1979 | MT | RICHLAND | 144 | 380 | | 4306 | T2N-R5E<br>SEC 03: ALL | | N | | 0.0000 | T2N-R5E<br>SEC 03: ALL<br>SEC 15: ALL<br>SEC 09: NE2SE, S2NE, N2N, N2N2, S2N2<br>SEC 03: E2SW<br>SEC 10: SE LIMITED TO 60 FT (TO BELOW THE STRATIGRAPHIC<br>EQUIVALENT OF 12,256 AS DRILLED IN THE KEMP # 34 WELL<br>LOCATED IN THE SW OF 24-2SN-S5E |
| FEE | 25-00012-009 | WALTER F HARTLAND ETAL | A X HATCHETT | 2/17/1973 | MT | RICHLAND | 115 | 255 | | 4311 | COMPANY OBM ONLY<br>T2N-R5E<br>SEC 03: NW<br>T2N-R5E<br>SEC 04: SE2NW<br>SEC 04: E2 NW<br>SEC 04: E2 SE NW | 742.0000 | N | | 0.0000 | COMPANY OBM ONLY<br>T2N-R5E<br>SEC 28: NW |
| FEE | 25-00012-00A | HARRY FRIBERG ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/22/1978 | MT | RICHLAND | 135 | 346 | | 4304 | T2N-R5E<br>SEC 21: ALL | | N | | 0.0000 | COMPANY OBM ONLY |
| FEE | 25-00012-00A | HARRY FRIBERG ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/22/1978 | MT | RICHLAND | 135 | 346 | | 4305 | T2N-R5E<br>SEC 21: ALL | | N | | 0.0000 | T2N-R5E<br>SEC 03: ALL<br>SEC 21: ALL |
| FEE | 25-00012-008 | VIVIAN MAY HUNTER ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/22/1978 | MT | RICHLAND | 135 | 479 | | 4304 | T2N-R5E<br>SEC 21: ALL | | N | | 0.0000 | COMPANY OBM ONLY |
| FEE | 25-00012-008 | VIVIAN MAY HUNTER ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/22/1978 | MT | RICHLAND | 135 | 479 | | 4303 | T2N-R5E<br>SEC 21: ALL | | N | | 0.0000 | T2N-R5E<br>SEC 03: ALL<br>SEC 21: ALL |
| FEE | 25-00012-00C | DONALD L GRAINBOS ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/22/1978 | MT | RICHLAND | 135 | 483 | | 4303 | T2N-R5E<br>SEC 04: ALL | | N | | 0.0000 | COMPANY OBM ONLY |
| FEE | 25-00012-00C | DONALD L GRAINBOS ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 4/22/1978 | MT | RICHLAND | 135 | 483 | | 4304 | T2N-R5E<br>SEC 04: ALL | | N | | 0.0000 | T2N-R5E<br>SEC 03: ALL<br>SEC 21: ALL |
| FEE | 25-00012-00D | FLORENCE M WHITE ART ILCNE<br>MC FANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/22/1978 | MT | RICHLAND | 135 | 608 | | 4303 | T2N-R5E<br>SEC 21: ALL | | N | | 0.0000 | COMPANY OBM ONLY |
| FEE | 25-00012-00D | FLORENCE M WHITE ART ILCNE<br>MC FANG | LOUISIANA LAND AND EXPLORATION COMPANY | 4/22/1978 | MT | RICHLAND | 135 | 608 | | 4304 | T2N-R5E<br>SEC 21: ALL | | N | | 0.0000 | T2N-R5E<br>SEC 03: ALL<br>SEC 21: ALL |

Exhibit A - 89

EXHIBIT A
LEASES

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | ST | REC COUNTY | BOOK | PAGE | ENTRY | TRACT | TRACT LEGAL DESCRIPTION | COUNT | CUM GROSS | NET ACRES | ENDURO NET | LEASE LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE | 25.00002.0A1 | QUIG MANG ESTATE | LOUISIANA LAND AND EXPLORATION COMPANY | 5/29/1978 | MT | RICHLAND | 137 | 838 | | 4303 | T29N R53E SEC 03 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0A4 | QUIG MANG ESTATE | LOUISIANA LAND AND EXPLORATION COMPANY | 5/29/1978 | MT | RICHLAND | 137 | 838 | | 4304 | T29N R53E SEC 13 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0AF | R L NIGH MILLAND ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 8/26/1979 | MT | RICHLAND | 144 | 986 | | 4303 | T29N R53E SEC 03 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0AF | R L NIGH MILLAND ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 8/26/1979 | MT | RICHLAND | 144 | 986 | | 4304 | T29N R53E SEC 13 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0AG | HARRY NIPPIN ESTATE | LOUISIANA LAND AND EXPLORATION COMPANY | 10/6/1980 | MT | RICHLAND | 155 | 82 | | 4303 | T29N R53E SEC 03 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0AG | HARRY NIPPIN ESTATE | LOUISIANA LAND AND EXPLORATION COMPANY | 10/6/1980 | MT | RICHLAND | 155 | 82 | | 4304 | T29N R53E SEC 13 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0AH | JUANITA J NEFF ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 10/6/1980 | MT | RICHLAND | 155 | 319 | | 4303 | T29N R53E SEC 03 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0AH | JUANITA J NEFF ETAL | LOUISIANA LAND AND EXPLORATION COMPANY | 10/6/1980 | MT | RICHLAND | 155 | 319 | | 4304 | T29N R53E SEC 13 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0AI | HANSEN ENTERPRISES | LOUISIANA LAND AND EXPLORATION COMPANY | 8/12/1981 | MT | RICHLAND | 165 | 457 | | 4304 | T29N R53E SEC 13 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 03 ALL SEC 03 ALL |
| FEE | 25.00002.0B0 | ULINE J T LAKENAHA ESTATE | LOUISIANA LAND AND EXPLORATION COMPANY | 6/5/1973 | MT | RICHLAND | | | | 4307 | T29N R53E SEC 01 ALL | N | | 0.0000 | 0.0000 | COMPANY ORRI ONLY T29N R53E SEC 06 ALL |

Exhibit A - 90

# EXHIBIT A-1

## WELLS AND ALLOCATED VALUES

[See attached]

**EXHIBIT A-1**
**WELLS AND ALLOCATED VALUES**

| WELL NAME | WELL NUMBER | API NUMBER | COUNTY | STATE | BPO GWI | BPO NRI | APO GWI | APO NRI | APO 2 GWI | APO 2 NRI | ALLOCATED VALUE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NEWBURG SPEARFISH CHARLES UNIT | 30100,000.00 | CORP | BOTTINEAU | ND | 90.6428900% | 78.6885100% | 90.6428900% | 78.6885100% | | | $21,908,008 |
| MOUSE RIVER PARK SHERWOOD UNIT | 30027,000.00 | CORP | RENVILLE | ND | 62.9227700% | 52.4453300% | 62.9227700% | 52.4453300% | | | $3,496,219 |
| MOHALL MADISON UNIT | 85000,000.00 | CORP | BOTTINEAU | ND | 99.6286400% | 78.6232500% | 99.6286400% | 78.6232500% | | | $2,822,636 |
| GLENBURN CENTRAL MADISON UNIT | 85066,000.00 | CORP | RENVILLE | ND | 64.7455300% | 51.1809500% | 64.7455300% | 51.1809500% | | | $2,010,000 |
| LITTLE DEEP CREEK MADISON UNIT | 30011,000.00 | CORP | RENVILLE | ND | 48.5470600% | 40.7543500% | 48.5470600% | 40.7543500% | | | $913,043 |
| SOUTH WESTHOPE SPEARFISH CHARLES UNIT | 30099,000.00 | CORP | BOTTINEAU | ND | 63.7127300% | 54.7878000% | 63.7127300% | 54.7878000% | | | $801,000 |
| FLAT TOP BUTTE 15 34R | 40054,001.00 | 3305303427 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $613,653 |
| NORTH GRAND MADISON UNIT | 85076,000.00 | CORP | RENVILLE | ND | 97.4608700% | 80.2431400% | 97.4608700% | 80.2431400% | | | $609,433 |
| NORTH BRANCH DEVONIAN UNIT | 40066,000.00 | CORP | MCKENZIE | ND | 93.1644100% | 93.4440600% | 100.0000000% | 93.4440600% | | | $533,822 |
| STONEVIEW STONEWALL UNIT | 40032,000.00 | CORP | DIVIDE | ND | 84.5742000% | 69.5470900% | 84.5742000% | 69.5470900% | | | $421,267 |
| MILE BUTTE 31 13 | 40070,000.00 | 3305301123 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $335,364 |
| STEFFAN 12 6H | 40033,001.00 | 3302500512 | DUNN | ND | 86.1250000% | 81.9166700% | 86.1250000% | 81.9166700% | | | $324,173 |
| SND 1 28X | 40128,001.00 | 3300701178 | BILLINGS | ND | 100.0000000% | 81.9166700% | 100.0000000% | 81.9166700% | | | $309,624 |
| MRP 18 34 | 30106,001.00 | 3307501466 | RENVILLE | ND | 100.0000000% | 86.8750000% | 100.0000000% | 86.8750000% | | | $288,679 |
| RIDER 1 | 40036,001.00 | 3303300104 | GOLDEN VALLEY | ND | 69.2307700% | 59.0528900% | 72.1153800% | 61.0336600% | | | $285,377 |
| JOSDEN 11 15HR | 40034,001.00 | 3302500510 | DUNN | ND | 100.0000000% | 90.6250000% | 100.0000000% | 90.6250000% | | | $257,398 |
| AMOR SOUTH RED RIVER UNIT | 40099,000.00 | CORP | BOWMAN | ND | 12.8536100% | 11.4834000% | 12.8536100% | 11.4834000% | | | $246,207 |
| EAST FLAXTON MADISON UNIT | 85025,000.00 | CORP | BURKE | ND | 100.0000000% | 82.7806800% | 100.0000000% | 82.7806800% | | | $218,915 |
| STENSRUD 43 14 | 40057,001.00 | 3305302515 | MCKENZIE | ND | 96.8198700% | 82.0399100% | 96.8198700% | 82.0399100% | | | $208,344 |
| MCGREGOR WINNIPEGOSIS UNIT | 40081,000.00 | CORP | WILLIAMS | ND | 60.5283800% | 51.8061700% | 83.1333900% | 71.3842400% | | | $196,459 |
| FLAT TOP BUTTE 15 24 | 40052,001.00 | 3305301031 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $183,143 |
| GOVERNMENT BROWN A 1 | 40037,001.00 | 3303300020 | GOLDEN VALLEY | ND | 100.0000000% | 85.5000000% | 100.0000000% | 85.5000000% | | | $179,060 |
| PIERCE CREEK FEDERAL 11 8HR | 40076,001.00 | 3305302160 | MCKENZIE | ND | 100.0000000% | 79.7500000% | 100.0000000% | 81.2500000% | | | $178,687 |
| LITTLE TANK 19 21 | 40063,001.00 | 3305300932 | MCKENZIE | ND | 59.9007800% | 59.9007800% | 59.9007800% | 66.9365200% | | | $167,869 |
| NORTH BANK 22 35 | 40068,001.00 | 3305302256 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 66.9365200% | | | $163,392 |
| MILE BUTTE 31 11 | 40066,001.00 | 3305302259 | MCKENZIE | ND | 75.0000000% | 75.0000000% | 75.0000000% | 63.3750000% | | | $158,170 |
| GOVERNMENT TAYLOR B 2 | 40040,001.00 | 3303300022 | GOLDEN VALLEY | ND | 100.0000000% | 63.3750000% | 100.0000000% | 63.3750000% | | | $156,677 |
| BULL MOOSE 22Y 32 | 40048,000.00 | 3305303316 | MCKENZIE | ND | 82.0085700% | 82.0085700% | 97.0994840% | 77.6441800% | | | $145,486 |
| ANTLER MIDALE UNIT | 30000,000.00 | CORP | BOTTINEAU | ND | 80.6538000% | 80.6538000% | 80.6538000% | 80.6538000% | | | $144,339 |
| PIERRE CREEK 21 17 | 40072,001.00 | 3305302208 | MCKENZIE | ND | 100.0000000% | 76.4700000% | 100.0000000% | 76.4700000% | | | $142,129 |
| BULL MOOSE 11 23 | 40045,001.00 | 3305302232 | MCKENZIE | ND | 75.0000000% | 60.6875000% | 75.0000000% | 60.6875000% | | | $139,890 |
| WEINMAN 2 | 30040,001.00 | 3301300845 | BURKE | ND | 100.0000000% | 90.9219000% | 100.0000000% | 90.9219000% | | | $139,528 |
| HAAS MADISON UNIT | 40098,000.00 | CORP | BOTTINEAU | ND | 95.0000000% | 63.3750000% | 95.0000000% | 63.3750000% | | | $130,975 |
| STATE 3 16 | 40126,001.00 | 3303300164 | GOLDEN VALLEY | ND | 0.0000000% | 3.5595600% | 77.5000000% | 64.6705200% | | | $128,699 |
| IVERSON 44 5H | 40133,001.00 | 3301301290 | BURKE | ND | 77.5000000% | 64.6705200% | 77.5000000% | 64.6705200% | | | $124,132 |
| KNUDSON 11 21H | 40141,001.00 | 3301301292 | BURKE | ND | 100.0000000% | 83.3333300% | 100.0000000% | 83.3333300% | | | $118,358 |
| GRESZ 11 33HR | 40127,001.00 | 3300701404 | BILLINGS | ND | 87.5000000% | 72.9166700% | 87.5000000% | 72.9166700% | | | $114,151 |
| HAY DRAW 22 33 | 40058,000.00 | 3305302172 | MCKENZIE | ND | 100.0000000% | 81.2361500% | 100.0000000% | 81.2361500% | | | $107,809 |
| WEST GREEN MADISON UNIT | 85081,000.00 | CORP | RENVILLE | ND | 100.0000000% | 68.5601600% | 100.0000000% | 68.5601600% | | | $101,038 |
| KLEIN BROTHERS A 1 | 40041,001.00 | 3303300147 | GOLDEN VALLEY | ND | 67.6112000% | 54.0679000% | 67.6112000% | 54.0679000% | | | $100,721 |
| HARRIS FEDERAL 1 30 | 40129,001.00 | 3300700665 | BILLINGS | ND | 75.0000000% | 60.6875000% | 75.0000000% | 60.6875000% | | | $100,721 |
| FLAT TOP BUTTE 15 32 | 40053,001.00 | 3305301464 | MCKENZIE | ND | 100.0000000% | 63.3750000% | 100.0000000% | 63.3750000% | | | $99,416 |
| PIERRE CREEK NELSON 42 23 | 40078,000.00 | 3305302489 | MCKENZIE | ND | 90.9219000% | 90.9219000% | 90.9219000% | 90.9219000% | | | $91,022 |
| GOVERNMENT TAYLOR A 2 | 40039,001.00 | 3303300074 | GOLDEN VALLEY | ND | 75.0000000% | 63.3750000% | 75.0000000% | 63.3750000% | | | $89,530 |
| FLAT TOP BUTTE 5 15H | 40056,001.00 | 3305302817 | MCKENZIE | ND | 100.0000000% | 83.2456700% | 100.0000000% | 83.2456700% | | | $89,530 |
| PIERRE CREEK 33 31 | 40073,001.00 | 3305302128 | MCKENZIE | ND | 100.0000000% | 68.5601600% | 100.0000000% | 68.5601600% | | | $88,547 |
| SKARDERUD 32 7 | 40092,001.00 | 3310501502 | WILLIAMS | ND | 83.2456700% | 68.5601600% | 83.2456700% | 68.5601600% | | | $88,541 |
| MALLARD H 1 | 40034,001.00 | 3300902097 | BOTTINEAU | ND | 38.9147600% | 35.0261000% | 38.9147600% | 35.0261000% | | | $79,387 |
| PIERRE CREEK 41 7 | 40074,001.00 | 3305302010 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $78,339 |
| BOWLINE 21 7 | 40044,001.00 | 3305301625 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $76,990 |
| DAVIS CHOCTAW CROSS 24 32 | 40064,001.00 | 3305302536 | MCKENZIE | ND | 50.0000000% | 40.5000000% | 50.0000000% | 40.5000000% | | | $72,743 |
| MALLARD GOVT 9 1 | 40033,001.00 | 3300900913 | BOTTINEAU | ND | 62.5000000% | 54.6875000% | 62.5000000% | 54.6875000% | | | $72,170 |
| SCOTIA MADISON UNIT | 30055,000.00 | CORP | BOTTINEAU | ND | 75.2300000% | 75.2300000% | 75.2300000% | 75.2300000% | | | $72,170 |
| BULL MOOSE 1X 15 | 40047,001.00 | 3305301156 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $77,231 |
| FRED 44 6H | 40132,001.00 | 3301301287 | BURKE | ND | 100.0000000% | 81.2429400% | 100.0000000% | 81.2429400% | | | $70,245 |

EXHIBIT A-1
WELLS AND ALLOCATED VALUES

| WELL NAME | WELL NUMBER | API NUMBER | COUNTY | STATE | BPO GWI | BPO NRI | APO GWI | APO NRI | APO 2 GWI | APO 2 NRI | ALLOCATED VALUE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GUEROETT 11 15H | 04140.001.00 | 3301301307 | BURKE | ND | 100.0000000% | 87.5000000% | 100.0000000% | 87.5000000% | | | $68,561 |
| TENNECO 4 17 SWD | 30025.004.00 | 3307501022 | RENVILLE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $67,803 |
| TOFTE 1 SWD | 40022.001.00 | 3302300133 | DIVIDE | ND | 80.0000000% | 0.0000000% | 80.0000000% | 0.0000000% | | | $67,803 |
| WILDROSE STATE 2 36 SWD | 40025.001.00 | 3302300388 | DIVIDE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $67,803 |
| SKARPHOL A 2 SWD | 40030.001.00 | 3302300053 | DIVIDE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $67,803 |
| BOWLINE CREEK 35 24 | 40065.001.00 | 3305301386 | MCKENZIE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $67,803 |
| SNOWCOVER 43 19 SWD | 40080.001.00 | 3305302095 | MCKENZIE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $67,803 |
| WARNER ET AL 13 12 SWD | 40138.001.00 | 3301301277 | BURKE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $67,803 |
| STROMBECK FLB 1 SWD | 40143.001.00 | 3301301190 | BURKE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $67,803 |
| TEMPLE SOUTH WINNIPEGOSIS UNIT | 40086.000.00 | CORP | WILLIAMS | ND | 88.5453600% | 73.6791600% | 88.5453600% | 73.6791600% | | | $66,139 |
| SHONG ETAL 1 | 85079.001.00 | 3307500471 | RENVILLE | ND | 100.0000000% | 76.0000000% | 100.0000000% | 76.0000000% | | | $66,953 |
| LOHSE ETAL 1 | 85074.001.00 | 3307500478 | RENVILLE | ND | 100.0000000% | 80.2500000% | 100.0000000% | 80.2500000% | | | $64,151 |
| BRYAN 3 | 30042.002.00 | 3301300751 | BURKE | ND | 100.0000000% | 85.0000000% | 100.0000000% | 85.0000000% | | | $58,217 |
| NORTH WESTHOPE MADISON UNIT | 30030.000.00 | CORP | BOTTINEAU | ND | 87.2900200% | 87.2900200% | 87.2900200% | 87.2900200% | | | $57,736 |
| SW LANDA UNIT | 30068.000.00 | CORP | BOTTINEAU | ND | 16.8932900% | 14.7816300% | 18.3727580% | 16.0800000% | | | $55,330 |
| AGRIBANK 44 7H | 40130.001.00 | 3301301283 | BURKE | ND | 100.0000000% | 84.7979800% | 100.0000000% | 84.7979800% | | | $54,849 |
| NORTH DAKOTA C A 3 | 40084.001.00 | 3310500662 | WILLIAMS | ND | 99.4791600% | 87.0442700% | 99.4791600% | 87.0442700% | | | $53,972 |
| ELLITHORPE 1 | 30043.001.00 | 3301300871 | BURKE | ND | 100.0000000% | 82.1788200% | 100.0000000% | 82.1788200% | | | $52,924 |
| WILDROSE 36 5 | 40024.001.00 | 3302300235 | DIVIDE | ND | 100.0000000% | 83.3333300% | 100.0000000% | 83.3333300% | | | $52,620 |
| MCCLAFLIN 11 9H | 40136.001.00 | 3301301303 | BURKE | ND | 92.5000000% | 74.7708000% | 92.5000000% | 74.7708000% | | | $51,000 |
| ANDERSON 2 | 30028.001.00 | 3300900934 | BOTTINEAU | ND | 38.0000000% | 30.0000000% | 38.0000000% | 30.0000000% | | | $50,519 |
| NORTH DAKOTA C A 2 | 40083.001.00 | 3310500549 | WILLIAMS | ND | 99.4791600% | 87.0442700% | 99.4791600% | 87.0442700% | | | $50,403 |
| VATNE ET AL 1 | 40023.001.00 | 3302300130 | DIVIDE | ND | 80.0000000% | 65.1363600% | 80.0000000% | 65.1363600% | | | $46,439 |
| BELLA 1 | 30035.001.00 | 3301300962 | RENVILLE | ND | 84.1666700% | 84.1666700% | 84.1666700% | 84.1666700% | | | $44,436 |
| LAVONNE 16 12 | 30026.001.00 | 3307500494 | RENVILLE | ND | 83.3333300% | 83.3333300% | 83.3333300% | 83.3333300% | | | $43,302 |
| JORGENSON 44 14H | 40134.001.00 | 3301301286 | BURKE | ND | 100.0000000% | 87.5000000% | 100.0000000% | 87.5000000% | | | $43,302 |
| SORUM 11 13H | 40137.001.00 | 3301301289 | BURKE | ND | 100.0000000% | 85.6184800% | 100.0000000% | 85.6184800% | | | $40,174 |
| LOHSE 1 | 85073.001.00 | 3307500479 | RENVILLE | ND | 80.2499900% | 80.2499900% | 80.2499900% | 80.2499900% | | | $38,490 |
| FEDERAL RIVET 6 4 | 40123.000.00 | 3305302253 | MCKENZIE | ND | 100.0000000% | 81.3750700% | 100.0000000% | 81.3750700% | | | $37,657 |
| LARSEN 11 21H | 40135.001.00 | 3301301298 | BURKE | ND | 82.4374900% | 82.4374900% | 82.4374900% | 82.4374900% | | | $37,288 |
| HOWARD 1 | 40019.001.00 | 3302300134 | DIVIDE | ND | 65.1363600% | 65.1363600% | 65.1363600% | 65.1363600% | | | $36,675 |
| FEDERAL WILDLIFE | 30031.000.00 | CORP | BOTTINEAU | ND | 24.6000000% | 21.5250000% | 24.6000000% | 21.5250000% | | | $36,085 |
| WENMAN 1 SWD | 30049.001.00 | 3301300827 | BURKE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $33,901 |
| ELLEN OSTERHOUT 1 SWD | 40035.001.00 | 3303300035 | GOLDEN VALLEY | ND | 69.2307700% | 69.2307700% | 69.2307700% | 69.2307700% | | | $33,901 |
| SQUARE BUTTE SWD SYSTEM D01 | 40042.001.00 | 3303300144 | GOLDEN VALLEY | ND | 87.5000000% | 87.5000000% | 87.5000000% | 87.5000000% | | | $33,901 |
| FLAT TOP BUTTE 15 44 | 40055.001.00 | 3305300859 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $33,901 |
| PIERRE CREEK 43 7 SWD | 40075.001.00 | 3305302057 | MCKENZIE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $33,901 |
| BRONSON 1 26 SWD | 40087.001.00 | 3310501078 | WILLIAMS | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $33,901 |
| FEDERAL RIVET 6 3 SWD | 40122.001.00 | 3305302097 | MCKENZIE | ND | 100.0000000% | 0.0000000% | 100.0000000% | 0.0000000% | | | $33,901 |
| SKARDERUD 33 7 | 40156.001.00 | 3310501179 | WILLIAMS | ND | 100.0000000% | 83.3333300% | 100.0000000% | 83.3333300% | | | $33,901 |
| BULL MOOSE 1 15 | 40046.001.00 | 3305300768 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $33,574 |
| REMINGTON 3 | 30045.001.00 | 3301300761 | BURKE | ND | 99.9562500% | 82.4889000% | 99.9562500% | 82.4889000% | | | $32,236 |
| HAY DRAW 31 33 | 40060.000.00 | 3305302127 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $30,877 |
| PETERSEN TRUST 11 22H | 40142.001.00 | 3301301306 | BURKE | ND | 100.0000000% | 83.3333300% | 100.0000000% | 72.9166700% | | | $30,311 |
| TENNECO 3 17 | 30025.003.00 | 3307501009 | RENVILLE | ND | 84.5730300% | 84.5730300% | 84.5730300% | 84.5730300% | | | $28,868 |
| PERRY BROWN 3 1 | 30004.001.00 | 3307500494 | BURKE | ND | 100.0000000% | 80.0000000% | 100.0000000% | 80.0000000% | | | $28,868 |
| CORINTHIAN STARLEAF 12 32 1 H | 30102.001.00 | 3300902339 | BOTTINEAU | ND | 16.9975000% | 14.1079300% | 16.9975000% | 14.1079300% | | | $28,707 |
| NELSON STATE 1 | 30059.001.00 | 3307500206 | RENVILLE | ND | 56.7662200% | 44.4677000% | 56.7662200% | 44.4677000% | | | $27,424 |
| EM RICHARDSON 25 13H | 85028.001.00 | 3301301330 | BURKE | ND | 50.0000000% | 39.0000000% | 50.0000000% | 39.0000000% | | | $24,538 |
| WOLD 1 | 40018.001.00 | 3301301193 | BURKE | ND | 100.0000000% | 83.3333300% | 100.0000000% | 83.3333300% | | | $24,206 |
| BEARD 2 | 30035.002.00 | 3301300847 | BURKE | ND | 90.0000000% | 78.7500000% | 90.0000000% | 78.7500000% | | | $21,488 |
| HAY DRAW 33 33 | 40062.001.00 | 3305302205 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $21,034 |
| CITY OF SHERWOOD STATE 1 | 30057.001.00 | 3307500263 | RENVILLE | ND | 56.7000000% | 44.2708300% | 56.7000000% | 44.2708300% | | | $20,929 |
| HARRIS 1 | 30058.001.00 | 3307500951 | RENVILLE | ND | 58.9768800% | 47.0808300% | 58.9768800% | 47.0808300% | | | $20,208 |
| BOTTOM 11 10H | 40131.001.00 | 3301301293 | BURKE | ND | 100.0000000% | 87.5000000% | 100.0000000% | 87.5000000% | | | $19,245 |

EXHIBIT A-1
WELLS AND ALLOCATED VALUES

| WELL NAME | WELL NUMBER | API NUMBER | COUNTY | STATE | BPO GWI | BPO NRI | APO GWI | APO NRI | APO 2 GWI | APO 2 NRI | ALLOCATED VALUE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TYRIAN LODGE 3 | 30062.002.00 | 3307500804 | RENVILLE | ND | 45.0000000% | 39.3700000% | 45.0000000% | 39.3700000% | | | $17,321 |
| GOVERNMENT TAYLOR A 1 | 40038.001.00 | 3303300018 | GOLDEN VALLEY | ND | 75.0000000% | 63.3750000% | 75.0000000% | 63.3750000% | | | $16,787 |
| DICKINSON LODGEPOLE UNIT | 40125.000.00 | CORP | STARK | ND | 0.0000000% | 0.4687500% | 0.0000000% | 0.4687500% | | | $16,787 |
| ANDERSON 3 24 | 30054.001.00 | 3301300856 | BURKE | ND | 34.0000000% | 26.4687500% | 34.0000000% | 26.4687500% | | | $16,038 |
| MRP 25 41 | 30104.001.00 | 3307501464 | RENVILLE | ND | 100.0000000% | 81.7369800% | 87.5000000% | 71.2369800% | | | $16,038 |
| FEDERAL 2 28 | 40097.001.00 | 3300700623 | BILLINGS | ND | 18.3333000% | 14.9417500% | 18.3333000% | 14.9417500% | | | $15,108 |
| MCGINNITY 2 6H | 40089.001.00 | 3310501505 | WILLIAMS | ND | 100.0000000% | 82.0000000% | 100.0000000% | 82.0000000% | | | $14,868 |
| MCLAIN 1 | 30008.001.00 | 3307500751 | RENVILLE | ND | 27.0000000% | 20.2500000% | 27.0000000% | 20.2500000% | | | $14,434 |
| TENNECO 1 17 | 30025.001.00 | 3307500995 | RENVILLE | ND | 100.0000000% | 84.5730300% | 100.0000000% | 84.5730300% | | | $14,434 |
| TENNECO 2 17 | 30025.002.00 | 3307500997 | RENVILLE | ND | 100.0000000% | 84.5730300% | 100.0000000% | 84.5730300% | | | $14,434 |
| KVEUM 2 | 30056.002.00 | 3300901427 | BOTTINEAU | ND | 11.7000000% | 9.5135600% | 11.7000000% | 9.5135600% | | | $14,434 |
| RUSCH 2 | 30061.001.00 | 3307501082 | RENVILLE | ND | 11.3486300% | 9.6076100% | 11.3486300% | 9.6076100% | | | $14,434 |
| RUSCH BANK OF NORTH DAKOTA 1 | 30061.002.00 | 3307500203 | RENVILLE | ND | 11.3486300% | 9.6076100% | 11.3486300% | 9.6076100% | | | $14,434 |
| RUSCH B 1 | 30061.003.00 | 3307500217 | RENVILLE | ND | 13.0111500% | 11.2153900% | 13.0111500% | 11.2153900% | | | $14,434 |
| MASTERS 1 | 30064.001.00 | 3301300898 | BURKE | ND | 100.0000000% | 80.2291700% | 100.0000000% | 80.2291700% | | | $14,434 |
| WILSON 44 32H | 40139.001.00 | 3301301304 | BOTTINEAU | ND | 100.0000000% | 80.8333300% | 92.5000000% | 74.7708000% | | | $14,434 |
| STANLEY STATE 2 | 85002.001.00 | 3300901442 | RENVILLE | ND | 100.0000000% | 76.4166800% | 100.0000000% | 76.4166800% | | | $14,434 |
| KLOSTERMAN 3 | 85068.001.00 | 3307500956 | RENVILLE | ND | 100.0000000% | 76.1625000% | 100.0000000% | 76.1625000% | | | $14,434 |
| L WEBER 2R | 85069.001.00 | 3307500837 | RENVILLE | ND | 100.0000000% | 83.5000000% | 100.0000000% | 83.5000000% | | | $14,434 |
| L WEBER 3 | 85069.002.00 | 3307500826 | RENVILLE | ND | 100.0000000% | 83.5000000% | 100.0000000% | 83.5000000% | | | $14,434 |
| L WEBER 4 | 85069.003.00 | 3307500823 | RENVILLE | ND | 100.0000000% | 83.5000000% | 100.0000000% | 83.5000000% | | | $14,434 |
| ROBERT WEISE 1 | 85077.001.00 | 3307500901 | RENVILLE | ND | 74.6000000% | 74.6000000% | 65.0000000% | 39.3700000% | | | $12,991 |
| TYRIAN LODGE 1 | 30062.001.00 | 3307500228 | RENVILLE | ND | 45.0000000% | 39.3700000% | 45.0000000% | 39.3700000% | | | $12,830 |
| DOLORES 3 | 30016.001.00 | 3307500551 | RENVILLE | ND | 65.0000000% | 52.8125000% | 65.0000000% | 52.8125000% | | | $12,830 |
| UCU 1 | 30018.001.00 | 3307500537 | RENVILLE | ND | 65.0000000% | 53.2187500% | 65.0000000% | 53.2187500% | | | $12,830 |
| BRYAN 1 | 30042.001.00 | 3301300250 | BURKE | ND | 100.0000000% | 85.9125000% | 100.0000000% | 85.9125000% | | | $12,830 |
| RUSCH B 2 | 30060.001.00 | 3307500056 | RENVILLE | ND | 38.0239100% | 32.9014800% | 38.0239100% | 32.9014800% | | | $12,830 |
| STANLEY STATE 1 | 85001.001.00 | 3300901374 | BOTTINEAU | ND | 100.0000000% | 76.4166700% | 100.0000000% | 76.4166700% | | | $12,830 |
| STANLEY STATE 3 | 85003.001.00 | 3300901443 | BOTTINEAU | ND | 100.0000000% | 76.4166700% | 100.0000000% | 76.4166700% | | | $12,830 |
| LEO PRESKEY 2R | 85071.001.00 | 3307500810 | RENVILLE | ND | 100.0000000% | 78.0312500% | 100.0000000% | 78.0312500% | | | $12,830 |
| STATE HURDLEBRINK 1 | 30065.001.00 | 3307500214 | RENVILLE | ND | 13.7500000% | 12.0312500% | 13.7500000% | 12.0312500% | | | $12,830 |
| HAY DRAW 28 24F | 40059.001.00 | 3305302270 | MCKENZIE | ND | 87.5000000% | 71.0937500% | 87.5000000% | 71.0937500% | | | $11,564 |
| SNOWCOVER 43 18 | 40079.000.00 | 3305301726 | MCKENZIE | ND | 100.0000000% | 82.5000000% | 100.0000000% | 82.5000000% | | | $11,191 |
| GRANDALL 1 | 30037.001.00 | 3301300832 | BURKE | ND | 45.0000000% | 39.3800000% | 45.0000000% | 39.3800000% | | | $10,731 |
| BEARD 1 | 30035.001.00 | 3301300332 | BURKE | ND | 90.0000000% | 78.7500000% | 90.0000000% | 78.7500000% | | | $9,388 |
| WEISE SWD 1 | 85080.001.00 | 3307590041 | RENVILLE | ND | 0.0000000% | 0.0000000% | 0.0000000% | 0.0000000% | | | $9,153 |
| MOORE 31 23HR | 40020.001.00 | 3302300135 | DIVIDE | ND | 80.0000000% | 65.1366500% | 80.0000000% | 65.1366500% | | | $8,921 |
| ALBERT 21 25 | 40085.001.00 | 3310501089 | WILLIAMS | ND | 100.0000000% | 83.3333300% | 100.0000000% | 83.3333300% | | | $8,804 |
| ALEXANDER 1 | 30019.001.00 | 3307500978 | RENVILLE | ND | 100.0000000% | 80.0000000% | 100.0000000% | 80.0000000% | | | $8,019 |
| ALEXANDER 2 | 30019.002.00 | 3307501006 | RENVILLE | ND | 100.0000000% | 80.0000000% | 100.0000000% | 80.0000000% | | | $8,019 |
| ALEXANDER 3 | 30019.003.00 | 3307501029 | RENVILLE | ND | 100.0000000% | 80.0000000% | 100.0000000% | 80.0000000% | | | $8,019 |
| HAROLD GRAVSETH 1 | 30050.001.00 | 3300901252 | BOTTINEAU | ND | 68.0000000% | 56.4400000% | 68.0000000% | 56.4400000% | | | $8,019 |
| ZABOLOTNY 8 4 | 40095.001.00 | 3300701431 | BILLINGS | ND | 50.0000000% | 40.0865200% | 50.0000000% | 40.0865200% | | | $7,834 |
| RADLOFF 21D 4 2H | 40096.001.00 | 3300701433 | BILLINGS | ND | 0.0000000% | 1.0907100% | 0.0000000% | 1.0907100% | | | $7,834 |
| STATE 1 36H | 30001.000.00 | 3302300455 | DIVIDE | ND | 100.0000000% | 81.4688000% | 100.0000000% | 81.4688000% | | | $7,255 |
| BAUMAN DRAIN UNIT | 30063.001.00 | CORP | BOTTINEAU | ND | 100.0000000% | 80.6690500% | 100.0000000% | 80.6690500% | | | $6,780 |
| ROWE STATE 1 SWD | 30063.001.00 | 3307500200 | RENVILLE | ND | 21.7000000% | 21.7000000% | 21.7000000% | 21.7000000% | | | $6,102 |
| VATNE 24 1 | 40102.001.00 | 3302300262 | DIVIDE | ND | 50.0000000% | 43.7500000% | 50.0000000% | 43.7500000% | | | $5,749 |
| HAUGEN COATES 2 | 40112.000.00 | 3305302370 | MCKENZIE | ND | 4.8328000% | 4.2286500% | 4.8328000% | 4.2286500% | | | $5,596 |
| HENDERSON UCU 2 SWD | 40097.001.00 | 3300900075 | BOTTINEAU | ND | 56.2500000% | 56.2500000% | 56.2500000% | 56.2500000% | | | $4,882 |
| BALLANTYNE STATE STEINHAUS H1 | 30086.003.00 | 3300902005 | BOTTINEAU | ND | 0.0000000% | 1.2600000% | 0.0000000% | 1.2600000% | | | $4,811 |
| BALLANTYNE STATE STEINHAUS H2 | 30086.004.00 | 3300902129 | BOTTINEAU | ND | 0.0000000% | 0.0000000% | 0.0000000% | 0.0000000% | | | $4,811 |
| FLX 1 22-15 163-91 B | 30091.002.00 | 3301301824 | BURKE | ND | 0.1019500% | 0.1019500% | 0.1019500% | 0.1019500% | | | $4,811 |
| SHEEP FEDERAL 1A | 40108.000.00 | 3305302184 | MCKENZIE | ND | 7.9980600% | 6.6845300% | 7.9980600% | 6.6845300% | | | $4,476 |
| BRONSON 32 25 | 40088.001.00 | 3310500611 | WILLIAMS | ND | 75.7455000% | 62.6211000% | 75.7455000% | 62.6211000% | | | $2,974 |

