# **EXHIBIT C**

**Cure Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | )  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENDURO RESOURCE PARTNERS LLC, *et al.*, | ) | Case No. 18-11174 (KG) |
| | ) | |
| Debtors.¹ | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**NOTICE OF POSSIBLE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES IN CONNECTION WITH SALE**

**PLEASE TAKE NOTICE THAT** on May 16, 2018, Enduro Resource Partners LLC ("***Enduro***") and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "***Debtors***") filed with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") their motion (the "***Motion***")² for entry of (a) an order (i) approving bidding procedures, substantially in the form attached as **Annex 1** to the Bidding Procedures Order (the "***Bidding Procedures***"), to govern the marketing and sale of substantially all of the Debtors' assets (the "***Assets***"), (ii) approving bid protections in connection therewith, (iii) authorizing the Debtors to schedule an auction to sell the Assets (the "***Auction***"), (iv) scheduling the hearing to approve a sale of the Assets (the "***Sale Hearing***") for a date that is on or before [July 19], 2018, (v) approving the form and manner of notice of the proposed sale transactions, the Bidding Procedures, the Auction, the Sale Hearing, and related dates and deadlines, and (vi) authorizing procedures governing the assumption and assignment of certain executory contracts and unexpired leases (the "***Assumed Contracts***") to the prevailing bidder(s) acquiring the Debtors' assets (each, a "***Successful Bidder***"); and (b) one or more orders (collectively, the "***Sale Order***") (i) approving the applicable form(s) of purchase agreement between the Debtors and the Stalking Horse Bidders (as defined below) or any other Successful Bidder(s), and (ii) authorizing the sale(s) (collectively, the "***Sale***") of the Assets and the assumption and assignment of the Assumed Contracts to the Stalking Horse Bidders or such other Successful Bidder free and clear of all liens, claims, encumbrances, and other interests

---

¹ The debtors in these chapter 11 cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: Enduro Resource Partners LLC (6288); Enduro Resource Holdings LLC (5571); Enduro Operating LLC (7513); Enduro Management Company LLC (5932); Washakie Midstream Services LLC (7562); and Washakie Pipeline Company LLC (7798). The debtors' mailing address is 777 Main Street, Suite 800, Fort Worth, Texas 76102.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures. Any summary of the Bidding Procedures and the Bidding Procedures Order contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

(collectively, "*Liens*"), other than any permitted Liens as set forth in the applicable form(s) of purchase agreement.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing (the "*Sale Hearing*") to approve the Sale to the Successful Bidders, free and clear of all liens, claims, interests, charges, and encumbrances (with any such liens, claims, interests, charges, and encumbrances attaching to the net proceeds of the Sale with the same rights and priorities therein as in the sold assets), shall take place on or before at [10:00 a.m.] (prevailing Eastern time) on [___], 2018, as soon thereafter as the Debtors may be heard, before the Honorable Kevin Gross, at the Court, 824 North Market Street, Courtroom No. 3, Wilmington, Delaware 19801.

Pursuant to the Bidding Procedures Order, the Auction shall be held at the offices of Latham & Watkins LLP, 811 Main Street, Suite 3700, Houston, Texas 77002, on [•], 2018 at [•]:00 a.m. (prevailing Central Time). Only Qualified Bidders and Stalking Horse Bidders shall be entitled to make any bids. The Debtors may, with the consent of Majority First Lien Lenders, designate the Back-Up Bid (and the corresponding Back-Up Bidder) to purchase the given Asset Package, without the need for further order of the Bankruptcy Court and without the need for further notice to any interested parties, in the event that a Successful Bidder does not close the Sale. The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice on the docket of the Debtors' Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE THAT** to facilitate the Sale, the Debtors are seeking to assume and assign to the Successful Bidders the Assumed Contracts in accordance with the Bidding Procedures Order. The Assumed Contracts that the Debtors may, but are not required to, seek to assume and assign in connection with the Sale and the corresponding cure amount (each, a "*Proposed Cure Cost*"), if any, that the Debtors believe is required to be paid to the applicable counterparty (each, a "*Counterparty*," and collectively, the "*Counterparties*") to each of the Assumed Contracts under sections 365(b)(1)(A) and (B) of the Bankruptcy Code are identified on **Exhibit 1** attached hereto.

