# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENDURO RESOURCE PARTNERS LLC, | Case No. 18-11174 (LSS) |
| Debtor.[1] | **Hearing Date:** To be determined |
| | **Objection Deadline:** May 1, 2020 at 4:00 p.m. (ET) |

## LIQUIDATING TRUSTEE'S NINTH (9TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2

**PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR DISPUTED CLAIMS IDENTIFIED ON EXHIBIT A TO THE PROPOSED ORDER**

Eric Danner, as the trustee of the Enduro Liquidating Trust (the "*Liquidating Trustee*") in the above-captioned chapter 11 case (the "*Chapter 11 Case*") of Enduro Resource Partners LLC (the "*Debtor*"), hereby files this objection (this "*Objection*") to each of the claims against the Debtor and its affiliated debtors and debtors in possession (collectively, the "*Debtors*") and their estates that are listed on **Exhibit A** (collectively, the "*Disputed Claims*") to the Proposed Order (as defined below), and respectfully states as follows:

## RELIEF REQUESTED

1. By this Objection, the Liquidating Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit I** (the "*Proposed Order*"), disallowing and expunging the Disputed Claims, as indicated in further detail below and on **Exhibit A** to the Proposed Order.

---

[1] The debtor, along with the last four digits of its federal tax identification number, is Enduro Resource Partners LLC (6288). The mailing address for the debtor is 777 Main Street, Suite 800, Fort Worth, Texas 76102. The chapter 11 cases of certain affiliates of the debtor have been closed. *See* D.I. 416.

26327084.1

2.     In accordance with Rule 3007-1(e)(i)(E) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Liquidating Trustee believes that this Objection complies in all material respects with Local Rule 3007-1.

3.     In support of this Objection, the Liquidating Trustee relies on the declaration of the Liquidating Trustee (the "***Danner Declaration***"), a copy of which is attached hereto as **Exhibit II**.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, under Local Rule 9013-1(f), the Liquidating Trustee consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rules 3007-1 and 3007-2.

## GENERAL BACKGROUND

5.     On May 15, 2018 (the "***Petition Date***"), the Debtors filed voluntary petitions in the Court commencing cases (collectively, the "***Chapter 11 Cases***") for relief under the Bankruptcy Code. From the Petition Date through the effective date of their Plan (defined

26327084.1

2

below), the Debtors managed and operated their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

6.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Kimberly A. Weimer, Vice President and Chief Financial Officer of Enduro Resource Partners LLC, in Support of Chapter 11 Petitions and First Day Motions* [D.I. 11], which is fully incorporated herein by reference.

7.  Through the Court's entry of its *Findings of Fact, Conclusions of Law, and Order Confirming Joint Plan of Liquidation of Enduro Resource Partners LLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 345] (the "**Confirmation Order**"), dated August 1, 2018, the Court confirmed the *Joint Plan of Liquidation of Enduro Resource Partners LLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code*, dated July 31, 2018 and attached to the Confirmation Order (as modified and approved by the Confirmation Order, the "**Plan**"). As described in the *Notice of Occurrence of Effective Date of Debtors' Joint Plan of Liquidation* [D.I. 387], the Plan was consummated and became effective on September 5, 2018 (the "**Effective Date**").

8.  As of the Effective Date, the Enduro Liquidating Trust was formed, pursuant to the Plan Administration Trust Agreement, and all assets of the Debtors were transferred and assigned to the Enduro Liquidating Trust. The Enduro Liquidating Trust was established for the primary purpose of liquidating its assets and for making Distributions in accordance with the Plan and the Plan Administration Trust Agreement, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Enduro Liquidating Trust. As the trustee of the Enduro

26327084.1

Liquidating Trust, the Liquidating Trustee has the authority to, among other things, (i) prosecute, compromise, and settle, in accordance with the specific terms of the Plan Administration Trust Agreement, Retained Causes of Action; (ii) resolve issues involving Claims and Interests, other than First Lien Claims, pursuant to Article IX of the Plan; (iii) file, settle, compromise, withdraw, or litigate to judgment any objections to Claims; (iv) cause all distributions to be made to Holders of Claims other than First Lien Claims; and (v) undertake all administrative functions of the Debtors' Chapter 11 Cases. Plan Art. V(E); VII(B); VIII(B).

9. On October 16, 2018, the Court entered an order [D.I. 416] closing all of the Debtors' Chapter 11 Cases other than the Chapter 11 Case of Enduro Resource Partners LLC, which was left open to administer the remaining work and claims reconciliation process in the Debtors' Chapter 11 Cases.

## **DEBTORS' SCHEDULES, BAR DATE ORDER, AND PROOFS OF CLAIM**

10. On May 17, 2018, the Court entered an order [D.I. 58] appointing Kurtzman Carson Consultants LLC ("***KCC***") as the claims and noticing agent in the Debtors' Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in the Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

11. On June 8, 2018, the Debtors filed their schedules of assets and liabilities and statements of financial affairs pursuant to Bankruptcy Rule 1007 and Local Rule 1007-1 [D.I. 148-159] (collectively, the "***Schedules***"). On July 26, 2018, the Debtors filed amendments to the Schedules [D.I. 317-326].

