IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENDURO RESOURCE PARTNERS LLC, | ) Case No. 18-11174 (LSS) |
| Debtor.¹ | ) Hearing Date: June 22, 2020 at 11:30 a.m. (ET) |
| | ) Objection Deadline: May 26, 2020 at 4:00 p.m. (ET) |

**LIQUIDATING TRUSTEE'S MOTION TO EXTEND
THE PERIOD WITHIN WHICH THE LIQUIDATING TRUSTEE
MAY REMOVE CERTAIN CLAIMS AND CAUSES OF ACTION**

Eric Danner, as the trustee of the Enduro Liquidating Trust (the "***Liquidating Trustee***") in the above-captioned chapter 11 case of Enduro Resource Partners LLC (the "***Debtor***") hereby moves (this "***Motion***") and respectfully states as follows:

**RELIEF REQUESTED**

1. By this Motion, the Liquidating Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), extending the time (the "***Removal Period***") during which the Liquidating Trustee may seek removal of certain Actions (as defined herein) by 90 days—from May 11, 2020 (the "***Current Removal Deadline***"),²

---

¹ The debtor, along with the last four digits of its federal tax identification number, is Enduro Resource Partners LLC (6288). The mailing address for the debtor is 777 Main Street, Suite 800, Fort Worth, Texas 76102. The chapter 11 cases of certain affiliates of the debtor have been closed. *See* D.I. 416.

² Pursuant to Local Rule 9006-2 (as defined below), the filing of this Motion prior to the Current Removal Deadline shall serve to automatically extend the Removal Period without the necessity for the entry of a bridge order, until the Court rules on this Motion.

26454878.1

through and including August 10, 2020[3]—without prejudice to the Liquidating Trustee's right to seek further extensions.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion under sections 157 and 1334 of title 28 of the United States Code (the "*Judicial Code*") and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to section 157(b) of the Judicial Code, and, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the Liquidating Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of this case and this Motion in this district is proper under sections 1408 and 1409 of the Judicial Code. The statutory and legal predicates for the relief requested herein are section 1452 of the Judicial Code, Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rule 9006-2.

## BACKGROUND

3. On May 15, 2018 (the "*Petition Date*"), the Debtor and certain of its affiliates (collectively, the "*Debtors*") filed voluntary petitions in the Court commencing cases (collectively, the "*Chapter 11 Cases*") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"). From the Petition Date through the

---

[3] Ninety days from the Current Removal Deadline is Sunday, August 9, 2020. Pursuant to Bankruptcy Rule 9006 (as defined below), the next business day for the purposes of establishing the new Removal Period is Monday, August 10, 2020.

26454878.1

Effective Date of their Plan (each as defined below), the Debtors managed and operated their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Kimberly A. Weimer, Vice President and Chief Financial Officer of Enduro Resource Partners LLC, in Support of Chapter 11 Petitions and First Day Motions* [D.I. 11], which is fully incorporated herein by reference.

5. Through the Court's entry of its *Findings of Fact, Conclusions of Law, and Order Confirming Joint Plan of Liquidation of Enduro Resource Partners LLC and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [D.I. 345] (the "**Confirmation Order**"), dated August 1, 2018, the Court confirmed the *Joint Plan of Liquidation of Enduro Resource Partners LLC and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code*, dated July 31, 2018 and attached to the Confirmation Order (as modified and approved by the Confirmation Order, the "**Plan**").[4] The Plan was consummated and became effective on September 5, 2018 (the "**Effective Date**") [D.I. 387].

6. As of the Effective Date, the Enduro Liquidating Trust was formed, pursuant to the Plan Administration Trust Agreement, and all assets of the Debtors were transferred and assigned to the Enduro Liquidating Trust. The Enduro Liquidating Trust was established for the primary purpose of liquidating its assets and for making Distributions in accordance with the Plan and the Plan Administration Trust Agreement, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Enduro Liquidating Trust. As the trustee of the Enduro

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

26454878.1

3

Liquidating Trust, the Liquidating Trustee has the authority to, among other things, (i) prosecute, compromise, and settle, in accordance with the specific terms of the Plan Administration Trust Agreement, Retained Causes of Action; (ii) resolve issues involving Claims and Interests, other than First Lien Claims, pursuant to Article IX of the Plan; (iii) file, settle, compromise, withdraw, or litigate to judgment any objections to Claims; (iv) cause all distributions to be made to Holders of Claims other than First Lien Claims; and (v) undertake all administrative functions of the Chapter 11 Cases, including the ultimate closing of the Chapter 11 Cases. Plan Art. V(E); VII(B); VIII(B).

