IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENDURO RESOURCE PARTNERS LLC, | ) Case No. 18-11174 (LSS) |
| Debtor.[1] | ) **Hearing Date:** June 22, 2020 at 11:30 a.m. (ET) |
| | ) **Objection Deadline:** June 12, 2020 at 4:00 p.m. (ET) |

**LIQUIDATING TRUSTEE'S SEVENTH MOTION FOR AN ORDER
EXTENDING DEADLINES TO OBJECT TO CLAIMS AND
REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

Eric Danner, as the trustee of the Enduro Liquidating Trust (the "*Liquidating Trustee*") in the above-captioned chapter 11 case (the "*Chapter 11 Case*") of Enduro Resource Partners LLC (the "*Debtor*"), hereby moves (this "*Motion*") and respectfully states as follows:

**RELIEF REQUESTED**

1.      By this Motion, the Liquidating Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Proposed Order*"), extending the deadlines by which he must object to Claims and requests for payment of Administrative Claims (together, the "*Deadlines*")[2] to July 31, 2020, without prejudice to the Liquidating Trustee's right to seek further extensions for cause.[3]

---

[1]   The debtor, along with the last four digits of its federal tax identification number, is Enduro Resource Partners LLC (6288). The mailing address for the debtor is 777 Main Street, Suite 800, Fort Worth, Texas 76102. The chapter 11 cases of certain affiliates of the debtor have been closed. *See* D.I. 416.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined below).

[3]   Pursuant to Local Rule 9006-2 (as defined below), the filing of this Motion prior to the expiration of the Deadlines shall automatically extend the Deadlines until the Court acts on this Motion without the necessity for a bridge order.

26547119.1

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Liquidating Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of the Chapter 11 Case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 105(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 9006-2.

**GENERAL BACKGROUND**

3. On May 15, 2018 (the "***Petition Date***"), the Debtor and certain of its affiliates (collectively, the "***Debtors***") filed voluntary petitions in the Court commencing cases (collectively, the "***Chapter 11 Cases***") for relief under the Bankruptcy Code. From the Petition Date through the effective date of their plan, the Debtors managed and operated their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Kimberly A. Weimer, Vice President and Chief Financial*

*Officer of Enduro Resource Partners LLC, in Support of Chapter 11 Petitions and First Day Motions* [D.I. 11], which is fully incorporated herein by reference.

5. Through the Court's entry of its *Findings of Fact, Conclusions of Law, and Order Confirming Joint Plan of Liquidation of Enduro Resource Partners LLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 345] (the "**Confirmation Order**"), dated August 1, 2018, the Court confirmed the *Joint Plan of Liquidation of Enduro Resource Partners LLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code*, dated July 31, 2018 and attached to the Confirmation Order (as modified and approved by the Confirmation Order, the "**Plan**"). As described in the *Notice of Occurrence of Effective Date of Debtors' Joint Plan of Liquidation* [D.I. 387], the Plan was consummated and became effective on September 5, 2018 (the "**Effective Date**").

6. As of the Effective Date, the Enduro Liquidating Trust was formed, pursuant to the Plan Administration Trust Agreement, and all assets of the Debtors were transferred and assigned to the Enduro Liquidating Trust. The Enduro Liquidating Trust was established for the primary purpose of liquidating its assets and for making Distributions in accordance with the Plan and the Plan Administration Trust Agreement, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Enduro Liquidating Trust. As the trustee of the Enduro Liquidating Trust, the Liquidating Trustee has the authority to, among other things, (i) prosecute, compromise, and settle, in accordance with the specific terms of the Plan Administration Trust Agreement, Retained Causes of Action; (ii) resolve issues involving Claims and Interests, other than First Lien Claims, pursuant to Article IX of the Plan; (iii) file, settle, compromise, withdraw, or litigate to judgment any objections to Claims; (iv) cause all distributions to be made to Holders of Claims other than

First Lien Claims; and (v) undertake all administrative functions of the Debtors' Chapter 11 Cases. Plan Art. V(E); VII(B); VIII(B).

7.  On October 16, 2018, the Court entered an order [D.I. 416] closing all of the Debtors' Chapter 11 Cases other than the Chapter 11 Case of Enduro Resource Partners LLC, which was left open to administer the remaining work and claims reconciliation process in the Debtors' Chapter 11 Cases.