EXHIBIT A-1
WELLS AND ALLOCATED VALUES

| WELL NAME | WELL NUMBER | API NUMBER | COUNTY | STATE | BPO GWI | BPO NRI | APO GWI | APO NRI | APO 2 GWI | APO 2 NRI | ALLOCATED VALUE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| WILLIAM STEINHAUS 2 | 30087.001.00 | 3300901703 | BOTTINEAU | ND | 0.0000000% | 1.2600000% | 0.0000000% | 1.2600000% | | | $1,604 |
| SAWYER STATE 1 | 30089.001.00 | 3301300837 | BURKE | ND | 0.0000000% | 7.0000000% | 0.0000000% | 7.0000000% | | | $1,604 |
| STROMBECK 1 | 40017.000.00 | 3301301172 | BURKE | ND | 100.0000000% | 85.4166600% | 100.0000000% | 85.4166600% | | | $1,487 |
| KLOSTERMAN 1 | 85067.001.00 | 3307500932 | RENVILLE | ND | 100.0000000% | 71.7999900% | 100.0000000% | 71.7999900% | | | $891 |
| PAUL CARLSON 2 27 | 30066.001.00 | 3307501086 | RENVILLE | ND | 0.0000000% | 1.3888900% | 0.0000000% | 1.3888900% | | | $802 |
| DONALD PETERSON 1 27 | 30067.001.00 | 3307501081 | RENVILLE | ND | 0.0000000% | 1.3888900% | 0.0000000% | 1.3888900% | | | $802 |
| BALLANTYNE STATE 1 | 30086.001.00 | 3300901210 | BOTTINEAU | ND | 0.0000000% | 1.2600000% | 0.0000000% | 1.2600000% | | | $802 |
| BALLANTYNE STATE 3 | 30086.002.00 | 3300901704 | BOTTINEAU | ND | 0.0000000% | 1.2600000% | 0.0000000% | 1.2600000% | | | $802 |
| NELSON 31 1 | 30090.001.00 | 3301301054 | BURKE | ND | 0.0000000% | 0.5997200% | 0.0000000% | 0.5997200% | | | $802 |
| NELSON 31 7 | 30090.002.00 | 3301301055 | BURKE | ND | 0.0000000% | 0.5997200% | 0.0000000% | 0.5997200% | | | $802 |
| ORMISTON UNIT 1 | 30073.001.00 | 3301301347 | BURKE | ND | 0.1721000% | 0.1423200% | 0.1721000% | 0.1423200% | | | $401 |
| ORMISTON 3 26H | 30073.002.00 | 3301301527 | BURKE | ND | 0.6697800% | 0.5700000% | 0.6697800% | 0.5700000% | | | $401 |
| LONE TREE SHERWOOD UNIT | 30012.000.00 | CORP | WARD | ND | 100.0000000% | 82.4573900% | 100.0000000% | 82.4573900% | | | $0 |
| FELT A 1 | 30013.001.00 | 3310100122 | WARD | ND | 100.0000000% | 83.0206200% | 100.0000000% | 83.0206200% | | | $0 |
| MANN A SWD 1 | 30014.001.00 | 3310100126 | WARD | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| PEARSON 1 | 30015.001.00 | 3310100127 | WARD | ND | 100.0000000% | 81.0625000% | 100.0000000% | 81.0625000% | | | $0 |
| LEO GATES 1 | 30017.001.00 | 3307500931 | RENVILLE | ND | 65.0000000% | 51.6208300% | 65.0000000% | 51.6208300% | | | $0 |
| UCU 3 SWD | 30018.002.00 | 3307500571 | RENVILLE | ND | 65.0000000% | 65.0000000% | 65.0000000% | 65.0000000% | | | $0 |
| CAROLYN 1 | 30020.001.00 | 3307500973 | RENVILLE | ND | 100.0000000% | 80.0000000% | 100.0000000% | 80.0000000% | | | $0 |
| DAVIDSON 1 | 30021.001.00 | 3307500967 | RENVILLE | ND | 100.0000000% | 81.0242900% | 100.0000000% | 81.0242900% | | | $0 |
| DAVIDSON 2 | 30021.002.00 | 3307500981 | RENVILLE | ND | 100.0000000% | 81.0242900% | 100.0000000% | 81.0242900% | | | $0 |
| EUGENE 2 | 30022.001.00 | 3307501003 | RENVILLE | ND | 100.0000000% | 81.0242900% | 100.0000000% | 81.0242900% | | | $0 |
| LAUMB 1 | 30023.001.00 | 3307500982 | RENVILLE | ND | 100.0000000% | 80.0000000% | 100.0000000% | 80.0000000% | | | $0 |
| LAUMB 3 | 30023.002.00 | 3307501004 | RENVILLE | ND | 100.0000000% | 80.0000000% | 100.0000000% | 80.0000000% | | | $0 |
| MALI MCKINNEY 1 741 6 | 30026.001.00 | 3307501019 | BOTTINEAU | ND | 100.0000000% | 80.0000000% | 100.0000000% | 80.0000000% | | | $0 |
| EDWIN FELAND 1 | 30029.001.00 | 3300900594 | BOTTINEAU | ND | 95.0000000% | 76.4700000% | 95.0000000% | 76.4700000% | | | $0 |
| HENDERSON UCU 4 | 30032.001.00 | 3300900133 | BURKE | ND | 56.2500000% | 48.0075000% | 56.2500000% | 48.0075000% | | | $0 |
| CHRISTENSON 1 | 30036.001.00 | 3301300502 | BURKE | ND | 95.0000000% | 76.4700000% | 95.0000000% | 76.4700000% | | | $0 |
| OWINGS 1 | 30038.001.00 | 3301300793 | BURKE | ND | 90.0000000% | 74.2500000% | 90.0000000% | 74.2500000% | | | $0 |
| A CHREST 1 | 30041.001.00 | 3301300719 | BURKE | ND | 100.0000000% | 82.5000000% | 100.0000000% | 82.5000000% | | | $0 |
| P WEINMAN 1 | 30044.001.00 | 3301300639 | BURKE | ND | 100.0000000% | 82.5000000% | 100.0000000% | 82.5000000% | | | $0 |
| STEEN 2 | 30046.001.00 | 3301300707 | BURKE | ND | 100.0000000% | 81.2500000% | 100.0000000% | 67.5527400% | | | $0 |
| THOMPSON 1 | 30047.001.00 | 3301300690 | BURKE | ND | 100.0000000% | 78.7500000% | 100.0000000% | 78.7500000% | | | $0 |
| SCHWARTZ 1 | 30048.001.00 | 3301300687 | BURKE | ND | 94.6354200% | 72.8360000% | 94.6354200% | 72.8360000% | | | $0 |
| KVELM 1 | 30056.001.00 | 3300901228 | BOTTINEAU | ND | 53.2500000% | 43.2456600% | 53.2500000% | 43.2456600% | | | $0 |
| ROWE STATE 2 | 30096.001.00 | 3307500258 | RENVILLE | ND | 56.7000000% | 44.2968800% | 56.7000000% | 44.2968800% | | | $0 |
| STARBUCK MADISON UNIT | 30098.000.00 | CORP | BOTTINEAU | ND | 0.0530900% | 0.0464500% | 0.0799500% | 0.0664600% | | | $0 |
| NYGAARD 33 23HR | 40021.001.00 | 3302300142 | DIVIDE | ND | 100.0000000% | 76.5035500% | 100.0000000% | 76.5035500% | | | $0 |
| 20401 JV P LISA 1H | 40027.001.00 | 3302300469 | DIVIDE | ND | 88.4479800% | 72.9695800% | 88.4479800% | 72.9695800% | | | $0 |
| 20401 JV P MICHAEL 1H | 40028.001.00 | 3302300465 | DIVIDE | ND | 81.2500000% | 67.5527400% | 81.2500000% | 67.5527400% | | | $0 |
| 20401 JV P NESS 1 25H | 40029.001.00 | 3302300466 | DIVIDE | ND | 55.5185500% | 46.8564400% | 55.5185500% | 46.8564400% | | | $0 |
| 20401 JV P OLSON 1313 | 40031.000.00 | 3302300401 | DIVIDE | ND | 100.0000000% | 82.4583300% | 100.0000000% | 82.4583300% | | | $0 |
| STATE 16 1 | 40043.001.00 | 3303300091 | GOLDEN VALLEY | ND | 75.0000000% | 62.5000000% | 75.0000000% | 62.5000000% | | | $0 |
| BURNING MINE BUTTE 9 21 | 40049.001.00 | 3305301487 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| CINNAMON CREEK 31 7 | 40050.001.00 | 3305302412 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| BEICEGEL CREEK 27 42 | 40051.001.00 | 3305301294 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| HAY DRAW 32 33 | 40061.001.00 | 3305302249 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| PIERRE CREEK 14 5 | 40071.001.00 | 3305302174 | MCKENZIE | ND | 94.2260400% | 82.9427100% | 94.2260400% | 82.9427100% | | | $0 |
| PIERRE CREEK FEDERAL 14 30 | 40077.001.00 | 3305302204 | MCKENZIE | ND | 100.0000000% | 81.2500000% | 100.0000000% | 81.2500000% | | | $0 |
| NDC A DEEP UNIT 1 | 40082.001.00 | 3310500745 | WILLIAMS | ND | 87.6763400% | 62.1238700% | 87.6763400% | 62.1238700% | | | $0 |
| PEDERSON 5 | 40090.001.00 | 3310501453 | WILLIAMS | ND | 100.0000000% | 87.6763400% | 100.0000000% | 87.6763400% | | | $0 |
| SKARDERUD 10 7 | 40091.000.00 | 3310501062 | WILLIAMS | ND | 76.2931000% | 62.1238700% | 76.2931000% | 62.1238700% | | | $0 |
| TOTAL STATE 1 36 | 40093.000.00 | 3310501057 | WILLIAMS | ND | 100.0000000% | 85.6428500% | 100.0000000% | 85.6428500% | | | $0 |
| UNION MCGINNITY 1 6 | 40094.001.00 | 3310501105 | WILLIAMS | ND | 100.0000000% | 62.5000000% | 100.0000000% | 62.5000000% | | | $0 |
| WERRE B 17H | 40100.001.00 | 3301101390 | BOWMAN | ND | 25.0000000% | 21.6608000% | 24.5659700% | 21.2847200% | | | $0 |

EXHIBIT A-1
WELLS AND ALLOCATED VALUES

| WELL NAME | WELL NUMBER | API NUMBER | COUNTY | STATE | BPO GWI | BPO NRI | APO GWI | APO NRI | APO 2 GWI | APO 2 NRI | ALLOCATED VALUE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| KIELSHUS 1 | 40103.001.00 | 3302300409 | DIVIDE | ND | 0.0000000% | 1.1364000% | 0.0000000% | 1.1364000% | | | $0 |
| KUDRNA B 1 | 40104.001.00 | 3302500263 | DUNN | ND | 24.2102000% | 21.0467400% | 24.2102000% | 21.0467400% | | | $0 |
| KUKA A 1 | 40105.001.00 | 3302500293 | DUNN | ND | 29.1250000% | 25.3194000% | 29.1250000% | 25.3194000% | | | $0 |
| F SKACHENKO A 1 | 40106.001.00 | 3302500349 | DUNN | ND | 29.1250000% | 25.3193800% | 29.1250000% | 25.3193800% | | | $0 |
| J W LAW 1 | 40107.001.00 | 3305300651 | MCKENZIE | ND | 0.0000000% | 0.0000000% | 8.7500000% | 7.6562500% | | | $0 |
| HAUGEN 2 | 40109.000.00 | 3305302277 | MCKENZIE | ND | 3.6469600% | 3.1341200% | 3.6469600% | 3.1341200% | | | $0 |
| N D STATE 4 | 40110.001.00 | 3305302366 | MCKENZIE | ND | 0.0000000% | 0.0000000% | 8.7500000% | 7.6563500% | 8.7500000% | 7.9160000% | $0 |
| J W LAW 2 | 40111.000.00 | 3305302367 | MCKENZIE | ND | 11.7260800% | 10.2474800% | 8.7500000% | 7.6563500% | | | $0 |
| FEDERAL 12 15 | 40113.000.00 | 3305302525 | MCKENZIE | ND | 7.9980500% | 6.7583500% | 7.9980500% | 6.7583500% | | | $0 |
| ND STATE 6 16 | 40114.000.00 | 3305302532 | MCKENZIE | ND | 8.7500000% | 7.6562600% | 8.7500000% | 7.6562600% | | | $0 |
| ND STATE 5 16 | 40115.001.00 | 3305302533 | MCKENZIE | ND | 0.0000000% | 0.0000000% | 8.7500000% | 7.6562500% | | | $0 |
| HAUGEN 3 9 | 40116.000.00 | 3305302537 | MCKENZIE | ND | 3.6636600% | 3.1485000% | 3.6636600% | 3.1485000% | | | $0 |
| HAUGEN COATES 2 4 | 40117.001.00 | 3305302576 | MCKENZIE | ND | 4.3090000% | 3.7336000% | 3.7891800% | 3.3155300% | | | $0 |
| TRUE FEDERAL 31 32 | 40118.001.00 | 3305304375 | MCKENZIE | ND | 0.0000000% | 0.0000000% | 47.5000000% | 41.5625000% | | | $0 |
| STEVENS 1 | 40119.001.00 | 3305300598 | MCKENZIE | ND | 1.5625000% | 1.2890600% | 1.5625000% | 1.2890600% | | | $0 |
| FEDERAL 14 14 | 40120.001.00 | 3305301043 | MCKENZIE | ND | 37.5000000% | 30.9375000% | 37.5000000% | 30.9375000% | | | $0 |
| FEDERAL RIVET 6 5 | 40124.001.00 | 3305302395 | MCKENZIE | ND | 100.0000000% | 80.8124700% | 100.0000000% | 80.8124700% | | | $0 |
| BULL MOOSE 22 32F | 40144.000.00 | 3305300824 | MCKENZIE | ND | 97.0140000% | 80.0365500% | 97.0140000% | 80.0365500% | | | $0 |
| CINNAMON CREEK FED 14 24HR | 40145.000.00 | 3305302479 | MCKENZIE | ND | 50.0000000% | 43.7500000% | 50.0000000% | 43.7500000% | | | $0 |
| FLAT TOP BUTTE 15 22 | 40146.000.00 | 3305301030 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| FLAT TOP BUTTE 15 34 | 40147.000.00 | 3305301345 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| FLAT TOP BUTTE NELSON 11 24 | 40148.000.00 | 3305302456 | MCKENZIE | ND | 75.0000000% | 63.3750000% | 75.0000000% | 63.3750000% | | | $0 |
| RIDER 4 13 | 40149.001.00 | 3305300301 | GOLDEN VALLEY | ND | 98.6824200% | 0.0000000% | 98.6824200% | 0.0000000% | | | $0 |
| SNOWCOVER 13 33 | 40150.000.00 | 3305301609 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| SNO 2 28E | 40151.002.00 | 3300701820 | BILLINGS | ND | 82.4167000% | 82.4167000% | 82.4167000% | 82.4167000% | | | $0 |
| HAY DRAW 21 33 | 40152.001.00 | 3305303556 | MCKENZIE | ND | 100.0000000% | 100.0000000% | 100.0000000% | 100.0000000% | | | $0 |
| E M BUCKSHOT 36 4 H | 85027.001.00 | 3301301344 | BURKE | ND | 50.0000000% | 39.0000000% | 50.0000000% | 39.0000000% | | | $0 |
| BERGLOF 1 A | 85064.001.00 | 3307501080 | RENVILLE | ND | 100.0000000% | 83.5000000% | 100.0000000% | 83.5000000% | | | $0 |
| CARROLL AITKEN 1 | 85065.001.00 | 3307500520 | RENVILLE | ND | 100.0000000% | 83.8949900% | 100.0000000% | 83.8949900% | | | $0 |
| LEO PRESKEY 3 | 85072.001.00 | 3307500825 | RENVILLE | ND | 100.0000000% | 70.6205000% | 100.0000000% | 70.6205000% | | | $0 |
| N SHARP 2 SWD | 85075.001.00 | 3307500318 | RENVILLE | ND | 0.0000000% | 0.0000000% | 0.0000000% | 0.0000000% | | | $0 |
| SHARP 1 | 85078.001.00 | 3307500533 | RENVILLE | ND | 76.0000100% | 76.0000100% | 76.0000100% | 76.0000100% | | | $0 |
| FEDERAL RIVET 6 6 | 85100.000.00 | 3305302482 | MCKENZIE | ND | 100.0000000% | 75.5000000% | 100.0000000% | 75.5000000% | | | $0 |
| FEDERAL RIVET 6 7 | 85101.001.00 | 3305302481 | MCKENZIE | ND | 92.2500000% | 79.7267700% | 86.0100000% | 70.6205000% | | | $0 |
| HAGEN 23 13H | 40153.001.00 | 3305303502 | MCKENZIE | ND | 0.0000000% | 0.0000000% | 2.0833300% | 1.8229200% | | | $0 |
| HAGEN FEDERAL 41 25 25 30H | 40154.001.00 | 3305304251 | MCKENZIE | ND | 0.0000000% | 0.0000000% | 13.8937500% | 12.1570300% | | | $0 |
| HEGGEN 2 | 30095.001.00 | 3305301515 | MCKENZIE | ND | 1.7291000% | 1.7291000% | 0.0000000% | 1.7291000% | | | $0 |
| HANSON 22 3 | 30091.001.00 | 3301301071 | BURKE | ND | 0.1339800% | 0.1339800% | 0.0000000% | 0.1339800% | | | $0 |
| BARBARA 1 21H | 30074.001.00 | 2508322395 | RICHLAND | MT | 0.0000000% | 0.0703900% | 0.0000000% | 0.0703900% | | | $0 |
| BARBARA 2 28 | 30075.001.00 | 2508322620 | RICHLAND | MT | 0.0000000% | 0.0703900% | 0.0000000% | 0.0703900% | | | $0 |
| BARBARA 3 28H | 30075.002.00 | 2508323191 | RICHLAND | MT | 0.0000000% | 0.0703900% | 0.0000000% | 0.0703900% | | | $0 |
| BARBARA 4 28H | 30075.003.00 | 2508323192 | RICHLAND | MT | 0.0000000% | 0.0703900% | 0.0000000% | 0.0703900% | | | $0 |
| ROGNAS BARBARA HSU | 30103.001.00 | 2508323123 | RICHLAND | MT | 0.0352000% | 0.0352000% | 0.0000000% | 0.0352000% | | | $0 |
| CASING/TUBULARS/EQUIPMENT | | | | | | | | | | | $652,153 |
| VEHICLES | | | | | | | | | | | $225,000 |
| BUILDINGS AND STRUCTURES | | | | | | | | | | | $215,000 |
| TOTAL | | | | | | | | | | | $45,000,000 |

## **EXHIBIT B**

**EXCLUDED ASSETS**

-None-

## **EXHIBIT C**

## **MATERIAL CONTRACTS**

[See attached]

Exhibit C

**EXHIBIT C**
**MATERIAL CONTRACTS**

| LSE TYPE | LEASE NO | LEASE NAME | LESSEE NAME | EFF DATE | STATE | REC COUNTY | BOOK | PAGE | ENTRY | LEGAL DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|
| SUR | 310000.000 | ANITA GRONIG | CHINDLER & ASSOCIATES INC | 11/17/93 | ND | RENVILLE | | | | LEASE AND AGREEMENT FOR SALT WATER DISPOSAL<br>T164N-R83W<br>SEC 18, 22NW |
| SUR | 310000.000 | WANDA LYNN BROWN BOYER | DEPCO INC. | 4/15/1971 | ND | WARD | 183 | 17 | | T156N-R83W<br>SEC 13 LOT4M |
| SUR | 310000.000 | STAIRE DAVID MEYER | TENNECO OIL COMPANY | 6/2/1985 | ND | RENVILLE | 210 | 157 | 144095 | T164N-R86W<br>SEC 27 NESW |
| EASE | 310000.000 | FRANCIS J. NEUHAM ETUX | NEXEN OIL AND GAS USA INC | 6/21/2001 | ND | WARD | | | 2797868 | T156N-R86W<br>SEC 26 SWSE |
| SUR | 310005.000 | GILBERT SIVERTSON ETUX | WARD WILLISTON OIL COMPANY | 3/11/1996 | ND | BOTTINEAU | 347 | 208 | 330122 | LEASE EASE ENERGY FOR TANK BATTERY SITE<br>T160N-R79W<br>SEC 36 NWSW (CONTAINING APPROXIMATELY 2 ACRES) |
| SUR | 310006.000 | TEN DAYN ETUX | WARD WILLISTON OIL COMPANY | 9/1/2005 | ND | BOTTINEAU | | | | T159N-R80W<br>SEC 1 LE |
| ROW | 310009.000 | RODNEY TENNYSON ETAL | SAMEDAN OIL CORPORATION | 1/5/1999 | ND | BOTTINEAU | | | | T158N-R85W<br>SEC 25 SWNW<br>ROW AND WELLSITE LOCATION FOR TENNYSON 43-25 WELL AKA ANTLER RADIAL UNIT<br>43-25 |
| ROW | 310009.000 | FOSS LIVING TRUST DTD 3/3/95 | SAMEDAN OIL CORPORATION | 1/5/1999 | ND | | | | | T158N-R85W<br>SEC 25 NWSE<br>ROW AND WELLSITE LOCATION FOR THE FARL 33-25 No FOSS 33-25 WELL |
| SUR | 310001.000 | KASPER AND ANITA GRONES | ALLISON & WARNKE EXPLORATION INC | 7/20/1983 | ND | RENVILLE | | | | T164N-R83W<br>SEC 35 SW |
| ROW | 310001.000 | EARL CHRIST JR | WARD WILLISTON OIL COMPANY | 12/6/2011 | ND | RENVILLE | | | | T163N-R95W<br>SEC 28 NW |
| SUR | 310003.000 | RODNEY TENNYSON ETUX | SAMEDAN OIL CORPORATION | 11/20/1997 | ND | BOTTINEAU | | | | T158N-R85W<br>SEC 25 NE |
| ROW | 310011.000 | FOSS LIVING TRUST DTD 3/3/95 | SAMEDAN OIL CORPORATION | 12/23/1997 | ND | BOTTINEAU | | | | T158N-R85W<br>SEC 25 NE5E |
| ROW | 310022.000 | CHOP STRAND | WARD WILLISTON OIL COMPANY | 9/1/2011 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R84W<br>SEC 16, NNE BEING 3FRF FRL AND 3SW FRL |
| SUR | 310002.000 | KENNY HAARSAGER | WARD WILLISTON OIL COMPANY | 10/10/2011 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE USE AGREEMENT<br>T162N-R84W<br>SEC 4, BEING 5SE, BEING 5NE FRL |
| SUR | 310006.000 | DALE HAARSAGER | WARD WILLISTON OIL COMPANY | 4/21/2011 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R84W<br>SEC 35 NWNW |
| SUR | 310005.000 | MILTON ENGEBRETSON | WARD WILLISTON OIL COMPANY | 10/17/2011 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE USE AGREEMENT<br>T162N-R84W<br>SEC 9, BEING 5NW FRL, NEF FRL |
| SUR | 310026.000 | MARY JENSEN | WARD WILLISTON OIL COMPANY | 11/22/2011 | ND | BURKE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R91W<br>SEC 24 SE |
| SUR | 310007.000 | BETTY KRAUSE | WARD WILLISTON OIL COMPANY | 1/6/2012 | ND | RENVILLE | 1966A3199<br>GR | 1946/11844<br>) | 121 472 | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R84W<br>SEC 34, BEING 3SWF FRL, 3FRF FRL |
| SUR | 310030.000 | RE BALLANTYNE LLC | WARD WILLISTON OIL COMPANY | 12/20/2010 | ND | RENVILLE<br>RENVILLE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T164N-R84W<br>SEC 16 105SE, BEING 10SF FRL, 10FSF FRL<br>ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T164N-R84W<br>SEC 16 105SE, BEING 1W FRL, 15F FRL |
| SUR | 310002.000 | SAM OLSON FAMILY LLP | WARD WILLISTON OIL COMPANY | 1/7/2012 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R84W<br>SEC CM, BEING 16SE FRL, 16NE FRL |
| SUR | 310000.000 | SAM OLSON FAMILY LLP | WARD WILLISTON OIL COMPANY | 1/31/2012 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R84W<br>SEC CM, BEING 9SE FRL |
| SUR | 310001.000 | BRUCE OR NORENE JOHNSON | WARD WILLISTON OIL COMPANY | 2/24/2011 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R84W<br>SEC 9, NWNW, BEING 2NE FRL, 3152 EY FRL |
| SUR | 310001.000 | BRUCE OR NORENE JOHNSON | WARD WILLISTON OIL COMPANY | 2/24/2011 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R84W<br>SEC 9, NWNW, BEING SWF FRL, 1575 FRL |
| ROW | 310005.000 | RE BALLANTYNE LLC | WARD WILLISTON OIL COMPANY | 1/24/2011 | ND | RENVILLE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>T162N-R84W<br>SEC 9, NWNW, BEING 56F FRL, 1575 FFL |
| SUR | 310004.000 | DOUG BEARD | WARD WILLISTON OIL COMPANY | 3/1/2012 | ND | BURKE | | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT<br>BEARD TANK BATTERY FACILITY<br>FLOW LINE TO CROSS OVER ILAM PROPERTY FROM GRANDAML 1 WELL TO THE BEARD 1<br>WELL AND A FLOW LINE TO CROSS FROM THE WEIMANN 2 TO THE BEARD 2<br>T162N-R91W |
| SUR | 310005.000 | DONNA STRAND | ENCANO OPERATING LLC | 10/10/2012 | ND | RENVILLE | | | | SEC 7 SW<br>SURFACE USE AND DAMAGE AGREEMENT |

Exhibit C - 1

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | ID | Party | Operator | Date | County | Num1 | Num2 | Num3 | Description |
|---|---|---|---|---|---|---|---|---|---|
| SUR | 33.0000,000 | WAYNE HILLIE BUILT | ENDURO OPERATING LLC | 10/19/2012 | NO | RENVILLE | | 177726 | T#2N R#8W SEC 30 %%N% COMPRISED OF APPROXIMATELY 5 ACRES |
| SUR | 33.0005,000 | RONN LLC | ENDURO OPERATING LLC | 10/19/2012 | NO | RENVILLE | 177 | 177725 | SURFACE USE AND DAMAGE AGREEMENT T#2N R#8W SEC 30 %%N% COMPRISED OF APPROXIMATELY 5 ACRES |
| SUR | 33.0004,000 | DANNY OLSON | ENDURO OPERATING LLC | 10/19/2012 | NO | RENVILLE | 31AW | | SEC 29 %%N% COMPRISED OF APPROXIMATELY 5 ACRES |
| SUR | 33.0006,000 | RODNEY TENNYSON | WARD WILLISTON OIL COMPANY | 11/27/2012 | NO | ROTTINEAU | | 402390 | SURFACE USE AND DAMAGE AGREEMENT T#2N R#8W SEC 26 %%E% |
| SUR | 33.0074,000 | KAREN STOFFICK, #NETT LLUNGSON | ENDURO OPERATING LLC | 3/1/2013 | NO | RENVILLE / RENVILLE | 31AW 31AW | 405 398 | SURFACE USE AND DAMAGE AGREEMENT T#2N R#8W SEC 26 %%E% 196808 196808 |
| SUR | 33.0077,000 | BRUCE F JOHNSON ETUX | ENDURO OPERATING LLC | 7/18/2013 | NO | RENVILLE | 315AW | 509 | 197582 ACCESS AND SURFACE DAMAGE AND USE AGREEMENT T#2N R#8W SEC 8 %%W% |
| SUR | 33.0078,000 | STRANG FAMILY TRUST B | ENDURO OPERATING LLC | 9/1/2013 | NO | RENVILLE | 315AW | 180 | 197542 ACCESS AND SURFACE DAMAGE AND USE AGREEMENT T#2N R#8W SEC 35 %%W% CONTAINING 2.5 ACRES MORE OR LESS |
| SUR | 33.0079,000 | STRANG FAMILY TRUST B | ENDURO OPERATING LLC | 9/1/2013 | NO | RENVILLE | 315AW | 186 | 197840 ACCESS AND SURFACE DAMAGE AND USE AGREEMENT T#2N R#8W SEC 35 %%NW% , 2.5 ACRES MORE OR LESS |
| SUR | 33.0080,000 | CINDY STRAND | ENDURO OPERATING LLC | 9/1/2013 | NO | RENVILLE | 315AW | 173 | 197841 ACCESS AND SURFACE DAMAGE AND USE AGREEMENT T#2N R#8W SEC 35 %%NW% CONTAINING 2.5 ACRES MORE OR LESS |
| SUR | 33.0081,000 | WANDA HENRY | ENDURO OPERATING LLC | 10/1/2013 | NO | ROTTINEAU / RENVILLE | 315AW | 608 | 803 360 338 829 ACCESS AND SURFACE DAMAGE AND USE AGREEMENT T#2N R#8W SEC 35 %%NW% CONTAINING 2.5 ACRES MORE OR LESS |
| SUR | 33.0081,000 | MARSHALL A MORGAN | ENDURO OPERATING LLC | 9/1/2013 | NO | RENVILLE | 315AW | 561 | 196074 ACCESS AND SURFACE DAMAGE AND USE AGREEMENT T#2N R#8W SEC 35 %%NW% CONTAINING 2.5 ACRES MORE OR LESS |
| SUR | 33.0084,000 | MARSHALL A MORGAN | ENDURO OPERATING LLC | 9/1/2013 | NO | RENVILLE | | | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT T#2N R#8W SEC 25 101W CONTAINING 2.5 ACRES MORE OR LESS |
| SUR | 33.0085,000 | LORENZ WEINMANN | ENDURO OPERATING LLC | 9/20/2013 | NO | BURKE | | 246170 | SALTWATER DISPOSAL AND SURFACE USE LEASE WEINMANN 1 T#2N R#8W SEC 7 %%N% |
| SUR | 33.0087,000 | BRUCE F JOHNSON ETUX | ENDURO OPERATING LLC | 11/1/2013 | NO | RENVILLE | 317AW | 59 | 198125 SURFACE USE AND DAMAGE AGREEMENT T#2N R#8W SEC 4 101E CONTAINING APPROXIMATELY 2.5 ACRES MORE OR LESS TO ACCESS THE LEONA 4-43 WELL |
| SUR | 33.0088,000 | MAKEEVE DESCHAMP | ENDURO OPERATING LLC | 10/1/2013 | NO | ROTTINEAU | | | 403339 SURFACE USE AND DAMAGE AGREEMENT %DS 1-7%% H T#2N R#7W SEC 20 %%NW% |
| SUR | 33.0089,000 | RONN LLP | ENDURO OPERATING LLC | 1/31/2012 | NO | RENVILLE | 317AW | 339 | 196438 SURFACE USE AND DAMAGE AGREEMENT %#PGI TEST FACILITY T#2N R#8W SEC 20 101NE |
| SUR | 33.0090,000 | CURTIS BAHL | ENDURO OPERATING LLC | 12/7/2013 | NO | RENVILLE | 317AW | 183 | 198441 SURFACE USE AND DAMAGE AGREEMENT %%NDO3 PIPELINES T#2N R#8W SEC 20 101E |
| SUR | 33.0091,000 | RONN LLP | ENDURO OPERATING LLC | 12/7/2013 | NO | RENVILLE | 317AW | 162 | 198440 SURFACE USE AND DAMAGE AGREEMENT T#2N R#8W SEC 35 101W |
| SUR | 33.0094,000 | MAKEEVE DESCHAMP | ENDURO OPERATING LLC | 1/1/2014 | NO | ROTTINEAU | | | 403362 SURFACE USE AND DAMAGE AGREEMENT T#2N R#7W SEC 20 101W CONTAINING APPROXIMATELY 2.5 ACRES ALLOWING ACCESS TO %DS 1-7%% |
| SWD | 33.0095,000 | SM ENERGY COMPANY | ENDURO OPERATING LLC | 3/1/2014 | NO | MCKENZIE | | | SALT WATER DISPOSAL AGREEMENT RUNNING BARE BUTTE 3-21 T#2N R#8W SEC 5 %%NW% |
| SUR | 33.0084,000 | UN RONNE MATTILDER ETAL | ENDURO OPERATING LLC | 2/26/2014 | NO | ROTTINEAU | | 404138 | PERMANENT EASEMENT AGREEMENT T#2N R#7W SEC 20 %%SE% %%%N%% CONTAINING 28 RODS |
| SUR | 33.0085,000 | FRANKLIN D HLLINGTOX | ENDURO OPERATING LLC | 4/8/2014 | NO | DIVIDE | 31WM | 443 | 276689 PERMANENT EASEMENT AGREEMENT T#2N R#8W |

Exhibit C - 2

**EXHIBIT C**
**MATERIAL CONTRACTS**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| SUR | 33.0035.000 | ENDURO OPERATING LLC | JANICE M HANSON | 4/10/2014 | NO | DIMMIT | 37RM | 147 | 278179 | PERMANENT EASEMENT AGREEMENT T16SN R78W SEC 26: SW¼ BEING 50 IN WIDTH, 2887.36 LENGTH (9.13 RODS) |
| SUR | 33.0052.000 | ENDURO OPERATING LLC | SHAYNE TELAND | 4/10/2014 | NO | BOTTINEAU DIMMIT | 37RM | 441 | 404949; 278080 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W SEC 20: NE¼ SW ALLOWING ACCESS ROAD OF APPROXIMATELY 1 ACRES, MORE OR LESS TO NNW [2.085] |
| SUR | 33.0036.000 | ENDURO OPERATING LLC | ROBERTA A HENRY TRUST | 4/10/2014 | NO | BOTTINEAU | | | 404881 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W SEC 9: SW WHERE THE NE½ N ¼ NE½ TESH S WELL SITE, ALONG WITH ACCESS ROAD CONTAINING APPROXIMATELY 3 ACRES, MORE OR LESS |
| SUR | 33.0038.000 | ENDURO OPERATING LLC | S M DOLSON FAMILY LLP | 4/21/2014 | NO | RENVILLE | 33 RM | 406 | 395170 | SURFACE USE AND DAMAGE AGREEMENT N6SN2 (M-H) WELL T162N R85W |
| SUR | 33.0039.000 | ENDURO OPERATING LLC | DARRELL LOSSMANN T52N | 4/21/2014 | NO | RENVILLE | 33 RM | 692 | 395185 | SURFACE USE AND DAMAGE AGREEMENT OF APPROXIMATELY 5 ACRES MORE OR LESS T159N R85W, 7P6 PAR |
| SUR | 33.0040.000 | ENDURO OPERATING LLC | DARRELL LOSSMANN T52N | 4/21/2014 | NO | RENVILLE | 33 RM | 678 | 395183 | SURFACE USE AND DAMAGE AGREEMENT SEC 6: 34A6 CONTAINING APPROXIMATELY 5 ACRES MORE OR LESS ALLOWING ACCESS T159N R85W, 7P6 PAR |
| SUR | 33.0041.000 | ENDURO OPERATING LLC | DARRELL LOSSMANN T52N | 4/21/2014 | NO | RENVILLE | 33 RM | 385 | 395164 | SURFACE USE AND DAMAGE AGREEMENT SEC 6: LOT 3 (NW¼) CONTAINING APPROXIMATELY 5 ACRES MORE OR LESS ALLOWING ACCESS T159N R85W, 159 134 WELL |
| SUR | 33.0042.000 | ENDURO OPERATING LLC | WANDA HENRY | 4/21/2014 | NO | BOTTINEAU | | | 404946 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W |
| SUR | 33.0035.000 | ENDURO OPERATING LLC | PATRICIA GOODIN | 4/21/2014 | NO | BOTTINEAU | 37 RM | | 404947 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W SEC 19: X1 CONTAINING 1 ACRES, MORE OR LESS ALLOWING ACCESS TO N6SN2 (M-H) |
| SUR | 33.0036.001 | ENDURO OPERATING LLC | CLYDE W ESTEN | 4/21/2014 | NO | BOTTINEAU | | | 406279 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W SEC 19: X1 CONTAINING 1 ACRES, MORE OR LESS ALLOWING ACCESS TO N6SN2 (M-H) |
| SUR | 33.0054.000 | ENDURO OPERATING LLC | WANDA HENRY | 5/2/2014 | NO | BOTTINEAU | | | 405135 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W SEC 27: NE - CDE SEC 22: W½SW - SE |
| SUR | 33.0048.000 | ENDURO OPERATING LLC | CURTIS BAHL | 5/2/2014 | NO | RENVILLE | 33 RM | 238 | 395241 | PERMANENT GUARANTY EASEMENT AGREEMENT T16SN R78W GRANTING 50' WIDE PERMANENT EASEMENT (60 RODS) |
| SUR | 33.0058.000 | ENDURO OPERATING LLC | MARILYN MATTFELD T52N | 5/14/2014 | NO | DIMMIT BOTTINEAU | 381M | 424 | 278124 405132 | SURFACE USE AND DAMAGE AGREEMENT SEC 9: 18X3 CONTAINING APPROXIMATELY 3 ACRES MORE OR LESS ALLOWING ACCESS TO APP 28.46 T16SN R78W SEC 13: 19HM |
| SUR | 33.0060.000 | ENDURO OPERATING LLC | TWYLA JEAN CHUN KEV 7P STD 102 EN'S | 5/2/2014 | NO | BOTTINEAU | | | 405100 | SURFACE USE AND DAMAGE AGREEMENT CONTAINING APPROXIMATELY 4 ACRES, MORE OR LESS ALLOWING ACCESS TO SE¼ 21.5 PCT T16SN R78W SEC 6: HM CONTAINING APPROXIMATELY 4 ACRES, MORE OR LESS ALLOWING ACCESS TO N6SN2 F 739 H 6 & G 720 H¼ |
| SUR | 33.0070.000 | ENDURO OPERATING LLC | FRANKLIN AND ANNE MARIE ERICKSON | 4/21/2014 | NO | RENVILLE | 33 RM | 405 | 395168 | SURFACE USE AND DAMAGE AGREEMENT T162N R85W SEC 6 LOT 5 (NE¼) CONTAINING APPROXIMATELY 4 ACRES, MORE OR LESS ALLOWING ACCESS TO ARPP 25.41 WELL |
| SUR | 33.0071.000 | ENDURO OPERATING LLC | PAUL M SMITH | 5/2/2014 | NO | BOTTINEAU | | | 405130 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W SEC 6: X3N6 CONTAINING APPROXIMATELY 4 ACRES, MORE OR LESS ALLOWING ACCESS TO NRP 25.41 WELL |
| SUR | 33.0072.000 | ENDURO OPERATING LLC | GRAVESETH FARMS LLP | 4/21/2014 | NO | BOTTINEAU | | | 405411 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W SEC 15: 10X4 CONTAINING APPROXIMATELY 4 ACRES, MORE OR LESS ALLOWING ACCESS TO N6SN2 H 714 H & HN6SN 714 H2 |
| SUR | 33.0073.000 | ENDURO OPERATING LLC | JANICE M HANSON | 6/19/2014 | NO | DIMMIT | | 381M | 81 | 279398 | SURFACE USE AND DAMAGE AGREEMENT T16SN R78W SEC 26: SW¼ CONTAINING APPROXIMATELY 4 ACRES MORE OR LESS ALLOWING ACCESS TO SSG 13 24H |