Each Counterparty shall have until [5:00 p.m. (prevailing Eastern time) on [___]] (the "*Contract Objection Deadline*") to object to the assumption and assignment of its Contract on any grounds, including, without limitation, the amount of the Proposed Cure Costs, adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code, or on the basis of the identity of the Successful Bidder (each, a "*Contract Objection*"). Any such objection must be filed and served on the following parties, so as to be actually received by the Contract Objection Deadline:

(a) counsel to the Debtors, (i) Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611(Attn: Caroline A. Reckler, Matthew L. Warren and Jason B. Gott) (caroline.reckler@lw.com, matthew.warren@lw.com, and jason.gott@lw.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael

        R. Nestor and Kara Hammond Coyle) (mnestor@ycst.com and kcoyle@ycst.com);

(b)     the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda Casey) (linda.casey@usdoj.gov);

(c)     counsel to the Prepetition Lender, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Damian Schaible (damian.schaible@davispolk.com) and Aryeh Falk (aryeh.falk@davispolk.com);

(d)     counsel to the Stalking Horse Bidders, (i) with respect to the North Dakota Asset Package, Sherill & Gibson PLLC, 3711 Maplewood Avenue, Suite 200, Wichita Falls, Texas 76308, Attn: R. Caven Crosnoe (ccrosnoe@sgpllc.law) and D. Todd Davenport (tdavenport@sgpllc.law), (ii) with respect to the Wyoming Asset Package, Conner & Winters, LLP, 4000 One Williams Center, Tulsa, OK 74172, Attn: J. Ryan Sacra (rsacra@cwlaw.com), and (iii) with respect to the Trust Related Assets Package, Locke Lord LLP, JPMorgan Chase Tower, 600 Travis, Suite 2800 Houston, Texas 77002, Attn: David Patton (dpatton@lockelord.com) and Philip Eisenberg (peisenberg@lockelord.com);

(e)     counsel to the statutory committee appointed in the Chapter 11 Cases, if one is appointed; and

(f)     those parties who have formally filed requests for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

Any unresolved such objections shall be heard at the Sale Hearing, unless otherwise agreed by the parties. If any objections to the amount of Proposed Cure Costs remain unresolved as of the date of the Closing of the Sale of any Asset Package, the Debtors may deposit the disputed amount of Proposed Cure Costs relating to such Asset Package in a segregated account to hold pending resolution of such objections. Any unresolved such objections shall be heard at the Sale Hearing, unless otherwise agreed by the parties

    **PLEASE TAKE FURTHER NOTICE THAT** at the Sale Hearing, the Debtors will seek Court approval of the assumption and assignment to the Successful Bidders of only those Assumed Contracts that have actually been selected by the Successful Bidders to be assumed and assigned (collectively, the "*Selected Assumed Contracts*"). The Debtors and their estates reserve any and all rights with respect to any Assumed Contracts that are not ultimately designated as Selected Assumed Contracts.

**If no Contract Objection is timely received with respect to a Selected Assumed Contract: (i) the Counterparty to such Selected Assumed Contract shall be deemed to have consented to the assumption by the Debtors and assignment to the Successful Bidders of the Selected Assumed Contract, and be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance by the Successful Bidders); (ii) any and all defaults under**

**the Selected Assumed Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code upon payment of the Proposed Cure Cost set forth in this Cure Notice for such Selected Assumed Contract; and (iii) the Proposed Cure Cost set forth in this Cure Notice for such Selected Assumed Contract shall be controlling, notwithstanding anything to the contrary in such Selected Assumed Contract, or any other related document, and the Counterparty shall be deemed to have consented to the Proposed Cure Cost and shall be forever barred from asserting any other claims related to such Selected Assumed Contract against the Debtors and their estates or the Successful Bidders, or the property of any of them, that existed prior to the entry of the order resolving the Contract Objections.**