12. On June 11, 2018, the Court entered an order [D.I. 162] (the "***Bar Date Order***") establishing, *inter alia*, July 16, 2018 (the "***Bar Date***") as the general bar date for the filing of

26327084.1

4

proofs of claim against the Debtors.[2] On June 12, 2018, the Debtors filed the *Notice of Deadline for the Filing of Proofs of Claim, Including for Claims Asserted under Section 503(b)(9) of the Bankruptcy Code* [D.I. 181] (the "**Bar Date Notice**"), pursuant to which the Debtors provided notice of, *inter alia*, the Bar Date. The Debtors served the Bar Date Notice in accordance with the procedures set forth in the Bar Date Order. *See* D.I. 200, 210, 233, 255 (Affidavits of Service).

13. To date, 555 proofs of claim have been filed against the Debtors. Since the Effective Date, the Liquidating Trustee and his advisors have spent considerable time reviewing, reconciling, and analyzing the filed proofs of claim to determine whether to pursue objections to such Claims. As a result of these efforts, the Liquidating Trustee has filed four notices of satisfaction [D.I. 487, 524, 525 & 569] and seven omnibus objections to claims [D.I. 479, 489, 490, 547, 548, 565 & 570], which objections were sustained by the Court [D.I. 496, 511, 512, 547, 577, 581 & 592].

14. The Liquidating Trustee has nearly completed his review of the Debtors' claims register. Of the approximately 555 proofs of claim filed in the Debtors' Chapter 11 Cases, approximately 471 have been disallowed, expunged or objected to in the first seven omnibus objections, and approximately 71 have been allowed or otherwise settled. The Liquidating Trustee believes that the remaining 13 proofs of claim will be directly or indirectly addressed through this Objection and the *Liquidating Trustee's Eighth (8th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007,*

---

[2] The Bar Date Order also provides that if the Debtors amend or supplement the Schedules on or after the date on which the Debtors served notice of the Bar Date, then the Debtors shall serve the affected claimants with notice of the applicable amendments or supplements to the Schedules, and the deadline for the affected claimants to submit proofs of claim by the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (ET) on the date that is twenty-one (21) days from the date of such notice. The deadline for affected claimants to file proofs of claim to the amended Schedules was August 16, 2018 at 5:00 p.m. (ET) (the "***Amended Schedules Bar Date***").

26327084.1

*and Local Rules 3007-1 and 3007-2* (the "**8th Omnibus Objection**") filed contemporaneously herewith, but reserves his right to file additional claim objections if needed.

## OBJECTION TO DUPLICATIVE CLAIMS

15. The claims listed on **Exhibit A** to the Proposed Order under the heading titled "Claim(s) To Be Disallowed & Expunged" (collectively, the "***Duplicative Claims***") are duplicative of the proofs of claim listed under the heading titled "Remaining Claims" on **Exhibit A** to the Proposed Order. The Duplicative Claims were filed by the United States Department of the Interior, Office of Natural Resources Revenue (the "***ONRR***"). The Liquidating Trustee does not believe that the ONRR intended to seek multiple recoveries against the Debtors' estates by filing several substantively duplicative claims. Rather, it appears that the ONRR filed multiple proofs of claim forms on account of its single claim, which is addressed in the 8th Omnibus Objection, filed contemporaneously herewith. However, regardless of the ONRR's reasons for filing the Duplicative Claims, at most, only one claim against the Debtors' estates should be allowed for the ONRR. Any failure to disallow the Duplicative Claims will result in the ONRR potentially receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in the Chapter 11 Cases.

16. Accordingly, the Liquidating Trustee objects to the Duplicative Claims and requests entry of the Proposed Order disallowing and expunging the Duplicative Claims.

## RESPONSES TO THIS OBJECTION

17. Any responses to this Objection must be filed **on or before 4:00 p.m. (ET) on May 1, 2020**, in accordance with the procedures set forth in the notice of this Objection.

26327084.1

**RESERVATION OF RIGHTS**

18.     The Liquidating Trustee reserves the right to adjourn the hearing on any Disputed Claim, and in the event that the Liquidating Trustee does so, the Liquidating Trustee will state the same in the agenda for the hearing on that Disputed Claim, which agenda will be served on the ONRR.

19.     The Liquidating Trustee reserves any and all rights to amend, supplement or otherwise modify this Objection, the Proposed Order, or **Exhibit A** thereto and to file additional objections to any and all claims filed in the Debtors' Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims. The Liquidating Trustee also reserves any and all rights, claims, and defenses with respect to any and all of the Disputed Claims, and nothing included in or omitted from this Objection, the Proposed Order, or **Exhibit A** thereto is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Liquidating Trustee with respect to the Disputed Claims.

**NOTICE**

20.     Notice of this Objection has been provided to the following parties:  (a) the United States Trustee for the District of Delaware; (b) all parties that, as of the filing of this Objection, have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002; and (c) the ONRR.  The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[remainder of page intentionally left blank]*

26327084.1

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that the Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

Dated: April 17, 2020  
      Wilmington, Delaware

*/s/ Elizabeth S. Justison*  
Kara Hammond Coyle (No. 4410)  
Elizabeth S. Justison (No. 5911)  
Betsy L. Feldman (No. 6410)  
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**  
Rodney Square  
1000 North King Street  
Wilmington, Delaware 19801  
Telephone:   (302) 571-6600  
Facsimile:   (302) 571-1253  
Email:   kcoyle@ycst.com  
           ejustison@ycst.com  
           bfeldman@ycst.com

*Counsel to the Liquidating Trustee*

26327084.1