## THE CURRENT REMOVAL DEADLINE

7. The Court previously extended the Removal Period to May 11, 2020, without prejudice to the right to seek further extensions. [D.I. 261, 435, 482 & 573].

## THE ACTIONS

8. Before the Petition Date, the Debtors were involved in various actions in a number of jurisdictions (collectively, the "*Actions*"). The Actions involve a variety of different matters, including, among other things, litigation related to their oil and gas leases. On June 8, 2018, each of the Debtors filed their *Schedules of Assets and Liabilities* and *Statements of Financial Affairs* [D.I. 148-159] (the "*Schedules*") and identified the Actions therein.

9. In addition, on June 16, 2018, the Court entered the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including 503(b)(9) Claims and Approving the Form and Manner of Notice Thereof* [D.I. 162] (the "*Bar Date Order*"), pursuant to which the Court set July 16, 2018 as the date by which the Debtors' creditors holding prepetition claims against the Debtors must file proofs of claim, except for claims specifically exempt from

complying with the Bar Date Order.  To date, 554 proofs of claim have been filed against the Debtors' estates, certain of which may be in connection with the Actions.

11. Since the Court entered its order establishing the Current Removal Deadline, the Liquidating Trustee has been heavily involved in the claims reconciliation process.  To date, nine omnibus objections to claims have been filed [D.I. 479, 489, 490, 547, 548, 565, 570, 615 & 616] (the "*Claim Objections*").  The Court has entered orders sustaining eight of the Claim Objections [D.I. 496, 511, 512, 564, 577, 581, 592 & 622] and the remaining Claim Objection is scheduled to be heard on June 22, 2020.  The Liquidating Trustee has also filed several notices of satisfaction of claims [D.I. 487, 524, 525 & 527].  As a result of the Liquidating Trustee's attention to the above matters, the Liquidating Trustee is not yet in a position to complete its analysis of the Actions or develop a strategy with respect to whether it should seek to remove any of the Actions.  However, the Liquidating Trustee anticipates completing the claims reconciliation process within the next few months and does not believe a further extension of the Removal Period beyond August 10, 2020 will be needed.

## BASIS FOR RELIEF

11. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

12.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove *prepetition* claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

13.     Similarly, with respect to *postpetition* actions, Bankruptcy Rule 9027(a)(3) provides:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

14.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

26454878.1

15. The Court is authorized to extend the Removal Period. *See Pacor, Inc.v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc.v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding bankruptcy court's power to grant extension of removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (noting that Bankruptcy Rule 9006 provides authority to extend time periods for removal under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that Supreme Court intended to give bankruptcy judges power to extend the periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)(1)).

16. Absent the relief requested herein, the Removal Period will expire on May 11, 2020. The Liquidating Trustee must consider a number of factors in determining whether to seek removal of any particular Action. These include, among other things: (a) the time required to complete the Action in its current venue; (b) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (c) the relationship between the Action and matters to be considered in connection with the claims resolution process; and (d) the progress made to date in the Action in its original venue.

17. The Liquidating Trustee has not yet had an opportunity to fully investigate all of the Actions to determine whether removal is appropriate. The Liquidating Trustee believes the extension requested in this Motion will provide him with additional time to make fully informed decisions concerning the removal of the Actions and will ensure that the rights of the Debtors' estates under section 1452 of the Judicial Code are preserved and may be exercised in an appropriate manner. Further, the rights of parties to the Actions will not be unduly prejudiced by

the Liquidating Trustee's request for an extension because any party to an Action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b). Accordingly, the Liquidating Trustee submits that cause exists to extend the Removal Period as requested in this Motion.

## NOTICE

18.  The Liquidating Trustee has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the counterparties to the Actions or their counsel, if known; and (c) all parties who requested notice in the Chapter 11 Cases pursuant to Local Rule 2002-1. In light of the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is necessary.

*[remainder of page intentionally left blank]*

26454878.1

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: May 11, 2020
      Wilmington, Delaware

*/s/ Elizabeth S. Justison*
Kara Hammond Coyle (No. 4410)
Elizabeth S. Justison (No. 5911)
Betsy L. Feldman (No. 6410)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 571-6600
Facsimile:    (302) 571-1253
Email:          kcoyle@ycst.com
               ejustison@ycst.com
               bfeldman@ycst.com

*Counsel to the Liquidating Trustee*