### THE CLAIMS RECONCILIATION PROCESS

8.  On June 11, 2018, the Court entered that certain *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including 503(b)(9) Claims and Approving the Form and Manner of Notice Thereof* [D.I. 162] (the "**Bar Date Order**"). Pursuant to the Bar Date Order, the Court established July 16, 2018 at 5:00 p.m. (prevailing Eastern time) as the General Bar Date (as defined therein) and November 12, 2018 at 5:00 p.m. (prevailing Eastern time) as the Governmental Bar Date (as defined therein). To date, 555 proofs of claim have been filed against the Debtors. Since the Effective Date, the Liquidating Trustee and his advisors have spent considerable time reviewing, reconciling, and analyzing the filed proofs of claim to determine whether to pursue objections to such Claims.

### THE CURRENT DEADLINES

9.  The Court has granted several extensions of the Deadlines, the most recent of which extended the Deadlines to June 1, 2020, without prejudice to the Liquidating Trustee's right to seek further extensions [D.I. 611].

**RELIEF REQUESTED**

10. By this Motion, the Liquidating Trustee seeks entry of the Proposed Order extending the Deadlines by sixty (60) days, through and including July 31, 2020, without prejudice to the right of the Liquidating Trustee to seek further extensions of the Deadlines.

**BASIS FOR RELIEF**

11. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Furthermore, Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1).

13. In addition, paragraph 10 of the Confirmation Order specifically authorized the Court to extend the Deadlines.

14. The Liquidating Trustee submits that cause exists to extend the Deadlines through and including July 31, 2020. To date, approximately 555 proofs of claim have been filed against the Debtors. Since the Effective Date, the Liquidating Trustee has worked diligently in: (i) reviewing and analyzing the proofs of claim that have been filed; (ii) performing the required due diligence to determine the objectionable Claims; and (iii) negotiating resolutions to certain Claims. As of the filing of this Motion, the Liquidating Trustee has filed four notices of satisfaction [D.I. 487, 524, 525 & 569] and nine omnibus objections to claims [D.I. 479, 489, 490,

547, 548, 565, 570, 615 & 616]. The Court has entered orders sustaining eight of the omnibus objections to claims [D.I. 496, 511, 512, 547, 577, 581, 592 & 622].

15. The Liquidating Trustee has nearly completed his review of the Debtors' claims register. Of the approximately 555 proofs of claim filed in the Debtors' Chapter 11 Cases, approximately 473 have been disallowed, expunged or objected to in eight of the omnibus objections, and approximately 69 have been allowed. The Liquidating Trustee currently has a pending omnibus objection to five of the remaining 13 proofs of claim. Of the five claims, one should be disallowed and expunged, as the claimant did not file a response to the omnibus objection. As to the other four, the Liquidating Trustee has been in ongoing settlement negotiations with the claimant, the United States Department of the Interior, Office of Natural Resources Revenue (the "**ONRR**"), and is hopeful that a consensual resolution of the ONRR's claims may be reached in the near term without need for a hearing. The Liquidating Trustee believes that the remaining approximately seven proofs of claim may be consensually resolved without the need for an objection. In particular, certain of the other outstanding claims are directly impacted by the resolution of the ONRR's claims. Given the ongoing settlement negotiations, the Liquidating Trustee submits that filing objections to such claims at this time would be inefficient and uneconomical. Accordingly, the Liquidating Trustee is requesting a brief extension of the Deadlines out of an abundance of caution so that he may complete his efforts to resolve the minimal number of outstanding claims consensually.

16. Given the substantial progress that the Liquidating Trustee has made since the last request for an extension of the Deadlines, the Liquidating Trustee believes that the short extension requested in this Motion will afford him the time needed to complete the claims reconciliation process so that a final distribution can be made to creditors by the end of the second fiscal quarter

of 2020. For these reasons, the Liquidating Trustee submits that extending the Deadlines through and including July 31, 2020 is necessary, prudent, and in the best interests of the Debtor, its estate, and creditors.

## NOTICE

17. The Liquidating Trustee has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; and (b) all parties who requested notice in the Chapter 11 Case pursuant to Local Rule 2002-1. In light of the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is necessary.

**WHEREFORE**, the Liquidating Trustee requests the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: May 29, 2020
    Wilmington, Delaware

*/s/ Betsy L. Feldman*
Kara Hammond Coyle (No. 4410)
Elizabeth S. Justison (No. 5911)
Betsy L. Feldman (No. 6410)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 571-6600
Facsimile:    (302) 571-1253
Email:        kcoyle@ycst.com
               ejustison@ycst.com
               bfeldman@ycst.com

*Counsel to the Liquidating Trustee*