Exhibit C - 3

**EXHIBIT C**
**MATERIAL CONTRACTS**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| SUR | 33.0074.00A | PAUL LAND AGENT/W. HONNIE KEY TR | ENDURO OPERATING LLC | 5/22/2014 | NO | RENVILLE | 33344 | 467 | 199410 | SURFACE USE AND DAMAGE AGREEMENT  T163N-R85W  SEC 29: SWD, CONTAINING APPROXIMATELY 0.4 ACRES ALLOWING ACCESS TO HARVEY 29-44 WELL |
| SUR | 33.0074.00B | PHILOMENA T. HONNIE ESTATE | ENDURO OPERATING LLC | 5/22/2014 | NO | ROTTINEAU AND RENVILLE | 33344 | 470 | 199411 | SURFACE USE AND DAMAGE AGREEMENT  T163N-R85W  SEC 29: SWD, CONTAINING APPROXIMATELY 0.4 ACRES ALLOWING ACCESS TO HARVEY 29-44 WELL |
| SUR | 33.0074.00C | DANNY OLSON AND STEVE OLSON | ENDURO OPERATING LLC | 6/1/2014 | NO | RENVILLE | 33336W | 475 | 199412 | SURFACE USE AND DAMAGE AGREEMENT  T163N-R85W  SEC 29: SWD, CONTAINING APPROXIMATELY 0.4 ACRES ALLOWING ACCESS TO HARVEY 29-44 WELL |
| SUR | 33.0075.000 | SCHOENBERG FARMS LLP | ENDURO OPERATING LLC | 5/23/2014 | NO | ROTTINEAU | | | 403838 | SURFACE USE AND DAMAGE AGREEMENT  T163N-R83W  SEC 30: NW/SW, CONTAINING APPROXIMATELY 5 ACRES, MORE OR LESS, ALLOWING ACCESS TO BALTA 30-13 H1 |
| SUR | 33.0078.000 | BRUCE ZAHOWAL | ENDURO OPERATING LLC | 6/24/2014 | NO | DIVIDE | 38214 | 84 | 279099 | PERMANENT PIPELINE EASEMENT  T163N-R95W  SEC 23: ZONE BEING 50' IN WIDTH, 1,887' IN LENGTH (114 RODS) |
| SUR | 33.0078.000 | FRANKLIN J. ELLEND TRUST | ENDURO OPERATING LLC | 7/17/2014 | NO | DIVIDE | | | 279638 | PERMANENT EASEMENT AGREEMENT  T163N-R95W  SEC 13 14 |
| SUR | 33.0079.000 | TAYLA ONE CHURCH TR STD 10/24/93 | ENDURO OPERATING LLC | 7/23/2014 | NO | ROTTINEAU | | | 406808 | BURIAL SITE WIRE, CONTAINING 164 RODS  PERMANENT EASEMENT AGREEMENT  T163N-R79W  SEC 6: E2SW |
| SUR | 33.0080.000 | LYA BORINO NETTLER ETAL | ENDURO OPERATING LLC | 6/1/2014 | NO | ROTTINEAU | | | 406817 | CONTAINING 21 RODS, 50' IN WIDTH  EASEMENT AND RIGHT OF WAY  T163N-R79W  SEC 6: SWNW CONTAINING 70.52' |
| SUR | 33.0081.000 | WANDA HENRY | ENDURO OPERATING LLC | 7/1/2014 | NO | ROTTINEAU | | | 406514 | SURFACE USE AND DAMAGE AGREEMENT  T163N-R79W  SEC 21: SE CONTAINING APPROXIMATELY 3 ACRES, MORE OR LESS ALLOWING ACCESS TO DRILLSITE NOU 0708-H1 |
| SUR | 33.0082.000 | PATRICIA GOODIN | ENDURO OPERATING LLC | 7/1/2014 | NO | ROTTINEAU | | | 406516 | SURFACE USE AND DAMAGE AGREEMENT  T163N-R79W  SEC 21: SE CONTAINING APPROXIMATELY 3 ACRES, MORE OR LESS ALLOWING ACCESS TO DRILLSITE NOU 0708-H1 |
| SUR | 33.0083.000 | WANDA HENRY | ENDURO OPERATING LLC | 8/1/2014 | NO | ROTTINEAU | | | 406515 | SURFACE USE AND DAMAGE AGREEMENT  T163N-R79W  SEC 22: SWSE CONTAINING APPROXIMATELY 3 ACRES, MORE OR LESS ALLOWING ACCESS  T163N-R79W  TO DRILLSITE NOU 0708-H1 |
| SUR | 33.0083.000 | PLAINVIEW FARM INC | ENDURO OPERATING LLC | 8/1/2014 | NO | ROTTINEAU | | | 406517 | PERMANENT EASEMENT AGREEMENT  T163N-R79W  SEC 17: SISE (USE AND EXCEPT OUTLOT 1, OUTLOT 2, OUTLOT 3, AND OUTLOT 4 |
| SUR | 33.0084.000 | ARSELLA HOLTE | ENDURO OPERATING LLC | 6/24/2014 | NO | DIVIDE | 38734 | 487 | 280799 | CONTAINING 58 RODS, 50' IN WIDTH  PERMANENT EASEMENT AGREEMENT  T163N-R95W  SEC 13 SW |
| SUR | 33.0085.000 | STEVEN HOLTE | ENDURO OPERATING LLC | 8/25/2014 | NO | DIVIDE | 388 | 437 | 281112 | BURIAL SITE WIRE, CONTAINING 27 NET RODS RODS  PERMANENT EASEMENT AGREEMENT  T163N-R95W  SEC 13 SW |
| SUR | 33.0085.001 | STAR FAMILY LAND 7TH LLP | ENDURO OPERATING LLC | 2/5/2014 | NO | ROTTINEAU | | | 406440 | BURIAL SITE WIRE, CONTAINING 27 NET RODS RODS  SURFACE USE AND DAMAGE AGREEMENT  NDCU R79 1/R1  T163N-R79W  SEC 21: SE CONTAINING APPROXIMATELY 3 ACRES MORE OR LESS |
| SUR | 33.0040.000 | STAR FAMILY LAND 7TH LLP | ENDURO OPERATING LLC | 2/5/2014 | NO | ROTTINEAU | | | 406441 | SURFACE USE AND DAMAGE AGREEMENT  NDCU R79 1-H2  T163N-R79W  SEC 21: SE CONTAINING APPROXIMATELY 3 ACRES MORE OR LESS |
| SUR | 33.0045.000 | STAR FAMILY LAND 7TH LLP | ENDURO OPERATING LLC | 2/5/2014 | NO | ROTTINEAU | | | 406539 | SURFACE USE AND DAMAGE AGREEMENT  NDCU 0723 H1  T163N-R79W  SEC 23: NW CONTAINING APPROXIMATELY 3 ACRES MORE OR LESS |
| SUR | 33.0046.000 | LOIS LEE FAMILY TRUST STD 7/16/2008 | ENDURO OPERATING LLC | 5/7/2014 | NO | ROTTINEAU | | | 406516 | PERMANENT EASEMENT AGREEMENT  T163N-R79W  SECTION 31 E1SE |

Exhibit C - 4

**EXHIBIT C**
**MATERIAL CONTRACTS**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LEASE | 3190407.000 | LEE FAMILY TR (MO THOMAS N) ET | ENGAND DPERATING LLC | 5/6/2014 | NO | ROTTINEAU | 406400 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SECTION 31: E1SE<br><br>BEING 247 [2] RODS |
| LEASE | 3190408.000 | STEVEN DEROSTEN ETUX | ENGAND DPERATING LLC | 5/19/2014 | NO | ROTTINEAU | 406410 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 15: LOT 1, LOT 2, E2NW, LESS NORTH 1320' OF THE NW<br><br>CONTAINING 209 RODS |
| LEASE | 3190409.000 | ROBERT D HARRIS DDS SP TR E 1 57 | ENGAND DPERATING LLC | 6/6/2014 | NO | ROTTINEAU | 406441 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SECTION 30: LOT 4<br><br>BEING 50' WIDE (45 NOT RODS) |
| LEASE | 3190409.001 | BILL D HARRIS 2000 TRUST | ENGAND DPERATING LLC | 6/6/2014 | NO | ROTTINEAU | 406180 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SECTION 30: LOT 4<br><br>BEING 50' WIDE (45 NOT RODS) |
| LEASE | 3190410.000 | BILL HENRY REV TR JAN 1972 R A EAT | ENGAND DPERATING LLC | 5/21/2014 | NO | ROTTINEAU | 406188 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 6: LOT 1, S2NE<br><br>T162N R79W<br>SEC 13: W2SE<br><br>BEING 246 RODS (50' WIDE) |
| LEASE | 3190411.00A | EVOK HERSTEN | ENGAND DPERATING LLC | 7/24/2014 | NO | ROTTINEAU | 406411 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 19: SL2 2NW CONTAINING 31.09 RODS, 50' IN WIDTH |
| LEASE | 3190411.00B | PATRICIA GOGEN | ENGAND DPERATING LLC | 8/1/2014 | NO | ROTTINEAU | 406168 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 19: SL2 2NW CONTAINING 31.09 RODS, 50' IN WIDTH |
| LEASE | 3190411.00C | WANDA HENRY | ENGAND DPERATING LLC | 8/1/2014 | NO | ROTTINEAU | 406119 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 9: SL2 2DNW<br>SEC 17: W2SE, NE2SE<br><br>CONTAINING 123 RODS, 50' IN WIDTH |
| LEASE | 3190411.00C | WANDA HENRY | ENGAND DPERATING LLC | 8/1/2014 | NO | ROTTINEAU | 406119 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 9: SL2 2DNW<br>SEC 17: W2SE, NE2SE<br><br>CONTAINING 123 RODS, 50' IN WIDTH |
| LEASE | 3190411.200 | ROBERTA A HENRY TRUST | ENGAND DPERATING LLC | 7/24/2014 | NO | ROTTINEAU | 406169 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 17: NW CONTAINING 12.5 RODS, 50' IN WIDTH |
| LEASE | 3190411.201 | ROBERTA A HENRY TRUST | ENGAND DPERATING LLC | 10/31/2014 | NO | ROTTINEAU | 407192 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 17: NW CONTAINING 27.44 RODS, 50' IN WIDTH |
| LEASE | 3190411.202 | ROBERTA A HENRY TRUST | ENGAND DPERATING LLC | 11/18/2014 | NO | ROTTINEAU | 407307 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 17: NW CONTAINING 15.12 RODS, 50' IN WIDTH |
| LEASE | 3190412.000 | STAR FAMILY LAND PARTNERSHIP | ENGAND DPERATING LLC | 11/17/2014 | NO | ROTTINEAU | 406126 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 15: NW CONTAINING 123 RODS, 50' IN WIDTH |
| LEASE | 3190412.003 | BONNIE METTLER TRUST ETAL | ENGAND DPERATING LLC | 8/4/2014 | NO | ROTTINEAU | 406191 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 6: NW CONTAINING 42 RODS, 50' IN WIDTH |
| LEASE | 3190413.000 | MONTE K OLSON | ENGAND DPERATING LLC | 8/13/2014 | NO | DIVIDE | 28174 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W<br>SEC 6: NW CONTAINING 42 RODS, 50' IN WIDTH |
| LEASE | 3190414.000 | LESTER B WYMAN TRUST B | ENGAND DPERATING LLC | 8/6/2014 | NO | ROTTINEAU | 406125 | PERMANENT EASEMENT AGREEMENT<br>T162N R79W |

Exhibit C - 5

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | Number | Party | Counterparty | Agreement | Code | | YES/NO | County | Date |
|---|---|---|---|---|---|---|---|---|---|
| CASE | 319047.000 | ENDURO OPERATING LLC | UNIVERSITY OF MARY | SURFACE USE AND DAMAGE AGREEMENT | 496242 | | NO | ROTTINEAU | 7/25/2014 |
| CASE | 319058.000 | ENDURO OPERATING LLC | UNIVERSITY OF MARY | SURFACE USE AND DAMAGE AGREEMENT | 496241 | | NO | ROTTINEAU | 7/25/2014 |
| SUR | 319059.000 | ENDURO OPERATING LLC | BILL HENRY LAW 12.8 ET TAL | TEMPORARY SURFACE USE AGREEMENT | | | NO | ROTTINEAU | 8/1/2014 |
| SUR | 319045.000 | ENDURO OPERATING LLC | BILL HENRY REQUUARY TR 8.24 ET TAL | SURFACE USE AND DAMAGE AGREEMENT | 496320 | | NO | ROTTINEAU | 8/1/2014 |
| ROW | 319042.000 | ENDURO OPERATING LLC | STEVEN J DVIRLE | SURFACE USE AND DAMAGE AGREEMENT | 291316 | | NO | DIVIDE | 9/2/2014 |
| SUR | 319062.000 | ENDURO OPERATING LLC | KATHY R HENRY | SURFACE USE AND DAMAGE AGREEMENT | 496639 | | NO | ROTTINEAU | 8/1/2014 |
| SUR | 319043.000 | ENDURO OPERATING LLC | GERALD HENRY | SURFACE USE AND DAMAGE AGREEMENT | 496640 | | NO | ROTTINEAU | 8/1/2014 |
| SUR | 319024.000 | ENDURO OPERATING LLC | MARIE STRAUS | SURFACE USE AND DAMAGE AGREEMENT | 496644 | | NO | ROTTINEAU | 8/1/2014 |
| SUR | 319043.000 | ENDURO OPERATING LLC | DALE D HENRY | SURFACE USE AND DAMAGE AGREEMENT | 496641 | | NO | ROTTINEAU | 8/1/2014 |
| SUR | 319021.000 | ENDURO OPERATING LLC | GERALD HENRY | SURFACE USE AND DAMAGE AGREEMENT | 496642 | | NO | ROTTINEAU | 8/1/2014 |
| SUR | 319047.000 | ENDURO OPERATING LLC | GERALD HENRY | SURFACE USE AND DAMAGE AGREEMENT | 496643 | | NO | ROTTINEAU | 8/1/2014 |
| SUR | 319049.000 | ENDURO OPERATING LLC | JORE EN BLADA TRUST | EASEMENT AND RIGHT OF WAY | 496822 | | NO | ROTTINEAU | 9/1/2014 |
| ROW | 319047.000 | ENDURO OPERATING LLC | DONALD L WAGAR ET UX LIFE EST | SURFACE USE AND DAMAGE AGREEMENT | 496644 | | NO | ROTTINEAU | 8/1/2014 |
| ROW | 319029.000 | ENDURO OPERATING LLC | DONALD L WAGAR ET UX LIFE EST | WELL PAD DAMAGE AGREEMENT | 496663 | | NO | ROTTINEAU | 8/20/2014 |
| ROW | 319049.000 | ENDURO OPERATING LLC | CLYDE M ERTEN | SURFACE USE AND DAMAGE AGREEMENT | 199980 | 482 | NO | RENVILLE | 9/2/2014 |
| ROW | 319060.000 | ENDURO OPERATING LLC | JUDITH ANN LEIER | PERMANENT EASEMENT AGREEMENT | 199979 | 320 | NO | RENVILLE | 9/15/2014 |
| ROW | 319043.000 | ENDURO OPERATING LLC | SHERYL ANN JONES | PERMANENT EASEMENT AGREEMENT | 199979 | 320 | NO | RENVILLE | 9/16/2014 |
| CASE | 319043.004 | ENDURO OPERATING LLC | KENNETH WEBER | PERMANENT EASEMENT AGREEMENT | 199978 | 320 | NO | RENVILLE | 9/4/2014 |
| CASE | 319024.000 | ENDURO OPERATING LLC | RICHARD WINKEL | PERMANENT EASEMENT AGREEMENT | 199977 | 320 | NO | RENVILLE | 9/17/2014 |

Exhibit C - 6

**EXHIBIT C**
**MATERIAL CONTRACTS**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| EASE | 310064.000 | JACK WINBERG | ENLUND OPERATING LLC | 10/22/2014 | NO | REMELLE | 28023 | PERMANENT EASEMENT AGREEMENT T160N R93W SEC 6, N2NW CONTAINING 13 RODS, 50' IN WIDTH |
| EASE | 310056.000 | STUART ROTHLITCH | ENLUND OPERATING LLC | 10/20/1205 | NO | KOTTNEAU | 68677 | PERMANENT EASEMENT AGREEMENT T161N R79W SECTION 22 NE |
| EASE | 310047.000 | JORDIN D BLADA TRUST | ENLUND OPERATING LLC | 10/16/2014 | NO | KOTTNEAU | 68678 | BEING 50' WIDE EASEMENT COVERING 180 NET RODS T163N R97W SECTION 22: NWNE, E2SE |
| EASE | 310058.000 | GAYLE C STRANGELAND PETERSON | ENLUND OPERATING LLC | 10/15/2014 | NO | KOTTNEAU | 68711 | PERMANENT EASEMENT AGREEMENT T163N R79W SECTION 21: E2SW |
| EASE | 310041.000 | DALE D HENRY | ENLUND OPERATING LLC | 11/11/2014 | NO | KOTTNEAU | 40440 | BEING 50' WIDE EASEMENT COVERING 3718 NET RODS T160N R92W SECTION 9: N2SE |
| SUR | 310042.000 | ARLIN INGEBRETSON | ENLUND OPERATING LLC | 11/6/2014 | NO | REMELLE | 323 / 234 | 29377 | BEING 50' WIDE SURFACE DAMAGE USE AGREEMENT A ROSS AND SURFACE DAMAGE USE AGREEMENT T160N R93W SEC 9: SWNE |
| SUR | 310043.000 | STAR FARM & LAND PTN LLP | ENLUND OPERATING LLC | 11/7/2014 | NO | KOTTNEAU | 29706 | SURFACE USE DAMAGE AGREEMENT NOLE ID7 4 FO T163N R79W SEC 15: NW CONTAINING APPROXIMATELY 3 ACRES MORE OR LESS |
| SUR | 310044.000 | BONNIE METZLER TR LIVINT ETAL | ENLUND OPERATING LLC | 11/11/2014 | NO | KOTTNEAU | 29705 | SURFACE USE DAMAGE AGREEMENT NOLE 5 T163N R79W SEC 16: NW CONTAINING APPROXIMATELY 3 ACRES MORE OR LESS |
| EASE | 310045.000 | KATHY R HENRY | ENLUND OPERATING LLC | 11/19/2014 | NO | KOTTNEAU | 60710 | PERMANENT EASEMENT AGREEMENT T160N R92W SEC 7: N CONTAINING 162.24 RODS, 50' IN WIDTH |
| EASE | 310046.000 | GERALD HENRY | ENLUND OPERATING LLC | 11/18/2014 | NO | KOTTNEAU | 40708 | PERMANENT EASEMENT AGREEMENT T163N R79W SEC 7: N CONTAINING 48.1 RODS, 50' IN WIDTH |
| ROW | 310054.000 | PORTAL PIPELINE COMPANY | AMERADA HESS CORPORATION | 5/12/1967 | NO | KOTTNEAU | 333 / 132 | 131338 | PIPELINE FACILITIES CONTAINING APPROXIMATELY 26,100' OF A 10"/6" LINE, 5,000' OF A 12" LINE, AND 17,000' OF 3 1/2" LINE TOGETHER WITH ALL VALVES, FITTINGS AND APPURTENANCES (EXCEPT PUMPS), FURTHER DESCRIBED AS FOLLOWS: T163N R79W SEC 4: K12 SEC 9: W2, E2 SEC 10: W2, E2 SEC 15: E2 SEC 9: W2, E2 SEC 16: E2, NW SEC 16: E2, SW SEC 21: N2, SW, NW SEC 25: NW SEC 26: NE SEC 23, 24: SW (BEGINNING AT STATION 133+76) SEC 22: N2 SEC 22: W2 T163N R80W SEC 1: NE |
| ROW | 310055.000 | STEVEN LE ROESTH & TUX | AMERADA HESS CORPORATION | 9/21/1993 | NO | KOTTNEAU | 333 / 132 | 131338 | PIPELINE RIGHT OF WAY GRANT AND EASEMENT CONTAINING 80 RODS LOCATED AS FOLLOWS: T161N R79W SEC 15: NE/NW |
| SUR | 310050.000 | PARTY M OLLOTT ETUX | AMERADA HESS CORPORATION | 7/23/1959 | NO | KOTTNEAU | 96 / 478 | 220440 | WARRANTY DEED GRANTING SURFACE USE EASEMENT 11.7 ACRES SEE PAGE 2.25" X 16', RIGHTS TO INGRESS AND EGRESS T161N R79W SEC 22: NWNW, A TRACT OF LAND, 200' BY 250' SURROUNDING AND INCLUDING THE ABANDONING OIL WELL NAME LOCATED IN THE SW/NW/NW OF SEC 22, MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT A POINT 886' NORTH AND ... |

Exhibit C - 7

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | Number | Grantor | Grantee | Date | County | Legal Description |
|---|---|---|---|---|---|---|
| ROW | 310000.000 | LYMAN J HENRY ETUX | AMERADA PETROLEUM CORP | 5/26/1967 | NO | BOTTINEAU |
| ROW | 310000.000 | DOROTHY ROTHE | AMERADA HESS CORPORATION | 9/1/1993 | NO | BOTTINEAU |
| ROW | 310000.000 | MAX(ENE) O HARRIS | NEWBURG PIPE LINE COMPANY | 11/12/1959 | NO | BOTTINEAU |
| ROW | 310000.000 | MAX(ENE) O HARRIS | NEWBURG PIPE LINE COMPANY | 4/5/1961 | NO | BOTTINEAU |
| ROW | 310000.000 | CLARENCE HOLMGREN | NEWBURG PIPE LINE COMPANY | 3/27/1961 | NO | BOTTINEAU |
| SUR | 310000.000 | RICHARD SWANSON/TUX | AMERADA HESS CORPORATION | 3/11/2004 | NO | BOTTINEAU |
| ROW | 310064.000 | THE CALIFORNIA COMPANY | NEWBURG PIPE LINE COMPANY | 3/2/1959 | NO | BOTTINEAU |
| ROW | 310061.000 | NEWBURG PIPELINE COMPANY | PORTAL PIPE LINE COMPANY | 3/3/1961 | NO | BOTTINEAU |
| ROW | 310061.000 | MELVIN BALLANTYNE ET AL | NEWBURG PIPE LINE COMPANY | 4/4/1961 | NO | BOTTINEAU |
| ROW | 310067.000 | ALBERT J. BLAGOVARY ET UX | CARDINAL DRILLING CO ET AL | 11/26/1957 | NO | BOTTINEAU |
| ROW | 310068.000 | ALBERT HOLMGREN | NEWBURG PIPE LINE COMPANY | 3/27/1961 | NO | BOTTINEAU |

Exhibit C - 8

**EXHIBIT C**
**MATERIAL CONTRACTS**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| WATER | 33.0090.000 | STATE OF NORTH DAKOTA WATER DIVISION | AMERADA HESS CORPORATION | 8/2/2012 | NO | BOTTINEAU | | 44269A | STATE OF NORTH DAKOTA... 311.47 IN DEGREES, THENCE NORTH 460' TO POINT 300' WEST ALONG 1 LINE OF SAID SECTION OFFICE OF THE STATE ENGINEER... |
| SP | 33.0057.000 | LOGAN S MOCK-MUIR | PROSPECTIVE INVESTMENT & TRADING CO LTD | 2/4/2000 | NO | MCKENZIE | | | LOG#71 - PRIVATE ROAD SPECIAL USE PERMIT... BENEFICIAL USE DATE 7/12/1995 |
| ROW | 33.0267.000 | ARUG-MATTHEAD ET VIR | BTA OIL PRODUCERS | 4/22/2004 | NO | DIVIDE | 70 | 423 | RIGHT OF WAY TOTALING APPROXIMATELY 14 FEET... |
| ROW | 33.0247.008 | WHITTINGO-ARG-LET VIR | BTA OIL PRODUCERS | 7/31/2004 | NO | DIVIDE | | | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT T160N R95W SEC 11 NE |
| ROW | 33.0249.000 | MAKEN N WATTERUD ET UA | BERGD RESOURCES INC | 8/3/1999 | NO | DIVIDE | 211 | 34 | T160N R95W SEC 11 LW |
| SWD | 33.0271.000 | MAKEN WATTERUD ET UA | BERGD RESOURCES INC | 9/3/1997 | NO | DIVIDE | 399 | 630 | T160N R95W SEC 11 NW/NE |
| ROW | 33.0284.000 | STATE NORTH DAKOTA PETROSAD | PETRO HUNT LLC | 22/30/1992 | NO | DIVIDE | | | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS T160N R98W |
| ROW | 33.0231.000 | KIT JAMES | SEQUEL ENERGY PARTNERS LP | 12/13/2010 | NO | WILLIAMS | | | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT T161N R101W SEC 15 IN-WELL AS ACROSS ADDITIONAL LANDS IN SECTIONS 8, 16, 17 AND 22 IN T161N R101W |
| ROW | 33.0215.000 | ARUG-MATTHEAD ET VIR | BTA OIL PRODUCERS | 7/31/2004 | NO | DIVIDE | | | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT T160N R95W SEC 11 NW |
| ROW | 33.0327.000 | ARNOLD-MOLE ET UA | PENNZOIL PETROLEUM COMPANY | 11/24/1988 | NO | MCKENZIE | | | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT T147N R102W SEC 31 NW |
| ROW | 33.0327.000 | OLAF BERGER | THE ANSCHUTZ CORPORATION | 11/2/1990 | NO | DIVIDE | | | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT T160N R99W SEC 21 SE/SE |
| ROW | 33.0328.000 | LEE MANN CKAMPING ET AL | PENNZOIL PETROLEUM COMPANY | 11/14/2000 | NO | DIVIDE | | 225155 | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT SEC 9 SE |
| ROW | 33.0329.000 | ELMER E BRONSON ET UA | QEPCO INC | 11/20/1997 | NO | WILLIAMS | | | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT T159N R98W SEC CE-MENW |
| ROW | 33.0310.000 | ELMER E OLSON ET UA | THE ANSCHUTZ CORPORATION | 11/7/1990 | NO | DIVIDE | | | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT T160N R99W SEC 21 LW |
| ROW | 33.0311.000 | DAVID J CRIGHTON ET UA | PENNZOIL PETROLEUM COMPANY | 1/6/1983 | NO | MCKENZIE | | | ROADWAY GRANT T147N R102W SEC 31 S/NW |
| ROW | 33.0331.000 | GERTRUDE TURFGOLDT ET AL | PENNZOIL PETROLEUM COMPANY | 5/26/1983 | NO | MCKENZIE | | | ROADWAY GRANT T148N R102W SEC 17 NW |
| ROW | 33.0333.000 | ARUG-MATTHEAD ET UA | THE ANSCHUTZ CORPORATION | 12/19/1990 | NO | DIVIDE | | | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT T160N R99W SEC 21 LW |
| ROW | 33.0335.000 | MAKEN WATTERUD | THE ANSCHUTZ CORPORATION | 4/3/1998 | NO | DIVIDE | | | RIGHT OF WAY T160N R99W SEC 11 NE |
| ROW | 33.0336.000 | ALBERT C BRONSON ET UA | BOWMAN ENERGY CORPORATION | 8/13/2007 | NO | WILLIAMS | | 645.65 | TEMPORARY WATER DISPOSAL LEASE T159N R98W SEC 2N NE/ME BEING TWO ACRES IN THE FORM OF A SQUARE AROUND THE BRONSON 1-26 SWD |
| ROW | 33.0337.000 | DAVID W CRIGHTON ET UA | MERIDIAN OIL INC | 1/27/1986 | NO | MCKENZIE | | | LEASE AND WATER DISPOSAL AGREEMENT T147N R102W SEC 31 NE/CE |
| ROW | 33.0338.000 | EDWIN TEFFT ET UA | FARMERS UNION CENTRAL EXCHANGE INC | 11/3/1983 | NO | DIVIDE | | | SALT WATER DISPOSAL SYSTEM AGREEMENT T160N R96W |
| SWD | 33.0339.000 | MAHA C WOLD ET UA | BERGD RESOURCES LLC | 11/1/2017 | NO | BURKE | | | SEC 25 NE/NE, 1/2 ACRE TRACT SURROUNDING THE #1 TEFFT SALT WATER DISPOSAL AGREEMENT T159N R94W |

Exhibit C - 9

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | ID | Grantor | Company | Date | | | Description |
|---|---|---|---|---|---|---|---|
| ROW | 3.3.03.340.000 | ENDURO OPERATING LLC | ENDURO OPERATING LLC | 7/1/2005 | NO | DIVIDE | SALT WATER DISPOSAL AGREEMENT |
| ROW | 3.3.03.341.000 | JIM OSTERHOUT | AGATE PETROLEUM INC | 5/23/1992 | 8,872 | NO | DIVIDE | SALT WATER DISPOSAL, SURFACE AND RIGHT OF WAY LEASE |
| ROW | 3.3.03.342.000 | BRIAN E GUENTHER/TBL | RTA OIL PRODUCERS | 1/6/2005 | 279,730 | NO | DIVIDE | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT |
| ROW | 3.3.03.343.000 | FREDERICK X HANES | PENNZOIL PETROLEUM COMPANY | 1/21/1979 | NO | MCKENZIE | SURFACE DAMAGE AGREEMENT |
| ROW | 3.3.03.344.000 | JOANNE F JOHNSON | RTA OIL PRODUCERS | 7/22/2004 | 22,547 | 624 | 228,046 | NO | DIVIDE | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT |
| SUR | 3.3.03.345.000 | NO DEPT TRUST/LANDS ROW 8000 | SEQUEL ENERGY PARTNERS LP | 1/6/2012 | NO | BILLINGS | SURFACE DAMAGE AGREEMENT |
| SUR | 3.3.03.346.000 | ALVIN C NELSON | MERIDIAN OIL INC | 1/13/1994 | NO | MCKENZIE | SURFACE DAMAGE AGREEMENT |
| SUR | 3.3.03.347.000 | OLAF BERGER | THE AMOCO/CITO CORPORATION | 2/27/1961 | NO | DIVIDE | ROW AND SURFACE DAMAGE AGREEMENT |
| SUR | 3.3.03.348.000 | CHRISTIAN E ESTELLEN ET UX | PENNZOIL EXPLORATION AND PRODUCTION CO | 6/7/1990 | NO | MCKENZIE | ROADWAY GRANT |
| SUR | 3.3.03.349.000 | NIELS WROLD ET UX | SUN EXPLORATION AND PRODUCTION COMPANY | 5/7/1988 | NO | BURKE | SURFACE USE SETTLEMENT |
| SUR | 3.3.03.350.000 | MAX K WOLD ET UX | SUN OIL RM TRAC LIMITED PARTNERSHIP | 8/6/1988 | 224 | 7 | 1,706.04 | NO | BURKE | PIPELINE EASEMENT |
| CASE | 3.3.03.350.001 | MAX K WOLD ET UX | BERCO RESOURCES LLC | 6/13/2002 | 268 | 634 | 269,942 | NO | BURKE | ELECTRIC LINE EASEMENT |
| ROW | 3.3.03.355.000 | ALBERT C BRONSON ET UX | CENTURY GAS PROCESSING COMPANY | 10/26/1983 | 456,562 | NO | WILLIAMS | RIGHT OF WAY GRANT |
| ROW | 3.3.03.356.000 | DONALD J BARBIE ET UX | CENTURY GAS PROCESSING COMPANY | 10/26/1983 | 69,540 | NO | WILLIAMS | RIGHT OF WAY GRANT |
| ROW | 3.3.03.357.000 | EVELYN M ROTH | BERCO RESOURCES LLC | 10/31/1997 | 579,633 | NO | WILLIAMS | SURFACE USE/LAND ACCESS AGREEMENT |
| ROW | 3.3.03.358.000 | JAMES A BRONSON | BERCO RESOURCES LLC | 7/22/1999 | 580,148 | NO | WILLIAMS | PIPELINE EASEMENT |
| ROW | 3.3.03.358.001 | RICHARD D BRONSON | BERCO RESOURCES LLC | 7/22/1999 | 580,148 | NO | WILLIAMS | PIPELINE EASEMENT |
| ROW | 3.3.03.363.000 | US FISH & WILDLIFE SERVICE | CONOCO INC | 11/17/1995 | | NO | DIVIDE | PIPELINE EASEMENT |
| SWD | 3.3.03.364.000 | MARILYN WHITTFIELD ET UX | BERCO RESOURCES LLC | 9/3/1997 | 1,03,944.62NM  650  284  2,545.26  282,059 | NO | DIVIDE | GROUND LEASE |