To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Hearing, including, without limitation, any dispute with respect to the cure amount required to be paid to the applicable Counterparty under sections 365(b)(1)(A) and (B) of the Bankruptcy Code (any such dispute, a "*Cure Dispute*"), such Contract Objection will be adjudicated at the Sale Hearing or at such other date and time as may be fixed by the Court; *provided*, *however*, that if the Contract Objection relates solely to a Cure Dispute, the Selected Assumed Contract may be assumed by the Debtors and assigned to the Successful Bidders provided that the cure amount the Counterparty asserts is required to be paid under sections 365(b)(1)(A) and (B) of the Bankruptcy Code (or such lower amount as agreed to by the Counterparty) is deposited in a segregated account by the Debtors pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

### NOTICE TO HOLDERS OF CONSENT RIGHTS AND PREFERENTIAL PURCHASE RIGHTS OF DEADLINE TO OBJECT

**PLEASE TAKE FURTHER NOTICE THAT** this Notice shall serve to commence the period in which the holder of any consent right associated with the Assets may provide, waive, satisfy, or withhold such holder's consent to assignment of the applicable Asset. Any holder of a consent right that wishes to object to the transfer of the applicable lease must file an objection with the Bankruptcy Court and the Objection Notice Parties, served so as to be *actually received* by 5:00 p.m. (prevailing Eastern Time) on or before [June 29, 2018].

**Any holder of a consent right that fails to timely file and serve an objection to the transfer of the applicable agreement and other transactions contemplated by the Sale may be deemed as having consented to the transfer of the applicable agreement. Further, all of the rights of the Debtors and other interested parties to challenge any asserted consent in the context of the contemplated sale of the Debtors' assets by order of the Bankruptcy Court are hereby expressly reserved.**

**PLEASE TAKE FURTHER NOTICE THAT** this Notice shall serve to commence the period in which the holder of any preferential purchase right associated with the Assets may exercise such rights. Pursuant to the Bidding Procedures Order, any holder of a preferential purchase right must indicate its intent to exercise any preferential purchase right by filing a notice with the Bankruptcy Court and the Objection Notice Parties, served so as to be *actually received* by 5:00 p.m. (prevailing Eastern Time) on or before [June 29, 2018].

> **Any holder of a preferential purchase right that fails to timely file and serve a notice of intent to exercise such right may be deemed as having elected not to exercise its preferential purchase right. Further, all of the rights of the Debtors and other interested parties to challenge any asserted preferential purchase right in the context of the contemplated sale of the Debtors' assets by order of the Bankruptcy Court are hereby expressly reserved.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain copies of the Motion, the Bidding Procedures, the Bidding Procedures Order, the applicable underlying agreements, or any other pleadings or orders of the Bankruptcy Court, they are publicly available, for a fee via PACER at: http:/www.deb.uscourts.gov, or free of charge from the Voting and Claims Agent at http://www.kcclcc.net/enduro. Such documents and pleadings may also be obtained by: (i) calling the Debtors' restructuring hotline at (866) 967-0493; (ii) visiting the Debtors' restructuring website at: http://www.kcclcc.net/Enduro; and/or (iii) writing to Enduro Resource Partners LLC, c/o KCC, 2335 Alaska Ave., El Segundo, CA 90245.

| | |
|---|---|
| Dated: _____, 2018<br>Wilmington, Delaware | Michael R. Nestor (No. 3526)<br>Kara Hammond Coyle (No. 4410)<br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:   (302) 571-6600<br>Facsimile:    (302) 571-1253<br>Email:           mnestor@ycst.com<br>                     kcoyle@ycst.com<br><br>- and -<br><br>George A. Davis (*pro hac vice* pending)<br>**LATHAM & WATKINS LLP**<br>885 Third Avenue<br>New York, New York 10022<br>Telephone:   (212) 906-1200<br>Facsimile:    (212) 751-4864<br>Email:           george.davis@lw.com<br>                     mitchell.seider@lw.com<br><br>- and -<br><br>Caroline A. Reckler (*pro hac vice* pending)<br>Matthew L. Warren (*pro hac vice* pending)<br>Jason B. Gott (*pro hac vice* pending)<br>**LATHAM & WATKINS LLP**<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone:   (312) 876-7700<br>Facsimile:    (312) 993-9767<br>Email:           caroline.reckler@lw.com<br>                     matthew.warren@lw.com<br>                     jason.gott@lw.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |

# EXHIBIT 1

## Cure Amounts