Exhibit C - 10

**EXHIBIT C**
MATERIAL CONTRACTS

| Type | Tract | Grantor | Company | Date | | County | | | Description |
|---|---|---|---|---|---|---|---|---|---|
| ROW | 3.XX.905.000 | MARILYN WATTERUD ET UX | BERGO RESOURCES LLC | 8/26/1999 | NO | DUNGE | | 471100 | SAVE AND EXCEPT BAKKEN AND THREE FORKS FORMATIONS / RIGHT OF WAY EASEMENT / T160N R93W / SEC 11 SWNW |
| ROW | 3.XX.906.000 | ST OF ND BOARD OF UNIV LANDS | CENTURY GAS PROCESSING COMPANY | 2/7/1994 | NO | WILLIAMS | 211 | 14 | 471100 | SEC 36: A RIGHT OF WAY TO CONSTRUCT, OPERATE, MAINTAIN AND REMOVE A PIPELINE OVER A LAND THROUGH LAND IN THE FENCE OF SAID SECTION, SAID STRIP BEING 33 WIDE, 16.5' |
| ROW | 3.XX.907.000 | ROBERT L SAGASER ET UX | BERGO RESOURCES LLC | 10/26/1988 | NO | WILLIAMS | | 494100 | T156N R96W / SEC 1 EZSE |
| ROW | 3.XX.908.000 | VERNON HERPINDAHL | BERGO RESOURCES LLC | 10/10/1997 | NO | WILLIAMS | | 575637 | SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 35 NE |
| ROW | 3.XX.909.000 | RICHARD BAKKI ET AL | BERGO RESOURCES LLC | 10/12/1999 | NO | WILLIAMS | | 588400 | SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 13 |
| ROW | 3.XX.070.000 | ELROY A SAKARIAD | BERGO RESOURCES LLC | 10/29/1999 | NO | WILLIAMS | | 588600 | SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 1 ALL |
| ROW | 3.XX.071.000 | ALVIN L SAKARIAD | BERGO RESOURCES LLC | 2/27/2001 | NO | WILLIAMS | | 595491 | SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 1 N2SW |
| ROW | 3.XX.073.000 | ELROY A SAKARIAD | BERGO RESOURCES LLC | 2/27/2001 | NO | WILLIAMS | | 595492 | LIMITED TO 3 ACRES IN SIZE, 30' IN WIDTH FOR THE RIGHT OF WAY GRANTED AND A 22' IN WIDTH FOR ANY PIPELINE OR UTILITY EASEMENT / SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 1 N2SW |
| ROW | 3.XX.073.000 | ALVIN L SAKARIAD2 | BERGO RESOURCES LLC | 2/27/2001 | NO | WILLIAMS | | 595493 | LIMITED TO 3 ACRES IN SIZE, 30' IN WIDTH FOR THE RIGHT OF WAY GRANTED AND A 22' IN WIDTH FOR ANY PIPELINE OR UTILITY EASEMENT / SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 1 N2SW |
| ROW | 3.XX.075.000 | ELROY A SAKARIAD | BERGO RESOURCES LLC | 2/27/2001 | NO | WILLIAMS | | 595494 | LIMITED TO 3 ACRES IN SIZE, 30' IN WIDTH FOR THE RIGHT OF WAY GRANTED AND A 22' IN WIDTH FOR ANY PIPELINE OR UTILITY EASEMENT / SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 1 N2SW |
| SUR | 3.XX.077.000 | EVELYN HOLTH | BERGO RESOURCES LLC | 5/4/2001 | NO | WILLIAMS | | 596210 | LIMITED TO 3 ACRES IN SIZE, 30' IN WIDTH FOR THE RIGHT OF WAY GRANTED AND A 22' IN WIDTH FOR ANY PIPELINE OR UTILITY EASEMENT / T158N R95W / SEC 2 N2 |
| SUR | 3.XX.077.001 | EVELYN HOLTH | BERGO RESOURCES LLC | 9/26/2000 | NO | WILLIAMS | | 593346 | SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 36 NE |
| SUR | 3.XX.078.000 | VERN HERMINGHAUS ET UX | BERGO RESOURCES LLC | 7/20/2001 | NO | WILLIAMS | | 597101 | SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 6 NE |
| SUR | 3.XX.079.000 | BRIAN HOVE AND KAREN HOVE | BERGO RESOURCES LLC | 7/24/2001 | NO | WILLIAMS | | 597245 | SURFACE USE AND ACCESS AGREEMENT / T158N R95W / SEC 22 N2NSW |
| SUR | 3.XX.080.000 | JANE E BERGER | BERGO RESOURCES LLC | 10/15/2003 | NO | DUNGE | | 225243 | SURFACE USE AND ACCESS AGREEMENT / T160N R93W / SEC 25 SW |
| SUR | 3.XX.081.000 | LEROY SEATON ET AL | BERGO RESOURCES LLC | 7/3/1997 | NO | WILLIAMS | | 558350 | LETTER AGREEMENT - ACCESS TO DRILLSITE / T158N R95W / SEC 1 S2NE |
| ROW | 3.XX.081.00A | LEROY SEATON ET AL | CENTURY GAS PROCESSING COMPANY | 10/24/1983 | NO | WILLIAMS | | 407140 | T158N R95W / SEC 1 S2NE |
| ROW | 3.XX.082.000 | FRANK ELLINGS ET UX JOANNE | BERGO RESOURCES LLC | 8/2/2000 | NO | DUNGE | | 221157 | T158N R95W / SEC 2 S2 / SURFACE USE AND ACCESS AGREEMENT / T160N R93W / SEC 29 SWNE |
| SUR | 3.XX.083.000 | NILS WOGLE ET AL | SUN EXPLORATION AND PRODUCTION COMPANY | 4/6/1988 | NO | BURKE | | 139144 | SURFACE USE AND ACCESS AGREEMENT / T161N R93W / SEC 35 SWSE |
| SUR | 3.XX.085.000 | NILS WOGLE ET AL | BERGO RESOURCES LLC | | NO | DUNGE | 539 | | SURFACE LEASE AGREEMENT / T160N R93W / SEC 35 N2NE |
| ROW | 3.XX.087.000 | FRANK ELLINGS ET UX | BERGO RESOURCES LLC | 8/10/2000 | NO | DUNGE | 212 | 510 | 220351 | SURFACE USE AND ACCESS AGREEMENT / T160N R93W / SEC 29 SWNE |
| ROW | 3.XX.088.000 | BRIAN L HOVE ET UX | BERGO RESOURCES LLC | 8/10/1999 | NO | WILLIAMS | | 587440 | SURFACE USE AND ACCESS AGREEMENT / T158N R95W |

Exhibit C - 11

**EXHIBIT C**
MATERIAL CONTRACTS

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ROW | 31.03.389.000 | U 3 FISH AND WILDLIFE SERVICE | KENT M LYNCH | 11/27/1995 | NO | DIVIDE | | | SEC 25: NWNW / T160N R95W |
| ROW | 31.02.392.000 | JUNE BERGER | | 4/21/2004 | NO | DIVIDE | | | SEC 19: SWNE / RIGHT OF WAY AGREEMENT / T160N R96W / SEC 19: SW4NE SE INS WIDTH, 788.7 IN LENGTH |
| ROW | 31.03.391.000 | EVERTT A BAKKERUD | BTA OIL PRODUCER LLC | 10/20/2004 | NO | WILLIAMS | | 8209.88 | RIGHT OF WAY AGREEMENT / T156N R99W / SEC 7: LOT7 (19.47 AC), LOT 6 (9.60 AC), E2SW EDW / LIMITED TO 25' IN WIDTH ON OTHER SIDE OF PIPELINE, NO GREATER THAN 50' IN WITH AND 2,054.47 (138.72 RODS) IN LENGTH AS PER SURVEY |
| ROW | 31.03.393.000 | BRIAN HOVIS | BTA OIL PRODUCER LLC | 4/20/2006 | NO | WILLIAMS | | | RIGHT OF WAY AGREEMENT / T159N R99W / SECTION 21: NWNE |
| ROW | 31.03.395.000 | M/C GONRICK JF AP | BTA OIL PRODUCER LLC | 6/25/2007 | NO | WILLIAMS | | 647.00 | RIGHT OF WAY AND SURFACE DAMAGE AGREEMENT / T159N R95W / Sec 27: NE SE |
| ROW | 31.03.394.000 | GLENN D L MANIGAKE | CONOCO INC | 10/15/1995 | NO | BURKE | | 187852 | RIGHT OF WAY AGREEMENT, 50' EASEMENT / T160N R94W / SEC 36: N2NW2NW |
| ROW | 31.03.396.000 | USDA TX FERART M CKIBOS K | STARART LAND & EXPLORATION COMPANY | 1/5/2009 | NO | MCKENZIE | 264 | 590 | 187852 | T149N R102W / SEC 7: SUNE |
| ROW | 31.03.397.000 | MYRON SONAT | UFT EXPLORATION COMPANY | 7/15/2002 | NO | BOWMAN | | | RIGHT OF WAY AND SURFACE AGREEMENT / T129N R103W / SEC 6: NESE |
| ROW | 31.03.398.000 | USDA TX FART Q3 F37 18 | INTOIL INC | 11/5/1981 | NO | MCKENZIE | | | T147N R101W / SEC 22: N2 |
| ROW | 31.03.399.000 | ROM 4581 3 T/4 TO52 | ENDURO QFP4O PNS LLC | 2/16/2015 | NO | MCKENZIE | | | ROAD ACCESS AGREEMENT / T149N R102W / SEC 16: N2, SE / ROW 4581 IS THE ORIGINAL AGREEMENT ISSUED TO NANCE PETROLEUM CORP DATED NOVEMBER 22, 2002 / ROW 5734 IS TRANSFER OF ORIGINAL AGREEMENT TO SE GULF ENERGY LLC DATED APRIL 4, 2011 |
| ROW | 31.03.402.000 | GORDON 1J5 F3 M4 3 T UR | BURLINGTON RESOURCES OIL & GAS CO | 3/14/1997 | NO | DUNN | 287 | 613 | 137486 | ROW IS THE LATEST CURRENT TRANSFER OF ORIGINAL AGREEMENTS TO ENDURO OPERATING LLC DATES DECEMBER 15, 2015. / T147N R97W / SEC 13: LOT7 (NE1/4, SWSW) |
| ROW | 31.03.401.000 | BRUCE GUNCKAY FAMILY TRUST | BURLINGTON RESOURCES OIL & GAS CO | 12/15/1998 | NO | DUNN | | | T143N R95W / SEC 23: NWNW |
| ROW | 31.03.404.000 | VINCENT V KRI HUCK JR ET UX | BURLINGTON RESOURCES OIL & GAS CO | 4/24/1997 | NO | BILLINGS | | | T143N R99W / SEC 1: SENE |
| ROW | 31.03.405.000 | ROM G21 KESTS ICK9 ET UR | BURLINGTON RESOURCES OIL & GAS CO | 3/19/1997 | NO | BILLINGS | | | T145N R98W / SEC 1: S2 |
| ROW | 31.03.406.000 | CHARLES J HIBL ET UX | BURLINGTON RESOURCES OIL & GAS CO | 3/17/1997 | NO | DUNN | | | T143N R97W / SEC 7: NWNW (AKA LOT 1) |
| ROW | 31.03.403.000 | AVIPK C NELSON ET UX | MERIDIAN OIL INC | 1/31/1996 | NO | MCKENZIE | | | T148N R98W / SEC 21: NE |
| ROW | 31.03.412.000 | KATHY E FITZGERALD | MERIDIAN OIL INC | 11/20/1992 | NO | MCKENZIE | | | T150N R102W / SEC 9: ALL |
| ROW | 31.03.411.000 | KENNETH J ANGDAL | MERIDIAN OIL INC | 11/23/1992 | NO | MCKENZIE | | | T149N R100W / SEC 35: LOT2W, SWTSE |
| ROW | 31.03.413.000 | USDA TX FERART Q19 F5 OB | EMERALD OIL INC | 12/7/1994 | NO | MCKENZIE | | | T149N R100W / SEC 9: E2 4 |
| ROW | 31.03.415.000 | USDA FI DB R21 F0 F21 | BURLINGTON RESOURCES OIL & GAS CO | 12/17/1996 | NO | MCKENZIE | | | T148N R100W |
| ROW | 31.03.417.000 | MYRON SONAT | UFT EXPLORATION COMPANY | 11/21/2005 | NO | BOWMAN | | | T129N R103W / SEC 2 AND 11: TO THE SECTION LINE BETWEEN SECTION |
| ROW | 31.03.418.000 | | | | | | | | | |

Exhibit C - 12

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | Number | Grantor | Company | County | | City | Date | Description |
|---|---|---|---|---|---|---|---|---|
| ROW | 33.01.419.000 | RUTH PFEIFFER | GULF EXPLORATION COMPANY | PFEIFFER | NO | BOWMAN | 11/21/2005 | |
| ROW | 33.01.420.000 | MARTIN WIGAARD (ESTATE) | GULF EXPLORATION COMPANY | BOWMAN | NO | BOWMAN | 11/21/2005 | |
| ROW | 33.01.422.000 | ANN M DAVIS | BURLINGTON RESOURCES OIL & GAS CO | BURKE | NO | BURKE | 6/16/1998 | ROW TO THE LARSON 31 25H WELL / T160N R99W / SEC 25: NW |
| ROW | 33.01.421.000 | ARNOLD GRISZ | BURLINGTON RESOURCES OIL & GAS CO | BILLINGS | NO | BILLINGS | 9/17/1998 | T143N R99W / SEC 33: NW / SURFACE DAMAGE AND ACCESS AGREEMENT FOR THE GRISZ 11-33H WELL LIMITED TO 5 ACRES, SITUATED IN |
| ROW | 33.01.423.000 | DALE NELSON ETUX | SKOGEN ENERGY PARTNERS LP | GOLDEN VALLEY | NO | | 5/31/2011 | ACCESS AND ROAD USE AGREEMENT |
| SUR | 33.01.424.000 | ARNOLD MOE ET UX | PENNZOIL EXPLORATION AND PRODUCTION CO | MCKENZIE | NO | | 9/15/1980 | T150N R101W / SEC 24: W2 ALLOWING ACCESS TO 9609 13 1 WELL LOCATED IN SW SEC 13, / T150N R101W / WELL LOCATION AND ROAD USE AGREEMENT |
| ROW | 33.01.425.000 | PENNZOIL COMPANY | MERIDIAN OIL INC | MCKENZIE | NO | | 12/10/1987 | T150N R101W / SEC 26: W2 / SEC 35: ALL ALLOWING ACCESS TO WELL LOCATED IN NW/SW ONLY |
| ROW | 33.01.431.000 | NORVAL HUFFMAN ETUX | PENNZOIL EXPLORATION AND PRODUCTION CO | MCKENZIE | NO | | 5/14/1981 | 278 935 216108 / ROW TO THE RIESSEL CREEK AN 27 42 WELL LOCATED IN SEC 27 / RIGHT OF WAY EASEMENT AND AGREEMENT / T150N R101W / SEC 15: NW BEGINNING AT THE RIESSEL CREEK ROAD AND CONTINUE FOR A DISTANCE OF 165.00 RODS, MORE OR LESS, TO A POINT ON THE SECTION LINE BETWEEN SECTIONS 15 AND 16 LIMITED TO 50' IN WIDTH |
| SUR | 33.01.432.000 | JAMES F CROSS ET AL | EDWARD MIKE DAVIS | MCKENZIE | NO | | 5/23/2000 | SURFACE DAMAGE AGREEMENT / T149N R102W / SEC 3: W2 / SEC 4: E2, SW, SENW, NWNW |
| SUR | 33.01.433.000 | FREDERICK A JANSS ET UX | MERIDIAN OIL INC | MCKENZIE | NO | | 5/19/1988 | ROADWAY GRANT / T147N R101W / SEC 23: S2 ALLOWING ACCESS TO BULL MOOSE 31 23 LOCATED IN NW SECTION 23, / T147N R101W |
| SUR | 33.01.443.000 | LAVERN PETTREEN ET AL | BURLINGTON RESOURCES OIL & GAS CO | BURKE | NO | | 9/30/1999 | PIPELINE AND UTILITY LINE EASEMENT GRANT / T160N R99W / SEC 22: NW |
| ROW | 33.01.444.000 | LAVERN PETTEREN ET AL | BURLINGTON RESOURCES OIL & GAS CO | BURKE | NO | | 9/30/1999 | |
| ROW | 33.01.445.000 | LAVERN PETTEREN ET AL | BURLINGTON RESOURCES OIL & GAS CO | BURKE | NO | | 9/30/1999 | SURFACE DAMAGE AND ACCESS AGREEMENT / T160N R99W / SEC 21: E2E2 / SEC 22: W2 W2 LIMITED TO 0.6 ACRES ALLOWING ACCESS TO 21 22H PETTEREN 7H-07 WELL |
| SUR | 33.01.446.000 | CLARENCE K MADISON | BURLINGTON RESOURCES OIL & GAS CO | BURKE | NO | | 4/24/1998 | SURFACE DAMAGE AND ACCESS AGREEMENT / T160N R99W / SEC 21: NWNW |
| ROW | 33.01.436.000 | GORDON J GUTKNETT | BURLINGTON RESOURCES OIL & GAS CO | BURKE | NO | | 3/25/1999 | SURFACE DAMAGE AND ACCESS AGREEMENT / T160N R99W / SEC 15: NW |
| ROW | 33.01.437.000 | RICHARD STEFFAN ET UX | BURLINGTON RESOURCES OIL & GAS CO | SLOPE | NO | | 3/26/1997 | |
| ROW | 33.01.438.000 | JOHN LINGER ET UX | BURLINGTON RESOURCES OIL & GAS CO | SLOPE | NO | | 3/7/1997 | |
| SUR | 33.01.439.000 | DOROTHY J HANSEN ET AL | BURLINGTON RESOURCES OIL & GAS CO | BURKE | NO | | 6/5/1997 | SURFACE DAMAGE AND ACCESS AGREEMENT / SEC 7: SE |
| ROW | 33.01.442.000 | KENNIT C JORGENSON | BURLINGTON RESOURCES OIL & GAS CO | BURKE | NO | | 1/7/1998 | SURFACE DAMAGE AND ACCESS AGREEMENT |

Exhibit C - 13

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | Contract No. | Party | Company | Date | State | County | Description |
|---|---|---|---|---|---|---|---|
| ROW | 310.041.000 | SHARI JORGENSEN | BURLINGTON RESOURCES OIL & GAS CO | 12/27/1998 | NO | BLAINE | T163N R93W SEC 19 SESE |
| ROW | 310.044.000 | NANETTE MINZER | BURLINGTON RESOURCES OIL & GAS CO | 12/27/1998 | NO | BLAINE | SURFACE DAMAGE AND ACCESS AGREEMENT T163N R93W SEC 19 SSSE |
| ROW | 310.045.000 | LEONARD J JORGENSEN TRUST | BURLINGTON RESOURCES OIL & GAS CO | 1/7/1998 | NO | BLAINE | SURFACE DAMAGE AND ACCESS AGREEMENT T163N R93W SEC 19 SSSE |
| ROW | 310.046.000 | LORRAINE FREITD | BURLINGTON RESOURCES OIL & GAS CO | 12/27/1998 | NO | BLAINE | SURFACE DAMAGE AND ACCESS AGREEMENT T163N R93W SEC 6 SE |
| ROW | 310.047.000 | KENNY JORGENSEN TRUST | BURLINGTON RESOURCES OIL & GAS CO | 4/21/1998 | NO | BLAINE | |
| ROW | 310.048.000 | DEIDRE M HAYDON ET AL | BURLINGTON RESOURCES OIL & GAS CO | 4/21/1998 | NO | BLAINE | SURFACE DAMAGE AND ACCESS AGREEMENT T163N R93W SEC 5 SE1 |
| ROW | 310.051.000 | RICHARD C LARSEN | BURLINGTON RESOURCES OIL & GAS CO | 5/14/1998 | NO | BLAINE | SURFACE DAMAGE AND ACCESS AGREEMENT T163N R93W SEC 21 NW |
| ROW | 310.052.000 | VALDA MCCLAFLIN | BURLINGTON RESOURCES OIL & GAS CO | 8/15/1998 | NO | BLAINE | SURFACE DAMAGE AND ACCESS AGREEMENT T163N R93W SEC 5 NW |
| SUA | 310.053.000 | BARRY J DYER ET UX | BURLINGTON RESOURCES OIL & GAS CO | 4/21/1997 | NO | DUNN | ACCESS AND SURFACE DAMAGE AND USE AGREEMENT T163N R97W SEC 15 SW |
| ROW | 310.054.000 | JANET ANN WINSTEN | BURLINGTON RESOURCES OIL & GAS CO | 9/14/1999 | NO | BLAINE | SURFACE USE AGREEMENT T163N R93W SEC 16 NE |
| ROW | 310.055.000 | JANET ANN WINSTEN | BURLINGTON RESOURCES OIL & GAS CO | 3/25/1999 | NO | BLAINE | SURFACE DAMAGE AND ACCESS AGREEMENT T163N R93W SEC 16 NE |
| EASE | 310.064.000 | LEONARD J JORGENSON TRUST | BURLINGTON RESOURCES OIL & GAS CO | 8/27/1998 | NO | BLAINE | T163N R93W SEC 21 SW |
| ROW | 310.065.000 | LEONARD J JORGENSON TRUST | BURLINGTON RESOURCES OIL & GAS CO | 12/9/1986 | NO | BLAINE | PIPELINE EASEMENT FOR THE MARKETT FA 1-15 1 2 SWD WELL T163N R93W SEC 15 SW |
| ROW | 310.056.000 | BRET L WILSON ET UX | BURLINGTON RESOURCES OIL & GAS CO | 9/18/1998 | NO | BLAINE | SURFACE DAMAGE AND ACCESS AGREEMENT T163N R93W SEC 32 ALL |
| SUA | 310.057.000 | EVELYN STENERUD | BURLINGTON RESOURCES OIL & GAS CO | 9/26/1997 | NO | MCKENZIE | T148N R102W SEC 14 NESE |
| SUA | 310.058.000 | EVELYN STENERUD | MERIDIAN OIL INC | 9/26/1992 | NO | MCKENZIE | BOW STH STENERUD #1-14 WELL |
| ROW | 310.059.000 | ALVIN NELSON ET UX | MERIDIAN OIL INC | 12/16/1993 | NO | MCKENZIE | |
| SUA | 310.060.000 | HILARY NELSON ET UX | MERIDIAN OIL INC | 6/7/1988 | NO | MCKENZIE | SURFACE DAMAGE AND ACCESS AGREEMENT T148N R101W SEC 25 NWNW ALLOWS ACCESS TO NULL WOODS 11 23 WELL |

Exhibit C - 14

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | Number | Name | Operator | Description | County | Date | No. | No. |
|---|---|---|---|---|---|---|---|---|
| SUR | 31-ID461.000 | RUST LAND DEPT | MERIDIAN OIL INC | | MCKENZIE | 2/6/1989 | NO | |
| SUR | 31-ID462.000 | KENNETH J RAGDAL | MERIDIAN OIL INC | | MCKENZIE | 10/5/1988 | NO | |
| SUR | 31-ID463.000 | KENNETH J RAGDAL | MERIDIAN OIL INC | | MCKENZIE | 10/22/1992 | NO | |
| SUR | 31-ID464.000 | LEE S TROTTER | MERIDIAN OIL INC | | MCKENZIE | 10/22/1992 | NO | |
| SUR | 31-ID465.000 | ALVIN C NELSON | MERIDIAN OIL INC | T146N-R102W SEC 21: FEE / ROW OF WIDE TO THE WERE 28 EA NELSON 44-21H WELL | MCKENZIE | 5/6/1992 | NO | |
| SUR | 31-ID467.000 | ERWIN A HANSON | THE ANSCHUTZ CORPORATION | THE ANSCHUTZ DAMAGE AGREEMENT | DIVIDE | 3/1/1995 | NO | |
| SUR | 31-ID478.000 | ALBERT J BRONSON | DEVCO INC | ROAD USE AND DAMAGE AGREEMENT / T159N-R98W SEC 26: NE4 / DRILL SITE NDC# LEY-250 H1 | WILLIAMS | 8/18/1987 | NO | |
| SUR | 31-ID481.000 | CLYDE M ERTEN | ENDURO OPERATING LLC | SURFACE USE AND DAMAGE AGREEMENT / T163N R79W | BOTTINEAU | 7/1/2014 | 40761 | |
| SUR | 31-ID482.000 | PATRICIA GOGEN | ENDURO OPERATING LLC | SURFACE USE AND DAMAGE AGREEMENT / T163N R79W | BOTTINEAU | 9/2/2014 | | |
| SUR | 31-ID483.000 | WANDA HENRY | ENDURO OPERATING LLC | SURFACE USE AND DAMAGE AGREEMENT / T163N R79W | BOTTINEAU | 9/3/2014 | 40760 | |
| EAS | 31-ID484.000 | DALE G HENRY | ENDURO OPERATING LLC | PERMANENT EASEMENT AGREEMENT / T163N R79W / SECTION 8: N/SE | BOTTINEAU | 12/2/2014 | 40787 | |
| SUR | 31-ID485.000 | LESTER W WYMAN TRUST B | ENDURO OPERATING LLC | BOND 30' WIDE EASEMENT COVERING 30.3 NET ACRES | BOTTINEAU | 12/4/2014 | 40708 | |
| EAS | 31-ID486.000 | STUART ROTH E FLUR | ENDURO OPERATING LLC | PERMANENT EASEMENT AGREEMENT / T163N R79W | BOTTINEAU | 12/5/2014 | 40750 | |
| SUR | 31-ID480.00A | PAUL KRAUSE | ENDURO OPERATING LLC | SURFACE USE AND DAMAGE AGREEMENT / T162N R80W / SEC 25: NW/SE | RENVILLE | 12/5/2014 | 321 | 200339 |
| SUR | 31-ID480.00B | CAROLE STANLEY HANSON | ENDURO OPERATING LLC | SURFACE USE AND DAMAGE AGREEMENT / T162N R80W / SEC 25: NW/SE | RENVILLE | 12/5/2014 | 321 | 200138 |
| SUR | 31-ID480.00C | MARSHALL A MORGAN | ENDURO OPERATING LLC | SURFACE USE AND DAMAGE AGREEMENT / T162N R80W / SEC 25: NW/SE | RENVILLE | 12/1/2014 | 321 | 200240 |
| EAS | 31-ID481.000 | MARIAH STOAS | ENDURO OPERATING LLC | PERMANENT EASEMENT AGREEMENT / T163N R79W | BOTTINEAU | 12/15/2014 | | 40763 |
| SUR | 31-ID481.000 | ROBERTA A HENRY REV LIVING TR | ENDURO OPERATING LLC | SURFACE USE AND DAMAGE AGREEMENT / NODU 732 | BOTTINEAU | 12/15/2015 | | 408102 |
| SAE | 31-ID470.000 | DALE C HAAVSAGER | ENDURO OPERATING LLC | T163N R80W | RENVILLE | 1/5/2015 | 408 | 200309 |
| SAE | 31-ID479.000 | GLENN M PAPPIN | ENDURO OPERATING LLC | FEA - INSG10 717 / T163N R79W / SEC 17: LOTS | BOTTINEAU | 1/20/2015 | | 408776 |

Exhibit C - 15

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | No. | Lessor | Lessee | Description | | | | Date | | County |
|---|---|---|---|---|---|---|---|---|---|---|
| ROW | 33.0149.000 | MARIE CREIGHTON ET AL | MERIDIAN OIL INC | SURFACE DAMAGE AND ACCESS AGREEMENT T147N-R92W SEC 19: NW | | | 111 430 | 2/22/1997 | NO | MCKENZIE |
| ROW | 33.0197.000 | NADINE AND LOUISE BERG | CONOCO INC | RIGHT OF WAY AGREEMENT T160N-R94W SEC 20: N2NW BEING 50' IN WIDTH | 268 264 | 380 382 | | 3/23/1995 | NO | BURKE |
| ROW | 33.0198.000 | MAX A HANSON | CONOCO INC | RIGHT OF WAY AGREEMENT T160N-R94W SEC 20: N2NW BEING 50' IN WIDTH | 268 264 | 278 384 | | 3/23/1995 | NO | BURKE |
| ROW | 33.0199.000 | KEVIN AND LORNA GUNDSON | CONOCO INC | RIGHT OF WAY AGREEMENT T160N-R94W SEC 23: N2SW SEC 20: N2NW, W2NU, BEING 50' IN WIDTH | 264 268 | 586 318 | | 3/23/1995 | NO | BURKE |
| ROW | 33.0200.000 | CALMET COATEEE | CONOCO INC | RIGHT OF WAY AGREEMENT T160N-R94W SEC 20: N2NW, W2NU, BEING 50' IN WIDTH | 264 | 580 | | 3/22/1995 | NO | BURKE |
| ROW | 33.0500.000 | NORMAN G DIEBELE | CONOCO INC | RIGHT OF WAY AGREEMENT T160N-R94W SEC 20: N2N2NW BEING 50' IN WIDTH | 264 | 574 | | 3/22/1995 | NO | BURKE |
| SWD | 33.0502.000 | MAX E WOLD | BERCO RESOURCES LLC | SALT WATER DISPOSAL AGREEMENT T159N-R94W SEC 6: NW BEING A TRACT OF LAND APPROXIMATELY THREE ACRES IN SIZE ENCOMPASSING THE STROMBECK LAM WELL | | | | 11/1/2017 | NO | BURKE |
| ROW | 33.0503.000 | ONLINE 1 AND OPAL I MARGUSE | CONOCO INC | RIGHT OF WAY AGREEMENT T160N-R94W SEC 21: SW,SW BEING 50' IN WIDTH | 264 | 588 | 44543 | 3/22/1995 | NO | BURKE |
| ROW | 33.0504.000 | MARIE CREIGHTON ETAL | MERIDIAN OIL INC | SURFACE DAMAGE AND ACCESS AGREEMENT T147N-R92W SEC 19: N2 | | | | 4/4/1986 | NO | MCKENZIE |
| ROW | 33.0505.000 | LAURENCE H DIMENSEN ETAL | BTA OIL PRODUCERS | RIGHT OF WAY T153N-R99W SECTION 22: SWNE | | | 63730 67133 67132 | 4/21/2006 | NO | WILLIAMS WILLIAMS WILLIAMS |
| ROW | 33.0506.000 | MARION WATTERUD ETUX | BERCO RESOURCES LLC | PIPELINE EASEMENT T160N-R93W SEC 11: SW, W2SE | 21 184 | 746 | | 4/6/2001 | NO | DIVIDE |
| SUR | 33.0510.000 | DAVID WIGANES ETAL | LUFF EXPLORATION COMPANY | SURFACE USE AGREEMENT T153N-R101W SEC 15: NE2 CONTAINING 10.0 ACRES, MORE OR LESS | | | | 8/3/2010 | NO | BOWMAN |
| SUR | 33.0511.000 | TERENCE W WIELAND TRUST | LUFF EXPLORATION COMPANY | SURFACE USE AGREEMENT T153N-R101W SEC 25: NE2 CONTAINING 10.0 ACRES, MORE OR LESS | | | | 8/4/2010 | NO | BOWMAN |
| ROW | 33.0512.000 | USDA FS NDCA MDJD | ENGURO OPERATING LLC | USDA FOREST SERVICE - PRIVATE ROAD SPECIAL USE PERMIT FOR ACCESS TO SERVICE AND MAINTAIN EXISTING WELLS USING EXISTING FEDERAL ROADS. THE LAND COVERED BY THIS PERMIT ARE LOCATED IN MACKENZIE CO, ND AND ARE DESCRIBED AS A PORTION OF THE FOLLOWING: T148N-R102W SEC 35; T148N-R102W SEC 3, 5, 8, 14 T147N-R102W SEC 8; T147N-R102W SEC 26; T148N-R102W SEC 24 PERMIT COVERS ROW TOTALING APPROX 1.758 FT, 3.168 MILES IN LENGTH, 60 FT IN WIDTH, COMBINING APPROX 2.46 ACRES, AND IS LOCATED UPON THE GROUND ACCORDING TO THE SURVEY LINE, FIGURES, MEASUREMENTS, NOTES, AND OTHER REFERENCES SHOWN ON THE MAP OR PLAT ATTACHED AS EXHIBIT C | | | | 10/6/2015 | NO | MCKENZIE |
| SWD | 33.0030.000 | EAGLE OPERATING INC | WALLISTON HUNTER NO, LLC | T156N-R92W SEC 15: NE2N, RENVILLE COUNTY, NORTH DAKOTA | | | | 1/1/2011 | NO | RENVILLE |
| SWD | 33.0160.000 | NANINE SHARP ESTATE | WALLISTON HUNTER NO, LLC | T156N-R92W SEC 15: NE2N | | | | 8/15/1981 | NO | RENVILLE |

Exhibit C - 16

**EXHIBIT C**
**MATERIAL CONTRACTS**

| | | | | | | |
|---|---|---|---|---|---|---|
| SWD | 33.0383.000 | THE GEORGE HETTMANN COMPANY | GDFOR OIL INC | 8/20/1969 | NO | BOTTINEAU | SEC 23 149W, RENVILLE COUNTY, NORTH DAKOTA T159N R93W |
| WATER | 33.0385.000 | PAUL CHRISTIANSON | EAGLE OPERATING INC | 7/10/2006 | NO | RENVILLE | SEC 7, RENVILLE COUNTY, NORTH DAKOTA T159N R83W SEC 7, T159N 91W, RENVILLE CO, NORTH DAKOTA |
| SUR | 33.0386.000 | JAMES DORRIT ET UX | EAGLE OPERATING INC | 11/30/2006 | NO | BURKE | SURFACE USE AGREEMENT T158N R88W SEC 25-152, BURKE CO, NORTH DAKOTA |
| SUR | 33.0387.000 | EUGENE CHRISTIANSON | WILLISTON HUNTER ND, LLC | 2/21/2010 | NO | BOTTINEAU | T158N R88W SEC 20-9W, BURKE COUNTY, NORTH DAKOTA |
| SUR | 33.0389.000 | DALE RANDASH | WILLISTON HUNTER ND, LLC | 3/4/2013 | | BOTTINEAU | 40173 | T162N R83W SEC 30-155W, BOTTINEAU COUNTY, NORTH DAKOTA, THE DRILLSITE TO OCCUPY APPROXIMATELY 2.83 ACRES MORE OR LESS |
| SUR | 33.0393.000 | MICHAEL REICH | WILLISTON HUNTER ND, LLC | 3/4/2013 | | BOTTINEAU | 40173 | T162N R83W SEC 30-155W, BOTTINEAU COUNTY, NORTH DAKOTA, THE DRILLSITE TO OCCUPY APPROXIMATELY 2.83 ACRES MORE OR LESS |
| SUR | 33.0810.000 | EAGLE OPERATING INC | BLAISE ENERGY INC | 7/1/2010 | NO | BURKE | SITE LEASE AGREEMENT |
| SUR | 33.0811.000 | EAGLE OPERATING INC | BLAISE ENERGY INC | 6/1/2010 | NO | BURKE | SITE LEASE AGREEMENT T163N R90W SEC 29-3LL, BURK COUNTY, NORTH DAKOTA, 0FW,V SOUTH CTR STTE |
| SUR | 33.0813.000 | JAMES DORRIT ET UX | EAGLE OPERATING INC | 11/30/2006 | NO | BURKE | SURFACE DAMAGE AGREEMENT, EASEMENT AND NOTICE OF INTENT TO DRILL T158N R88W SEC 25, LOT 4, CONTAINING SIXTY ONE AND FORTY TWO HUNDREDTHS ACRES, MORE OR LESS, BURKE COUNTY, NORTH DAKOTA |
| SUR | 33.0814.000 | ROBERT RAHLI ET UX | EAGLE OPERATING INC | 5/21/2006 | NO | BOTTINEAU | SURFACE DAMAGE AGREEMENT, EASEMENT AND NOTICE OF INTENT TO DRILL T163N R83W SEC 6-149W, BOTTINEAU COUNTY, NORTH DAKOTA |
| SWD | 33.0742.000 | EAGLE OPERATING INC | WILLISTON HUNTER ND, LLC | 3/30/2012 | NO | RENVILLE | SALTWATER DISPOSAL AGREEMENT ENDURO ACCEPTS PRODUCED SALTWATER AT THE FOLLOWING LOCATION: WISE SWD FROM MAKE WEBB E-1 EAGLE OPERATING ACEPTS PRODUCED SALTWATER FROM ENDURO'S WELLS AT THE FOLLOWING LOCATION: SCHMIDT ESTATE 1-36 FROM BACKSHOT 36-44, OR RICHARDSON 29-1 SH |
| SUR | 33.0746.000 | ERLING G EAVERENG ET OR | NORTHWEST DIAGEMATION COMPANY | 2/6/1988 | NO | WILLIAMS | WELLSITE AND LEASE DAMAGE RELEASE T150N R90W SEC 7 R93W |
| SUR | 33.0749.000 | DAVID LEE CREIGHTON ET OR | ENDURO OPERATING LLC | 2/15/2016 | NO | MCKENZIE | 408147 | SURFACE USE AND DAMAGE AGREEMENT - HAY DRAW 2153 T153N R102W 5TH PM SEC 8-8W |
| SUR | 33.0750.000 | LEONARD E GRANEMAN TRUST | BURLINGTON RES OIL CO LP | 11/17/1994 | NO | BURKE | HAY DRAW 21-33 WELL SITE WILL BE LOCATED ON A DRILL SITE WHICH WILL COMPRISE, ALONG WITH THE ACCESS ROAD, APPROXIMATELY 5.0 ACRES MORE OR LESS SURFACE DAMAGE RELEASE T163N R90W SEC 21-3W |
| SUR | 33.0753.000 | USDA T9 PERMIT 07-16-05-N0310665 | ENDURO OPERATING LLC | 12/15/2015 | NO | GOLDEN VALLEY | USDA FOREST SERVICE SPECIAL USE PERMIT 07-16-06 T139N R103W SEC 9 SD41 SEC 15 NW1 THIS PERMIT COVERS 3.91 ACRES AND/OR 354 MILES AND/OR 9.374 247 FEET OPERATION AND MAINTENANCE OF 3.74 247 FEET OF 2 INCH GAS PIPELINE WITHIN A 20 FOOT WIDE RIGHT OF WAY, 3.0 FEET ON EACH SIDE OF THE CENTRELINE |
| ROW | 33.0754.000 | USDA T9 PERMIT 07-16-07-52 MT0061 | ENDURO OPERATING LLC | 12/15/2015 | NO | GOLDEN VALLEY | GAS PIPELINE FROM THE GOVT BROWN A-1 WELL TO T9FROM A-8 CTB MASTER PRIVATE ROAD SPECIAL USE PERMIT 07-16-07-52 MT0062 T139N R103W SEC 9 SD41 SEC 15 SW1 *THIS PERMIT COVERS A RIGHT-OF-WAY MILES, 2.781.60 FEET IN LENGTH, 80 FEET IN WIDTH, 12 MILES IN LENGTH, CONTAINING APPROXIMATELY 2.850 ACRES ACCESS ROAD TO START 16.5 FOW 6THIS COUNTER ON SECTION 15 T139N R103W AND THE GOVERNMENT T9 FROM A-1 OFW 7V GOES LOCATED IN SECTION 9 T139 R103W |
| SUR | 33.0755.000 | EUROPA SWABROAD | BENCO RESOURCES LLC | 2/27/2001 | NO | WILLIAMS | 599/42 | SURFACE USE AND ACCESS AGREEMENT T159N R93W |

Exhibit C - 17

**EXHIBIT C**
**MATERIAL CONTRACTS**

| Type | ID | Lessor / Party | Company | Date | | County | | | Description |
|---|---|---|---|---|---|---|---|---|---|
| SUR | 33.0170S.000 | MELVIN AND RUEDELL BALLANTYNE | WARD WILLISTON OIL COMPANY | 9/21/1955 | NO | BOTTINEAU | | | SEC 7- N DW / PORTION OF LAND, NOT TO EXCEED 3 ACRES IN SIZE / SURFACE EASEMENT / WWW-R HW |
| CASE | 33.0176.000 | BONNIE MATTSON | ENDURO OPERATING LLC | 7/21/2017 | NO | BOTTINEAU | | | T163N R79W / SEC 16: S½NW BEING ON THE SOUTH SECTION LINE AND CONTAINING APPROX 2 ACRES |
| CASE | 33.0176B.000 | NATHAN J WELSTAD | ENDURO OPERATING LLC | 8/24/2017 | NO | BOTTINEAU | | | PERMANENT EASEMENT AGREEMENT / T163N R79W / SEC 6: NE1/2 SO1/2 LOT 1 |
| CASE | 33.0176.000 | STEVEN D AND BETH K FILK | ENDURO OPERATING LLC | 8/24/2017 | NO | BOTTINEAU | | | PERMANENT EASEMENT AGREEMENT / T163N R79W / SEC 2: S2SE LOTS/LOTS 2 & 3 |
| CASE | 33.0176.000 | STUART ROTHE FILK | ENDURO OPERATING LLC | 12/19/2017 | NO | BOTTINEAU | | | PERMANENT EASEMENT AGREEMENT / T163N R79W / SEC 22: NE / CONTAINING 13.7 NET RODS, 50' IN WIDTH |
| ROW | 33.0171.000 | STAR FAMILY LAND 3 PSHIP LP | ENDURO OPERATING LLC | 12/19/2017 | NO | BOTTINEAU | | | PERMANENT EASEMENT AGREEMENT / T163N R79W / SEC 15: SE / CONTAINING 45.8 NET RODS, 50' IN WIDTH |
| STATE | 33.0172.000 | STATE OF NORTH DAKOTA | BENZI RESOURCES LLC | 7/15/2000 | NO | WILLIAMS | 264 | 835 | T138N R95W / SEC 16: SDSE |
| ROW | 33.0195.000 | ROTSO T TRUST | CONOCO INC | 3/27/1995 | NO | BURKE | | 188039 | SAVE AND EXCEPT TAKEN LINE THREE ITEMS FORMATIONS / RIGHT OF WAY / T138N R69W / SEC 25: NW2NE / BEING 50' IN WIDTH |
| ROW | 33.0411.001 | RUTH FRYER | GUFF EXPLORATION COMPANY | 8/1/2010 | NO | RENMAN | | | RIGHT OF WAY FOR SURFACE USE AGREEMENT / T163N R103W / SEC 2: N2 / CONTAINING SD ACRES, MORE OR LESS |
| SUR | 33.0147.000 | FREDERICK K AMOS ETUX | PENEGOL PETROLEUM COMPANY | 12/5/1979 | NO | MCKENZIE | | | ROADWAY GRANT / T147N R101W / SEC 16: SW |
| ROW | 33.0184.000 | STEVEN J DAYRLE | BENZI RESOURCES LLC | 4/3/2008 | NO | DIVIDE | 214 | 57 | PIPELINE EASEMENT / T163N R79W / SEC 25: SE |
| SWD | 33.0176.000 | GD F RESOURCES INC | ENDURO OPERATING LLC | 12/15/1980 | NO | RENVILLE | | | WASTE WATER DISPOSAL CONTRACT / T138N R86W / SEC 16: 660' FILE AND 580' TIL FROM WHICH WASTE WATER IS BEING PRODUCED OR TRANSPORTED INTO WHICH IS LOCATED IN BURKM SECTION 31, T158N- R81W, RENVILLE COUNTY, ND |
| CASE | 33.0185.000 | MARY ANN JOHNSON | ENDURO OPERATING LLC | 4/15/2014 | NO | MCKENZIE | | | EASEMENT AGREEMENT / T138N R79W / SEC 25: E5E / SEC 26: NE5NE / BEING 2.295' IN LENGTH (440 RODS) |
| CASE | 33.0190.000 | GAYLE E PETERSON | ENDURO OPERATING LLC | 2/25/2014 | NO | BOTTINEAU | | | PERMANENT EASEMENT AGREEMENT / T163N R79W / SEC 21: NE2W |
| SUR | 33.0187.000 | ARIANNE AND CHRIS SUSAN | ENDURO OPERATING LLC | 7/23/2014 | NO | DIVIDE | | | GRANTING 55' WIDE PERMANENT EASEMENT (80 RODS) / PERMANENT EASEMENT AGREEMENT / T163N R79W / SEC 23: NE, W12NE2 |
| WATER | 33.0073.000 | STATE OF NORTH DAKOTA | AMERADA HESS CORPORATION | 6/1/2012 | NO | BOTTINEAU | | | SURFACE WATER AGREEMENT, CONTAINING 560.2 POOLS / STATE OF NORTH DAKOTA / OFFICE OF THE STATE ENGINEER / WATER PERMIT NO. 5480 / POINT OF DIVERSION: SE SEC 3, T163N R79W, BOTTINEAU CO ND / PRIMARY USE: INDUSTRIAL / SOURCE OF WATER SUPPLY: GROUND WATER / AQUIFER: UNDIFFERENTIAT / PRIORITY DATE: 3/9/2001 / BENEFICIAL USE DATE: 7/1/2003 |
| SUR | 33.0015.000 | CHEISS MANAGEMENT LP | EAGLE OPERATING INC | 9/25/2005 | NO | BURKE | | | SURFACE DAMAGE AGREEMENT, EASEMENT AND NOTICE OF INTENT TO DRILL / T164N R88W |

Exhibit C - 18

**EXHIBIT C**
**MATERIAL CONTRACTS**

| CONTRACT NUMBER | CONTRACT TYPE | EFF DATE | PARTIES TO AGREEMENT | COUNTY | STATE | BOOK | PAGE | ENTRY | |
|---|---|---|---|---|---|---|---|---|---|
| SUR | | | EAGLE OPERATING INC | 5/14/2001 | ND | BURKE | | | SEC 36; BURKE COUNTY, NORTH DAKOTA |
| | | GALVIN & KAMINSKY ET UX | | | | | | | SURFACE DAMAGE AGREEMENT / EASEMENT AND NOTICE OF INTENT TO DRILL |
| ROW | 331055 61.000 | ELMER A OLSON ET UX | GONGO INC | 4/13/1995 | ND | DIVIDE | 390 | 411 | T162N-R99W / SEC 5; ROW - BURKE COUNTY, NORTH DAKOTA / RIGHT OF WAY AGREEMENT / T160N-R95W / SEC 11.5 / SEC 5X 50' IN WIDTH |
| STATE | 331035875.000 | STATE OF NORTH DAKOTA | BIRCO RESOURCES INC | 6/25/1995 | ND | DIVIDE | | | T160N-R98W / SEC 36, NWNW / SAVE AND EXCEPT RANDOM AND THREE FORMS FORMATIONS |
| SAND | 331054 66.000 | FLYING J OIL AND GAS | PETRO HUNT LLC | 4/1/2003 | ND | BILLINGS | | | SALT WATER DISPOSAL AGREEMENT / T144N-R98W / SEC 4, NWNE / ZANKOUTM A A LITTLE WAY FOLLOWED THE WASTE WATER DISPOSAL AS LOCATED / IN NWNW OF SECTION 4, T144N-R98W, BILLINGS COUNTY, ND / SAVE AND EXCEPT RANDOM AND THREE FORMS FORMATIONS |
| SUR | 331057 5.000 | PARRIE PIVOT | SAMEDAN OIL CORPORATION | 7/16/1992 | ND | MCKENZIE | | | ROW AND DAMAGE AGREEMENT / ACCESS TO ROOT 6.5 / T144N-R104W / SEC 6, NENW |
| SUR | 331076 7.0DA | EUROPA SAKKEKRUG | BIRCO RESOURCES LLC | 10/29/1999 | ND | WILLIAMS | | 38804M | PIPELINE EASEMENT / T154N-R95W / SEC 7, ALL |
| SUR | 331076 7.0DB | ALVIN E SAKKEKRUG | BIRCO RESOURCES LLC | 11/1/1999 | ND | WILLIAMS | | 38846Z | PIPELINE EASEMENT / T154N-R95W / SEC 7, ALL |
| SUR | 331076 8.0DA | DAVID LEE CREIGHTON ET UX | BTA OIL PRODUCE RS | 12/28/2004 | ND | WILLIAMS | | 6297/0 | RIGHT OF WAY AGREEMENT / T154N-R99W / SEC 7, NWD |
| SUR | 331076 9.000 | THOMAS D DESCHAMPS ET UX MAXGENE | ENOUND OPPAX PNG LLC | 2/15/2016 | ND | MCKENZIE | | 691567 | SURFACE USE AND DAMAGE AGREEMENT / T152N-R102W / SEC 15; NW |
| SUR | 331076 86.000 | | ENOUND OPPAX PNG LLC | 7/21/2017 | ND | BOTTINEAU | | 611616D | PERMANENT ROADWAY AGREEMENT / T163N-R79W / SEC 5; SONW INCLUDING OUTLOT 1 OF SW, & 6D OUTLOTS 3 AND 4 OF SONW |

| CONTRACT NUMBER | CONTRACT TYPE | EFF DATE | PARTIES TO AGREEMENT | COUNTY | STATE | BOOK | PAGE | ENTRY | |
|---|---|---|---|---|---|---|---|---|---|
| CA2775 | UNIT AGNT/UNIT OPERATING AGMT | 12/6/17 | AMERADA PETROLEUM COMPANY OPERATOR ETAL | BOTTINEAU | ND | 145 | 582 | 135391 | |
| CA2882 | UNIT AGNT/UNIT OPERATING AGMT | 11/01/07 | GEO RESOURCES INC. OPERATOR ETAL | BOTTINEAU | ND | | | | |
| CA2883 | UNIT AGNT/UNIT OPERATING AGMT | 11/01/07 | WARD WILLISTON COMPANY INC. OPERATOR ETAL | BOTTINEAU | ND | | | | |
| CA2885 | JOINT OPERATING AGREEMENT | 10/01/65 | WARD WILLISTON COMPANY INC, OPERATOR AND R.D. INVESTMENTS NO 1 LLC ETAL | RENVILLE | ND | | | | |
| CA2886 | JOINT OPERATING AGREEMENT | 10/01/65 | WARD WILLISTON COMPANY INC, OPERATOR AND R.D. INVESTMENTS NO 1 LLC ETAL | RENVILLE | ND | | | | |
| CA2887 | UNIT AGNT/UNIT OPERATING AGMT | 8/15/58 | WARD WILLISTON DRILLING CO, OPERATOR AND CARDINAL DRILLING CO. ETAL | BOTTINEAU | ND | 75 | 555 | 268374 | |
| CA2888 | JOINT OPERATING AGREEMENT | 8/31/77 | SAMEDAN OIL CORPORATION, OPERATOR ETAL | BOTTINEAU | ND | | | | |
| CA2889 | JOINT OPERATING AGREEMENT | 11/29/72 | SAMEDAN OIL CORPORATION, OPERATOR AND ECHO OIL CORPORATION ETAL | BOTTINEAU | ND | | | | |
| CA2890 | JOINT OPERATING AGREEMENT | 1/26/74 | SAMEDAN OIL CORPORATION, OPERATOR AND TRILLIUM PETROLEUM COMPANY | BOTTINEAU | ND | | | | |
| CA2891 | JOINT OPERATING AGREEMENT | 1/26/74 | PRIMA OIL GAS FINE INC, OPERATOR AND GUN HOOK IN TRILLIUM INC ETAL | BURKE | ND | | | | |
| CA2896 | JOINT OPERATING AGREEMENT | 12/01/53 | BALLANTYNE OIL CO. OPERATOR ETAL | BOTTINEAU | ND | | | | |
| CA2900 | UNIT AGNT/UNIT OPERATING AGMT | 6/14/61 | CONTINENTAL OIL COMPANY INC, OPERATOR AND GUN DOON RESOURCES INC ETAL | BURKE | ND | | | | |
| CA2921 | JOINT OPERATING AGREEMENT | 9/16/86 | AVALON ENERGY CORPORATION AND ER ENTER PRISE INC. OPERATOR ETAL | BURKE | ND | | | | |
| CA2922 | JOINT OPERATING AGREEMENT | 8/20/61 | WARD WILLISTON COMPANY INC, OPERATOR AND ASSOCIATES PRODUCTION NO 1 LLC ETAL | BURKE | ND | | | | |
| CA2924 | JOINT OPERATING AGREEMENT | 6/10/95 | WARD WILLISTON DRILLING CO, OPERATOR AND EMBAR NO 1 INVESTMENTS NO 1 LLC ETAL | BURKE | ND | | | | |
| CA2925 | JOINT OPERATING AGREEMENT | 1/15/62 | CHANDLER & ASSOCIATES INC, OPERATOR AND KANE PRODUCTION COMPANY | BURKE | ND | | | | |
| CA2931 | JOINT OPERATING AGREEMENT | 1/15/62 | CHANDLER & ASSOCIATES INC, OPERATOR AND KANE PRODUCTION GAS CORP ETAL | BURKE | ND | | | | |
| CA2934 | JOINT OPERATING AGREEMENT | 11/01/83 | MARATHON OIL COMPANY AND CHANDLER & ASSOCIATES, OPERATOR | BURKE | ND | | | | |
| CA2935 | UNIT AGNT/UNIT OPERATING AGMT | 8/20/61 | CHANDLER & ASSOCIATES INC, OPERATOR ETAL | BURKE | ND | | | | |
| CA2318 | JOINT OPERATING AGREEMENT | 3/07/64 | CHANDLER & ASSOCIATES INC, OPERATOR AND CHANDLER & ASSOCIATES PARTNERSHIP. ETAL | RENVILLE | ND | | | | |
| CA2919 | JOINT OPERATING AGREEMENT | 3/15/64 | CHANDLER SAMPSON INC AND BONANZA CHEMICAL COMPANY | RENVILLE | ND | | | | |
| CA2920 | JOINT OPERATING AGREEMENT | 3/08/64 | | RENVILLE | ND | | | | |
| CA2926 | JOINT OPERATING AGREEMENT | 9/01/87 | AVALON ENERGY OPERATOR AND ER EXPLORATION & PRODUCTION P | BURKE | ND | | | | |
| CA2953 | JOINT OPERATING AGREEMENT | 2/01/84 | MARATHON PETROLEUM COMPANY | BOTTINEAU | ND | | | | |
| CA2932 | UNIT AGNT/UNIT OPERATING AGMT | 11/01/09 | TURTLE MOUNTAIN OIL & GAS INC, OPERATOR | BOTTINEAU | ND | | | | |
| CA3938 | UNIT AGNT/UNIT OPERATING AGMT | 2/01/84 | PRIMA OIL GAS FINE INC, OPERATOR AND GUN HOOK IN TRILLIUM INC ETAL | BURKE | ND | | | | |
| CA3940 | JOINT OPERATING AGREEMENT | 1/01/86 | CARDINAL DRILLING COMPANY, OPERATOR AND LEEAR OIL COMPANY, ET AL | BOTTINEAU | ND | | | | |
| CA3941 | UNIT AGNT/UNIT OPERATING AGMT | 11/15/14 | AMERADA PETROLEUM COMPANY OPERATOR AND GUN HOOK IN TRILLIUM COMPANY | BOTTINEAU | ND | | | | |
| CA4014 | LICENSE AGREEMENT | 6/20/13 | SEQUEL ENERGY PARTNERS LP, ETAL AND ENOUND OPERATING LLC | BILLINGS | ND | | | | |
| | | | | BOWMAN | ND | | | | |
| | | | | BURKE | ND | | | | |
| | | | | DIVIDE | ND | | | | |
| | | | | DUNN | ND | | | | |
| | | | | GOLDEN VALLEY | ND | | | | |
| | | | | MCKENZIE | ND | | | | |
| | | | | STARK | ND | | | | |
| | | | | WILLIAMS | ND | | | | |
| CA5005 | JOINT LEA AGREEMENT | 9/01/11 | SEQUEL ENERGY PARTNERS II, ETAL AND ENOUND OPERATING LLC | BILLINGS | ND | | | | |
| | | | | BOWMAN | ND | | | | |
| | | | | BURKE | ND | | | | |
| | | | | DIVIDE | ND | | | | |
| | | | | GOLDEN VALLEY | ND | | | | |
| | | | | MCKENZIE | ND | | | | |
| | | | | STARK | ND | | | | |
| | | | | WILLIAMS | ND | | | | |
| CA5006 | LICENSE AGREEMENT | 9/18/11 | KMT DATA INC AND SEQUEL RESOURCE PARTNERS LLC | DIVIDE | ND | | | | |

Exhibit C - 19

**EXHIBIT C**

**MATERIAL CONTRACTS**

Exhibit C - 20

# EXHIBIT C
## MATERIAL CONTRACTS

| Contract | Description | | Formal Description | State |
|---|---|---|---|---|
| C44000 | JOINT OPERATING AGREEMENT | 1/26/76 | KERR MCGEE CORPORATION, OPERATOR AND PASCO OIL COMPANY ET AL. | MCKENZIE |
| C44001 | JOINT OPERATING AGREEMENT | 9/26/75 | KERR MCGEE CORPORATION, OPERATOR AND PASCO OIL COMPANY ET AL. | MCKENZIE |
| C44002 | JOINT OPERATING AGREEMENT | 12/01/97 | CHOCTAW OIL & GAS, LTD OPERATOR AND TARRAGON OIL & GAS CORPORATION | MCKENZIE |
| C44003 | JOINT OPERATING AGREEMENT | 6/19/06 | WALE PETROLEUM CORPORATION, OPERATOR AND BURLINGTON RESOURCES OIL & GAS COMPANY LP | MCKENZIE |
| C44004 | COMMUNITIZATION AGMT | 8/01/05 | NANCE PETROLEUM CORPORATION, OPERATOR | MCKENZIE |
| C44005 | COMMUNITIZATION AGMT | 8/15/12 | TRUE OIL LLC, OPERATOR | MCKENZIE |
| C44006 | JOINT OPERATING AGREEMENT | 8/08/83 | KERR ENERGY OPERATOR AND SNOWBIRD OIL AND GAS ETAL | MCKENZIE |
| C44007 | JOINT OPERATING AGREEMENT | 2/16/92 | KERR MCGEE CORPORATION, OPERATOR AND HADELL ENERGY COMPANY ETAL | MCKENZIE |
| C44008 | JOINT OPERATING AGREEMENT | 4/06/79 | KERR MCGEE CORPORATION, OPERATOR AND PASCO OIL COMPANY ETAL | MCKENZIE |
| C44009 | COMMUNITIZATION AGMT | 11/01/05 | DEVON ENERGY PRODUCTION COMPANY LP, OPERATOR | MCKENZIE |
| C44010 | UNIT AGREEMENT W CONV AGMT | 4/13/84 | CONOCO INC, OPERATOR | STARK |
| C44061 | FARMOUT AGREEMENT | 11/01/92 | CONOCO INC AND TENCOR OIL AND GAS COMPANY | STARK |
| C44062 | JOINT OPERATING AGREEMENT | 11/01/88 | BURLINGTON RESOURCES OIL & GAS COMPANY OPERATOR AND HENKI STAKE OIL AND GAS COMPANY | BILLINGS |
| C44063 | JOINT OPERATING AGREEMENT | 6/01/81 | PATRICK PETROLEUM CORPORATION OF MICHIGAN, OPERATOR AND FARMERS UNION CENTRAL EXCHANGE INC ETAL | BILLINGS |
| C44064 | FARMOUT AGREEMENT | 1/04/81 | FARMERS UNION CENTRAL EXCHANGE INC AND PATRICK PETROLEUM CORPORATION OF MICHIGAN | BILLINGS |
| C44065 | JOINT OPERATING AGREEMENT | 6/16/98 | BURLINGTON RESOURCES OIL & GAS COMPANY OPERATOR AND JORDAN EXPLORATION COMPANY LLC | BURKE |
| C44085 | JOINT OPERATING AGREEMENT | 10/06/99 | BURLINGTON RESOURCES OIL & GAS COMPANY OPERATOR AND JORDAN EXPLORATION COMPANY LLC | BURKE |
| C44086 | JOINT OPERATING AGREEMENT | 12/01/12 | MCKENZIE OIL INC, OPERATOR AND MARATHON OIL COMPANY ETAL | MCKENZIE |
| C44088 | JOINT OPERATING AGREEMENT | 10/01/00 | FLYING J OIL & GAS INC, OPERATOR AND PETROLHUNT LLC ETAL | BILLINGS |
| C44070 | SALT WATER DISPOSAL | 10/01/12 | PETROLHUNT LLC AND FLYING J OIL AND GAS INC | BILLINGS |
| C44071 | SALT WATER DISPOSAL | 6/01/03 | PETROLHUNT LLC AND FLYING J OIL AND GAS INC | BILLINGS |
| C44072 | SEISMIC AGREEMENT | 10/23/97 | WILLIAM HERBERT HUNT TRUST ESTATE AND CITATION 1994 INVESTMENT LIMITED PARTNERSHIP ETAL | BILLINGS |
| C44083 | COMMUNITIZATION AGMT | 3/01/84 | STATE OF NORTH DAKOTA AND MERIDIAN OIL INC | GOLDEN VALLEY |
| C44084 | JOINT OPERATING AGREEMENT | 3/13/83 | | GOLDEN VALLEY |
| C44086 | UNIT DESIGNATION | 7/01/13 | SLFT EXPLORATION OIL COMPANY, OPERATOR | ROSEVALLEY |
| C44087 | FARMOUT AGREEMENT | 2/28/81 | LAMAR HUNT AND INEXCO INC | GOLDEN VALLEY |
| C44100 | COMMUNITIZATION AGMT | 1/01/88 | PENNZOIL EXPLORATION AND PRODUCTION COMPANY, OPERATOR AND DEXAILE ENERGY COMPANY | MCKENZIE |
| C44101 | COMMUNITIZATION AGMT | 1/01/80 | ETAL | MCKENZIE |
| C44103 | COMMUNITIZATION AGMT | 7/16/00 | SLAWSON ENERGY CORPORATION AND TENNECO OIL COMPANY | BILLINGS |
| C44104 | COMMUNITIZATION AGMT | 5/15/06 | | GOLDEN VALLEY |
| C44105 | JOINT OPERATING AGREEMENT | 4/06/93 | | GOLDEN VALLEY |
| C44506 | SEISMIC AGREEMENT | 7/21/14 | STONISK OPERATING INC AND INEXCO OPERATING LLC | WILLIAMS |
| C44508 | SEISMIC AGREEMENT | 9/01/85 | | BOTTINEAU |
| C44564 | WATER SUPPLY AGREEMENT | 9/01/01 | AMERADA HESS CORPORATION, OPERATOR | BOTTINEAU |
| C44600 | JOINT OPERATING AGREEMENT | 10/01/04 | AMERADA HESS CORPORATION, OPERATOR | BOTTINEAU |
| C44720 | UNIT DESIGNATION | 7/01/83 | DEVON INC, OPERATOR ETAL OIL CO, OF NORTH DAKOTA INC ETAL | RENVILLE |
| C44721 | COMMUNITIZATION AGMT | 7/01/82 | X L INC, OPERATOR AND OASIS OIL COMPANY, OPERATOR | RENVILLE |
| C44722 | COMMUNITIZATION AGMT | 7/01/82 | N T OIL COMPANY AND OASIS PETROLEUM COMPANY | RENVILLE |
| C44723 | GAS PURCHASE CONTRACT | 1/13/81 | NORTHWEST EXPLORATION COMPANY OPERATOR AND RANGER OIL COMPANY ETAL | WILLIAMS |
| C47234 | JOINT OPERATING AGREEMENT | 5/30/81 | RANGER OIL COMPANY, OPERATOR AND NORTHWEST EXPLORATION COMPANY ETAL | WILLIAMS |

## MARKETING

| CONTRACT DATE | DESCRIPTION | COUNTY/STATE | FORMAL DESCRIPTION |
|---|---|---|---|
| 11/1/2013 | BILLINGS OIL SALE MCKENZIE GOLDEN VALLEY AND BILLINGS COS | MCKENZIE, ND | Crude Oil Purchase Agreement, dated October 16, 2013 between Concord Energy LLC and Enduro Operating LLC |
| 12/1/2017 | GAS SALE NESTED TIOGA PLANT OF DIVIDE & WILLIAMS COS | DIVIDE, ND | Gas Gathering, Processing, and Purchase Agreement, dated December 1, 2017 between Hess Trading Corporation and Enduro Operating LLC |
| 8/1/2013 | WILLIAMS, DIVIDE, AND BURKE COS. | WILLIAMS, ND | Crude Oil Purchase Agreement, dated July 11, 2013 between Mercuria Energy Trading, Inc. and Enduro Operating LLC |
| 10/1/1998 | GAS SALE - ELI PROPERTY - BURKE CO. | BURKE, ND | Gas Contract, dated October 1, 1998 between Oneok Rockies Midstream and Enduro Operating LLC |
| 10/1/2002 | GAS SALE - WERNHAM A 2 - TOWNSHIPS SIO NORTH THROUGH 164 NORTH, AND RANGES 88 WEST THROUGH 94 WEST, ALL IN BURKE COUNTY, NORTH DAKOTA | BURKE, ND | Gas Contract #97-003, dated October 1, 1997 between Oneok Rockies Midstream and Enduro Operating LLC |
| 10/1/1997 | GAS SALE - REMINGTON 3, BRYAN 3, AND THOMPSON TOWNSHIPS SIO NORTH THROUGH 164 NORTH, AND RANGES 88 WEST THROUGH 94 WEST, ALL IN BURKE COUNTY, NORTH DAKOTA. GAS CONTRACT FOR SALE | BURKE, ND | Gas Contract #97-007, dated October 1, 1997 between Oneok Rockies Midstream and Enduro Operating LLC |
| 9/1/1998 | GAS GATHERING AND PROCESSING OF BURKE CO | BURKE, ND | Gas Gathering and Processing Agreement, dated September 1, 1998 between Oneok Rockies Midstream LLC and Enduro Operating LLC |
| 10/31/1998 | PRODUCTION SOLD UNDER | BURKE, ND | Gas Purchase and Processing Agreement, dated October 31, 1998 between Oneok Rockies Midstream, LLC and Enduro Operating LLC |
| 10/1/2000 | GAS SALE - ANDREBOWES 24 - BURKE CO. | BURKE, ND | Gas Purchase and Processing Agreement, dated August 1, 2000 between Oneok Rockies Midstream, LLC and Enduro Operating LLC |
| 3/1/2011 | GAS SALE - ISELT CLAYTON MADISON UNIT - BURKE AND DIVIDE COS MCLAUGHLIN AND GRENORA TOWNSHIPS | MCKENZIE, ND | Gas Purchase Agreement, dated March 1, 2011 between Oneok Rockies Midstream, LLC and Enduro Operating LLC |
| 12/1/1998 | GAS SALE TECHNOLOGY AND PLANT GRENORA 165 FROM PROPERTIES IN BILLINGS, DUNN AND MCKENZIE COS (EXHIBITS INCLUDE BOTH ALBIAGE EDUCATION AND WELLS) | MCKENZIE, ND | Gas Processing Agreement, dated December 1, 1998 between Oneok Rockies Midstream, LLC and Enduro Operating LLC |
| 8/1/2013 | GAS PROCESSING AGREEMENT - FEDERAL RAVE 5 WELLS, MCKENZIE CO MCFELADE EDUCATION | MCKENZIE, ND | Crude Oil Purchase Contract, dated August 30, 2013 between Plains Marketing, L.P. and Enduro Operating LLC |
| 8/1/2013 | NORTH DAKOTA LIGHT OIL SALE | MCKENZIE, ND | |

**EXHIBIT C**
**MATERIAL CONTRACTS**

| | | | |
|---|---|---|---|
| 8/1/2013 | NORTH DAKOTA NORTH OIL SALE - BURKE & MCKENZIE CO. | BURKE, ND | Crude Oil Purchase Contract, dated August 1, 2013 between Hiland Crude, Energy and Endure Operating LLC |
| 5/1/2013 | NORTH DAKOTA NORTH OIL SALE | BURKE, ND | Crude Oil Purchase Contract, dated May 21, 2013 between Trafigura AG and Endure Operating LLC |
| 7/16/2013 | LITTLE PARK 2013 GAS SALE 2ND AVENUE GSID DICATION TO RED WING PLANT | MCKENZIE, ND | Gas Purchase Agreement, dated July 16, 2013 between True Oil LLC and Endure Operating LLC |

Exhibit C - 22

## **EXHIBIT D**

**FORM OF ASSIGNMENT AND BILL OF SALE**

[See attached]

## ASSIGNMENT AND BILL OF SALE

STATE OF [ ● ]                                §
                                             §    KNOW ALL PERSONS BY THESE PRESENTS
COUNTY OF [ ● ]                              §

This ASSIGNMENT AND BILL OF SALE (this "***Assignment***") is from ENDURO OPERATING LLC, a Delaware limited liability company ("***Assignor***"), whose address is 777 Main Street, Suite 800, Fort Worth, TX 76102, to COBRA OIL & GAS CORPORATION, a Texas corporation ("***Assignee***"), whose address is 2201 Kell Boulevard, Wichita Falls, TX 76308, and is effective as of 12:01 a.m., Central Time on January 1, 2018 (the "***Effective Time***"). Assignor and Assignee shall be referred to herein individually as "***Party***" and collectively as the "***Parties***."

## ARTICLE I
## DEFINITIONS

**Section 1.1    Definitions**.  Capitalized terms used herein and not otherwise defined in this Assignment (including Article III) shall have the meanings given to such terms in that certain Purchase and Sale Agreement, dated [ ● ] [ ● ], 2018, by and between Assignor and Assignee (the "***Purchase and Sale Agreement***").

## ARTICLE II
## ASSIGNMENT OF ASSETS

**Section 2.1    Assignment**.  Assignor, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby grants, deeds, bargains, assigns, transfers, and conveys unto Assignee, all of Assignor's right, title and interest in and to the following, (other than the Excluded Assets, as hereinafter defined) (collectively, and subject to such exclusions, the "***Assets***"):

(a)    the oil and gas leases described in **Exhibit A** (collectively, the "***Leases***");

(b)    the wells located on the Leases or on any other lease or lands with which any Lease has been pooled or unitized, including oil and/or gas wells, condensate wells, water wells and injection or disposal wells, whether or not currently producing, shut-in, plugged or abandoned, including those set forth in **Exhibit A-1** (collectively, the "***Wells***"), and in all Hydrocarbons produced therefrom or allocated thereto;

(c)    all unitization and pooling agreements in effect with respect to any of the Leases or Wells and the units created thereby (collectively, the "***Units***");

(d)    all Applicable Contracts;

(e)    all Rights-of-Way that are used in connection with the ownership or operation of any of the Leases, Wells, Units or other Assets;

(f)    all equipment, machinery, fixtures and other personal and mixed property, operational and nonoperational, known or unknown, that are solely used in connection with any of the Leases, Wells, Units or other Assets, including, pipelines, gathering systems, well equipment, casing, tubing, pumps, motors, fixtures, machinery, compression equipment, flow lines, processing and separation facilities, structures, materials and other items solely used in the operation thereof (collectively, the "***Personal Property***");

(g)    to the extent transferable without payment of a fee (unless Assignee has paid such fee), all proprietary seismic data (including interpretations thereof) and geological mapping;

(h)    all Imbalances relating to the Assets; and

(i)    copies of all of the files, records, information and data, whether written or electronically stored, relating to the Assets in Assignor's or its Affiliates' possession, including: (i) land and title records; (ii) Applicable Contract files; (iii) correspondence; (iv) operations, environmental, production, accounting and Property Tax records, and (v) facility and well records (collectively, the "***Records***").

**TO HAVE AND TO HOLD** the Assets unto Assignee, its successors and assigns, forever, subject, however, to all the terms and conditions of this Assignment.

**Section 2.2    Excluded and Reserved Assets**.    The Assets shall not include, and Assignor hereby reserves and retains, the Excluded Assets.

## ARTICLE III
## ADDITIONAL DEFINITIONS

The following terms, as used herein, shall have the meanings set forth below:

"***Closing Date***" means [ ● ] [ ● ], 2018.

"***Contract***" shall mean any written or oral contract, agreement, agreement regarding indebtedness, indenture, debenture, note, bond, loan, collective bargaining agreement, lease, mortgage, franchise, license agreement, purchase order, binding bid, commitment, letter of credit or any other legally binding arrangement, including farmin and farmout agreements; participation, exploration and development agreements, crude oil, condensate and natural gas purchase and sale, gathering, transportation and marketing agreements; operating agreements; balancing agreements; unitization agreements; processing agreements; facilities or equipment leases; production handling agreements; and other similar contracts, but excluding, however, any Lease, Right-of-Way or other instrument creating or evidencing an interest in the Assets or any real property used in connection with the operations of any Assets.

"***Excluded Assets***" shall mean (a) all of Assignor's corporate minute books, financial records and other business records that relate to Assignor's business generally (including the ownership and operation of the Assets); (b) all trade credits, all accounts, receivables and all other proceeds, income or revenues attributable to the Assets with respect to any period of time

prior to the Effective Time; (c) all rights, claims and causes of action of Assignor relating to the Assets that are attributable to periods of time prior to the Effective Time (including claims for adjustments or refunds); (d) subject to Section 5.3 of the Purchase and Sale Agreement, all rights and interests relating to the Assets (i) under any existing policy or agreement of insurance, (ii) under any bond or (iii) to any insurance or condemnation proceeds or awards arising, in each case, from acts, omissions or events, or damage to or destruction of property; (e) all Hydrocarbons produced and sold from the Assets with respect to all periods prior to the Effective Time; (f) all claims of Assignor for refunds of or loss carry forwards with respect to (i) Property Taxes or any other Taxes attributable to any period (or portion thereof) prior to the Effective Time, (ii) Income or Franchise Taxes or (iii) any Taxes attributable to the Excluded Assets; (g) all personal computers and associated peripherals and all radio and telephone equipment, including SCADA servers and software; (h) all of Assignor's proprietary computer software, patents, trade secrets, copyrights, names, trademarks, logos and other intellectual property; (i) all documents and instruments of Assignor that may be protected by an attorney-client privilege; (j) all data that cannot be disclosed to Assignee as a result of confidentiality arrangements under agreements with Third Parties; (k) all audit rights arising under any of the Applicable Contracts or otherwise with respect to any period prior to the Effective Time or to any of the Excluded Assets, except for any Imbalances; (l) all geophysical, seismic and related technical data and information (and interpretations thereof) that is not transferable without payment of a fee (unless Assignee has paid such fee); (m) documents prepared or received by Assignor or its Affiliates with respect to (i) lists of prospective purchasers for the Assets, (ii) bids submitted by other prospective purchasers of the Assets, (iii) analyses by Assignor or its Affiliates of any bids submitted by any prospective purchaser, (iv) correspondence between or among Assignor, its representatives and any prospective purchaser other than Assignee and (v) correspondence between Assignor or any of its representatives with respect to any of the bids, the prospective purchasers or the transactions contemplated by this Agreement; (n) all personnel files; (o) all deposits, letters of credit and other collateral posted by Assignor in connection with the ownership or operation of any Assets; (p) all of Assignor's reserve analyses, including all interpretations of such reserves and decline curves; and (q) the property set forth on **Exhibit B**.

## ARTICLE IV
## SPECIAL WARRANTY

From and after the Closing Date until the end of the Holdback Period, Assignor hereby warrants Defensible Title to the Leases, Fee Interests and Wells unto Assignee against every Person whomsoever lawfully claims the same or any part thereof by, through or under Assignor, but not otherwise, subject, however, to the Permitted Encumbrances and the limitations set forth in Section 5.1(c)(ii) in the Purchase and Sale Agreement. Following the end of the Holdback Period, the special warranty of Defensible Title hereunder will terminate and have no further force and effect except with respect to any special warranty claim validly asserted by Assignee in writing to Assignor prior to the end of the Holdback Period. Assignor hereby assigns to Assignee all rights, claims, and causes of action on title warranties given or made by Assignor's predecessors (other than any Affiliates of Assignor), and Assignee is specifically subrogated to all rights which Assignor may have against such predecessors, to the extent Assignor may legally transfer such rights and grant such subrogation.

## ARTICLE V
## DISCLAIMERS

(a)    **EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY SET FORTH IN ARTICLE VII OF THE PURCHASE AND SALE AGREEMENT AND THE SPECIAL WARRANTY OF TITLE SET FORTH HEREIN, (I) ASSIGNOR MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, AND (II) ASSIGNOR EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO ASSIGNEE OR ANY OF ITS AFFILIATES, EMPLOYEES, AGENTS, CONSULTANTS OR REPRESENTATIVES (INCLUDING, ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ASSIGNEE BY ANY OFFICER, DIRECTOR, EMPLOYEE, AGENT, CONSULTANT, REPRESENTATIVE OR ADVISOR OF ASSIGNOR OR ANY OF ITS AFFILIATES).**

(b)    **EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY REPRESENTED OTHERWISE IN ARTICLE VII OF THE PURCHASE AND SALE AGREEMENT AND THE SPECIAL WARRANTY OF TITLE SET FORTH HEREIN, AND WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ASSIGNOR EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE ASSETS, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE ASSETS, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE PRODUCTION OF HYDROCARBONS FROM THE ASSETS, (VI) THE MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS OR THE PROPERTIES UNDERLYING THE ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY ASSIGNOR OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO ASSIGNEE OR ITS AFFILIATES OR ITS OR THEIR EMPLOYEES, AGENTS, CONSULTANTS, REPRESENTATIVES OR ADVISORS IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO AND (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT. EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY REPRESENTED OTHERWISE IN ARTICLE VII OF THE PURCHASE AND SALE AGREEMENT, ASSIGNOR FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY OF THE ASSETS, RIGHTS OF A PURCHASER UNDER APPROPRIATE STATUTES TO**

CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE PURCHASE PRICE, IT BEING EXPRESSLY UNDERSTOOD AND AGREED BY THE PARTIES THAT ASSIGNEE SHALL BE DEEMED TO BE OBTAINING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS" AND "WHERE IS" WITH ALL FAULTS OR DEFECTS (KNOWN OR UNKNOWN, LATENT, DISCOVERABLE OR UNDISCOVERABLE), AND THAT ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS OF THE ASSETS AS ASSIGNEE DEEMS APPROPRIATE. FOR THE AVOIDANCE OF DOUBT, ASSIGNEE ACKNOWLEDGES AND AGREES THAT ASSIGNEE CANNOT RELY ON OR FORM ANY CONCLUSIONS FROM ASSIGNOR'S METHODOLOGIES FOR THE DETERMINATION AND REPORTING OF ANY ASSET TAXES THAT WERE UTILIZED FOR ANY TAX PERIOD (OR PORTION THEREOF) BEGINNING PRIOR TO THE CLOSING DATE FOR PURPOSES OF CALCULATING AND REPORTING ASSET TAXES ATTRIBUTABLE TO ANY TAX PERIOD (OR PORTION THEREOF) BEGINNING AFTER THE CLOSING DATE, IT BEING UNDERSTOOD THAT ASSIGNEE MUST MAKE ITS OWN DETERMINATION AS TO THE PROPER METHODOLOGIES THAT CAN OR SHOULD BE USED FOR ANY SUCH LATER TAX RETURN.

(c)    EXCEPT AS AND TO THE SPECIAL WARRANTY OF TITLE SET FORTH HEREIN, ASSIGNOR HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO (I) TITLE TO THE ASSETS OR (II) ENVIRONMENTAL LAWS, THE RELEASE OF MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY, NATURAL RESOURCES OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE ASSETS OR THE PROPERTIES UNDERLYING THE ASSETS, AND NOTHING IN THIS AGREEMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY, AND ASSIGNEE SHALL BE DEEMED TO BE OBTAINING THE ASSETS "AS IS" AND "WHERE IS" WITH ALL FAULTS FOR PURPOSES OF THEIR ENVIRONMENTAL CONDITION AND THAT ASSIGNEE HAS MADE OR CAUSED TO BE MADE OR WILL MAKE OR CAUSE TO BE MADE SUCH TITLE AND ENVIRONMENTAL INSPECTIONS OF THE ASSETS AS ASSIGNEE DEEMS APPROPRIATE.

(d)    ASSIGNOR AND ASSIGNEE AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN SECTION 4.3 OF THE PURCHASE AND SALE AGREEMENT ARE "*CONSPICUOUS*" DISCLAIMERS FOR THE PURPOSE OF ANY APPLICABLE LAW.

## ARTICLE VI
## ASSUMED OBLIGATIONS

Without limiting Assignee's rights to indemnity under Article **Error! Reference source not found.** of the Purchase and Sale Agreement, from and after the Closing, Assignee assumes

and hereby agrees to fulfill, perform, pay and discharge (or cause to be fulfilled, performed, paid and discharged) all obligations and Liabilities, known or unknown, with respect to the Assets (including the use, ownership or operation of the Assets) arising before, on or after the Effective Time, including obligations to (a) furnish makeup gas and/or settle Imbalances according to the terms of applicable gas sales, processing, gathering or transportation Contracts, (b) pay Working Interests, royalties, overriding royalties and other interests, owners' revenues or proceeds attributable to sales of Hydrocarbons, including those held in suspense (including those amounts for which the Purchase Price was adjusted pursuant to Section **Error! Reference source not found.** of the Purchase and Sale Agreement), (c) properly plug and abandon any and all wells and pipelines, including any inactive wells or temporarily abandoned wells, located on the Assets, (d) replug any well, wellbore or previously plugged Well on the Assets to the extent required or necessary, (e) dismantle, decommission, abandon, dispose and remove any Personal Property and other property of whatever kind related to or associated with the ownership, use, operations and activities conducted by whomever on the Assets, (f) properly cap and bury all flow lines and pipelines associated with any well located on the Assets, (g) restore, clean up and/or remediate both the surface and the subsurface of any portion of the Assets in accordance with applicable Contracts and Laws (including Environmental Laws), (h) clean-up or dispose of any portion of the Assets contaminated by NORM, (i) obtain and maintain all bonds, or supplemental or additional bonds, that may be required by Applicable Contracts or by Governmental Authorities, (j) perform all obligations applicable to or imposed on the lessee, owner or operator under the Leases and the Applicable Contracts, or as required by Laws, and (k) those items that become Assumed Obligations pursuant to Section 2.3 of the Purchase and Sale Agreement (all of said obligations and Liabilities, subject to the exclusions below, herein being referred to as the "*Assumed Obligations*"); provided, Assignee does not assume (i) any Retained Liabilities, (ii) any Excluded Obligations or (iii) any Liabilities related to claims of Third Parties against Assignor or its Affiliates with respect to the Assets for periods prior to the Effective Time that are subject to compromise in the Chapter 11 Case.

## ARTICLE VIII
## MISCELLANEOUS

**Section 8.1    Assignment Subject to Agreement**.  This Assignment is expressly made subject to the terms of the Purchase and Sale Agreement (which terms shall control in the event of a conflict herewith).  The Purchase and Sale Agreement contains certain representations, warranties, covenants, indemnities and agreements between the Parties, some of which may survive the delivery of this Assignment, as more particularly provided for therein, but Third Parties may conclusively rely on this Assignment to vest title to the Assets in Assignee. Notwithstanding the foregoing and for the avoidance of doubt, this Assignment is only intended to convey the Assets set forth herein.

**Section 8.2    Separate Assignments**.  Where separate assignments of Assets have been or will be executed for filing with and approval by applicable Governmental Authorities, any such separate assignments (a) shall evidence this Assignment and assignment of the applicable Assets herein made and shall not constitute any additional Assignment or assignment of the Assets, (b) are not intended to modify, and shall not modify, any of the terms, covenants and conditions or limitations on warranties set forth in this Assignment and are not intended to create, and shall not create, any representations, warranties or additional covenants of or by

Assignor to Assignee, and (c) shall be deemed to contain all of the terms and provisions of this Assignment, as fully and to all intents and purposes as though the same were set forth at length in such separate assignments.

Section 8.3    **Governing Law; Jurisdiction, Venue, Jury Waiver**.    THIS ASSIGNMENT AND THE LEGAL RELATIONS BETWEEN ASSIGNOR AND ASSIGNEE SHALL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, EXCLUDING ANY CONFLICTS OF LAW RULE OR PRINCIPLE THAT WOULD REQUIRE THE APPLICATION OF ANY OTHER LAW.    ASSIGNOR AND ASSIGNEE CONSENT TO THE EXERCISE OF JURISDICTION IN PERSONAM BY THE UNITED STATES FEDERAL DISTRICT COURTS LOCATED IN FORT WORTH, TARRANT COUNTY, TEXAS (OR IF THE FEDERAL DISTRICT COURTS DO NOT HAVE JURISDICTION, THEN THE STATE COURTS IN FORT WORTH, TARRANT COUNTY, TEXAS) FOR ANY ACTION ARISING OUT OF THIS ASSIGNMENT, THE OTHER TRANSACTION DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY. ALL ACTIONS OR PROCEEDINGS WITH RESPECT TO, ARISING DIRECTLY OR INDIRECTLY IN CONNECTION WITH, OUT OF, RELATED TO OR FROM THIS ASSIGNMENT, THE OTHER TRANSACTION DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY SHALL BE EXCLUSIVELY LITIGATED IN THE UNITED STATES FEDERAL DISTRICT COURTS LOCATED IN FORT WORTH, TARRANT COUNTY, TEXAS (OR IF THE FEDERAL DISTRICT COURTS DO NOT HAVE JURISDICTION, THEN THE STATE COURTS IN FORT WORTH, TARRANT COUNTY, TEXAS). ASSIGNOR AND ASSIGNEE WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, SUIT OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

Section 8.4    **Binding Effect**.    This Assignment shall be binding upon, and shall inure to the benefit of, the Parties, and their respective successors and permitted assigns; provided, however, that nothing in this Assignment shall assign or grant, or in any way operate to assign or grant, any right, title or interest in, to or under the Purchase and Sale Agreement to any successor or assign of Assignee with respect to the Assets or any part thereof, it being expressly understood that rights, titles and interests under the Purchase and Sale Agreement may only be obtained or assigned in strict accordance with the terms thereof.

Section 8.5    **Amendments**.    This Assignment may be amended only by an instrument in writing executed by the Party against whom enforcement is sought.

Section 8.6    **Counterparts**.    This Assignment may be executed in any number of counterparts, and each such counterpart hereof shall be deemed to be an original instrument, but all of such counterparts shall constitute for all purposes one agreement. To facilitate recordation, there may be omitted from the Exhibits to this Assignment in certain counterparts descriptions of the Assets located in recording jurisdictions other than the jurisdiction in which the counterpart is being filed or recorded.

*[Signature Pages Follow]*

EXECUTED as of the dates set forth below, but effective as of the Effective Time.

**ASSIGNOR:**

**ENDURO OPERATING LLC**


By: _____
Name:
Title:

<div align="center">

**ACKNOWLEDGMENT**

</div>

STATE OF TEXAS                                   §
                                                 §
COUNTY OF TARRANT                                §

This instrument was acknowledged before me on this _____ day of [ ● ], 2018, by [_____] as [_____] of ENDURO OPERATING LLC, a Delaware limited liability company, on behalf of said limited liability company.


_____
Notary Public - State of Texas

**ASSIGNEE:**

**COBRA OIL & GAS CORPORATION**

By: _____
Name:
Title:

## ACKNOWLEDGMENT

STATE OF TEXAS                              §
                                           §
COUNTY OF [ ● ]                             §

    This instrument was acknowledged before me on this _____ day of [ ● ], 2018, by [_____] as [_____] of COBRA OIL & GAS CORPORATION, a Texas corporation.


_____
Notary Public - State of Texas

*[Signature Page to Assignment and Bill of Sale]*

## EXHIBIT E

**FORM OF NON-FOREIGN AFFIDAVIT**

**CERTIFICATION OF NON-FOREIGN STATUS**

**[_____], 2018**

Section 1445 of the Internal Revenue Code provides that a buyer of a United States real property interest must withhold tax if the seller is a foreign person.  For U.S. tax purposes (including Section 1445), the owner of a disregarded entity (which has legal title to a U.S. real property interest under local law) will be the transferor of the property and not the disregarded entity.  Enduro Operating LLC, a Delaware limited liability company ("*Seller*"), is disregarded as an entity separate from Enduro Resource Holdings LLC, a Delaware limited liability company ("*Transferor*"), and Transferor is, therefore, treated as the transferor of properties to which Seller holds legal title for U.S. federal income tax purposes. To inform Cobra Oil & Gas Corporation, a Texas corporation ("*Transferee*"), that withholding of tax is not required upon the disposition of a United States real property interest owned by Transferor, the undersigned hereby certifies the following on behalf of Transferor:

1. Transferor is not a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined in the Internal Revenue Code and Income Tax Regulations).

2. Transferor is not a disregarded entity as defined in Treas. Reg. § 1.1445-2(b)(2)(iii);

3. Transferor's U.S. employer identification number is 27-2036288; and

4. Transferor's office address is 777 Main Street, Suite 800, Fort Worth, Texas 76102.

Transferor understands that this certification may be disclosed to the Internal Revenue Service by Transferee and that any false statement contained herein could be punished by fine, imprisonment or both.

Under penalties of perjury, I declare that I have examined this certification and to the best of my knowledge and belief it is true, correct and complete, and I further declare that I have authority to sign this document on behalf of Transferor.

**TRANSFEROR:**

**ENDURO RESOURCE HOLDINGS LLC**

_____

Name:
Title:

Exhibit E

**<u>Exhibit A</u>**
**Leases**

[See attached.]

**<u>Exhibit A-1</u>**
**Wells and Units**

[See attached.]

**<u>Exhibit B</u>**
**Excluded Assets**

-None-

## <u>EXHIBIT F-1</u>

**FORM OF SELLER CLOSING CERTIFICATE**

**SELLER'S CERTIFICATE**

**[_____], 2018**

This Seller's Certificate (this "***Certificate***") is delivered pursuant to Section 10.5 of that certain Purchase and Sale Agreement, dated **[_____]**, 2018 (as amended from time to time, the "***Purchase Agreement***"), by and between Enduro Operating LLC, a Delaware limited liability company ("***Seller***"), and Cobra Oil & Gas Corporation, a Texas corporation ("***Buyer***"). Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Purchase Agreement.

The undersigned, in his capacity as an officer of Seller, hereby certifies on behalf of Seller to Buyer that:

1. All representations and warranties of Seller set forth in the Purchase Agreement are true and correct in all respects on and as of the Closing Date, with the same force and effect as though such representations and warranties had been made or given on and as of the Closing Date (other than representations and warranties that refer to a specified date, which need only be true and correct on and as of such specified date), except for those breaches, if any, of such representations and warranties that in the aggregate would not have a Material Adverse Effect.

2. Seller has materially performed or complied with all obligations, agreements and covenants contained in the Purchase Agreement as to which performance or compliance by Seller is required prior to or at the Closing Date.

IN WITNESS WHEREOF, the undersigned has executed this Certificate as of the date first written above.

**ENDURO OPERATING LLC**

By: _____
Name:
Title:

**<u>EXHIBIT F-2</u>**

**FORM OF BUYER CLOSING CERTIFICATE**

**BUYER'S CERTIFICATE**

**[_____], 2018**

   This Buyer's Certificate (this "***Certificate***") is delivered pursuant to Section 11.6 of that certain Purchase and Sale Agreement, dated **[_____]**, 2018 (as amended from time to time, the "***Purchase Agreement***"), by and between Enduro Operating LLC, a Delaware limited liability company ("***Seller***"), and Cobra Oil & Gas Corporation, a Texas corporation ("***Buyer***").  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Purchase Agreement.

   The undersigned, in his capacity as an officer of Buyer, hereby certifies on behalf of Buyer to Seller that:

   1.  All representations and warranties of Buyer set forth in the Purchase Agreement are true and correct in all material respects on and as of the Closing Date, with the same force and effect as though such representations and warranties had been made or given on and as of the Closing Date (other than representations and warranties that refer to a specified date, which need only be true and correct on and as of such specified date).

   2.  Buyer has materially performed or complied with all obligations, agreements and covenants contained in the Purchase Agreement as to which performance or compliance by Buyer is required prior to or at the Closing Date.

   IN WITNESS WHEREOF, the undersigned has executed this Certificate as of the date first written above.

        **C**

        By: _____
        Name:
        Title:

## **EXHIBIT G**

## **FORM OF BIDDING PROCEDURES**

[See attached]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENDURO RESOURCE PARTNERS LLC, *et al.*, | ) | Case No. 18-_____ (___) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**BIDDING PROCEDURES FOR THE SALE OF THE DEBTORS' ASSETS**

On [ ● ], 2018, the United States Bankruptcy Court for the District of Delaware (the "***Court***") entered the *Order (I) Approving Bidding Procedures in Connection with Sale of Assets of the Debtors, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases, and (V) Granting Related Relief* [Docket No. __] (the "***Bidding Procedures Order***"),[2] by which the Court approved the following procedures (the "***Bidding Procedures***"). These Bidding Procedures set forth the process by which the Debtors are authorized to conduct an auction (the "***Auction***") for the sale (the "***Sale***") of substantially all of the Debtors' assets in one or more packages (each, an "***Asset Package***," and, collectively, the "***Assets***") to be determined with the consent of the Majority First Lien Lenders (as defined below), which shall initially consist of:

- the North Dakota Package;

- the Wyoming Package;

- the North Louisiana Package; and

- the Trust Related Assets Package.

For the avoidance of doubt, interested parties may bid on any Asset Packages individually or in any combination, including all of the Assets.

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are:  Enduro Resource Partners LLC (6288); Enduro Resource Holdings LLC (5571); Enduro Operating LLC (7513); Enduro Management Company LLC (5932); Washakie Midstream Services LLC (7562); and Washakie Pipeline Company LLC (7798).  The debtors' mailing address is 777 Main Street, Suite 800, Fort Worth, Texas 76102.

[2]  All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bidding Procedures Order.

1.    **Submissions to the Debtors**.

All submissions to the Debtors required to be made under these Bidding Procedures must be directed to each of the following persons unless otherwise provided (collectively, the "***Notice Parties***"):

A.    **Debtors**. Enduro Resource Partners, 777 Main Street, Suite 800, Fort Worth, Texas 76102, Attn:  Jonny Brumley (jsbrumley@endurores.com) and Kim Weimer (kweimer@endurores.com).

B.    **Debtors' Proposed Counsel**.  Proposed Counsel to the Debtors, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611, Attn:  Caroline Reckler (caroline.reckler@lw.com) and Matthew Warren (matthew.warren@lw.com); and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:  Michael Nestor (mnestor@ycst.com) and Kara Coyle (kcoyle@ycst.com).

C.    **Debtors' Proposed Financial Advisors**.  Proposed financial advisors to the Debtors, Evercore Group L.L.C. ("***Evercore***"), 55 East 52nd Street, New York, New York 10055, Attn:  Stephen Hannan (hannan@evercore.com) and Matthew Moss (matthew.moss@evercore.com); and Alvarez & Marsal North America, LLC ("***A&M***"), 2100 Ross Avenue, Dallas, Texas 75201, Attn:  Jim Grady (jgrady@alvarezandmarsal.com) and Taylor Atwood (tatwood@alvarezandmarsal.com).

D.    **Counsel to First Lien Agent**. Counsel to the agent under the Debtors' first lien credit facility (the "***First Lien Agent***," and the lenders holding more than 50 percent of the outstanding loans under such credit facility, the "***Majority First Lien Lenders***"), Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn:  Damian S. Schaible and Aryeh Ethan Falk (enduro.auction@davispolk.com).

E.    **Financial Advisors to First Lien Agent**. Financial advisors to the First Lien Agent, RPA Advisors, LLC, One Rockefeller Plaza, Tenth Floor, New York, New York 10020, Attn:  Barry Kesler (bkesler@rpaadvisors.com).

2.    **Potential Bidders**.

To participate in the bidding process or otherwise be considered for any purpose under these Bidding Procedures, a person or entity (other than any Stalking Horse Bidder) interested in consummating a Sale (a "***Potential Bidder***") must deliver or have previously delivered, if determined to be necessary by the Debtors in their sole discretion:

(i)    an executed confidentiality agreement on terms acceptable to the Debtors (a "***Confidentiality Agreement***"), to the extent not already executed; and

(ii)    the most current audited and latest unaudited financial statements (the "***Financials***") of the Potential Bidder (or, if the Potential Bidder is an entity

formed for the purpose of acquiring the Assets (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and their advisors and the Majority First Lien Lenders, and (y) a written commitment acceptable to the Debtors and their advisors of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with the applicable Sale).

3.      **Stalking Horse Bidders.**

The Debtors have entered into agreements (each, a "***Stalking Horse Agreement***") with parties (each, a "***Stalking Horse Bidder***") who will act as stalking horse for the North Dakota Package, the Wyoming Package, and the Trust Related Assets Package.  The Debtors, with the consent of the Majority First Lien Lenders, may (a) select one or more parties to act as a Stalking Horse Bidder for the North Louisiana Package, (b) negotiate the terms of and enter into one or more Stalking Horse Agreements with any such Stalking Horse Bidder for the North Louisiana Package (subject to higher or better bids as contemplated herein), and (c) agree to provide Bid Protections to such Stalking Horse Bidder, subject to approval of the Court after notice and an opportunity to object as set forth below; *provided* that no insider or affiliate of the Debtors shall be entitled to any Bid Protections.

Parties that are interested in serving as a Stalking Horse Bidder with respect to the North Louisiana Package are requested to submit proposed Stalking Horse Agreements by June 15, 2018 (the "***Proposed Stalking Horse Agreement Submission Deadline***").  If, under the proposed Stalking Horse Agreement selected by the Debtors, the proposed Stalking Horse Bidder will be entitled to Bid Protections in the aggregate worth four percent (4%) or less of the purchase price thereunder, the Debtors shall file a notice of entry into any Stalking Horse Agreement(s) with respect to the North Louisiana Package (a "***Stalking Horse Notice***") with the Court on or before June 19, 2018 (the "***Stalking Horse Notice Deadline***"), which notice(s) shall include any applicable proposed Stalking Horse Agreement(s) and set forth the terms of the Bid Protections proposed to be given to any such Stalking Horse Bidder(s) for the North Louisiana Package.  The Stalking Horse Notice shall be served (a) counsel to the First Lien Agent; (b) counsel to the Debtors' second lien lenders; (c) counsel to any statutory committee appointed in the Debtors' chapter 11 cases; and (d) the Office of the United States Trustee for the District of Delaware (collectively, the "***Stalking Horse Notice Parties***"), with no further notice being required.  The Stalking Horse Notice Parties shall have until seven (7) calendar days from the filing of a Stalking Horse Notice (the "***Bid Protections Objection Deadline***") to file an objection solely as to any proposed Bid Protections related thereto and serve such objection upon the Stalking Horse Notice Parties.  Once the Bid Protections Objection Deadline has passed, (a) if no objection has been timely filed, the Stalking Horse Agreement and the Bid Protections shall be deemed approved under the Bidding Procedures Order; or (b) if an objection has been timely filed, the Court may enter an order (the "***Stalking Horse Approval Order***") approving the Debtors' entry into the proposed Stalking Horse Agreement(s), and the Bid Protections related thereto, (x) upon certification of counsel if such objection has been resolved, or (y) after an emergency hearing.

The Debtors shall have the right to extend the Proposed Stalking Horse Agreement Submission Deadline and the Stalking Horse Notice Deadline, in each case with the consent of the Majority First Lien Lenders.

4.    **Qualified Bidders.**

(a)    A "***Qualified Bidder***" is a Potential Bidder whose Financials, or the Financials of its equity holder(s), as applicable, demonstrate the financial capability to consummate the Sale, whose Bid is a Qualified Bid, and that the Debtors, with the consent of the Majority First Lien Lenders,[3] determine should be considered a Qualified Bidder. Within two business days after the Bid Deadline, the Debtors' advisors will notify each Potential Bidder in writing whether such Potential Bidder is a Qualified Bidder with respect to a particular Asset Package and shall provide to the Stalking Horse Bidder for such Asset Package (if any) a copy of each Qualified Bid submitted by a Qualified Bidder relating to such Asset Package. Each Stalking Horse Bidder shall be deemed a Qualified Bidder at all times and for all purposes with respect to the Asset Package to which its Bid (each, a "***Stalking Horse Bid***") relates, and notwithstanding anything in these Bidding Procedures, each Stalking Horse Bid shall be deemed a Qualified Bid for all purposes.

(b)    If any Potential Bidder is determined by the Debtors and the Majority First Lien Lenders not to be a Qualified Bidder, the Debtors will refund such Qualified Bidder's Deposit and all accumulated interest thereon on or within five business days after the Bid Deadline.

(c)    Between the date that the Debtors notify a Potential Bidder that it is a Qualified Bidder and the Auction, the Debtors may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder. Except as otherwise set forth in an applicable Stalking Horse Agreement, without the written consent of the Debtors and the Majority First Lien Lenders, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase their consideration contemplated by, or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bidding Procedures; *provided that* any Qualified Bid may be improved at the Auction as set forth herein.  Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bidding Procedures.

5.    **Due Diligence**.

Only Potential Bidders that, upon submission of a Qualified Bid, will be Qualified Bidders shall be eligible to receive due diligence information and access to the Debtors' electronic data room and to additional non-public information regarding the Debtors. **No Qualified Bidder will be permitted to conduct any due diligence without entering into a Confidentiality Agreement.** The Debtors will provide to each Qualified Bidder reasonable due diligence information, as requested by such Qualified Bidder in writing, as soon as reasonably practicable after such request, and the Debtors shall post all written due diligence provided to any Qualified Bidder to the Debtors' electronic data room.  For all Qualified Bidders other than the Stalking Horse Bidders, the due diligence period will end on the Bid Deadline, and subsequent to the expiration of the due

---

[3]    In each instance in these Bidding Procedures where the consent of the Majority First Lien Lenders is required, an email or, solely during the Auction, verbal confirmation, from counsel to the First Lien Agent to proposed counsel to the Debtors shall be sufficient to confirm such consent.

diligence period, the Debtors shall have no obligation to furnish any due diligence information. Each Stalking Horse Bidder's due diligence period has expired or will expire in accordance with the applicable Stalking Horse Agreement.

The Debtors shall not furnish any confidential information relating to the Assets, liabilities of the Debtors, or the Sale to any person except to a Qualified Bidder or to such Qualified Bidder's duly authorized representatives to the extent expressly permitted by the applicable Confidentiality Agreement. The Debtors and their advisors shall coordinate all reasonable requests from Qualified Bidders for additional information and due diligence access; *provided* that the Debtors may decline to provide such information to Qualified Bidders who, at such time and in the Debtors' reasonable business judgment after consultation with the First Lien Agent, have not established, or who have raised doubt, that such Qualified Bidder intends in good faith to, or has the capacity to, consummate the applicable Sale.

The Debtors also reserve the right, subject to the terms of any Stalking Horse Agreement, to withhold any diligence materials that the Debtors determine are sensitive after notifying the Qualified Bidder requesting such materials of such determination. Neither the Debtors nor their representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Qualified Bidder in accordance with these Bidding Procedures.

**All due diligence requests must be directed to Evercore Group L.L.C., 55 East 52nd Street, New York, New York 10055, Attention: Matthew Moss; Phone number: (646) 264-2384; Email: matthew.moss@evercore.com.**

(a)    **Communications with Qualified Bidders**.

Notwithstanding anything to the contrary in these Bidding Procedures, all direct communications between and amongst Qualified Bidders regarding the Debtors or their Assets shall involve the Debtors and the Debtors' advisors. No Potential Bidder shall communicate with any other Potential Bidder absent prior written consent from the Debtors.

(b)    **Due Diligence from Qualified Bidders**.

Each Qualified Bidder shall comply with all reasonable requests for additional information and due diligence access requested by the Debtors or their advisors regarding the ability of the Qualified Bidder to consummate the applicable Sale. Failure by a Qualified Bidder to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtors to determine, with the consent of the Majority First Lien Lenders, that such bidder is no longer a Qualified Bidder or that a bid made by such Qualified Bidder is not a Qualified Bid.

The Debtors, the First Lien Agent, the First Lien Lenders (as defined below), and each of their respective advisors and representatives shall be obligated to maintain in confidence any confidential information in accordance with any applicable Confidentiality Agreement or the confidentiality provisions under the First Lien Credit Agreement, if applicable, except as otherwise set forth in this section of these Bidding Procedures. Each recipient of confidential information agrees to use, and to instruct their advisors and representatives to use, such confidential information only in connection with the evaluation of Bids during the bidding process or otherwise

in connection with the chapter 11 cases or in accordance with the terms of any applicable Confidentiality Agreement.

Notwithstanding the foregoing and the provisions contained in any applicable Confidentiality Agreement, the Debtors and the Debtors' advisors may disclose confidential information:  (i) with the prior written consent of such bidder; (ii) to the bidder disclosing the confidential information; and (iii) as otherwise required or allowed by any applicable confidentiality agreement with respect to a particular bidder or other agreement, law, court or other governmental order, or regulation, including, as appropriate, to regulatory agencies.

**6.     Bid Requirements**.

A proposal, solicitation, or offer (each, a "***Bid***") by a Qualified Bidder that is submitted in writing and satisfies each of the following requirements (the "***Bid Requirements***") as determined by the Debtors, in their reasonable business judgment, and with the consent of the Majority First Lien Lenders, shall constitute a "***Qualified Bid***").  Each Stalking Horse Agreement will be deemed a Qualified Bid for all purposes.

(a)     **Assets**.  Each Bid must clearly state which assets and liabilities of the Debtors that the Qualified Bidders are agreeing to purchase and assume.

(b)     **Purchase Price**.  Each Bid must clearly set forth the purchase price to be paid for the applicable Asset Package, including and identifying separately any cash and non-cash components, which non-cash components shall be limited only to credit-bids (the "***Purchase Price***").  Each Bid must also specify how the Purchase Price is allocated among the Assets within the applicable Asset Package and, if the Bid is for assets in more than one Asset Package, how the Purchase Price is allocated among the applicable Asset Packages.

(c)     **Minimum Bid**.  The aggregate consideration proposed by each Bid must equal or exceed the sum of (the "***Minimum Bid***"):

- $47,800,000 in cash for the North Dakota Package;

- $5,675,000 in cash for the Wyoming Package;

- For the North Louisiana Package, a cash reserve price to be determined by the Debtors with the consent of the Required Supporting Lenders; and

- $29,100,000 in cash for the Trust Related Assets Package.

(d)     **Deposit**.  Each Bid, other than a Stalking Horse Bid, must be accompanied by a cash deposit in the amount equal to 10 percent of the aggregate cash and non-cash Purchase Price of the Bid, to be held in a segregated account to be identified and established by the Debtors (the "***Deposit***").  Except with respect to a Stalking Horse Bid, the Debtors reserve the right, with the consent of the Majority First Lien Lenders, to increase the percentage of the Purchase Price to be included in the Deposit.

(e)     **Assumption of Obligations**.  Each Bid must expressly assume all of the obligations contemplated to be assumed by, and on terms no less favorable to the Debtors than, the applicable Stalking Horse Agreement (if any), as determined in the Debtors' business judgment, and after consultation with the Majority First Lien Lenders.  If no Stalking Horse Agreement exists as to the Asset Package subject to such Bid, the Bid must expressly state all the obligations to be assumed by the Bidder pursuant to such Bid.  Other than the obligations to be assumed, the Assets shall be sold free and clear of all liens, claims, interests, and encumbrances (collectively, the "***Encumbrances***"), and any Encumbrances shall attach to the net proceeds of the Sales after payment of any applicable Bid Protections.

(f)     **The Same or Better Terms**. In addition to the Purchase Price meeting or exceeding the applicable Minimum Bid, each Bid must be on terms that are not more burdensome or conditional, in the Debtors' business judgment and after consultation with the First Lien Agent, than the terms of the applicable Stalking Horse Agreement (if any). Each Bid must include duly executed, non-contingent transaction documents necessary to effectuate the transactions contemplated in the Bid and shall include a schedule of assumed contracts to the extent applicable to the Bid.  If a Stalking Horse Agreement exists as to the Asset Package subject to the Bid, each Bid must be based on the form of the applicable Stalking Horse Agreement and must include a copy of the applicable Stalking Horse Agreement clearly marked to show all changes requested by the Qualified Bidder, including those relating to the respective Purchase Price and assets to be acquired by such Qualified Bidder, as well as all other material documents integral to such bid (the "***Qualified Bid Documents***").

(g)     **Committed Financing**.  To the extent that a Bid is not accompanied by evidence of the Qualified Bidder's capacity to consummate the Sale set forth in its Bid with cash on hand, each Bid must include committed financing documented to the satisfaction of the Debtors and the Majority First Lien Lenders that demonstrates that the Qualified Bidder has: (i) received sufficient debt and/or equity funding commitments to satisfy the Qualified Bidder's Purchase Price and other obligations under its Bid; and (ii) adequate working capital financing or resources to finance going concern operations for the Assets and the proposed transactions.  Such funding commitments or other financing must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have only those covenants and conditions acceptable to the Debtors and the Majority First Lien Lenders.

(h)     **Contingencies; No Financing or Diligence Outs**.  A Bid shall not be conditioned on the obtaining or the sufficiency of financing or any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy at the closing of specified representations and warranties or the satisfaction at the closing of specified conditions, which shall not be more burdensome, in the Debtors' business judgment, and after consultation with the First Lien Agent, than those set forth in the applicable Stalking Horse Agreement (if any).

(i)    **Identity**. Each Bid must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid (including each equity holder or other financial backer of the Qualified Bidder if such Qualified Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by such Bid), and the complete terms of any such participation. Under no circumstances shall any undisclosed principals, equity holders, or financial backers be associated with any Bid. Each Bid must also include contact information for the specific persons and counsel whom Evercore and Latham & Watkins LLP should contact regarding such Bid.

(j)    **Demonstrated Financial Capacity**. A Qualified Bidder must have, in the Debtors' business judgment, with the consent of the Majority First Lien Lenders, the necessary financial capacity to consummate the proposed transactions required by its Bid (including, if necessary, to obtain transfer of any of the Debtors' permits and to obtain any necessary surety bonds or other financial assurances) and provide adequate assurance of future performance under all contracts proposed to be assumed by such Bid.

(k)    **Time Frame for Closing**. Closing of the Sale as to any Asset Package related to a Bid by a Qualified Bidder (a "***Closing***") must be reasonably likely (based on availability of financing, antitrust, or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid, within a time frame acceptable to the Debtors and the Majority First Lien Lenders.

(l)    **Binding and Irrevocable**. Except as provided herein, a Qualified Bidder's Bid for a particular Asset Package shall be irrevocable unless and until the Debtors accept a higher Bid for such Asset Package and such Qualified Bidder is not selected as the Backup Bidder for such Asset Package. If selected as Backup Bidder, such Bid shall be irrevocable until the Closing of a Successful Bid for such Asset Package.

(m)    **Expenses; Disclaimer of Fees**. Each Bid (other than a Stalking Horse Bid) must disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation. For the avoidance of doubt, no Qualified Bidder (other than the Stalking Horse Bidders) will be permitted to request, nor be granted by the Debtors, at any time, whether as part of the Auction or otherwise, a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation, and by submitting its Bid is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code.

(n)    **Authorization**. Each Bid must contain evidence that the Qualified Bidder has obtained authorization or approval from its board of directors (or a comparable governing body acceptable to the Debtors and the Majority First Lien Lenders) with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid.

(o)     **As-Is, Where-Is**.  Each Bid must include a written acknowledgement and representation that the Qualified Bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bidder's Bid.

(p)     **Adherence to Bid Procedures**.  By submitting its Bid, each Qualified Bidder is agreeing to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after conclusion of the Auction.

(q)     **Regulatory Approvals and Covenants**.  A Bid must set forth each regulatory and third-party approval required for the Qualified Bidder to consummate the applicable Sale, if any, and the time period within which the Qualified Bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than thirty (30) days following execution and delivery of the asset purchase agreement, those actions the Qualified Bidder will take to ensure receipt of such approvals as promptly as possible) and any undertakings that will be required by the Debtors in connection with such regulatory and third party approvals.

(r)     **Consent to Jurisdiction**.  The Qualified Bidder must submit to the jurisdiction of and entry of final orders by the Court and waive any right to a jury trial in connection with any disputes relating to Debtors' qualification of bids, the Auction, the construction and enforcement of these Bidding Procedures, the transaction documents related to the Sale, and the Closing, as applicable.

(s)     **Bid Deadline.** Each Bid must be transmitted via email (in .pdf or similar format) so as to be ***actually received*** on or before 5:00 p.m. (prevailing Eastern Time) on July 11, 2018 (the "***Bid Deadline***") by:

   (i)     The Debtors, Enduro Resource Partners, 777 Main Street, Suite 800, Fort Worth, Texas 76102, Attn:  Jonny Brumley (jsbrumley@endurores.com) and Kim Weimer (kweimer@endurores.com);

   (ii)    Proposed counsel to the Debtors, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611, Attn:  Caroline Reckler (caroline.reckler@lw.com) and Matthew Warren (matthew.warren@lw.com);

   (iii)   Proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:  Michael Nestor (mnestor@ycst.com) and Kara Coyle (kcoyle@ycst.com);

(iv)    Proposed financial advisors to the Debtors, Evercore, 55 East 52nd Street, New York, New York 10055, Attn: Stephen Hannan (hannan@evercore.com) and Matthew Moss (matthew.moss@evercore.com);

(v)    Counsel to the applicable Stalking Horse Bidder, if any;

(vi)    Counsel to the First Lien Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and Aryeh Ethan Falk (enduro.auction@davispolk.com); and

(vii)    Financial advisors to the First Lien Agent, RPA Advisors, LLC, One Rockefeller Plaza, Tenth Floor, New York, New York 10020, Attn: Barry Kesler (bkesler@rpaadvisors.com).

**7.**    **Right to Credit Bid.**

For purposes hereof, should the First Lien Agent and/or the lenders under the First Lien Credit Agreement[4] (the "*First Lien Lenders*") submit a credit bid, the First Lien Agent and/or First Lien Lenders shall be deemed to be a Qualified Bidder, and any such credit bid shall be considered a Qualified Bid and may be submitted at any time prior to or at the Auction provided that it otherwise complies with the requirements for a Qualified Bid as set forth above, provided, that, (a) in the case of a credit bid by the First Lien Agent, the First Lien Agent shall have provided the Debtors with copies of any direction by the Lenders under the First Lien Credit Agreement to authorize the submission of such credit bid by the First Lien Agent, and (b) notwithstanding anything to the contrary in these Bidding Procedures, from and after the submission of such credit bid, the Debtors shall not be required to consult with the First Lien Agent or First Lien Lenders or obtain the consent of the First Lien Agent or Majority First Lien Lenders in connection with the sale of the Asset Package subject to such credit bid unless and until such credit bid is withdrawn in writing by the First Lien Agent and/or First Lien Lenders, as applicable; *provided* that neither the First Lien Agent nor the First Lien Lenders shall be entitled to any Bid Protections (as defined in these Bidding Procedures). Credit bids, if any, by the First Lien Agent and/or First Lien Lenders will not impair or otherwise affect the Stalking Horse Bidders' entitlement to the Bid Protections granted under the Bidding Procedures Order; *provided* that the First Lien Lenders shall not be entitled to make such a credit bid as to any Asset Package which is subject to a Stalking Horse Agreement which exceeds the Stalking Horse Bid as to that Asset Package.

**8.**    **Auction**.

If the Debtors receive a Qualified Bid for a given Asset Package, other than the applicable Stalking Horse Bid for such Asset Package, if any, the Debtors will conduct the Auction to determine the Successful Bidders with respect to such Asset Package. If the Debtors do not receive a Qualified Bid for a given Asset Package (other than the Stalking Horse Bid for such Asset

---

[4]    "*First Lien Credit Agreement*" means that certain Amended and Restated Credit Agreement, dated as of August 1, 2013, by and among Enduro Resource Partners LLC, as borrower, Bank of America, N.A., as administrative agent, and the lenders and other parties thereto (as subsequently modified, amended, or supplemented from time to time).

Package, if applicable), the Debtors will not conduct the Auction as to such Asset Package and shall designate the Stalking Horse Bidder's Bid for such Asset Package, if any, as the Successful Bid for such Asset Package.

No later than 2 calendar days after the Bid Deadline, by 5:00 p.m. (prevailing Eastern time), the Debtors will notify each Qualified Bidder of the highest or otherwise best Qualified Bid for the Asset Package for which such Qualified Bidder submitted a Bid, as determined in the Debtors' reasonable business judgment, with the consent of the Majority First Lien Lenders (the "***Baseline Bid***"), and provide copies of the applicable Qualified Bid Documents supporting the applicable Baseline Bid to each Qualified Bidder. The determination of which Qualified Bid constitutes the Baseline Bid for each Asset Package and which Qualified Bid constitutes the Successful Bid for each Asset Package shall take into account any factors the Debtors, after consultation with the First Lien Agent, reasonably deem relevant to the value of the Qualified Bid to the Debtors' estates, including, among other things: (a) the number, type, and nature of any changes to the applicable Stalking Horse Agreement, if any, requested by the Qualified Bidder, including the type and amount of Assets sought and obligations to be assumed in the Qualified Bid; (b) the amount and nature of the total consideration; (c) the likelihood of the Qualified Bidder's ability to close the applicable Sale and the timing thereof; (d) the net economic effect of any changes to the value to be received by the Debtors' estates from the transaction contemplated by the Qualified Bid Documents; and (e) the tax consequences of such Qualified Bid (collectively, the "***Bid Assessment Criteria***").

If an Asset Package is subject to a Stalking Horse Agreement, and if a Qualified Bid by a bidder other than a Stalking Horse Bidder is selected as to the Baseline Bid for that Asset Package, then the Stalking Horse Bidder may elect to match any such Baseline Bid and the bid by the Stalking Horse Bidder shall therefore be considered the Baseline Bid for purposes of any Auction relating to that Asset Package. In matching any such Baseline Bid, the Stalking Horse Bidder shall be entitled to a credit against the amount of any such matching bid equal to the amount of the Stalking Horse Bidder's Bid Protections pursuant to the Applicable Stalking Horse Agreement to take into account that, if the Stalking Horse is the Successful Bidder (as defined below), no payment of the Stalking Horse's Bid Protections will be required. Conversely, if a Bidder other than the Stalking Horse Bidder is the Successful Bidder as to any Asset Package subject to a Stalking Horse Agreement, the net proceeds available to the Selling Debtor will be reduced by the amount of the applicable Bid Protections payable to the Stalking Horse Bidder.

The Auction shall take place at 10:00 a.m. (prevailing Central time) on July 16, 2018, at the offices of Latham & Watkins LLP, 811 South Main Street, Suite 3700, Houston, Texas 77002, or such later date and time as selected by the Debtors with the consent of the Majority First Lien Lenders. The Debtors shall file a notice of the date and time for the Auction no later than 5:00 p.m. (prevailing Eastern time) on July 13, 2018. The Auction shall be conducted in a timely fashion according to the following procedures:

     **(a)**     **The Debtors Shall Conduct the Auction**.

The Debtors and their advisors shall direct and preside over the Auction. At the start of the Auction, the Debtors shall describe the terms of the Baseline Bid for each Asset Package. All incremental Bids made thereafter for a given Asset Package shall be Overbids (defined below) for

such Asset Package and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders who submitted Bids on such Asset Package.  The Debtors shall maintain a written transcript of all Bids made and announced at the Auction, including the Baseline Bid, all applicable Overbids, and the Successful Bid.

Only the Debtors, the Qualified Bidders, the First Lien Agent, any First Lien Lender, and each such parties' respective legal and financial advisors shall be entitled to attend the Auction, and the Qualified Bidders shall appear at the Auction in person and may speak or bid themselves or through duly authorized representatives. Only Qualified Bidders shall be entitled to bid at the Auction.

(b)      **Terms of Overbids**.

"*Overbid*" means any bid made at the Auction by a Qualified Bidder subsequent to the Debtors' announcement of the Baseline Bid and accepted by the Debtors as a higher or otherwise better bid.  Each applicable Overbid must comply with the following conditions:

(i)      **Minimum Overbid Increment**. The initial Overbid for a given Asset Package, if any, shall provide for total consideration to the Debtors with a value that exceeds the value of the consideration under the Baseline Bid for such Asset Package, giving effect to the credit for the Bid Protections for any Stalking Horse Bid that is a Baseline Bid (as described below), by an incremental amount that is not less than:

- $100,000 for the North Dakota Package;

- $500,000 for the Wyoming Package;

- $500,000 for the North Louisiana Package; and

- $500,000 for the Trust Related Assets Package (each, a "***Minimum Overbid Increment***"), with any Overbid for multiple Asset Packages incorporating an aggregate incremental amount equal to the sum of each applicable Minimum Overbid Increment;

(such initial Overbid, the "***Initial Minimum Overbid***"); and each successive applicable Overbid for a given Asset Package shall exceed the then-existing Overbid for such Asset Package by an incremental amount that is not less than the Minimum Overbid Increment, with any Overbid for multiple Asset Packages incorporating an aggregate incremental amount equal to the sum of each applicable Minimum Overbid Increment. Except as otherwise provided in any Stalking Horse Agreement, the Debtors reserve the right, after consultation with the First Lien Agent, to announce reductions in the Minimum Overbid Increment for a given Asset Package at any time during the Auction, other than with respect to the Initial Minimum Overbid.  For the avoidance of doubt, if any Overbid is made as to any Asset Package for which there is a Stalking Horse Agreement, the Stalking Horse Bidder shall

be entitled to a dollar-for-dollar credit against the amount of any such Overbid equal to the amount of the Stalking Horse Bidder's Bid Protections pursuant to the Applicable Stalking Horse Agreement to take into account that, if the Stalking Horse is the Successful Bidder (as defined below), no payment of the Stalking Horse's Bid Protections will be required. Conversely, if a Bidder other than the Stalking Horse Bidder is the Successful Bidder as to any Asset Package subject to a Stalking Horse Agreement, the net proceeds available to the Selling Debtor will be reduced by the amount of the applicable Bid Protections of the Stalking Horse Bidder.

(ii)     **Consideration**.  Additional consideration in excess of the amount set forth in the respective Baseline Bid may include: (a) cash and/or noncash consideration; *provided*, *however*, that the value for such noncash consideration shall be determined by the Debtors in their reasonable business judgment, with the consent of the Majority First Lien Lenders; (b) in the case of a Bid by the First Lien Agent or the First Lien Lenders, subject to Section 6 of these Bid Procedures, a credit bid of up to the full amount of the First Lien Lenders' allowed secured claims, *provided*, *however*, that nothing herein shall impact any parties' rights with respect to either (I) challenges to the liens or claims of the First Lien Agent or the First Lien Lenders, including any challenges under section 363(k) of the Bankruptcy Code, or (II) assertions under section 506(c) of the Bankruptcy Code or the effects that such challenges or assertions have, if any, on the ability of the First Lien Agent or the First Lien Lenders to credit bid; and (c) in the case of a Bid by the Stalking Horse Bidder, a credit against the Bid equal to the full amount of the Stalking Horse Bidder's Bid Protections under the applicable Stalking Horse Agreement.

(iii)    **Conclusion of Each Overbid Round**.  Upon the solicitation of each round of applicable Overbids, the Debtors, with the consent of the Majority First Lien Lenders, may announce a deadline (as the Debtors may, in their business judgment, and with the consent of the Majority First Lien Lenders, extend from time to time, the "***Overbid Round Deadline***") by which time any Overbids must be submitted to the Debtors.

(iv)    **Overbid Alterations**.  An applicable Overbid may contain alterations, modifications, additions, or deletions of any terms of the Bid no less favorable in the aggregate to the Debtors' estates than any prior Bid or Overbid, as determined in the Debtors' reasonable business judgment, and after consultation with the First Lien Agent, but shall otherwise comply with the terms of these Bidding Procedures.

(v)     **Announcing Highest Bid**.  Subject to the rights of any Stalking Horse Bidder, subsequent to each Overbid Round Deadline, the Debtors, with the consent of the Majority First Lien Lenders, shall announce for each Asset Package whether the Debtors have identified in the initial applicable

Overbid round, an Overbid as being higher or otherwise better than the Initial Minimum Overbid for such Asset Package, or in subsequent rounds, the Overbid previously designated by the Debtors as the prevailing highest or otherwise best Bid for a given Asset Package (for each Asset Package, the "***Prevailing Highest Bid***").  The Debtors shall describe to all Qualified Bidders the material terms of any new Overbid designated by the Debtors as the Prevailing Highest Bid as well as the value attributable by the Debtors to such Prevailing Highest Bid based on, among other things, the Bid Assessment Criteria.

**(c)     Consideration of Overbids**.

The Debtors reserve the right, in their reasonable business judgment, and with the consent of the Majority First Lien Lenders, to adjourn the Auction one or more times to, among other things: (i) facilitate discussions between the Debtors and Qualified Bidders; (ii) allow Qualified Bidders to consider how they wish to proceed; and (iii) provide Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their reasonable business judgment, and with the consent of the Majority First Lien Lenders, may require, that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing Overbid amount.

**(d)     Closing the Auction**.

(i)     The Auction shall continue until there is only one Bid for each Asset Package that the Debtors determine, in their reasonable business judgment, with the consent of the Majority First Lien Lenders, to be the highest or otherwise best Bid for such Asset Package.  Such Bid shall be declared the "***Successful Bid***," for such Asset Package and such Qualified Bidder, the "***Successful Bidder***" for such Asset Package at which point the Auction will be closed as to that Asset Package.  The Auction shall not close with respect to any Asset Package unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then Prevailing Highest Bid.  Such acceptance by the Debtors of the Successful Bid is conditioned upon approval by the Court of the Successful Bid.

(ii)     For the avoidance of doubt, but without limiting the Bid Protections or the provisions of any Stalking Horse Agreement, nothing in these Bidding Procedures shall prevent the Debtors from exercising their respective fiduciary duties under applicable law.

(iii)     The Debtors shall have no obligation to consider any Bids or Overbids submitted after the conclusion of the Auction, and may not consider any such Bid if a Stalking Horse Bidder has made the Successful Bid or the Backup Bid, and any such Bids or Overbids shall be deemed untimely and shall not constitute a Qualified Bid unless the Debtors, with the consent of the Majority First Lien Lenders, permit such Bid or Overbid.

14

(iv)    As soon as reasonably practicable after closing the Auction, the Debtors shall cause the Qualified Bid Documents for each Successful Bid and Backup Bid to be filed with the Court.

**(e)**    **No Collusion; Good-Faith *Bona Fide* Offer**.

Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that: (i) it has not engaged in any collusion with respect to the bidding; and (ii) its Bid is a good-faith *bona fide* offer and it intends to consummate the proposed transaction on the terms of its Qualified Bid if selected as the Successful Bidder.

**9.**    **Backup Bidder**.

(a)    Notwithstanding anything in these Bidding Procedures to the contrary, but subject to the terms of any Stalking Horse Agreement, if an Auction is conducted for a given Asset Package, the Qualified Bidder with the next-highest or otherwise second-best Bid at the Auction for such Asset Package, as determined by the Debtors in the exercise of their reasonable business judgment, and with the consent of the Majority First Lien Lenders (the "***Backup Bid***"), shall be required to serve as a backup bidder (the "***Backup Bidder***") for such Asset Package, and each Qualified Bidder shall agree and be deemed to agree to be the Backup Bidder if so designated by the Debtors.

(b)    The identity of the Backup Bidder and the amount and material terms of the Backup Bid shall be announced by the Debtors at the conclusion of the Auction at the same time the Debtors announce the identity of the Successful Bidder. The Backup Bidder shall be required to keep its Bid (or if the Backup Bidder submits one or more Overbids at the Auction, its final Overbid) open and irrevocable, subject to the terms of any Stalking Horse Agreement, until the closing of the transaction with the applicable Successful Bidder; *provided* that nothing shall diminish the rights of a Stalking Horse Bidder under any Stalking Horse Agreement. The Backup Bidder's Deposit shall be held in escrow until the closing of the transaction with the applicable Successful Bidder or as may otherwise be provided in any Stalking Horse Agreement.

(c)    If a Successful Bidder fails to consummate the approved transactions contemplated by its Successful Bid, the Debtors may, with the consent of the Majority First Lien Lenders, select the applicable Backup Bidder as the Successful Bidder, and such Backup Bidder shall be deemed a Successful Bidder for all purposes, subject to the terms of any Stalking Horse Agreement.  The Debtors will be authorized, but not required, to consummate all transactions contemplated by the Bid of such Backup Bidder without further order of the Court or notice to any party.  Subject to the terms of any applicable Stalking Horse Agreement, the defaulting Successful Bidder's Deposit shall be forfeited to the Debtors, and the Debtors specifically reserve the right to seek all available remedies against the defaulting Successful Bidder, including specific performance.

15

10.     **Highest or Otherwise Best Bid**.

When determining the highest or otherwise best Bid for a given Asset Package, as compared to other Bids for such Asset Package, the Debtors may consider the Bid Assessment Criteria in addition to any other factors that the Debtors, and after consultation with the Majority First Lien Lenders, deem appropriate; *provided* that the fact a Bid, if any, is comprised of a credit bid shall not be a factor considered by the Debtors in their determination of the highest or otherwise best Bid.

11.     **Reservation of Rights**.

Subject to the rights of the Stalking Horse Bidders under the terms of their respective Stalking Horse Agreements, the Debtors reserve their rights to modify these Bidding Procedures in their reasonable business judgment, and with the consent of the Majority First Lien Lenders, in any manner that will best promote the goals of the bidding process, or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation: (a) extending the deadlines set forth in these Bidding Procedures; (b) adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) cancelling the Auction; and (e) rejecting any or all bids or Bids; *provided*, *however*, that no such modification may alter, impair, or reduce the rights or protections of any Stalking Horse Bidder under these Bidding Procedures or under the applicable Stalking Horse Agreement.

12.     **Consent to Jurisdiction**.

All Qualified Bidders at the Auction shall be deemed to have consented to the jurisdiction of and entry of final orders by the Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the construction and enforcement of these Bidding Procedures, and/or the Qualified Bid Documents, as applicable.

13.     **Sale Hearing**.

A hearing to consider approval of each Sale of the Assets to the Successful Bidders (or to approve the Stalking Horse Agreement(s), as applicable, if no Auction is held) (the "***Sale Hearing***") is currently scheduled to take place at 10:00 a.m. (prevailing Eastern time) on July 19, 2018, or as soon thereafter as the Debtors may be heard, before the Honorable [_____], at the Court, 824 North Market Street, [_____], Wilmington, Delaware 19801.

**The Sale Hearing may be continued to a later date by the Debtors, with the consent of the Majority First Lien Lenders, by sending notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party (including the Stalking Horse Bidder).**

At the Sale Hearing, the Debtors shall present the Successful Bids to the Court for approval.

14.     **Stalking Horse Rights**.

To provide an incentive and to compensate the Stalking Horse Bidders for performing the substantial due diligence and incurring the expenses necessary and entering into a Stalking Horse Agreement with the knowledge and risk that arises from participating in the sale and subsequent bidding process, the Debtors have, with the consent of the Majority First Lien Lenders, agreed to pay the respective Stalking Horse Bidders, under the conditions and in the amount set forth in the Bidding Procedures Order, (a) a break-up fee in the amount of:

- $1,350,000 for the North Dakota Package;

- $100,000 for the Wyoming Package; and

- $825,000 for the Trust Related Assets Package;

(each, a "***Break-Up Fee***"), payable pursuant to the terms of each Stalking Horse Agreement in the event that a Stalking Horse Agreement is terminated due to the Debtors entering into an alternative transaction or in other circumstances set forth in the applicable Stalking Horse Agreement, and (b) a reasonable expense reimbursement equal to:

- up to $450,000 for the North Dakota Package;

- up to $75,000 for the Wyoming Package; and

- up to $275,000 for the Trust Related Assets Package;

(each, an "***Expense Reimbursement***" and together with each applicable Breakup Fee, the "***Bid Protections***"), payable pursuant to the terms of each Stalking Horse Agreement in the event that a Stalking Horse Agreement is terminated due to the Debtors entering into an alternative transaction or in other circumstances set forth in the applicable Stalking Horse Agreement. The Bid Protections will be an allowed administrative expense priority claim in accordance with the terms of each Stalking Horse Agreement; *provided*, *however*, that such claim shall in no circumstances be *pari passu* with or senior to the claims granted to the First Lien Agent and/or the First Lien Lenders under any order of the Court granting such parties adequate protection, except that the Bid Protections shall be paid with first priority out of the proceeds of or as a precondition of the Successful Bid.  In the event a Stalking Horse Bidder is not the Successful Bidder, such Stalking Horse Bidder shall deliver to the Debtors any diligence reports prepared in connection with its Bid within two (2) business days following the conclusion of the Sale Hearing.

A Stalking Horse Bidder shall have standing to appear and be heard on all issues related to the Auction, the Sale, and related matters, including the right to object to the sale of the Assets or any portion thereof (including the conduct of the Auction and interpretation of these Bidding Procedures).

15.     **No Modification of Bidding Procedures**.

Except as provided by Section 10 hereof, these Bidding Procedures may not be modified except with the express written consent of the Debtors and the Majority First Lien Lenders.

16.     **Return of Deposit; Remedies**.

The Deposit of the Successful Bidder shall be applied to the respective Purchase Price of such transaction at closing. Subject to the terms of any applicable Stalking Horse Agreement, the Deposits for each Qualified Bidder shall be held in one or more interest-bearing escrow accounts on terms acceptable to the Debtors in their sole discretion and shall be returned (other than with respect to the Successful Bidder, and the Backup Bidder) on or within three business days after the Auction. Upon the return of the Deposits, their respective owners shall receive any and all interest that will have accrued thereon.

Except as otherwise set forth in the Stalking Horse Agreement with respect to an applicable Stalking Horse Bidder, if a Successful Bidder fails to consummate a proposed transaction because of a breach by such Successful Bidder, the Debtors will not have any obligation to return the Deposit deposited by such Successful Bidder, which may be retained by the Debtors as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtors, and the Debtors shall be free to consummate the proposed transaction with the applicable Backup Bidder without the need for an additional hearing or order of the Court, *provided* that nothing herein shall prohibit any party from seeking an additional hearing or order of the Court.

Notwithstanding anything to the contrary contained herein, in the event of a conflict between the remedies set forth in these Bidding Procedures as they relate to a Stalking Horse Bidder, and the remedies set forth in the applicable Stalking Horse Agreement, the remedies set forth in the Stalking Horse Agreement will control.

17.     **Fiduciary Out**.

Nothing in these Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of a Debtors to take any action, or to refrain from taking any action, with respect to these Bidding Procedures, to the extent such board of directors, board of managers, or such similar governing body determines, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or its fiduciary obligations under applicable law; *provided* that in the event of any such action, all rights and remedies of any Stalking Horse Bidder in these Bidding Procedures or any Stalking Horse Agreement shall be preserved.

18.     **Contract Procedures**

Within five (5) business days from the entry of the Bidding Procedures Order, the Debtors shall file and serve on all counterparties (the "***Counterparties***") to their executory contracts and unexpired leases (the "***Contracts***") a notice (the "***Cure Notice***") of (a) the potential assumption by the Debtors and assignment to the Successful Bidder(s) of the Contracts, and (b) the proposed amount necessary, under section 365(b)(1) of the Bankruptcy Code, to cure any outstanding monetary defaults and compensate the Counterparties for any pecuniary losses in connection with such assumption and assignment (the "***Proposed Cure Costs***").

If at any time after the issuance of the Cure Notice but prior to the Sale Hearing it is discovered that a Contract should have been listed on the Executory Contracts Schedule but was

not (any such Contract, a "***Previously Omitted Contract***"), the Debtors shall, promptly following discovery thereof (but in no event later than five (5) Business Days following discovery thereof), file and serve a notice on the non-Debtor counterparty(ies) to such Previously Omitted Contract notifying such counterparties of the Debtors' intention to assume and assign such Previously Omitted Contract to the Successful Bidder, including the proposed Cure Costs relating thereto (the "***Previously Omitted Contract Notice***").

Each Counterparty shall have until the earlier to occur of (x) 5:00 p.m. (prevailing Eastern time) on the date that is fourteen (14) days after the filing and service by the Debtors to the Counterparty of the Cure Notice or the Previously Omitted Contract Notice (as applicable), and (y) the Sale Hearing (the "***Contract Objection Deadline***") to object to the assumption and assignment of its Contract on any grounds, including, without limitation, the amount of the Proposed Cure Costs, but excluding any objection as to adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code or on the basis of the identity of the Successful Bidder. Any such objection must be filed and served on the Debtors and their proposed co-counsel, the First Lien Agent and its counsel, and the applicable Stalking Horse Bidder (if any) and its counsel, so as to be actually received by the Contract Objection Deadline. Any unresolved such objections shall be heard at the Sale Hearing, unless otherwise agreed by the parties. If any objections to the amount of Proposed Cure Costs remain unresolved as of the date of the Closing of the Sale of any Asset Package, the Debtors may deposit the disputed amount of Proposed Cure Costs relating to such Asset Package in a segregated account to hold pending resolution of such objections.

Each Counterparty may raise objections as to adequate assurance of future performance or on the basis of the identity of the Successful Bidder until the earlier to occur of (x) 5:00 p.m. (prevailing Eastern time) on the date that is fourteen (14) days after the filing and service by the Debtors to the Counterparty of a notice identifying the applicable Successful Bidder, which, for the avoidance of doubt, may be provided with the Cure Notice or the Previously Omitted Contract Notice or at any time thereafter with respect to the Stalking Horse Bidders, and (y) the Sale Hearing (the "***Buyer Specific Objection Deadline***"). Any such objection must be filed and served on the Debtors and their proposed co-counsel, the First Lien Agent and its counsel, and the applicable Successful Bidder or Stalking Horse Bidder (if any), as applicable, and its counsel, so as to be actually received by the Buyer Specific Objection Deadline. Any unresolved such objections shall be heard at the Sale Hearing, unless otherwise agreed by the parties.

*[Remainder of page intentionally left blank.]*

Dated: _____    _____

    Wilmington, Delaware

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 571-6600
Facsimile:   (302) 571-1253
Email:      mnestor@ycst.com
           kcoyle@ycst.com

- and -

George A. Davis (pro hac vice pending)
Mitchell A. Seider (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone:   (212) 906-1200
Facsimile:   (212) 751-4864
Email:      george.davis@lw.com
           mitchell.seider@lw.com

- and -

Caroline A. Reckler (*pro hac vice* pending)
Matthew L. Warren (*pro hac vice* pending)
Jason B. Gott (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:   (312) 876-7700
Facsimile:   (312) 993-9767
Email:      caroline.reckler@lw.com
           matthew.warren@lw.com
           jason.gott@lw.com

*Proposed Counsel for Debtors and Debtors in Possession*

## SCHEDULE 7.4

### CONSENTS

1. Oil and Gas Lease No. 33.00253.000, between TOC-Rocky Mountains Inc., as Lessor, and Earl Schwartz, as Lessee, dated effective as of January 1, 1989, recorded in Book 231, Page 631, Instrument 156263, Renville County, North Dakota.

2. Oil and Gas Lease No. 33.01264.00I, between TOC-Rocky Mountains Inc., as Lessor, and Conoco Inc., as Lessee, dated effective as of January 12, 1993, recorded in Instrument 206342, Divide County, North Dakota.

3. Oil and Gas Lease No. 33.00227.000, between Red Crown Royalties, LLC, as Lessor, and Carlson Oil, Inc., as Lessee, dated effective as of October 1, 2002, recorded in Book 269, Page 591, Instrument 202036, Burke County, North Dakota.

4. Oil and Gas Lease No. 33.00334.000, between Red Crown Royalties, LLC, as Lessor, and Ward Williston Company, as Lessee, dated effective as of January 1, 2010, recorded in Book 311, Page 118, Instrument 195056, Renville County, North Dakota.

5. Oil and Gas Lease No. 33.01124.00A, between TOC-Rocky Mountains Inc., as Lessor, and Burlington Resources Oil & Gas Company, as Lessee, dated effective as of April 1, 1997, recorded in Instrument 197835, Dunn County, North Dakota.

6. Oil and Gas Lease No. 33.01198.00O, between Federal Land Bank of Saint Paul, as Lessor, and Home Petroleum Corporation, as Lessee, dated April 9, 1974, recorded in Book 196, Page 315, Instrument 372692, Williams County, North Dakota.

7. Oil and Gas Lease No. 33.01216.00A, between Samedan Royalty Corporation, as Lessor, and Sequel Energy, LLC, as Lessee, dated November 15, 2012, recorded in Instrument 759289, Williams County, North Dakota.

8.  Oil and Gas Lease No. 33.01263.00A, between Red Crown Royalties, LLC, as Lessor, and BTA Oil Producers, LLC, as Lessee, dated effective as of August 1, 2009, recorded in Book 272M, Page 529, Divide County, North Dakota.

9.  Oil and Gas Lease No. 33.01652.00F, between Mary Leonard Children's Trust, et al, as Lessor, and Eagle Operating, Inc., as Lessee, dated November 10, 2005, recorded in Book 319MI, Page 397, Instrument #368178, Bottineau County, North Dakota.

10. Gas Gathering, Processing, and Purchase Agreement, dated December 1, 2017 between Hess Trading Corporation and Enduro Operating LLC.

11. Gas Purchase and Processing Agreement, dated October 21, 1998 between Oneok Rockies Midstream and Enduro Operating LLC.

## SCHEDULE 7.6

## LITIGATION

| Lawsuit/ Legal Issue | County, State | Location/Well | Package | Summary | Comment | Status as of 12/31/2017 | Law Firm |
|---|---|---|---|---|---|---|---|
| Drill-Tech, LLC v. Enduro | Renville, Divide & Bottineau Counties, ND | SSU, GCMU, NSCU, LDCMU | North | Enduro disputes the costs of services performed by Drill-Tech relating to various wells in the GCMU, SSU, LDCMU & NSCU. Charges were excessive and Enduro believes it is owed funds from them. A lien has been filed by Drill-Tech in the noted counties. A counter demand for payment from Drill-Tech to Enduro has been submitted. | Summary Judgement Order Granted in favor of Enduro for $185,974 on 01/04/18. Once Judgement has been filed by the court, Drill-Tech will have 60 days to file for an appeal. Expected expiration of said 60 appeal period to be no later than April 1, 2018. | Ongoing | Fredrikson & Byron PA PO Box 1484 Minneapolis, MN 55480-1484 701-221-4020 |
| Phyllis Okland, Individually and on behalf of the heirs at law of Christopher James Okland, deceased v. Enduro Operating LLC; B&B Hot Oil Service, Inc.; Compliance Solutions, Incorporated; Rodney Conway; and Frandson Safety, Inc. | Billings County, ND | SND 1-28X | North | The Lawsuit alleges that on January 4, 2017, Christopher Okland was killed in an explosion and fire at a wellsite operated by Enduro commonly known as SND 1-28x (the "Well"). At the time of the Incident, Christopher Okland was an employee of C&D Oilfield Services, Inc. ("C&D"), a third party independent contractor hired by Enduro to perform service on the Well. The Plaintiff alleges claims of negligence and premises liability against Enduro, and claims of negligence against Enduro's employee, safety consulting contractor and others. Enduro strongly denies the allegations of wrongdoing. | The Master Work/Service Agreement between Enduro and C&D requires C&D to defend and indemnify Enduro and its employee in the Lawsuit. In support of this obligation, C&D was required to – and did – procure a $1,000,000 per occurrence general liability policy and a $2,000,000 umbrella policy through Employers Mutual Casualty Company. In addition to C&D's contractual defense and indemnity obligation, and the supporting insurance, Enduro also has a $1,000,000 per occurrence general liability policy and a $20,000,000 umbrella policy through Chubb. Enduro has provided notice of the Lawsuit to C&D and Chubb. | Ongoing | Chubb: Lind Jensen Sullivan Peterson 901 S Marquette Ave Minneapolis, MN 55402 612-333-3637 |

## **SCHEDULE 7.7**

**VIOLATION OF LAWS**

[See attached]

**SCHEDULE 7.7**
**VIOLATION OF LAWS**

| Well File # | Name | Bond | Last prod | Latest correspondence from NDIC / Surface Owner / Etc.. | Anticipated Plan of Action \ Comments |
|---|---|---|---|---|---|
| 2233 | Bryan 1 | E351 | 15-Feb | letter sent 10/12/16 | IAW status expired |
| 3925 | N Sharp 2 SWD | E351 | Nov-14 | 2/14/2017 | Haul Water From Glenburn 3rd Q 2017 |
| 4684 | Government Taylor B 2 | E351 | 13-May | 2/22/2016 | Hold off Until Square Butte RTI |
| 4978 | Felt A 1 | E351 | 15-Feb | no recent correspondence sent | PA |
| 4996 | Mann A SWD 1 | E351 | 15-Feb | last injected | PA |
| 5020 | Pearson 1 | E351 | Apr-13 | letter sent 2/16/16 | PA |
| 5056 | A Chrest 1 | E351 | 15-May | 10/2/2017 | PA |
| 5264 | Sharp 1 | E351 | 14-Nov | 2/14/2017 | PA |
| 5574 | UCLI 3 SWD | E351 | 15-Feb | 2/23/2018 | PA |
| 5667 | Moore 31-23HR | E351 | 15-Mar | 2/26/2018 | IAW status expired |
| 5925 | Nygaard 33-23 HR | E351 | 12-May | IPA approved 7/23/2015 | PA |
| 6285 | Harold Gravseth 1 | E351 | 15-Apr | 2/26/2018 | IAW status expired |
| 6397 | Owings 1 | E351 | 15-May | sent letter 10/12/2016 | PA |
| 7147 | Watland A 1 | E351 | 14-Nov | 2-23-18 5-15-18 Deadline | RTP flowline repair |
| 7892 | L Weber 3 | E351 | 15-Jan | 2/26/2018 | IAW status expired |
| 7944 | Bull Moose 1X-15 | E351 | 2-Jul | 2/26/2018 | IAW status expired |
| 8468 | Beicegel Creek 27-42 | E351 | 15-Mar | 7/5/2016 | PA |
| 8883 | Bowline Creek 35-24 | E351 | Mar-14 | 2/6/17 Plugback | TA for future sidetrack |
| 9744 | Leo Gates 1 | E356 | 15-Jan | 2/23/2018 | PA |
| 9779 | Klosterman 1 | E351 | 14-Oct | sent letter 2/5/2016 | Flowline repair |
| 9909 | Bowline 21-7 | E351 | May-15 | sent letter 8/3/2016 | Parted rods RTP |
| 10047 | Total State 1-36 | E351 | 14-Mar | sent letter 11/24/2015 | PA or TA |
| 10381 | Davidson 1 | E351 | 14-Oct | 2/23/2018 | IPA submitted 6/7/16 to plug 1Q2017 |
| 10396 | Albert 21-25 | E351 | Jul-15 | 2/26/2018 | IAW status expired |
| 10600 | Square Butte SWD D01 | E351 | 13-May | last letter 9/2016 | RTI or PA 3Q 2018 May Accelerate |
| 10641 | Laumb 1 | E356 | 14-Aug | IPA submitted 6/7/16 to plug 2Q2017 | PA |
| 10955 | Eugene 2 | E356 | 15-Mar | 2/26/2018 | IAW status expired |
| 10620 | Alexander 1 | E356 | 15-Mar | None recent | IAW status expired |
| 10972 | Alexander 2 | E356 | 15-Jun | 2/26/2018 | IAW status expired |
| 11061 | Mau McKinney 1/741-6 | E356 | 14-Dec | 2/23/2018 | PA |
| 11196 | Alexander 3 | E356 | Mar-15 | 2/26/2018 | IAW status expired |
| 11536 | Pierre Creek SWD 43-7 | E351 | Oct-12 | letter sent 9/18/2015 | PA 3rdQ 2017 |
| 12366 | Wold 1 | E351 | Dec-14 | letter sent 10/12/2016 | RTP |
| 13065 | 20401 JVP Olson 1313 | E351 | Oct-14 | letter sent 12/18/2015 | TA |
| 13796 | Federal Rivet 6-6 | E351/5608 | Feb-09 | IPA 5/29/2015 to be plugged 10/1/2015 | PA 2nd Q 2019 |
| 15136 | McGinnity 2-6H | E351 | May-15 | letter sent 8/19/2016 | Tubing change |
| 15624 | 20401 JVP Michael 1-H | E351 | Dec-14 | letter sent 1/11/2016 | TA |
| 15626 | 20401 JVP Ness 1-25H | E351 | Jul-14 | letter sent 1/11/2016 | TA |
| 16785 | Flat Top Butte 5-15H | E351 | Dec-14 | two letters sent 3/31/16 and 7/29/2016 | TA |
| 20681 | NWMU A-10H | E351 | Sep-14 | letter sent 2/9/2016 | TA Plugged Flowline, why isnt this on a unit bond |
| 27281 | Hay Draw 21-33 | E356 | Jul-14 | letter sent 9/18/2015 | PA 2nd Q 2018 |
| 28362 | MRP 25-41 | E351 | Oct-14 | IPA 6/7/2016 to plug May 1, 2017 | PA |
| 12073 | Pierre Creek 14-5 | E351 | 15-Nov | 8/3/2016 | Treater Repair PA |
| 7718 | Leo Preskey 2R | E351 | 15-Aug | None recent | Parted rods  PA |
| 14787 | Pederson 5 | E351 | 15-Jan | 2/2/2016 | Quit pumping Request IAW |
| 10640 | Davidson 2 | E356 | 16-Jan | 2/23/2018 | PA |
| 10956 | Laumb 3 | E356 | 16-Jan | 2/23/2018 | PA |
| 8462 | Beard 2 | E356 | 15-Dec | 2/18/2016 | PA |
| 2461 | Beard 1 | E356 | 15-Sep | 3/16/2017 | PA |
| 10058 | Bella 1 | E358 | 13-Jan | 2/10/2015 IPA | PA 4Q 2017 |
| 7843 | Grandall 1 | E356 | 14-Nov | 3/16/2017 | Parted rods RTP |
| 6058 | Kveum 1 | E356 | 16-Feb | None recent | Parted rods IAW status expires 8/7/18 |
| 4778 | Lohse 1 | E351 | 15-Nov | 2/23/2018 | Pump repair RTP |
| 11682 | Rusch B-2 | E356 | 15-Dec | 2/23/2018 | Tubing Change RTP |
| 9362 | Burning Mine Butte 9-21 | E351 | 16-Jun | 9/14/2017 | Shutin |
| 7495 | Flat Top Butte 15-24 | E351 | 17-Jan | 4/6/2018 | Needs packer installed |
| 5178 | Carroll Aitken 1 | E351 | 16-Jun | None | Quit pumping PA |
| 15987 | EM Buckshot 36-4 | E351 | 16-Aug | 2/23/2018 | Shut-in |
| 5935 | NDC A Deep Unit 1 | E351 | 15-May | 6/9/2017 | Pump stuck |
| 12329 | Strombeck FLB 1 | E351 | 16-Sep | 12/9/2016 | Passed 10/13/17 MIT |
| 15203 | State 1-36H | E351 | 16-Sep | 1/19/2016 | Shut-in |
| 925 | NWMU C-5 | E356 | 16-Jun | None recent | Tubing change |
| 3275 | NWMU A-8 | E356 | 15-Dec | None recent | Downhole problem |
| 7641 | Weinman 1 SWD | E351 | 16-Jun | None recent | Lease negotiations |
| 3919 | P. Weinman | E351 | 16-Apr | 10/2/2017 | Quit pumping |
| 4637 | Steen 2 | E351 | 16-Jun | 4/6/2018 | Parted rods |
| 3243 | Christenson 1 | E356 | 16-Jun | 10/5/2017 | Parted rods |
| 3055 | Bronson 32-25 | E351 | 16-Nov | 2/22/2018 | Quit pumping |
| 13844 | Nesham 7H | E350 | Sep-11 | 2/16/2016 | PA |
| 4401 | Nesham 4 | E350 | 11/13/2008 | 2/16/2016 | PA |
| 4346 | Nesham 2 WI | E350 | 9/14/2011 | 10/9/2015 | PA |
| 13936 | Nesham 8 | E350 | 9/14/2011 | 2/16/2016 | PA |
| 4639 | Nesham 5 | E350 | 11/5/2004 | 2/16/2016 | PA |
| 13073 | MRPSU 31-42 | E352 | 1/4/2015 | 2/23/2018 | Parted rods RTP |
| 12869 | MRPSU 31-12 | E352 | 3/14/2016 | 2/23/2018 | Failed MIT Add Liner 3Q 2017 |
| 13061 | MRPSU 36-21 | E352 | 4/7/2016 | 2/23/2018 | Quit pumping RTP |
| 13009 | MRPSU 36-41 | E352 | 2/28/2016 | 2/23/2018 | Quit pumping RTP |
| 13241 | MRPSU 36-23 | E352 | Jul-12 | 2/23/2018 | PA Scheduled 3Q 2017 |
| 4051 | Honker Federal 1 | E353 | TA | Failed 2nd MIT 7/20/2016 | Remediate & TA for Inj |
| 5193 | AMU 11-30 | E355 | Oct-14 | 2/23/2018 | 5-15-18 Deadline Parted rods RTP |
| 5035 | AMU 14-19 | E355 | 4/16/2016 | 2/23/2018 | 5-15-18 Deadline Parted rods RTP |
| 14748 | AMU 42-25 | E355 | 10/28/2014 | 2/23/2018 | 5-15-18 Deadline Parted rods RTP |
| 2809 | SWSCU 19-41 | E357 | Sep-15 | | Hole in Tbg RTP |
| 1905 | NSCU M-717 | E358 | Oct-16 | 2/23/2018 | Tubing change |
| 2282 | NSCU E-719 | E358 | 9/30/2015 | | Hole in Tubing RTP/IAW expires 8-7-18 |
| 1866 | NSCU H-716 | E358 | 5/14/2015 | 11/10/2016 | Parted Tubing RTI |
| 7727 | NSCU O-712 | E358 | 12/1/2014 | 11/10/2016 | Plugged Flowline/Hole in Tbg CTI |
| 2712 | NSCU L-710 | E358 | Dec-14 | 11/10/2016 | Parted rods CTI |
| 5173 | NSCU J-706 | E358 | 10/15/2014 | 2/9/2016 | Partial CTI/CIBP over perfs Need liner |
| 1996 | NSCU U-709 | E358 | Oct-14 | 11/10/2016 Hole in tbg | 2Q RTP |
| 5172 | NSCU O-705 | E358 | 10/29/2015 | | Hole in tubing/ Request IAW expires 8-7-18 |
| 13434 | SSU 110 | E359 | Feb-15 | 8/9/2016 | Stuck pump RTP |
| 13318 | SSU 17 | E359 | 09/25/2014 | 8/9/2016 | Pump stuck RTP |
| 28858 | SSU 11-24H | E359 | 9/16/2016 | 2/22/2018 | Parted rods RTP |
| 12557 | SSU 123H | E359 | 4/14/2015 | 4/22/2018 | Future RTP TA |
| 13522 | SSU 21 | E359 | 2/5/2016 | 3/16/2017 | Quit pumping RTP |
| 13418 | SSU 20 | E359 | 2/28/2016 | 4/22/2016 | Plugback convert to backup WSW |

**SCHEDULE 7.7**
**VIOLATION OF LAWS**

| Well File # | Name | Bond | Last prod | Latest correspondence from NDIC / Surface Owner / Etc.. | Anticipated Plan of Action \ Comments |
|---|---|---|---|---|---|
| 15582 | SSU 31-11H | E359 | Jun-15 | 8/9/2016 Stuck pump Request IAW | Stuck pump RTP |
| 3428 | EFMU 2 | E362 | Dec-14 | 10/12/2016 | No Flowline/possibly haul loads |
| 18715 | EFMU 27H | E362 | 12/5/2016 | None | Pumping Unit Repair |
| 2965 | EFMU 4 | E362 | 10/31/2013 | 10/12/2016 | Parted tbg packer stuck RTP |
| 2907 | EFMU 8 | E362 | 8/31/2014 | 10/12/2016 | Rods hung up. RTP |
| 2403 | EFMU 12 | E362 | 6/5/2015 | 10/12/2016 | Tbg/Pkr change RTI |
| 5673 | EFMU 15-R | E362 | 11/8/2015 | 7/21/2017 | RTP 2Q 2017 |
| 3394 | EFMU 6 | E362 | Jul-16 | None | Shut-in |
| 3996 | George Shurson ET AL 1 | E357 | Sep-15 | 2/23/2018 | Quite pumping RTP/IAW |
| 3913 | E M Davis 1 | E357 | 5/2/2013 | 2/23/2018 | 12/16/2016 Proposed CTI/PA |
| 28008 | MMU 32-24-H1 | E357 | 5/6/2015 | 2/23/2018 | Down due to water zone Future CTI TA |
| 16607 | Holbrook 14-16H | E368 | Jan-15 | 2/23/2018 | Shut-in uneconomical RTP |
| 13699 | E-M Holbrook 14-9 | E368 | 1/6/2015 | 2/23/2018 | Parted rods RTP |
| 17960 | WGMU 2 | E368 | 1/18/2015 | 2/23/2018 | Intermitent injector RTI by Q3 2017 |
| 16645 | NGMU 10 | E370 | Jan-15 | 2/23/2018 | Plugged flowline RTP |
| 4282 | NGMU 2 | E370 | Nov-16 | None recent | Passed 12-4-14 MIT |
| 12962 | North Branch 35X-34 | E372 | 2/4/2015 | 9/4/2017 | Hole in tubing RTP |
| 11450 | Skarderud 33-7 | E373 | Oct-12 | 9/20/2017 | Stuck pump Observation well FL 5636' |
| 10480 | Skarderud 22-7 | E373 | 2/1/2012 | 9/20/2017 | Q4 2017 scheduled PA |
| 10814 | Tenneco 2-17 | | 3/15/2015 | None recent | IAW status expired |
| 10073 | Skarderud 10-7 | | Aug-15 | 6/6/2016 | Pumping Unit Repair, control run-off |
| 9781 | Biwer 1 | | Jun-10 | 9/5/2017 | Request to P&A well and reclaim location |
| 29397 | NGMU 11-H1 | | Mar-18 | 12/1/2015 | Settle damages for surface loc and pipelines |
| 29468 | NGMU 12-H1 | | Mar-18 | 12/1/2015 | Settle damages for surface loc and pipelines |
| 13665 | E.M. Holbrook 14-15 | | Mar-18 | 3/11/2015 | Tank Breach. Settle surface damages with landowner |
| 15118 | Skarderud 32-7 | | Mar-18 | 12/18/2017 | Settle damages related to leak, control run-off |
| 15117 | Skarderud 13-7 | | Mar-18 | 6/6/2016 | Reclaim a portion of well site, control run-off |
| 8722 | Skarderud 2-7 | | Jul-87 | 6/6/2016 | Remove equipment and reclaim site |
| 21729 | LDCMU 4-33 | | Feb-18 | 4/9/2018 | Investigating areas of no growth on farmland adjacent to site |
| N/A | LDCMU Central Tank Battery | | N/A | 4/9/2018 | Investigating areas of no growth on farmland adjacent to site |

## SCHEDULE 7.8

### PREFERENTIAL RIGHTS

| Property | Description |
|---|---|
| Newburg Spearfish-Charles Unit | JOA dated 4/17/1956<br>Contract Area: N2, E2SE of Section 20; W2 of Section 21, T161N-R79W<br>Unit Tracts 66, 71-73<br>Bottineau County, North Dakota |
| South Westhope Spearfish-Charles Unit | JOA dated 9/23/1958<br>Contract Area: NE/4 of 25-T162N-R80W<br>Unit Tract 15<br>Bottineau County, North Dakota |
| Glenburn Central Madison Unit | Oil and Gas Lease dated 9/2/2014, between COP & Eagle Operating<br>Contract Area: SE of Section 6, T158N-R81W (50% Mineral Interest)<br>Unit Tract 8<br>Renville County, North Dakota |

## **SCHEDULE 7.9**

### **ROYALTIES, EXPENSES, ETC.**

-None-

## **SCHEDULE 7.10**

**IMBALANCES**

-None-

## **SCHEDULE 7.11**

## **PROPERTY TAXES**

-None-

## SCHEDULE 7.13

**SUSPENSE FUNDS**

| Package Description | Net Amount as of Effective Time |
|---|---|
| North Dakota | $1,555,737.82 |

## SCHEDULE 7.15

## COMPLIANCE WITH LEASES

| Well File # | Name | Last prod | Latest correspondence from NDIC / Surface Owner / Etc.. | Anticipated Plan of Action / Comments |
|---|---|---|---|---|
| 29397 | NGMU 11-H1 | Mar-18 | 12/1/2015 | Settle damages for surface loc and pipelines |
| 29468 | NGMU 12-H1 | Mar-18 | 12/1/2015 | Settle damages for surface loc and pipelines |
| 13665 | E.M. Holbrook 14-15 | Mar-18 | 3/11/2015 | Tank Breach. Settle surface damages with landowner |
| 15118 | Skarderud 32-7 | Mar-18 | 12/18/2017 | Settle damages related to leak, control run-off |
| 15117 | Skarderud 13-7 | Mar-18 | 6/6/2016 | Reclaim a portion of well site, control run-off |
| 8722 | Skarderud 2-7 | Jul-87 | 6/6/2016 | Remove equipment and reclaim site |
| 21729 | LDCMU 4-33 | Feb-18 | 4/9/2018 | Investigating areas of no growth on farmland adjacent to site |
| N/A | LDCMU Central Tank Battery | N/A | 4/9/2018 | Investigating areas of no growth on farmland adjacent to site |

**<u>SCHEDULE 7.16</u>**

**PLUGGING AND ABANDONMENT**

[See attached]

**SCHEDULE 7.16**
**PLUGGING AND ABANDONMENT**

| Well File # | Name | Bond | Last prod | Latest correspondence from NDIC / Surface Owner / Etc.. | Anticipated Plan of Action \ Comments |
|---|---|---|---|---|---|
| 33BB | r yanE - | 5BF- | - F2bet | lesey0eEs- / 6 36 1 | IAW 0nsu0 expieJ |
| B93F | N Shryp 3 SWD | 5BF- | Nov2 4 | 36 4BB/ - 7 | Hnul Wnany buy0m GleEt uyE Byd Q 3/ - 7 |
| 4184 | GoveyEmeEsTnaloy r 3 | 5BF- | - B2Mna | 3tB3tB/ - 1 | Hold off UEsil Squnye r use RTI |
| 4978 | belsA - | 5BF- | - F2bet | E0 yeceEscoye0poEdeEce 0eEs | PA |
| 4991 | MnEE A SWD - | 5BF- | - F2bet | In0siEjecsed | PA |
| F/ 3/ | Peny0oE - | 5BF- | Apy2 8 | lesey0eEs36 16 1 | PA |
| F/ F1 | A Chye0s- | 5BF- | - F2Mna | - / 6t6/ - 7 | PA |
| F314 | Shnyp - | 5BF- | - 42Nov | 36 4B/ - 7 | PA |
| FF74 | UCLI B SWD | 5BF- | - F2bet | 3t6t6B/ - 8 | PA |
| F117 | Mooye B- 23BHR | 5BF- | - F2Mny | 3tB16/ - 8 | IAW 0nsu0 expieJ |
| F93F | Nagnnyd BB23B HR | 5BF- | - 32Mna | IPA npnyoved 7tBt6B/ - F | PA |
| 138F | Hnyold Gynv0esh - | 5BF- | - F3Apy | 3tB16/ - 8 | PA |
| 1B97 | OwiEg0 - | 5BF- | - F2Mna | 0eEslesey- / 6 3tB/ - 1 | PA |
| 7- 47 | WndnEd A - | 5BF- | - 42Nov | 32EB3 E2 F2 F2 8 DendliEe | RTP flowliEe yepniy |
| 7893 | L Wet ey B | 5BF- | - F2lnE | 3tB16/ - 8 | IAW 0nsu0 expieJ |
| 7944 | r ull Moo0e - X2- F | 5BF- | 32Jul | 36t6/ - 8 | IAW 0nsu0 expieJ |
| 8418 | r eicegel Cyeek 372t3 | 5BF- | - F2Mny | 7t4tB/ - 1 | PA |
| 888B | r owliEe Cyeek BF2t4 | 5BF- | Mny2 4 | 36t6 7 Plugt nck | TA foy fusuye 0idesynck |
| 9744 | Leo Gnæ0 - | 5BF1 | - F2lnE | 3tB86/ - 1 | PA |
| 9779 | Klo0eymnE - | 5BF- | - 42Ocs | 0eEslesey 36t6B/ - 1 | blowliEe yepniy |
| 99/ 9 | r owliEe 3- 27 | 5BF- | Mna2 F | 0eEslesey 3t6t6B/ - 1 | Pnyæd yod0 RTP |
| - / / 1 | Mnu Mcki0eE- A - | 5BF- | - 42Mny | 0eEslesey - / 6 3tB/ - 1 | IAW 0nsu0 expieJ |
| - - / 1- | Mnu Mcki0Eea - 6t4- 21 | 5BF1 | - F2lnE | 3tB16/ - 8 | IAW 0nsu0 expieJ |
| - - - 91 | AlexnEdey B | 5BF- | Mny4 F | 3tB16/ - 8 | IAW 0nsu0 expieJ |
| - - FB1 | Pieye Cyeek SWD 4B2F | 5BF- | Ocs9 3 | lesey 0eEs 96 8tB/ - F | PA  BydQ 3/ - 7 |
| - 3B11 | Wold - | 5BF- | Dec2 4 | lesey 0eEs- / 6 36/ - 1 | RTP |
| - B/ 1F | 3/ 4/ - JVP Oi0oE - B- B | 5BF- | Dec2 4 | lesey 0eEs- / 36 8tB/ - F | TA |
| B791 | bedeynl Rives 12l | 5BF- 8F/ 8 | bet 2/ 9 | IPA 7t6t9t6/ - F so t e plugged - / 6 6/ - F | PA 3Eol Q 3/ - 9 |
| F- B1 | McGiEEia 32lH | 5BF- | Mna2 F | lesey 0eEs 86 9tB/ - 1 | Tut iEg chnEge |
| - F134 | 3/ 4/ - JVP Michnel - 2H | 5BF- | Dec2 4 | lesey 0eEs 7t63t6B/ - 1 | TA |
| - F131 | 3/ 4/ - JVP Ne00 - 23FH | 5BF- | Jul2 4 | lesey 0eEs 86 9tB/ - 1 | TA |
| - 178F | blnsTop r use F2 FH | 5BF- | Dec2 4 | wo lesey0 0eEs Bt6- 6 1 nEd 7t89t6B/ - 1 | TA |
| 3/ 18- | NWMU A3 / H | 5BF- | Sep2 4 | lesey 0eEs 3t6t6B/ - 1 | TA Plugged blowliEe, wha i0Esshi0 oE n uEist 0Ed |
| 3738- | Hna Dynw 3- 28B | 5BF- | Jul2 4 | lesey 0eEs 86 9tB/ - 8 | PA 3Ed Q 3/ - 8 |
| 38B13 | MRP 3F2t- | 5BF- | Ocs9 4 | IPA 1t7tB/ - 1 so plug Mna - , 3/ - 7 | PA |
| - 3/ 7B | Pieye Cyeek - 42F | 5BF- | - F2Nov | 8t6t6B/ - 1 | Tyenary Repniy PA |
| 77- 8 | Leo Pye0kea 3R | 5BF- | - F2Aug | NoEe yeceEs | Pnyæd yod0  PA |
| - 4787 | Pedey0oE F | 5BF- | - F2lnE | 3tBt6B/ - 8 | Quispumpi Eg Reque0s IAW |
| - / 14/ | Dnvid0oE 3 | 5BF1 | - 12lnE | 3tB8tB/ - 8 | PA |
| - / 9F1 | Lnumt  B | 5BF1 | - 12lnE | 3tB8tB/ - 8 | PA |
| 8413 | r enyd 3 | 5BF1 | - F2Dec | 36 8tB/ - 1 | PA |
| 341- | r enyd - | 5BF1 | - F2Sep | 86 16/ - 7 | PA |
| - / / F8 | r elin - | 5BF8 | - B2lnE | 36 / 6/ - F IPA | PA 4Q 3/ - 7 |
| 784B | GynEdnll - | 5BF- | - 42Nov | 86 16/ - 7 | Pnyæd yod0 RTP |
| 1/ F8 | Kveum - | 5BF1 | - 12bet | No0o yeceEs | Pnyæd yod0 IAW 0nsu0 expiye0 86t6 8 |
| 4778 | Loh0e - | 5BF- | - 12lnE | 3tBt6B/ - 8 | Pump yepniy RTP |
| - - 183 | Ru0ch r Z3 | 5BF1 | - F2Dec | 3t6t6B/ - 8 | Tut iEg ChnEge RTP |
| 9B13 | r uyEiEg MiEe r use 92t- | 5BF- | - 12JuE | 96 4t6/ - 7 | ShusiE |
| 749F | blnsTop r use - F2t4 | 5BF- | - 12lnE | 3tB8tB/ - 8 | Nee0 pnckey iE0nlled |
| F- 78 | Cnyoll AiskeE - | 5BF- | - 12JuE | NoEe | Quispumpi Eg PA |
| - F987 | 5 M r uck0hosB12t4 | 5BF- | - 12Aug | 3tBt6B/ - 8 | ShusiE |
| F9BF | NDC A Deep UEis- | 5BF- | - F2Mna | 1t6t6B/ - 7 | Pump 0sck |
| - 3B39 | Sæomt eck bLr - | 5BF- | - 12Sep | - 3t6t6/ - 1 | Pn00ed - / 6 B6 7 MIT |
| - F3/ B | Sænæ - 281H | 5BF- | - 12Sep | - 6 9tB/ - 1 | ShusiE |
| 93F | NWMU C2F | 5BF- | - 12lnE | NoEe yeceEs | Tut iEg chnEge |
| B37F | NWMU A2B | 5BF- | - F2Dec | NoEe yeceEs | DowEhole pyot lem |
| 714- | WeiEmnE - SWD | 5BF- | - 12Dec | NoEe yeceEs | Len0e Eegoson0oE0 |
| B9- 9 | P. WeiEmnE | 5BF- | - 12Apy | - / 6t6/ - 7 | Quispumpi Eg |
| 41B7 | SæeE 3 | 5BF- | - 12JuE | 4t8tB/ - 8 | Pnyæd yod0 |
| B34B | Chy0oeE0oE - | 5BF1 | - 12JuE | - / 6t6/ - 7 | Pnyæd yod0 |
| B/ FF | r yo8t0oE B32t8F | 5BF- | - 12Nov | 3t63t6B/ - 8 | Quispumpi Eg |
| - B844 | Ne0hnm 7H | 5BF/ | Sep2 - | 36 16/ - 1 | PA |
| 44/ - | Ne0hnm 4 | 5BF/ | - 6 8tB/ / 8 | 36 16/ - 1 | PA |
| 4B41 | Ne0hnm 3 WI | 5BF/ | 96 4tB/ - - | - / 6t6/ - F | PA |
| - B8B1 | Ne0hnm 8 | 5BF/ | 96 4tB/ - - | 36 16/ - 1 | PA |
| 41B9 | Ne0hnm F | 5BF/ | - 6t6B/ / 4 | 36 16/ - 1 | PA |
| - B/ 7B | MRPSU B- 2t3 | 5BF3 | - 6t4B/ - F | 3t6t6B/ - 8 | Pnyæd yod0 RTP |
| - 3819 | MRPSU B- 2 3 | 5BF3 | B6 4t6/ - F | 3t6t6B/ - 8 | bniled MIT Add LiEey BQ 3/ - 7 |
| - B/ 1- | MRPSU B12t- | 5BF3 | 46t6/ - 1 | 3t6t6B/ - 8 | Quispumpi Eg RTP |
| - B/ / 9 | MRPSU B12t- | 5BF3 | 3t8t6B/ - 1 | 3t6t6B/ - 8 | Quispumpi Eg RTP |
| - B34- | MRPSU B12tB | 5BF3 | Jul2 3 | 3t8t6B/ - 8 | PA Scheduled BQ 3/ - 7 |
| 4/ F- | Ho8Eey bedeynl - | 5BF8 | TA | bniled 3Ed MIT 7t6/ 6/ - 1 | Remediae & TA foy iEg |
| F- 9B | AMU - - 29/ | 5BFF | Ocs9 4 | 3t6t6B/ - 8 | F2 F2 8 DendliEe Pnyæd yod0 RTP |
| F/ 8F | AMU - 42/ 9 | 5BFF | 46 16/ - 1 | 3t6t6B/ - 8 | F2 F2 8 DendliEe Pnyæd yod0 RTP |
| - 4748 | AMU 432t8F | 5BFF | - / 6t6tB/ - 4 | 3t6t6B/ - 8 | F2 F2 8 DendliEe Pnyæd yod0 RTP |
| 38/ 9 | SWSCU - 92t4- | 5BF8 | Sep2 F | | Hole iE Tt g RTP |
| - 9/ F | NSCU M27- 7 | 5BF8 | Ocs9 1 | 3t6t6B/ - 8 | Tut iEg chnEge |
| 3383 | NSCU 527- 9 | 5BF8 | 9t6/ 6/ - 1 | | Hole iE Tut iEg RTP8AW expiye0 827 2 8 |
| - 811 | NSCU H27- 1 | 5BF8 | F6 4tB/ - F | - 6 / 6/ - 1 | Pnyæd Tut iEg RTI |
| 7737 | NSCU O27- 3 | 5BF8 | - 36 6/ - 4 | - 6 / 6/ - 1 | Plugged blowliEe Hole iE Tt g CTI |
| 37- 3 | NSCU L27- 7 | 5BF8 | Dec2 4 | - 6 / 6/ - 1 | Pnyæd yod0 CTI |
| F- 7B | NSCU J27/ 1 | 5BF8 | - / 6 FtB/ - 4 | 3t6t6B/ - 1 | Pnyænl CTItEZr P ovey peyf0 Need liEey |
| - 991 | NSCU U27/ 9 | 5BF8 | Ocs9 4 | - 6 / 6/ - 1 Hole iE st g | 3Q RTP |
| F- 73 | NSCU O27/ F | 5BF8 | - / 6 FtB/ - 1 | | Hole iE sut iEg6Reque0s IAW expiye0 827 2 8 |
| - B4B4 | SSU - - / | 5BF9 | bet 2 F | 8t6tB/ - 1 | Stuck pump RTP |
| - BB- 8 | SSU - 7 | 5BF9 | / 9tBF3/ - 4 | 8t6tB/ - 1 | Pump 0suck RTP |
| 388F8 | SSU - - 2t34H | 5BF9 | 96 1tB/ - 1 | 3t63t6B/ - 8 | Pnyæd yod0 RTP |
| - 3FF7 | SSU - 3BH | 5BF9 | 46 4tB/ - F | 4t63t6B/ - 1 | busuye RTP TA |
| SSU 3- | 5BF9 | 3t6tB/ - 1 | 36 8tB/ - 1 | Quispumpi Eg RTP | |
| - B4- 8 | SSU 3/ | 5BF9 | 3t8tB6B/ - 1 | 4t63t6B/ - 1 | Plugt nck coEveyso t nckup WSW |

**SCHEDULE 7.16**
**PLUGGING AND ABANDONMENT**

| Well File # | Name | Bond | Last prod | Latest correspondence from NDIC / Surface Owner / Etc.. | Anticipated Plan of Action \ Comments |
|---|---|---|---|---|---|
| - FF83 | SSU B- 2- - H | 5BF9 | JuE2 F | 8l06l/ - 1 Sauck pump Reque0sIAW | Sauck pump RTP |
| B438 | 5bMU 3 | 5B13 | Dec2 4 | - / 6 3l0l/ - 1 | No blowilEe0po00it la hnul lond0 |
| - 87- F | 5bMU 37H | 5B13 | - 36F6l/ - 1 | NoEe | PumpiEg UEisRepniy |
| 391F | 5bMU 4 | 5B13 | - / 6l- 6l/ - 8 | - / 6 3l0l/ - 1 | Pnyled d g pnckey0auck RTP |
| 39/ 7 | 5bMU 8 | 5B13 | 8l0l- 6l/ - 4 | - / 6 3l0l/ - 1 | Rod0 huEg up. RTP |
| 34/ B | 5bMU - 3 | 5B13 | 16F6l/ - F | - / 6 3l0l/ - 1 | Tt glPkychnEge RTI |
| F17B | 5bMU - F2R | 5B13 | - - 6l6l/ - F | 7l0l- 6l/ - 7 | RTP 3Q 3/ - 7 |
| B894 | 5bMU 1 | 5B13 | Jul2 1 | NoEe | Shud2E |
| B991 | Geoyge Shuy0oE 5T AL - | 5BF7 | Sep2 F | 3l6l/8l0l/ - 8 | Quiae pumpiEg RTPl0lAW |
| B9- B | S M Dnvi0 - | 5BF7 | F6l6l/ - 8 | 3l6l/8l6l/ - 8 | - 36 1l6l/ - 1 Pyopo0ed CTl0lPA |
| 38/ / 8 | MMU B32l42l4H- | 5BF7 | F6l6l/ - F | 3l6l/8l6l/ - 8 | DowE due so wnaeyzoEe busaye CTl TA |
| - 11/ 7 | Holt yook - 42l 1H | 5B18 | JnE2 F | 3l6l/8l0l/ - 8 | Shud2E uEecoEomicnl RTP |
| - B199 | 52lM Holt yook - 42l9 | 5B18 | - 6l6l/ - F | 3l6l/8l0l/ - 8 | Pnyled yod0 RTP |
| - 791/ | WGMU 3 | 5B18 | - 6 3l6l/ - F | 3l6l/8l0l/ - 8 | lEasynisEsEiEjecsoy RTI t a QB 3/ - 7 |
| - 114F | NGMU - / | 5B7/ | JnE2 F | 3l6l/8l0l/ - 8 | Plugged flowilEe RTP |
| 4383 | NGMU 3 | 5B7/ | Nov2 1 | NoEe yeceEs | Pn00ed - 32l42l 4 MIT |
| - 3913 | Noyth r ynEch BFX2l84 | 5B73 | 36l6l/ - F | 96l6l/ - 7 | Hole iE sut iEg RTP |
| - - 4F/ | Sknydeyud B6l27 | 5B7b | Ocs2l 3 | 9l6l/ 6l/ - 7 | Sauck pump Ot 0eywnsioE well bL F1B1' |
| - / 48/ | Sknydeyud 33l27 | 5B7B | 36 6l/ - 3 | 9l6l/ 6l/ - 7 | Q4 3/ - 7 0cheduled PA |
| - / 8- 4 | TeEEeco 32l 7 | | B6 F6l/ - F | NoEe yeceEs | IAW 0snsu0 expiyed |
| - / / 7B | Sknydeyud - / 27 | | Aug2 F | 1l8l6l/ - 1 | PumpiEg UEisRepniy. coEsyol yuE2bff |
| 978- | r iwey - | | JuE2 / | 9l6F6l/ - 7 | Reque0sso P&A well nEd yeclnim locnsoE |

## SCHEDULE 7.19

## NON-CONSENT OPERATIONS

| WELL NAME | WELL NUMBER | API NUMBER | COUNTY | STATE | BPO GWI | BPO NRI | APO GWI | APO NRI | APO 2 GWI | APO 2 NRI |
|---|---|---|---|---|---|---|---|---|---|---|
| MESA 11 31H | 30094.001.00 | 3301301369 | BURKE | ND | 2.6115100% | 2.2973000% | 2.6115100% | 2.2973000% | | |

*Note: Enduro assigned its wellbore interest to the operator of the Mesa 11 31H well, effective January 1, 2018, as a result of its non-consent election.*

Schedule 7.19

## SCHEDULE 9.1

## ONGOING OPERATIONS

| Property No. | AFE Date | AFE Number | OP. AFE No. | Well/AFE Name | Surface Location | Project Description | Field Name | Operator | API No. | Estimate | Enduro Estimated Cost | Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 40083.001.00 | 01/31/18 | O18ND-0001 | N/A | NDCA 2 | SEC16 T158N R95W | R&R pump, replace bad tbg & rods, RTP | MCGREGOR | Enduro | 3310500549 | $ 162,626 | $ 161,779 | COMPLETE |
| 40032.005.00 | 01/18/18 | O18ND-0002 | N/A | STONEVIEW STONEWALL UNIT 4303H | SEC 3 T160N R95W | R&R pump, replace bad tbg & rods, RTP | STONEVIEW | Enduro | 3302300462 | $ 136,410 | $ 115,368 | COMPLETE |
| 40032.013.00 | 01/18/18 | O18ND-0003 | N/A | STONEVIEW STONEWALL UNIT 3314H | SEC14 T160N R95W | R&R pump, replace bad tbg & rods, RTP | STONEVIEW | Enduro | 3302300452 | $ 104,200 | $ 88,126 | COMPLETE |
| 85000.001.00 | 01/18/18 | O18ND-0004 | N/A | MMAU 3H | SEC 30-162N-83W | Fish tbg, replace tbg & pump, RTP | MOHALL | Enduro | 3300902310 | $ 139,478 | $ 138,960 | COMPLETE |
| 40032.007.00 | 01/31/18 | O18ND-0006 | N/A | SSU 1311 | SEC 11 T160N R95W | R&R pump, replace bad tbg & rods, RTP | STONEVIEW | Enduro | 3302300446 | $ 100,357 | $ 84,876 | COMPLETE |
| 40081.003.00 | 02/07/18 | O18ND-0007 | N/A | NDCA 5 | SEC 16 T158N R95W | Pull stuck pump, repair hole in tubing | MCGREGOR | Enduro | 3310501487 | $ 112,875 | $ 68,321 | COMPLETE |
| 40086.003.00 | 02/13/18 | O18ND-0008 | N/A | PEDERSON 3 | SEC 18 T158N R95W | Repair stuck pump, RTP | TEMPLE | Enduro | 3310501005 | $ 65,000 | $ 57,554 | NA |
| 40081.001.01 | 03/29/18 | O18ND-S009 | N/A | GOHRICK 43 17 WIW | SEC 17 T158N R95W | Fish parted tbg, replace BHA above fish | MCGREGOR | Enduro | 3310501637 | $ 173,360 | $ 104,932 | COMPLETE |

Schedule 9.1

## SCHEDULE 9.2

## GOVERNMENTAL BONDS

| | Bond No | Principal | Location | Obligee Name | Bond Filed With | Bond Description | Bond Amount |
|---|---|---|---|---|---|---|---|
| 1 | B007283 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro Lone Tree Unit | $100,000 |
| 2 | B007359 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro Scotia Madison Unit | $100,000 |
| 3 | B007360 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro Little Deep Creek Madison Unit | $100,000 |
| 4 | B007361 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro Antler Midale Unit | $100,000 |
| 5 | B007362 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro Mouse River Park Sherwood Unit (MRPSU) | $100,000 |
| 6 | B007363 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro Lease Bond & Unit Bond - North Westhope Madison Unit (2 wells) | $100,000 |
| 7 | B007364 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro Lease Bond & Unit Bond - Baumann Drain Madison Unit - North Westhope Mad Unit | $100,000 |
| 8 | B007632 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro Newburg Spearfish-Charles Unit | $100,000 |
| 9 | B007633 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or More Wells) iro South Westhope Spearfish-Charles Unit | $100,000 |
| 10 | B008132 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or more wells) iro Temple South Winnipegosis Unit | $100,000 |
| 11 | B008133 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Single Well Bond (In Excess of 2000' depth) iro McGregor Winnipegosis Unit | $100,000 |
| 12 | B008134 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Single Well Bond (In Excess of 2000' depth) iro North Branch Devonian Unit | $100,000 |

Schedule 9.2

| 13 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Single Well Bond (In Excess of 2000' depth) iro Stoneview Stonewall Unit | $100,000 |
| 14 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or more wells) iro West Greene Madison Unit | $100,000 |
| 15 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or more wells) iro Mohall Madison Unit | $100,000 |
| 16 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or more wells) iro North Grano Madison Unit | $100,000 |
| 17 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or more wells) iro Glenburn-Central Madison Unit | $100,000 |
| 18 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Blanket Bond (Two or more wells) iro East Flaxton Madison Unit | $100,000 |
| 19 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Single Well Bond (in Excess of 2000' Depth) - Federal Rivet 6-6 NDIC File No. 13796 | $80,000 |
| 20 | Enduro Operating LLC | ND | State of North Dakota | North Dakota Office of State Tax Commissioner | Sales and use tax permit bond | $25,000 |
| 21 | Enduro Operating LLC | ND | State of North Dakota | Industrial Commission of North Dakota, Oil and Gas Division | Multiple Gathering Systems Blanket Bond | $100,000 |
| 22 | Enduro Operating LLC | USA | United States of America | U.S. Department of the Interior, Bureau of Land Management - Cheyenne | Nationwide Oil & Gas Lease Bond (BLM Ref: WYB001079) | $202,500 |

Schedule 9.2